2019 JAN 17 PM 1: 27

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

File in

Case

18-8022

The Court of Appeals
for The First Circuit et al.,

Petition From Massachusetts
Cases 1: 14-cu- 14176-ADB et al.,

Docket No. (s) 18-8022 ; 18-7473 ;
18-7077 ; 18-6947 ; 18-6953 ; 18-6279 ;
18-6606 ; 17-6925 ; 18-3457 et al.,

Lawrence L Crawford aka Jonah
Gabriel-Jah-Jah T. Tishbite et al.,

PETITIONERS

VS.

Students For Fair Admissions
1 of 68

Ine et al.

defendants

Affidavit of Facts Giving Judicial
Notice; Reviewing the motion To
Appoint Legal counsel pursuant to
Rule 46.5 (a)(b); motion to suspend
the Rules due to Threat of Imminent
danger; motion For Transfer of
Custody pending Review pursuant
to Rule 23(a); motion For a Writ
directing Answer Under Rule 21(b)
motion For An Investigation; motion
To Transfer the 4th circuit cases;
motion For An Extension of Time

2 of 68

And motions To motion Therefor
_____

In Re: Cases 18-8022, 18-7473,
18-7077, 18-6947, 18-6953, 18-6279,
18-6606, 17-6925, 18-3457 Et Al,

To: The First Circuit Court of
Appeals,
The Fourth Circuit Court of
Appeals,
The S.C. Attorney General,
The United States,
The SC Dept of Corrections,
The Third Circuit Court of
Appeals et al,
Here the court and parties
will find:

3 of 68

(1) A copy of the Affidavit of Facts Giving Judicial Notice; Filing Writ of ERROR; motion challenging the 4th Circuit's jurisdiction due to FRAUD upon the court and STRUCTURAL ERROR; motion to VACATE the ORDERS and REINSTATE CASES 9:17-CV-1140-TLW-BM; 9:17-CV-01633 TLW-BM and 2:17-CV-01300-RMG due to FRAUD upon the court, criminal conspiracy and obstruction of Justice; motion to EXPAND the scope and for Inclusion; * * *, (27) PAGES dated JANUARY 3, 2019. This document is filed in CASES 1:14-CV-1476-ADB; 1:18-CV-13459-NLH and 9:18-CV-01408-TLW-BM sub judice.

(2) A copy of the Affidavit of Facts Giving Judicial Notice; motion To

4 of 68

Expand the scope And For Inclusion;
motions To Amend the parties; motion
For An Extension of Time And motion
To motion Therefor, (28) pages dated
November 29, 2018. This document was
filed in both cases 18-3457 And
18-8022 in the 3Rd And Lst circuits.

(3) A copy of the Affidavit of Facts
Giving Judicial Notice; motion For
An Extension of Time, (7) pages
dated December 6, 2018. This docu-
ment was filed in the Lst circuit.

I Respectfully object to the Lst
circuit not Ruling on the motions to
Appoint legal counsel in this case
to which the (28) page Affidavit
of Facts was submitted to be Ruled

5 of 68

on before the 1st circuit. The courts
failure to rule on the motion has
extremely prejudiced the appellant
in placing forth his brief due to he
laboring under a disability to his hands.
The affidavit for filing informa pauperis
asked what issues are on appeal. The
disability to my hands created an
inability for me to be timely in
submitting the document. The (7)
page affidavit and motion for an
extension of time was filed after the
(28) page affidavit of facts which is also
the motion for seeking the appointment
of legal counsel which has not been
ruled on. I motion that the motion
seeking the appointment of legal
counsel pursuant to the Americans

With Disabilities Act and pursuant to Rule 46.5(a)(b) be ruled on before these cases proceed any further.

(4) A copy of the Affidavit of Facts Giving Judicial Notice; filing Writ of Error; Supplementing the motion to intervene; motion for the appointment of legal counsel; Renewing the motion to challenge Boston Courts jurisdiction; Petition to remove; petition to Remove the petitioners into Federal custody; Petition to seek all relief before the Boston District Court due to Fraud upon the court, obstruction of Justice and criminal conspiracy are (135) pages dated December 18, 2018 with its exhibits filed in case 1:14-cv-14176-ADB.

7 of 68

All documents and or exhibits
referred to within this document are
attached to the face of this document
for all purposes. The Appellant
motions to expand the scope and for
inclusion and they be obtained
electronically and be made apart of
the court record. If they are not
attached forth with it is because the
appellant is prejudiced due to state
interference where the conspiring
defendants which include the SC
Dept of corrections is holding and or
impeding or hindering the submitting
of the documents. It also further
demonstrate the prejudice in the

8 of 68

delaying on the motion to appeal legal counsel to assist the appellant due to his rights under ADA where he is laboring under a life long disability to his hands, US Ex rel Knight v Reliant Hospice Inc, FSupp 2d, 2011 WL 1321584 (DSC 2011); Harbison v Bell 556 US 180, 129 SCt 1481 (US 2009); Carter v South Carolina, 2014 WL 5325234 (DSC 2014); Eastern v World Acceptance Corp. 2015 WL 2325701 (DSC 2015).

The appellant is not seeking that the 1st circuit address the merits of the issues argued within the documents themselves. One of the main issues on appeal is where

WE denied our DUE PROCESS Rights to
establish the jurisdictional facts
within the District Court by Fraud
upon the court, obstruction of justice,
criminal conspiracy And DUE PROCESS
violation (see the affidavit of facts
Giving judicial notice (135) pages dated
December 18, 2018 filed in case 1:14-
cv-14176-ADB.). The 1st circuit gave
all parties notice of the Action
pending under case 18-8022 pursuant
to my seeking to intervene. Their
failure to challenge the claims in
the court Record Remaining silent
is their acceptance of all claims
made. All claims, issues And

10 of 68

Defenses argued in the (135) page Affidavit dated December 18, 2018 are now sought review on appeal for the purpose of allowing us an opportunity for a hearing in the District Court to be permitted to establish all jurisdictional facts on the court record to properly preserve them on appeal. Their silence is acceptance, Chimmelay's Management Co. LLC v. Affiliated F.M. Insurance Co, 152 F.Supp 3d. 159 (2016); BAUER v Quest Communications Co, LLC, 743 F.Supp 3d 221 (2014); United States v Quinones, 2016 WL 4413149, *6+ (SD W. Va 2016).

By the documents submitted

4 of 68

And now filed before the Boston District court and 1st circuit. We motion to disqualify both the 3rd and 4th circuits. The 4th and 3rd circuit delaying ruling in case 18-3457 to allow the 4th circuit to inappropriately entertain jurisdiction over the cases within the 4th circuit voids their jurisdiction for Fraud upon the court and Unconstitutional Action. They are also defendants in these cases. They cannot sit upon their own cases. Their presence produces a potential for bias that rises to an unconstitutional level creating structural error which void their jurisdiction. Williams v Pennsylvania.

12 of 68

136 Sct 1899, 195 LEEd2d 132, 84 USLW
4359 (US 2016); KEN WOOD GARDENS
Condominiums, Inc v WhALEN PROPERTIES,
LLC, 2016 WL 6788052, * 4+ (Md 2016);
28 USC & 455; DACRES v ATTORNEY GENERAL
U.S. 615 Fed Appx '79 (3Rd CIR 2015) IN RE
SYNTAX-BRILLIAN CORPORATION, 2016 WL
7077615 (D Md 2016).

We motion that the APPEALS
UNDER CASES 18-7473; 18-7077; 18-6947;
18-6953; 18-6279; 18-6606; 17-6925;
18-3457 ET. AL. PENDING BEFORE both
the 3Rd ANd 4th circuits be TRANSFER-
RED ANd HEARD within the 1st
circuit Court of Appeals UNDER CASE
18-8022. The 1st circuit Court of
APPEALS WOULD NOT ONLY HAVE JURIS-

13 of 68

diction due to the disqualification.
It would have jurisdiction under 28
USC § 1602-1612 of the FSIA. It
would also have jurisdiction under
extra territorial jurisdiction claims
where the substantial acts argued
in the (135) page affidavit dated
December 18, 2018 occurred within the
state of Massachusetts. See the
Lanham Act related to commerce, see
the Hobbs Act related to conspiracy
to effect interstate commerce, McBee
v Delica Co. Ltd, 417 F3d 107 (1st Cir 2005),
Morrison v National Australia Bank Ltd
561 US 247, 130 SCt 2869, 177 L Ed 2d 535,
Verlinden B.V. v Central Bank of Nigeria,
461 US 480, 103 SCt 1962 (US 1983), In
Re Lupron Marketing and Sales Practices

Litigation, 245 F.Supp.2d 280 (D. Mass 2003);
Sullivan v Republic of Cuba, 891 F.3d 6 (1st
Cir 2018); Ward v Auerbach, 2017 WL
2724938 (D Mass 2017). The stream of
Commerce claims Argued and the tortious
Acts done in massachusetts in furtherance
of the conspiracy establish jurisdiction,
See Mass General Law. L. 223 A, s 3(a)
And (C); Giaros v Perse, 628 F2d 629
(1st Cir 1980); Katz v Spiniello Companies
244 F.Supp3d. 237 (D. mass 2017).

The 1st Circuit has jurisdiction under
28 USC §§ 2201, 2202 where we are
motioning for Declaratory Judgment
on All issues placed before this
Court, Ernst & Young v Depositors
Economic Protection Corp, 45 F3d 530
(1st Cir 1995); Narragansett Indian

1 50 of 68

Tribe v Rhode Island Dept of Transp.
903 F3d 26 (1st Cir 2018).

The 1st circuit has jurisdiction due to the seeking of two distinct writs under Rule 21. One - A mandamus to disqualify the US district Judges who interferred with us establishing these matters before A multi district litigation panel for review by acts of fraud upon the court as is argued in the (135) page affidavit, and two - due to the seeking of A writ to direct an Answer to the motion to intervene to allow me to properly preserve my rights for any future Appeal. This is an issue on Appeal, INRE US, 158 F3d 26 (1st Cir. 1998);

Puerto Rico Telephone Company Inc. v. San Juan Cable Company LLC, 196 F.Supp.3d 248, 2016 WL 4010066; United States v. Simpson, F.Supp. 2015 WL 1333677; In re School Asbestos Litigation, 977 F2d 764, 1992 WL 266035 (3rd Cir 1992); In re Kensington Intern Ltd, 353 F3d 211, 2003 WL 23010118.

The trial that occurred in case 1:14-cv-14176-ADB must be deemed void for due process violation. The case must eventually be remanded and the Boston court must be directed to give an hearing and answer to the motion to intervene on the court record to preserve my right to properly appeal it. Based upon the time of discovering the case's existence the

17 of 68

motion to intervene was timely. There
was no party in the case who could
adequately protect my rights established
by the default emerging from case 2013-
CP-400-0084. A denial of a motion to
intervene or failure to rule by
fraud is immediately appealable, R&G
Mortg Corp v Federal Home Loan Mortg
Corp., 584 F3d 1 (1st Cir 2009); Ungar v
Arafat, 634 F3d 46 (1st Cir 2011); Testerian
v Fenwick Plantation J Arragon, Llc, 2018
wl 5830944 (SC App 2018); Acme World-
wide Enterprises, Inc v United States,
137 Fed Cl. 469 (Fed Cl Ct 2018); Common-
wealth v United States Dept of Health
And Human Services, 289 FSupp3d 259
(D. mass 2018); In Re: Financial Oversight
And Management Board of Puerto Rico

18 of 68

301 FSupp.3d 306 (D Puerto Rico 2017).

The 1st circuit has jurisdiction under the multi District litigation rule for the purpose of establishing these matters before a panel to establish. the 28 USC § 1407 transfer Judge Burroughs Action in the Boston District court conspiring under color of authority created a back door in case 1.14-cu-14126-ADB to allow us to argue all issues now under that case to remedy the Fraud even pursuant to the independent Action rule for Fraud upon the court. Pursuant to 28 USC § 1407 we had a Right to panel Review. This is

19 of 68

An issue on Appeal. Upon our request for panel review. By discretion of the panel, not the judge in 1:18-cu-13459-NLH. The panel judge may appoint a district judge in the transferee court but no such appointment occurred in the NJ District Court or Boston Court. The power of the panel is not to transfer parts of the case except class action issues. Yet no such transfer occurred in the court record. The panel must give initial review before any matter for deposition can be transferred to any District Court. Thus Burroughs jurisdiction was divested when she was given notice of the transfer.

20 of 68

You cannot have jurisdiction related to these cases within two courts, IN THE CHINESE MANUFACTURED DRY WALL products Liability Litigation, 2015 WL 133 87769 (ED La 2015); IN RE Plumbing Fixtures Cases, 298 FSupp. 484 (1968); Brooklyn Downtown, LLC v New York Hotel And Motels Trades, FSupp.3d, 2015 WL 779 441; IN RE Electronic Books Antitrust Litigation, FSupp3d, 2014 WL 128 22 98 (SDNY 2014); IN RE Droplets, Inc Patent Litigation, 908 FSupp. 2d. 1377 (US multi Dist PANEL); NARANGO, 768 F3d 332; W.S. Badcock Corp v BEAMAN, FSupp3d, 2015 WL 575 422 (Nc 2015). The 1st circuit by the claims made in the (135) page affidavit is not barred from due

21 of 68

to comity to grant class action certification on the issues as as sought via the (135) page affidavit dated December 18, 2018. The seeking of class action certification is an issue on appeal, Smentek v. Dart, 683 F3d 373 (7th Cir 2002) ; 202 North Monroe LLC v Sower, 850 F3d 265 (6th Cir 2017) ; In re Wholesale Grocery Products Antitrust Litigation, 849 F3d 761, 96 Fed. R. Serv 3d. 1207 (8th Cir 2017) ; In re NAT Football League Players Concussion Injury Litigation, 775 F3d 570, 90 Fed. R. Serv 3d 563 (3rd Cir 2014).

We motion to transfer the appeals under cases 18-7473; 18-7077; 18-6947 ; 18-6953 ; 18-6279 ; 18-6606 ;

22 of 68

17-6925, 18-3457 to be Reviewed
before the 1st circuit pursuant to Extra
territorial and multi district litigation
claim via the final orders issued in
those cases where they are also
sought vacated for fraud upon the
court. By the pleadings in their
totality filed within the Boston
District court, the issues are the
same. Jurisdiction cannot be
before two courts. You have no filing
in forma pauperis documents filed
in the 4th circuit. They are filed
in the 1st circuit by the Fiduciary
King Khalifah who has attorney
powers to seek to establish the
class action claims for himself. The

23 of 68

paying of the filing fee is jurisdic-
tional. Thus the matters are now
appropriately before the 1st circuit
not the 4th. The 4th circuit is then
prohibited from saying anything on
the merits. Jurisdiction now lies
within the 1st circuit, Thomas v Finn,
2016 WL 5724369 (2016); West v United
States, 2016 WL 5375782 (2016); 28 USC§
1915 (a)(1); Mocke v Georgia - Pacific
Corporation, FSupp.3d., 2015 WL 9307307
(2015); In Re Gjeade, 535 B.R. 329 (2015);
Blakely v Ward, 738 F3d 607 (4th Cir 2013);
Alila - Katita v US Bank National
Association, 2016 WL 499 2464 (N.D Cali 2016);
Williams v Sheriff of Cook County, 2017 WL
878 731 (D.C ILL 2017); Likos of Tennessee
Corp. v Bauels, 2017 WL 706 209 (2017);

24 of 68

HERE the COURT will Also find:

(5)  A copy of Exhibit "RAGE # 1" which is one of the Exhibits listed As "RAGE 1-3" filed in these cases.

(6) Exhibit "obstruction". These ARE S.C.D.C. documents.

(7) Exhibit "IMMINENT DANGER". This is the (9) page letter dated October 8, 2018 filed in CASE 9:18-cv-01408-TLW-BM.

II, We, motion to suspend the RULES pursuant to RULE 2 of APPELLATE

25 of 68

Court Rules, US v Mercado, 199 F3d 1329 (table) 1999 WL 258465; US v Reid, 506 Fed Appx. 209, 2013 WL 239076 (4th Cir 2013). This includes for service on any necessary party until the issue of legal counsel being appointed is ruled on where that counsel must be permitted to correct any deficiency in this case.

The appellant motions to not only suspend the appellate court rules due to extraordinary circumstances, which include he by their actions also motioning to exceed any page limit restrictions for this filing. He, we, also motion to advance the cause and

26 of 68

Expedite the ruling on the appointment of legal counsel along the terms argued in the (135) page affidavit of facts, because we are also arguing threat of imminent danger that exist at the time of this filing related to the pleadings filed and pursuant to what is asserted within exhibitos "Page 1-3" filed sub judice, which would warrant the granting of the relief sought. This include we motioning to be immediately remoned into federal custody within (10) days of the filing of this pleading pursuant to appellate court rule 23 (a). Threat of imminent physical danger related to this case is being argued. CROUTIER v. US., 2011 WL 1375613, RANDALL v.

27 of 68

BROSCO, 2018 WL 31334 27 (D Rhoade Island 2018); MARTINEZ V. DUFFY, 2018 WL 1224458 (D Rhoade Island 2018); LEE V. GRONDOLSKY, 2017 WL 320 6937 (D MASS 2017); MILHOUSE V. SAGE, 639 Fed Appx. 792, 2016 WL 537450; DAVIS V. WETZEL, 2018 WL 297 8025 (MDS Pa 2018). The king-khalifah had suffered unprovoked assaults by these prison officials who even used inmates as their proxy which resulted in serious physical injuries. He was repeatedly threatened with severe bodily injury by major clark who conspiring with mcmaster and the other defendants has now transferred me to an unsafe dorm As A precusor to the next attempt upon the king-khalifah's life. These

28 of 68

have been continual efforts on the
part of the conspiring defendants upon
entry into prison. The King-Khalifah
and petitioners involved live in an
atmosphere of constant fear in which
we knew not when next violent
assault may occur, which is sufficient
to demonstrate existence of imminent
danger of serious physical harm, as
required to come within exception to
three strike rules. It is a danger
greater than fear where repeated
and past attacks, which include the
moving us to a dorm in preparation of
the next attack where this conduct
threatens continuing or future
injury. It is a pattern of conduct
evidencing the likelihood of

29 of 68

imminent physical harm or injury,
Johnson v WARNER, 200 Fed Appx 270,
2006 WL 2711957 (4th Cir 2006); BRYAN v
McCALL, 2016 WL 529574 (DSC 2016);
Johnson v Kisor, F.Supp. 2d, 2012 WL 293286
(WD La 2012); SAYRE v King, F.Supp. 3d. 2014
WL 4414509 (WD Va 2014); COLE v Ellis, 2015
WL 6407205 (WD Fla 2015).

Let the King-Khalifah elaborate
further. GOVERNOR HENRY McMaster At
the time this case occurred was directly
involved in this case because he was
the Attorney General At the time And
A chief Architect in the conspiracy
to mutilate the dead body of An 11 year
old African American child for the
purpose of planting evidence to produce

30 of 68

falsified forensic evidence and frame her father behind Religious and racial hatred. This is a co-conspiracy to illegally seize a foreign sovereign heir, king, Khalifah to the 4 Global Thrones, The king of the North which is defaulted on emerging from CASE 2013-CP-400-0084. McMaster today has taken his inaugral oath for a new term as Governor of the state of South Carolina. McMaster is the same person who issued the recent Executive Order which allowed The S.C. Dept of Corr. to shut this institution down since April 2018 for no Reason related to this particular institution. It is our claim this was a covert act of machination done to allow scdc to justify the denial of constitutional

31 of 68

protections such as out of cell exercise, religious observance, denial or delay of legal supplies, denial or extremely restricting our access to the law library computers, Anything they could think of doing to obstruct, impede or hinder the true course of justice in violation of 42 USC §§ 1985(2), 1985(3) And 1986 And prevent this case from moving forward to its appropriate conclusion which is to have these matters placed before a jury. This includes they recently transferring mcquit And duren to impede our ability to work together to perfect the parallel cases in Acts of Retaliation in violation of 42 USC § 12203 (a)(b) of ADA because they know the king-khalifah is

3 of 68

the source of the litigation in Acts of FRAUD UPON the court in violation of their oaths of office subjecting them to criminal and civil penalties. If they keep the institution locked down. We are automatically hindered, impeded, obstructed in adding other inmates to establish the class action and in our ability to work together and timely respond to the complex proceedings pending before the various courts by restricting our ability to review case law that is applicable to the respective circuits and courts in question, case law that they know we need to argue the cases and establish jurisdiction within the multiple state and Federal courts.

PLease take Notice of exhibits "RAGE 1-3"
filed in the cases sub judice, exhibit
"RAGE #1" Attached to this pleading. The
Accusations contained therein are
indisputably class A, B And c Felonies.
The 3Rd And 4th circuits must be deemed
disqualified because they have conspired
during and after the fact in these
class A, B And c Felonies to conceal
material facts in violation of 28 USC §
1001 And ARTicle III section 1 of the U.S.
constitution for the purpose of illegally
seizing, kidnapping the true Rightful
Fiduciary their, king, khalifah, Imam
And high priest, of the (4) Global Thrones
to the Re-establish Global Theocratic
State which is now legally established
by the default emerging from case

3 4 of 68

2013-CP-400-0084. The 3rd and 4th circuit must be deemed disqualified and by the writ of error where Burroughs involved herself in this conspiracy. Jurisdiction is now proper before the 1st circuit due to extra territorial and multi district litigation claims, IN RE DURA MAX DIESEL LITIGATION - FRD- 2018 WL 949856 (ED Mich. 2018); United States v Paline, 874 F3d 418 (4th Cir 2017); Morrison v Fred Weather Inc, FSupp3d, 2016 WL 3015226 (MD Pa 2016); BERGER v US, 255 US. 22, 41 Sct 230, 65 LEed 481 (US 1921); Canada v Miller, FSupp.3d, 2014 WL 1512245 (2014); Booth v Ballard, 2016 WL 1275054 (2016) (demonstrating that a hearing in the District court was Required); LEE TRAY VAUGHN V.

Wegman et al, 2017 WL 1650621;
Miles v Guice — Fed Appx — 4th Cir (N.C);
Horacek v Haynes, 2017 WL 1190551, #3,
W.D. mich.; mitchell v Rice, 954 F2d 187
(4th cir 1992) ; Collins v McCall, FSupp. 3d,
2014 WL 680 9792 (D.S.C 2014); IANNELLi v
US, 420 US 770, 95 SCt 1284, 43 L.Ed.2d
616; GREAT AMERICAN Ins Co. v NextdAy
Net work HardWARe corp, 73 F.Supp. 3d
636 (2014); Stern v United States, 2016
WL 698 6704 (N.C 2016); United States
of America v Gregory Holt AKA Abdul
manlik muhammad, 2017 WL 1181509
(W.D. La 2017) ; massi v Washington Co, 2013
WL 541 0810 (D.S.C 2013); In RE Building
material corp of America Asphalt Roofing
shingle Products, F.Supp. 2d, 2013 WL 182 7923
(D.S.C 2013).

36 of 68

Inasmuch it was alleged that the King-Khalifah beat his 11 year old child to death. The King-Khalifah asserts she was not beat to death by him, he was framed behind religious and racial hatred because he made the religious and political claims made in the case and when the other petitioners in this case sought to aid him seek redress by the courts the conspiring parties attacked their DUE PROCESS matters in violation of 42 USC § 12203 (a)(b) of ADA in Acts of Retaliation to thwart review in machination to prevent the relief from attaching to inmates and states within the 1st circuit, conspiring to have a detrimental effect within

37 of 68

states within the 1st circuit in machi
nation. If this case ever get before a
jury, National prison Reform and the
Reversal of gay marriage Nationally
are on the table. Me master, the
SC court Judges, Federal district court
Judges, 3rd and 4th circuit court Judges
by their conspiring with the defen
dants in this case during and after
the fact are facing civil charges,
will lose their vocational positions for
violations of their oath of office and
they are potentially facing prison.
Their lives and careers shall be
ruined, destroyed.

   The conspiring parties then
asserted, " well if michael Lees

DNA show up in her, who is her half brother. Michael Already Admitted to being sexually involved with her on the witness stand, so it doesn't prove your claim if DNA from him shows up in her". No Honorable 1st circuit court. The conspiring parties misre-presented the facts when they made this statement. male semen can only survive in a womans body for a certain period of time before it deteriorates, especially when you add to this her frequent urina-tion and bathing. This is why when rape kits are done. They tell the female do not wash or bathe. Once they were found out, michael

39 of 68

was kept from Kortesha by literally lock and key for over 2 1/2 months to protect them due to he vowing to continue. DNA in the form of male semen cannot last in a womans body for 2 1/2 months especially if she is regularly bathing which she was, but fetal tissue can. Therefore, if his DNA shows up in the samples taken from her which they refused to test in violation of sic state law. It will produce indisputable proof that the DNA is not from male semen, but it is from fetal tissue, which is heterogenous possessing the DNA of both mother and father further proving she was pregnant

40 of 68

by her half brother, developed
gestational diabetes because her blood
sugar was at 17 dm/ml down from 70 dm/ml.
she spontaneously aborted, didn't get
a decontaminate cleaning because no
one knew and she slowly bled to death.
This would demonstrate that it was
michaels sexual assault of her that
killed her and they all aided to con-
ceal his crimes because they wanted
the King Khalifah framed behind
religious and racial hatred and they will
go to prison by this scandal if all
of this is made public. They must
try another assassination attempt
because we never got this close to
having the case placed before a

41 of 68

JURY. Threat of imminent danger is
argued and all petitioners must be
moved into federal custody to prevent
any potential attack where they
are conspiring under color of law to
prevent evidence of actual innocence
from being revealed. A hearing
must occur in the lower court to
establish all of these jurisdictional
facts which produce extra-territorial
jurisdiction claims and multi-district
litigation claims. RULES must be
suspended and legal counsel be
immediately appointed as is argued
in the (135) page affidavit of facts
filed in case 1:16-cv-14176-ADB.

42 of 68

We motion for Federal Custody Removal pursuant to Rule 23(a) And 28 USC § 1455(a) where Habeas Corpus is now also filed within the Boston District Court. The 8th Amendment Requires prison officials to protect prisoners from violence at the hands of other prisoners, FARMER v BRENNAN, 511 U.S. 825, 833 (1994). Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for the offenses against society which is the consistent modus operandi these people initiate, Id at 834; Odom v South Carolina Dept. of Corr, 349 F3d 765, 772 (4th Cir 2003); Scicluna v Wells 345 F3d 441, 445 (6th Cir 2003); Cottone

43 of 68

v Jennie, 326 F3d 1352 (11th Cir 2003);

Peake v McCann, 294 F3d 879 (7th Cir 2002);

Cantu v Jones, 293 F3d 839 (5th Cir 2002);

Horton v Lockrell, 70 F3d 397 (5th Cir 1995);

Skinner v Uphoff, 234 F.Supp.2d 1208

(D. Wyo 2002); Hardy v District of Columbia,

601 F.Supp.2d 182, 189-90 (D.D.C 2009);

Commonwealth of Virginia v Ayem El,

defendant, 2016 WL 4507814 (ED Va 2016);

Maryland v Ghazi-El, 2016 WL 273 6183

(md 2016); North Carolina v Davis, 2014

WL 1317647, #1+ (ED NC 2014).

Are these claims conclusory?

Is there any other evidence that

would seem to support the fact that

a physical attack upon us is imminent?

We all know that conspiracy can be

44 of 68

proven by circumstantial evidence and this is enough to place the matters before a jury. There is more than sufficient circumstantial evidence and even concrete evidence where inference can be made in the acts done and in the form of the conspiring judges working collectively, even judge BURROUGHS, to avoid giving the required evidentiary hearing to allow us to establish the default and other jurisdictional facts in the court record before the conspiring District Courts where they have also engaged in obstruction to prevent and thwart review behind religious and RACIAL HATRED. It is well settled that willful blindness or

45 of 68

conscious avoidance is the legal equivalent to knowledge, Masterpiece Cakeshop Ltd v Colorado civil Rights Commission, 2018 WL 2465172, 18 Cal Daily Op. Serv. 5293 (US 2018), Global-Tech Appliances Inc v SEB. S.A., 563 US 754, 131 Sct 2060, 179 LEd2d 1167 (US 2011), U.S. v Ferguson, 676 F3d 260 (2nd Cir 2011), US v Jofanah, 765 F3d 141 (2nd Cir 2014), United States v Valbrun, 877 F3d 440, 105 Fed R. Evid. Serv. 207 (1st Cir 2017), US v Jin Wright, 683 F3d 471 (4th Cir 2012), In re Wallace, 649 Fed Appx 298 (mem) (4th Cir 2016), US v Kulla, 434 Fed Appx 268 (4th Cir 2011).

Further proof that the aforesaid claims are not conclusory and that another assault and or assassination

Attempt is imminent is what the
Appellant discovered in the Richland
County Court of General sessions in
December 2018, last month. By clear
Record it cannot be denied that the
Appellant made Efforts to remove
Case 04-385 which is an application
for Forensic DNA testing to the S.C.,
New Jersey and Boston District Courts.
Per letter sent to the King-Khalifah
by the Criminal Records Division. No
such case exist or has been filed.
What the heck is going on here? The
Appellant could not figure out for the
life of him, why a hearing has not
occurred in the case when it was
filed since January 2017. This is
Exhibit "Rage #34" filed in the
47 of 68

District Courts sub judice that was pending in the Richland General Sessions Court. Now the entire case has somehow mysteriously disappeared and no longer exist. Why did the conspiring defendants feel it was necessary to spoliate this case and prevent that DNA from being tested as the law requires? Its because if that DNA is tested to Michael Lett it will prove just what I said it would prove and these people are going to jail. They would do anything to prevent this from happening requiring sanctions which I, we, motion for, CABA v Boston Childrens Hospital, 161 FSupp.3d 136 (2016); Sinai v State University of New York at Farmingdale,

48 of 68

F. Supp. 2d, 2011 WL 2580361 (ED NY 2011);
Pirello v Gateway Marina, F Supp 2d, 2011
WL 459 2689 (ED NY 2011) | Fanning v
Honeywell Aerospace, 2016 WL 7017465
(T ENN 2016) ; US v Sterling, 724 F3d 482
(A4 (Va 2013) ; Hawkins v College of
Charleston, 2013 WL 6050324 (DSC 2013) |
Turner v U.S., 736 F3d 274 (A4 (NC 2013) ||
Loveless v Johns Ford Inc, 232 Fed
Appx' 229, 2007 WL 1381597 (A4 (Va 2007).

I, WE, motion to suspend the Rules. I,
WE, motion to have legal counsel ap-
pointed immediately along the terms
sought in the (135) page affidavit
of facts. I, WE, motion to be removed
into Federal custody immediately
and be taken to a pre release
camp, the Nicest one they can

49 of 68

find, all petitioners listed in the (135) page Affidavit of Facts within (10) days upon court review of this document. I motion that the Rules be suspended for service and such be done by clerk or US marshal due to threat of imminent danger. I motion to exceed the page limit for this document due to these Extraordinary circumstances, Tennessee v Lane, 124 SCt 1978 (2004), 42 USC § 12203 (a)(b), Nevada Dept of Human Resources v Hobbs, 538 US 721, 728-733, 123 SCt 1972, 155 LEd2d 953, Kimel v Florida Board of Regents 528 US 62, 72-73, 120 SCt 631, 145 LEd2d 522 (2000), City of Boerne v Flores, 521 US 507, 518, 117 SCt 2157, 138 LEd2d 624 (1997) 42 USC § 12131 (2) 28 CFR §35.150 (b)(1),

500 of 68

PEOPLE v RIVERA, 125 Misc.2d 516, 528, 480 NYS.2d 426, 434 (Sup Ct 1984); Bartlett v New York State Bd of Law Examiners, 226 F3d 69 (2nd Cir 2000); Albertson Inc v Kirkingburg, 527 US 555, 119 Sct 2162 (1999); ADA, Title II 29 CFR § 1630 (2)(j)(3)(i) (1999); EeHAZABAL v CHEVRON USA Inc, 266 F3d 1063 (9th Cir 2000); CHANEY v LEWIS, 801 F2d 1191, 1196 (9th Cir 1986); ESKRIDGE v RHAY, 345 F2d 778, 782 (9th Cir 1965); KNAUBERT v Goldsmith, 791 F2d 722 (9th Cir 1986); TOWNSEND v SAIN, 372 US At 313, 83 Sct At 757; BASHOR v RISLEY, 730 F2d 1228, 1234 (9th Cir 1984); ANDERSON v HEINZ, 258 F2d 479, 481 (9th Cir) cert denied 358 US 889, 79 Sct 131, 3 LEd2d 116 (1958); MATTHEW v ELdRidGE, 424 US 319, 335, 96 Sct 893, 903, 47 LEd2d 18 (1976); Boddie v.

51 of 68

CONNETICUT, 401 US 371, 329, 91 SCt 780, 28 LEd2d 113 (1971), United States v. GEORGIA, 126 SCt 877 (2006).

