The Court of Appeals
for the First Circuit et al.

Petition from Massachusetts
Case(s) 1:14-cv-14176-ADB et al.

Docket No(s) 18-8022 et al.

Lawrence L Crawford aka Jonah
Gabriel Jah-Jah T. Tishbite et al.,

Petitioners

vs.

Students for Fair Admissions

10816

Inc Et Al

defendants

## Affidavit of Service

I, Jah Jah Al mahdi, do hereby certify, that I have mailed and or served a copy of an affidavit of facts giving judicial notice; motion to renew the motion to be moved into Federal custody; renewing the motion to appoint legal counsel; renewing the motion to Transfer all 4th circuit cases and renewing all other previously filed motions; petitions etc and motion to motion Therefor, on the 1st circuit and all

2 of 16

involved parties by U.S. mail postage prepaid by placing it in the institution mailbox on February 5, 2019.

Respectfully,
Jahjah Al mahdi
et al.

February 5, 2019

3 of 16

The Court of Appeals
For The First Circuit et al,

Petition From Massachusetts
Case(s) 1:14-cu-14176-ADB et al,

Docket No.(s) 18-8022 et al,

Lawrence L Crawford aka Jonah
Gabriel Jah-Jah T. Tishbite et al,
                              petitioners

Vs.

Students For Fair Admissions
4 of 16

Ipse et. Al.,

defendants

_____

Affidavit of Facts Giving Judicial
Notice, motion to Renew the
motion to be moved into Federal
Custody, Renewing the motion to
Appoint legal counsel, Renewing
the motion to Transfer all 4th & 3rd
circuit cases and Renewing all
other previously filed motions,
Petitions etc and motion To
motion There for

_____

In Re, cases 18-8022, 18-7423,
18-7077, 18-6947, 18-6953, 18-6279,

5 of 16

18-6606, 17-6925, 18-3457 et Al,

To: The First Circuit Court of
Appeals et Al,

Here the court and parties
will find:

(1) Exhibit "Extra Territorial
And multi-District litigation claims,
conspiracy Indictment". These are
the indictments for the state of
South Carolina, New Jersey, North
Carolina, Washington State, Kentucky
And Massachusetts. Prisons Are big
business involving the continuous
flow of commerce provisions. You Add

6 of 16

the continuous flow of commerce provision related to gay marriage weddings, purchasing of gifts, hotel accomendations, internet commerce etc. We have established extra territorial jurisdiction claims which also relate to the Hobbs Act. National prison reform must come.

(2) Exhibit, "Protective Order".

This is the Injunction and protective order Now also sought before the 1st Circuit. We motion for all relief contained in this document. I give the court Judicial Notice that pages 4 and 19 of the document are omitted. This is proof of the documents existence

I give the 1st circuit Judicial Notice
I was able to write a duplicate
of the (68) page Affidavit of Facts
that is presently before the 1st.
circuit. It was served on scdc, the
SC Attorney General and all
state Actors and parties listed in
case 2013-cp-400-0084 through
serving Attorney Settana at their
firm by certified mail. I give you
Judicial Notice that the 4th circuit
and 3rd circuit also are served
Notice of the pleading before the
1st circuit. Thus, no one will
be prejudiced by 1st circuit Review.

8 of 16

I motion that the CASE MANAGER obtain A full copy of the document filed in CASES 2:17-cv-1300-RMG-MGB And 5:17-cv-01363-BHH-KDW And the entire document be placed before the first circuit. I motion for All relief contained within this document, Exhibit, "PROTECTIVE ORDER".

InAsmuch, I, WE, REVIEW the motion to be moved into FEDERAL custody. WE give the 1st circuit Judicial notice. With much effort WE have Now tracked down the disposition of the Application for FORENSIC DNA Testing. It turns out that the conspiring PARTIES

held it on some Judges desk where
it essentially gathered dust for
over (2) years in their conspiring
under color of law in their efforts
to prevent this evidence of Actual
innocence from being revealed.
The finding of the document after
an extensive search do not negate
our claim of imminent danger. The
conspiring Judges hiding this docu-
ment for over (2) years and the
recent move to an unsafe dorm
where parties who were involved
in a prior attack reside, still
establishes a precursor to a potential

10 of 16

Physical Attack. Judge Benjamin who is A defendant in this Case, stated the Action was filed in the wrong court and sat on A Judges desk for these over (2) years. This supports our claim not negate it. Rule 82(b) on venue and jurisdiction provide when an Action is brought in the wrong county or the wrong court, the court shall not dismiss the Action but shall transfer it to any proper county or court in which it could have been brought. They knew by law it was suppose to have been transferred but they held it, hiding it to prevent Adjudication.

As of this date I, we, have Now
contracted the Administrative Judge
in Kershaw county to Resolve it but
still the threat exist and we Renew
the motion to be moved into Federal
custody.

We Renew all motions, petitions
etc previously filed. We Renew
the motion to Appoint legal counsel
along the terms Argued within the
(135) page Affidavit of Facts Giving
Judicial Notice filed in case 1:14-cr-
1476-MDB. We do not have inmates
here or Any organization or group
that is trained in law to Assist us in
law. We have Habeas Corpus claims

Attached and filed. There is no exhaustion claim or issue because the state actors conspired in egregious acts of machination to thwart review allowing us to invoke the provisions of Ross v Blake, 136 Sct 1850 (2016). Further, I, we, invoke our right to exercise Federal forum pursuant to 28 USC §§ 2679, 1602-1612 of The Foreign Sovereign Immunity Act. Therefore, also due to my rights under the Americans with Disabilities Act, legal counsel must be appointed, Blake v Beaman, 877 F2d 145 (1st Cir 1989); Diaz v Massachusetts Dept of Corrections, 2017 WL 3896664 (D. Mass. 2017); Mattingley v Spaulding, 2018 WL 4778410 (Mass 2018);

13 of 16

Reales v Dept of Corrections, 195 FSupp 3d
383 (D. Mass. 2016); Sepulveda v Umass
Corr Health Care, 160 FSupp 3d 371
(D Mass 2016); Messere v Clarke, 2015
WL 5609959 (D Mass 2015); Nunes v
Massachusetts Dept of Corrections, 766
F3d 136 (1st Cir 2014); Grimes v Clarke,
FSupp 2d, 2010 WL 2037341 (D Mass 2010).

I, WE, RENEW the motion to TRANSFER
all cases from the 4th and 3rd circuits to
the 1st circuit due to extra territorial and
multi district litigation claims. The law
of Transfer forum merits close attention,
but should not read to have stare
decisis effect in a transferee forum
situated in another circuit. Nevertheless
binding precedent established for all

14 of 16

Court as determined by the US Supreme Court. The binding precedent in this case is <u>Williams v Pennsylvania</u>, 136 SCt 1899, 195 LEd2d 132, 84 USLW 4359 (US 2016). The judges involved cannot be permitted to sit upon their own cases. Nor can they sit if the potential for bias rises to an unconstitutional level which it does in this case. By the pleading now submitted the first circuit now have jurisdiction over all matters. We review the motion to transfer all cases that are presently pending related to these matters that exist within the 3rd and 4th circuit courts, <u>IN RE KOREAN</u> 150816

Airlines Disaster of Sept. 1, 1983, 829 F2d 1171 (DC Ct of Appeals 1987) | National Labor Relations Board, 338 Fsupp.3d 1343 (md multi District Litigation 2018) | Kalama v Matson Navigation Company, Inc, 875 F3d 297 (6th Cir 2017) | In re Plavix marketing, sales practice and products Liability Litigation (No. 4), 352 Fsupp.3d 927 (D.N.J. 2017).

Respectfully.
Jah-Jah Al mahdi

February 5, 2019

16 of 16

Exhibit

" Protective Order "

File in Case
18-8022

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

ANTHONY COOK #115157;                    )
ROBERT MITCHELL #262003;                 )    C/A 2:17-cv-1300-RMG-MGB;
LAWRENCE L. CRAWFORD AKA                 )    C/A 5:17-cv-01363-BHH-KDW
JONAH GABRIEL JAHJAH T.                  )    ET. AL.,
TISHBITE #300839 ET. AL.,                )
                                         )
                                         )
            PETITIONER(S)                )
                                         )
                                         )
                                         )
Vs.                                      )    AFFIDAVIT OF SERVICE
                                         )
                                         )
                                         )
                                         )
THE UNITED STATES; JUDGE                 )
HOOD ET. AL.,                            )
                                         )
            DEFENDANT(S)                 )


WE, ROBERT MITCHELL ET. AL., DO HEREBY CERTIFY, THAT WE HAVE
MAILED AND OR SERVED, A COPY OF AN AFFIDAVIT OF FACTS GIVING
JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION TO AMEND THE DEFEN-
DANTS; MOTION FOR SANCTIONS, SEEKING AN INJUNCTION AND OR PROTEC-
TIVE ORDER AND MOTION TO MOTION THEREFOR, ON THE S.C. U.S. DIS-
TRICT COURT AND ALL INVOLVED PARTIES, BU U.S. MAIL, POSTAGE
PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX ON AUGUST
10, 2017. IT IS DEEMED FILED ON THAT DATE, HOUSTON V. LACK,
287 U.S. 266, 273-76, 108 S.Ct. 2379(1988).


ANTHONY COOK                             RESPECTFULLY,

                                         ROBERT MITCHELL


AUGUST 10, 2017                          JAHJAH AL MAHDI


1-of-19

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

```
                                  )
ROBERT MITCHELL #262003;          )
LAWRENCE L. CRAWFORD AKA          )    C/A 5:17-cv-01363-BHH-KDW
JONAH GABRIEL JAHJAH T.           )    ET. AL.,
TISHBIT #300839 ET. AL.,          )
                                  )
              PETITIONER(S)        )
                                  )
                                  )    AFFIDAVIT OF FACTS GIVING
                                  )    JUDICIAL NOTICE; FILING WRIT
                                  )    OF ERROR; MOTION TO AMEND
                                  )    THE DEFENDANTS; MOTION FOR
Vs.                               )    SANCTIONS, SEEKING AN INJUNC-
                                  )    TION AND OR PROTECTIVE ORDER
                                  )    AND MOTION TO MOTION THEREFOR
                                  )
                                  )
THE UNITED STATES; JUDGE          )
HOOD ET. AL.,                     )
                                  )
              DEFENDANT(S)
```

TO: JUDGE KAYMANI WEST,
    THE S.C. U.S. DISTRICT COURT,
    THE S.C. DEPT. OF CORRECTIONS ET. AL.,

        THE PLAINTIFFS IN THE ABOVE CAPTIONED MATTERS,
GIVE THE COURT AND ALL PARTIES JUDICIAL NOTICE THAT WE ARE SEEK-
ING AN INJUNCTION AND OR PROTECTIVE ORDER. HERE THE PARTIES
WILL FIND:

        (1) A COPY OF A [4] PAGE REQUEST TO STAFF MEMBER
DOCUMENT DATED JUNE 28, 2016.

        (2) A COPY OF A CERTIFICATE OF SERVICE AND AFFIDAVIT

OF FACTS GIVING JUDICIAL NOTICE; AFFIDAVIT OF SERVICE, [14]
PAGES DATED APRIL 25, 2017.

(3) A COPY OF THE AFFIDAVIT OF SERVICE AND AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE, FILING WRIT OF ERROR; NOTICE
OF SEEKING LEAVE TO APPEAL; MOTION FOR DECLARATORY JUDGMENT;
MOTION FOR SANCTIONS AND AN INDEPENDENT INVESTIGATION DUE TO
OBSTRUCTION OF JUSTICE AND CRIMINAL CONSPIRACY AND MOTION TO
MOTION THEREFOR SEEKING EN BANC REVIEW, [14] PAGES DATED JULY
2, 2017 FILED IN CASE 5:16-cv-3808-TLW-BM.

