# COURT of APPEALS
## FOR THE 1st., 3Rd CiRcuits Et Al,

Petition FROM multi District
Litigation PROCEEDiNgs within
the states of MASSAChusetts,
New JeRsey, South CARoliNA
Et AL.

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE
JUN 10 PM 2:08

CASE 18-3457 3Rd CiRcuit
CASE 18-8022 1st CiRcuit Et AL,

LAWRENce L CRAWfoRd AKA
JoSiAh GABRiel JAh JAh T. TishbitE

1 of 46

Yahya muquit et al.,

petitioners

Vs.

The New Jersey District court
et al.,

defendant

_____

Affidavit of service

I, Jahjah Al mahdi, do hereby
certify, that I have mailed and
or served A copy of An affidavit
of facts Giving judicial notice;
Filing Writ of error; motion For

2 of 46

sanctions reviewing the motion to disqualify the 3rd circuit and establish jurisdiction before the 1st circuit; motion for forfeiture on the causes; * * * (46) pages dated may 22, 2019 on the 3rd circuit and all involved parties by US mail postage prepaid by depositing it in the institution mailbox on may 24, 2019.

Respectfully,

Jahjah Al mahdi

may 24, 2019

3 of 46

COURT of APPEALS

For The Lst, 3Rd Circuits Et. AL,

_____

Petition from multi District
Litigation Proceedings within
the states of Massachusetts,
New Jersey, south carolina
Et Al,

_____

CASE 18-3457 3Rd Circuit

CASE 18-8022 Lst Circuit Et. AL,

_____

LAWRENCE L CRAWFORD AKA
Jonah Gabriel Johtah T. Tishbite,
4 of 46

Yahya mu Quit et al,

petitioners

Vs

The New Jersey District Court
And 3 Judges Panel seeking
Transfer pursuant to 28 USC
1407 * * * et al,

defendants

Affidavit of Facts Giving Judicial
Notice; Filing Writ of Error;
Motion for Sanctions Renewing
the motion to disquality the
5 of 46

3Rd Circuit And establish juris-
diction before the 1st circuit;
motion for forfeiture on the
causes; Renewing the motion to
suspend the appellate court Rules
which include page limits; motions
for Rehearing on the motion to
file in forma pauperis due to
threat of imminent danger;
motion to Amend the parties;
motion to stay Until 1st circuit
Review; motion to expand the
scope and for inclusion; motion
to challenge the 3Rd circuits
jurisdiction and vacate the

ORDER dated filed MAY 10, 2019
due to FRAUD Upon the COURT AND
motion TO motion Therefor

IN RE to CASE 18-3457 et. AL.,

TO, The 3Rd Circuit COURT of

APPEALS,

The 1st Circuit COURT of

APPEALS,

The N.J. District COURT

et. AL,

I give All PARTIES judicial
NOTICE. there the COURT AND
PARTIES will find:

7 of 46

(1) Exhibit, "3RD Circuit FRAUD". This is the ORDER issued in CASE 18-3457 dated filed May 10, 2019. This ORDER is being collaterally attacked for FRAUD upon the court challenging the 3RD circuit courts jurisdiction to issue it.

(2) Exhibit, " § 1983 CIV-1400". This is A copy of the complaint that establishes CASE 9:19-CIV-1400-TLW-BM in S. CAROLINA.

(3) Exhibit, " 0552 REMOVAL". This is the REMOVAL document RELATED to CASE 2006-CP-400-0552.

(4) - (7) Exhibits, "Transfer confirmation"; "Imminent Danger Threat"; "9,19-1400 Fraud correction"; "9,19-1400 initial filing". These are the Institution debit forms to aid in establishing the juris-dictional facts and timelines.

I motion to expand the scope and for inclusion and that all documents filed in case 9,19-cu-1400-TLW-Bm in the SC District Court now be deemed filed in both case 18-3457 and 18-8022 due to their relevance to the

9 of 46

subject matter, JONES v BUSH, 122
F.Supp.2d. 713, 715 (N.D. TEX 2000);
Valentin v. Hospital Bella Vista, 254
F3d 358, 364 (1st cir 2001); Spurlock
v Lawson, 881 F.Supp. 436, 438 (ED ARK
1995); Scoffstall v Henderson, 223
F3d 818, 823 (8th cir 2000); IN RE:
MAXIM GROUP INC. SECURITIES Litigation,
2002 WL 987660 (N.D GA 2002); Oppen-
heimer Fund Inc v SANDERS, 437 US
340, 351, 98 Sct 2380, 2389-90, 57 LEd
2d 253 (1978).