If we motion for an investigation by an independent entity other than the US Justice Dept. since they are listed as party sub judice in the cases involved. The judges are in violation of their oath of office where by such action they failed in their duty to uphold the U.S. Constitution. The judges are in violation of Article III section 1 of the US constitution where they failed to hold their office in good faith engaging in conduct that is prejudicial to the effective and expeditious administration of the business of the courts where they

52 of 68

Also had improper discussions with parties or counsel for one side in the case treating the litigants in a demonstrably egregious and hostile manner even conspiring to transfer the plaintiffs from each other, locking us down at the institution to deny out of cell exercise and access to the law library computers to hinder, impede and obstruct the due course of justice to cause harm in our efforts to bringing this action and establish class action certification on the relevant issues involved violating specific and mandatory standards of judicial conduct. They delayed and obstructed the granting of the required hearing to prevent

53 of 68

the establishing of the default and
collateral estoppel in the court record
emerging from case 2013-CP-400-0084
which also establishes my right to
intervene in case 14-CV-1476-ADB
and the other related cases to
delay in rendering a ruling after
the required hearing for improper
motives also to engage in FRAUD, and
a particular decision and habitual
delay in a significant number of
unrelated cases requiring forfeiture
and sanctions which I, we, motion for.
This is an issue on appeal, EARL v
House of Raeford Farms Inc, FSupp2d,
2012 WL 1458185 (DSC 2012); SUNOCO
Products Co v Guyen, 2014 WL 5474633
(DSC 2014); Monster Daddy v Monster
Cable Products, Inc, 2014 WL 1094550

54 of 68

(DSC 2014).

## Additional Issues on Appeal:

(A) Did the plaintiff file sufficient objections and response to require the issuance of service permitting the case to move forward under case 9:18-cv-0408 TLW-BM?

(B) Did the plaintiff submit sufficient objections and response to require the issuance of service permitting the case to move forward under case 9:17-cv-1140-TLW-BM?

(C) Can the Federal Judges in the related parallel cases in the SC District Court close the cases when their were timely

55 of 68

objections made to the magistrate court judges orders and they were timely sought leave to appeal under Rule 73 (c)?

(d) Did the appellant file sufficient objections and response to meet the filing of Habeas Corpus under 28 USC § 2244 (B) and (c) pursuant to <u>Welch u Unit</u>, 136 SCt 1002, 194 Led2d 78 (US 2016), <u>Ross u Blake</u>, 136 SCt 1850 (US 2016), <u>Montgomery u Louisiana</u>, 136 SCt 718, 193 Led2d 599, 84 USLW 4063 (US 2016), and <u>McCoy u Louisiana</u>, 138 SCt 1500, 200 Led2d 821, 86 USLW 4271 (US 2018). All the court would have to do is review cases like <u>Dennis u Secretary, Pennsylvania Dept of Corr.</u>

56 of 68

834 F3d 263 (3Rd Cir 2016); Reeder v Crisp, 2017 WL 105604 (DC La 2017); West v Overmyer, 2018 WL 4005874 (Wds Pa 2018); Martin v United States, 2016 WL 4876653 (SD Va 2016); Cyburn v United States, 2016 WL 493031 (DSC 2016); Banks v Angelo Wiggins x xv, 2017 WL 6043610 (N.C. 2017); Coston v US Dept of Justice, 2017 WL 6033856 (ED NY 2017); Taylor v Taylor, 2016 WL 548113 & United States v Ajrawat, — Fed Appx — 2018 WL 3045619 (4th Cir 2018); Farrow v Lipetzky, 2017 WL 154 0637 (pDc Cali 2017); Nall v United States, 2018 WL 3712872 (ND Ala 2018).

Which require the issuance of service in Case 9:16-CV-3808-tlw-bm per-mitting the case to move forward?

I, we, give the 1st circuit judicial

57 of 68

That via the (135) page Affidavit of Facts filed in CASE 1:14-CV-14176-ADB we have motioned to consolidate all necessary Habeas Corpus, §1983 and Writs of Errors as is needed to maintain the integrity of the proceedings.

(E) Do we have the right, I have the right to have the stipulations adhered to in order to preserve our rights under the 7th Amendment as it relates to CASE 9:18-CV-0108-TKW-BM, 1:18-CV-13459-NLH And 1:14-CV-14176-ADB As is Argued within the documents sub judice to allow these cases to move forward, which include our right to establish Venue in Newark N.J.?

580g 68

(F) HAVE WE established the right for the Appointment of counsel as sought via the (135) PAGE Affidavit of Facts filed in CASE 1:14-CV-14176-ADB?

(G) HAVE WE established the right to have panel review under the multi district litigation RULE?

(H) Are the issues presented Related to Attacking our convictions sufficient to meet the CRITERION for establishing class Action?

(I) DUE to the egregious Amount of FRAUD, criminal conspiracy and obstruction of justice the APPELLANT(S) WAS subject to do I, WE, have the Right to have the protective ORDER and

or Injunction filed in CASE 5:17-cv-
0163-BHH-KDW granted, which include
having Yahya muquit and david duren
transferred back to Lieber C.I. pending
Federal removal and we be permitted
Access to the law library and practice
our religious observance along the
terms sought within that document,
Hawkins v Turbeville Correctional Inst.
F.Supp 2d, 2013 WL 2423216 (DSC 2013),
Buff v Sterling, 2015 WL 1578845 (DSC 2015),
Us v South Carolina, 720 F3d 518 (A4 (SC
2013). I/we, motion that the SCDept of
Corr be deemed waived any challenge
due to their direct involvement in
the Acts Argued in this document
which include for the sake of

60 of 68

Creating A defect in service by locking us down to hinder copies to be made to Allow us to serve the parties.

I, we, motion for an extension of time to submit Additional issues on Appeal once the 1st circuit rules on the Appointment of legal counsel before the court gives full Review. I, we do not waive the Right to have Any newly Appointed counsel to supplement the pending And issues on Appeal.

Our deepest fear o'servants of the most High God, is not that we are inadequate. Our deepest fear is that we are more powerful beyond measure, more powerful

61 of 68

than we could ever possibly imagine.
You might then say, what right do we
have to be fabulous, beautiful,
intelligent, strong, courageous, pious,
righteous servants of the one true
God? The reality is o' righteous be-
lievers of the world. What right do
we have not to be. What right do
we have not to accept the Qadr, the
divine decree of our God? Each
generation out of relative obscurity
must discover its mission in life and
either fulfill it,... or betray it. If
we have not in life discovered
something worth dying for, like
protecting this affirmative action legis-
lation our forefathers and mothers

62 of 68

have died and sacrificed their best blood to establish and preserve. Then we are not fit to live !!! Our mission in life as Global holy believers of Christianity, Islam, Judaism, of Africa and its diaspora, the foundation of the (4) Global Thrones, is to serve the God who created us, with all of our heart, with all of our strength, with all of our spirit, with all of our might, who is one God, having no partners to share in this Glory. He is the God of Abraham, Isaac, Jacob, of Moses, Christ and Muhammad (PBUT), the one true God whom we all serve. We shall not betray our God nor His prophets. We shall not betray ourselves nor our

63 of 68

mortal souls, which is the heart of this mission for which we embark. We shall live and die in this for both are necessary, manifestly so, to complete this sacred "Trust" and journey. For it is to our God which is the end of all journeys. We were born to manifest the glory of our God within us and without us. For every act that we do, or not do, must be done as an act of worship towards him. As we do this, we give those who are around us the power, courage and wisdom to do the same.

(J) Another issue on appeal: We want all cases sought removed established before the Federal District Court to aid us in establishing

64 of 68

the default And claim of collateral estoppel emerging from case 2013-CA-400-0084.

(K) Attached you will find exhibit "AEDPA / PLRA". Do we have the right to challenge the unconstitutionality of AEDPA and the PLRA before the court in case 9:18-CV-01408-TLW-BM as is argued in that case and this attached document and have the matters placed before A JURY?

In so much, the fraud the conspiring judges engaged in corrupted the entire proceedings rendering them unconstitutional And void which include Any trial that occurred in case 1:14-CV-14176-ADB which is also An issue on

Appeal which permit the 1st circuit
to now entertain jurisdiction over all
of these matters under extra terri-
torial jurisdiction and multi district
litigation claims as well as under the
independent action rule for fraud
upon the court. Fraud vitiates
everything that it enters which
include the most solemn acts, orders
or decrees which can be collaterally
attacked and is free of all procedural
limitations. We motion for declaratory
judgment on all that is argued in this
document with its attachments due to
the fraud. This applies to all courts.
It is though there were no judicial
determination made at all in the
involved cases. Lab to defines
fraud to be any cunning deception

66 of 68

or Article used to circumvent or deceive Another like the Acts Argued in this case which include S.C.D.C. destroying my typewriter in retaliation to prevent my typing this document to push me over the page limit requiring sanctions, the Appointment of counsel And the Injunction And protective order be granted. Mr Wells, in his very work on Res Judicata says, see 499, "fraud vitiates every thing". Montgomery v Louisiana, 136 SCt 718, 193 LEd 2d 599, 84 USLW 4063 (US 2016) ; Hill v Snyder 821 F3d 763, 765 (6th Cir mich) ; Curtis v Loether, 415 US 189, 94 SCt 1005, 39 LEd 2d 260 (US 1974) ; Martin v Target Corp of Minnesota , FSupp 2d, 2013 WL 1187034 ; US v Reid 506 Fed Appx 209,

67 of 68

2013 WL 239076 (4th Cir 2013); US. v
Abdul Wahab, 715 F3d 521 (A4 Va 2013);
Browning v Tiger Eye Benefits Consulting,
313 Fed Appx 656, 2009 WL 497391 (A4
Va 2009); Gordon v Tillman, SE 2d, 2006
WL 7287893 (SCApp. 2006); US Ex Rel
Nathan v Takeda Pharmaceuticals North
American Inc., 707 F3d 451 (A4 Va 2013);
US v Jones, 716 F3d 851 (A4 Va 2013); U.S.
v Paulock, 494 Fed Appx 366 (A4 W Va
2012); Marbury v Madison, 5th US (2
Cranch) 137, 180; Elliott v Piersol, 1 Pet
328, 340, 26 US 328, 340 (US 1828); Nudd
v Burrows, 91 US 677-683 (US 1875); US. v
Throckmorton, 98 US 61-67 (US 1871).

Respectfully,
Jahirah Al Mahdi

January 12, 2019

689868

Exhibit

"Imminent Danger" [4]

2

LAWRENCE L CRAWFORD AKA

JONAH GABRIEL JAH JAH T. Tish bite

#300839 Edisto A-16

Lieber CI P.O. Box 2015

Ridgeville, SC 29472

IN THE 1 CASE 9:18-CV-1408-TLW-BM

And moving me back to WANdo

Dorm

To: WARDEN Williams,

Director Stirling,

SCDC General Counsel,

PLRA Coordinator,

US District Court,

You mailed us to Edisto from

WANdo Dorm despite the protective

Log9

order filed in the above captioned case. I was told you had a security concern due to the inmates coming out of their cells during lock down. You have now addressed your security concern by placing the appropriate security devices on the doors. Many inmates you have already moved back to Wando Dorm. Also you have now placed me in a position where there exist a physical threat to my safety. In the past and presently I am arguing the various physical assaults that has occurred against me since my captivity before the courts. Now by transferring me to 2069

Edisto Dorm you have now placed me in the Dorm where one of the perpetrators in one of the past physical assaults now reside. This person is on Edisto B-side, but by us being in the same Dorm you have now given him potential direct access to my person if he decides to engage in any further assaults. His name is Jonathan. I don't know his last name. He is from Kershaw county. He was one person involved in that particular assault upon my person. Now since you have done this move, in acts of what I feel is retaliation. You have now placed

3 of 9

my life in potential mortal danger
which has occurred by your officers
in the past when I was at mcCormick
and Lee. If I am not moved back to
Wando or Stono. There is no telling when
an attack can potentially occur.
Get me move back to Wando Dorm
and placed back in my prior cell.
If you have other inmates placed
in WA-127 move them and place
me back where I was. You should
have never moved me from Wando
Dorm in retaliation in the first
place. You should have easily placed
me on Wando C & to side. Get me
moved to Wando or Stono Dorm due
to this potential threat of physical
4 of 9

harm. You have me in harmes way.
I don't want PC because it would
hinder my ability to access the law
library when needed to argue my
legal cases before the court. It will
restrict my ability to be in contact
with and work with the other in-
mates who are parties in our filed
actions before the court. You should
have never moved them or me.
Even if the need related to placing
locks on the doors was urgent. We
should have been moved back by
now since these repairs are com-
pleted. This is the damage, in
part, that has now occurred by this
action. Please have me moved

so8q

back to Wando and placed back in my old room and make sure they have the lights on for me from 5:00 pm until 11:00 pm (5) days weekly to allow me to work on my court deadlines.

Lastly, you moved me to this Dorm and now we have no place to pray due to stupid inmates that where in this Dorm prior to us, going out the window of the day rooms at night to get "footballs" (contraband). They have now welded a cage blocking access to the day rooms which include the room that was assigned to us to conduct congregational prayers. In

689

Acts of Retaliation. You have now denied me the ability to meet my religious obligations where I am required to make those (5) prayers in congregation daily as a muslim. Even SCDC policy require we as muslims be given a clean room free of distractions that would permit us to pray in congregation. I had such a room when I was on Wando A&B side. Now in retaliation I no longer have this and we can't in this dorm properly make the required congregational prayer(s) times daily which is mandatory, obligatory by my religious teachings. This places a substantial burden

7 of 9

on my religious observance in violation of Federal Law and the US constitution.

Also this Dorm from what I was told is subject to top tier, lower tier release from our cells which did not attach to Wando Dorm. This means on those down phases I will be prohibited from attending religious service as they have repeatedly done in such Dorms in the past. This too places a substantial burden on my free exercise of religion. This is my informal resolution and exhaustion of state administrative remedies under ADA. You have

8 of 9

(10) days to fix this or legal action shall follow. Please move Joseph Rowland and Anthony Cook back with me to allow us to continue to work on our legal cases collectively. Please do not place me in a position where I will be forced to supplement the captioned case to add these additional causes of action. Stirling, Williams, Sheppard, Montell, Clarke and Belton did this.

Respectfully,

Jahziah Al Mahdi

October 8, 2018

9 of 9

Exhibit

AEDPA / PCRA



COURT OF APPEALS

FOR THE 3rd. CIRCUIT ET. AL.,

~~~~~~~~~~~~~~~~~~~~~

PETITION FROM NEW JERSEY

THE NEW JERSEY DISTRICT COURT AND

THE NEW JERSEY SUPREME COURT

~~~~~~~~~~~~~~~~~~~~~

MAR 21 2018

DOCKET CASE NO.(S) 14-1364 AND 14-2811

~~~~~~~~~~~~~~~~~~~~~

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE AKA
JAHJAH AL MAHDI,

PETITIONER(S)

s.

THE STATE OF NEW JERSEY; THE UNITED STATES ET. AL.,

DEFENDANT(S)