(4) A COPY OF THE AFFIDAVIT OF SERVICE AND AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE; MOTION TO SUPPLEMENT THE CAUSES
OF ACTION AGAINST JUDGES HARWELL, MERCHANT, WOOTEN AND DEFENDANTS
; MOTION TO AMEND THE PARTIES TO ADD THE NAME OF JUDGE STUART
RABNER***, [23] PAGES DATED JULY 8, 2017.

WRIT OF ERROR IS FILED. THE COURT HAS THE DEFENDANTS
LISTED INCORRECTLY IN THIS CASE. THE COURT IS MISSING OVER 95%
OF THE DEFENDANTS. I, WE, OBJECT. WE MOTION THAT THE DEFENDANTS
IN THIS CASE TO BE AMENDED IN THE MANNER THAT THE CASE WAS ORIGI-
NALLY INTENDED TO BE FILED. WHERE'S THE UNITED STATES BEING
LISTED AS A DEFENDANT WHEN THE ACTION CLEARLY INFORMS YOU ON
THE FACE OF THE COMPLAINT THAT WE ARE SUING THE UNITED STATES
FOR THEY ESTABLISHING THE PROVISIONS OF PLRA AND AEDPA? WE OBJECT
AND MOTION TO AMEND THE DEFENDANTS IN THIS CASE TO ALSO REFLECT
THOSE NAMES AND PARTIES LISTED IN THE [14] PAGE AFFIDAVIT OF
SERVICE DATED APRIL 25, 2017, THE [14] PAGE DOCUMENT DATED JULY
2, 2017 AND THE [23] PAGE DOCUMENT DATED JULY 8, 2017. THE PAR-
TIES WERE ALREADY GIVEN NOTICE OF THE ACTIONS PENDING THROUGH
THE WRITS OF MANDAMUS UNDER CASES 16-2299, 16-1953, 16-2141,
16-1415 AND OTHER PLEADING RELATED TO THE PENDING PARALLEL CASES.
THUS, THEIR NAMES RELATE BACK TO THE ORIGINAL COMPLAINTS IN
ALL PARALLEL CASES. WE MOTION FOR DECLARATORY JUDGMENT FROM
THE 4TH. CIRCUIT ON THIS ISSUE AS WELL, GOODMAN v. PRAXAIR,
INC., 494 Fed. Appx' 458, 68 Fed. R. SERV.3d. 850(4th.Cir.2007);
JOHNSON v. MARRIOTT INTERNATIONAL INC., 2017 WL 1957071(2017);

THEY ARE IN VIOLATION OF THE CONTRACT, THE GRANT GIVEN TO THE
NATIONS BY THE SOLE CORPORATION IN VIOLATION OF ARTICLE 1 SECTION
10 OF THE U.S. CONSTITUTION, IMPAIRING THE OBLIGATION OF THE
CONTRACT BY GIVING THE RIGHT TO LEGALLY MARRY TO GAYS AND LES-
BIANS. WE CAN'T SUE THESE JUDGES FOR THIS. THIS IS WHY THEY
FAILED TO LIST THE DEFENDANTS PROPERLY. WE ARE SUING S.C.D.C.
AND THE S.C. ATTORNEY GENERAL FOR CONSPIRING WITH THE JUDGES
AND FOR OTHER ACTS THEY DONE. YET, THEY ARE NOT LISTED AS PARTY.
WE ARE SUING THE STATE OF SOUTH CAROLINA, THE S.C. SUPREME COURT
AND ITS JUDGES, THE S.C. COURT OF APPEALS AND ITS JUDGES BY
NAME INDIVIDUALLY FOR THE <u>STATE v. GENTRY</u> FRAUD. YET, THEY ARE
NOT LISTED. WE ARE SUING FOR REPARATIONS FOR THE U.S. SLAVE
TRADE AND JIM CROW LAWS IN THIS NATION. YET, THE PARTIES FOR
THIS CLAIM ARE NOT LISTED. WE ARE SUING FOR ALL THE INJUSTICES
THAT OCCURRED UNDER CASE 2013-CP-400-0084 TO WHICH IS REMOVED
TO THESE PARALLEL CASES. YET, THESE DEFENDANTS ARE NOT LISTED
IN THE JUDGES CONSPIRING TO AID THEM AVOID SUIT. ON PAGE (2)
OF THE COMPLAINT WHERE IT ASKS FOR DEFENDANT No.(1). IT IS LISTED
"SEE ATTACHED SHEETS AND THE AFFIDAVIT OF SERVICE SERVED ON
THE 4TH. CIRCUIT". THIS WAS A HANDWRITTEN DOCUMENT. IT WAS THEN
TYPED DOWN AND NOW EXIST AS THE (14) PAGE DOCUMENT IN QUESTION
THAT THE JUDGES CALLED S.C.D.C. AND TOLD THEM TO BLOCK COPIES
TO PREVENT ITS FILING SO THEY COULD IN ACTS OF FRAUD UPON THE
COURTS, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE LIST
THESE DEFENDANTS AS THEY PRESENTLY HAVE THEM LISTED AND FRAUD-
ULENTLY SAY THAT WE ARE SUING PEOPLE WHO CAN'T BE SUED FOR THE
CLAIMS MADE IN THE COMPLAINT IN ACTS OF MACHINATION. WE OBJECT
AND DEMAND THAT THE NAMES OF ALL THE DEFENDANTS SOUGHT TO BE
LISTED WITHIN ALL THESE PARALLEL CASES BE NOW AMENDED AND ADDED
TO THE RECORD. THE HANDWRITTEN (34) PAGE AFFIDAVIT OF SERVICE,
WHICH IS NOW TYPED AND EXIST AS THE (14) PAGE AFFIDAVIT OF SER-
VICE WAS BLOCKED BEING FILED BY THE CONSPIRING JUDGES AND IS
NOW ATTACHED TO THE FACE OF ALL COMPLAINTS WITHIN THESE PARALLEL
CASES FOR ALL PURPOSES WHICH INCLUDE INFORMING THE COURT WHO
THE DEFENDANTS ARE IN THESE CASES.

        FROM ON PAGE (7) OF THE COMPLAINT, THE LEES AND ABRAMS
WERE OMITTED IN THEIR FRAUD. ON THAT SAME PAGE WE AGAIN INFORMED

THE COURT. THAT THE REMAINDER OF THE DEFENDANTS ARE LISTED WITHIN
THE AFFIDAVIT OF SERVICE. ON PAGE (15) IT IS CLEARLY STATED
THAT WE ARE SUING THE UNITED STATES. NONE OF THESE DEFENDANTS
ARE LISTED WITHIN THE ACTUAL RECORD IN ACTS OF FRAUD UPON THE
COURT AND MACHINATION SO THEY COULD CRIMINALLY, CONSPIRING UNDER
COLOR OF STATE LAW AND OR AUTHORITY, ALSO IN VIOLATION OF 18
U.S.C. §§ 242 AND 1001 CONCEAL MATERIAL FACTS AND CLAIM THAT
WE ARE TRYING TO SUE THE JUDGES FOR THESE CLAIMS ONLY, WHEN
IT IS OVERWHELMINGLY CONSPICUOUS THAT THE JUDGES CANNOT BE SUED
FOR NONE OF THE CLAIMS PREVIOUSLY MADE, EXCEPT FOR THEY BEING
PARTY TO THE CONSPIRACY WHERE WHOM THEY CONSPIRED WITH MUST
BE LISTED AS DEFENDANTS. IT BECOMES PERSPICUOUS THAT THE JUDGES
PRESENCE IN THESE PARALLEL CASES IS OF SUCH A DETRIMENTAL AND
PREJUDICIAL MAGNITUDE, THAT THE POTENTIAL FOR BIAS RISES TO
AN UNCONSTITUTIONAL LEVEL WARRANTING SANCTIONS, RECUSAL, DIS-
QUALIFICATION AND THAT OUR REQUEST AND MOTION FOR A CHANGE OF
VENUE TO NEW JERESEY BE GRANTED. WE WANT THE DEFENDANTS AMENDED
IN ALL THESE PARALLEL CASES TO REFLECT THE PARTIES AS IT WAS
ORIGINALLY INTENDED TO BE FILED AND CHANGE OF VENUE TO NEW JERSEY
AND WE WANT INJUNCTION TO REQUIRE THIS. WE MOTION FOR DECLARATORY
JUDGMENT FROM THE 4TH. CIRCUIT, WILLIAMD v. PENNSYLVANIA, 136
S.C.t. 1899, 195 L.Ed.2d. 132, 84 U.S.L.W. 4359(U.S.2016); KOLON
INDUSTRIES INC. v. E.I. DUPONT De NEMOURS & CO., 748 F3d. 160
CA4 (Va.2014); CATAWBA INDIAN NATION v. STATE, 407 S.C. 526,
756 S.E.2d. 900(S.C.2014); ARATA v. VILLAGE WEST OWNERS ASS'N
INC., 2011 WL 11735004, * 2+, S.C. App.; WILSON v. GMAC MORTG.,
LLC., F.Supp.3d., 2015 WL 5244967(DSC.2015); U.S. v. LAWRENCE,
F.Supp.3d., 2015 WL 856866(S.D.Va.2015); GREAT AMERICAN INS.
CO. v. NEXTDAY NETWORK HARDWARE CORP., 73 F.Supp.3d. 636(2014);
BLUE SKY TRAVEL AND TOURS, LLC. v. AL TAYYAR, --Fed. Appx'--,
2015 WL 1451636(Va.2015); NUCAR CORP. v. BELL, 251 F.R.D. 191,
194(DSC.2008); UNITED STATES v. QUINONES, 2016 WL 4413149, *
6+ (S.D.Va.2016); FORRESTER v. WHITE, 484 U.S. 219, 108 S.Ct.
538(U.S.1988); ULUSE v. U.S., F.Supp.2d., 2009 WL 3052608(DSC.
2009); ABEBE v. SEYMOUR, F.Supp.2d., 2012 WL 1130660; JOHNSON
v. UNITED STATES DEPT. OF JUSTICE, 2016 WL 4593467(D.Md.2016);
HALLAL v. MARDEL, 2016 WL 6494411; BRAZELL v. WINDSOR, 384 S.C.

502, 682 S.E.2d. 824 (S.C.App.2009); PETERKIN v. BERTHELSEN,
F.Supp.2d., 2012 WL 10847(DSC.2012); CARTER v. SOUTH CAROLINA,
2014 WL 5325234(DSC.2014); EPSTEIN v. WORLD ACCEPTANCE CORP.,
2015 WL 2365701(DSC.2015); BENTON v. BURNS, 11 Fed. Appx' 328,
2011 WL 640248 CA4 (2011); BACCUS v. MARCHANT, 2014 WL 1330984
(DSC.2014); PULLIAM v. ALLEN, 466 U.S. 522, 104 S.Ct. 1970 (U.S.
1984); EX PARTE VIRGINIA, 100 U.S. 339(1880) WE OBJECT TO THIS
FRAUD AND DEMAND A CHANGE OF VENUE FOR ALL CASES AND PLAINTIFFS.