I give all parties judicial notice.
The 1st circuit still has jurisdiction
over these matters by all provisions
of law previously pleaded, by

28 USC § 1631, by the holdings made Under <u>Williams v Pennsylvania</u>, 136 SCt 1899 (2016) And due to this Recent Act of FRAud Upon the court which Renders the order issued in the 3rd circuit dated filed may 10, 2019 Unconstitutional And void, <u>Alberto Gonzalez Figueror Jr petitioner v WARREN L montgomery</u> 2019 wL 914 128 (SD CALi 2019); <u>murphy v Wipp</u>, 2019 wL 586 095 (ND mich. 2019)); <u>people v CALiahaki</u>, 2018 wL 5084834, * 6t GUAM Jerr. The structural errors that exist before the 3rd circuit Are Not harmless voiding their jurisdiction.

DUE to the judges within the 3rd circuit which include Judges Ambro, KRAUSE And PORTER engaging in egregious Acts of FRAUD upon the court, conspiring within jurisdictions to which they had no power or authority in their efforts to conceal material facts in violation of 18 USC §§ 242 And 1001 And thwart judicial review due to they being defendants in this case. Writ of error is now filed under the independent action Rule for FRAUD upon the court, U.S v DENEDO, 556 US 904, 129 SCt 2213, 173 LEd2d 1235 (US 2009). Thus the 3rd circuits jurisdiction is void

12 of 46

Ab initio, United States v Apple MAC Pro Computer — F3d —, 2017 WL 1046105 (3Rd Cir 2017); United States of America v Gregory Holt AKA Abdul Maalik Muhammad, 2017 WL 1181509 (WD La 2017); Clarke v United States, 2017 WL 390294 (NC 2017); Akerman v Exxon Mobil Corp, 734 F3d 237 (4th Cir 2013); Martin-Evans v Chesapeake Appalacha, LLC F.Supp.3d, 2015 WL 6684185 (ND Va 2015); Ianelli v U.S., 420 US 770, 95 sct 1284, 43 LEd 2d 616; Great American Ins. Co v NextdAy Network Hardware Corp, 73 F.Supp.3d 636 (2014); Massi v. Washington Co., 2013 WL 5410810 (DSC 2013); Arata v Village West Owners Ass'N Inc, SE2d, 2014 WL 1735004 (SC App.

2014); Asterbadi v Leitess, 176 Fed
Appx 426 C14 (Va 2006); In Re Building
material corp of America Asphalt
Roofing shingles Products, F.supp.2d, 2013
WL 1827923 (DSC 2013).

Inso much, I challenge the 3Rd
circuits jurisdiction to issue the
order filed May 10, 2019 due to
the Fraud that produced it. I
object. subject matter Jurisdiction
can be Raised at any time, cannot
be Waived by me and the court
shall not fail to take notice.
Sebelius v Auburn Regional medical
center, 133 Sct 817, 184 Led2d 627, 81
USLW 4053 (US 2016); Sizward v Riddle

F. Supp. 2d, 2013 WL 707018 (DSC 2013);
GRUPO DATAFLUX v ATLAS GLOBAL GROUP L.P.,
541 US 567, 124 SCt 1920, 158 LEd 2d 866
(US 2004); Loumiet v United States, 65 FSupp
3d. 19 (2014).

   It is well settled that willful
blindness and conscious avoidance is
the legal equivalent to knowledge,
in their conspiring to avoid Federal
question, Lake v Carrier Assn v Mac
millian, 406 US 498, 92 SCt 1749 (US 1972);
United States v Antzoulatos, 962 F2d 720
6th Cir 1992); Cooper v Harris, 137 SCt 1455,
197 LEd 2d 837, 85 USLW 4257 (US 2017);
Bank of America Corp. v City of Miami Fla,
137 SCt 1296, 197 LEd 2d 678, 85 USLW 4227
(US 2017).