~~~~~~~~~~~~~~~~~~~~~

**AFFIDAVIT OF SERVICE**

~~~~~~~~~~~~~~~~~~~~~

I, JAHJAH AL MAHDI, FIDUCIARY KING-KHALIFAH TO THE (4) THRONES
OF THE RE-ESTABLISHED GLOBAL THEOCRATIC STATE AND COURT, DO
HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN
AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR;
MOTION TO CHALLENGE THE 3rd. CIRCUIT'S JURISDICTION; MOTION
TO VACATE AND RENDER VOID ALL ORDERS IN CASES 14-2811 AND 14-
1364; MOTION TO PROCEED IN FORMA PAUOERIS; MOTION FOR SANCTIONS
DUE TO FRAUD UPON THE COURT; MOTION TO SUSPEND OR RELAX THE
APPELLATE COURT RULES; MOTION TO EXCEED THE PAGE LIMIT; MOTION
TO STAY AND MOTION TO MOTION THEREFOR, ON THE 3rd. CIRCUIT COURT

1-of-2

OF APPEALS AND ITS ATTACHMENTS REFERRED TO THEREIN, AT 21400
U.S. COURTHOUSE 601 MARKET STREET PHILADELPHIA, PA. 19106, BY
U.S. MAIL, POSTAGE PREPAID, BY DEPOSITING THEM IN THE INSTITUTION
MAILBOX ON FEBRUARY 16, 2018.

RESPECTFULLY,

JAHJAH AL MAHDI, THE LION

OF ALLAH, KING-KHALIFAH

AND CHIEF JUSTICE TO THE

(4) THRONES OF THE

RE-ESTABLISHED GLOBAL

THEOCRATIC STATE AND COURT



FEBRUARY 16, 2018

COURT OF APPEALS

FOR THE 3RD. CIRCUIT ET. AL.,

------------------------

PETITION FROM NEW JERSEY

THE NEW JERSEY DISTRICT COURT AND

THE NEW JERSEY SUPREME COURT

------------------------

DOCKET CASE NO.(S) 14-1364 AND 14-2811

------------------------

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE AKA
JAHJAH AL MAHDI,

PETITIONER(S)


Vs.


THE STATE OF NEW JERSEY; THE UNITED STATES ET. AL.,

DEFENDANT(S)

------------------------

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING
WRIT OF ERROR; MOTION TO CHALLENGE THE 3rd. CIRCUIT'S
JURISDICTION; MOTION TO VACATE AND RENDER VOID ALL
ORDERS IN CASES 14-2811 AND 14-1364; MOTION TO PROCEED IN
FORMA PAUPERIS; MOTION FOR SANCTIONS DUE TO FRAUD
UPON THE COURT; MOTION TO SUSPEND AND OR RELAX THE
APPELLATE COURT RULES; MOTION TO EXCEED THE PAGE LIMIT;
MOTION TO STAY AND MOTION TO MOTION THEREFOR

------------------------


TO: THE 3RD. CIRCUIT COURT OF APPEALS ET. AL.,

THE KING-KHALIFAH TO THE (4) GLOBAL THRONES OF THE RE-ESTABLISHED GLOBAL THEOCRATIC STATE GIVE THE 3rd. CIRCUIT AND ALL PARTIES JUDICIAL NOTICE. ALL DOCUMENTS THAT ARE FILED WITHIN BOTH CASES 14-2811 AND 14-1364 ARE NOW ATTACHED TO THE FACE OF THIS DOCUMENT FOR ALL PURPOSES. HERE THE 3rd. CIRCUIT WILL FIND:

(1) EXHIBIT, "FOREIGN SOVEREIGN # 1". THIS IS THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; RENEWING MOTIONS ETC. IN THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING IN FORMA PAUPERIS DOCUMENTS;***, [15] PAGES DATED NOVEMBER 8, 2017.

(2) EXHIBIT, "FOREIGN SOVEREIGN # 2". THIS IS THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION TO AMEND PARTIES; MOTION FOR RECUSAL; MOTION TO REINSTATE CASES 17-7068 AND 17-7186 ET. AL.,;***, [70] PAGES DATED OCTOBER 5, 2017.

(3) EXHIBIT, "FOREIGN SOVEREIGN # 3". THIS IS THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION FOR AN INJUNCTION AND OR PROTECTIVE ORDER;***, [34] PAGES DATED DECEMBER 20, 2017.

(4) EXHIBIT, "PLRA". THIS IS THE APPLICATION SEEKING TO FILE IN FORMA PAUPERIS. IT IS BY ALL THESE DOCUMENTS FIRST MENTIONED THAT I MOTION TO FILE IN FORMA PAUPERIS. I ALSO GIVE THE 3rd. CIRCUIT COURT OF APPEALS JUDICIAL NOTICE. BY THE DOCU-MENTS SUBMITTED WITHIN THIS CASE IN TOTAL, I AM OFFICIALLY EXER-CISING ALL SUPERSEDING ATTORNEY, JUDICIAL AND LEGISLATIVE POWER AND AUTHORITY GIVEN TO ME, THAT IS LEGALLY BINDING UPON THE 3rd. CIRCUIT COURT OF APPEALS DUE TO THE UNITED STATES BEING PARTY TO THE DEFAULT AND CLAIMS OF COLLATERAL ESTOPPEL EMERGING FROM CASE 2013-CP-400-0084 IN THE RICHLAND COUNTY S.C. COURT OF COMMON PLEAS. THIS FILING IN FORMA PAUPERIS IS GRANTED BY DECREE AND JUDGMENT OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE AND COURT. IT IS SO ORDERED.

(5) EXHIBIT, "3rd. CIRCUIT". BY THIS DOCUMENT IT

WILL PERMIT THE 3rd. CIRCUIT TO LOOK UP AND TRACK THESE PARALLEL
CASES ELECTRONICALLY IN BOTH THE STATE AND FEDERAL COURTS. YOU
ARE DEFENDANTS IN THESE PENDING CASES RELATED TO THE MATTERS
THAT TOOK PLACE WITHIN YOUR CIRCUIT, TO WHICH THIS COURT IS
INVOLVED IN, ALSO REGARDING CASES 14-2811 AND 14-1364. THUS,
BY THE HOLDINGS MADE BY THE U.S. SUPREME COURT UNDER WILLIAMS
V. PENNSYLVANIA, 136 S.Ct. 1899, 195 L.Ed.2d. 132, 84 U.S.L.W.
4359(U.S.2016), THERE IS STRUCTURAL ERROR EXISTING IN BOTH CASES
14-2811 AND 14-1364 VOIDING THE 3rd. CIRCUIT COURT'S JURISDIC-
TION. THEREFORE, IT WAS ILLEGAL AND THE 3rd. CIRCUIT WAS VOID
OF JURISDICTION TO SEND AND OR ADJUDICATE THIS MATTER BY THE
LETTER AND OR ORDER THE 3rd. CIRCUIT SENT TO ME DATED DECEMBER
20, 2017. SINCE YOU RECENTLY SENT ME THIS DETERMINATION FROM
THE COURT, I AM TIMELY TO CHALLENGE YOUR JURISDICTION REGARDING
THIS RECENT ACTION OF THE 3rd. CIRCUIT COURT. I AM CHALLENGING
YOUR JURISDICTION WHICH CAN BE RAISED EVEN AFTER THE FINAL ORDER
DUE TO YOUR RECENT RESPONSE, THE INFIRMITIES THAT EXIST IN THE
CASE AS WELL AS DUE TO THE FRAUD, CRIMINAL CONSPIRACY AND OBTRUC-
TION OF JUSTICE YOU JUDGES ARE PRESENTLY INVOLVED IN. I MOTION
TO VACATE THE ORDERS FOR THIS REASON, JUST TO BEGIN WITH.

(6) EXHIBIT, "FRAUD # 1". THIS IS THE AFFIDAVIT OF
FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; RENEWING
THE MOTION TO REINSTATE CASE 9:17-cv-1140, [4] PAGES DATED JAN-
UARY 5, 2018.

(7) EXHIBIT, "FRAUD # 2". THIS IS THE AFFIDAVIT OF
FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; SUPPLEMENTING
ISSUES ON APPEAL AND MOTION TO MOTION THEREFOR, [21] PAGES DATED
JANUARY 5, 2018 FILED WITHIN THE 4TH. CIRCUIT.

(8) EXHIBIT, "FRAUD # 3". THIS IS THE AFFIDAVIT OF
FACTS GIVING JUDICIAL NOTICE, FILING WRIT OF ERROR; NOTICE SEEK-
ING LEAVE TO APPEAL;***, [14] PAGES DATED JULY 2, 2017.

(9) EXHIBIT, "FRAUD # 4". THIS IS THE AFFIDAVIT OF
FACTS GIVING JUDICIAL NOTICE; MOTION TO SUPPLEMENT THE CAUSES
OF ACTION AGAINST JUDGES HARWELL, MERCHANT, WOOTEN AND DEFEN-

DANT;***, [23] PAGES DATED JULY 8, 2017. BOTH ITEMS #'S [7]
AND [8] FURTHER ESTABLISHES THE 3rd. CIRCUIT'S JURISDICTION
BY EXTRA-TERRITORIAL JURISDICTION CLAIMS WHERE THE JUDGES OF
NEW JERSEY IN THE NEW JERSEY SUPREME COURT WITH THE JUDGES OF
THE N.J. DISTRICT COURT AND THE S.C. DISTRICT COURT CONSPIRED
ACROSS MULTIPLE STATE AND FEDERAL JURISDICTIONS WITH PRESENTLY
UNDISCLOSED MEMBERS OF THE 3rd. CIRCUIT, TO INCLUDE THE OTHER
DEFENDANTS, IN THE CAUSES OF ACTION THAT ARE PRESENTLY PENDING
BEFORE THE VARIOUS COURTS CREATING PARALLEL AND OR INDEPENDENT
ACTION FOR FRAUD UPON THE COURT. I AM CHALLENGING THE 3rd. CIR-
CUIT'S JURISDICTION BY THE NOTICE AND OR ORDER SENT TO ME DATED
DECEMBER 21, 2017 RECEIVED BY ME ON JANUARY 16, 2018. THUS,
I AM TIMELY TO CHALLENGE BY THIS RECENT ACTION OF THE 3rd. CIR-
CUIT WHERE THEY UNJUSTLY IN VIOLATION OF DUE PROCESS, MAKING
SUCH RESPONSE UNCONSTITUTIONAL, DELAYED RESPONDING SINCE 2014.
THIS IS AN ANCILLARY MATTER AND INDEPENDENT ACTION FOR FRAUD
UPON THE COURT DUE TO THIS ACTION AND CHALLENGE TO YOUR JURIS-
DICTION WHICH CAN BE RAISED AT ANY TIME AND CANNOT BE WAIVED
BY ME EVEN WITH MY CONSENT WHICH THE COURT DO NOT HAVE. I ALSO
MOTION TO SEEK LEAVE TO APPEAL THE ORDER FROM THE N.J. SUPREME
COURT ATTACHED TO THIS EXHIBIT. ANY TIME LIMIT FOR SEEKING LEAVE
TO APPEAL THE N.J. ORDER IS SUSPENDED AND OR RELAXED UNDER THE
FOREIGN SOVEREIGN IMMUNITY ACT AND DUE TO THE FRAUD AND EXCEP-
TIONAL CIRCUMSTANCES THAT SURROUND THIS CASE. THIS MOTION SHALL
BE GRANTED BY THE 3rd. CIRCUIT BY DECREE AND JUDGMENT OF THE
CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE AND COURT WHOSE
SUPERSEDING POWER AND AUTHORITY IS BINDING UPON THE 3rd. CIRCUIT.
IT IS SO ORDERED.

        (10) EXHIBIT, "FRAUD # 5". THIS IS THE AFFIDAVIT
OF SERVICE AND AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION
FOR RECUSAL; MOTION TO CHALLENGE THE S.C. SUPREME COURT'S JURIS-
DICTION TO STRIKE THE DOCUMENTS IN THE APPENDIX****, [15] PAGES
DATED JANUARY 9, 2018 FILED IN CASE 2017-0002108 IN THE S.C.
SUPREME COURT.

        (11) EXHIBIT, "FRAUD # 6". THIS IS THE AFFIDAVIT
OF SERVICE AND AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION

TO STIKE THE RESPONDENT'S MOTION TO STRIKE THE DOCUMENTS IN
THE APPENDIX***, [15] PAGES DATED DECEMBER 25, 2017 FILED IN
CASE 2017-0002108 IN THE S.C. SUPREME COURT.

(12) EXHIBIT, "FRAUD # 7". THIS IS THE AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE; FILING REPLY TO RESPONDENT'S
RETURN TO THE PETITION FOR WRIT OF CERTIORARI;***, [15] PAGES
DATED DECEMBER 27, 2017 FILED IN CASE 2017-0002108 IN THE S.C.
SUPREME COURT.

(13) EXHIBIT, "FRAUD # 8". THIS IS THE AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION
TO INTERVENE; WRIT OF COMMISSION;***, [40] PAGES DATED JANUARY
1, 2018 FILED IN CASE 2:17-cv-1300-RMG-MGB.

(14) EXHIBIT, "FRAUD # 9". THIS IS THE AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE; MOTION TO REINSTATE CASE 9:17-
cv-1140;***, [4] PAGES DATED DECEMBER 23, 2017.

(15) EXHIBIT, "DNA". THIS IS THE APPLICATION FOR
FORENSIC DNA TESTING THAT ESTABLISHES CASE 04-385 PRESENTLY
PENDING BEFORE THE RICHLAND COUNTY S.C. COURT OF GENERAL SES-
SIONS. THE 3rd. CIRCUIT SHALL ORDER THE TESTING OF THE DNA IN
QUESTION AS IS SPECIFIED WITHIN THIS DOCUMENT BY DECREE AND
JUDGMENT OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE
AND COURT. **IT IS SO ORDERED.**

THESE DOCUMENT WILL SERVE TO GIVE THE 3rd. CIRCUIT AN
UPDATE ON THE STATUS OF THESE MATTERS AS THEY EXIST BEFORE THE
VARIOUS COURT INVOLVED WHICH INCLUDE THIS CASE. THEY HIGHLIGHT
THE FRAUD AND CRIMINAL ACTS YOU CONSPIRED IN DEMONSTRATING STRUC-
TURAL ERROR WHICH RENDER VOID YOUR ORDERS PRODUCED IN CASES
14-1364 AND 14-2811 PURSUANT TO WILLIAMS V. PENNSYLVANIA, 136
S.Ct. 1899 (U.S.2016).

(16) EXHIBIT, "TRUSTEE". THIS IS THE DOCUMENT THAT
ESTABLISHED CASE 16-2299 PENDING WITHIN THE 4TH. CIRCUIT COURT
OF APPEALS. THERE IS TRUSTEE APPOINTED BY THE KING-KHALIFAH.
THUS, YOUR JURISDICTION IS VOID FOR THIS REASON ALSO AND YOUR

ARE MOTIONED VACATED AND YOU SHALL GRANT THIS BY DECREE AND
JUDGMENT OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE
AND COURT. THIS ALSO PROVES YOU DID NOT HAVE JURISDICTION TO
SEND THE NOTICE AND JUDICIAL DETERMINATION DATED DECEMBER 21,
2017. ONCE JURISDICTION WAS ACQUIRED AS IT WAS DECEMBER OF 2015,
IT IS EXCLUSIVE. YOUR ORDERS ARE VACATED. IT IS SO ORDERED,
BROWN v. BROWN, F.Supp.2d., 2013 WL 2338233(D.C.Ky.2013); HARRIS
v. HHGREGG, F.Supp.2d., 2013 WL 1331166(N.C.2013); KARNALCHEVA
v. J.P. MORGAN CHASE BANK N.A., 871 F.Supp.2d. 834(2012).

ALSO BY THIS DOCUMENT. IT EXPLAINS THE "TRUST" AND THE
"INTELLECTUAL PROPERTY" CAUSES OF ACTION AND CONCERNS WHEN ADDED
WITH EXHIBIT(S), "FOREIGN SOVEREIGN #'S 1-3", INTELLECTUAL PRO-.
PERTY THAT YOUR CIRCUIT IS IN POSSESSION OF. I WANT MY MASTER'S
, MY GOD'S, THE SOLE CORPORATION'S INTELLECTUAL PROPERTY GIVEN
TO YOUR NATIONS WITH RESTRICTIONS RETURNED. I MOTION THAT YOU
RENDER A NULLITY ALL SAME SEX MARRIAGES IN EVERY STATE UNDER
YOUR CIRCUIT. YOU SHALL GRANT THIS MOTION BY DECREE AND JUDGMENT
OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE AND COURT.
IT IS SO ORDERED.

(17) EXHIBIT, "GOURDINE # 1". THIS IS THE AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE, FILING OBJECTIONS TO THE REPORT
AND RECOMMENDATION****, [22] PAGES DATED MAY 16, 2017 FILED
AND PENDING BEFORE THE S.C. DISTRICT COURT PURSUANT TO HABEAS
CORPUS.

(18) EXHIBIT, "GOURDINE # 2". THIS IS THE TYPED VER-
SION OF THE LEGAL ISSUES OF RELIGIOUS PROPHESY THAT CHALLENGE
CONVICTION WHICH ARE PRESENTLY FILED IN THE NEW JERSEY STATE
SUPREME COURT, THE S.C. SUPREME COURT, THE NEW JERSEY DISTRICT
COURT AND THE S.C. DISTRICT COURT. BOTH ITEM(S) #'S [17] AND
[18] FURTHER ESTABLISH THE EXTRA-TERRITORIAL JURISDICTION CLAIM
WHERE THE NEW JERSEY JUDGES CONSPIRED TO HAVE A DETRIMENTAL
EFFECT UPON CASE 9:16-cv-3808-TLW-BM IN SOUTH CAROLINA. THIS
FURTHER DEMONSTRATE THAT THE KING-KHALIFAH WAS CORRECT WHEN
I ARGUED BEFORE THE COURTS, THAT BY THEIR CONNECTIONS CONSPIRING
ACROSS MULTIPLE STATE AND FEDERAL JURISDICTIONS. IT WAS LEGALLY

APPROPRIATE AND PERMISSIBLE FOR THE NEW JERSEY COURTS TO ENTER-
TAIN JURISDICTION OVER ALL OF THESE MATTERS WHICH SHOULD HAVE
NEVER BEEN DECLINED BEING AN UNCONSTITUTIONAL ACT WHICH VOIDS
THE STATE COURTS JURISDICTION ALSO DUE TO THE SOUTH CAROLINA
COURTS BEING LEGALLY DISQUALIFIED BY THE FRAUD, CRIMINAL CON-
SPIRACY AND OBSTRUCTION OF JUSTICE AND CHANGE OF VENUE WAS TIMELY
SOUGHT. I WANT EVERY INMATE IN EVERY STATE UNDER YOUR CIRCUIT
WHOSE INDICTMENTS POSSESS THIS FATAL CONSTITUTIONAL STRUCTURAL
ERROR ARGUED IN ISSUE # 1 OF THE GOURDINE BRIEF RELEASED WITHIN
NO LONGER THAN (4) MONTHS. I MOTION FOR THIS. THE 3rd. CIRCUIT
IS TO IMMEDIATELY GRANT THIS UPON RECEIPT OF THIS DOCUMENT,
TO INCLUDE RENDERING OF A NULLITY WITHIN EVERY STATE UNDER ITS
JURISDICTION ALL SAME SEX MARRIAGES WITHOUT EXCEPTION OR YOU
SHALL FACE STIFFER SANCTIONS AND OR PENALTIES FOR BREACH OF
CONTRACT RELATED TO YOUR OATHS OF OFFICE. THIS SHALL BE GRANTED
BY THE 3rd. CIRCUIT BY DECREE AND JUDGMENT OF THE CHIEF JUSTICE
OF THE GLOBAL THEOCRATIC STATE AND COURT WHOSE SUPERSEDING AT-
TORNEY, JUDICIAL AND LEGISLATIVE POWER AND AUTHORITY IS BINDING
UPON THE 3rd. CIRCUIT COURT. IT IS SO ORDERED.

THIS IS AN ANCILLARY ACTION AND OR INDEPENDENT ACTION
FOR FRAUD UPON THE COURT BEING FILED PURSUANT TO WRIT OF ERROR,
ALSOO SEEKING LEAVE TO APPEAL THE ORDERS FROM THE N.J. SUPREME
COURT OUT OF TIME AND OR BEYOND THE TIME LIMIT, ALSO ARGUING
ARTICLE III PROVISIONS OF THE U.S. CONSTITUTION, ALSO ARGUING
VIOLATIONS OF THE HOBBS ACT AND THE EXPROPRIATION EXCEPTION
RELATED TO THE ILLEGAL TAKING OF MY INTELLECTUAL PROPERTY UNDER
THE FOREIGN SOVEREIGN IMMUNITY ACT. THE INDEPENDENT ACTION RULE
REQUIRES THAT THE MATTERS BE FILED WITHIN THE COURT WHERE THE
FRAUD OCCURRED AS IS FOR THE WRIT OF ERROR, WHICH IN THIS CASE
IS THE 3rd. CIRCUIT BEING A MAIN SOURCE OF THE CONCERNS. THE
"INDEPENDENT ACTION" REFERRED TO IN RULE, GOVERNING RELIEF FROM
JUDGMENT AND PROVIDING THAT RULES DO NOT LIMIT THE POWER OF
THE COURT TO ENTERTAIN AN INDEPENDENT ACTION TO RELIEVE A PARTY
FROM JUDGMENT OR TO SET ASIDE A JUDGMENT FOR FRAUD UPON THE
COURT, IS ONE IN EQUITY, AND AS SUCH, THE COURT MAY CONSIDER
EQUITABLE DEFENSES, SUCH AS LACHES, COLLATERAL ESTOPPEL, UNCLEAN
HANDS, AND WHETHER AN ADEQUATE LEGAL REMEDY EXIST (ei. FEDERAL
FORUM UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT, THE HOBBS ACT),

AND THE COURT MAY CONSIDER OTHER POLICY DOCTRINE SUCH AS PARENS
PATRIAE OR STRUCTURAL ERROR EXISTING IN THESE CASES THAT IS
OF SUCH A MAGNITUDE IT VOIDS THE 3rd. CIRCUIT'S JURISDICTION
FOR DUE PROCESS VIOLATION AND UNCONSTITUTIONAL ACTION VIOLATING
EX-PARTE-VIRGINIA, 100 U.S. 339 (U.S.1880). THE COURT MUST BE
MADE AWARE OF ALL CIRCUMSTANCES BEFORE IT ACTS, AND THUS, THE
KING-KHALIFAH TO THE (4) GLOBAL THRONES MUST BE ALLOWED TO DE-
VELOPE THE RECORD ACCORDINGLY TO PROVE THE JURISDICTIONAL FACTS,
MR.T.v.MRS.T., 378 S.C. 127, 662 S.E.2d. 413(S.C.App.2008);
S.&-E-CONTRACTORS,-INC.-v.-U.S., 406 U.S. 1, 92 S.Ct. 1411(U.S.
1972); U.S.-v.-DALCOUR, 203 U.S. 408, 27 S.Ct. 58(U.S.1906)(FRAUD
TO AVOID THE F.S.I.A. AND DENY REMOVAL TO FEDERAL FORUM); MASSI
v.-WASHINGTON-CO., 2013 WL 5410810(DSC.2013); ARATA-v.-VILLAGE
WEST-OWNERS-ASS'N.-INC., S.E.2d., 2011 WL 11735004(S.C.App.2011);
IN-RE:-BUILDING-MATERIAL-CORP.-OF-AMERICA-ASPHALT-ROOFING-SHIN-
GLES-PRODUCT, F.Supp.2d., 2013 WL 1827923(DSC.2013); ASTERBADI
v.-LEITESS, 176 Fed. Appx' 426 CA4 (Va.2006); COLE-v.-TOWN-OF
MORRISTOWN, 2015 WL 1954579 * 1 (3rd.Cir.2015); STATE-v.-RONE,
410 N.J. SUPER. 589, 983 A.2d. 1137(N.J.1987); SABLE-v.-CROTIA
LINES, 315 N.J. SUPER. 499, 719 A.2d. 172(N.J.1988); BOGERT
LAW OF TRUSTS § 133, THE PUBLIC TRUSTEE; THE COMMON LAW OF FO-
REIGN OFFICIAL IMMUNITY, 79 FORDHAM L. REV. 2669, 2719+.


INSOMUCH, I MOTION PURSUANT TO RULE 2 TO SUSPEND AND
OR RELAX THE APPELLATE COURT RULES WHICH INCLUDE FOR ANY PAGE
LIMITS OR DEFECTS IN FORM FOR THIS DOCUMENT. THIS MOTION SHALL
BE GRANTED BY THIS COURT AS COMMANDED BY THE SUPERSEDING ATTOR-
NEY, JUDICIAL AND LEGISLATIVE POWER AND AUTHORITY OF THE CROWN
BINDING UPON THE 3rd. CIRCUIT VIA CONTRACT, DEFAULT AND COLLA-
TERAL ESTOPPEL EMERGING FROM CASE 2013-CP-400-0084 IN RICHLAND
COUNTY S.C., TO WHICH THE STATES OF SOUTH CAROLINA AND NEW JERSEY
ALSO THE UNITED STATES AND REMAINING MEMBER STATES OF THE UNITED
NATIONS AND OTHER DEFENDANTS ARE PARTY TO THE DEFAULT. THE RULES
BEFORE THE 3rd. CIRCUIT ARE SUSPENDED BY DECREE AND JUDGMENT
OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE AND COURT.
IT IS SO ORDERED, U.S.-v.-MERCADO, 199 F3d. 1329 (TABLE) 1999
WL 958465; U.S.-v.-REED, 506 Fed. Appx' 209, 2013 WL 239076(4th.
Cir.2013); CARERTON-v.-BEATRICE-POCAHONTAS-COAL-CO., 585 F2d.
683(4th.Cir.1978).

INSOMUCH, I CHALLENGE THE 3rd. CIRCUIT'S JURISDICTION
TO ENTER THE ORDERS AS THEY DID IN THESE CASES. SUBJECT MATTER
JURISDICTION CAN BE RAISED AT ANY TIME, AT ANY STAGE, EVEN AFTER
A FINAL ORDER HAS BEEN ISSUED IN LIGHTS OF THE INFIRMITIES.
IT CANNOT BE WAIVED BY THE APPELLANT EVEN WITH CONSENT, ALSO
DUE TO THE FACT THAT I AM MOTIONING TO VACATE THE ORDERS BASED
THEREUPON THAT ARE FILED IN THESE CASES. THERE IS NO DISCRETION
OF THE 3rd. CIRCUIT TO IGNORE LACK OF JURISDICTION OR VOIDING
THEREOF. WHERE THE 3rd. CIRCUIT HAS FAILED TO OBSERVE SAFEGUARDS,
SUCH AS YOU DON'T MAKE USE OF PROVISIONS OF LAW THAT DISPROPOR-
TIONATELY TARGET AFRICAN AMERICANS IN DEFIANCE TO THE U.S. CON-
STITUTION AND THE HOLDINGS MADE UNDER EX-PARTE-VIRGINIA, AND
IN SUCH. IT AMOUNTS TO DENIAL OF DUE PROCESS OF LAW, AND THE
3rd. CIRCUIT'S JURISDICTION IS THEN VOID, MERRITT-v.-HUNTER
C.A.-KANSAS, 170 F2d 739; JOYCE-v.-U.S., 474 F2d. 215(3rd.Cir.
1973); MELO-v.-U.S., 505 F2d. 1026(1974); NEW-JERSEY-DIVISION
OF-CHILD-PROTECTION-AND-PERMANENCY-v.-C.D., A.3d., 2016 WL
6872985(N.J.2016); DOUGHTY-v.-DOUGHTY, 27 N.J. Eq. 315, 1876
WL 8351, 12 C.E. GREEN 315(N.J.1876); LUONG-CHAU-v.-KHON-KIM
CHAU, A.3d., 2016 WL 3919040)N.J.2016); U.S.-v.-$41,320-U.S.
CURRENCY, 9 F.Supp.3d. 582, 2014 WL 1266240; WHITE-v.-MANIS,
2014 WL 1513280(DSC.2014); BROWN-v.-U.S., 2014 WL 2871398(DSC.
2014); LOUMIET-v.-UNITED-STATES, 65 F.Supp.3d. 19(2014); GARCIA
FINANCIAL-GROUP-INC.-v.-VIRGINIA-ACCELERATORS-CORP., 3 Fed.
Appx' 86, 2001 WL 117497(4th.Cir.2001); BOARD-OF-TRUSTEES-OF
INTERNATIONAL-UNION-OF-OPERATING-ENGINEERS, 2016 WL 1253285;
WELLS-FARGO-BANK-N.A.-v.-FARAG, 2016 WL 2944561(2016); SEBELIUS
v.-AUBURN REGIONAL-MEDICAL-CENTER, 133 S.Ct. 817, 184 L.Ed.2d.
627, 81 U.S.L.W. 4053(U.S.2013); SIZWARD-v.-RIDDLE, F.Supp.2d.,
2013 WL 707018(DSC.2013).


INASMUCH, THE APPELLANT MOTIONS TO EXPAND THE SCOPE AND
FOR INCLUSION WITHIN THE 3rd. CIRCUIT AND THE BOOK ENTITLED,
"MASS INCARCERATION DURING THE AGE OF COLOR BLINDNESS, THE NEW
JIM CROW", BY MICHELLE ALEXANDER ISBN NO. 978-1- 59558-643-8
AN INDEPENDENT INVESTIGATOR AND THE DOCUMENTARY CALLED, "13",
THAT AIRED ON PBS IS NOW APART OF THIS COURT RECORD, ALSO PRO-
DUCED BY INDEPENDENT INVESTIGATORS. THE THIRD CIRCUIT SHALL
GRANT THIS MOTION BY DECREE AND JUDGMENT OF THE CHIEF JUSTICE

OF THE GLOBAL THEOCRATIC COURT. IT IS SO ORDERED.

INSOMUCH, IT IS THE KING-KHALIFAH'S POSITION THAT BY
THE 3rd. CIRCUIT MAKING USE OF THE PROVISIONS OF THE PRISON
LITIGATION REFORM ACT TO MAKE JUDICIAL DETERMINATION WITHIN
THIS CASE WHEN SUCH PROVISIONS ARE UNCONSTITUTIONAL STANDING
IN EGREGIOUS VIOLATION OF THE 14th. AMENDMENT, THE EQUAL PROTEC-
TION OF THE LAWS CLAUSE AND THE HOLDINGS MADE UNDER EX-PARTE
VIRGINIA, 100 U.S. 339(U.S.1880) CONSTITUTES AN ACT OF FRAUD
UPON THE COURT WHICH VOIDS THE 3rd. CIRCUIT'S JURISDICTION FOR
DUE PROCESS VIOLATION. FRAUD VITIATES EVERYTHING, AND A JUDGMENT
PROCURED BY FRAUD MAY BE COLLATERALLY ATTACKED, AND THIS APPLIES
TO JUDGMENTS AND DECREES OF ALL COURTS, MYLES-v.-DOMINO'S-PIZZA,
LLC.,, 2017 WL 238436(D.C.Miss.2017); FIRST-TECHNOLOGY-CAPITAL,
INC.-v.-BANCTEC,-INC.,, 2016 WL 7444943(D.C.Ky.2016); MARTIN
v.-TARGET-CORP.-OF-MINNESOTA, F.Supp.2d., 2013 WL 1187034(D.N.J.
2013); McCLAIN-v.-1st.-SECURITY-BANK-OF-WASHINGTON, 2016 WL
8504775(W.D.Wash.2016).

THE APPELLANT CHALLENGES THE 3rd. CIRCUIT'S JURISDICTION
WHICH VOIDS THE COURT'S JURISDICTION RENDERING ALL ORDERS PRO-
DUCED VOID WHICH IS WHY I AM MOTIONING TO VACATE THEM. EVERY
CASE OF CONCERN INVOLVING THE 3rd. CIRCUIT. ITS DETERMINATIONS
WERE MADE INVOKING THE PROVISIONS OF THE PRISON LITIGATION REFORM
ACT AND OR ANTI-TERRORISM EFFECTIVE DEATH PENALTY ACT ORIGINATING
FROM THE OMNIBUS CRIME BILL UNDER 51 A.R.L. Fed.2d. 143 SET
IN PLACE BY THE CLINTON ADMINISTRATION'S WAR ON DRUGS CAMPAIGN
MAKING THEM ILLEGAL CREATING A STRUCTURAL ERROR VOIDING THE
3rd. CIRCUIT'S JURISDICTION, WHICH CANNOT BE WAIVED BY THE KING-
KHALIFAH, AND CAN BE RAISED AT ANYTIME EVEN AFTER THE FINAL
ORDER DUE TO THE INFIRMITIES ESTABLISHED BY THE DOCUMENTS AND
PLEADINGS NOW PRESENTED. UNLESS THE 3rd. CIRCUIT BY SUBSTANTIAL
EVIDENCE CAN SUFFICIENTLY REBUT THE EVIDENCE AND STATISTICS
GATHERED BY THESE INDEPENDENT SOURCES. IF THESE PROVISIONS OF
LAW, THE PLRA AND THE AEDPA, ARE UNCONSTITUTIONAL BY THE EVIDENCE
FROM THESE INDEPENDENT SOURCES AND LITIGATION PRESENTED, WHICH
THEY ARE, STANDING IN EGREGIOUS VIOLATION OF THE HOLDINGS MADE
IN EX-PARTE-VIRGINIA, 100 U.S. 339(1880) AND THE-SLAUGHTER-HOUSE

CASES, 83 U.S. (16 WALL) 36, 1873. THEN NOT ONLY ARE THE CASES
WITHIN THE 3rd. CIRCUIT VOID, BUT IT WAS ALSO ILLEGAL AND AN
ABUSE OF DISCRETION FOR THE 3rd. CIRCUIT TO ORDER ME TO SUBMIT
A (6) MONTH STATEMENT RELATED THERETO AND THEN DENY REINSTATING
THE CASE BASED UPON THE FAILURE TO SUBMIT SUCH AN UNCONSTITUTION-
AL DOCUMENT REQUIRED BY THE PLRA. THIS TOO, VOIDS THE COURT'S
JURISDICTION. I EXPAND THE SCOPE, U.S. EX-REL-KNIGHT-v. RELIANT
HOSPICE, INC., F.Supp.2d, 2011 WL 1321584(DSC.2011); HARBISON
v. BELL, 556 U.S. 180, 129 S.Ct. 1481(U.S.2009); MIDDLETON-v.
NISSAN-MOTOR-CO.-LTD., F.Supp.2d, 2012 WL 3612572(DSC.2012).


        BY THE ACTIONS OF THE 3rd. CIRCUIT, THE COURT HAS SUB-
JECTED THE KING-KHALIFAH TO MANIFEST INJUSTICE. MANIFEST INJUS-
TICE OCCURS WHEN THE COURT HAS PATENTLY MISUNDERSTOOD A PARTY,
OR HAS MADE A DECISION OUTSIDE THE ADVERSARIAL ISSUES PRESENTED
TO THE COURT BY THE PARTIES, OR HAS MADE AN ERROR NOT OF REASON-
ING BUT OF APPREHENSION. IT IS NOT "REASON", "JUSTICE AND FAIR-
NESS", TO MAKE RULING OBTAINED BY INVOKING LEGISLATION THAT
DISPROPORTIONATELY TARGETS AFRICAN AMERICANS IN VIOLATION OF
THE EQUAL PROTECTION OF THE LAWS CLAUSE AND HOLDINGS MADE UNDER
EX-PARTE-VIRGINIA. WRIT OF ERROR IS FILED UNDER THE INDEPENDENT
ACTION RULE FOR FRAUD UPON THE COURT, RAUL-ADAMS-v.-CALIFORNIA
INSTITUTION, 2016 WL 6464444; DONATONI-v.-DEPARTMENT-OF-HOMELAND
SECURITY,--F.Supp.3d.--, 2016 WL 1755872; U.S.-v.-HARE, 820
F3d. 93(4th.Cir.2016); UNITED-STATES-v.-DENEDO, 556 U.S. 904,
129 S.Ct. 2213, 173 L.Ed.2d. 1235(U.S.2009); UNITED-STATES-v.
APPLE-MAC-PRO-COMPUTER,--F3d.--, 2017 WL 1046105(3rd.Cir.2017);
UNITED-STATES-v.-GREGORY-HOLT-AKA-ABDUL-MAALIK-MUHAMMAD, 2017
WL 1181509(W.D.La.2017); STERN-v.-UNITED-STATES, 2016 WL 6986704
(N.C.2016); CLARKE-v.-UNITED-STATES, 2017 WL 390294(N.C.2017);
IN-RE:-BARTLEY, 2016 WL 6068862(4th.Cir.2016); RCS-NITROGEN,
INC.-v.-ROSS-DEVELOPMENT-CORP., 126 F.Supp.3d. 611(DSC.2015);
YATES-v.-FORD-MOTOR-CO.,--F.Supp.3d.,--, 2015 WL 6758983(E.D.N.C.
2015); JOHNSON-v.-U.S.,--S.Ct.--, 2015 WL 2473450(U.S.2015);
GENTRY-TECHNOLOGY-OF-S.C.,-INC.-v.-BAPTIST-HEALTH-SOUTH-FLORIDA,
..., 2015 WL 1219251(DSC.2015); ORLANDO-RESIDENCE,LTD.-v.-HILTON
HEAD-HOTEL-INVESTORS, F.Supp.2d., 2013 WL 1103027(DSC.2013).


        IN REGARD TO THE N.J. DISTRICT COURT AND THE 3rd. CIRCUIT

USING THE PROVISIONS OF THE PLRA AND OR THE AEDPA AS A BASIS
FOR HEARING AND ADJUDICATING THESE CASES. THIS ACT ON ITS FACE
ARE PROPER AND VALID EXERCISE OF CONGRESSIONAL LEGISLATIVE POWER,
BUT IT RUNS AFOUL OF THE PROVISIONS ESTABLISHED BY EX-PARTE
VIRGINIA CREATING LAW THAT DISPROPORTIONATELY TARGET AFRICAN
AMERICANS AND OTHER MONORITIES BY THE WAR ON DRUGS CAMPAIGNS
OF BOTH THE NIXON AND CLINTON ADMINISTRATIONS CAUSING DETRIMENTAL
EFFECT ON AFRICAN AMERICANS, DESIGNED IN ITS CONCEPTION TO DE-
GRADE AND DECIMATE THE AFRICAN AMERICAN POPULATION NATIONALLY,
DISENFRANCHISING THEM OF THEIR RIGHT TO VOTE, AND EVEN FAIR
EDUCATION BY BEING BRANDED AS FELONS IN VIOLATION OF THE 13th.,
14th. AND 15th. AMENDMENTS. IT PRODUCES A RESULT THAT IS PROHI-
BITED BY THE U.S. CONSTITUTION AS IS ESTABLISHED BY EX-PARTE
VIRGINIA, 100 U.S. 339(U.S.1879).

        THIS PRODUCES UNCONSTITUTIONAL ACTION SUCH AS THOSE AT
ISSUE WITHIN CASES LIKE EX-PARTE-VIRGINIA-SUPRA.; CITY-OF-ROME
V.-U.S., 446 U.S. 156(U.S.1980); SOUTH-CAROLINA-V.-KATZENBACH,
383 U.S. 301(U.S.1966). THE KING-KHALIFAH IS NOT SPEAKING OF
ACTS THAT WENT SOMEWHAT BEYOND THE MINIMUM CONSTITUTIONAL PROHI-
BITIONS. BY THE LITIGATION PRESENTED INVOLVING THE N.J. DISTRICT
COURT AND THE 3rd. CIRCUIT JUDGES AS DEFENDANTS WITHIN THESE
PENDING PARALLEL CASES. WE ARE DEALING WITH A SPECIFIC INTENT
IN PART, BY RACIST REPUBLICANS, LIKE THAT DAVID DUKES KLANSMAN
DOG DONALD DUCK DUNCE TRUMP IN THE WHITE HOUSE IN ONE ASPECT
DUE TO THE CLINTON AND MONICA LAWINSKY SCANDAL, ALSO AN ADDI-
TIONAL SURREPTITIOUS EFFECT AND INTENT BY WHICH THE OUTCOME
AND DAMAGE FROM THIS PRACTICE IS IN FULL MANIFESTATION. IN THIS
CASE WE ARE TALKING ABOUT GOVERNMENT OFFICIALS, CLOSET WHITE
NATIONALIST, ACTING WITH A CLASS BASED INVIDIOUSLY DISCRIMINATORY
ANIMUS, SUCH AS THAT WHICH IS PRESENTLY OCCURRING RIGHT BEFORE
OUR VERY EYES IN TODAY'S GOVERNMENT (ei. IMMIGRATION, MUSLIM
BAN, COPS KILLING UNARMED BLACKS), DECIMATING AFRICAN AMERICAN
COMMUNITIES NATIONALLY.

        THESE LEGISLATIVE ACTS TRANSGRESS THE LIMITS OF CONGRESS
ESTABLISHING A NEW FORM OF JIM CROW LAWS, A RACIAL CASTE SYSTEM
AND A FORM OF MODERN DAY SLAVERY PRESCRIBING AND OR NEGATING
HOLDINGS MADE IN EX-PARTE-VIRGINIA AND THE-AMISTAD, 40 U.S.

518, 15 PET. 518, 1841 WL 5024, 2006 A.M.C. 2955, 10 L.Ed. 826
U.S. CONN. JANUARY 1841 ESTABLISHING FRAUD ON THE PART OF THE
LEGISLATORS AND THE FEDERAL COURTS FOR MAKING USE OF SUCH LAW,
DIRECTLY IMPACTING THE N.J. DISTRICT COURT AND 3rd. CIRCUIT
COURT PROCEEDINGS BY THIS FRAUD RENDERING THEM VOID WHICH IS
ALSO ESTABLISHED BY THE HOLDINGS MADE IN PLAUT v. SPENDTHRIFTS
FARMS INC., 115 S.Ct. 1447(U.S.1995). IT FORCES THE COURT(S)
TO DECIDE THIS AND FUTURE CASES USING A CONGRESSIONAL INTERPRETA-
TION WHERE IT WATERS DOWN THE PROTECTIONS PLACED UPON AFRICAN
AMERICANS BY THE HOLDINGS MADE IN EX PARTE VIRGINIA SUPRA. AND
THE AMISTAD SUPRA.. LEGISLATORS, WITHOUT EXCEEDING ITS PROVENCE,
CANNOT REVERSE JUDICIAL DETERMINATION OR 14th. AMENDMENT PROTEC-
TIONS OF THE U.S. CONSTITUTION OR WATER DOWN PROTECTIONS PLACED
IN EFFECT BY EX PARTE VIRGINIA AND THE AMISTAD. THE ACT OF CON-
GRESS VIA THIS LEGISLATION USED BY THE N.J. DISTRICT COURT AND
THE 3rd. CIRCUIT DENIES AFRICAN AMERICANS THE EQUAL PROTECTION
OF THE LAWS, ESTABLISHING A RACIAL CASTE SYSTEM, A NEW FORM
OF JIM CROW LAWS AND A NEW FORM OF MODERN DAY SLAVERY RENDERING
IT UNCONSTITUTIONAL VOIDING THE 3rd. CIRCUIT'S JURISDICTION
FOR MAKING USE OF THESE PROVISIONS OF LAW FOR THE PURPOSE OF
ADJUDICATING THESE CASES.

THE GREAT ABOLITIONIST FREDERICK DOUGLAS ONCE SAID, "SLA-
VERY HAS BEEN FRUITFUL IN GIVING ITSELF NEW NAMES. IT HAS BEEN
CALLED 'THE PECULIAR INSTITUTION', ' THE SOCIAL SYSTEM', AND
THE 'IMPEDIMENT',.... IT HAS BEEN CALLED BY A GREAT MANY NAMES,
AND IT WILL CALL ITSELF BY YET ANOTHER NAME; AND YOU AND I AND
ALL OF US HAD BETTER WAIT AND SEE WHAT NEW FORM THIS OLD MONSTER
WILL ASSUME, IN WHAT NEW SKIN THIS OLD SNAKE WILL COME FORTH
IN".

THIS MONSTER AND SNAKE IS NOW CALLED THE UNITED STATES
PENAL SYSTEM AS DEFINED UNDER (33) STATES THAT ADOPT THE USE
OF AN INDICTMENT VIA THEIR STATES CONSTITUTIONS AND ALL (50)
STATES UNDER FEDERAL JURISDICTION THAT MAKE USE OF AN INDICTMENT
AND THE LEGISLATIVE PROVISIONS OF THE PLRA AND THE AEDPA. CHIEF
JUSTICE MARSHALL IN THE McCULLOCH CASE RESOLVED THE ISSUE BY
ASSERTING, "LET THE END BE LEGITIMATE, LET IT BE WITHIN THE
SCOPE OF THE CONSTITUTION, AND ALL MEANS WHICH ARE APPROPRIATE,

WHICH ARE PLAINLY ADOPTED TO THAT END, WHICH ARE NOT PROHIBITED,
BUT CONSISTENT WITH THE LETTER AND SPIRIT OF THE CONSTITUTION
ARE CONSTITUTIONAL. THE LEGISLATION DOESN'T MEET THIS STANDARD.
THESE PROVISIONS OF LEGISLATION ARE SUBJECT TO THE SAME APPRO-
PRIATENESS. YET THEY STAND IN BLATANT VIOLATION OF THE HOLDINGS
MADE IN EX-PARTE-VIRGINIA. IT IS NOT APPROPRIATE OF IN THE LETTER
OR SPIRIT OF THE CONSTITUTION TO PLACE INTO EFFECT LEGISLATION
THAT DISPROPORTIONATELY EFFECT AND TARGET AFRICAN AMERICANS
AND OTHER MONORITIES TO THEIR DETRIMENT BY THE WAR ON DRUGS
CAMPAIGN DESIGNED TO DISENFRANCHISE US AND KILL OUR POLITICAL
VOICE IN GOVERNMENT BY DENYING US THE RIGHT TO VOTE, BY BRANDING
US AS FELONS AND IMPAIRING OUR ABILITY TO SEEK HIGHER EDUCATION
DUE TO THAT BEING BRANDED AS A FELON, WHICH IS CRUCIAL TO THE
BETTERMENT OF OUR LIVES. ONE OF THE (4) GLOBAL THRONES IS ALL
OF AFRICA AND ITS DIASPORA, THE KING-KHALIFAH BEING THE DIRECT
DESCENDANT OF KING SOLOMON AND THE QUEEN OF SHEBA. THE FIDUCIARY
FOREIGN SOVEREIGN POWER HAS PARAMOUNT RIGHT TO PROTECT THE LIVES,
HEALTH, MORALS, COMFORT AND GENERAL WELFARE OF HIS HOLY COMMON-
WEALTH WHO ARE BENEFICIARIES OF THE "TRUST" THAT RESIDE WITHIN
THE GLOBAL NATIONS BORDERS AND TERRITORIES, EDEN-v.-GOODYEAR
TIRE-&-RUBBER-CO., 858 F2d. 198(4th.Cir.1988); CURTIS-v.-CAFE
ENTERPRISES-INC., 2016 WL 6916786(N.C.2016); HOME-BLDG.-&-LOAN
ASS'N-v.-BRAISDELL, 290 U.S. 398, 54 S.Ct. 231, 88 A.L.R. 1481,
78 L.Ed. 413(U.S.1934); ELLIOTT-v.-BOARD-OF-SCHOOLS-TRUSTEE
OF-MADISDON-CONSOLIDATED-SCHOOLS,--F3d.--, 2017 WL 5988226(7th.
Cir.2017); NORTH-CAROLINA-ASS'N-OF-EDUCATORS,-INC.-v.-STATE,
368 N.C. 777, 786 S.E.2d. 255(N.C.2016).

CONGRESS SHALL HAVE POWER TO MAKE ALL LAWS WHICH SHALL
BE NECESSARY AND PROPER TO SECURE THE CITIZENS OF EACH STATE
ALL PRIVILEGES AND IMMUNITIES OF CITIZENS IN THE SEVERAL STATES
(Art. 4 Sec. 2); AND ALL PERSONS IN THE SEVERAL STATES EQUAL
PROTECTION IN THE RIGHTS OF LIFE, LIBERTY AND PROPERTY (5th.
AMENDMENT). THESE PROVISIONS OF LAW ESTABLISHED BY THE CLINTON
ADMINISTRATION EGREGIOUSLY FALL SHORT AND VIOLATE THE AFOREMEN-
TIONED PROVISIONS OF LAW DEPRIVING AFRICAN AMERICANS OF IMMUNI-
TIES, PRIVILEGES ESTABLISHED UNDER EX PARTE.VIRGINIA, THE 5th.,
13th., 14th. AND 15th. AMENDMENTS OF THE U.S. CONSTITUTION.

THE PLRA AND THE AEDPA ARE DIRECTED AT THE STATES AND
VIOLATE A RESTRICTION OR CONGRESSIONAL POWER WHERE THEY SURREP-
TITIOUSLY ESTABLISHED A NEW FORM OF JIM CROW LAWS CREATING A
RACIAL CASTE SYSTEM, A PARIAH, AND SUCH ACTION ADDED TO ESTA-
BLISHING A FORM OF MODERN DAY SLAVERY WHEN COMBINED WITH THE
STRUCTURAL ERROR OF THE INDICTMENTS TAKING AWAY THE PRESUMPTION
OF INNOCENCE, PREDETERMINING IN ADVANCE GUILT, TO INCLUDE THE
MENS REA ELEMENTS OF THE OFFENSES THAT IS AT ISSUE WITHIN THESE
CRIMINAL CASES DISPROPORTIONATELY EFFECTING AND TARGETING AFRICAN
AMERICANS, MY PEOPLE. THE TOTALITY OF THE CIRCUMSTANCE HERE
CREATE EGREGIOUS VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1875
AND 1964 AND ARE INVASIVE TO THOSE PROTECTIONS ESTABLISHED,
BEING PROHIBITED, NOT BEING WITHIN THE DOMAIN OF CONGRESSIONAL
POWER. EX PARTE VIRGINIA'S DEFINITION OF "APPROPRIATENESS" IS
FUNCTIONALLY IDENTICAL TO MARSHALL'S, SOUTH CAROLINA V. KATZEN-
BACH, 386 U.S. 301, 325(U.S.1966); 1997 WL U.S. (APRELLATE BRIEF)
OF U.S. SENATORS ORIN G. HATCH, STROM THURMOND ET. AL..

THESE PIECES OF LEGISLATION THAT CAN FROM THE CLINTON
ADMINISTRATION'S WAR ON DRUGS CAMPAIGN WERE SURREPTITIOUSLY
DESIGNED TO ABRIDGE VOTING RIGHTS AND SOCIAL AND ECONOMIC OPPOR-
TUNITIES VIA OBTAINING HIGHER EDUCATION DUE TO BEING BRANDED
AS A FELON BASED UPON RACE, NOT MERELY FOR THE COMMITTING OF
A CRIME AS ONE HAS BEEN DECEPTIVELY LED TO BELIEVE, OREGON V.
MITCHELL, 400 U.S. 112(U.S.1971); CITY OF ROME V. UNITED STATES,
446 U.S. 156, 172-83(U.S.1980).

WITH THE NEWS ARTICLES FILED WITHIN THE PENDING PARALLEL
CASES RELATED TO THE NIXON ADMINISTRATION; THE DOCUMENTARY CALLED
"13" THAT AIRED ON PBS (GOOGLE THIS AND REVIEW IT PLEASE); AND
THE BOOK AND EVIDENCE GATHERED BY MICHELLE ALEXANDER ISBN NO.
978-1-59558-643-8 (GOOGLE THIS ALSO PLEASE), PROVES AND DEMON-
STRATES THE SURREPTITIOUS EFFECT VIA THE CLINTON ADMINISTRATION
EVEN IF ON ITS FACE IT INITIALLY APPEARED FACIALLY SOUND. EX
PARTE VIRGINIA TREATED THE 13th., 14th. AND 15th. AMENDMENTS
"OBJECTS" AND "PROHIBITIONS" AS FIXED, AND NOT SUBJECT TO EN-