     INASMUCH, JUDGE KAYMANI WEST AND THE OTHER JUDGES ASKED
TO HAVE THIS AND THE OTHER CASES PLACED IN PROPER FORM. THE
JUDGES WERE INFORMED, EVEN THROUGH THE COMPLAINT THAT S.C.D.C.
CONSPIRING UNDER COLOR OF STATE LAW, WITH THE S.C. ATTORNEY
GENERAL AND OTHER DEFENDANTS IN THIS CASE, ARE IMPEDING US IN
BEING IN COMPLIANCE TO THE COURTS' ORDERS BY BLOCKING US IN
OBTAINING COPIES OF ESSENTIALLY NEEDED LEGAL COURT DOCUMENTS
NEEDED TO PLACE THESE CASES IN PROPER FORM IN ACTS OF OBSTRUC-
TION OF JUSTICE. THEY ARE BEING SELECTIVE TO CONCEAL THEIR CRIMES
. SOMETIMES THEY'LL MAKE COPIES WHEN THE "HEAT IS ON" TO AVOID
SCRUTINY AT LESS CRITICAL STAGES OF LITIGATION. BUT AT THE MOST
CRUCIAL STAGES AND MOST OTHER TIMES THEY WILL NOT MAKE THE COPIES
TO HAVE A DETRIMENTAL IMPACT ON THE PENDING PROCEEDINGS TO CREATE
A FRAUDULENT MISREPRESENTATION OF THE FACTS. THEY WILL NOT COPY
ANY DOCUMENT THAT IS HANDWRITTEN EVEN THOUGH THE LOST THE CASE
UNDER 2013-CP-400-0084. BY THEIR ACTIONS THEY ARE ALSO RETALI-
ATING AGAINST US IN VIOLATION OF 42 U.S.C.A. § 12203(a)(b) OF
THE AMERICANS WITH DISABILITIES ACT WHERE THEY DESTROYED MY
TYPEWRITER AND OR STOLEN AND OR DESTROYED AND OR GIVEN AWAY
TO CONSPIRING ACTORS, OTHER INMATES, MY OTHER PROPERTY IN EFFORTS
TO IMPEDED OR HINDER OUR ACCESS TO THE COURTS. THIS WAS ARGUED
IN CASE 2013-CP-400-0084 TO WHICH THIS CASE IS PETITIONED REMOVED
TO ALL THESE PENDING PARALLEL CASES. MOTION TO DISMISS THIS
STATE CASE WAS HEARD ABOUT APRIL 2014 WHERE THE COURT FAILED
TO GRANT THEIR REQUEST FOR DISMISSAL. AT THAT JUNCTURE RES JUDI-
CATA ATTACHED. THEREAFTER, IN DECEMBER 2015 THEY WENT INTO DE-
FAULT, THEIR JURISDICTION WAS MADE VOID FOR DUE PROCESS VIOLATION

AND THE CASE WAS THEN REMOVED TO THE FEDERAL DISTRICT COURT
TO WHICH THE UNITED STATES IS PARTY TO THE CLAIMS OF DEFAULT
AND COLLATERAL ESTOPPEL. THEREFORE, OUR ABILITY TO SUCCEED IN
THIS CASE IS ESTABLISHED HAVING A DIRECT IMPACT ON ALL PARALLEL
CASES AND EVERY CASE THE KING-KHALIFAH IS PARTY TO. THIS WOULD
JUSTIFY THE GRANTING OF THE NOW SOUGHT INJUNCTION AND OR PRO-
TECTIVE ORDER BEFORE THE FEDERAL COURT DUE TO THE S.C. DEPT.
OF CORRECTIONS ALSO BEING PARTY TO THE DEFAULT AND THEY ARE
STILL ENGAGING IN THIS OBSTRUCTIVE AND DILATORY BEHAVIOR FOR
WHICH THEY ARE BEING SUED EVEN IN THESE PENDING PARALLEL CASES
IN THEIR ACTS OF OBSTRUCTION OF JUSTICE AND CRIMINAL CONSPIRACY,
U.S. v. BURTON, 11 Fed. Appx' 328, 2011 WL 640248 CA4 (2011);
GREAT AMERICAN INS. CO. v. NEXTDAY HARDWARE CORP., 73 F.Supp.3d.
636(2014); BENTON v. BURNS, 2017 WL 491251(D.C.Md.2017); PEGG
v. HEARNBERGER, 845 F3d. 112(4th.Cir.2017). THIS IS WHAT WE
SEEK BY INJUNCTION AND OR PROTECTIVE ORDER:

    (1) THAT S.C.D.C. MAKE COPIES OF ANY AND ALL LEGAL
DOCUMENTS THAT WE DEEM AS NECESSARY, WHETHER THEY ARE TYPED
OR HAND WRITTEN, WHETHER THEY ARE CLOCKED STAMPED BY THE COURTS
OR NOT CLOCKED STAMPED BY THE COURTS. THIS INCLUDES ANY EXHIBITS
NO MATTER WHAT THEY ARE, THAT THE PLAINTIFFS FEEL ARE NECESSARY
TO PLACE "ALL" (EMPHASIS ADDED) FEDERAL AND PARALLEL CASES THAT
ARE PENDING BEFORE ALL FEDERAL COURTS AND "ALL" STATE CASES
THAT ARE RELATED TO THESE PENDING FEDERAL CASES IN PROPER FORM
AND ATTRIBUTE THE COST TO CRAWFORD'S COOPER TRUST ACCOUNT UNTIL
THE ISSUE OF COURT COST AGAINST THE DEFENDANTS CAN BE ADDRESSED
BEFORE THE FEDERAL COURTS.

    (2) ALL PLAINTIFFS/ INMATES IN THESE PARALLEL CASES
AND OR ANY RELATED STATE CASE MUST BE GIVEN PERMANENT, URGENT,
COURT DEADLINE STATUS IN THE INSTITUTION LAW LIBRARY UNTIL ALL
RELATED STATE AND FEDERAL CASES ARE CONCLUDED IN THEIR FULLNESS
FROM 12:30 P.M. UNTIL AFTER 2:00 P.M. COUNT. THIS INCLUDES
LAWRENCE L. CRAWFORD #300839; ANTHONY COOK #115157; YAHYA MUQUIT
#318455; JASON GOURDINE #199055 AND david duren #181965 AND
ANY OTHER PARTY THAT WAS ADDED TO THE PROCEEDINGS.

(3) S.C.D.C. IS NOT TO TAKE CRAWFORD'S LEGAL BOXES HE PRESENTLY HAVE IN HIS CELL FROM HIS IMMEDIATE POSSESSION NOR ARE THEY TO TAKE FROM HIM ANY OF HIS PERSONAL PROPERTY IN ACTS OF RETALIATION AS THEY DID IN THE PAST OR FOR ANY OTHER REASON IF IT DOESN'T VIOLATE FEDERAL LAW OR HIS DECREES. THEY ARE TO LEAVE HIS CELL LIGHTS ON UNTIL 11:00 P.M. [7] DAYS A WEEK AND STOP TURNING THE LIGHTS OFF ON HIM IN RETALIATION TO HINDER HIM FROM WORKING ON THESE CASES.

(4) S.C.D.C. IS TO IMMEDIATELY CONTACT WILL REPAIR SERVICE 1-800-334-2137 OR (716) 366-1424 AND PURCHASE AND RE-PLACE THE WORDSMITH 250 TYPEWRITER OF CRAWFORD'S THAT THEY DE-STROYED AND DAMAGED IN ACTS OF RETALIATION. THEY ARE ALSO TO REPLACE THE (2) REINKABLE RIBBONS FOR IT, A BOTTLE OF INK, THE SET OF KOSS HEAD PHONES, THE ICE COOLER AND RADIO THEY GAVE AWAY TO OTHER INMATES THAT THEY PAID TO PHYSICALLY ASSAULT HIM IN THE PAST, ALONG WITH THE (2) LBS. OF MUSLIM OIL, HIS CHOICE OF FRAGRANCE TO BE KEPT IN HIS CELL AND $40 IN CANTEEN THEY GAVE TO THESE INMATES THEY CONSPIRED WITH AS WELL. THESE ITEMS ARE TO BE GIVEN TO CRAWFORD DIRECTLY, REPLACED, AND NOT PLACED ON HIS COOPER TRUST FUND ACCOUNT. THE MONEY STOLEN FROM ROBERT MITCHELL BY SEYMOUR IS TO BE RETURNED TO HIS ACCOUNT.

(5) AS IS ARGUED UNDER CASE 9:17-cv-01344-TLW-BM PENDING AND SOUGHT APPEALED BEFORE THE 4TH. CIRCUIT. PERMANENT INJUNCTION ISSUES AND THE S.C. DEPT. OF CORRECTIONS IS TO STOP THE RELIGIOUS ATTACKS UPON ME AND THE MUSLIM INMATE COMMUNITY WITHIN THIS STATE BECAUSE I AM BRINGING THESE CASES IN THEIR VIOLATION OF 42 U.S.C. § 12203(a)(b) OF THE AMERICANS WITH DISA-BILITIES ACT AND IN VIOLATION OF THE U.S. SUPREME COURT HOLDINGS MADE UNDER HOLT v. HOBBS, 135 S.Ct. 853, 2015 WL 232143. S.C.D.C. IS TO STOP RESTRICTING THE WEARING OF MY AND MUSLIMS CUFIS TO BLACK OR WHITE. WE ARE TO BE PERMITTED TO WEAR ALL COLORS EXCEPT YELLOW AND RED. WE ARE TO BE PERMITTED TO WEAR ANY STYLE WE DESIRE. THEY ARE TO ALLOW US TO PURCHASE THESE CUFIS FROM VARIOUS REPUTABLE VENDORS THAT THEY AND THE MUSLIM CHAPLAIN TOGETHER

FROM THE INSTITUTION CANTEEN BECAUSE THE CANTEEN CANNOT POSSIBLY
STOCK THE VARIOUS COLORS OR STYLES I, WE, WANT TO WEAR. THEY
ARE TO PERMIT MY FAMILY AND FRIENDS TO VISIT ME AND THE SAME
FOR THE OTHER MUSLIMS DURING OUR EID FEAST CELEBRATIONS, THOSE
WHO ARE APPROVED ON OUR VISITATION LISTS. THEY ARE TO ALLOW
OUR BEARDS TO GROW A FULL 4 INCHES. THEY ARE TO ALLOW CRAWFORD
TO COMMUNICATE BY ANY OTHER METHOD THAN THE KIOSK (ei. STAFF
REQUEST FORMS) AND TO ADD PAGES TO THAT FORM IF IT PROVES INADE-
QUATE TO ADDRESS HIS NEEDS. THEY ARE DOING THESE ACTS FOR AMONG
OTHER THINGS, BECAUSE WE BRING THESE ACTIONS BEFORE THE COURTS
AS IS ARGUED IN THESE CASES AND IN CASE 9:17-cv-01344-TLW-BM,
IN VIOLATION OF ALSO PLUIPA, 42 U.S.C.A. § 2000 cc. ET. SEQ.•.
THEY ARE SUBSTANTIALLY BURDENING THE FREE EXERCISE OF MY RELIGI-
OUS BELIEFS, NOT TAKING THE LEAST RESTRICTIVE METHOD FOR THE
FREE EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS TO ACCESS
THE COURTS BEHIND RELIGIOUS AND RACIAL HATRED. THE ACT OF "BIDAH"
, "INNOVATION" MUST BE STOOD AGAINST IN ISLAM. THE STATE IS
ESTABLISHING RELIGION BY PLACING UPON US RESTRICTIONS NOT SANC-
TIONED BY THE PROPHET MUHAMMAD (PBUH) WHICH IS A GREAT SIN IN
ISLAM. THERE ARE NO SUCH RESTRICTIONS IN ISLAM THAT THE STATE
IMPOSES RELATED TO COLOR OR STYLE. THERE IS NO LEGITIMATE PENOLO-
GICAL INTEREST FOR PLACING THESE RESTRICTIONS UPON US.

(6) S.C.D.C. SHALL NOT TRANSFER ANY OF THE PLAINTIFFS
THAT ARE PARTY TO THESE PARALLEL CASES OUT OF THEIR PRESENT
CELLS OR TO ANOTHER INSTITUTION IN ACTS OF RETALIATION TO HINDER
AND IMPEDE OUR WORKING ON THESE CASES COLLECTIVELY OR FOR ANY
OTHER ULTERIOR MOTIVE. WE ARE TO REMAIN AT LIEBER C.I. UNTIL
WE ARE TRANSFERRED TO A FEDERAL PRE-RELEASE CAMP AS SOUGHT OR
UNTIL THESE FEDERAL AND STATE CASES ARE CONCLUDED, WHICH EVER
ONE COMES FIRST. WE ARE TO STAY IN OUR SAME DORMS. OFFICER MEG-
GETT IS TO BE MOVED OUT OF THE EDUCATION BUILDING AND PLACED
SOMEWHERE ELSE, ANYWHERE ELSE S.C.D.C. DESIRES. SHE ALONG WITH
ATTORNEY LUNGFORD ARE THE DIRECT PARTIES THE CONSPIRING ACTORS
USED TO DENY US OUR COPIES AND HINDER AND OR IMPEDE OUR ACCESS
TO THE COURTS IN ACTS OF OBSTRUCTION OF JUSTICE AND RETALIA-

TION. THIS UNJUST OBSTACLE IN THE FORM OF OFFICER MEGGETT IS
TO BE REMOVED.