I Am officially challenging the
3rd circuits jurisdiction to issue the
order filed May 10, 2019. All Acts, orders,
judgments And decrees can be collaterally
Attacked for fraud upon the court At Any
time. This Applies to the Acts, orders
And decrees of All courts which include
the 3rd circuit. I motion to vacate
the order due to fraud upon the court.
The power to vacate judgments for
fraud upon the court is free from
procedural limitations such As the court
stating no extension of time is to be
given. This include fraud by officers
of the court where such acts effect
the integrity of the normal process,
myles v Dominos Pizza LLC, 2017 WL

16 of 46

238436 (DC MLSS 2017) ; First Technology Capital Inc v Bandtec Inc, 2016 WL 7444943 (DC KY 2016) ; Martin v Target Corp of Minnesota, F.Supp2d, 2013 WL 1187034 (D NJ 2013) ; In Re Genesys Data Technologies Inc, 204 F3d 124 (4th Cir 2000) ; United States v Conrad, 675 Fed Appx 263, 265 (A4 (NC 2017) ; Fox Ex Rel Fox v Elk Run Coal Co Inc, 739 F3d 131, 87 Fed R. Serv 3d 534 (4th Cir 2014).

This is the NATURE of the FRAUD. For the RECORD the time frames in which the PARTIES acted produce sufficient circumstantial evidence to show they acted in concert in their meeting of the minds. This is the CRUX of the MATTER. The 3rd circuit

170846

Judges conspired with the parties under case 9:19-CV-1400-TLW-BM in the causes of action argued. The 3rd circuit Judges including those on this case acted with the defendants here in S. Carolina across multiple jurisdictions within venues they had no power or authority. The 3rd circuit Judges got Judge Newman and the SC state actors to spoliate the final order issued in case 2006-CP-400-0552 to adjudicate this case because it embellishes the criminal liability claims that attach to them to prevent their transfer under 28 USC §1407. Once the conspiring parties realized I shut them

18 of 46

down and prevented the criminal
act of them trying to attach colla-
teral estoppel to the claims by trying
to adjudicate the issues in a case that
was (13) years closed, watch the timing.
Where the hearing was scheduled
may 6, 2019. Once the 3rd circuit realized
their conspiring cohorts failed. They
then came back and issued the order
filed may 10, 2019 when they were told
the S. Carolina hearing on may 6, 2019
could not be obtained.

The 3rd circuit then gets the
SC district court to delay the filing
of case 9:19-cv-1400 to allow the 3rd
circuit to further act because they

knew the parties were being sued in this case for the threat of imminent danger. The SC District Court returns the initial filing as is noted and seen by exhibit "9:19-1400 initial filing" when pursuant to Houston v Lack, 266 US 273 it was deemed filed when placed in the institution mailbox, filed April 28, 2019.

The District Court also did this to allow the 3rd Circuit to engage in the fraud because they knew a jury trial is sought under case 9:19-CW-1400 where if they would have acknowledged the initial filing structural error under the 7th amendment would have existed because the threat of

20 of 46

imminent danger was sought
by jury trial under case 9:19-cv-1400
which is why the conspiring parties
did not file case 9:19-cv-1400 to allow
the 3rd circuit a window to circumvent
the 7th amendment structural error and
stipulations attached. see exhibit
"9:19-cv-1400 fraud connection". Also see
Curtis v Loether, 415 US 189, 94 SCT 1005,
39 Led 2d 260 (US 1974); Pennsylvania
Nat. mut. Cas. Ins. Co. v Janner, 2013
WL 140 425 (DSC 2013); Ortiz v Fiber board
Corp, 527 US 815, 119 SCt 2295, 144 Led 2d
715 (US 1999).

I motion to vacate the order and
I motion for a rehearing on the
issue of filing in forma pauperis in
this case due to threat of imminent

danger. The 3rd circuit abused its discretion conspiring to conceal material facts in acts of fraud upon the court. The 3rd circuit fraudulently claimed that there is no indication that the threat existed at the time the appeal in case 18-3457 occurred or is there any indication I was placed in the dorm that produces the threat of imminent danger nor is there any indication that the threat bears a nexus to this case. I object. This is a blatant lie and an egregious act of fraud upon the court which voids the 3rd circuits jurisdiction permitting 1st circuit review. This appeal was

22 of 46

opened NOVEMBER 9, 2018. PLEASE
take Notice of Exhibits "TRANSFER
confirmation". This is the debt form
dated August 30, 2018. The LIEBER
mailroom clearly documented I WAS
in Edisto DORM August 30, 2018 And
Exhibits "Imminent DANGER", "@552
REMOVAL" And CASE 9:19-CV-1400-TLW-BM
produce indisputable evidence that
the threat is indeed directly
connected to these multi District
litigated cases WARRANTING the
granting of the filing in forma pauperis
peris, In RE plumbing Fixtures cases,
298 F. Supp. 484 (1968) | In RE CHINEESE-
manufactured DRY WALL Products Liability
Litigation, 2015 WL 133 877 69 (ED La