LARGEMENT BY CONGRESS. SEE 100 U.S. at 435-46.

WHAT CONGRESS DID TO PRESIDENT CLINTON, PUTTING HIM UNDER
EXTREME PRESSURE TO SIGN THIS LEGISLATION, SNEAKING IT IN UNDER
THE RADAR, DUE TO CLINTON'S TROUBLES WITH THE MONICA LAWINSKY
SCANDAL, PLACING PRESSURES OF IMPEACHMENT ON HIM, HAD NEFARIOUS
AND COVERT INTENT TO DECIMATE THE AFRICAN AMERICAN POPULATION
NATIONALLY WHICH IS PERSPICUOUS WHEN ASSESSED TO THE DIFFERENCE
IN PUNISHMENT PRESCRIBED FOR "CRACK" COCAINE AS COMPARED TO
"POWDER" COCAINE, ONE SAID TO BE MORE IN USE AT THAT TIME BY
AFRICAN AMERICANS AS OPPOSED TO WHITES WHICH INCLUDE IT PENALTIES
, TO INCLUDE THE RESULTING MASS INCARCERATION DISPROPORTIONATELY
EFFECTING AND TARGETING AFRICAN AMERICANS, BOTH MEN AND WOMEN.

AS CHIEF JUSTICE MARSHALL WARNED IN McCULLOCH, A REVIEWING
COURT SHOULD AND IS OBLIGATED BY YOUR OATHS OF OFFICE, HOLD
SUCH LEGISLATION AS BEING UNCONSTITUTIONAL IF IT APPEARS FROM
THE LEGISLATION ITSELF THAT CONGRESS, "UNDER THE PRETEXT OF
EXECUTING ITS POWERS, [HAS] PASS[ED THE] LAW FOR THE ACCOMPLISH-
MENT OF OBJECTIVES NOT ENTRUSTED TO THE GOVERNMENT". IT IS NOT
THE OBJECTIVE OF THE GOVERNMENT TO SURREPTITIOUSLY DECIMATE
THE AFRICAN AMERICAN COMMUNITY AND DISENFRANCHISE THEM OF THEIR
RIGHT TO VOTE AND DEPRIVE THEM OF THEIR POLITICAL VOICE, IMPAIR-
ING THEIR ABILITY TO OBTAIN HIGHER EDUCATION OR FULL VOCATION
DUE TO THEY BEING BRANDED AS FELONS, AND DENY US THE EQUAL PRO-
TECTION OF THE LAWS,...OR IS IT? AFTER THIS NATION PLACING THAT
RACIST, DAVID DUKES KLANSMAN DEMON DOG DONALD DUCK DUNCE TRUMP
IN THE WHITE HOUSE. ALL INDICATIONS POINT TO THIS COVERT RACIAL
ANIMUS AS THE HEART OF CONGRESSIONAL INTENT. LOOK AT CONGRESS
STANCE RELATED TO IMMIGRATION, THEY HAVEN'T CHANGED IN OVER
100 YEARS. THIS IS FURTHER PROVEN BY THE OBSTRUCTION THEY DONE
DURING THE OBAMA ADMINISTRATION, TO INCLUDE THE FACT THAT THEY
ARE REVERSING EVERY EXECUTIVE ORDER OBAMA SET IN PLACE TO DESTROY
THERE BEING ANY REMAINING LEGACY OF A "BLACK PRESIDENT'S" TIME
IN OFFICE OF ANY REAL SIGNIFICANCE. THIS INCLUDE THE STANCE
THEY PRESENTLY TAKE ON THESE CONFEDERATE MONUMENTS. CONGRESSIONAL
INTENT IS NOW BEING UNCOVERED THIS PRESENT DATE IN THEIR WHITE
ALT RIGHT BONDING WHICH IS CLEAR. THESE PROVISIONS OF LAW WERE
SURREPTITIOUSLY, COVERTLY PASSED IN FURTHERANCE OF AN END THAT
FALLS OUTSIDE THE 14th. AMENDMENT AND EX-PARTE-VIRGINIA AND
MUST NOT BE DEEMED APPROPRIATE LEGISLATION. NO STATE SHALL MAKE

OR ENFORCE LAWS WHICH SHALL ABRIDGE THE PRIVILEGES AND IMMUNITIES
OF CITIZENS OF THE UNITED STATES****, CROSON, 488 U.S. at 490.
CONGRESS LACKS THE POWER UNDER SECTION 5 TO ADOPT LEGISLATION
THAT IS OTHERWISE "PROHIBITED" BY THE CONSTITUTION, McCULLOCH,
17 U.S. at 423. BY RACIAL REPUBLICAN COVERT ANIMUS THAT IS MANI-
FESTING ITSELF UNTIL THIS VERY DAY IN AN ALT RIGHT MAKE AMERICA
"WHITE" AGAIN IN ACTS OF CONSPIRACY TO DEFRAUD AFRICAN AMERICANS
THIS LEGISLATION WAS PASSED AND THE 3rd. CIRCUIT AND OTHER COURTS
EMBRACING THIS RACIALLY TINGED FRAUD, PRODUCED CONSTITUTIONAL
STRUCTURAL ERROR IN EVERY FEDERAL CASES AROUND THE NATION THAT
MADE USE OF THESE PROVISIONS OF UNCONSTITUTIONAL LEGISLATION,
CORRUPTING AND RENDERING VOID EVERY CASE ADJUDICATED NATIONALLY
SINCE 1996. LET MY PEOPLE GO PHAROAH!

CONGRESS MAY NOT LEGISLATE UNDER SECTION 5 IN A WAY THAT
VIOLATES RIGHTS PROTECTED BY THE 14th. AMENDMENT ITSELF. SECTION
5 GRANTS CONGRESS NO POWER TO RESTRICT, ABROGATE, OR DILUTE
THESE QUARANTEES, MISSISSIPPI UNIVERSITY FOR WOMEN v. HOGAN,
458 U.S. 718, 732(U.S.1982); ADARAND CONSTRUCTORS INC. v. PENA,
115 S.Ct. 2097(U.S.1995). THE LEGISLATION RUNS AFOUL OF THE
SAFEGUARDS PLACED INTO EFFECT BY THE 14th. AMENDMENT AND THE
U.S. SUPREME COURT IN EX PARTE VIRGINIA. THEY SURREPTITIOUSLY,
COVERTLY, EFFECT AND TARGET AFRICAN AMERICANS BY THESE LEGISLA-
TIVE ENACTMENTS WHICH ARE EGREGIOUSLY UNCONSTITUTIONAL RENDERING
THEM AND ANY CASE THAT MADE USE OF THEM VOID AND OF NO EFFECT
AS IF THERE WERE NO LAW DETERMINED AT ALL. THIS LEGISLATION
WAS FRAUDULENTLY USED TO THE DESTRUCTION OF FAIR LANDMARKS OF
THE CONSTITUTION. THE EVIDENCE PRODUCED BY THE DOCUMENTARY "13"
AND GATHERED BY MICHELLE ALEXANDER IS CLEAR AND INDISPUTABLE
WHICH IS FURTHER ESTABLISHED BY THE PRESENT GOVERNOR OF THE
STATE OF VIRGINIA ACKNOWLEDGING THESE FACTS AND MAKING EFFORTS
TO RESTORE THE VOTING RIGHTS OF PAST FELONS IN THEIR STATE WHO
WERE SUBJECTED TO THESE OUTRAGEOUS PROVISIONS OF FRAUD, AND
DETRIMENTAL LAWS THEY CONSPIRED IN TO COVERTLY CREATE A RACIAL
CASTE SYSTEM, A NEW FORM OF MODERN DAY SLAVERY AND NEW FORM
OF JIM CROW LAWS, THE SLAUGHTER HOUSE CASES, 83 U.S. (16 WALL)
36, 1873; 51 A.L.R. Fed.2d. 143; U.S. v. ECCLESTON,--Fed. Appx'-
--, 2015 WL 4591890 CA4 (Md.2015); U.S. v. TEJADA, 445 Fed.
Appx' 719, 2011 WL 3891825 CA4 (S.C.2011).

THE 3rd. CIRCUIT AND N.J. DISTRICT COURT USED THIS FRAUD-
ULENTLY PRODUCED LEGISLATION AS A PRECURSOR TO MAKING JUDICIAL
DETERMINATION WITHIN ALL OF THESE CASES BEFORE THE 3rd. CIRCUIT
WHICH INCLUDE THE 3rd. CIRCUIT ORDERING ME TO FILE MOTION TO
PROCEED IN FORMA PAUPERIS RELATED TO THIS CONCONSTITUTIONAL
LEGISLATION WHICH CORRUPT THE "FOUNDATION", THE "WHOLE" OF THE
PROCEEDINGS IN QUESTION RENDERING THEM VOID. I MOTION TO VACATE
YOUR ORDERS DUE TO THIS CHALLENGE TO YOUR JURISDICTION TO ISSUE
THEM BECAUSE OF THIS, ALSO DUE TO TRUSTEE BEING APPOINTED OVER
THESE CASES. YOU ARE BEING PRESENTLY SUED FOR USING THESE UNCON-
STUTIONAL PROVISIONS IN PARALLEL CASES PRESENTLY PENDING BEFORE
THE FEDERAL DISTRICT COURT IN SOUTH CAROLINA AND FOR OTHER MAT-
TERS REGARDING VIOLATIONS OF YOUR OATHS OF OFFICE. THIS IS YOUR
OPPORTUNITY TO FIX THIS MESS AND ESTABLISH THESE CASES BEFORE
THE 3rd. CIRCUIT. YOU SHALL CERTIFY CLASS ACTION FOR THE STRUC-
TURAL ERROR IN THE INDICTMENTS AS IS ARGUED IN ISSUE # 1 OF
THE GOURDINE BRIEF, THE CONSTRUCTIVE AMENDMENT OF THE INDICT-
MENBT ISSUE RELATED THERETO AS IS ARGUED IN THAT SAME DOCUMENT,
AND THE GENTRY SUBJECT MATTER JURISDICTION ISSUE FOR EVERY INMATE
HELD UNDER THE 3rd. CIRCUIT'S JURISDICTION AND REQUIRE THAT
NOTICE TO GIVEN TO ALL INMATES WHERE HABEAS CORPUS IN THIS CASE
IS FILED PURSUANT TO 28 U.S.C. § 2244(B), THE DATE WHICH THE
IMPEDIMENT TO FILING AN APPLICATION CREATED BY STATE ACTION
IN VIOLATION OF THE CONSTITUTION OR LAWS LAWS OF THE UNITED
STATES WAS REMOVED. DUE TO THE FRAUD THEY CONSISTENTLY ENGAGED
IN. THIS DID NOT OCCUR UNTIL DECEMBER 2017. ALSO 28 U.S.C. §
2244(C) THE DATE ON WHICH THE CONSTITUTIONAL RIGHT ASSERTED
WAS INITIALLY RECOGNIZED BY THE SUPREME COURT AND MADE RETRO-
ACTIVELY APPLICABLE TO CASES ON COLLATERAL REVIEW. THIS IS DONE
PURSUANT TO MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d.
599, 84 U.S.L.W. 4063(U.S.2016)(WHERE US OF UNCONSTITUTIONAL
LAW VOIDS JURISDICTION); ROSS v. BLAKE, 136 S.Ct. 1850(U.S.2016)
(WHERE ACT OF MACHINATION TO TWART HABEAS CORPUS REVIEW BY THE
STATES DO NOT REQUIRE EXHAUSTION), WHICH IS TIMELY PLACED BEFORE
THE FEDERAL DISTRICT WITHIN ONE YEAR TO WHICH YOU ARE BEING
SUED FOR MAKING USE OF THIS UNCONSTITUTIONAL LAW THAT DIRECTLY
ATTACH TO ALL N.J. DISTRICT COURT AND 3rd. CIRCUIT PROCEEDINGS
MAKING ME TIMELY, SCOTT v. CLARKE, 61 F.Supp.3d. 569(W.D.Va.2014)
; BUMGARNER v. N.C.D.C., 276 F.R.D. 452(N.C.2011); IN RE: NAT.

FOOTBALL LEAGUE CONCUSSION INJURY LITIGATION, 775 F3d. 570, 90 Fed. R. SERV.3d. 563(3rd.Cir.2014); FLEISCHMAN v. ALBANY MEDICAL CENTER, 639 F3d. 28, 79 Fed. R. SERV.3d. 494(2nd.Cir. 2011); KARSJENS v. PIPER, --F3d.,--, 2017 WL 24613(8th.Cir.2017).

    I WANT MY MASTER'S, MY GOD'S, THE SOLE CORPORATION'S INTELLECTUAL PROPERTY BACK IN THE FORM OF THE RIGHT TO LEGALLY MARRY WHICH WAS GIVEN TO YOUR NATIONS AS A "GRANT" WITH RESTRIC-TIONS PROTECTED UNDER BOTH ARTICLE 1 SECTION 10 AND ARTICLE IV § 2. YOU ARE IN VIOLATION OF THE HOBBS ACT AND THE EXPROPRI-ATION EXCEPTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT. YOU SHALL ISSUE AN ORDER VACATING, NULLIFYING SAME SEX MARRIAGE WITHIN EVERY STATE THAT FALLS UNDER YOUR JURISDICTION, WITHOUT EXCEPTION AND STOP CONCEALING MATERIAL FACTS AS IS ARGUED IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001. THIS TOO, VOIDS YOUR ORDERS, U.S. v. LAWRENCE, F.Supp.3d., 2015 WL 856866(S.D.Va.2015); U.S. v. ISMAIL, 97 F3d. 50(4th.Cir.1996); WILZIG v. SISSELMAN, 209 N.J. SUPER. 25, 506 A.2d. 1238(SUP.Ct.1986); ELAN PHARMACEU-TICALS, INC. v. DIRECTOR, DIVISION OF TAXATION, 2014 WL 1796633 (N.J.2014); ANDREAGGI v. RELIS, 171 N.J. SUPER. 203; BOLIVIA REPUBLIC OF VENEZUELA v. HELMERICH & PAYNE INTERN, DRILLING CO., 137 S.Ct. 1312, 197 L.Ed.2d. 663, 85 U.S.L.W. 4221(U.S.2017) DOE v. FEDERAL DEMOCRATIC REPUBLIC OF ETHIOPIA, 189 F.Supp.3d. 6 (D.D.C.2016).

    INASMUCH, JURISDICTION CAN BE CHALLENGED AT ANY TIME AND ONCE CHALLENGED IT CANNOT BE ASSUMED, IT MUST BE DECIDED IN LIGHT OF THE FRAUDULENT LEGISLATION THE 3rd. CIRCUIT USED FOR PURPOSES OF ADJUDICATION THAT TAINTS THE ENTIRE PROCEEDINGS IN QUESTION, WHICH INCLUDE ANY FINAL ORDERS. "FRAUD VITIATES EVERYTHING.", AND A JUDGMENT OBTAINED BY FRAUD MAY BE COLLATERAL-LY ATTACKED, AND THIS APPLIES TO THE JUDGMENTS AND DECREES OF ALL COURTS, MYLES v. DOMINO'S PIZZA, LLC., 2017 WL 238436(D.C. Miss.2017); FIRST TECHNOLOGY CAPITAL, INC. v. BANCTEC, INC., 2016 WL 7444943(D.C.Ky.2016); MARTIN v. TAGET CORP. OF MINNESOTA, F.Supp.2d., 2013 WL 1187034(D.N.J.2013); McCLAIN v. 1st. SECURITY BANK OF WASHINGTON, 2016 WL 8504775(W.D.Wash.2016); BASSO v. UTAH POWER & LIGHT CO., 495 F2d. 906, 909(10th.Cir.1974); BLUE SKY TRAVEL AND TOURS, LLC. v. AL-TAYYAR, --Fed. Appx'--, 2015 WL 1451636 CA4 (Va.2015); MORRIS v. WACHOVIA SECURITIES, INC.,

448, F3d. 268, Fed. Sec. L. Rep. P. 93, 858 CA4 (Va.2006). THE
EXHIBITS ARE ATTACHED TO THE FACE OF THIS DOCUMENT FOR ALL PUR-
POSES SUCH AS SEEKING TO VACATE THE ORDERS AND ALL OTHER ENDS
SOUGHT BY THE DOCUMENTS IN TOTAL, PELLEGRAIN V. BERTHELSEN,
F.Supp..2d., 2012 WL 10847(DSC.2012); ERSTEIN V. WORLD ACCEPTANCE
CORP., 2015 WL 2365701(DSC.2015).

UNDER FEDERAL LAW, WHICH IS APPLICABLE TO ALL STATES,
THAT IF A COURT OR PARTIES IS "WITHOUT AUTHORITY, ITS JUDGMENTS
OR ACTS OR ORDERS ARE REGARDED AS NULLITIES. THEY ARE NOT VOID-
ABLE, BUT SIMPLY VOID, AND FORM NO BAR TO A RECOVERY SOUGHT,
EVEN PRIOR TO A REVERSAL IN OPPOSITION TO THEM. THEY CONSTITUTE
NO JUSTIFICATION, AND ALL PERSONS CONCERNED IN EXECUTING SUCH
ACTS, JUDGMENTS, OR SENTENCES ARE CONSIDERED, IN LAW, AS TRESPAS-
SERS". YOU HAVE NO AUTHORITY TO USE LAW THAT DISPROPORTIONATELY
TARGET AFRICAN AMERICANS AND OTHER MINORITIES IN VIOLATION OF
THE U.S. CONSTITUTION THAT WAS PRODUCED BY FRAUDULENT, NEFARIOUS,
RACIALLY ANIMUS INTENT, ELLIOTT V. PIERSOL, 1 PET. 328, 340,
26 U.S. 328, 340(U.S.1828).

WHEN JUDGES ACT WHEN THEY DO NOT HAVE THE JURISDICTION
TO ACT, OR THEY ENFORCE A VOID ORDER OR ACT (SUCH AS THE ORDERS
ISSUED WITHIN THESE CASES BEING UNCONSTITUTIONAL DUE TO YOUR
USE OF THE PLRA), THEY BECOME TRESPASSERS OF THE LAW, AND ARE
ENGAGED IN ACTS OF TREASON SET AGAINST THEIR OATH OF OFFICE
AND THE CONSTITUTION. THE COURT IN YATES V. VILLAGE OF HOFFMAN
ESTATES, ILLINOIS, 209 F.Supp. 757(N.D.ILL.1996) HELD THAT "NOT
EVERY ACTION BY A JUDGE IS AN EXERCISE OF THEIR SPECIFIC FUNC-
TION....IT IS NOT A JUDICIAL FUNCTION FOR THEM TO COMMIT AN
INTERNATIONAL TORT EVEN THOUGH THE TORT OCCURS IN THE COURTHOUSE"
. WHEN A JUDGE OR OFFICIAL ACTS AS A TRESPASSER OF THE LAW OR
HIS OATH OF OFFICE, WHEN THE JUDGE OR OFFICIAL DOES NOT FOLLOW
THE LAW OR HIS OATH OF OFFICE, THE JUDGE OR OFFICIAL IS SUBJECT
TO DISMISSAL, CRIMINAL PENALTIES AND LOSES SUBJECT MATTER JURIS-
DICTION AND THE OFFICIAL'S ACTS OR THE JUDGE'S ORDERS ARE VOID
AND ARE OF NO LEGAL FORCE OR EFFECT. IF YOU DON'T CORRECT THIS
THEN WE CAN LET THAT RACIST DAVID DUKES KLANSMAN DEMON DOG DONALD
DUCK DUNCE TRUMP APPOINT SOMEONE IN YOUR PLACE. I'M SURE THAT
RACIST KU KLUX KLANSMAN DEMON DOG WILL GET A KICK OUT OF THAT.

ALL ACTS ARE ILLEGAL AND VOID, WHERE CONFLICT WITH THE
U.S. CONSTITUTION. THE ORDER VIOLATES THE 14th. AMENDMENT PRO-
HIBITIONS BY DISPROPORTIONATELY TARGETING AFRICAN AMERICANS
BY USE OF THE CLINTON BILL LEGISLATION. NO PERSON SHALL BE DE-
PRIVED OF LIFE, LIBERTY AND PROPERTY, WHICH INCLUDE MY, THE
SOLE CORPORATION'S INTELLECTUAL PROPERTY ARGUED, WITHOUT DUE
PROCESS OF LAW, NOR SHALL HE BE ADJUDICATED OF OR TRIED FOR
ANY OFFENSE BY AN EX POST FACTO LAW LIKE YOUR NATIONS DID GIVING
THESE SODOMITES AND GOMORRAHRITES THE RIGHT TO LEGALLY MARRY.
WHERE EX POST FACTO LAW SHALL BE PASSED AND ALL SAID RIGHTS,
TITLES, PRIVILEGES AND IMMUNITIES ARE INVIOLATE AND WOULD VIOLATE
THE EQUAL PROTECTION OF THE LAWS CLAUSE, R.A.M. OF SOUTH FLORIDA,
INC. v. W.C.I. COMMUNICATORS, INC., 869 SO.2d. 1210, 29 FLA.
L. WEEKLY D. 761.

CONSTRUCTIVE FRAUD IS BREACH OF LEGAL OR EQUITABLE DUTY
WHICH, IRRESPECTIVE OF MORAL GUILT, IS DECLARED BY LAW TO BE
FRAUDULENT BECAUSE OF ITS TENDENCY TO DECEIVE OTHERS OR VIOLATE
CONFIDENCE. THE LEGISLATORS DECEIVED US AS DID THE COURTS BY
MAKING USE OF THIS RACIALLY ANIMUS PRODUCED LAW TO ADJUDICATE
MATTERS BEFORE THE COURTS INVOLVED, TRICKING US INTO BELIEVING
SUCH LEGISLATION WAS APPROPRIATE ORDERING ME AND AFRICAN AMERI-
CANS TO BE PARTY TO ESSENTIALLY ILLEGAL PROCEEDINGS WHERE THE
OUTCOME PRODUCED BY THIS EGREGIOUSLY UNCONSTITUTIONAL LEGISLATION
SPEAKS VOLUMES CONTRARY TO CONFIDENCE IN THE COURTS, DAVES v.
LAWYERS SUR. CORP., 459 W.Va. 119, 483 S.E.2d. 248(1996).

FORCED BREACH OF FIDUCIARY DUTY BY FRAUD TO BREACH CON-
TRACT IS PUNITIVE IN NATURE BY THESE CONSPIRING PARTIES. THE
LAW DICTATES THAT FRAUD DESTROYS THE VALIDITY OF EVERYTHING
IT ENTERS INCLUDING THE ORDERS ISSUED BY THE 3rd. CIRCUIT COURT
OF APPEALS. IT FATALLY EFFECTS EVEN THE MOST SOLEMN ACTS OR
JUDGMENTS OR DECREES. LABEO DEFINES FRAUD TO BE ANY CUNNING
DECEPTION OR ARTICLE USED TO CIRCUMVENT OR DECEIVE ANOTHER,
LIKE YOU USED THAT RACIST LEGISLATION IN THESE CASES. MR. WELLS,
IN HIS VERY WORK ON RES JUDICATA SAYS, SEC. 499, "FRAUD VITIATES
EVERYTHING.", NUDD v. BURROWS, 91 U.S. 677-683(U.S.1875); U.S.
v. THROCKMORTON, 98 U.S. 61-71(U.S.1871); 24 SENATORIAL DIST.
REPUBLICAN COMMITTEE v. ALCORN, 820 F3d. 624(4th.Cir.2016).

SINCE THERE WAS NO RULING ON THE CONSTITUTIONALITY OF THE PLRA AND THE AEDPA AS THEY RELATE TO EX-PARTE VIRGINIA, 100 U.S. 339, 348-349, 25 L.Ed. 676(U.S.1880) AND THE SLAUGHTER-HOUSE CASES, 83 U.S. (16 WALL) 36, 1873, INSTEAD THE 3rd. CIRCUIT MADE USE OF THESE UNCONSTITUTIONAL PROVISIONS OF LAW AS A BASIS OR PRECURSOR FOR ENTRY INTO THE 3rd. CIRCUIT, AS DID THE N.J. DISTRICT COURT. THE N.J. DISTRICT COURT CASES, AS WELL AS BOTH CASES 14-2811 AND 14-1364, ALL ORDERS ISSUED THEREIN ARE VOID AND FORFEITURE MUST ATTACH. ACTS OF CONGRESS, LIKE THIS CLINTON LEGISLATION THE COURTS USED, OR ACTS OF THE COURTS WHERE YOU USED SUCH, THAT ARE REPUGNANT TO THE U.S. CONSTITUTION CANNOT BECOME LAW OR STAND AS LAW, PLACING THE N.J. DISTRICT COURT AND 3rd. CIRCUIT IN FORFEITURE VIA SANCTIONS SOUGHT FOR ALL RELIEF DEMANDED, EVANCHO v. PINE-RICHLAND SCHOOL DISTRICT, 237 F.Supp.3d. 267(W.D.Pa.2017); TAYLOR v. U.S., 136 S.Ct. 2074, 195 L.Ed.2d. 456, 84 U.S.L.W. 4462(U.S.2016).

INSOMUCH, YOUR ACTIONS IN HANDLING THESE MATTERS VIOLATE THE "CONTRACT", THE "GRANT" GIVEN TO YOUR NATIONS BY THE SOLE CORPORATION IMPAIRING THE OBLIGATION OF THE CONTRACT IN VIOLATION OF THE PRIVILEGE AND IMMUNITIES CLAUSE OF ARTICLE IV § 2 AND ARTICLE 1 SECTION 10 OF THE U.S. CONSTITUTION ESTABLISHING CAUSE BEFORE ALL COURTS ALLOWING ME TO INTERVENE AND CORRECT YOUR FRAUD, CRIMINAL CONSPIRACY, OBSTRUCTION OF JUSTICE, RACIAL ANIMUS AND APPROPRIATION OF MY INTELLECTUAL PROPERTY. THUS, ALL ORDERS WITHIN THIS CASE ARE VACATED AND THE COURT SHALL GRANT ALL RELIEF DEMANDED BY DECREE AND JUDGMENT OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC STATE AND COURT WHOSE SUPERSEDING ATTORNEY, JUDICIAL AND LEGISLATIVE POWER IS BINDING UPON THE 3rd. CIRCUIT BY THE CLAIM OF DEFAULT AND COLLATERAL ESTOPPEL WHERE THE UNITED STATES APPEARED AND IS PARTY TO THAT DEFAULT EMERGING FROM CASE 2013-CP-400-0084 IN RICHLAND COUNTY S.C. COMMON PLEAS COURT, PRESAULT v. I.C.C., 494 U.S. 1, 110 S.Ct. 914, 108 L.Ed.2d. 1 (U.S.1990); BROWN v. BROWN, F.Supp.2d., 2013 WL 2338233(D.C.Ky. 2013); BOARD OF TRUSTEES OF INTERNATIONAL UNION OPERATING ENGINEERS, 2016 WL 1253285; FIFTH-THIRD BANCORP v. DUDENHOEFFER, 132 S.Ct. 2459, 189 L.Ed.2d. 457, 82 U.S.L.W. 4578(U.S.2014); TRUSTEES OF DARTHMOUTH COLLEGE v. WOODWARD, 17 U.S. 518, 1819

WL 2201; HARRIS v. HHGREGG INC., F.Supp.2d., 2013 WL 1331166(N.C.
2013); AMERICAN MUT. LIBERTY INS. CO. v. PLYWOOD PLASTICS CORP.,
81 F.Supp. 157(DSC.1948); OPARAH v. NEW YORK DEPT. OF EDUC.,
F.Supp.3d., 2015 WL 4240733(N.Y.D.C.2015); GORDON v. TBC RETAIL
GROUP INC., F.Supp.3d., 2016 WL 4247738(DSC.2016).


THE ORDERS ISSUED WITHIN BOTH CASES 14-2811 AND 14-1364
ARE VACATED. THESE CASES ARE ESSENTIALLY ON REMAND LIMITING
YOUR JURISDICTION TO DO ANYTHING EXCEPT GRANT ALL RELIEF DEMANDED
BY DECREE AND JUDGMENT OF THE CHIEF JUSTICE TO THE (4) THRONES
OF THE GLOBAL THEOCRATIC STATE AND COURT. IT IS SO ORDERED.


THE LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT
IS CLEAR AND UNAMBIGUOUS ON ISSUES SUCH AS THE ONES BEING ARGUED
WITHIN THESE CASES. IF RULING HAS BEEN OBTAINED UNDER AN UNCON-
STITUTIONAL JUDICIAL DETERMINATION AND OR STATUTE AND OR LEGISLA-
TIVE PROVISION AND OR INTERPRETATION OF LAW AND OR ACT, WHICH
INCLUDE FRAUD. THE LAW EXPLAINED IF THIS POSITION IS WELL TAKEN,
WHICH IT IS, IT EFFECTS THE "FOUNDATION" OF THE "WHOLE" PROCEED-
INGS (EMPHASIS ADDED). THIS INCLUDE THE 1986 CONVICTION FOR
POSSESSION OF A WEAPON IN NEW JERSEY, THE HABEAS CORPUS FILED
IN THE N.J. DISTRICT COURT AND THE CASES BEFORE THE 3rd. CIRCUIT
COURT OF APPEALS. AN UNCONSTITUTIONAL LAW AND OR ACT AND OR
JUDICIAL DETERMINATION IS VOID AND IS AS IF THERE WERE NO ACT,
LEGISLATION OR JUDICIAL DETERMINATION MADE AT ALL, BEING STRUC-
TURAL CONSTITUTIONAL ERROR NOT SUBJECT TO THE HARMLESS ERROR
DOCTRINE. THE GENERAL RULE IS THAT AN UNCONSTITUTIONAL JUDICIAL
DETERMINATION AND OR STATUTE AND OR ACT AND OR LEGISLATIVE PRO-
VISION OF LAW, THOUGH HAVING THE FORM AND NAME OF LAW, IT IS
IN REALITY NO LAW BY SUCH ACTS, BUT IS WHOLLY VOID AND INEFFEC-
TIVE FOR ANY PURPOSE, WHICH INCLUDE CONVICTION FOR THE 1986
WEAPON POSSESSION CHARGE OR ADJUDICATION VIA HABEAS CORPUS IN
THE N.J. DISTRICT COURT OR THE 3rd. CIRCUIT IN THESE CASES,
SINCE ITS UNCONSTITUTIONALITY DATES FROM THE DATE OF ITS ENACT-
MENT AND OR WHEN THE ACT WAS DONE....IN LEGAL CONTEMPLATION,
IT IS INOPERATIVE AS IF IT HAD NEVER BEEN PASSED OR DONE....SINCE
AN UNCONSTITUTIONAL LAW AND OR JUDICIAL DETERMINATION AND OR
ACT IS VOID, THE GENERAL PRINCIPLE FOLLOWS THAT IT IMPOSES NO
DUTY (FOR JUDGES IN THIS CASE OR THE REQUIREMENT TO FILE (6)

MONTH FINANCIAL STATEMENT UNDER PLRA), CONFERS NO RIGHTS (THE
3rd. CIRCUIT HAD NO RIGHT TO ORDER ME TO FILE PURSUANT TO PLRA),
CREATES NO OFFICE (JUDICIAL), BESTOWS NO POWER OR AUTHORITY
 ON ANY PERSON [EMPHASIS ADDED](YOUR JURISDICTION IS MADE VOID),
AFFORDS NO PROTECTION (YOU ARE NOT IMMUNE ONCE GIVEN NOTICE
AND YOU FAIL TO VACATE YOUR ORDERS AND GRANT THE RELIEF SOUGHT),
AND JUSTIFIES NO ACTS PERFORMED UNDER IT (YOU ISSUING YOUR ORDERS
OR FAILING TO CORRECT WHICH INCLUDE THE 1986 INDICTMENT, THE
N.J. HABEAS CORPUS AND 3rd. CIRCUIT CASES. YOU ARE IN FORFEITURE
ON ALL RELIEF SOUGHT)....A VOID ACT CANNOT BE LEGALLY CONSISTENT
WITH A VALID ONE. AN UNCONSTITUTIONAL LAW CANNOT OPERATE TO
SUPERSEDE ANY EXISTING LAW. INDEED INSOFAR AS A JUDICIAL DETER-
MINATION AND OR STATUTE AND OR LEGISLATIVE PROVISION AND OR
ACT RUN COUNTER TO THE FUNDAMENTAL LAW OF THE LAND (THE U.S.
CONSTITUTION), IT IS SUPERSEDED THEREBY, NO ONE IS BOUND TO
OBEY FRAUD OR AN UNCONSTITUTIONAL LAW, RULING OR ACT AND NO
COURTS ARE BOUND TO ENFORCE IT. ALL LAWS, RULES, STATUTES AND
PRACTICES THAT ARE REPUGNANT TO THE CONSTITUTION ARE "NULL"
AND "VOID", MARBURY~v.~MADISON, 5TH. U.S. (2 CRANCH) 137, 180;
VINES~v.~UNITED~STATES, 28 F3d. 1123 CRIM. LAW 1163(1), 1165(1);
ROBINSON~v.~ARVONIO, 27 F3d. 877 REHEARING DENIED CERT. GRANTED
VACATED 115 S.Ct. 1247, 513 U.S. 1186, 131 L.Ed.2d. 129; LOUMIET
v.~UNITED~STATES, 65 F.Supp.3d. 19(2014); JOHNSON~v.~UNITED
STATES,--S.Ct.--, 2015 WL 2473450(U.S.2015); MYLES~v.~DOMINO'S
PIZZA,~LLC., 2017 WL 238436(D.C.Miss.2017); FIRST~TECHNOLOGY
CAPITAL,~INC.~v.~BANCTEC,~INC., 2016 WL 7444943(D.C.Ky.2016);
MARTIN~v.~TARGET~CORP.~OF~MINNESOTA, F.Supp.2d., 2013 WL 1187034
(D.N.J.2013); McCLAIN~v.~1st.~SECURITY~BANK~OF~WASHINGTON, 2016
WL 8504775(W.D.Wash.2016); MONTGOMERY~v.~LOUISIANA, 136 S.Ct.
718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); GEFT~OUTDOOR
LLC.~v.~CONSOLIDATION~CITY~OF~INDIANAPOLIS&&&, 187 F.Supp.3d.
1002, 1012, S.D.ILL.; HILL~v.~SNYDER, 821 F3d. 763, 765+ (6th.
Cir.MICH.); PEOPLE~v.~SOLO, N.E.3d., 2017 WL 1838423(2017);
24~SENATORIAL~DIST.~REPUBLICAN~COMMITTEE~v.~ALCORN, 820 F3d.
624(4th.Cir.2016).

     I MOTION AND SEEK THAT YOU STAY THESE CASES AFTER ACKNOW-
LEDGING THE VACATING OF YOUR ORDERS. I INVOKE THE DOCTRINE OF
COMITY. ONCE YOU GRANT ALL RELIEF YOU ARE TO STAY THESE CASES

FOR THE PURPOSE OF US BEING TRANSFERRED TO THE STATE OF NEW
JERSEY TO THE NICEST FEDERAL PRE-RELEASE CAMP THAT THE COURT
CAN FIND PURSUANT TO 28 U.S.C. § 1455(c). THIS INCLUDE THE KING-
KHALIFAH AND ALL PARTIES LISTED IN THE PENDING PARALLEL CASES
WITH ALL OF OUR PROPERTY. WE DON'T NEED YOU STEPPING ON THE
4TH CIRCUIT'S TOES PRODUCING CONFLICTING JUDICIAL DETERMINATION,
YATES v. FORD MOTOR CO., --F.Supp.3d.--, 2015 WL 6758983(E.D.N.C.
2015); W. GULF MAR. ASS'N v. I.L.A. DEEP SEA LOCAL 24, 751 F2d.
721, 728(5th.Cir.1985); IN RE: MORNING SONG BIRD FOOD LITIGATION,
2015 WL 12791472(D.C.Cal.2015); IN RE: NARANTO, 768 F3d. 332,
348(4th.Cir.2014); ULMET v. UNITED STATES, 888 F2d. 1028(4th.Cir.
1989); SMITH v. BAYER CORP., --U.S.--, 131 S.Ct. 2368, 2382,
180 L.Ed.2d. 341(2011); 202 NORTH MONROE, LLC. v. SOWER, 850
F3d. 265(6th.Cir.2017). IT IS SO ORDERED.


    I, JAHJAH AL MAHDI, THE APPELLANT IN THESE CASES, FUL-
FILLED MY DUTY BY YOUR NATION'S DUE PROCESS LAWS AND PEACEFULLY,
AS A NON COMBATANT, FILED LEGAL ACTION TO PETITION FOR AND ESTA-
BLISH THESE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES, ALL OF
THEM, WHICH INCLUDE SUPERSEDING ATTORNEY, JUDICIAL AND LEGISLA-
TIVE POWER AND AUTHORITY. I GAVE PROPER NOTICE AND PROPERLY
SERVED ALL PARTIES TO WHICH THEY APPEARED, INCLUDING THE UNITED
STATES AND BROUGHT THE MATTERS TO THEM UNDER CASE 2013-CP-400-
0084 AND THE NEW JERSEY SUPREME COURT, WHERE ANTHONY COOK AND
I WERE SUBJECTED TO OUTRAGEOUS ACTS OF FRAUD UPON THE COURT,
CRIMINAL CONSPIRACY, MACHINATION AND OBSTRUCTION OF JUSTICE,
WHERE THEY DEFAULTED AND JURISDICTION WAS THEN MADE VOID FOR
FRAUD, DUE PROCESS VIOLATION AND OTHER UNCONSTITUTIONAL ACTION
PLACING THEM IN FORFEITURE ON ALL CAUSES, CLAIMS, DEFENSES AND
COLLATERAL ESTOPPEL ATTACHED. THEREUPON, THE CASE WAS REMOVED
TO THE FEDERAL DISTRICT COURT WITHIN THE PARALLEL CASES PENDING
IN SOUTH CAROLINA SOUGHT TRANSFERRED TO NEW JERSEY DISQUALIFYING
THE SOUTH CAROLINA DISTRICT COURT. THE PRIVILEGE AND IMMUNITIES
CLAUSE PROTECTS THE RIGHTS OF CITIZENS, TO INCLUDE OUT OF STATE
AND OR EVEN FOREIGN SOVEREIGN AND OR FOREIGN STATE CITIZENS
IN THIS CASE VIA THE FOREIGN SOVEREIGN IMMUNITY ACT CONNECTIONS,
TO PLY THEIR TRADE, PRACTICE THEIR OCCUPATION AND PURSUE A COMMON
CALLING. IN THIS INSTANCE, THE "COMMON CALLING" OF ALL MEMBERS
OF THE SOLE CORPORATION IS THAT OF FIDUCIARY PROPHET, KING,

KHALIFAH, IMAM, LAWGIVER AND HIGH PRIEST WITH SUPERSEDING AT-
TORNEY, JUDICIAL AND LEGISLATIVE POWER AND AUTHORITY. THUS,
THE COURTS CANNOT IMPAIR, ONCE PROPERLY PETITIONED FOR BY DUE
PROCESS LAW, THE FIDUCIARY KING-KHALIFAH'S RIGHTS ON ACCOUNT
OF HIS OUT OF STATE CITIZENSHIP, SINCE HE DENOUNCES ANY AMERICAN
CITIZENSHIP, ACTING FOR PROTECTORATE PURPOSES, SCHWARE v. BOARD
OF EXAMS OF STATE OF N.M., 353 U.S. 232, 77 S.Ct. 752, 64 A.L.R.
2d. 288, 1 L.Ed.2d. 796(U.S.1957); FACIRE v. SULLIVAN, 2017
WL 3710066(D.C.Nev.2017); VIRGINIA BOARD OF MEDICINE v. ZACKRISON
67 Va. App. 461, 796 S.E.2d. 866(2017); DOE v. ROGERS, 139
F.Supp.3d. 120(D.C.C.2015); McBURNEY v. YOUNG, 569 U.S. 221,
133 S.Ct. 1709, 185 L.Ed.2d. 758(U.S.2013); HENRY v. VERMONT,
2017 WL 2167123(2017); SCHOENFELD v. SCHNELDERMAN, 821 F3d.
273(2nd.Cir.2016).

        WHEN IT COMES TO THE SUPERSEDING ATTORNEY, JUDICIAL AND
LEGISLATIVE POWER AND AUTHORITY OF THE CROWN ESTABLISHED BY
DUE PROCESS LAW TO WHICH THE KING-KHALIFAH, JAHJAH AL MAHDI
AKA LAWRENCE L. CRAWFORD, THE FIDUCIARY FOREIGN SOVEREIGN TO
THE (4) GLOBAL THRONES OFFICIALLY INVOKES AND EXERCISES BEFORE
THIS COURT. THE 3rd. CIRCUIT COURT OF APPEALS NOR THE N.J. DIS-
TRICT COURT NOR THE STATE OF NEW JERSEY OR STATES OF THIS NATION
OR ANY OTHER NATION SINCE THE (193) MEMBERS STATES OF THE U.N.
ARE PARTY TO THE DEFAULT AS WELL, CANNOT DIMINISH THE RIGHTS
OF THE KING-KHALIFAH, JAHJAH AL MAHDI, THE KING OF THE NORTH,
AND HIS HOLY COMMONWEALTH, THE PEOPLE, ESTABLISHED BY CONTRACT
AND DEFAULT WHICH IS LEGALLY PROTECTED UNDER BOTH ARTICLE 1
SECTION 10 AND ARTICLE IV § 2 OF THE U.S. CONSTITUTION AND DUE
PROCESS LAW. IT IS ESTABLISHED AS BOTH A "LIBERTY" AS A FOREIGN
SOVEREIGN KING-KHALIFAH AND A "PRIVILEGE" BY WHAT OCCURRED UNDER
CASE 2013-CP-400-0084 IN THE SOUTH CAROLINA COURT BY THEIR FRAUD.
NO STATE SHALL CONVERT A LIBERTY INTO A PRIVILEGE, LICENSE IT,
AND EXCHANGE A FEE THEREFOR, MURDOCK v. PENNSYLVANIA, 319 U.S.
105(U.S.1943).

        YOUR LAWS CANNOT EXCEED THE AUTHORITY OF THE LAWGIVER,
WHICH I INDEED AM BY CONTRACT, DEFAULT AND COLLATERAL ESTOPPEL.
YOU HAVE NO MORE RIGHT TO DECLINE THE EXERCISE OF JURISDICTION
WHICH IS GIVEN WITH RESTRICTIONS BY THIS DOCUMENT WITH ITS AT-

TACHMENTS, THAN TO USURP THAT WHICH IS NOT GIVEN. THE ONE OR
THE OTHER WOULD BE TREASON AGAINST THE CONSTITUTION ITSELF.
THE SEVERAL STATES LEGISLATORS AND THEIR JUDICIARIES, WHICH
INCLUDE THE FEDERAL GOVERNMENT AND 3rd. CIRCUIT COURT OF APPEALS,
ARE BOUND BY THEIR SOLEMN OBLIGATION OF AN OATH TO SUPPORT THE
FEDERAL CONSTITUTION. IF YOU WILLFULLY LEGISLATE, OR GIVE A
JUDICIAL DETERMINATION VIOLATING THE KING-KHALIFAH'S RIGHTS
ESTABLISHED THEREBY, YOU ARE GUILTY OF FRAUD, PERJURY AND OTHER
FEDERAL AND OR STATE CRIMES WHICH VOID YOUR JURISDICTION, STRIP-
PING YOU OF IMMUNITY, SUBJECTING YOU TO CIVIL AND CRIMINAL PENAL-
TIES AS WELL AS DISMISSAL FOR ALSO BREACH OF THAT CONTRACT.
I AM SURE THAT RACIST BASTARD, DAVID DUKES, KU KLUX KLANSMAN
DEMON DOG, DONALD DUCK DUNCE TRUMP WILL ENJOY PLACING ANOTHER
JUDGE IN YOUR SPOTS, COHEN v. VIRGINIA, (6 WHEAT) 19 U.S. 264
(U.S.1821). THE CLAIM TO EXERCISE CONSTITUTIONALLY PROTECTED
RIGHTS CANNOT BE CONVERTED INTO A CRIME. SINCE THE STATE OF
SOUTH CAROLINA, THE NEW JERSEY SUPREME COURT, THE UNITED STATES
AND REMAINING (192) MEMBER STATES OF THE UNITED NATIONS, BY
THEIR ACTIONS IN NEW JERSEY AND CASE 2013-CP-400-0084 HAS NOW
ALSO CONVERTED THIS SOVEREIGN LIBERTY INTO A NATIONAL AND GLOBAL
PRIVILEGE, WHICH INDEED THEY HAVE. THE KING-KHALIFAH, HIS HOLY
COMMONWEALTH, AND ALL THOSE WHOM HE APPOINTS, CAN ENGAGE IN
THE RIGHTS WITHOUT IMPUNITY. YET, IT IS STILL A SOVEREIGN LIBERTY
PROTECTED UNDER CONTRACT AS THE FIDUCIARY HEIR AND SOVEREIGN
OF THE (4) GLOBAL THRONES, HURTADO v. CALIFORNIA, 110 U.S. 516
(U.S.1884); MILLER v. UNITED STATES, 230 F2d. 486, 489(5th.Cir.
1956); SHUTTLESWORTH v. BIRMINGHAM, 373 U.S. 262(U.S.1963);
SHERER v. CULLEN, 481 F. 945, 946; MIRANDA v. ARIZONA, 384 U.S.
436(U.S.1966); STAUB v. CITY OF BAXLEY, 355 U.S. 313(U.S.1958);
UNITED STATES v. JACKSON, 390 U.S. 570(U.S.1968); UNITED STATES
v. ETENYI,--Fed. Appx'--, 2017 WL 6523328(10th.Cir.2017); EL-
AMEEN-BEY v. STUMPF, 825 F.Supp.2d. 537(D.N.J.2011). IT IS SO
ORDERED.

                    RESPECTFULLY,
                    JAHJAH AL MAHDI, KING, KHALIFAH
                    AND CHIEF JUSTICE OF THE GLOBAL
JANUARY 16, 2018       THEOCRATIC STATE AND COURT

Exhibit

"PAGE # 01"

STATE OF SOUTH CAROLINA          FILED          COURT OF COMMON PLEAS
COUNTY OF RICHLAND                               5th JUDICIAL CURCUIT
                                    )
LAWRENCE L. CRAWFORD    07 MAR 13 AM 8:54  )
            PLAINTIFF                )        RESPONSE TO MOTION TO
                        BARBARA A. SCOTT )     TO MAKE MORE DEFINITE
                          D.C.C.&G.S.  )      AND CRETAIN
                                    )
vs.                                 )         AMENDED COMPLAINT
                                    )
                                    )
Mr.&Mrs. Joseph Abram III, and      )
or Mr.&Mrs. Herbert Lee, and or     )
Sylvia Lee, and or Mr. Brunson,     )
and or April Monroe, and or         )        CASE No. 06-CP-400-0552
Michael Lee, and or William         )
Tetterton, and or Cylena Lee        )
            RESPONDENT(S)            )        FILE in CASE No-
                                    )        09-1500

        TO: THE COURT OF COMMON PLEAS,
            THE S.C. ATTORNEY GENERAL,

            PLEASE TAKE NOTICE, that the plaintiff in the above
captioned matter, Lawrence L. Crawford, intends to file claim
against the above captioned defendants, in pursuant to all
relevant sections of The South Carolina Tort Claim Act.

        The Post Office address of the claimant herein presently
is:

            LAWRENCE L. CRAWFORD
            #300839 WD-D Rm. 188
            Lieber, P.O. Box 205
            Ridgeville, S.C. 29472

        For the time being the plaintiff is representing himself.

        The time when and the place where such claim arose, and
the nature of the claims, are as follows:

        Before the plaintiff address the issues, the plaintiff
brings the court's attention to Exhibit No.(1). A duplicate of
this letter and 2 copies of a motion for sanctions against the
defendants, has been sent to the Richland County Clerk of Court,
asking her to file and assign a case number. These sanctions
address the issue being levied in this case. Since the defendants
by profession and or association connected with the Clerk of
Court, the Clerk is impeding, hindering, obstructing, and making
every effort to defeat this action and the due course of justice
to aid the parties involved. She is also a defendant on the
Motion for Sanctions. It has been sent to her under certified
No.7002 2410 0006 8102 1107, by Edward Rutland on behalf of the
plaintiff to ensure she received it. The sanctions address the
issues presently before the court and it's findings will have a
crucial bearing on this case.

        Furthermore, there is a Writ of Habeas Corpus pending also

                                1

addressing these issues levied against the defendants, be reviewed in the U.S. District Court, to include the granting of an Ex Parte hearing to address these allegations before the court in case No.O: 06-cv-2457-TLW-BM. This case addresses the legal issues but it does not address the claim of damages that are being requested in the Court Of Common Pleas. Both these cases have a crucial bearing and are essentially material in determining the matters presently before the court. It's findings will serve to prove, once and for all, whether the allegations made by the plaintiff are meritorious or frivolous and vexatious. It will also allow the plaintiff to address these issues without the weight of an onerous conviction in place, giving the plaintiff freedom of movement in obtaining additional evidence to properly address the issues in the court. It will also nullify any concern over there being other available remedies, and or any concern that any ruling on the part of the Court of Common Pleas may serve to invalidate the present conviction. There is also the issue of the statute of limitations. If the case is dismissed, it would automatically place the plaintiff beyond the time frame mandated by the statute of limitations to initiate the action prejudicing the proceedings. Therefore the plaintiff motions pursuant to rule 59(e) and 15(b) that the proceedings be held in abeyance until the conclusion of the 2 aforementioned relevant cases.

Referring back to the issues of the claim. The defendants captioned above, did commit by malicious, criminal action, and or failure to take action by duty, in acts of gross negligence and deliberate indifference, which said acts did result in the plaintiff's false imprisonment for the charge of murder, and or injuries produced therefrom.