(7) THE DEFENDANTS LISTED WITHIN ALL PARALLEL CASES
ARE TO BE IMMEDIATELY AMENDED NOT TO JUST REFLECT THE JUDGES
THAT ARE PRESENTLY LISTED. ALL DEFENDANTS LISTED IN THE [14]
PAGE AFFIDAVIT OF SERVICE ARE TO BE ADDED AS DEFENDANTS IN ALL
COURT RECORDS IMMEDIATELY. THEY ARE TO BE SERVED NO LATER THAN
(5) DAYS OF RECEIPT OF THE REQUIRED SUMMONS AND U.S. MARSHAL
FORMS.

(8) ATTCHED THE COURT AND PARTIES WILL FIND A COPY
OF AN APPLICATION FOR FORENSIC DNA TESTING ESTABLISHING CASE
NUMBER 2004-385 PRESENTLY PENDING BEFORE THE RICHLAND COUNTY
COURT OF GENERAL SESSIONS. THE S.C. ATTORNEY GENERAL ALREADY
PROCEDURALLY DEFAULTED ON THIS ACTION BY THEIR FAILURE TO RESPOND
TO THIS ACTION WITHIN (90) DAYS AS RULES OF COURT REQUIRE, FOR-
FEITING ANY OPPOSITION TO THE GRANTING OF THIS RELIEF TO INCLUDE
THAT WHICH WAS TO BE SOUGHT WITHIN THIS CASE VIA THE FORM 24
THAT WAS FILED IN CASE 2013-CP-400-0084. THIS FORM 24 WAS SERVED
ON THE ATTORNEY GENERAL AND WAS TO BE A PART OF DISCOVERY IN
CASE 04-385. IT MUST BE GRANTED NOW, OBTAINED AS WELL AS THE
EVIDENCE SOUGHT VIA THE FORM 24. ONE OF THE ESSENTIAL QUESTIONS
AND OR ISSUES BEFORE ALL COURTS, IS WHETHER OR NOT THE STATUTE
OF LIMITATIONS APPLY IN THE EXISTING HABEAS CORPUS PETITIONS
WHERE WE ARE ASSERTING THAT THE HABEAS CORPUS' ARE TIMELY FILED
PURSUANT TO 28 U.S.C. § 2244(d)(B) RELATED TO THE CLAIMS REGARD-
ING CASE 2013-CP-400-0084; THE DATE ON WHICH THE IMPEDIMENT
TO FILING AN APPLICATION CREATED BY STATE ACTION IN VIOLATION
OF THE CONSTITUTION OR LAWS OF THE UNITED STATES IS REMOVED,
IF THE APPLICANT WAS PREVENTED FILING BY SUCH STATE ACTION.
THE DEFAULT AND CLAIMS OF COLLATERAL ESTOPPEL IN CASE 2013-CP-
400-0084 OCCURRED IN DECEMBER 2015/ JANUARY 2016 REMOVING THE
IMPEDIMENT TO ARGUING THE CLAIMS MADE WHICH WE WOULD HAVE BEEN
PREJUDICED IN ARGUING UNTIL THIS OCCURRED.

ALSO, ESTABLISHING THE HABEAS CORPUS' FALL UNDER 28 U.S.C.
§ 2244(d)(C) THE DATE ON WHICH THE CONSTITUTIONAL RIGHT ASSERTED
WAS INITIALLY RECOGNIZED BY THE U.S. SUPREME COURT, IF THE RIGHT
HAS BEEN NEWLY RECOGNIZED BY THE SUPREME COURT AND MADE RETRO-
ACTIVE APPLICABLE TO CASES ON COLLATERAL REVIEW. UNDER THIS
PARTICULAR SECTION, THE HABEAS CORPUS' WERE ARGUED BASED UPON
THE CASES, WIILIAMS v. PENNSYLVANIA, 136 S.Ct. 1899(2016); ROSS
v. BLAKE, 136 S.Ct. 1850(2016) AND WEARRY v. CAIN, 136 S.Ct.
1002, 194 L.Ed.2d. 78(U.S.2016). BY THESE PROVISIONS OF LAW
WE HAD ONE YEAR TO FILE WRIT OF HABEAS CORPUS TO BE TIMELY,
WHICH WE ARE TIMELY BY OUR FILINGS IN TOTAL. THE WEARRY CASE
IS WHAT THE DNA APPLICATION TESTING ATTACHES TO. IT IS DIRECTLY
ATTACHED TO THE KING-KHALIFAH, JAHJAH AL MAHDI. NEVERTHELESS,
IT IS OUR POSITION THAT ONCE THE OTHER INMATES IN THESE PARALLEL
CASES WORKED TO AID HIM SEEK RELIEF BEFORE THE COURTS TO ADDRESS
THESE ISSUES AND THE CRIMINAL CONSPIRACY WITH ITS OBSTRUCTION
OF JUSTICE TO DEFRAUD HIM. WHERE IN THIS INSTANCE THE KING-KHALI-
FAH FALLS UNDER THE AMERICANS WITH DISABILITIES ACT DUE TO THE
RESULT OF THE ACTS OF OFFICIAL TORTURE SUFFERED BY HIM VIA THE
DEFENDANTS IN VIOLATION OF THE C.A.T. TREATY, IN HIS EFFORTS
TO EXERCISE CONSTITUTIONALLY PROTECTED RIGHTS OF ACCESS TO THE
COURTS, FREEDOM OF RELIGION AND THOSE UNDER THE F.S.I.A.. THERE-
UPON, THE CONSPIRING STATE AND FEDERAL ACTORS ATTACKED ALL OTHER
PLAINTIFFS DUE PROCESS MATTERS IN ACTS OF RETALIATION IN VIOLA-
TION OF 42 U.S.C. § 12203(a)(b) OF ADA. THE WEARRY v. CAIN CASE
AUTOMATICALLY ATTACHED TO ALL PLAINTIFFS HABEAS CORPUS WHERE
THE STATE AND FEDERAL ACTORS ATTACKED THEIR DUE PROCESS MATTERS
TO PREVENT THIS EVIDENCE UNDER WEARRY FROM BEING DISCOVERED
AND TO PREVENT REVIEW OF THE OTHER LEGAL ISSUES OF RELIGIOUS
PROPHESY FROM OBTAINING REVIEW IN EGREGIOUS VIOLATION OF THE
HOLDINGS MADE IN WEARRY v. CAIN, 136 S.Ct. 1002(U.S.2016). BY
THESE ATTACKS AND ATTACHMENT. ALL HABEAS CORPUS' IN THE PARALLEL
CASES FALL UNDER 28 U.S.C. § 2244(d)(C) MAKING THEM TIMELY AND
NOT SUBJECT TO ANY STATUTE OF LIMITATIONS BAR EVEN THOUGH AEDPA
IS UNCONSTITUTIONAL AND CANNOT ANY LONGER BE USED BY THE COURTS.
THIS IS THE QUESTION THAT MUST BE ANSWERED. IS THERE A GENUINE

ACTUAL INNOCENCE CLAIM EXISTING THAT THE FEDERAL JUDGES AND
OTHER DEFENDANTS ARE CONSPIRING IN VIOLATION OF 18 U.S.C. §§
242 AND 1001 TO CONCEAL? DID THE STATE ACTORS CONSPIRE WITH
THE FEDERAL JUDGES DURING AND AFTER THE FACT IN CRIMES OF CSC,
INCEST, CONSPIRACY TO COMMIT MURDER AND OR ASSAULT AND BATTERY
OF AN HIGH AND AGGRAVATED NATURE, AND FRAMED LAWRENCE L. CRAWFORD
AKA JONAH GABRIEL JAHJAH T. TISHBITE BEHIND RELIGIOUS AND RACIAL
HATRED BECAUSE HE CLAIMED TO BE THE RIGHTFUL AND LEGAL LOST
HEIR TO THE (4) GLOBAL THRONES OF THE RE-ESTABLISHED GLOBAL
THEOCRATIC STATE WHICH WAS DEFAULTED ON BY THE UNITED STATES
IN CASE 2013-CP-400-0084, PRODUCING COLLATERAL ESTOPPEL BARRING
ANY COURT FROM CHALLENGING THIS CLAIM, THEN ATTACKED THE OTHER
PLAINTIFFS DUE PROCESS CASES IN VIOLATION OF 42 U.S.C.A. § 12203
(a)(b) OF ADA BECAUSE THEY SOUGHT TO AID HIM OBTAIN THIS CRUCIAL
DNA EVIDENCE AND HAVE THE OTHER LEGAL ISSUES OF RELIGIOUS PRO-
PHESY HEARD BEFORE THE COURTS? THIS IS EASY TO PROVE, ONE WAY
OR THE OTHER FOR PURPOSES OF ESTABLISHING THE FACTS OF THESE
PARALLEL CASES THAT HABEAS CORPUS REVIEW FALLS UNDER 28 U.S.C.
§ 2244(d)(C). THERE IS A FORM 24 FILED IN THE RICHLAND COUNTY
COURT OF COMMON PLEAS, THE LAST FEDERAL CASES AND WHICH WAS
SERVED UPON THE S.C. ATTORNEY GENERAL. WE SEEK AN INJUNCTION
REQUIRING THE S.C. ATTORNEY GENERAL TO OBTAIN ALL EVIDENCE SOUGHT
WITHIN THE FORM 24, WHICH INCLUDE DEPOSITIONS, AND TEST THAT
DNA TO MICHAEL LEE, THE KING-KHALIFAH'S STEPSON AS IS SOUGHT
WITHIN THE FORM 24 AND THE ATTACHED FORENSIC DNA TESTING APPLICA-
TION FOR THE REASONS ARGUED WITHIN THAT DOCUMENT NOW ATTACHED.
WE WANT A COPY OF THOSE RESULTS AND ALL OTHER EVIDENCE SOUGHT
SERVED ON JAHJAH AL MAHDI AND ALL COURTS INVOLVED BEFORE THESE
CASES PROCEED DUE TO THE FRAUD UPON THE COURTS, CRIMINAL CON-
SPIRACY AND OBSTRUCTION OF JUSTICE, UNITED STATES v. BURNS,
2016 WL 3910273; DENNIS v. SECRETARY, PENNSYLVANIA DEPT. OF
CORR.--F3d.--, 2016 WL 4440925(3rd.Cir.2016).