2015); IN RE BLACK WATER SECURITY CONSULTING LLC, 460 F3d 576 C4H (NC 2006); US V LAWRENCE, F.SUPP3d, 2015 WL 856866 (SD Va 2015); JOHNSON V WARNER, 200 Fed APPX 270, 2006 WL 2711957 (4th CIR 2006); BRYAN V MCCALL, 2016 WL 529574 (DSC 2016); JOHNSON V KISOR, FSUPP.2d, 2012 WL 293286 (WD Pa 2012); SAYRE V KING, FSUPP.3d, 2014 WL 4414509 (WD Pa 2014); COLE V ELLIS, 2015 WL 6407205 (ND ALA 2015); HENDERSON V GEORGIA, 2015 WL 4492743 (GA 2015).

I give the court judicial notice. Attached is exhibit "Jolling". This is the envelope the 3rd circuits

24 of 46

ORDER ARRIVED IN. THE COURT ASSERTED that I HAVE (14) DAYS FROM THE DATE of THE ORDER. YET I did not RECEIVE THE ORDER UNTIL MAY 16, 2019. By MY RIGHTS of DUE PROCESS the (14) days MUST BE DEEMED to COMMENCE FROM THE DATE I RECEIVED THE ORDER. THIS GIVES ME UNTIL MAY 29, 2019 to RESPOND AND BE TIMELY. THUS, if THE MANDATE is STILL PENDING, I MOTION to STAY THE MANDATE IN THE 3RD CIRCUIT. IF it HAS BEEN SENT, I MOTION to RECALL it AND to REINSTATE THIS APPEAL dUE to FRAUD UPON THE COURT.

25 of 46

To establish 8th Amendment claim based on failure to protect theory, A plaintiff must demonstrate: a) that he was incarcerated under conditions posing A substantial risk to serious harm, and (2) the prison officials acted with deliberate indifference to their health and safety. By the proceedings under case 9:19-cv-1400-TLW-BM which is A tag along case seeking 28 USC § 1407 Transfer and the Fraud engaged in by the 3rd circuit I have met that criterion where the 3rd circuit conspired to conceal these material

26 of 46

facts proving threat of imminent
danger, SANCHEZ v COLEMAN, F.supp.3d,
2014 WL 739 2400 (WD Pa 2014) ; Webb v
Minner, F.supp.2d, 2007 WL 323 16 81
(DC Del. 2007) ; Rish v Johnson, 131 F3d
1092 (4th cir 1997) ; 18 USC §§ 242, 1001.

Prison officials are required to
take reasonable measures to
guarantee the safety of inmates
and the 3rd circuit judges conspired
during the fact in Acts of Attempted
Assault and or murder and or
conspiracy to commit murder vio-
lating their oaths of office
stripping them of immunity, sub-

jecting them to civil as well as criminal penalties Rendering the proceedings under case 18-3457 Unconstitutional and void for Due Process violation, Perotti v O'Boyle, 2017 WL 395125 (N D Ohio 2017) ; Sepulveda v UMass Correctional Health Care, 160 F.Supp.3d 371 (D. Mass 2016) ; Campbell v Gentry, F.Supp 3d, 2016 WL 519535 (N D Ala. 2016) ; Truss v Daniels, F.supp.3d, 2015 WL 4066871 (MD Ala. 2015) ; White v Mapus, 2014 WL 1513280 (DSC 2014) ; Wells Fargo Bank NA v Farag, 2016 WL 2944561 (NC 2016) ; Blue sky Travel and Jours, LLC v Al Jayyar, — Fed Appx — 2015 WL 1451636 CA4 (Va 2015) ; Pyne v United States, F.supp.3d, 2016 WL 1377402 (DC

28 of 46

Md 2016); Marth v Board of Trustees,
F.Supp.3d., 2016 WL 775386 (Dc Md 2016).