All the defendants named above, to include William Tetterton, in malicious, criminal acts of gross negligence and deliberate indifference, conspired with, and or counselled, sand or encouraged, and or aided and abetted Sylvia Lee in the stealing of the plaintiff's assets in the form of his Social Security benefits, in acts of Breach of Trust With Frauduent Intent pursuant to S.C. Code Ann§16-13-230. This occurred from the time of the plaintiff's arrest in January 2000 until April 2003, $1600.00 per month, deposited in the Bank Of Ridgeway in Blythewood S.C., deposited in Sylvia Lee's checking account for the plaintiff and his dependants.

Please take notice of Exhibit No.(9), a portion of the standard contract form for Social Security benefits. This is the type of contract that "ALL" payees are required to "voluntarily" sign (emphasis added). It is clear from the contract when misappropriated, it is a violation of federal law, and state law by Breach of Trust, punishable by fine, imprisonment, or both. It is perspicuous these funds were required to be used solely for the plaintiff and his dependents, yet for approximately 4 years none of them were. Instead Sylvia Lee used them for herself and to pay the crooked lawyer William Tetterton, who under the table also gave the crooked cops, Cort Korley, David Thomley, and John Meadors, Mr.Giese, Mr.Moake, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glenn Rodgers, and Alma Parrish "a piece of the pie". All either received a portion or had knowlege of the act yet did nothing to prevent it from occurring even after the fact.

2

Once the corrupt officials come across "a victim and or prospective money maker", who they feel they can control and or manipulate, they refer this client to William Tetterton. He then gives the corrupt officials a portion of those finances collected for that referral. They in turn work together at breaking various laws to assist the referred person, in a good ole' boy system of justice, to promote the parties involved, perverted, corrupt, judicial ventures, that are tainted with unjust ulterior malicious motives, to hinder any due course of justice not supported by them, or that interfere with any common scheme or design they are attempting to place into effect. The parties aforementioned did this to prevent the plaintiff from being able to hire outside counsel of his choice. They did this also to prevent the plaintiff from making bail because they knew was the plaintiff was free he would go after the evidence that would concretely expose all their criminal acts perpetrated against the plaintiff in the court, and prevent criminal and civil prosecution and action from being levied against them. It is the plaintiff's constitutional right to hire competent out side counsel of his choice if he could afford to do so. It is the plaintiff's constitutional right to make bail if he could afford to do so. This is not Guantonomo Bay! There was a bond agent willing to work with the plaintiff if the plaintiff's finances were not stolen by the defendant. The defendants deprived the plaintiff of theses sacred inalienable rights of law.

Furthermore, these stolen finances also would have been used to maintain the plaintiff's mortgage, perservance of the plaintiff's vehicles, and other property the plaintiff owned as a pre-trial detainee. Because the parties involved stole the plaintiff's finances, all the plaintiff owned was lost. In this country you don't jail and detain a man for the purpose of robbing him. In this aspect the parties are guilty of strong arm robbery in pursuant to S.C. Ann§16-11-330 in part.

Please take notice of Exhibit No.(10). This is a copy of a letter faxed to William Tetterton, by Brana Hyme on behalf of the plaintiff, requesting Sylvia Lee to stop breaking the law, corroborating with the state and county officials. Instead of William Tetterton taking proper legal action to stop these crimes, he threatened Brana Hyme with possible jail, spooked her, and terrified her with threats if she helped, or continued to help me in violation of 42 U.S.C.§1985(2).

Please take notice of Exhibit No.(6), a letter mailed to William Tetterton and filed in the court(s) in case(s) where William Tetterton acted as legal counsel for Sylvia and or Cylena Lee. He knew of Sylvia Lee stealing the plaintiff's assets to pay him for Sylvia and Cylena's case. He knew he was receiving misappropriated funds. He knew of my desire to have Sylvia Lee prosecuted. He knew of my desire to have Michael Lee prosecuted for the incest and Criminal Sexual Assault upon the plaintiff's minor daughters. William Tetterton was an ex-solicitor in Kershaw County. This is also why they referred Sylvia to him. He is formerly connected to the 5th Circuit Solicitor's Office. He knew what steps to take and had the power and or influence to initiate the process of due justice, but failed to do so. This document

3

No.(7), the 11 page Motion To Be heard filed March 12, 2002, and
Exhibit No.(8), the Motion For A SLED Investigation. These
documents and piles of others were filed in case(s) No.(s)
01-DR-28-0065; 02-DR-28-098; G646899, 900, and 901. These filed
documents, known of and or viewed by all the defendants involved,
prove that they knew of Sylvia Lee's stealing the plaintiff's
assets. They knew of Michael Lee's sexual assault and incest upon
the plaintiff's minor daughters, knew of my repeated request and
demand for justice. Yet they did nothing, except break state and
federal law, to conceal, conspire in, aid and abet in, during and
or after the fact, in crimes of moral turpitude, that will be
further elaborated on in this document, to hinder, impede,
obstruct, and defeat the due course of justice, under color of
law, in violation of the plaintiff's rights to equal protection
of the laws.

The defendants named above, to include William Tetterton,
did conspire to supply, to encourage, and or counsel, and or aid
and abet, Cort Korley, Pam Company, Jean Cato, David Thomley,
John Fellers, Ann Millikin, Glen Rodgers, Alma Parrish, Peggy
Knox, John Meadors, Mr. Giese, and Mr. Moake, to produce and use
evidence that was obtained from an illegal search and seizure at
the plaintiff's trial, for which there was no search warrant
presented and or left at the plaintiff's residence the time the
supposed evidence was seized which is a requirement by law. Cort
Korley and John Fellers called the plaintiff a "nigger cult
leader" and a "nigger Jim Jones", stating the plaintiff was
attempting to start a cult in their county and they were going to
find a way to stop me. These same persons later said to the
plaintiff, "we know you're innocent, but we are going to find a
way to make you pay for some kind of crime no matter what." The
illegal evidence was used at the plaintiff's trial the week of
March 22nd-29th, 2003, held in Camden S.C.. All the parties
previously listed had knowledge of the incident and trial. The
social workers charged the plaintiff and Sylvia Lee with 2 counts
of Neglect which was later dismissed. The evidence in the Neglect
case and the murder case was the same. They accumulated it in a
file at SLED. They were required as wards of the court by duty,
to be concerned about the rights of all parties involved. William
Tetterton was Sylvia's attorney for the neglect case. Even though
he was not the plaintiff's attorney, it was his duty as a ward of
the court and ex-solicitor to protect the interest of the decease
child, and the other child sexually assaulted by Michael Lee. The
nature of the evidence seized was material to this duty. It was
the defendants duty as social workers, wards of the courts,
parents, close relatives and the like, that if they seen or knew
individuals were acting under color of law, to deprive
individuals of rights protected by the equal protection of the
laws clause, to take steps to prevent such action from taking
place, and or to bring it to the attention of someone with the
power and authority to prevent this injustice. The plaintiff was
not under legal arrest, but he was detained and restricted in
movement. He was not allowed to go to the bathroom without an
escort. He was not permitted to drive away from the hospital
without an escort. He was forced to go to the police station for
questioning against his will even though he told the police he
did not want to talk to them without a lawyer present. Any person
with limited understanding would conclude from these events he

4

Tetterton was an ex-solicitor and knew what to look for in regard to evidence. He knew what steps to take to prevent the injustice, yet done nothing. Sylvia and the other defendants knew of this incident, yet did nothing to address it. All maliciously, criminally, in acts of gross negligence and deliberate indifference just continued in breaking the law and or allowing it to be broken. The officials involved entered the plaintiff's home without permission, concent, or warrant, took pictures and seized evidence, while the plaintiff was seized and or detained by authorities. Such illegal evidence is "fruit of a poisonous tree", and never should have been used at the plaintiff's trial Unitd States v. Brady, 842 F2d 1313, 1314(D.C.Cir.1988) citing Gomez v. Turner, 672 F2d 134, 141(D.C.Cir.1982); United States v. Most, 876 F2d 191(D.C.1989); United States v. Clyburn, 24 F3d 613; Dalia v. United States, 441 U.S. 238, 255, 99 S.Ct.1682, 1692, 60 L.Ed.2d 177(1979); Mapp v. Ohio, 81 S.Ct. 1684(1961); United States v. New York Telephone Co., 434 U.S. 159, 179-180, 98 S.Ct.364, 376, 54 L.Ed.2d 376; Silverman v. United States, 365 U.S. 505, 81 S.Ct.679, 5 L.Ed.2d 734 (1961); Weeks v. United States, 232 U.S. 383, 34 S.Ct.341, 58 L.Ed. 652; Rochin v. People of the State of California, 1952, 343 U.S. 165, 173, 72 S.Ct.205, 210, 96 L.Ed. 183; Wolf v. Colorado, 1949, 338 U.S. 25, 69 S.Ct.1359, 93 L.Ed. 1782 R.C. Ohio§ 2905-34; Skinner v. Railroad Labor Executives Assoc., 109 S.Ct.1402, 1414, 103 L.Ed.2d 639(1989).

The defendants named above, did conspire, with each other and Cort Korley, David Thomley, John Fellers, Jean Cato, Peggy Knox, Ann Millikin, Glenn Rodgers, Alma Parrish, John Meadors, Mr. Geise, and Mr. Moake, in Camden S.C., in the family court, under case No.01-DR-28-0065, in acts of Criminal Unlawful Neglect, Conspiracy To Commit Criminal Unlawful Neglect, pursuant to S.C. Code Ann§20-7-50; S.C.Code Ann§16-1-40; S.C. Code Ann§16-1-55, also in acts of Incest after the fact pursuant to S.C. Code Ann§16-15-20; S.C. Code Ann§16-1-40; S.C. Code Ann§16-1-55, also in acts of Criminal Sexual Conduct, numerous counts, after the fact, pursuant to S.C. Code Ann§16-3-655; S.C. Code Ann§16-1-40; S.C. Code Ann§16-1-55, by not testing Michael Lee to the DNA samples taken from Korresha Crawford, noted in SLED file No.55010014 check list sheet. The conspiracy began in both Columbia S.C. and Camden S.C.. The failure to test him occurred in Columbia S.C. It began from January 2000 until this very date. Even though the plaintiff made numerous request, the plaintiff did not discover the request were ignored until the date of his trial March 29,2004. They are continuous acts and are dual jurisdictional crimes. These samples since the SLED DNA lab, were sent back to John Fellors the Kershaw County coroner, after SLED repeatedly made attempts to notify and obtain samples from Michael Lee. SLED made this repeated request to John Fellers, John Meadors, and the 5th Circuit Solicitor's Office, but they failed in their duty to test those samples in efforts to impede, hinder, and defeat the due course of justice, and as payment to Michael Lee to give false testimony, in acts of perjury(statute not cited), in efforts to falsely convict and imprison the plaintiff. This was also done to prevent the plaintiff from getting free to go after the evidence that would convict them for their criminal acts, and in attempts to avoid civil action being levied against them. This was also done so

5

Michael Lee from being placed in care with the plaintiff's remaining minor child he already sexually assaulted, so he could continue to sexually assault her, or place her in risk of such sexual assault, as a twisted, perverted, sexual deviate reward for his perjured testimony, and as part of the under the table deal they made with Sylvia Lee, to include William Tetterton and social workers, to get Sylvia Lee custody of the children, if she would help them coax them into giving perjured testimony(see Baptist medical records). The SLED DNA Lab said the samples were preserved. If the defendants did not destroy the evidence of their guilt, in the form of these DNA samples, once returned, they still can be tested to Michael Lee. The defendants all knew of the existence of the DNA samples. They knew of the assault Michael Lee perpetrated against the plaintiff's minor daughters. It was all the defendants involved duty as social workers, and or wards of the court, and or parents, grandparents, or close relatives and the like to demand and seek the completing of the testing of those DNA samples to protect my children. Yet in collaboration with these corrupt officials, under color of law, they failed in this duty in malicious acts of gross negligence and deliberate indifference. It was crucial to their wicked purpose and design that Michael Lee be not tested to that DNA, because proof presents itself that indicate they falsified the autopsy, claimed she was never pregnant, and there was no sign of damage to her uterus, and or signs of spontaneous abortion. Any sign of pregnancy would have proved they falsified the autopsy, that she contracted gestational diabetes causing said spontaneous abortion, and her bleeding to death accompanied by hypovolemoic shock from her blood sugar levels dropping from 70dm/ml to 17dm/ml and Michael Lee's sexual assault is what truly killed her, and these devils and snakes concealed this in the autopsy in violation of 18 U.S.C.§1001, in acts of assessory after the fact to murder pursuant to S.C.Code Ann§16-3-10; S.C.Code Ann§16-3-655; and S.C.Code Ann§16-1-40. Placenta or fetal tissue of any kind is heterogeneous, possessing the DNA of both mother and father. If Michael Lee's DNA showed up in any of those samples, it would have produced conclusive proof they falsified the autopsy. This appears to also be the reason why they did not test him to those DNA samples.

The defendants named above did conspire with each other and Dr. Joel Sexton, Cort Korley, David Thomley, John Fellers, Jean Cato, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, to commit acts of Destruction and or Desecration Of Human Remains in pursuant to S.C.Code Ann§16-17-600 (A)(3) and or S.C.Code Ann§15-17-60. This occurred in the examination conducted by Dr. Joel Sexton and his assistant in Newberry County, his place of vocation, in late January, early February 2000. The incident occurred then, but the crime was not discovered until the time of the plaintiff's trial March 25,2004, in Camden S.C.. The statute of limitations would run from the time the crime, the incident, was discovered, warranting criminal and or civil action. These devils, these snakes, these dogs, in malicious, criminal, acts of evil gross negligence and deliberate indifference, slit!, cut open like a pig!, in acts of mutilation and desecration, the dead body of an 11 year old african american child, to pour blood in her tissue,

and then take pictures afterward, to falsely claim blood seeped into her tissue, to frame her religious fanatic, love the Lord thy God with all thy heart, soul, mind, and strength, proud to be father, behind religious and racial hatred. The emergency room doctor specifically said, noted even in the trial transcript, that there were no such bruising on her back. The emergency room doctor never could have missed injuries of the manitude the autopsy falsely allege. The E.R. doctor was the first to examine her yet stated after examination that there were no bruises on her back at all, not one. This is an egregious inconsistency that clearly point to the assertions made by the plaintiff as being true. The plaintiff filed numerous documents in case(s) No.(s) 01-DR-28-0065; 02-DR-28-098; G646899, 900, and 901 in Camden S.C. informing all defendants of the inconsistencies, and made numerous request for a second autopsy and investigation. The defendants under color of law ignored the documents and request. It was William Tetterton's duty as attorney for the neglect for Sylvia to ascertain the truth of what happened to my child with all the inconsistencies. Just like the plaintiff did they should have demanded a second autopsy. Yet they did nothing except break the law and or allowed the others to break the laws of this state and under color of law, in violation of the plaintiff's right to equal protection of the laws, hindered, impeded, obstructed, and did all they could to defeat the due course of justice.

The defendants named above did conspire with each other and Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, in malicious, criminal acts of gross negligence and deliberate indifference, falsified the document, Exhibit No.(3), and used this document as a means of placing Michael Lee back with the plaintiff's remaining minor child, exposing her to risk, harm, and danger, as well as psychological and physical danger. This is a blatant criminal act of Criminal Unlawful Neglect pursuant to S.C.Code Ann§20-7-50. All the defendants involved knew that Michael Lee sexually assaulted the plaintiff's daughters. If they would have stated the truth, and placed in the document their knowledge of Michael Lee's assaulting them, the Foster Care Division would have not allowed them to place Michael Lee and the plaintiff's remaining minor child in the same residence, especially with the plaintiff making numerous objections and complaints in writing and filing them with all the relevant courts. William Tetterton and the parties aforementioned were there at all proceedings, and or had knowledge of the proceedings. Tetterton could have prevented this as well as the other defendants, or they could have brought it to the attention of someone who could have prevented it. The defendants falsified this document, concealing the truth, saying her assault was by an "UNKNOWN" perpetrator. This was part of the under the table deal with Sylvia Lee. They would work to get her custody of the children, and escape prosecution, if she would aid them against the plaintiff, to include aiding to solicit false testimony from the children to have the plaintiff convicted, to include her stealing the plaintiff's assets, to keep the plaintiff from making bail or hiring counsel of his choice, to prevent the plaintiff from getting free to go after the evidence

7

that would criminally convict them. This is also a violation of 18 U.S.C.§1001. As stated Incest is a crime of moral turpitude pursuant to S.C.Code Ann§16-15-20. This goes beyond incest. This snake and sexual deviate, sexually assaulted the plaintiff's minor children, in acts of Criminal Sexual Conduct pursuant to S.C.Code Ann§16-3-655 and these devils, crooked, corrupt, lawless officials concealed and covered his crimes under color of law, in defiance to the plaintiff's rights of equal protection of the laws, to defeat the due course of justice. Please note Exhibit No.(4). This is the letter from SLED F.O.I. Department. Note that the Governor's Office records and the Guardian At Litem records containing these falsified documents are in this file. This is another reason why the defendants work extensively to prevent the plaintiff from obtaining this file. SLED file 55010014 proves that they knew of Michael Lee's sexual assault upon the plaintiff's children, to include that the file had evidence that proved my innocence, and instead of taking legal action against Michael Lee and producing the file, they worked to conceal and cover up his crimes, in malicious criminal acts of gross negligence and deliberate indifference. This is a dual jurisdictional crime. The falsifying of the document occurred in Camden S.C., but the submitting the document to the Foster Care Division occurred in Columbia S.C.. This is a continuous crime of Criminal Unlawful Neglect. It began with the falsifying of the document June 25, 2001 and continues until this present date. The plaintiff's minor child A.C. is still a victim of this cruel, criminal injustice. The Equal Protection Of The Laws Clause extends to the innocent as well as the guilty. It extends to the supposed criminal as well as to the law abiding citizen State v. Middleton, 207 S.C. 478, 36 S.E.2d 742(1946); Eslinger v. Thompson, 340 F.Supp. 886(D.S.C.1972) aff'd 476 F2d 225(4th Cir.1973); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct.283, 13 L.Ed.2d 222(1964). Even though the plaintiff was detained, by law, the plaintiff was entitled to equal protection of the laws, to have the attacker of the plaintiff's minor children brought to justice. The plaintiff had the right to not be subject to what was essentially strong arm robbery. They failed to follow state and federal laws to include the policies of their own agencies. Please take notice of Exhibit No.(5), the SLED intake sheet. At the bottom of the sheet, though incorrectly stated, it tells of the assault, as do numerous documents in this file. They further prove the defendants knew and done absolutely nothing to bring Michael Lee to justice except conspired to break the law or allow the others to break the law to impede, hinder, obstruct, and defeat the due course of justice.

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr. Giese, and Mr.Moaks, in malicious, criminal acts of gross negligence and deliberate indifference, to suppress evidence that proved the plaintiff's innocence, in the form of SLED file 55010014, in efforts to maliciously have the plaintiff falsely convicted, kidnapped!, in violation of S.C.Code Ann§16-3-910. In this file were numerous documents. to include the death certificate, which would have prove the allegations in the indictment as to time and place of particular averments,

which are crucial elements of the offense, must be proven, and must be passed upon by the Grand Jury before a person may be lawfully convicted for the offense of murder State v. Rector, 158 S.C. 212, 155 S.E. 385(1930); S.C.Code Ann§19-17-20; S.C.Code Ann§19-17-30; State v. Rallo, 403 S.E.2d 653(1991); State v. Ham, 259 S.C. 118, 191, S.E.2d 13(S.C.1972); State v. Sutton, 333 S.C. 192, 508 S.E.2d 283(S.C.App.1998); State v. Pierce, 207 S.E.2d 414; State v. Blakeney, 33 S.C. 111, 11 S.E. 637 infra, State v. Stewart, 26 S.C. 129 S.E. 468; State v. Faile, 43 S.C. 52, 20 S.E. 798; State v. Adams, 277 S.C. 115, 283 S,E.2d 582(1981). Thus it would have vitiated the conviction. It would have also produced evidence to confirm they falsified the trial transcript to ensure to conviction was unjustly affirmed in the S.C. Court of Appeals. It would have produced the coroner's notes that would have explained why the coroner showed up at the plaintiff's bond hearing for the 2 counts of neglect, after the autopsy was fully completed and testified at that hearing that no alleged beating killed the plaintiff's child, that at most is "may" have been a contributing factor. The file would have produced evidence in the form of the Florence Sheriff Dept. report and the Baptist Hospital records that proved there was no sign of sexual assault on Cylena Lee, that she was a virgin, and committed perjury in efforts to make herself look like a victim on the witness stand, instructed and coaxed by the defendants, to include William Tetterton, to ensure that the plaintiff would be unjustly convicted, kidnapped, for false charges of murder.(see enclosed Exhibit No.(12), portion of Baptist records). This evidence was crucial to the plaintiff's defense. This file was hidden at SLED in Columbia S.C. and was not discovered by the plaintiff until about December 2003 or about January 2004. It was hidden since the time of the plaintiff arrest. The plaintiff went on the record to request this file at his competency hearing in Columbia S.C. March 19,2004 and John Meadors blatantly lied on record stating he did not know what file the plaintiff was talking about.

This issue is also based upon the principle that defendants are to be given a meaningful opportunity to present a complete defense. To protect this right, the United States Supreme Court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence" United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct.3440, 73 L.Ed.2d 1193, 1203(1982).

In this regard defendants have the right to request and obtain from the prosecution evidence that material to the guilt of the defendant or relevant to the punishment to be imposed Brady v. Maryland, 373 U.S. 83, 83 S.Ct.1194, 10 L.Ed.2d 215(1963). Even absent of request, prosecutors have a constitutional duty to give the defendant exculpatory evidence which would raise a reasonable doubt about his guilt United States v. Augurs, 427 U.S. 97, 96 S.Ct.2392, 49 L.Ed.2d 342 (1976); State v. Jackson, 396 S.E.2d 101 (S.C.1990).

In South Carolina, under Rule 608(c), of S.C. Rules of Crim. Pro., evidence of character, conduct, and bias of witnesses state in haec [v]erba:

"Evidence of bias, prejudice, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by other evidence otherwise adduced".

In Brady and Augurs, the prosecution failed to disclose exculpatory evidence. In the case of United States v. Bagley, 105 S.Ct. 3375, the prosecution failed to disclose evidence that the defense might have used to impeach the government's witnesses by showing bias or perverted interest. The court stated; "Impeachment evidence, however, as well as exculpatory evidence, falls within the Brady rule" Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104(1972). Such evidence is "evidence favorable to the accused" Brady supra, so that if disclosed, and used effectively, it may make the difference between conviction and acquittal cf.Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct.1173, 1177(1959). The defendants knew of this evidence existence. Yet, in criminal acts to prevent their corrupt tails from going to jail, to protect Sylvia Lee from being prosecuted for Breach Of Trust, and to protect Michael Lee from being prosecuted for Criminal Sexual Conduct, under color of law, in violation of the plaintiff's rights to equal protection of the laws they hid this file and openly in acts of perjury denied it's contents, to impede, hinder, obstruct, and defeat the due course of justice. The kidnapping statute under S.C.Code Ann§16-3-910 is broad enough to include and cover the common law crime of false imprisonment(see S.C.Code Ann§16-3-910). Kidnapping is a continuous offense. It commences from the time one is wrongfully deprived of freedom and continuous until freedom is restore. Every issue alleged in this action is a significant part of that false imprisonment. Therefore, since the plaintiff is still falsely imprisoned by these actions, the statute of limitations would not commence until the plaintiff's freedom is restored State v. Tucker, 334 S.C. 1, 512 S.E.2d 99 (S.C.1999).

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glenn Rodgers, Alma Parrish, John Meadors, Carol Theume, Mr.Giese, and Mr.Moake, in malicious, criminal acts of gross negligence and deliberate indifference, did falsify the plaintiff's trial transcript. The defendants either took out, and or modified, and or altered, and or deleted any and all errors on the part of the trial court that would serve to vitiate and or make the conviction infirm to ensure that the plaintiff would remain criminally and unjustly convicted, kidnapped! There were so many errors on the part of the trial court the conviction on direct review could not have possibly stood and the sentence and conviction would have had to be vacated. One of the crucial changes they made was the testimony given by the pathologist Joel Sexton. The pathologist clearly testified at trial that the initial incident and or assault have had to occur about 7:00P.M. in Kershaw County, but the death occurred in Richland County as outlined in his presented autopsy. They also deleted and or altered any testimony by the pathologist that would clearly show he was negligent in not documenting any signs of the sexual assault perpetrated by Michael Lee, purposely, maliciously omitted by the pathologist in collaboration with the other listed parties. They did this so that upon direct review it would appear from the record that the

state met it's burden on proving the crucial elements of time and place of death, which burden in truth they failed to meet. They also did this because the plaintiff produced an Advance Auto Parts purchase history possessing time and date clearly showing the plaintiff was in Columbia S.C., 2 hours away the time the incident occurred, that established a concrete alibi and clearly proved the witnesses Cylena, Michael, Quinta, and Aerialle were lying on the stand in acts of perjury, coaxed by the defendants, due to they all stating the plaintiff never left the home that evening untruthfully placing the plaintiff at the scene. When you add in the travel time of 1 hour, one way, we are looking at a minimum of 3 hours the plaintiff had to be gone that evening. By the defendants testifying the plaintiff never left at all that evening, it caught them in their perjury so they had to alter the transcript that this not be shown. The death certificate, the autopsy, the Providence Hospital records, and even the plaintiff's sentencing sheet clearly show the assault and death occurred on 2 different dates in 2 different counties, yet the indictment that is fatally defective and the criminally altered transcript states contrary State v. Platt supra; State v. Blakeney supra. This act is a violation of 28 U.S.C.§1001, is Sham Legal Process(statute omitted), and kidnapping pursuant to S.C.Code Ann§16-3-910. All the defendants involved already knew of the deeds and criminal acts of all the various parties in the Family Court and General Sessions Court. Any person would reasonably assume people capable of the falsifying of court documents could and would falsify a trial transcript, yet they made themselves a part of the various criminal acts. When it comes to conspiracy and the accomplice liability doctrine "the hand of one is the hand of all." Carol Theume, John Meadors, Mr.Giese, Mr.Moake, and the 5th Circuit Solicitor's Office produced this criminally falsified transcript. This occurred in the S.C. Court of Appeal, in Columbia S.C. in the late part of 2004 and or early part of 2005. The defendants did this under color of law, in violation of the plaintiff's rights of equal protection of the laws, to impede, hinder, obstruct, and defeat the due course of justice.

The defendants named above did conspire with each other and Dr. Joel Sexton, Janice Ross?(his assistant), John Fellors, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr. Giese, and Mr.Moake, in malicious criminal acts of gross negligence and deliberate indifference by ordering and or authorizing an autopsy and or post mortem examination they did not have the authority to order because they were out of their jurisdiction to order it. Thus they are again guilty of desecration and destruction of human remains pursuant to S.C.Code Ann§16-17-600(A)(3). This is also a violation of S.C.Code Ann§17-5-260; S.C.Code Ann§17-5-250; and S.C.Code Ann§17-7-10. The autopsy was ordered by John Fellors the Kershaw County coroner who was out of his jurisdiction in that the death occurred in Richland County. It is not the plaintiff's contention that under no circumstance this could not be done. What the plaintiff does contend, is that in order for the Kershaw County coroner to be invested with proper authority to order the autopsy, the Richland County coroner had to properly transfer