        THIS IS FOR MOST PART, PART OF THE RELIEF SOUGHT UNDER
CASE 2013-CP-400-0084 TO WHICH THEY ARE IN DEFAULT AND CASE
04-385 THE DNA CASE THEY ARE ALSO IN PROCEDURAL DEFAULT TO

CHALLENGE AND THE RELIEF IS SOUGHT UNDER CASE 9:17-cv-01344-
TLW-BM THAT IS RELATED TO THESE PARALLEL CASES AS IS ARGUED
WITHIN THAT COMPLAINT. TO NOT GRANT THE RELIGIOUS PORTION WHEN
JUST ABOUT ALL OTHER CIRCUITS AND STATES AROUND THE NATION AL-
READY DONE SO, EXCEPT SOUTH CAROLINA WOULD BE AN ABUSE OF DIS-
CRETION AND SERVE TO SUBSTANTIATE INVOLVEMENT IN THE CONSPIRACY.
WE NEED THESE LEGAL COPIES TO PLACE THIS CASE AND THE PARALLEL
CASES IN PROPER FORM. WE NEED THE DNA TO PROVE THE HABEAS CORPUS
FACTS. WE NEED PARTIAL REMEDY TO ADDRESS THE RETALIATORY ACTS
WHICH MUST STOP. WE MOTION FOR SANCTIONS DUE TO THEIR ATTACKS
AND OBSTRUCTION OF JUSTICE WHERE THEY SENT INMATES TO ATTACK
US AND GAVE THIS PROPERTY TO THEM AS PAYMENT IN RETALIATION
AGAINST US IN VIOLATION OF 42 U.S.C. § 12203(a)(b) OF ADA WHICH
IS DEFAULTED ON IN CASE 2013-CP-400-0084 REMOVED TO THESE CASES,
ARMONI JOHNSON v. SGT. MICHAEL ROSKOSCI, 2016 WL 4594147; WALKER
v. BEAUMONT INDEPENDENT SCHOOL DISTRICT, 2016 WL 6666833; CABI
v. BOSTON CHILDREN'S HOSPITAL, 161 F.Supp.3d. 136(2016); U.S.
v. MOUSSAOUI, 483 F3d. 220 CA4 (Va.2007); STATE v. BURGESS,
391 S.C. 15, 703 S.E.2d. 512(S.C.App.2010); IN RE: KEVIN R.,
409 S.C. 297, 762 S.E.2d. 387(S.C.2014); LACRA v. ROSENHAUM,
2016 WL 6775638(N.C.2016); GRAHAM v. GAYRON, 831 F3d. 176(4th.
Cir.2016); NORTH AMERICAN RESCUE PRODUCTS, INC. v. COLGATE PAL-
MOLIVE CO., 772 F3d. 1001, 90 Fed. R. SERV.3d. 85 CA4 (Md.2014);
IN RE: WALLACE, 649 Fed. Appx' 298(MEM)(4th.Cir.2016); WARE
v. LOUISIANA DEPT. OF CORRECTIONS, 2016 WL 4916844, * 2+ W.D.
La.; JOHNSON v. BROWN, 2016 WL 705237 * 5+, N.D.Ala.; HASKINS
v. BIETZEL, 2017 WL 1301391, *, D.Md.; LEE RAY VAUGHN v. WEGMAN
ET. AL., 2017 WL 1650621.

        THE "INDEPENDENT ACTION" REFERRED TO IN RULE, GOVERNING
RELIEF FROM JUDGMENT AND PROVIDING THAT RULE DOES NOT LIMIT
THE POWER OF THE COURTS TO ENTERTAIN AN INDEPENDENT ACTION TO
RELIEVE A PARTY FROM A JUDGMENT FOR FRAUD UPON THE COURT, IF
YOU SAY THAT YOU ARE NOT A PARTY IN THIS FRAUD AND CRIMINAL
CONSPIRACY JUDGES WEST ET. AL., IS ON IN EQUITY, AND IN SUCH,
THE COURT MAY CONSIDER EQUITABLE DEFENSES, SUCH AS LACHES, RES

JUDICATA, OBSTRUCTION OF JUSTICE, COLLATERAL ESTOPPEL, UNCLEAN
HANDS, AND WHETHER AN ADEQUATE LEGAL REMEDY EXIST (ei. THE EXER-
CISE OF FEDERAL FORUM UNDER 28 U.S.C. §§ 1443(1), 2679, 1602-
1612 ET. SEQ. AND INJUNCTION TO STOP RETALIATORY ACTS BEHIND
RELIGIOUS AND RACIAL HATRED CONSPIRING UNDER COLOR OF STATE
LAW AND OR AUTHORITY), AND THE COURT MAY CONSIDER OTHER POLICY
DOCTRINE SUCH AS COMITY OR PARENS PATRIAE. THE COURT MUST BE
AWARE OF ALL CIRCUMSTANCES BEFORE IT ACTS, THUS, THE PARTIES
MUST BE ALLOWED TO DEVELOP THE RECORD ACCORDINGLY TO PROVE THE
FACTS, MR.T. v. MRS.T., 378 S.C. 127, 662 S.E.2d. 413(S.C.App.
2008); S & E CONTRACTORS, INC. v. U.S., 406 U.S. 1, 92 S.Ct.
1411(U.S.1972); COX v. FLEETWOOD HOMES OF GEORGIA, INC. 334
S.C. 55, 512 S.E.2d. 498(S.C.1999); U.S. v. HAMILTON, 699 F3d.
356 CA4 (N.C.2012); TETREV v. PRIDE INTERM, INC. 444 F.Supp.2d.
524 (DSC.2006); U.S. v. DALCOUR, 203 U.S. 408, 27 S.Ct. 58(U.S.
1906); EARLY v. STATE, S.E.2d.,--, 2016 WL 6092514(SupCt.2016).

WE ARE ALSO SUING FOR ACTS OF CONVERSION, SPOLIATION,
MAIL TAMPERING, DESTRUCTION OF EVIDENCE, DOCUMENTS AND PROPERTY,
DONE TO HINDER AND OR PREVENT US FROM BRINGING FORTH THESE PARAL-
LEL CASES. SPOLIATION IS THE DESTRUCTION OR MATERIAL ALTERATION
OF EVIDENCE OR DOCUMENTS,...OR THE FAILURE TO PRESERVE PROPERTY
(ei. MY TYPEWRITER THEY DESTROYED AND OTHER PROPERTY) FOR ANO-
THER'S USE OR AS EVIDENCE IN PENDING OR FORESEEABLE LITIGATION,
SILVESTRI v. GENERAL MOTORS CORP., 271 F3d. 583, 590(4th.Cir.
2001). THE COURT MAY IMPOSE SANCTIONS FOR SPOLIATION, WHICH
WE SEEK IN THE FORM OF AN INJUNCTION AND OR PROTECTIVE ORDER,
WHEN: (1) THE EVIDENCE, DOCUMENTS, OR PROPERTY ALLEGEDLY ALTERED
OR DESTROYED IS RELEVANT TO THE LITIGATION (THE TYPEWRITER IS
NEEDED TO LITIGATE WHEN CRAWFORD IS LABORING UNDER A DISABILITY
TO HIS HANDS CAUSED BY THE DEFENDANTS AND HE IS FORCED TO BORROW
ANOTHER'S TYPEWRITER IN VIOLATION OF S.C.D.C. POLICY. THE OTHER
PROPERTY IS RELEVANT TO THE ACTS OF RETALIATION BEING ARGUED
THAT STAND IN VIOLATION OF 42 U.S.C. § 12203(a)(b) OF ADA RE-
QUIRING SANCTIONS); (2) THE SPOLIATING PARTY WAS UNDER DUTY
TO PRESERVE THE EVIDENCE OR PROPERTY (THEY TOOK THE PROPERTY

WHEN THEY SHIPPED ME IN RETALIATION. IT WAS IN THEIR POSSESSION.
THEY WERE REQUIRED TO PRESERVE IT); AND (3) THE SPOLIATING PARTY
ACTED WITH THE REQUISITE LEVEL OF INTENT, WHICH THE S.C.D.C.
DEFENDANTS DID, SEE NUCAR CORP. v. BELL, 251 F.R.D. 191, 194
(DSC.2008); ATKINSON v. HOUSE OF RAEFORD FARMS, INC., CIVIL
ACTION No. 6:09-cv-01901-JMC, 2012 WL 1458181 at * 2 (DSC.2012).
THE ITEMS WERE PERMITTED TO BE SENT TO ME FROM THE COMPANY BY
WARDEN BURT WHERE FAMILY MEMBERS PAID FOR THEM. WHEN THESE FAC-
TORS ARE SATISFIED, "THE TRIAL COURT HAS DISCRETION TO PURSUE
A WIDE RANGE OF RESPONSES BOTH FOR THE PURPOSE OF LEVELING THE
EVIDENTIARY PLAYING FIELD AND FOR THE PURPOSE OF SANCTIONING
THE IMPROPER CONDUCT", VODUSEK v. BAYLINER MARINE CORP., 71
F3d. 148, 156(4th.Cir.1995).

THE PARTIES ACTED IN BAD FAITH TO OBSTRUCT, PREVENT AND
HINDER PROPER AND FAIR REVIEW IN THEIR "MEETING OF THE MINDS",
IN THEIR EFFORTS TO CREATE AN INCOMPLETE RECORD BEFORE THE COURT,
ALSO TO PREVENT THE JUDGES RECUSAL, PREVENT CLASS ACTION CERTI-
FICATION, TO PREVENT CHALLENGE TO PLRA AND AEDPA PROVISIONS,
RETALIATING AGAINST US DESTROYING TRIAL AND PCR TRANSCRIPTS
ON COLLATERAL AND DIRECT REVIEW, DESTROYING COURT DOCUMENTS,
EVIDENCE, PROPERTY, BLOCKING DNA EVIDENCE FROM BEING TESTED,
ALSO IN EFFORTS TO DENY ESTABLISHED JUDICIAL, LEGISLATIVE AND
ATTORNEY POWERS AND SOVEREIGN RIGHTS GIVEN BY THE CLAIMS OF
DEFAULT AND COLLATERAL ESTOPPEL EMERGING FROM CASE 2013-CP-400-
0084. THEIR INTENT IS CLEAR, CHOICE v. THYSSEN KRUPP INDUS,
SERVICES N.A., INC., 2014 WL 2613170 (DSC.2014). IT SHOWS A
CULPABLE LEVEL OF INTENT AND A CONNECTION BETWEEN THE PLAINTIFFS
ACTIONS AND DESTRUCTION OF EVIDENCE, PROPERTY AND DOCUMENTS.
THE PARTY SEEKING SANCTIONS NEED NOT PROVE BAD FAITH, EVEN THOUGH
SUCH DO INDEED EXIST. THEY KNEW THE TRANSCRIPTS, ITEMS AND DOCU-
MENTS WE SEEK TO FILE ARE NEEDED FOR THE PROCEEDINGS AND TO
PLACE THE PARALLEL CASES IN PROPER FORM AND OR TO PROVE THAT
THEY WERE RETALIATING AGAINST US FOR THE FREE EXERCISE OF CONSTI-
TUTIONALLY PROTECTED RIGHTS RELATED TO ADA, RELIGION AND ACCESS
TO THE COURTS. THE GRANTING OF THE INJUNCTION AND OR PROTECTIVE
ORDER IS A MORE THAN REASONABLE REMEDY OF THE INJUSTICES PER-

PETRATED BY THE DEFENDANTS INVOLVED IN HOPES OF LEVELING THE
EVIDENTIARY PLAYING FIELD AND TO DETER THEM FROM ANY FURTHER
MISCONDUCT, MORRIS v. WACHOVIA SECURITIES, INC., 448 F3d. 268,
Fed. Sec. L. Rep. P. 93, 858 CA4 (Va.2006); BLUE SKY TRAVEL
AND TOURS, LLC. v. AL TAYYAR, --Fed. Appx'--,2015 WL 1451636
CA4 (Va.2015).