I give all parties judicial Notice.
I motion to amend the federal
cases subjudice to add the names
of Judges Ambro, Krause and Porter
As defendants. Since the 3rd
circuit was originally listed as
defendants in its entirety. Their
names relate back to the original
complaint. Thus structural error
is established voiding the 3rd
circuits jurisdiction ab initio. I
renew the motion to disqualify
and transfer, Ackerman v Exxon
mobil Corp, 734 F3d 237 (11th Cir 2013);

29 of 46

United States v Quinones - F.supp3d., -
2016 WL 4413149 (2016); Williams v Penn-
sylvania, 136 sct 1899, 195 Led 2d 132,
84 USLW 4359 (US 2016); Martinez v.
Duffy, 2018 WL 1224458 (D Rhode Island).

I motion for forfeiture due to
the fraud upon the court and 1st.
circuit review. I motion to suspend
the rules and exceed any page
limits. I motion to stay this case
until 1st circuit review also for
sanctions. The 3rd circuit is guilty
of denying me the equal protec-
tion of the laws and obstructing
justice. The judges are not immune,
US v Abdul Wahab, 715 F3d 521 (A4
30 of 46

(Va 2013); PACE v DIGUGLIELMA, 544
US 408, 416 (2005); BLAKE v BAKER,
745 F3d 977 (9th Cir 2014); US v MER-
CADO, 199 F3d 1329 (1999); PULLIAM v.
ALLEN, 466 US 522, 536-543, 104 SCT
1970, 1977-1982, 80 LEd2d 565 (1984);
EX PARTE VIRGINIA, 100 US 339, 348-349,
25 LEd 676 (1880); ELderberry of
Weber City, LLC v living CENTERS -
SOUTH EAST INC, - F3d -, 2015 WL 4430836
(A4 (Va 2015); SMITH v CLARK/SMOOT/
RUSSELL - F3d -, 2015 WL 4717932 (A4
(Md 2015); Booth v Ballard, 2016 WL
1275054 (2016) (DEMONSTRATING A HEARING
is REQUIRED in the District Court).
    INASMUCH, the ENTIRE CASE is
polluted with EGREGIOUS Acts of FRAUD,
            31 of 46

FRAUD UPON THE COURT, RENDERING THIS CASE UNDER 18-3457 UNCONSTITUTIONAL VOIDING THE 3RD CIRCUITS JURISDICTION GIVING WAY TO 1st CIRCUIT REVIEW DUE TO THE 3RD CIRCUIT BEING DISQUALIFIED AND THEIR ACTIONS CREATING VARIOUS CONSTITUTIONAL STRUCTURAL ERRORS IN THIS 3RD CIRCUIT CASE. BEFORE THE STRUCTURAL CONSTITUTIONAL ERRORS CAN BE DEEMED HARMLESS THE COURT MUST BE ABLE TO DECLARE IT WAS HARMLESS BEYOND A REASONABLE DOUBT WHICH THE COURT CANNOT DO EVEN PURSUANT TO CASES 9:18-CV-01408-TLW=BM, 9:19-CV-1400-TLW=BM AND 2006-CP-400-0552 WHERE THESE 3RD CIRCUIT JUDGES CONSPIRED IN EXTRA TERRITORIAL FRAUD UPON THE COURTS AND OBSTRUCTION OF JUSTICE IN EFFORTS TO CONCEAL MATERIAL FACTS IN VIOLATION OF 18 USC §§ 242 AND 1001,

Forfeiture is required by sanctions demanded levied against the courts and defendants involved, Singletary v Pennsylvania Dept of Corrections 266 F3d 186 (3Rd Cir 2001); Faye v Moran Foods, Inc, 2019 WL 2082960 (EDNY 2019); Johnson-Krumm v City of Seaford, 2019 WL 2067143 (D Del. 2019) (their names Relate back); Alberto Gonzalez-Figueroa JR. petitioner v Warren C. Montgomery US, 2019 WL 914128 (SD Cal. 2019); Murphy v Winn, 2019 WL 586095 (DC Mich. 2019); People v Caliahali, 2018 WL 5084834, *6† Guam Terr.; The Americans With Disabilities Act of 2008.