done, it had to be in writing, and such written transfer of jurisdiction had to be filed with the clerk of court in both Richland an Kershaw counties in order for said transfer to be able to stand up to legal mandates and requirements of law. This was not done. Therefore the coroner John Fellors and or Dr. Sexton and his assistant did not even have proper authority by law to do the autopsy. William Tetterton was an ex-solicitor. He knew the law quite well. He knew the death occurred in Richland County. He was Sylvia and Cylena Lee's attorney. He handled many cases of this nature before. He knew of the plaintiff's concerns over the autopsy and my questioning it's validity, yet he done nothing about this breach of law. The other defendants knew of this matter as well. It was their duty as offials involved in the case, as wards of the court, as parents and or close relatives to take action, to investigate the facts, and to ensure that the due course of justice was not in any way compromised. Pursuant to S.C.Code Ann§17-5-260, the county coroner and or examiner of the county where the death was found shall make immediate inquiry into the cause and manner of death and shall reduce his findings to writing on forms provided for this purpose retaining a copy for his files 1962 Code§17-166; 1972(57) 3064. Pursuant to S.C.Code Ann§17-5-250, power to determine, the county examiner and or coroner of the county where the death is found shall have the power to determine that an autopsy shall be made in addition to the powers invested in other law enforcement officials to order an autopsy 1962 Code§ 17-165; 1972(57) 3064. In pursuant to S.C. Digest, a coroner has authority to gather evidence at the scene of the crime and preserve it for trial; however, he may not withhold it from the investigating officers Opinion No.4483 Code 1962§ 17-91. Thus we have the coroner's notes listed in SLED file 55010014.

Atty Gen. 1963 provides: Coroner of Kershaw County was limited to his jurisdiction to Kershaw County and was not authorized to grant permission for an autopsy on person who died in Richland County 1962-63 Opinion Atty. Gen. 105. Pursuant to Atty. Gen. 1952 under 1952§17-91 provides: If a person is injured in one county and dies in another, the coroner of the county where the person dies or where the body is found should take the initiative and make such inquiry as to what caused the death as he considers proper 1952-53 Op. Atty. Gen.58. Pursuant to S.C.Code Ann§17-7-10, the coroner in the county of which the injury was inflicted has no authority to order an autopsy or post mortem examination of a person, if said person is taken out of the county or state for treatment and dies in another county or state 1978 Op. Atty. Gen. No. 78-68 pg. 94. The plaintiff's daughter was alive, in a coma, and fading fast when she arrived at the Richland County hospital. Therefore the Kershaw County coroner,John Fellers, did not have the authority to order the autopsy. It should have been ordered by the Richland County coroner. The autopsy was conducted in Newberry County by Dr. Joel Sexton and was ordered January 26,2000. This act also was done in conjunction with the false imprisonment and or Kidnapping. Since the kidnapping is a continuous offense and the plaintiff is still imprisoned the statute of limitations would not apply. John Fellers and Cort Korley threatened that they would work with various parties involved to frame the plaintiff even though they

clearly stated they knew the plaintiff was innocent. This is why they violated the law in ordering it. Their intent from the start was to manipulate it's findings in efforts to have the plaintiff kidnapped and falsely imprisoned, under color of law, in violation of the plaintiff's rights to the equal protection of the laws, to impede, hinder, obstruct, and defeat the due course of justice.

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, in malicious, criminal acts of gross negligence and deliberate indifference, did solicit false testimony from Cylena, Michael, and Quinta Lee, knowing it was false, so much until they knew that they had to suppress SLED file 55010014 because it produce concrete evidence that it was perjured, in efforts to maliciously have the plaintiff falsely imprisoned, kidnapped, in violation of S.C.Code Ann§16-3-910. This was done in Camden S.C. during the plaintiff's trial held from March 22nd-29th, 2004. This was also done to prevent the plaintiff from getting free to go after evidence that would convict them of their crimes, and prevent civil action from being levied against them. This was done also as a malicious effort to attack the plaintiff behind religious and racial hatred. The prosecution at numerous points during the trial attacked the plaintiff's religious beliefs calling them evil, oppressive, dominating, controlling, and other such derogatory words. They did this in concert with the desire and effort of Cort Korley and John Fellers who called the plaintiff a "nigger cult leader", and "nigger Jim Jones", claiming the plaintiff was endeavoring to start a cult in their county. Again they stated they knew the plaintiff was innocent, but they were going to find a way to make me pay for a crime whether the plaintiff was innocent or not. South Carolina "STILL" Jim Crow justice at it's best. In S.C. Rules Of Evidence Rule 610, pursuant to Religious Belief or Opinion provides:

"Evidence of the belief or opinions of a witness on matters of religion is not admissable for the purpose of showing that by reason of their nature the witness credibility is impaired or inhanced".

The U.S. Constitution prohibits such act if the beliefs of the party in question do not break any established laws (see U.S.C.A. amend(s). 1 and 14). It is a requirement that cannot be deemed to be satisfied by mere notice and or hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony and or evidence known to be perjured and or false, and or unconstitutional. Such a contrivance by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation Brady v. Maryland supra; United States ex rel Almeida v. Baldi, 195 F2d 815; United States ex rel Thompson v. Dye, 221 F2d 763; Mooney v. Holohan, 294 U.S. 103, 112; Pyle v. Kansas, 317 U.S. 213, 215-216; Alcorta

13

v. Texas, 355 U.S. 28. The defendants involved knew they were going to do this before they did it. It was a malicious, criminal, premeditated act. They had the power to stop it and not be a part of it. It was Tetterton's duty as an ex-solicitor and ward of the court by the code of professional ethics to take action to prevent this cruel act. Yet he did nothing due to being paid off with misappropriated funds. All the parties listed did this under color of law, in violation of the plaintiff's rights to equal protection of the laws, to impede, hinder, obstruct the due course of justice to have the plaintiff kidnapped!

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, in criminal, malicious acts of gross negligence and deliberate indifference, did instruct and or coaxed Michael Lee as to what to say once he took the witness stand to prevent and protect him from placing on the record any statements the would validate he was guilty of Criminal Sexual Conduct 1st degree. This boy, egregiously coaxed by an adult who knew what the elements were, like a pro, this boy strategically avoided giving away the truth of his physical sexual assault upon the plaintiff's child, specifically, the physical battery, aggravated force, and aggravated coercion, which provide the crucial elements for Criminal Sexual Conduct 1st degree. It's obvious he was coaxed and instructed in what to say to prevent testimony of this nature on the record that would require that he be tried as an adult. At his age, and as the man who raised him I know for certain Michael Lee had no knowledge of the aggravated circumstances related to the offense and how do avoid them, but on the witness stand that day he did. This makes the all the parties listed assessories after the fact to Criminal Sexual Conduct pursuant to S.C.Code Ann§16-3-655. The defendants did this in Camden S.C. during the plaintiff's trial March 22nd-29th, 2004, in efforts to have the plaintiff kidnapped, under color of law, in violation of the plaintiff's rights of equal protection law, to prevent the attacker of the plaintiff's children of the laws, to prevent the attacker of the plaintiff's children from being prosecuted, to impede, hinder, obstruct, and defeat the due course of justice. They all knew and had a part in it.

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, and did instruct Cylena Lee to file a false report of CSC, supposedly of the plaintiff perpetrating this lie upon her person. This makes the defendants guilty of filing a false report(statute omitted). The girl was a virgin when last in the plaintiff's care. This is also indicated in the Baptist Hospital records. This is another reason they suppressed the SLED file No.55010014. The Florence Sheriff Dept. records were there of her making this false claim and there being no evidence of such found. It is obvious since she was the one first said to be the one home the time the fake conjured up crime occurred, their desire was to make her look like a victim to manipulate the jury and play upon their sympathy in order to give her more credibility at the plaintiff's trial as she gave her perjured testimony. This was done in Camden S.C. the week of March 22nd-29th, 2004, and design to enhance the plot of

14

kidnapping and or false imprisonment. There is none to prevent the plaintiff from getting free to go after evidence that proved their guilt, have them jailed and levy civil action against them. This was also none to prevent the plaintiff from taking legal action against Sylvia, Michael, & her other close relatives, in collaboration with the corrupt officials, under color of law, in violation of the plaintiff's rights to equal protection of the laws, to impede, hinder, obstruct, and defeat the due course of justice.

The defendants named above, did conspire, with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company Peggy Knox, Ann Millikin, Glenn Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, in Camden S.C. the conspiracy began June 25, 2001, was carried over to Marion County, Marion S.C. in their placing the plaintiff's child with Sylvia Lee, from on or about January 2003 through the time the 2 counts of neglect was dismissed against Sylvia Lee, in violation of the court order issued in the Family Court, in case No.01-DR-28-0065, in acts of Criminal Unlawful Neglect pursuant to S.C.Code Ann§20-7-50, which was an act associated with the kidnapping pursuant to S.C.Code Ann§16-3-910, as part of that deal to solicit false testimony to have the plaintiff unjustly, falsely, convicted in his trial conducte March 22, 2004. This was done under color of law , in violation of the plaintiff's rights to equal protection of the laws, also in efforts to impede, hinder, obstruct, and defeat the due course of justice.

The defendants named above did conspire with each other and Dr. Joel Sexton, Janice Ross?(his assistant), John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr. Giese, and Mr.Moake, did in malicious, criminal acts of gross negligence and deliberate indifference, worked in concert with each other during and or after the fact, to prevent the pathologists who conducted the autopsy, to purposely, maliciously, not put in writing and or document signs of the sexual assault that Michael Lee perpetrated upon the plaintiff's minor child, to include purposely not documenting in the autopsy whether the plaintiff's 11 year old daughter possessed a vaginal hymen, which would serve to validate proof as to whether or not Michael Lee repeatedly raped her at every opportunity he got. The plaintiff's daughter was 11 years old. She had to have a vaginal hymen. Absence of such is clear proof of the rapes perpetrated against her. This was done as part of the under the table deal to protect Michael Lee from prosecution for his crimes of Criminal Sexual Conduct, also as a reward to solicit perjured testimony to have the plaintiff kidnapped and falsely imprisoned. This act is part of the conspiracy to commit kidnapping, and the kidnapping itself. It occurred in the autopsy done in Newberry County ordered by Fellers, conducted by Sexton on January 26, 2000. The pathologist inadvertently place on the record during the plaintiff's trial, testimony that clearly show he knew of the sexual assault. but purposely, in acts of gross negligence, maliciously, in collaboration with the corrupt officials did not document this crucial evidence. This present an additional motive as to why they had to falsify the the plaintiff's trial transcript. It was in effort to protect the crooked pathologist

who they knew falsified the autopsy to aid their plan, scheme and perverted design. Even A.C., the plaintiff's remaining minor child, told them that Michael sexually assaulted her. The laws of South Carolina are clear and certain. By what's outlined in the statutes of the various sex crimes, such as Incest and Criminal Sexual Conduct, that no individual who commit or is guilty of such crimes, are not allowed to be in the vacinity or care of other children, especially if it's one he already sexually assaulted. This is pure gross negligence, criminal in nature, and would expose the plaintiff's child to clear imminent and present danger of possible future sexual assault. Yet the defendants and parties involved in their lawlessness and blatant disregard for my child's safety and laws of this state, to aid, encourage, abet Sylvia Lee in stealing the plaintiff's assets, get the children, and basically push off her 2 counts of neglect for her part on coaxing the children into giving perjured testimony at the plaintiff's trial, behind religious and racial hatred, these snakes and rats, placed Michael Lee in the same home with my child, exposing her to danger, by not documenting the sexual assault, and whether or not she had a vaginal hymen present. He married Mr. Brunson was at the various hearings and trial. He married Sylvia Lee, in their union benefited from the misappropriated funds, knew of the acts of sexual assault upon the plaintiff's child, yet did nor said nothing as they place the plaintiff's child and Michael Lee in a home under his authority in Marion S.C. area. The evidence to prove this and that it was done in violation of the court order, would be the kids school records. The school records will show the names of the parents and or guardians, the place of residence, and when they arrived there. Compare this to the court order and the date the charges were dismissed and it will show the violation. It was the prosecutors duty to go after any and all evidence of any crimes and not arbitrarily for ulterior motives be selective and manipulative. It was the social workers duty, in the interest of the children involved, to ensure that any evidence of sexual assault against a child be documented. It was William Tetterton's duty as a ward of the court and ex-solicitor to see that all evidence of any alleged crimes related to the cases, for which he was even hired as counsel, by the code of professional ethics to ensure all evidence of the crimes were documented. It was Sylvia's, Cylena's, and the other defendants duty as parent and or close relatives to ensure this was done or at least make an attempt to notify authorities who may have had the power to correct the injustice of this deficiency. Yet they all did nothing except make themselves a part of the crimes listed in this document, on collaborating with the corrupt officials, under color of law, violation of the plaintiff's right to equal protection of the laws, to impede, hinder, obstruct, or defeat the due course of justice. This was also done so there would be nothing documented by record producing evidence that would prevent Michael Lee from being placed in care with the plaintiff's child. Without there being anything documented the parties would lie, and falsely claim they were ignorant of the facts, so as to give such a reason why they did not pursue any criminal action against Michael Lee. Korley, Thomley, Fellers, Meadors, Giese, Moake, and the other officials would not be compelled by duty to act, due to there not being tangible evidence documented requiring them to

16

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr. Moake, in malicious, criminal acts of gross negligence and deliberate indifference, in Camden S.C., March 22nd-29th, 2004, at the plaintiff's trial, to produce falsified evidence in the form of a statement said to have been given by the plaintiff, in efforts to have the plaintiff kidnapped and then later assassinated as previously outlined. This supposed statement, criminal produce, in Sham Legal Process(statute omitted), was never made by the plaintiff, never signed by the plaintiff, one foreign, mysteriously produced like "Adam's house cat", for which the plaintiff was never given a copy of the time it was supposedly made because the plaintiff never made it. No signed waiver of Miranda rights was produced, yet they used this falsified evidence at the plaintiff's trial, to cross-examine the plaintiff on the witness stand, to make the plaintiff look like a liar, to destroy the plaintiff's credibility before the jury, in order that the plaintiff be further kidnapped!, and falsely convicted. This was done in violation of S.C.Code Ann§§18-15-50; S.C.Code Ann§19-1-80; S.C.Code Ann§19-1-90; State v. Scott, 237 S.E.2d 886; State v. Easler, 471 S.E.2d 207; State v. Henderson, 334 S.E.2d 517; State v. Greene, 499 S.E.2d 817. This document is "fruit of a poisonous tree", compromises the whole proceedings, and should have never been allowed State v. Cox, 335 S.E.2d 809; State v.McLaughlin, 413 S.E.2d 819 at 821; State v. Torrence, 406 S.E.2d 315 at 319, 326-328. This was a malicious act, purposely done in defiance to known law, under color of law, in violation of the plaintiff's right to equal protection of the laws, to impede, hinder, obstruct, or defeat the due course of justice.

The defendants named above did conspire with each other and John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glenn Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, in Camden S.C., from February 2000 until this present date, in malicious, criminal acts of gross negligence and deliberate indifference, in acts of kidnapping and false imprisonment, in cases G646899, 900, and 901 of the Court Of General Sessions, detained and commenced with a trial against the plaintiff, in acts of prosecutional misconduct, knowing fully well they did not have the authority and or Subject Matter Jurisdiction, due to they being beyond the (180) day time frame allotted by the S.C. Constitution and S.C. Rules of Court, because they failed to obtain a "[W]ritten" order of continuance pursuant to the constitutional provisions, to continue the cause.

In pursuant to Article V§4 of the S.C. Constitution:

"IT IS ORDERED that all criminal cases in the state of South Carolina shall be disposed of within (180) days from the date of the defendant's arrest. Provided, however, that the Circuit Court may continue the criminal case beyond (180) days by "written"(emphasis added) order if the court determines that exceptional circumstances exist in the case. This order does not create or define a right of a defendant to a speedy trial"(see

S.C. Rules of Court 2003 Ed. pg.652).

This has nothing to do with a speedy trial issue. It's simply a matter of state and S.C. Constitutional law. S.C.Code Ann§1-7-730 and S.C.Code Ann§17-13-150 require that the prosecuting body fulfill and see that all the duties, requirements, and rules of criminal procedure, and the S.C. Constitution are adhered to and completed within the courts.

The provisions of the S.C. Constitution shall be taken, deemed, and construed to be mandatory and or prohibitory, and not merely directory, except where made directory or permissory by it's own terms. "Shall" is mandatory. Words must be given their plain meaning unless something in the [t]ext require a different interpretation. Robinson v. Shell Oil Co., 117 S.Ct. 843, 846(1991); Article 12§2 S.C.Const.; United States v. Meyers, 106 F3d 936, 941(C.A.10 1997); Seckinger v. The Vessal Excalibur, 483 S.R.2d 775 (S.C.App.1997); United States v. Ron Pair Enterprises Inc., 109 S.Ct. 1026, 1030(1989); S.C.Const. Article 1§23; State v. Carson, 317 S.C.430, 431, 454 S.E.2d 888, 889(1995).

Since there was no "WRITTEN" order of continuance issued within the (180) time frame required by law for the murder or neglect charges, and the plaintiff wrote the Kershaw County Clerk of Court to check, the trial court lacked Subject Matter Jurisdiction and a trial should have never taken place and the plaintiff should be free today. The plaintiff was arrested February 2000. That gave the prosecution until August 2000 to try the case. Yet the plaintiff was not brought to trial until March 2004, 4 years past the time frame allotted by law. The parties employed by the Dept. Of Social Services, to aid in the scheme and plot of kidnapping, unjustly kept the 2 counts of neglect levied against the plaintiff in place knowing fully well once the plaintiff was unjustly indicted for murder, they never intended to pursue the neglect any further. The bond for the 2 counts of neglect was unjustly, excessively set at $250,000.00, 2½ times higher than the murder bond, in violation of the plaintiff's 8th amendment rights. The S.C. Constitution mandate by law the the cases were suppose to have been resolved within (180) days in pursuant to Article V§4. It was their duty and responsibility that before that 180 day period expired, to dismiss the charges or get before a judge to obtain a "written" order of continuance. This was never done in violation of established law, knowingly, maliciously, to prevent the plaintiff from making bail to go after evidence of their crimes to avoid prosecution and civil action being levied against them, in Guantonomo Bay tactics, in blatant defiance of law, under color of law, in violation of the plaintiff's rights to equal protection of the laws, in efforts to impede, hinder, obstruct, or defeat the due course of justice.

The defendants named above did conspire with each other and Dr. Joel Sexton, Janice Ross?(his assistant), John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake, in Camden S.C., from February 2000 until this present date, in acts of kidnapping and false imprisonment, in malicious criminal acts of gross negligence and deliberate

indifference, did commit Sham Legal process, Due to Deliberate indifference, did commit Sham Legal process omitted). It is perspicuous by the aforementioned issues of concern that the plaintiff should have never been made to endure a cruel, wicked, evil, lawless, unjust trial for murder, especially one that does not exist which resulted in permanent life time injuries and disability to the plaintiff. This case will reveal that the plaintiff child died of natural causes and this was criminally concealed or suppressed in the autopsy, behind the criminal deeds of under the cover, behind the sheets, evil Khu Khlux Khlansmen, a wicked criminal attempt to attack a man behind religious and racial hatred. State and federal statutes make it criminal to act willfully under color of law to deprive persons of rights protected by the U.S. Constitution and laws of the United States and encompasses rights protected by the Due Process Clause of the 14th Amendment United States v. Lanier, U.S. Tenn. 1997 , 117 S.Ct. 1219, 520 U.S.259, 137 L.Ed.2d 432 on remand 114 F3d 84 on remand. 123 F3d 945; Pickings v. Penn. R. Co., C.C.A. 3(P.A.) 1945, 151 F2d 240, rehearing denied 152 F2d 753; McShane v. Moldovan, C.A. Mich. 1949, 172 F2d 1016. Attacking the plaintiff behind such religious and racial hatred is an action that must not go unanswered by the courts. The plaintiff's religious beliefs may have been strange. They may have been unpopular, but they did not break any laws. The plaintiff was clearly unjustly punished under color of law for the free exercise thereof, rights, immunities, and privileges secured by the laws of the United States. Fiorino v. Turner, D.C. Mass. 1979, 476 F.Supp. 962; Williams v. United States, C.A. 5(FLA.) 1950, 179 F2d 656 cert. granted 71 S.Ct. 70, 340 U.S. 850, 95 L.Ed. 622 aff'd 71 S.Ct. 341 U.S. 97, 95 L.Ed. 774

Under this section declaring that whoever, under the color of any law, willfully subjects an inhabitant of "any state" to deprivation of any rights or immunities secured by U.S.C.A. Const. Amend.14 or laws of the United States, shall be subject to state penalty, the rights referred to include the right to be tried by a legally constituted court, right not to be deprived of liberty without and or by corrupted Due Process, and the right not to be arrested by an officer acting arbitrarily without cause or for an ulterior purpose Brown v. United States, C.A. 6 (Tenn.) 1953, 204 F2d 247.

When an officer, knowing a warrant to be illegal, groundless, or fictitious, willfully uses his authority and or instrument of arrest and incarcerate an accused, such action is deprivation of the rights of the accused to liberty and a violation of this section and neither threat, nor violence is a necessary ingredient of the offense under such circumstances. United States v. Ramey, C.A. 4 (W.VA.) 1964 336 F2d 512; cert denied 85 S.Ct. 649, 379 U.S. 972, 13 L.Ed.2d 564. These actions presented, done under color of law, serve to deny the plaintiff equal protection of the laws against unjust prosecution, to impede, hinder, obstruct, or defeat the due course of justice, and is an act of kidnapping and false imprisonment.

The defendants named above did conspire with each other and Dr. Joel Sexton, Janice Ross, John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodgers, Alma Parrish, John Meadors, Mr.Giese, and Mr.Moake,

19

in criminal, malicious acts of gross negligence and deliberate indifference did commit Conspiracy to Commit Murder, and Assault With Intent To Kill(2 counts) pursuant to S.C.Code Ann§16-13-230; S.C.Code Ann§16-1-40; S.C.Code Ann§16-1-55; S.C.Code Ann§16-17-722(b). This occurred in Lee County while the plaintiff was housed at Lee County Correctional Center, in Bishopville S.C., in April 2004, and at Lieber Correction Inst., in Dorchester County May and or June of 2004, and the possibility exist the conspiracy is still in action awaiting the right opportunity to strike. Once the plaintiff was kidnapped, unjustly convicted and imprisoned, Cylena, Sylvia, Michael, Gert, Herbert Lee, and the Abrams, paid for hire and or contracted from the outside, other inmates to kill and or assassinate the plaintiff while incarcerated. Their plan, scheme, or attempt, was to make it look like the plaintiff was killed by a simple prison altercation that accidentally ended up in my death. People get kill in prison all the time. This was done to end my appeal process and prevent the plaintiff from getting free to go after evidence to criminally convict them and prevent civil action from being levied against them. Witness(es) tipped the plaintiff off to the assassination plot. The witness(es) told the plaintiff,"Priest, there's a hit out on you". What made the plaintiff Know the threat was real, and not something conjured up was other information this person told the plaintiff. The plaintiff stayed to himself. I told or talked to no one about my case or conviction. I wasn't at Lee but for under 2 weeks then. The witness had specified personal information about me my family and my trial proceedings, that no one there should have known, was not in my S.C.D.C records, that was not noted in any media of any kind that only my immediate ex-family would or could have known. He knew the plaintiff had a scare on the outside of his left wrist independent of the injuries that resulted from my false imprisonment. He told a story, and or information, that was a variation of the lie Cylena Lee testified on the witness stand at the plaintiff's trial. Cylena Lee testified at the plaintiff's trial that the plaintiff would beat his deceased daughter with a stick, and always made her watch when this was done, that I made her watch and no one else every time this was done. This lie and perjured testimony was no in the papers or on the news in any fashion. The defendants gave the contracted assassins a variation of this lie told by Cylena Lee thus clearly tying her to the would be assassins. Nevertheless, the defendants even lied to the contracted assassins. The defendants attempted to make the plaintiff into a child molester. They lied to the assassins and did not tell the would be assassins that the plaintiff was convicted of murder. This also proves that had no knowledge of my case from the media, because if they did, they would have known the plaintiff was convicted for murder and not child molestation. They said the plaintiff was convicted for child molestation, because everybody knows child molesters don't do well in prison. Inmates would consider it a badge of honor to kill a child molester. Now the lie, story, and perjured testimony changes and instead of Cylena allegedly being made to watch me as I supposedly disciplined Korresha, now she in collaboration with the other defendants tell the assassins I would sexually assault "ALL" of my children, boys and girls alike, since they were all toddlers, and as I supposedly assaulted each child, male and female alike, I would make all the other children sit and watch

20

as I took turns sexually assaulting each child, every time I assaulted them. Gee!, by the God I serve! If I was one of the assassins that would have incited me to anger too. Everytime I think about these devils and these dogs, these "so-called" defendants, and what they did to my family the rage at times seems immeasurable. This child was one of the most sweetest young ladies I knew, that walked the planet. Now by their evils this woman foolishly made herself a part of a genuine murder plot behind a bogus homicide these devils conjured up. Now I got to put this girl who was once the delight of her father's eyes in jail. The people whom I once loved lives are now ruined as you ruined mine. This nightmare will never be over for me. Every day that I live I will be forced to live it knowing I had to put the most precious people who were once in my life in jail. Behind what you people did I will never know a day of happiness. I will hunt you devils down with the law until the last of my dying days. until you are brought to justice. There is no place you can hide. No rock you can crawl under. I will not physical touch you. The trap and snare you set for me, will now be turned on you all, and I will see you imprisoned for the remainder of your days.

Referring back to this issue. This was a variation of the story Cylena told at trial tying her to the assassins. You had to be there to have known of it. Since the would be assassins came with this information, it made me know the threat was real. The plaintiff then asked the informant, "Who ordered and or contracted the hit?" The informant said, "Cylena and her peoples". Even though the other defendants may not have had direct contact in orchestrating the actual "hit", Fellers, Korley, Thomley, Meadors, Giese, Moake, and Tetterton, did have the influence and or clout to ensure that the plaintiff was sent to one of the worst institutions for violence in the state of South Carolina. With all the criminal acts perpetrated by them against the plaintiff in the courts, in their religious and racial hatred, and eminent risk of their imprisonment if the plaintiff ever get released, they do have motive. Shortly after the plaintiff was notified of the "hit", at Lee, that was scheduled against him, the plaintiff was mysteriously moved from Lee C.I. to Lieber C.I.. The plaintiff thought it was a godsend. Yet inside I knew if the threat was genuine no matter where I go it would follow me. I asked the case worker at Lieber why was I moved. The case worker said there was a "red flag" on my file. I asked her,"what did that mean?" It turns out that one of Cylena's relatives was employed at the Lee County facility. This appears to be the source of the assassins connection from the outside. The case worker would not tell me the name of the employee, but what she did tell me is that the person knew me even though I did not know him, the person said some horrific thing about me, and gave them the impression he or she could not control their rage if we both remained at Lee. The plaintiff contends this person whoever it may be, already contracted the "hit", and then placed information in his S.C.D.C. file to divert suspicion and make it appear they were being open if somehow the "hit" failed and he or she was exposed. This person did not expect S.C.D.C. to move as fast as they did, and before the "hit" was completed I was inadvertently move to early.