    FOR AN INJUNCTION AND OR PROTECTIVE ORDER, THE PETITIONERS
MUST HAVE (1) SUFFERED AN IRREPARABLE INJURY (WE HAD CASES DIS-
MISSED BECAUSE THEY BLOCKED ESSENTIAL COPIES TO ALLOW US TO
PLACE THESE CASES IN PROPER FORM IN THEIR CONSPIRACY TO CREATE
AN INCOMPLETE RECORD TO DEFRAUD US ON APPEAL); (2) THAT REMEDIES
AVAILABLE AT LAW, SUCH AS MONETARY RELIEF, ARE INADEQUATE TO
COMPENSATE FOR THE INJURY (GIVING US MONEY IS NOT GOING TO STOP
THE RELIGIOUS ATTACKS OR OTHER RETALIATION AND CONCERNS. NOR
WILL IT ALLOW US THE ABILITY TO BE IN COMPLIANCE TO THE COURTS'
ORDERS TO PLACE THESE PARALLEL CASES IN PROPER FORM); (3) THAT,
CONSIDERING THE BALANCE IN HARDSHIPS BETWEEN THE PLAINTIFFS
AND DEFENDANTS, A REMEDY IN EQUITY IS WARRANTED (THE REMEDY
IS WARRANTED TO ALLOW US TO BE IN COMPLIANCE TO THE COURTS'
ORDERS AND TO END THE RETALIATORY ATTACKS); AND (4) THAT THE
PUBLIC INTEREST WOULD NOT BE DISSERVED BY AN INJUNCTION AND
OR PROTECTIVE ORDER. WE MEET EVERY PRONG OF THE STANDARD AND
CRITERION ESTABLISHED BY LAW, BARDACS v. HALEY, 58 F.Supp.3d.
211 CA4 (Md.2013); IT'SUGAR LLC. v. I LOVE SUGAR INC., 2013
WL 6077353 (DSC.2013).

    THERE IS LIKELIHOOD IN SUCCEEDING IN THE MERITS BECAUSE
JUST ABOUT EVERY JUDICIAL CIRCUIT AND STATE IN THE NATION HAVE
GRANTED THESE RELIGIOUS RIGHTS EXCEPT SOUTH CAROLINA. TO NOT
GRANT SUCH WOULD BE A VIOLATION OF THE EQUAL PROTECTION OF THE
LAWS CLAUSE. THERE IS ALSO DEFAULT AND COLLATERAL ESTOPPEL CLAIMS
EMERGING FROM CASE 2013-CP-400-0084 WHICH ALL THESE JUDGES ARE
AWARE OF THAT DIRECTLY IMPACT THESE PARALLEL CASES WHERE THESE
MATTERS WERE INITIALLY RAISED. THE S.C. ATTORNEY GENERAL DE-

FAULTED ON THE DNA EVIDENCE WHEN HE FAILED TO RESPOND AND OPPOSE
IT WITHIN (90) DAYS BEFORE THE RICHLAND COUNTY S.C. GENERAL
SESSIONS COURT WHICH WAS REQUIRED BY DUE PROCESS LAW.; (2) THERE
IS LIKELIHOOD THAT WE WOULD SUFFER IRREPARABLE HARM IF NOT
GRANTED TO OUR RELIGIOUS RIGHTS, OUR PROPERTY AND TO OUR ABILITY
TO ARGUE THIS CASE AND BE IN COMPLIANCE TO THE COURTS' ORDERS
TO PLACE THE CASES IN PROPER FORM TO ARGUE THE MERITS WHICH
WOULD POTENTIALLY CAUSE THE CASES TO BE UNJUSTLY DISMISSED,
WHICH INCLUDE BY NOT HAVING THIS PROPERTY IMMEDIATELY REPLACED.
WE ALSO NEED TO PREVENT ANY POTENTIAL PHYSICAL ASSAULTS OR ANY
OTHER FURTHER ACTS OF RETALIATION THAT COULD OCCUR IN VIOLATION
OF 42 U.S.C. §§ 12203(a)(b) OF ADA AND 2000 cc. ET. SEQ. OF
PLUIPA; (3) THE BALANCE OF EQUITY TIPS IN ITS FAVOR; (4) THE
INJUNCTION AND OR PROTECTIVE ORDER IS IN THE PUBLIC INTEREST
TO PREVENT ARBITRARY STATE ACTION, CRIMINAL CONSPIRACY, OBSTRUC-
TION OF JUSTICE AND FRAUD UPON THE COURTS INVOLVED. THE PARTIES
HAVE (10) DAYS FROM SERVICE TO EXPLAIN TO THE PLAINTIFFS AND
THE COURT WHY THIS SHOULD NOT BE GRANTED OR THEY ARE IN FOR-
FEITURE OF ANY OPPOSITION AND THE INJUNCTION STANDS. THE INJUNC-
TION CAN BE SIGNED BY THE MAGISTRATE JUDGE OR ANY OTHER FEDERAL
JUDGE. WE ARE NOT PARTICULAR AS TO WHICH OF THE JUDGES SIGN
IT. WE JUST WANT THE MADNESS, HAVOC, MAYHEM, THE OBSTRUCTIVE
, AND DIATORY BEHAVIOR TO STOP AND TO BE PERMITTED TO LITIGATE
THESE PARALLEL CASES WITHOUT ANY FURTHER HINDERANCE, HAWKINS
v. TURBEVILLE CORRECTIONAL INST., F.Supp.2d., 2013 WL 2423216
(DSC.2013); BUFF v. STERLING, 2015 WL 1578845(DSC.2013); U.S.
v. SOUTH-CAROLINA, 720 F3d. 518 CA4 (S.C.2013); ALI v. STEPHENS,
822 F3d. 716(5TH.Cir.2016); UNITED STATES v. SHAPAT AHDAWAN
NABAYA, 2017 WL 1424802, * 6+, (E.D.Va.2017); HOLT v. HOBBS,
135 S.Ct. 853, 2015 WL 232143; STRONG v. LIVINGSTON, 2017 WL
1102861, * 1+, S.D.Tex.; MILES v. GUICE,--Fed. Appx'--4TH. Cir.
(N.C.); AMERICAN ATHEIST, INC. v. PORT AUTHORITY OF N.Y. AND
N.J., 936 F.Supp.2d. 321 (N.Y.D.C.2013); HASAN v. CITY OF NEW
YORK, 804 F3d. 277(3rd.Cir.2015); BARBER v. BRYANT, 193 F.Supp.
3d. 677(Miss.2016); JOHNSON v. UNITED STATES DEPT. OF JUSTICE,
2016 WL 4593467(D.Md.2016); PEGG v. HEARNBERGER, 845 F3d. 112

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO: NAME: Mr Blackwell | TITLE: Warden | DATE: 6/28/16 |
|---|---|---|
| INMATE'S NAME: Lawrence Crawford | | SCDC #: 300839 |
| INSTITUTION: Lieber CI | | LIVING QUARTERS: Wando A-127 |

Sir - I have a grandfather type writer on my property list. Smith and Corona wrote me and informed me they no longer service the machine directly and gave me the name of one of their affiliates who do. A copy of that flyer sent to me is here attached. My family contacted Will Repair Service who informed them that

**DISPOSITION BY STAFF MEMBER:**

| DATE: | SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.FEB 2001)

1 of 9

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

RECEIVED

| TO:   NAME:                TITLE: | DATE:  JUL 07 2016 |
|---|---|
| Mr Blackwell   Warden | DIRECTOR |
| INMATE'S NAME:  Lawrence Crawford | SCDC #:  300839 |
| INSTITUTION: | LIVING QUARTERS:  WA-127 |

their company will service my typewriter.
Since I am indigent with no money on
my books. Will repair said they will send
me a postage sticker to place on the
box to cover the postage to send the
typewriter to them where they will
make all repairs and return it to me.
This is what I am writing you about. I
need permission for them to be allowed

**DISPOSITION BY STAFF MEMBER:**

to send the postage to ms Bryant in the
mail room. Then I ask if I can be called
up to the mailroom to get the postage,
have it placed on the box, checked by
property control and have the machine

| DATE: | SIGNATURE: |
|---|---|
| | |

SCDC FORM 19-11 (REV FEB 2001)

Jo84

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO:   NAME:   TITLE: | DATE: |
|---|---|
| Mr. Blackwell   Warden | 6/28/16 |
| INMATE'S NAME: Lawrence Crawford | SCDC #: 300839 |
| INSTITUTION: | LIVING QUARTERS: WA-127 |

sent out for REPAIRS And then RETURNED to me? Would you please Allow the company to send this postage And Allow the type writer to be sent out for REPAIRS? For this WARDEN BLACKWELL SiR, I would be truly grateful. CAN you please let me know what your answer is Sir. Thank you.

Respectfully L Crawford

DISPOSITION BY STAFF MEMBER:

RECEIVED

JUL 07 2016

DIRECTOR

| DATE: | SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV. FEB 2001)

38/4



# WILL REPAIR SERVICE

5117 FARMLANE ROAD • DUNKIRK, NY 14048 • (716) 366-1424 • FAX: (716) 366-7089

## 1-800-334-2137 • willrepairservice.com

CURRENT PRICES AS OF AUGUST 2015

WORD PROCESSORS PRESENTLY IN STOCK ARE AS FOLLOWS:

## BROTHER  Disk Drive Memory Storage:
| | | |
|---|---|---|
| N.L.A. WP-1700MDS | $545 | BUILT-IN FLIP-UP 14-LINE 8" X 2" LCD DISPLAY PANEL |
| WP-5600MDS | $725 | 14" MONITOR INCLUDED |
| WP-5850MDS | $755 | 14" MONITOR INCLUDED |
| WP-5900MDS | $785 | 14" MONITOR INCLUDED |

## SMITH-CORONA  Disk Drive Memory Storage:
| | | |
|---|---|---|
| PWP-78DS | $675 | 14-LINE 8" X 2" LCD |
| PWP-125 | $495 | 8 1/2" X 1 1/2"LCD |
| PWP-145 | $495 | 8 1/2" X 1 1/2"LCD |
| PWP-425 | $595 | 9" MONITOR BUILT-IN |
| PWP-365 | $675 | 14-LINE 8" X 2" LCD |
| PWP-990 | $585 | 9" MONITOR BUILT-IN |
| PWP-3200 | $675 | 14-LINE 8" X 2" LCD |
| PWP-3600 | $675 | 14-LINE 8" X 2" LCD |
| PWP-3700 | $695 | 12" MONITOR INCLUDED |
| PWP-3800 | $695 | 12" MONITOR INCLUDED |
| PWP-3850 | $695 | 12" MONITOR INCLUDED |
| PWP-4150 | $795 | 14" MONITOR INCLUDED |
| PWP-4400 | $785 | 14" MONITOR INCLUDED |
| PWP-4500 | $785 | 14" MONITOR INCLUDED |
| PWP-5000-PLUS | $785 | 14" MONITOR INCLUDED |
| PWP-5000 | $785 | 9" MONITOR BUILT-IN |
| PWP-5100 | $785 | 9" MONITOR BUILT-IN |
| PWP-8000 | $585 | LAPTOP 14-LINE 8" X 2 1/2" LCD -PRINTER EXTRA COST |
| PWP-9000/9500 | $685 | LAPTOP 14-LINE, ETC.   PRINTER COST=$395.00 |

NOTE: IF MONITOR IS NOT MENTIONED, THE UNIT HAS A BUILT-IN FLIP-UP DISPLAY L.CD PANEL.
LCD=LIQUID CRYSTAL DISPLAY

**NEW WORDSMITHS with all of the heavy-duty upgrades installed:** BLUE-CHARACTER, HEAVY-DUTY LCD TITANIUM PRINT HAMMER FACE

WE ALSO DO REPAIRS...
FREE ESTIMATES AND ONE-YEAR GUARANTEE ON ALL REPAIRS.
WordSmith-100---$189.00--NEW
WordSmith-250---$239.00--NEW + SHIP

239.00
35.00
#274.00
sub total

SHIPPING IS $35.00 EXTRA.