The law determined by the US Supreme Court is clear and unambiguous on issues such as the ones being

33 of 46

Argued in this case. If a ruling or conviction has been obtained under an unconstitutional statute and or legislative provision and or interpretation of law and or Act, which include FRAUD. The law explained if this position is well taken, which it is, it effects the "Foundation" of the "whole" (emphasis added) proceeding. An Unconstitutional law and or Act or judicial determination is void (ei the order in case 18-3457), and is as if there were no Act (ie the 3rd circuit Appeal), or determination made or done at all. being structural constitutional error not subject to the harmless error doctrine. It was Unconstitutional for the 3rd. circuit to involve itself in the FRAUD

34 of 46

ARGUED to CONSPIRE to HAVE A detrimental impact on these proceeding denying me threat of imminent danger protections. Thus the 7th AMENDMENT stipulations RELATED to CASE 9:18-CV-01408-TLW-BM AND there multi District cases still stand to move these cases FORWARD. The general RULE is that AN UNCONSTITUTIONAL statute AND OR ACT AND OR judicial determination AND OR legislative pro- vision of LAW, though having the form AND NAME of LAW, it is in REALITY no law by such Acts, but is wholly invalid AND ineffective for ANY PURPOSE which include the Boston, NAT. OR 1st Circuit making Use of the ORDER in CASE 18-3457, since its UNconstitu -

35 of 46

tionality dates from the date of its enactment And or when the Act was done .... in legal contemplation, it is inoperative As if it had Never been passed or done .... since An unconstitutional judicial determination And or law And or Act is void, the general principle follows that it imposes, No duty (duty upon Any court to Accept the order in case 18-3457 filed May 10, 2019 As valid), confers No Rights (No Right to deny this cases transfer to the 1st circuit), creates No office (judicial or otherwise), bestows No power or Authority on Any person (emphasis added) (meaning the 3rd circuits jurisdiction Related to the

MAY 10, 2019 ORDER is MADE VOID ],
Affords NO protection (the conspiring
Judges And parties Are not immune),
And justifies no Acts performed
Under it (judicial Acts or the orders
issued in CASE 18-3457).... A void Act
cannot be legally consistent with
A valid one. An Unconstitutional
trial or law or judicial determination
cannot stand As law. (this means
that the 3rd circuit, the federal
District courts involved, All state
courts involved Are in forfeiture
And its Acts or determinations Are
void And cannot be used And the
case must be permitted to move

37 of 46

forward in New Jersey with the Boston and other cases must be deemed as tag alongs and a jury trial must commence and be permitted to determine the un-constitutionality of PLRA and AEDPA; The 7th Amendment stipulations filed must be adhered to.) - Indeed insofar as a statute and or judicial determination and or legislative provision and or Act runs counter to the fundamental law of the land (ie 3rd circuit jurisdiction is void due to the fraud and obstruc-tion argued; my 7th Amendment

38 of 46

stipulations filed And Right to trial
in case "1408" ARE established ;
The US constitution ; Ex parte Vir-
ginia supra. ; schwartz supra. ; mc
burney supra ; indictments ARE to
be adjudicated under the due process
prong to subject matter jurisdiction
And the use of fatally defective
indictments in criminal prosecutions
is Unconstitutional), it is superseded
thereby. No one is bound to obey
fraud or an Unconstitutional Act
or law or judicial determination
and no courts are bound to enforce
it. fraud fatally effects even the
most solemn Acts, Judgments or
decrees. labeo defined fraud
39 of 46

to be Any cunning deception (like
the 3rd circuit Asserting no threat
of imminent danger exist related
to this case) or article used to
circumvent the protection of col-
lateral estoppel or the acts the
3rd circuit did related to case
9:19-cu-1400-TLW-Bm) or deceive
Another. Mr Wells in his very
work on Res JudicAtA says, see, 499
"Fraud vitiates everything". Courts
have the inherent equity power
to set aside judgments wherever
their enforcement would be mani-
festly unconstitutional because of
fraud upon the court and this power

40 of 46

Also attaches to the first circuit
due to extra territorial jurisdiction
claims and multi-district litigation
claims also due to the holdings
made by the US supreme court
under williams v pennsylvania, 136
sct 1899 (2016), MDC Innovations,
LLC v Northern, — Fed Appx' --, 2018
WL 1129607 (4th Cir 2018); Hamer v.
Neighborhood Housing services of
chicago, 138 Sct 13, 199 Led 2d 249 (US
2017); phillips v Brock & scott pllc,
2017 WL 3226866 (DC md 2017); Elliott
v Piersol, 1 Pet. 328, 340, 26 US 328,
340 (US 1828); Nudd v. Burrows, 91 US
677-683 (US 1875); US v Throck morton,
98 US 61-67 (US 1871); Hay Group man-