Approximately a month passed. One day the plaintiff

noticed an inmate got transferred, who was at Lee Correctional Center the short time the plaintiff was there. The plaintiff came into the cafeteria and over heard this transferred inmate talking about me, the alleged child molestation acts, and over heard his efforts to get addition help to fulfill the contracted "hit". Since the plaintiff was not a small guy, I guess they got a little scared when they realized my size, figuring one of them could not do the job alone. The plaintiff then brought the knowledge of the plot and what I overheard to the attention of the prison chaplain. He brought it to the attention of the warden. The warden brought it to the attention of an investigator, and then the incident and investigation was documented in the plaintiff's S.C.D.C. file. The plaintiff did not give the investigator the name of the informant. I was dealing with people who had an inside connection in S.C.D.C., and the life of this informant would have been placed in instant danger of assassination as my life was. The informant and other witnesses will be called to testify once the proceedings are confirmed in the court.

Nonetheless, by the accomplice liability doctrine "the hand of one is the hand of all". The plaintiff will not give the name of the confidential informant until this case is confirmed in the court, and the plaintiff can guarantee the he be moved out of harms way to avoid these devils trying to kill him too. This is a cruel, malicious criminal act, done in collaboration with the corrupt officials, under color of law, in violation of the plaintiff's rights to equal protection of the laws, in efforts to impede, hinder, obstruct, and defeat the due course of justice.

The defendants named above did conspire with each other and Dr. Joel Sexton, Janice Ross, John Fellers, Cort Korley, David Thomley, Jean Cato, Pam Company, Peggy Knox, Ann Millikin, Glen Rodger, Alma Parrish, John Meadors, Mr.Giese, and Mr. Moake, besides the Conspiracy to Commit Murder pursuant to S.C.Code Ann§16-15-20, did in malicious, criminal acts of gross negligence and deliberate indifference, did inflict pain upon the plaintiff as a pretrial detainee, in Camden S.C. from February 2000 until April of 2004, in violation of the plaintiff 8th and 14th amendment rights of the U.S. Constitution and the laws of Due Process. By Due Process law and the U.S. Constitution, a pretrial detainee [c]annot be subject to punishment of any description and or of any kind.City v. Revere, 463 U.S. at 244, 103 S.Ct. at 2983; Martin v. Gentile, 349 F2d 863, 870(4th Cir.1988) citing Bell v. Wolfish, 441 U.S. at 538-540, 99 S.Ct. at 1873-75. The defendants in acts of gross negligence and deliberate indifference, and committing acts of breaking the law, inflicted immeasurable psychological pain, suffering, as well as mental and emotional distress on the plaintiff as a pretrial detainee. It is well established that the unjust affliction of psychological pain and mental as well as emotional distress on the plaintiff as a pretrial detainee, and or negligence are cognizable and compensable under S.C. Tort Claim Act and or under§1983, even in absence of physical injury.Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. 1042, 55 L.Ed.2d 252(1978); see Gray v. Spillman, 925 F2d 90, 94(4th Cir.1999)("noting that even in the absence of physical injury plaintiff may prove actual damages under§1983" based on

22

injuries such as "personal humiliation", "mental anguish", and "mental suffering")(quoting Memphis Community School District v. Stachura, 477 U.S. 299, 307, 106 S.Ct.2537, 91 L.Ed.2d 249(1986).

In two opinions and a series of orders, the district court enjoined numerous MCC practices and conditions. With respect to pretrial detainees, the court held that because they are presumed to be innocent and held only to ensure their presence at trial "any deprivation or restriction****rights beyond those which are necessary for confinement "alone", must be justified by compelling necessity". United States ex rel Wolfish v. Levi, 439 F.Supp. 114, 124(1977) quoting Detainees of Brooklyn House Of Detention v. Malcolm, 520 F2d 392, 397 (C.A.2 1975). The defendants must make a show of compelling necessity. You don't jail a man to rob him and conspire to have him killed. Qualified immunity is available to government officials and or witnesses who are sued for damages under S.C. Tort and §1983 for their performance of discretionary functions unless unlawfulness of their acts or omissions were apparent in light of pre-existing state and federal laws 42 U.S.C.A. §1983 Arnold v. South Carolina Dept. Of Corrections, 843 F.Supp. 110.

Insomuch, these deliberate and malicious acts perpetrated against the plaintiff as a pretrial detainee nearly drove the plaintiff out of his mind. The plaintiff suffers now from insomnia even until this very day, and cannot sleep without medication, due to the constant worry and anxiety to his wits and, wondering whether the plaintiff's child is safe, whether or not she's been repeatedly raped, due to the defendant's criminal acts. Even until this present date Michael Lee has not prosecuted for the repeated rape and sexual assault upon the plaintiff's children. Also, Sylvia Lee has not been prosecuted for her stealing of the plaintiff's assets. These acts were committed by the defendants and parties listed, and were meant and designed to punish the plaintiff way before he was ever convicted of a crime behind religious and racial hatred. They were meant and designed to inflict immeasurable psychological pain, distress, anguish, and mental suffering on the plaintiff as a pretrial detainee. Psychologist have recently completed a study on the prisoners held at Guantonomo Bay and Abu-Grave. Their finding were that psychological and mental torture was just as painful, just as long term damaging as physical pain.

In regard to the defendants and other parties conspiring, counselling, aiding, abetting, etc., with the prosecuting agents and pathologist in preventing documentation of the crimes. In order to state a cognizable claim for mal-practice, a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need and or requirement. The Court of Appeal for the 4th circuit has also considered this issue in the case of Miltier v. Beorn, 896 F2d 848(4th Cir.1990). In that case the court noted that the treatment, omission, and or act, must be so grossly incompetent, negligent, inadequate, or excessive as to "shock the conscience", or to be intolerable to fundamental fairness. Estelle v. Gamble, 429 U.S. 97, 107(1976); Farmer v. Brennan, 511 U.S. 825, 837(1994).

The District Court relied upon the "presumption of

innocence as the source of the detainee's substantial rights to be free from conditions of confinement that are not justifiable by compelling necessity 573 F2d at 124 Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600(1996); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130(1971). The Court set provisions to determine whether an act amounts to punishment in one form or the other, the court described the test traditionally applied to determine whether a governmental act is punitive in nature:

"Whether the sanction involves an affirmative disability or restraint, whether it has been historically regarded as punishment, whether it come into play only on a finding of scienter, whether it's operation will promote the traditional aims of punishment-retribution and deterence, whether the behavior to which it implies is already a crime, whether an alternative purpose to which it may be rationally is assignable for it, and whether it appears excessive to the relation of the alternative purpose assigned are all relevant to the inquiry and may often point in a specific direction Kennedy v. Mendoza-Martin supra, 372 U.S. at 168, 83 S.Ct. at 567; Fleming v. Nestor, 363 U.S. 603, 613-614, 80 S.Ct. 1367, 1374-1375, 4 L.Ed.2d 1435(1960) cf. Deveau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 1154, 4 L.Ed.2d 1109(1960).

For these devils involved, to include the pathologist and corrupt officials, to take part in various capacities to the aforementioned crimes, to include Conspiracy to Commit Murder, Assault With Intent to Kill, Criminal Sexual Conduct, to interfere with, impede, hinder, and obstruct justice, in acts of unauthorized mutilation of the remains of an 11 year old child, and hide the repeated rape and sexual assault perpetrated upon that 11 year old child and her 10 year old sibling, and allow the perpetrator of the crime to again gain repeated and continual access to the victim "SHOCKS THE CONSCIENCE". Then to allow these criminal acts, these gross acts of negligence and deliberate indifference, to be used as a means to inflict punishment, distress and mental anguish on the plaintiff as a pre-trial detainee defy fundamental fairness. The defendants are not immune.

These were cruel violent acts perpetrated, initiated and willfully intended to annihilate and destroy the plaintiff. The acts committed were maliciously done with full intent to oppress, defame, slander, deform, and destroy the character of, and destroy the plaintiff for his religious beliefs which were strange and unpopular to the parties involved. They used repeated acts of defraudment, treachery, thievery, falsifying evidence, perjury, prosecutional misconduct, suppressing evidence favorable to and that proved my innocence, and every wicked, wanton act that could be possibly conjured up under the sun, to include attempting and or conspiring to have the plaintiff murdered while falsely imprisoned to cover up their lawlessness, to prevent prosecution and or damages from being levied against them upon the plaintiff's release. They made every effort to maliciously, wrongfully and purposefully, inflict immeasurable pain, suffering, mental anguish, shame, degradation, and degeneration upon my soul, as well as eliminate every source of growth and or

24

productivity in life the plaintiff owned and or produced. These acts of lawlessness expose the plaintiff's remaining minor child to continuous risk of rape and sexual assault from a psychotic individual, who would do anything to conceal and hide his evils from the scrutiny of the public eye, and the involved parties protected and aided him in doing so, to include having the plaintiff falsely imprisoned, kidnapped!, to protect themselves.

The plaintiff was a Nazarite Priest, with a vow unto death of purity, separation, and consecration, like Samuel, Daniel, Samson, John The Baptist, and the Apostle Paul, found in the Book Of Numbers, a Messianic Jew, a vow unto death of not allowing his hair to be touched and or cut, a vow of not allowing myself to be polluted by being placed among prison population, with the wicked, perverted and abased and they all knew this. By my faith I was required to be willing to die before I allowed myself to be violated. All indication by their acts of defraudment, treachery, and cruel misconduct at breaking the laws of this state amount to this being their specific intent. Their attempt was to force the plaintiff to take his life, which attempt the plaintiff did make. This adds to the list of their numerous, negligent, criminal acts another count of Conspiracy to commit murder and Assault With Intent To Kill. If it were not for the guard finding the plaintiff before the plaintiff completed the act, the plaintiff would be dead today and the true perpetrator of my child's death would have gone unpunished. The plaintiff suffered and was unjustly made to endure irrefutable, irrevocable, irreparable damage to his hands, because he slit his wrist to keep his religious vow and behind the mental distress and psychological anguish. It's painful and difficult for the plaintiff to write, but in my righteous indignation against the injustice, tyranny, and oppression perpetrated against my soul, I will endure the pain and difficulty. I can't open tightly closed jars, or twist open objects without extreme difficulty or pain. Both my hands stay numb all the time, and I cannot hold objects in my hand for a prolong period of time without being in pain. It hurts to even clip my fingernails due to the extreme irreversible nerve damage that not even surgery could repair. I'm permanently scared as a daily reminder of my mental anguish and physical pain. I am permanently disabled due to their negligence. The plaintiff lost his home, land, cars, credit cards, and every single possession I owned in the world was in that house which was sold at auction. There was revenue that was lost that would have been made from the plaintiff's writings, a full length movie, a mini series, a full length animated feature like "The Lion King" done by Disney, over 100 pieces of music written by the plaintiff, most forever lost when my property was unjustly taken and auctioned. All was about to be placed on the market just before these devils criminally, unjustly, attacked me, but due to their negligence never made it. The plaintiff was embarking on a career as a writer, a scene play writer, song writer. Now with my hands being destroyed and or ruined, and the amount of difficulty and pain now involved in that enterprise that dream and vocation may now be ended, but at least most certainly hindered and or hampered. These materials never made it to the prospective designated companies and or market. There's no true way to determine the maximum income that was lost, but if we "goggle", it will give the average figures ventures on this level would bring. A successful movie and animated feature on the level of that which

cless feet by the plaintiff can gross over 300 million dollars, and I had 2 such movies and an animated feature. This does not take into account the over 100 pieces of music or any other work that could have been written the time I remained Kidnapped. That places the plaintiff's potential losses well over a billion dollars.

The plaintiff had to undergo painful, tedious, physical therapy just to be able to get to the point of beginning to write again, all due to their negligence and evil. By what's right in the sight of God, these people need to be held in account for what they did. A clear message needs to be sent to this state, and any crooked corrupt official, who feels in his or her capacity they can act lawlessly under the color and guise of law, in criminal acts against the citizens of this state and country.

These in their ignorance, and cruel malicious indifference, towards what's right and justice, feel just because they are employees of the state, that they are above the law. They feel the can manipulate and terrorize law-abiding citizens to fulfil their own twisted, perverted means, fantasies and delusions of grandeur, deeming themselves God, judge, and jury, breaking every law imaginable to falsely imprison, kidnap, and bring someone to their perverted sense of corrupt justice. They made a farce and mockery of our judicial system, and what's right before God and His Holy Angels, they must not go unpunished. It could have just as easily been your child, your son, your daughter, your brother, father, or mother. It could have been you they did this to. Because they done these acts without the slightest bit of remorse or conscience, God knows how many others they've done this to. Somebody needs to have the courage and Love of God to put a stop to it. Let it be done here. Let this damnable breach be repaired, right now, in this court. For the sake of justice and fairness to the citizens of this state, and even this country, bringing these snakes to account must not be neglected. These people are a form of terrorist; modern day indigenous terrorist rooted deeply in our government, state judicial system and society. They are terrorist who by their nefarious intentions and corrupt enterprise decide to hold hostage and blow up like some fanatic suicide bomber an individual's life. A life they highjacked, captured by force, kidnapped, and like some jetliner ran it into the World Trade Center, in the form of our Constitution, the inalienable rights of all citizens, and the integrity of our judiciary. This must not be allowed! Someone needs to teach these devils they are not above the law, and their criminal acts and negligence will not be tolerated. These people are no better than "Al Qeida" and the corrupt regimes that permeate the Islamic Peninsula, and those ignorant Islamic fundamentalist whose only goal is to plant the seeds of decay, death, and destruction of our judicial system. They must be made to answer for their crimes, carving up like a pig, desecrating the dead remains of an 11 year old african american child behind religious and racial hated.

Insomuch, due to their negligence, my child, my beloved child,...I missed half of her life. The times a young girl really needs her father present, encouraging her, supporting her, guiding her, teaching her, loving and nurturing her in her preteen and teen years. These are the times where she would have

26

faced her toughest challenges. She would have faced the toughest decisions related to morality, her religious beliefs, and the various other aspects of human life. Yet in their evil and wickedness they took my being there from me. They took my being there from her. It can never be returned or given back to either one of us. Her graduation; her sweet sixteen birthday; her first day of high school; her first crush; her first date; training and teaching her in sports, academics; teaching her to drive; taking her to concert or recitals; teaching her music by instrument or chorus; laughing together during the victories and joys of those years; crying together during the seeming defeats or struggles of those years; the time a father becomes a friend to his daughter and not just a father, I weep as I write, all have been taken from me, taken from her, never to return, never to be given back. They barred me unjustly by the use of falsified and court order from even writing her, even letting her know I'm thinking about her, missing her, and praying for her. I weep. You have no idea the magnitude and nature of the hurt, pain and suffering that by their evils they've caused me, inflicted upon my soul by their criminal deeds. Psychologist have determined that the human personality changes gradually every 6 months. Now she who is my child has become a stranger, and the man and father who loved, nurtured, and raised her has now become a fading shadow, a distant long lost and forgotten memory. No amount of money in the world would be enough to repair the amount of damage and harm these snakes caused my life, or be equivalent to what I lost. There are no women in the history of my life that I loved more than the 2 women, once of my household, who shared a portion of my meat, now lost, gone! And I'm forced and made to destroy them, jail them, for their part in this evil deception. A man who loves God, must exact justice and what's right even if it's against those of his own household who would pervert such justice. If I place them before the righteousness of God then I failed as a servant of God. The thought of what must be done consumes me with sorrow. My only hope and comfort may be that the amount given be of such a magnitude, and of such a nature that it will send a clear message to all those perverted souls, who would under the color of law, seek to repeat such evils and lawlessness against the citizens of our state, and or country, whose democracy grant them the right to be secure in their homes, and in the free exercise of their religious beliefs without fear of injustice or unwarranted attack. The parties involved in these injustices have driven the plaintiff to the point of death and or insanity a billion times over, The plaintiff until this day, still don't understand how in the world he did not go totally out of his mind, or how he survived these cruel ruthless acts perpetrated by the parties in their lawlessness. Surely there is a God, and somehow by His love, grace and mercy He sustained me. By the time I see my daughter she will be a grown woman who I won't know. Their money means nothing to me, it's blood money! You could never put a price on what I've lost, on what they stole from me. My only hope is somehow I'll be able to take what's given, by God's mercy, and use it for the total betterment of mankind to end some of the pain and suffering that presently presents itself in this seemingly, decaying, uncarring world that others are experiencing. Due to the irreparable damage done to my hands and wrist, as well as old and new spiritual wounds, it took me an extremely long time to prepare this document. It was first

27

written in pain, then the court told me I had to make the claim more definite. The psychological pain made it impossible for me to do. I had to dictate in tears as someone typed it for me. It causes me great mental and physical pain. Nevertheless in it's completion my soul is satisfied. Maybe, even though, in my soul the plaintiff knows he'll never be completely healed from the many hurts and pains, but maybe in my affliction I could end someone else's suffering. If so, let God's will be done and as Job said in the old testament,"though He slay me, yet will I trust Him".

In regard to tolling the statute of limitations. The plaintiff is kidnapped. The issues presented are connected to that kidnapping. Kidnapping is a continuous offense. It commences from the time the plaintiff is wrongfully imprisoned and does not stop until the time freedom is restored State v. Sutton supra. Also the plaintiff suffered a disability that resulted from the negligent acts of the parties involved. The plaintiff was not able to prepare documents of this nature until on or about December 2005. The statute of limitations would not commence to run against a plaintiff laboring under this present disability until such disability is removed Fricks v. Lewis, 26 S.C. 237, 1 S.E. 884(1887); Rowe v. Shcreiber, 139 F3d 1381, 63 Cr.L. 201(11th Cir.1998). Therefore the plaintiff is well within the boundaries of the statue of limitations to place forth claims of negligence, deliberate indifference, as well as psychological and or physical pain, also as it relates to distress and mental anguish. In order to recover damages for distress and mental anguish, and emotional injury suffered while in custody a plaintiff must first establish physical injury. The loss of monies, home property, crimes against myself and my children, damage to my hands, and the rest establish tangible and physical injury requiring payment for damages. see 42 U.S.C.§1997(e)(e) Henderson v. Sheahan, 196 F3d 839, 848-849 (7th Cir.2000). The plaintiff met the burden. Compensatory damages for mental and emotional distress causing physical injury, as it relate to negligence are proper under S.C. Tort Claim Act and or under §1983 Daskalea v. District Of Columbia, 227 F3d 443, 444 (D.C.Cir.2000). Pursuant to Flateau v. Harrelson, 355 S.C. 197, 584 S.E.2d 413(Ct.App.2003), there can be no misunderstanding as to whether the plaintiff has a claim under the S.C. Tort Claim Act. The validity of the claim is clear.

The plaintiff hereby motions in pursuant to S.C. Rules of Civil Procedure Rule 57 and or S.C.Code Ann§15-53-10 through §15-53-140 for Declaratory Judgment and or Relief. The Declaratory Judgment Act should be liberally construed to accomplish it's intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships, without awaiting a violation of the rights or a disturbance of the relationship Pond Place partners Inc. v. Poole, 351 S.C. 1, 567 S.E.2d 881(S.C.App.2002). To state cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy. This is all that is required. Holden v. Cribb, 349 S.C. 132, 561 S.E.2d 634(S.C.App.2002). A justiciable controversy when a concrete issue is present, there is a definite assertion of legal rights and a positive legal duty which is denied by the adverse party

Pond Place Partners Inc. v, Poole supra. Therefore this confirms the court's jurisdiction. Power v. McNair, 255 S.C. 150, 177 S.E.2d 551. The fact that other remedies are available does not preclude the granting of a declaratory judgment, but are factors to be considered by the court in the exercise of it's discretion Bank Of Augusta v. Satcher Motor Co. supra

Insomuch, when there exist a genuine controversy requiring judicial determination the court is not bound to refuse to exercise it's power to declare rights and other legal relations merely because there is another remedy available construing another former similar provision(1942 Code§660) Souther Ry. Co. v. Order Of Ry. Conductors Of America, 210 S.C. 121, 41 S.E.2d 774(S.C.1947). The fact that other remedies may exist and that other remedies may be available to the plaintiff are factors are factors to be considered by the court. However, before declaratory relief may be denied in the discretion of the court on the grounds of the existence of other remedies, it must clearly appear that the asserted cumulative remedies are not only available to the plaintiff, but they are "speedy", and "adequate", as well as "suited" to the plaintiff's needs as declaratory relief costuing a former similar provision Southern Ry. Co. v. Order Of Ry. Conductors Of America supra.

With the defendants and parties involved compromising the plaintiff's appellate counsel and falsifying the trial transcript, a lot of the issues are no longer preserved for appellate review and the plaintiff's appellate process is stuck in limbo. Yes, there may also be the pending Writ Of Habeas Corpus, but the provisions and guarantee of those proceedings are not certain and even if it is late established it will not provide a "speedy" and "adequate means to obtain and go after that evidence before the parties involved make a criminal attempt to destroy or compromise it. The issues of controversy are the same issue previously highlighted in the plaintiff's first complaint. Since those issues of controversy were clear definite and certain the plaintiff did not list them again. The existing remedies are not "speedy", "adequate", or "suited" for the plaintiff's needs. The court can also see the issues of controversy that require declaratory judgment in the Motion to Motion filed in civil case No. 06-CP-40-0549 on page(s) 10 through 21 of that document.

Inasmuch, granting further relief based upon Declaratory Judgment in pursuant to S.C.Code Ann§15-53-120(A), declaratory judgment or decree may be granted whenever necessary or proper. The application and or motion therefor shall be by petition to the court having jurisdiction to grant it. Each day the plaintiff remains incarcerated, kidnapped by these devils he is at risk of being assassinated. The threat though dormant is not gone. If the application, petition, or motion be sufficient the court shall, on reasonable notice, require an adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith Bank Of Augusta v. Satcher Motor Co. supra.

The plaintiff motions, request, and exercise his right to have a jury hear these issues to ensure fairness to all involved parties in pursuant to Rules of Civil Pro. Rule 38(a)(b).

The plaintiff hereby notify the court that this is a pendent or supplement jurisdictional case. The gross negligence, deliberate indifference, and false imprisonment issues will be heard in the Court Of Common Pleas. The U.S. Constitutional issue will be raised in the U.S. District Court.

The plaintiff motions for subpoenas in pursuant to S.C. Rule Of Civil Procedure Rule 45, and Ms Jeanne Hanna, the manger at the Dept. Of Social Services in Camden S.C. be called to appear and release the address of the other defendants, thereupon subpoenas be issued requiring them to appear. The plaintiff made this request is his first complaint and makes it again to include motioning for an extension of time in order to serve them. The plaintiff originally made this request well within the 120 days required for service in the last complaint.

In referring back to the actions of the defendants and other parties involved. The defendants failed to follow state as well as applicable federal law, and their own policies. Due to this they are not immune <u>Clark v. S.C.Dept. Of Public Safety</u>, 353 S.C.291, 598 S.E.2d 16. Pursuant to S.C.Code Ann§15-78-70(b), actual fraud, actual malice, intent to harm, or crimes involving moral turpitude are excluded from immunity.

The defendants were grossly negligent. Gross negligence is the intentional conscious failure to do something which is incumbent upon one to do, or the doing of a thing intentionally, that one ought not to do, It is also the failure to exercise slight care. <u>Jinks v. Richland County</u>, (S.C.2003) WL21910551. Malicious acts are excluded from immunity. <u>Pritchette v. Lanier</u>, (1991), 766 F.Supp. 442. As stated by Atty. Gen. Gonzales when it referred to dealing with President Bush, "No one is above the law". Immunity protects all, except the grossly incompetent, and or negligent, and those who knowingly break the law. <u>Malley v. Briggs</u>, 475 U.S.335 (1986). Prosecutors, state agents, police, Judges, etc., who under color of law, willfully deprive individuals of constitutional rights, break the law, and who are negligent, may be punished criminally and or in a civil action. <u>Brisco v. Lahue</u>, U.S. Ind. 1983, 103 S.Ct.1108, 460 U.S. 327, 75 L.Ed.2d 96. Private persons can be convicted for acts of negligence and or conspiring to deprive victims of civil rights, on allegations of collaboration with police or state agents, despite private persons incapacity to act under color of law. <u>United States v. Lester</u>, C.A.6 (KY) 1966, 363 F2d 68 cert. denied 87 S.Ct.705, 385 U.S. 1002 L.Ed2d 542 rehearing denied 87 S.Ct.951, 368 U.S.938, 17 L.Ed.2d 813. The Supreme Court held that all acts of the state are automatically under "color of law" no matter what the substantive rule. see <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 928-30, 102 S.Ct.2744, 2749-50, 73 L.Ed.2d 482(1982).

In pursuant to 18 U.S.C.§1001 (1988 Ed.) provides:

"Whoever, in any manner, within the jurisdiction of any department or agency in the United States, knowingly and willfully falsifies, conceals, or cover up by any trick, scheme,

or device, a material fact, or make use of any false, fictitious or fraudulent statements or representations, or make use of any false writing or document, knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years or both".

This covers false statements or documents of any kind to include those falsehoods that pervert governmental functions. United States v. Gonzales, 520 U.S. 1, 5(1997); Brogan v. United States, 522 U.S. 398 (1998); United States v. Gilliland, 312 U.S. 96 (1941).

Pursuant to 42 U.S.C. §1985(2) provides:

"If two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating in any manner, the due course of justice, in any state or territory, with the intent to deny any citizen the equal protection of the laws, or to injure him in his property for lawfully enforcing or attempting to enforce the right of any person, or cause of a person, to the equal protection of the laws, an action for damages will lie". Brawer v. Horowitz, 535 F2d 830, 836-37(3rd Cir.1976).