## INTERNAL MEMORY - NO DISK DRIVE:
| | | |
|---|---|---|
| PWP-50D - 30 KB | $695 | 8 1/2" X 1 1/2"LCD - 5 LINES |
| WP-135 - 22 KB | $395 | 6" X 1/2" 40 CHARACTER LCD |
| WP-1100 - 22KB | $395 | 6" X 1/2" 40 CHARACTER LCD |
| PWP-2500 - 30 KB | $695 | 8 1/2" X 1 1/2"LCD |
| SD-680 - 6.7 KB | $345 | 24 CHARACTER DISPLAY |
| XD-4900 - 6.7 KB | $345 | 24 CHARACTER DISPLAY |

## 32 KB INTERNAL PLUS EXTERNAL 32 KB MEMORY CARD SLOT:
UNLIMITED EXTERNAL MEMORY CARD SLOT
| | | |
|---|---|---|
| PWP-47D - 32 KB INTERNAL | $585 | 8 1/2" X 1 1/2"LCD - 5 LINES |
| PWP-90 - 32 KB INTERNAL | $585 | 8 1/2" X 1 1/2"LCD - 5 LINES |

MEMORY CARD # S75531 - 32 KB (PWP 90, 1000, X-10, MARK V, 47D) $37.00 5 LINES

## BROTHER INKJET:
| | | |
|---|---|---|
| N.L.A. DP-525-CJ | $495 | 7-LINE 8" X 1" DISPLAY |
| DP-530-CJ | $595 | 14-LINE 8" X 2" DISPLAY |
| DP-540-CJ | $840 | 35-LINE 8 1/2" X 5 1/4" DISPLAY |
| N.L.A. DP-550-CJ | $950 | 35-LINE 8 1/2" X 5 1/4" DISPLAY BACKLIGHT |

ALL WORD PROCESSORS HAVE A ONE-YEAR GUARANTEE. SOME ARE NEW AND OTHERS ARE FACTORY-RECONDITIONED IN EXCELLENT CONDITION.

WE ALSO HAVE SUPPLIES... THANKS FOR YOUR INTEREST.

Exhibit

" Extra territorial and multi- "
District litigation claim, conspiracy
i ndictments

≈

File in case
18-8022

≈

| File No.<br>**06CR 056285** | Law Enforcement Case No. | | LID No. | SID No. | FBI No. | |
|---|---|---|---|---|---|---|

# WARRANT FOR ARREST

Offense
I ROBBERY WITH DANGEROUS WEAPON
II SECOND DEGREE KIDNAPPING
III ATTEMPTED LARCENY (F)

## THE STATE OF NORTH CAROLINA VS.

Name And Address Of Defendant
~~[redacted]~~
1022 J W WILSON RD
FORT MILL SC 29715
803-679-5196 YORK COUNTY

| Race | Sex<br>M | Date Of Birth | Age |
|---|---|---|---|
| Social Security No. | | Drivers License No. & State | |

Name Of Defendant's Employer

| Offense Code(s)<br>I 1222<br>II 1028<br>III 2327 | Offense In Violation Of G.S.<br>I 14-87<br>II 14-39<br>III 14-72 |
|---|---|
| | Date Of Offense<br>10/17/2006 |

Date Of Arrest & Check Digit No. (As Shown On Fingerprint Card)
05-03-07  G09204D

Complainant (Name, Address Or Department)
R L YOW (UNION SO)
3344 PRESSON RD
MONROE NC 28112
UNION County

Witnesses (Names, Addresses, Telephone Nos., Counties)
OCT 17
MW [illegible] IC113

[X] Misdemeanor Offense Which Requires
Fingerprinting Per Fingerprint Plan

Date Issued
10/17/2006

---

# STATE OF NORTH CAROLINA

In The General Court Of Justice
District Court Division

**UNION** _____ County

To any officer with authority and jurisdiction to execute a warrant for arrest for the offense(s) charged below:

I, the undersigned, find that there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did steal, take, and carry away another's personal property, 100.00 US CURRENCY of the value of 100.00 from the person and presence of CHRISTY SMITH. The defendant committed this act by means of an assault consisting of having in possession and threatening the use of a firearm to wit, REVOLVER PISTOL whereby the life of CHRISTY SMITH was threatened and endangered.

I, the undersigned, find that there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did kidnap CHRISTY SMITH, a person who has attained the age of 16 years by unlawfully removing the victim from one place to another, without the victim's consent, and for the purpose of facilitating the commission of a felony, ROBBERY WITH A DANGEROUS WEAPON.

I, the undersigned, find that there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did attempt to steal, take, and carry away VEHICLE KEYS AND A 1997 BUICK LESABRE, the personal property of CHRISTY SMITH, such property having a value of 3500.00.

A TRUE COPY
CLERK OF SUPERIOR COURT
BY _[signature]_
Asst. Deputy Clerk Superior Court

This act(s) was in violation of the law(s) referred to in this Warrant. This Warrant is issued upon information furnished under oath by the complainant listed. You are DIRECTED to arrest the defendant and bring the defendant before a judicial official without unnecessary delay to answer the charge(s) above.

| Signature<br>J S SMITH<br>**MAGISTRATE** | Location Of Court<br>MONROE  Room DIST | |
|---|---|---|
| | Court Date<br>12/06/2006 | Court Time<br>02:00  AM |

AOC-CR-100, Rev. 12/03 (Structured Sentencing)
© 2003 Administrative Office of the Courts

No Image Available

**ORIGINAL COPY**

Entry ID: 6232373  Date Filed: 02/11/2019  Page: 41  Document: 0011740948  Case: 18-8022  ORIGINAL COPY

Exhibit N. Carolina - 2

# STATE OF NORTH CAROLINA

File No.

06CRS56285

_____ Union _____ County

In The General Court Of Justice
Superior Court Division

### STATE VERSUS

**STATE VERSUS**

*Name Of Defendant*

~~████████████~~

*Date Of Offense*
10/17/2006

*Offense In Violation Of G.S.*
14-87

**INDICTMENT**
**ROBBERY WITH DANGEROUS WEAPON** (1222)

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant

named above unlawfully, willfully and feloniously did steal, take, and carry away and attempt to steal, take and carry away another's

personal property,

a quantity of U. S. currency

of the value of $ _more than $1.00_ dollars, from the presence, person, place of business, and residence of

Christy Smith

The defendant committed this act having in possession and with the use and threatened use of firearms and other dangerous

weapons , implements, and means,

a pistol

whereby the life of   Christy Smith

was endangered and threatened.

*Signature Of Prosecutor*

**WITNESSES**

| ☑ R. Yow, UCSO | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |

A TRUE COPY
CLERK OF SUPERIOR COURT
BY _____
Asst. Deputy Clerk Superior Court

The Witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and, after hearing testimony, this Bill
was found to be:

☑ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence
of twelve or more grand jurors in this Bill of Indictment.

☐ NOT A TRUE BILL.

*Date*
6/11/07

*Signature Of Grand Jury Foreman*

AOC-CR-135, Rev. 10/96
© 1997 Administrative Office of the Courts

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 3:08-643 |
| | ) |
| | )       21 USC § 846 |
| | )       21 USC § 841(a)(1) |
| vs. | )       21 USC § 841(b)(1)(A) |
| | )       18 USC § 924(c)(1) |
| | )       18 USC § 924(c)(1)(A)(i) |
| | ) |
| ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆OR | )    INDICTMENT |

### COUNT 1

THE GRAND JURY CHARGES:

That beginning in or around January 2005, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the Defendant, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆R, knowingly and intentionally did combine, conspire and agree and have tacit understanding with others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

3:08-cr-00643-CRI    Date Filed 07/01/2008    Entry Num.    2    Page 2 of 2

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about February 13, 2006, in the District of South Carolina, the Defendant, ~~████████████████████~~, knowingly did possess firearms in furtherance of a drug trafficking crime which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 924(c)(1) and 924(c)(1)(A)(i).

A _____ True _____ Bill

s/Foreperson
                FOREPERSON

s/W. Walter Wilkins
W. WALTER WILKINS (mcm)
UNITED STATES ATTORNEY

# 21

1            IN THE UNITED STATES DISTRICT COURT

2          FOR THE EASTERN DISTRICT OF WASHINGTON

3    UNITED STATES OF AMERICA,          )
                                        )
4              Plaintiff,               )
                                        )  No. CR-92-329-WFN
5    vs.                                )  December 21, 1992
                                        )  Spokane, Washington
6    ~~DONALD ELLISON~~,                )
                                        )
7              Defendant.               )
     _____      )

                                              FILED IN THE
                                              U.S. DISTRICT COURT
8                                             East___  ___   ___

                                              DEC 2 9 1992
9          TRANSCRIPT OF PROCEEDINGS
                                              JAMES R. LARSEN, Clerk
10          CHANGE OF PLEA HEARING         _____
                                                              Deputy
11    BEFORE THE HONORABLE WILLIAM FREMMING NIELSEN

12   APPEARANCES:

13   For the Plaintiff:    U.S. ATTORNEY'S OFFICE
                           BY:   Mr. Rolf Tangvald
14                               Attorney at Law
                           P. O. Box 1494
15                         Spokane, WA  99210

16   For the Defendant:    LEWIS WILSON, P.S.
                           BY:   Mr. Lewis Wilson
17                               Attorney at Law
                           W. 1519 Broadway
18                         Spokane, WA  99201

19   COURT REPORTER:       Mark A. Snover, RPR, CSR
                           P. O. Box 2209
20                         Spokane, WA  99210-2209

21

22

23

24

25

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

NOV 1 8 1992

JAMES R. LARSEN, Clerk

_____ Deputy

1  WILLIAM D. HYSLOP
   UNITED STATES ATTORNEY
2  Eastern District of Washington
   RONALD W. SKIBBIE
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone:  (509) 353-2767

CR-92-329-JLQ

5
                   UNITED STATES DISTRICT COURT
6                  EASTERN DISTRICT OF WASHINGTON

7
   UNITED STATES OF AMERICA     )      INDICTMENT
8                               )
             Plaintiff,         )
9                               )      VIO: 21 U.S.C. 841(a)(1)
                                )      and 18 U.S.C. §2;
10      vs.                     )      Possession with Intent to
                                )      Distribute Methampheta-
                                )      mine (count 1)
11                              )
        ████████N, and          )      21 U.S.C. §841(a)(1)
12      ████████                )      and 18 U.S.C. §2;
                                )      Possession with Intent to
13           Defendants.        )      Distribute Heroin
                                )      (count 2)
14                              )
                                )      21 U.S.C. §843(b);
15                              )      Unlawful Use of a
                                )      Communications Facility
16                              )      (U.S. Mail) To Distribute
                                )      a Controlled Substance
17                              )      (count 3)
                                )
18                              )      18 U.S.C. §922(g) and
                                )      924; Felon in Possession
19                              )      of a Firearm (count 4)
                                )
20                              )      18 U.S.C. §924(c)(1); Use
                                )      or Carry a Firearm During
21                              )      or in Relation to a Drug
                                )      Trafficking Crime (count
22                              )      5)
                                )
23
        The Grand Jury Charges:
24
                             Count 1
25
        That on or about November 6, 1992, in the Eastern District
26
   of Washington, ████████, and ████████, did knowingly,
27

28

                                 1

P21109KW.RSA

1  willfully and unlawfully possess with the intent to distribute

2  methamphetamine, a Schedule II controlled substance; in violation

3  of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

4                                Count 2

5      That on or about November 6, 1992, in the Eastern District

6  of Washington, ████████████, and ████████████, did knowingly,

7  willfully and unlawfully possess with the intent to distribute

8  heroin, a Schedule I controlled substance; in violation of 21

9  U.S.C. §841(a)(1) and 18 U.S.C. §2.

10                               Count 3

11     That on or about November 6, 1992, in the Eastern District

12 of Washington, ███████████, knowingly and intentionally did

13 unlawfully use a communications facility, that is the United

14 States mail, to facilitate the distribution of methamphetamine, a

15 Schedule II controlled substance, and heroin, a Schedule I

16 controlled substance, in violation of 21 U.S.C. §843(b).