Agreement, Inc v Schneider, - F. Supp 3d.
2018 WL 655595 (ED Pa 2018) - All Laws,
Rules, statutes (like PLRA and AEDPA)
and practices (like engaging in the
fraud argued under case 9:19-cu-1400-
TLW-BM to prevent transfer of the
criminal liability claims under case
2006-CR-400-0552 to New Jersey and
truly they spoliated the final order
in the case to Rule under a case
(13) years closed; they circumventing
the 7th Amendment stipulations
producing structural error; delaying
and obstructing multidistrict panel
review and transfer under 28
USC §1407; the concerting of Rights
42 of 46

Under 28 USC § 1602-1612, sitting on cases in violation of <u>Williams v Pennsylvania</u>, 136 SCt 1899 (2016), engaging in acts of fraud upon the court, criminal conspiracy and obstruction of justice, stealing intellectual property in violation of the Hobbs Act and the expropriation exception to the F.S.I.A. Not issuing service in case "1408" to deny me 7th Amendment Rights), which are repugnant to the constitution are "null" and "void", <u>MARBURY v. Madison</u>, 5th US (2 Cranch) 137, 180; <u>Vines v United States</u>, 28 F3d 1123 Crim. Law 1163(1), 1165(1); <u>PCS Nitro-</u>

gteph Inc. v. Ross Dieuelopment Corp.,
126 F.Supp.3d. 611 (DSC 2015) ; Yates v.
Ford motor Co., – F.Supp.3d. – , 2018 WL
6758983 (EDNC 2015) ; Johnson v United
States, – sct – , 2015 WL 2473450 (US
2015) ; montgomery v Louisiana, 136
sct 718, 193 Led 2d 599, 84 USLW 4063
(US 2016) ; Gteet Outdoors LLC v. Consoli-
dated City of Indianapolis ***, 187
F.Supp.3d. 1002, 1012 (SD III CIR) ; Hill v.
Snyder, 821 F3d 763, 765† 6th
cir mich.) ; People v Solo, N.E.3d.,
2017 WL 1838423 (2017) ; 24 SENATORIAL
Dist. Republican committee v Al corpN,
820 F3d 624 (4th cir 2016) ; Waeth v
Board of Trustees, F.Supp.3d., 2016 WL

44 of 46

7753 86 (DCMD 2016) ) Wells Fargo Bank N.A. v HMH Roman Two Nie Lle, 859 F3d 295 (4th Cir 2017) I Mosley v United States, 2018 WL 1187778 (plc 2018) I Rubin v Islamic Republic of Iran, 138 SCt 816 (addressing the intellectual property of the sole corporation) I Fifth Third Bancorp v. Dudenhoeffer, 134 SCt 2459, 189 Led2d 457 (US 2014) I Forbes v Forbes, 341 P3d 1041 (WY 2015) I Spires v Schools, — F. Supp 3d —, 2017 WL 4174774 (DSC 2017), Horne v Harbor Portfolio V I L.P., — F. Supp 3d. —, 2018 WL 1737520 (ND GA 2018) I United States v Lapeham, 2017 WL 4857437 (DC Mexico 2017).

Third circuit jurisdiction is Now made void for unconstitutional Action.

Respectfully,

JAHJAH Al MAHdi

MAY 22, 2019

46 of 46

Exhibit

u 134594



**Orders on Motions**
1:18-cv-13459-NLH-KMW CRAWFORD et al v.
LINARES **CASE CLOSED on 10/22/2018**

ADMCLOSED,APPEAL,JDGDEF,PLO,PROSE
-PR

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 5/24/2019 at 4:02 PM EDT and filed on 5/24/2019

| | |
|---|---|
| **Case Name:** | CRAWFORD et al v. LINARES |
| **Case Number:** | 1:18-cv-13459-NLH-KMW |
| **Filer:** | |
| **Document Number:** | 26 |

**Docket Text:**
**ORDER granting [15] Motion to Reopen Case and granting Plaintiffs applications to proceed in forma pauperis. Signed by Judge Noel L. Hillman on 5/24/19. n.m. (dd, )**

**1:18-cv-13459-NLH-KMW Notice has been electronically mailed to:**

**1:18-cv-13459-NLH-KMW Notice has been sent by regular U.S. Mail:**

LAWRENCE L. CRAWFORD
300839
LIEBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

YAHYA MUQUIT
318455
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/24/2019] [FileNumber=12595941-
0] [50eb0aa160b994b0f67f6e78ea4a0e29ec00d5542b86f812712115447d07ff4e11
b98dbffe564fc31e9b6005c37c21741c61157714065d7d360198d61f5bc40b]]