Referring back to the issue of Breach Of Trust With Fraudulent Intent, pursuant to S.C.Code Ann§16-13-230, as it pertains to the defendants stealing the plaintiff's assets. To constitute the offense as to money and or property, there must be an appropriation thereof, accompanied with the fraudulent purpose to destroy the right of the true owner. State v. Butler, S.C. 353; Bell v. Clinton Oil Mill, (1924) 129 S.C. 242, 124 S.E. 7. A breach of trust is when personal property and or monies of appreciable value and of which larceny may be committed is put into the possession of another; and when it is so put in her possession it becomes a trust, and while it so remains if she conceives the purpose to convert that property and or monies to her own use, and does it with the intent to deprive the owner of that property and or monies, then that is breach of trust with fraudulent intent. State v. Shirer, (1884) 20 S.C. 392. Breach of trust is larceny after trust, which includes all the elements of larceny, or in common parlance, stealing, except the unlawful taking at the beginning. State v. Owings, (S.C.1944) 205 S.C. 314, 31 S.E.2d 906.

All the issues thus presented produce evidence of guilt of the defendants, even prima facie, and or circumstantial. Regarding the defendants as to whether they did a particular act, knew of an act, or assisted in an act. Mere presence or a single act will suffice to support conspiracy conviction if circumstances perniet inference that presence or act was intended to advance ends of the conspiracy, even though mere presence or mere association with conspirators will not itself support conspiracy conviction, U.S. v. Brinkley, 903 F2d 1130. The benefits of this conspiracy, and or aims, was to conceal Michael Lee's Sexual assault upon the plaintiff's children to keep him from being prosecuted; to steal the plaintiff's assets to prevent the plaintiff from getting free to go after evidence that would

31

be used to punish them criminally and used in civil action for kidnapping and other unlawful acts, to include bringing to account the acts of gross negligence and deliberate indifference on the part of the defendants. This shows a specific illegal objective, U.S. v. Schmidt, 947 F2d 362. To withdraw from conspiracy, the conspirators must do more than simply cease activity; there must also be affirmative action, and they making a clean breast to authorities, U.S. v. Zarnes, 33 F3d 1454. Not one defendant involved took affirmative action, nor did they make a clean breast to authorities once given notice by all the numerous filed documents in the court highlighting their acts. The burden of proving such is on the defendants, U.S. v. Granados, 962 F2d 767. Under Pinkerton theory of liability, conspirators can be held responsible for substantive crimes committed by his co-conspirators to extent those offenses were reasonably foreseeable consequences of acts, furthering unlawful agreement, even if he did not himself participate in substantive crimes. Since we are dealing with people who they knew already falsified court documents, it's reasonable to know they would falsify a trial transcript, especially after falsifying an autopsy. Since we are dealing with a cover up in an falsely alleged homicide, it's reasonable to believe these people would plot to kill the plaintiff to avoid prosecution. Also see S.C. Accomplice Liability Doctrine, "The hand of one is the hand of all". U.S. v. Masotto, 73 F3d 1233 cert. denied 117 S.Ct. 54, 136 L.Ed.2d 18; U.S. v. Bruno, 873 F2d 555 cert. denied 110 S.Ct.125, 493 U.S. 840, 107 L.Ed.2d 86; State v. Chavis, 277 S.C. 521, 290 S.E.2d 412(1982); State v. Hill, 268 S.C. 390, 234 S.E.2d 219(1977) cert. denied 434 U.S.870, 98 S.Ct.211, 54 L.Ed.2d 147(1977); State v. Nicholson, 221 S.C. 399, 70 S.E.2d 632(1952); State v. Legette, 285 S.C.465, 466, 330 S.E.2d 293, 294(1985); State v. Gilbert, 107 S.C.443, 446, 93 S.E.125, 126(1917); State v. Jennings, 515 S.E.2d 107(S.C.App.1999).

The "overt act" in conspiracy charges functions essentially to show the object of the conspiracy, and to show that the conspiracy is at work. There are numerous overt acts here, to include Breach Of Trust, falsifying documents, Incest, Criminal Sexual Conduct, Assault With Intent To Kill, Conspiracy To Commit Murder, avoiding prosecution, etc., even under color of law, U.S. v. Arboleda, 929 F2d 859. Under S.C.Code Ann§16-17-410, criminal conspiracy may be complete without proof of overt acts, such acts may nevertheless be shown. To establish sufficiently the existence of the conspiracy, proof of an expressed agreement is not necessary, and direct evidence is not essential, but conspiracy may be shown by circumstantial evidence, and the conduct of the parties and or defendants may consist of concert of action, State v. Fleming, (1963) 243 S.C. 265, 133 S.E.2d 800; State v. Lagerquist, (1971) 256 S.C. 69, 180 S.E.2d 882 cert. denied 404 U.S. 852, 30 L.Ed.2d 91, 92 S.Ct. 89; State v. Pluckett, (1960) 237 S.C. 369, 117 S.E.2d 369.

Inasmuch, the documents filed in the Kershaw County Courts clearly show all the defendants knew, they had knowledge. Instead of making efforts to correct these grossly negligent and criminal acts, in one way or the other, they continually made themselves a part of these malicious criminal acts. Pursuant to 42 U.S.C.§1986

32

provides:

"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in the preventing of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representative, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful acts or refusal "MAY BE JOINED AS DEFENDANTS IN THE ACTION".

This is the lynch-pin language by conspiracy and §1986 that the defendants are liable and can be added as defendants in this action. Such a case should not be dismissed from the courts. To do so would present a manifest injustice, and or miscarriage of justice affecting the plaintiff's substantial rights. It would call into question the fairness, integrity, and public reputation of our judiciary, and cannot be allowed, United State v. Promise, 255 F3d 150(4th Cir.2001).

In order to establish a claim of negligence, the plaintiff must prove a duty of care owed by the defendants to the plaintiff, a breach of that duty by the defendants negligent acts and or omissions resulting in damages and the result of the acts. If the facts and inference drawn from the facts alleged on the complaint would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper. Bergstrom v. Palmetto Health Alliance, 352 S.C. 221, 573 S.E.2d 805(S.C.App.2002); Baird v. Charleston County, 333 S.C. 519, 511 S.E.2d 69(1999); Gentry v. Younce, 337 S.C. 1, 522 S.E.2d 137(1999).

ADDITIONAL RELIEF SOUGHT:

There are 4 different medical issues they played a part in, in one form or the other. The plaintiff seeks 1.2 million for each offense. There are 16 different non-medical acts. The plaintiff seeks 300k in damages for each act. The plaintiff motions for an order and or injunction requiring that this case be left open to address any other issues that may come up in the near future that may have somehow been forgotten or overlooked in this action. The plaintiff motion for an order and or injunction requiring Sylvia Lee to return to the plaintiff his personal jewelry, the charm bracelet, wedding set, electronic equipment she stole,, and any of the plaintiff's clothing she has in her possession or replace these items. The plaintiff motions for an order and or injunction, left in place for the remainder of the plaintiff's life requiring the defendants to be responsible for any medical cost of any kind that may be needed as a result of their criminal acts. The plaintiff motions for an order and or injunction cancelling the restraining order placed on the plaintiff in case No. 02-DR-28-0065, and that the plaintiff's daughter and the plaintiff be brought to a designated place where to plaintiff can talk to and embrace his child without restraints. She is in no danger from her father. Her

33

father loves her and just wants to see her.

THe plaintiff hereby motion to expand the record with the following:

*The plaintiff motion for an order and or injunction requiring SLED F.O.I. Dept. to release the SLED file No. 55010014, all documents contained therin, all 300+ pages.

*The plaintiff motions for an order and or injunction requiring the Kershaw County Coroner's Office, and or John Fellers, to return "ALL"(emphasis added) DNA samples taken from the plaintiff's daughter Korresha Crawford, and they be forwarded to the U.S. District Court to be held at a federal facility in the Writ of Habeas Corpus case, until the plaintiff can arrange to have them tested specifically by the lab the plaintiff has already chosen in the U.S. District Court case pending against these defendants.

*The plaintiff motions for an order and or injunction requiring the Kershaw County Clerk of Court to forward to the court and plaintiff a copy of all the documents filed in case(s) No. 01-Dr-28-0065; 02-DR-28-098; G646899, 900, and 901, to include all records file the the cases against Sylvia Lee and Cylena Lee.

*The plaintiff motions for an order and or injunction requiring the 5th Circuit Solicitor's Office and or Att. General to forward a copy of the supposed search warrant that was used to obtain the evidence seized from the plaintiff's home.

*The plaintiff motion for an order and or injunction requiring the S.C. Attorney General' Office to obtain the audio to the plaintiff's trial proceedings and a reconstruction hearing be convened to examine to audio, and compare it ti the presented trial transcript.

All the aforementioned is a part of the relief sought in this action. They are issue that produce controversy, and present a requirement by duty of the defendants involved in total, so the plaintiff is permitted in fundamental fairness and to place back on track the due course of justice to request and to be granted each item of concern. The plaintiff seeks that the Court rule on each concern and or issue in pursuant to S.C. Rule(s) 59(e) and 15(b). The plaintiff prays the Honorable Court Of Common Pleas will grant these request.

RESPECTFULLY SUBMITTED
LAWRENCE CRAWFORD

MARCH 6, 2007

34

Exhibit

"Obstruction"

**OMS** Offender Management System

# Inmate Request - General

Today's Date: 11/27/18 9:41

| | |
|---|---|
| Name: | **CRAWFORD, LAWRENCE  LAMAR** |
| Booking #: | **300839** |
| Permanent #: | **300839** |

| | |
|---|---|
| Reference #: | 18-01085216 |
| Date Requested: | 11/11/18  10:33 |
| Request Type: | Legal |
| Requested By: | Paper Form |

| | |
|---|---|
| Request Details: | Inmate states he is not being allowed the time necessary in the law library for his civil case he is working on.  He also states he needs legal supplies that are not being given to him.  He has requested help from the Director's office. |

| | |
|---|---|
| Disposition: | Complete |
| Officer: | Chretha Kelley |
| Disposition Date: | 11/27/18  10:36 |

**Request Responses**

| Date | Author | Note |
|---|---|---|
| 11/27/18  10:40 | c058106 | Mr. Crawford, In order to be on the deadline list for the law library you need to show documentation of a particular deadline within 30 days. I understand that you have several ongoing cases. You will need to show separate documentation of each deadline as it arises. The staff at your institution are working hard to allow inmates  who need it to access to the law library while also maintaining a safe and secure institution. |

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO:  NAME: | TITLE: | DATE: |
|---|---|---|
| MR. STIRLING | S.C.D.C. DIRECTOR | NOVEMBER 11, 2018 |

| INMATE'S NAME: | SCDC #: |
|---|---|
| LAWRENCE L. CRAWFORD | #300839 |

| INSTITUTION: | LIVING QUARTERS: |
|---|---|
| LIEBER C.I. | EDISTO A-16 |

SIR, MS. BRITT IS DOWN HERE KEEPING ME FROM THE LAW LIBRARY
IN ACTS OF RETALIATION AND FROM WHAT THE OFFICERS HAVE TOLD
ME. SHE IS TELLING MS. PALMER WHO IS OVER EDUCATION THAT I DO
NOT HAVE A COURT DEADLINE. I JUST HAVE A CONTINUOUS CASE. FIRST,
IF YOU LOOK AT THE CIVIL TIMELINE SHEET ATTACHED. ALL SUCH CON-
TINUOUS CASE HAVE SPECIFIC COURT DEADLINES CONTINUOUSLY THROUGH
THE PROCESS. I PRESENTLY HAVE 8 COURT DEADLINES. TWO OF WHICH
GENERAL COUNSEL CAN VERIFY DUE TO RECENT FILING IN THE ADMIN.
LAW COURT. MS. BRITT WITH THE WARDENS PERMITTING HER, HAS DENIED
ME ACCESS TO THE LAW LIBRARY FOR OVER A MONTH NOW. SHE HAS ALSO
BEEN DELAYING AND OR DRAGGING ME ON GETTING MY LEGAL SUPPLIES
WHICH THE GRIEVANCE OFFICE WILL VERIFY THAT I HAVE BEEN COM-
PLAINING TO THEM ABOUT ALL OF THIS. DIRECTOR STIRLING IF SHE
NEEDS TO SEE THE DEADLINES I HAVE PLENTY FOR HER TO LOOK AT.
CAN YOUR OFFICE PLEASE SEE THAT THEY GET ME IN THE LAW LIBRARY
DOWN HERE AND PLEASE GIVE ME MY LEGAL SUPPLIES I CONTINUALLY
ASK FOR. I AM OUT OF PAPER AND I HAVE NUMEROUS COURT DEADLINES.
THANK YOU IN ADVANCE.

RECEIVED
NOV 15 2018
DIRECTOR

**DISPOSITION BY STAFF MEMBER:**

18-01085216

| DATE: | SIGNATURE: |
|---|---|
|  |  |

SCDC FORM 19-11 (REV.FEB 2001)

LAWRENCE CRAWFORD
#300839 Edisto A-16
Lieber CI PO Box 205
Ridgeville SC 29472

Director Bryan Stirling
SCDC Headquarters
4444 Broad River Rd
Columbia SC 29221



Civil Case Timeline

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**
**OFFICE OF GENERAL COUNSEL—INMATE GRIEVANCE BRANCH**
**INMATE CORRESPONDENCE**

INMATE:              Lawrence Crawford |300839

INSTITUTION:    Lieber Correctional Institution | EA-0016-B

FROM:                 Atty. Sherman L. Anderson, Chief
                            Inmate Grievance Branch | Office of General Counsel

SUBJECT:           Letter and/or other papers dated 11/20/18 | Received 11/28/18

DATE:                  November 28, 2018

I am in receipt of your inmate correspondence/Request to Staff Member. I will investigate your concern and make any and all corrections.

Thank you.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**
**OFFICE OF GENERAL COUNSEL—INMATE GRIEVANCE BRANCH**
**INMATE CORRESPONDENCE**

INMATE:            Lawrence Crawford ~ 300839

INSTITUTION:       Lieber Correctional Institution | EA-0016-B

FROM:              Atty. Sherman L. Anderson, Chief
                   Inmate Grievance Branch | Office of General Counsel

SUBJECT:           Letter Dated 12/13/18| Received: 12/17/18

DATE:              December 22, 2018

I am in receipt of your inmate correspondence/Request to Staff Member.  Your correspondence
is being returned in accordance to SCDC Policy, GA-06.04, Request to Staff Member and
returned to you for one or more of the following reasons as highlighted below:

1.  Inmates must use the correct form (Request to Staff Member SCDC 19-11). Attachments will
    NOT be accepted.
2.  Inmates are only allowed to submit one issue per RTSM, which must be written legibly (to the
    appropriate area) and must be limited to a single sheet.
3.  Inmates are prohibited from sending a duplicate or similar RTSM to multiple staff members.
4.  Use SCDC proper grievance forms.
5.  The RTSM is intended for use by an individual inmate (An inmate may not send a RTSM from
    multiple inmates).
6.  Enter your concerns through the KIOSK Automated Request to Staff Member System.
7.  Your request for a transfer should be directed to SCDC Classification Case Worker/Manager.
8.  Your medical issues can be addressed by requesting sick calls at your local institution.
9.  State one issue that is a problem so that it can be fully addressed.
10. Please refrain from sending multiple RTSMs addressed to multiple areas. We only review
    Grievance issues.
11. Grievances MUST be placed in the box marked "Grievance" at your local institution before it will
    be considered.
12. You filed a duplicate grievance. It will be Processed and Returned.
13. Please review Policy GA-06.04, Request to Staff Member" for proper procedures on how to
    address your issues. Emergency grievances must come through the IGC's office.
14. Contact your local Inmate Grievance Coordinator for assistance in filing grievance.
15. Grievances must filed within timeframes as stated in Grievance Policy.
16. If you have not received a response to your RTSM after 45 days, you may file a grievance.
17. Your grievance is being processed at the Central Office. Please wait for a response.
18. Step 2 Grievances have up to 90 days to be answered. There are two months remaining.
19. Use of the grievance system for frivolous complaints will result in placing limitations.
20. **Other: I will see you on my next visit to Lieber in a week or so.**

     **Thank you.**

LAWRENCE L CRAWFORD AKA
JOSEPH GRAB RIEL JAH JAH T. TISHBITE
#300839 Edisto A-16
Lieber CI P.O. Box 205
Ridgeville, SC 29472

RECEIVED

DEC 1 7 2018

INMATE GRIEVANCE

DEAR Attorney Anderson,

Sir excuse my not using the
normal grievance method in
addressing this please. The reason
I did not use the normal grievance
method is because I feel Ms Britt
has intercepted that process of
me mailing to the grievance
office and some of my efforts to

1086

seek redress has been thwarted
by her. Hopefully I won't have to
contact you directly for some time.
Sir on 12/13/18 Ms Britt, and I
know its Ms Britt because I saw
and heard her with my own eyes
and ears. Ms Britt comes to the
education building and instructs
Ms Palmer not to make needed
legal copies of documents I need
to serve the court and parties in
pending cases I have. Palmer
did not know and heard Britt talking
to her because I was out in the
hall beyond their view. Ms Palmer
then tells me that General
Counsel called her and told

2 of 6

her to send the copies to them
and not to make them. So such call
from General Counsel occurred at
that time. Britt gave her this
instruction. Then another inmate
came and they made more copies
for him than those I wanted.
Sur they want me to send my only
copies of crucial court documents
risking the possibility of my only
copies getting lost in the mail.
This is not just or fair Policy states
that if there is A clock stamp on
the court documents proving it
is filed with the court and I
have cases pending, there is no

3 of 6

justifiable reasons why I should not
be able to make copies of legal
documents required for the court.
I should not be required to send
my original copies of these documents
to headquarters if there is a
clearly marked clock stamp on
them. I have been denied
copies for over two weeks now.
Prior to that I was denied copies
for over or about a month. Then
when the copies accumulated
for a month they screamed and
said I was making to many
copies when the problem was

4086

caused by them by PREVENTING me from obtaining copies for over a month. This is not just or fair. They ARE hindering and impeding my Access to the court. If the documents ARE clocked stamped and needed to be attached to my pleading to demonstrate facts not found in the record. There should be no reason why the copies should not be made. My word to you sir is if you Assist me to Remedy this and I am allowed to make copies each week. The copies sought (about) will not exceed 300 based upon

5 of 6

what is required by the court. can
you please Assist me in Resolving
this matter. I thank you in
Advance sir. I pray that you are
well and happy holidays to you.


Respectfully
Jahjah Al mahdi


December 13, 2018
    PS# please note that the copies
have now Accumulated and need to
be caught up before the 300 Agreement
Attaches thank you.
            6086

FOR LEGAL USE ONLY

Lawrence L Crawford
#300839 Edisto A-16
Lieber CI P.O Box 205
Ridgeville SC 29472

RECEIVED
DEC 14 2018
MAIL, ROOM
LIEBER C.I.

Attorney Sherman Anderson
SCDC Grievance Coordinator
Headquarters
P.O. Box 21787
4444 Broad River Rd
Colm — Sc 29210

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

### INMATE GRIEVANCE FORM

#### STEP 1

NOV 0 9 2018

| | |
|---|---|
| **INMATE NAME:** Lawrence Crawford | **OFFICE USE ONLY** |
| **SCDC NUMBER:** 300839 | Grievance No. LCI-1018-18 |
| **INSTITUTION:** Lee | Code: General LLLS |
| **HOUSING UNIT:** F/A-16 | Policy |
| | Disc. Hear. |
| **WORK ASSIGNMENT:** | Class. |
| | PREA |
| | Date Received 11/8/2018 |
| | IGC Initials BF |

**STATEMENT OF GRIEVANCE** (Indicate the date of incident, and if the grievance is a challenge to SCDC Policy, specify which policy. Include supporting documentation and attach answered RTSM or Kiosk reference number.)

We have been denied Access to the law library for over 3 weeks when Access was already extremely limited at Best.

Grievant Signature _____ Date Co 31/18

**ACTION REQUESTED:**

I need to get in the law library at the computers please

**ACTION TAKEN BY IGC:** ☑ PROCESSED  ☐ UNPROCESSED  ☑ OTHER → returned

IGC response on the back ————→

IGC Signature _____ Date 11/8/18

(CONTINUE ON REVERSE SIDE)

SCDC 10-5 (Rev. October 2013)

## WARDEN'S DECISION AND REASON:

Inmate **Lawrence Crawford #300839 LCI-1018-18**

Per GA-01.12, the 10-5 Step 1 Grievance Form should contain a brief statement of the circumstances of the grievance with no additional pages attached. Attachments will only be accepted if they are actual documentation such as property inventories, disciplinary documentation, answered requests, etc. You have 5 days to refile this grievance to meet the above criteria.

_R. Zelde_ 12/10/18

—N|a—

_____
**Warden Signature**                    **Date**

☐ I accept the Warden's decision and consider the matter closed.
☐ I do not accept the Warden's decision and wish to appeal.

—N|a—                           —N|a—
_____        _____
**Grievant Signature**        **Date**        **IGC Signature**        **Date**

---

## INSTRUCTIONS FOR COMPLETING STEP 1 GRIEVANCE FORM

1. An informal resolution shall be attempted <u>prior to the filing of Step 1 by sending an Inmate Request to Staff Member</u> (RTSM) form or Kiosk reference number to the appropriate supervisor. A copy of the answered RTSM must be attached to the grievance when the grievance is filed.

2. Complete each section in its entirety writing only in the space provided for inmate use. No additional pages will be permitted.

3. Only one (1) issue is to be addressed on each form.

4. Submit the completed form by placing it in the Grievance Box at your institution within eight (8) working days of the date on the RTSM response; policy grievances can be filed at any time. Disciplinary and Classification Review appeals must be submitted within five (5) working days of the hearing/review. Do not write in the space provided for the Warden's response.

5. If you are not satisfied with the Warden's decision, you may appeal to the appropriate responsible official within five (5) days of your receipt of the Warden's decision, by placing your Step 2 appeal form in the Grievance Box at your institution.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

LIEBER CORRECTIONAL INSTITUTION

INMATE REQUEST TO STAFF DISPOSITION

TO:      Inmate  *Lawrence Crawford*   SCDC# 30083 5  UNIT# A16

FROM:    Patty Britt – Pooser – ICH (Inmate Clearing House)

SUBJECT: REJECTED INMATE REQUEST TO STAFF MEMBER FORM

DATE:    Oct 30, 2018

I am in receipt of your inmate correspondence/Request to Staff Member form (SCDC - 19-11).
Your correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to
Staff Member and returned to you for the following reasons:

_____ Inmates must use the correct form (Request to Staff Member SCDC 19-11) and
attachments will not be accepted.

_____ Inmates are only allowed to submit one issue per RTSM, which must be written legibly
(to the appropriate area) and must be limited to a single sheet.

_____ Inmates are prohibited from sending duplicate or similar RTSM to multiple staff
members.

_____ The RTSM is intended for use by an individual inmate. (An inmate may not send a
RTSM form from multiple inmates).

_____ You will have to enter your concerns through the KIOSK (Automated Request to Staff
System.)

_____

Patty Britt-Pooser – ICH

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
LIEBER CORRECTIONAL INSTITUTION
INMATE REQUEST TO STAFF DISPOSITION

TO:        Inmate    *Lawrence Crawford*    SCDC# 300835 UNIT# A16

FROM:    Patty Britt – Pooser – ICH (Inmate Clearing House)

SUBJECT:    REJECTED INMATE REQUEST TO STAFF MEMBER FORM

DATE:    *Oct 30, 2018*

I am in receipt of your inmate correspondence/Request to Staff Member form (SCDC - 19-11).
Your correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to
Staff Member and returned to you for the following reasons:

_____ Inmates must use the correct form (Request to Staff Member SCDC 19-11) and
attachments will not be accepted.

_____ Inmates are only allowed to submit one issue per RTSM, which must be written legibly
(to the appropriate area) and must be limited to a single sheet.

_____ Inmates are prohibited from sending duplicate or similar RTSM to multiple staff
members.

_____ The RTSM is intended for use by an individual inmate. (An inmate may not send a
RTSM form from multiple inmates).

_____ You will have to enter your concerns through the KIOSK (Automated Request to Staff
System.)

_____
Patty Britt-Pooser – ICH

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
**REQUEST TO STAFF MEMBER**

| TO:  NAME:                    TITLE: | DATE: |
|---|---|
| MR. WILLIAMS         WARDEN | 10/28/18       OCT 2 9 2018 |
| **INMATE'S NAME:** | **SCDC #:**    WARDEN'S OFFICE |
| LAWRENCE L. CRAWFORD | #300839         LIEBER C. I. |
| **INSTITUTION:** | **LIVING QUARTERS:** |
| LIEBER C.I. | EA-16 |

SIR, WE HAVE NOT BEEN IN THE LAW LIBRARY IN OVER 3 WEEKS. CAN
YOU PLEASE SEE THAT SOMEONE GET US IN THERE? THANK YOU.

**DISPOSITION BY STAFF MEMBER:**

Duplicate request to # 18-0105918).

| DATE: | SIGNATURE: |
|---|---|
| 10/30/18 | |

SCDC FORM 19-11 (REV.FEB 2001)

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

### INMATE GRIEVANCE FORM

#### STEP 1

NOV 0 9 2018

| | |
|---|---|
| **INMATE NAME:** Laurence Crawford | **OFFICE USE ONLY** |
| **SCDC NUMBER:** 300839 | Grievance No. LCI-1020-18 |
| **INSTITUTION:** LCI | Code: General MAIL |
| | Policy |
| **HOUSING UNIT:** EA-16 | Disc. Hear. |
| | Class. |
| **WORK ASSIGNMENT:** | PREA |
| | Date Received 11/8/18 |
| | IGC Initials BF |

**STATEMENT OF GRIEVANCE** (Indicate the date of incident, and if the grievance is a challenge to SCDC Policy, specify which policy. Include supporting documentation and attach answered RTSM or Kiosk reference number.)

Ms Faldene I need those 12 by 15½ envelopes. What I have to mail out wont fit in 10 by's envelopes. Can you please handle this for me? Also I need paper. I'm out of paper. They have my Requests. Thank you

Grievant Signature _Laurence_    Date 11/8/18

**ACTION REQUESTED:** I want the 10 -12 by 15½ envelopes and the Rest of my legal supplies

**ACTION TAKEN BY IGC:** ☐ PROCESSED  ☐ UNPROCESSED  ☑ OTHER returned

IGC response on the back ➝

IGC Signature _B. Felder_    Date 12/5/18

**(CONTINUE ON REVERSE SIDE)**

SCDC 10-5 (Rev. October 2013)

**WARDEN'S DECISION AND REASON:**

Inmate **Lawrence Crawford #300839 LCI-1020-18**

It appears you are attempting to grieve multiple issues (Envelopes/paper). Per SCDC GA-01.12 "Inmate Grievance System", only one issue per grievance is allowed. Each issue must be on separate grievance forms. State specific facts that pertain only to this incident. Also, Ms. Scarbrough has returned to the Business Office. Please contact Ms. Scarbrough in reference to all legal material requests.

*B. Jelde* 12/10/18

_____
**Warden Signature**                          **Date**

☐ I accept the Warden's decision and consider the matter closed.

☐ I do not accept the Warden's decision and wish to appeal.

_____
**Grievant Signature**                 **Date**

_____
**IGC Signature**                          **Date**

---

## INSTRUCTIONS FOR COMPLETING STEP 1 GRIEVANCE FORM

1. An informal resolution shall be attempted <u>prior to the filing of Step 1 by sending an Inmate Request to Staff Member</u> (RTSM) form or Kiosk reference number to the appropriate supervisor. A copy of the answered RTSM must be attached to the grievance when the grievance is filed.

2. Complete each section in its entirety writing only in the space provided for inmate use. No additional pages will be permitted.

3. Only one (1) issue is to be addressed on each form.

4. Submit the completed form by placing it in the Grievance Box at your institution within eight (8) working days of the date on the RTSM response; policy grievances can be filed at any time. Disciplinary and Classification Review appeals must be submitted within five (5) working days of the hearing/review. Do not write in the space provided for the Warden's response.

5. If you are not satisfied with the Warden's decision, you may appeal to the appropriate responsible official within five (5) days of your receipt of the Warden's decision, by placing your Step 2 appeal form in the Grievance Box at your institution.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: NAME: Ms Higgins  TITLE: Business office | DATE: 11/01/18 |
|---|---|
| INMATE'S NAME: Lawrence Crawford | SCDC #: 300839 |
| INSTITUTION: Lee | LIVING QUARTERS: F-A-16 |

mam you got my order wrong. I
needed (10) 12 big 15½ envelopes and
the legal envelopes you sent me are
already sealed shut. please
correct the order.

Thank you

DISPOSITION BY STAFF MEMBER:

Ms Higgins has not been available
to process orders. I processed the
order. The envelops are not totally sealed
The humidity in the room is the issue
I sent you the largest size envelope
available. Maybe a larger size will come in
on the next truck. If you don't
want them, send
them back and
we will credit
your account

| DATE: 11/2/18 | SIGNATURE: P Bridges DO |
|---|---|

SCDC FORM 19-11 (REV.FEB 2001)

LAWRENCE CRAWFORD
#300839 EA-16

To: Ms Holden
Grievance office

LAWRENCE CRAWFORD
#300839 Edisto A-16
Lieber CI

To: Attorney Sherman Anderson,
Sir look at this. I am writing on
the back of debit forms. Can you
please tell these people down here
to give me my legal supplies? The
normal grievance is inadequate
and is letting them get away with
it on a regular basis. Please
intervene sir to help us get
this corrected. This is Ridiculous.
I have court deadlines sir I
need my legal supplies. I also
need law library access. Thank You

Respectfully
Jahjah Al mahdi

November 20, 2018

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
Division of Inmate Services

## AGREEMENT TO DEBIT E.H. COOPER ACCOUNT

| Inmate's Name: | SCDC #: | Housing Unit: | Date: |
|---|---|---|---|
| Lawrence L Crawford | 300839 | EA-16 | 10/24/18 |

### GENERAL MATERIAL

** Inmate must have the funds in his/her account to pay for the materials.

To be completed by
SCDC staff:

| Item | Amount | | Cost |
|---|---|---|---|
| Envelope | | | |
| Pen | | | |
| Paper | | | |
| Postage | | | |
| Tape | | | |
| Box | | | |
| Electronic Repair | | | |
| Other | | | |
| | | Sub-Total: | |

### LEGAL MATERIAL

** Inmate is not required to have the funds in his/her account to pay for the materials; however, his/her account must be debited for all materials s/he elects to receive.

To be completed by
SCDC staff:

| Item | Amount | | Cost |
|---|---|---|---|
| Envelope | 10 | | 1.00 |
| Pen | 32 | | .80 |
| Paper | 300 —100 | | 3.00 |
| Postage | | | |
| Other | 10 | | 1.50 |
| 10 – 12 by 15½ envelopes | | Sub-Total: | 6.30 |

### PHOTOCOPIES

** Inmate may be required to have funds in his/her account. See SCDC Procedure GA-01.03(OP), "Inmate Access to the Courts," to determine if inmate may receive copies with/without funds.

To be completed by
SCDC staff:

| Item | Amount | | Cost |
|---|---|---|---|
| Photocopies | | | |
| | | | 6.30 |
| | | | **TOTAL** |

Inmate's Signature

Mailroom/Canteen Signature (Request filled by)        11/1/18
                                                        Date

White - Inmate
Canary - Mailroom/Canteen Employee

SCDC Form 10-14 (November 1998)

LEGAL USE ONLY

LAWRENCE CRAWFORD
#300829 Edisto A-16
Lieber C.I. P.O. Box 205
Ridgeville, SC 29472

FIRST CLASS MATERIAL
02 1P
0000835844

FIRST CLASS
02 1P
0000835844

The Court of Appeals
First Circuit Suite 2500
1 Courthouse Way
Boston Massachusetts
02210

**UNITED STATES POSTAL SERVICE.**

Retail

**P**

US POSTAGE PAID

**$0.00**

Origin: 29472
01/15/19
4574200472-05

RECEIVED

JAN 15 2019

MAIL ROOM
LIEBER C.I.

PRIORITY MAIL 2-Day ®

2 Lb 2.40 Oz

1004

EXPECTED DELIVERY DAY: 01/17/19

C079

SHIP
TO:
1 COURTHOUSE WAY
STE 2500
BOSTON MA 02210-3004

**USPS TRACKING NUMBER**

FOR LEGAL USE ONLY

WSC DEPARTMENT OF CORRECTIONS. THIS ITEM WAS INSPECTED OR CENSORED. THIS ITEM, THEREFORE THE DEPARTMENT DOES NOT ASSUME RESPONSIBILITY FOR ITS CONTENTS.

LIEBER CORRECTIONAL INSTITUTION
S.C. DEPARTMENT OF CORRECTIONS