17                               Count 4

18     That on or about November 6, 1992, in the Eastern District

19 of Washington, ████████████ being a person who had theretofore

20 been convicted of an offense punishable by imprisonment for a

21 term exceeding one year, did knowingly possess firearms, to wit:

22 a Ruger, 9 mm pistol, serial #30215399; a CDM Products, .22

23 caliber derringer, serial #L006949; a High Standard, 12 gauge

24 pump shotgun, serial #3182795; a Remington, Model 788 bolt-action

25 rifle, serial #B6065349; a Remington, Model 870, 12 gauge pump

26 shotgun, serial #W832188M; a Remington, .22 caliber pump rifle,

27 serial #146799; a Beretta, over/under 20 gauge shotgun, serial

28

1  #X12399; and a Jennings, .22 caliber pistol, serial #635159;

2  which firearms had theretofore been transported in commerce and

3  affecting commerce; all in violation of 18 U.S.C. 922(g) and 924.

Count 5

5  That on or about November 6, 1992, in the Eastern District

6  of Washington, ~~████████~~, did knowingly, willfully and

7  unlawfully use or carry firearms, to wit: a Ruger, 9 mm pistol,

8  serial #30215399; a CDM Products, .22 caliber derringer, serial

9  #L006949; a High Standard, 12 gauge pump shotgun, serial

10 #3182795; a Remington, Model 788 bolt-action rifle, serial

11 #B6065349; a Remington, Model 870, 12 gauge pump shotgun, serial

12 #W832188M; a Remington, .22 caliber pump rifle, serial #146799; a

13 Beretta, over/under 20 gauge shotgun, serial #X12399; and a

14 Jennings, .22 caliber pistol, serial #635159; during and in

15 relation to a drug trafficking crime, to wit, possession with

16 intent to distribute a controlled substance, in violation of 21

17 U.S.C. 841(a)(1); all in violation of 18 U.S.C. 924(c)(1).

18 DATED this __17__ day of November, 1992.

19 A TRUE BILL

20

21 *[signature]*
   FOREMAN

22 *[signature]*
23 WILLIAM D. HYSLOP
   United States Attorney

24 *[signature]*
25 RONALD W. SKIBBIE
   Assistant United States Attorney

26

27

28
   D21109KW.RSA                              3

## THE COMMONWEALTH OF MASSACHUSETTS

*BERKSHIRE, SS.*

*At the Superior Court holden at Pittsfield, within and for the County of Berkshire, for the transaction of criminal business, on the **second Wednesday** of **February** in the year of our Lord **two thousand two***

## THE JURORS FOR SAID COMMONWEALTH ON THEIR OATH PRESENT, THAT



of Pittsfield in the County of Berkshire, on or about the **twenty-eighth** day of **January** in the year of our Lord **two thousand two** at **Pittsfield**, in the County of Berkshire,

did conspire with Crystal J. Cargill, Allison M. Neil, Otis J. Prugel, and Emmitt I. Harvin (a/k/a Lefty) to violate the provisions of Massachusetts General Laws Chapter 94C, to wit:  Trafficking in Cocaine, in violation of Massachusetts General Laws, Chapter 94C, section 40.

A TRUE BILL.

*Assistant District Attorney for the Berkshire District*

Jacqueline DuBer
*Foreman*

1 of 3

# THE COMMONWEALTH OF MASSACHUSETTS

*BERKSHIRE, SS.*

At the Superior Court holden at Pittsfield, within and for the County of Berkshire, for the transaction of criminal business, on the **second Wednesday of February** in the year of our Lord **two thousand two**

## THE JURORS FOR SAID COMMONWEALTH ON THEIR OATH PRESENT, THAT



of Pittsfield in the County of Berkshire, on or about the **twenty-eighth** day of **January** in the year of our Lord **two thousand two** at **Pittsfield**, in the County of Berkshire,

not being authorized by law, did knowingly or intentionally possess a controlled substance in class D of general laws Chapter 94C, section 31, to wit: marijuana, in violation of Massachusetts General Laws, Chapter 94C, section 34.

A TRUE BILL

*Assistant District Attorney for the Berkshire District*

Jacquelin Albert
*Foreman*

2 of 3

# THE COMMONWEALTH OF KENTUCKY

## Jefferson Circuit Court, Criminal Division
### 99CR2923-9

DECEMBER Term A.D., 1999

THE COMMONWEALTH OF KENTUCKY

Against

⸻⸻⸻⸻⸻⸻ ⟩
⸻⸻⸻⸻⸻⸻ ⟩  ROBBERY I
⸻⸻⸻⸻⸻⸻ ⟩  KRS 515.020 Class B Felony
⸻⸻⸻⸻⸻⸻ ⟩  10 to 20 years
                    ⟩  UOR 12000
                    ⟩  (7 COUNTS)

The Grand Jurors of the County of Jefferson, in the name and by the authority of the Commonwealth of Kentucky, charge:

### COUNT ONE

That on or about the 29th day of September, 1999, in Jefferson County, Kentucky, the above named defendant, ⸻⸻⸻⸻⸻⸻., committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon BP Oil, with the intent to accomplish the theft and (a) he caused physical injury to BP Oil, who was not a participant in the crime; OR (b) he was armed with a deadly weapon; OR (c) he used or threatened the immediate use of a dangerous instrument upon BP Oil, who was not a participant in the crime.

### COUNT TWO

That on or about the 30th day of September, 1999, in Jefferson County, Kentucky, the above named defendant, ⸻⸻⸻⸻⸻⸻., committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon Big Foot, 6204 Shepherdsville Road, with the intent to accomplish the theft and (a) he caused physical injury to Big Foot, 6204 Shepherdsville Road, who was not a participant in the crime; OR (b) he was armed with a deadly weapon; OR (c) he used or threatened the immediate use of a dangerous instrument upon Big Foot, 6204 Shepherdsville Road, who was not a participant in the crime.

CERTIFIED COPY OF RECORD
OF JEFFERSON CIRCUIT COURT
TONY MILLER, CLERK

BY ⸻⸻⸻⸻⸻ D.C.

SUPERIOR COURT OF NEW JERSEY

HUDSON COUNTY

LAW DIVISION—CRIMINAL BRANCH

. 1987    TERM 1st    SESSION 2nd    PANEL B

THE STATE OF NEW JERSEY    INDICTMENT NO: 1324 09 86

vs.

CHARGE:

~~—~~    1. UNLAW. POSS. WPN. (NJS 2C:39-5(b))

2.

DEFENDANT    3.

THE GRAND JURORS OF THE STATE OF NEW JERSEY, FOR THE COUNTY
OF HUDSON UPON THEIR OATHS, PRESENT THAT ~~—~~.

ON OR ABOUT THE 13th DAY OF August    19 86, in the Town of
Secaucus    IN THE COUNTY OF HUDSON AFORESAID
AND WITHIN THE JURISDICTION OF THIS COURT, knowingly and unlawfully did possess
a certain weapon, to wit, a handgun, without first having obtained a
permit to carry same as provided in NJS 2C:58-4, contrary to the provi-
sions of NJS 2C:39-5(b),

AGAINST THE PEACE OF THIS STATE, THE GOVERNMENT AND DIGNITY OF THE SAME.

SLO/aic    PAUL M. DE PASCALE, PROSECUTOR

A TRUE BILL    ASSIGNED TO THE SUPERIOR COURT
SEP 19 1986

FOREMAN    ASSIGNMENT JUDGE SUPERIOR COURT

PRESENTED:

# THE COMMONWEALTH OF KENTUCKY

## Jefferson Circuit Court, Criminal Division

DECEMBER Term A.D., 1999

THE COMMONWEALTH OF KENTUCKY

Against

~~████████████████████~~ }

## COUNT THREE

That on or about the 13th day of October, 1999, in Jefferson County, Kentucky, the above named defendant, ████████████████████, committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon Super America, 5510 Bardstown Road, with the intent to accomplish the theft and (a) he caused physical injury to Super America, 5510 Bardstown Road, who was not a participant in the crime; OR (b) he was armed with a deadly weapon; OR (c) he used or threatened the immediate use of a dangerous instrument upon Super America, 5510 Bardstown Road, who was not a participant in the crime.

## COUNT FOUR

That on or about the 10th day of November, 1999, in Jefferson County, Kentucky, the above named defendant, ████████████████████, committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon Super America, 5510 Bardstown Road, with the intent to accomplish the theft and (a) he caused physical injury to Super America, 5510 Bardstown Road, who was not a participant in the crime; OR (b) he was armed with a deadly weapon; OR (c) he used or threatened the immediate use of a dangerous instrument upon Super America, 5510 Bardstown Road, who was not a participant in the crime.

CERTIFIED COPY OF RECORD
OF JEFFERSON CIRCUIT COURT
TONY MILLER, CLERK
BY ℒ. Bruce        D.C.

2

# THE COMMONWEALTH OF KENTUCKY

## Jefferson Circuit Court, Criminal Division

DECEMBER  Term A.D., 1999

THE COMMONWEALTH OF KENTUCKY

Against

~~████████████████████~~

```
                                        )
_____          }
_____          }
_____          )
```

## COUNT FIVE

That on or about the 13th day of November, 1999, in Jefferson County, Kentucky, the above named defendant, ████████████████, committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon Super America, 2720 Taylorsville Road, with the intent to accomplish the theft and (a) he caused physical injury to Super America, 2720 Taylorsville Road, who was not a participant in the crime; OR (b) he was armed with a deadly weapon, OR (c) he used or threatened the immediate use of a dangerous instrument upon Super America, 2720 Taylorsville Road, who was not a participant in the crime.

## COUNT SIX

That on or about the 31st day of October, 1999, in Jefferson County, Kentucky, the above named defendant, ████████████████, committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon Dairy Mart, 4700 Bardstown Road, with the intent to accomplish the theft and (a) he caused physical injury to Dairy Mart, 4700 Bardstown Road, who was not a participant in the crime; OR (b) he was armed with a deadly weapon; OR (c) he used or threatened the immediate use of a dangerous instrument upon Dairy Mart, 4700 Bardstown Road, who was not a participant in the crime.

CERTIFIED COPY OF RECORD
OF JEFFERSON CIRCUIT COURT
TONY MILLER, CLERK

BY _____ D.C.

# THE COMMONWEALTH OF KENTUCKY

## Jefferson Circuit Court, Criminal Division

DECEMBER  Term A.D., 1999

THE COMMONWEALTH OF KENTUCKY

Against

~~GREGORY OSWALD WHITE~~ JR.

}

### COUNT SEVEN

That on or about the 13th day of October, 1999, in Jefferson County, Kentucky, the above named defendant, ~~GREGORY OSWALD WHITE~~, committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon New York Tailor, 5304 Bardstown Road, with the intent to accomplish the theft and (a) he caused physical injury to New York Tailor, 5304 Bardstown Road, who was not a participant in the crime, OR (b) he was armed with a deadly weapon, OR (c) he used or threatened the immediate use of a dangerous instrument upon New York Tailor, 5304 Bardstown Road, who was not a participant in the crime.

AGAINST THE PEACE AND DIGNITY OF THE COMMONWEALTH OF KENTUCKY

A TRUE BILL

*Valerie L Powell*

FOREPERSON

Div - 9

Wit:    Det. John Minogue, 6903, JCPD

Joseph Gutmann/jg
Assigned Assistant Commonwealth's Attorney

12-6    18 99

RECEIVED, from the Foreman of the Grand Jury, in their presence, and filed in open Court.
ATTEST: TONY MILLER, Clerk
By _____ D.C.

TRUE BILL-COUNTS ~~1 2 3 4 5 6~~ 7

CERTIFIED COPY OF RECORD
OF JEFFERSON CIRCUIT COURT
TONY MILLER, CLERK

4

Please file

in case

18- 8022

Thank you

US COURT OF APPEALS
2019 FEB 11 PM 1:54

LAWRENCE L CRAWFORD
# 300839 Edisto A-16
Lieber C.I P.O Box 205
Ridgeville, SC 29472

RECEIVED
FEB 06 2019
MAIL ROOM
LIEBER C.I.

FOR LEGAL USE ONLY

US Court of Appeals
For The First circuit
1 Court house way suite 2500
Boston Mass. 02210