**Other Documents**
1:18-cv-13459-NLH-KMW
CRAWFORD et al v. LINARES

APPEAL,JDGDEF,PLO,PROSE-
PR

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 5/24/2019 at 4:04 PM EDT and filed on 5/24/2019

| | |
|---|---|
| **Case Name:** | CRAWFORD et al v. LINARES |
| **Case Number:** | 1:18-cv-13459-NLH-KMW |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**CIVIL CASE REOPENED (dd, )**

**1:18-cv-13459-NLH-KMW Notice has been electronically mailed to:**

**1:18-cv-13459-NLH-KMW Notice has been sent by regular U.S. Mail:**

LAWRENCE L. CRAWFORD
300839
LIEBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

YAHYA MUQUIT
318455
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LAWRENCE L. CRAWFORD and YAHYA MUQUIT, | : : : | |
| Plaintiffs, | : : | Civ. No. 18-13459 (NLH)(KMW) |
| v. | : : | ORDER |
| CHIEF JUDGE LINARES, et al. | : : | |
| Defendant. | : : | |

Leave to proceed in this Court without prepayment of fees is authorized. See 28 U.S.C. § 1915. This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course.[1]

---

[1] The Court notes that Plaintiffs have filed a notice of appeal, in which appeal the Third Circuit has notified Plaintiffs that it will be submitted for possible dismissal because it appears that the Third Circuit lacks appellate jurisdiction over the order denying the IFP application without prejudice. See No. 18-3457 (3d Cir. Nov. 15, 2018) (citing cases finding that such orders are not appealable).

Generally, the filing of a notice of appeal is an "event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over . . . the case." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982). A district court may continue to exercise jurisdiction after the filing of a notice of appeal when the notice of appeal is premature because it relates to a non-appealable order or judgment. See Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989) ("[A] premature notice of appeal does not divest the district court of jurisdiction."); Venen v. Sweet, 758 F.2d 117, 120-22 (3d Cir. 1985) ("[I]n both civil and criminal cases . . . the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable."). It

1

IT IS therefore on this ___24th___ day of May, 2019,

ORDERED that the Motion to Reopen, ECF No. 15, is GRANTED; and it is further

ORDERED that the Clerk of Court shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED;" and it is further

ORDERED that Plaintiffs' applications to proceed in forma pauperis, ECF Nos. 1-2 (Crawford) and 19 (Muquit), are hereby granted; and it is further

---

is appropriate for the district court to determine jurisdiction when it is clear. See Mondraw v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989) (advising that "a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal. While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction, the application of the Griggs rule is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal.").

Here, Plaintiffs' notice of appeal is clearly premature as it relates to a non-appealable order, the denial without prejudice of an application to proceed in forma pauperis, which specifically permits Plaintiffs to refile their applications with the required certification. See, e.g., Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (to be final, order of dismissal must be with prejudice; dismissal without prejudice with leave to amend is not appealable); Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (denial without prejudice of IFP request is neither final nor appealable when prisoner has opportunity to cure defect in application). The Court thus retains jurisdiction over these proceedings despite the pendency of the appeal.

2

ORDERED that **SUMMONS SHALL NOT ISSUE**, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Complaint to proceed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of South Carolina and the warden of Lieber Correctional Institution; and it is further

ORDERED that Plaintiffs are each assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiffs' case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Bruce v. Samuels, 136 S. Ct. 627, 632 (2016), if Plaintiffs owes fees for more than one court case, whether to a district or appellate court, under the Prison

Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiffs' monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiffs would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiffs' accounts exceeds $10.00, the agency having custody of Plaintiffs shall assess, deduct from that Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to that Plaintiff's account, in accordance with Bruce, until the $350.00 filing fee is paid.  Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiffs by regular U.S. mail.


At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4

LAWRENCE L CRAWFORD
#300839 Edisto B-17
Lieber CI PO Box 205
Ridgeville, SC 29472




U.S. POSTAGE PAID
FCM LG ENV
RIDGEVILLE, SC
29472
JUN 05, 19
AMOUNT
$0.00
R2304H109120-05

1000                    02210
UNITED STATES
POSTAL SERVICE

RECEIVED
JUN 05 2019
MAIL ROOM
LIEBER CI

The Court of Appeals
For the 1st Circuit
Suite 2500
1 Courthouse Way
Boston, MASS. 02210

FOR LEGAL USE ONLY

TIME SENSITIVE MATERIAL

SCREENED

SCREENED