

Court of Appeals

For The First Circuit et al.,

Petition From the Boston District Court

et. al multi District Litigation

Case 114-cv-14176-ADB et al.

Docket No. 18-8022

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE
2019 JUN 27 PM 1:16

Affidavit of Service

I, Johnah Al Mahdi, do hereby
certify that I have mailed and or
served a copy of an Affidavit of
Facts Giving Judicial Notice supple-

1 of 5

meeting the appeal and motion to
motion Therefor on the 1st circuit
by US mail postage prepaid on June
19, 2019 with its attached which is served
below.

Respectfully
Jahjah Al mahdi

JUNE 19, 2019

2 of 5

Court of Appeals
For The First Circuit et al,

Petition from the Boston District Court
et al multi district litigation
case 1:14-cv-14176-ABB et al,

Docket case 18-8022 et al

Lawrence L Crawford aka Jonah
Gabriel Jahjah n fishbite et al.

Vs.

Students for Fair Admissions et al.

Vs.

President of Harvard University
et al

Affidavit of Facts Giving Judicial
Notice supplementing the Appeal
And motion to motion Therefor

In the case 1:19-cv-1574-TLM-SWW

To: The 1st Circuit et al.

I give the 1st circuit judicial
Notice. The attached document is
also A notice seeking leave to
Appeal that is placed before the
1st Circuit due to multi District
litigation and extra territorial

4 of 5

jurisdiction claims. It is also to
Let the court and all parties know
that case 1:19-cv-1574-TLW-SMM is
also a tag along case seeking 28 USC
§ 1407 Transfer . We motion to
supplement the appeal in case 18-8022


Respectfully.
Johnah Al mahdi

JUNE 19, 2019

5 of 5

Exhibit

" 1574 "

United States District court
District of South Carolina et al.,

Ron Santua
McCray et al.,

C/A 1:19-cv-1574-
TLW-SVH et al.,

plaintiff (s)
petitioner (s)

affidavit of

service

Vs

SC dept. of corr
et al..

defendants

1 of 85

We, Ron Santa McCray, et al.,
do hereby certify, that we have
mailed and or served a copy of
an Affidavit of facts Giving
Judicial Notice; motion to file
objections to magistrate Judge's
order document #7-1 due to
fraud upon the court; Writ of
Error; motion to Intervene
filed by Lawrence L Crawford;
motion for Recusal, disqualification
and Notice seeking Transfer
pursuant to 28 USC § 1407; motion
to challenge the SC District

2 of 85

court's jurisdiction And/or
forfeiture ; motion for An exe-
tension of Time to be in compli-
ance to Any order until after
1st circuit review ; motion to ex-
pand the scope And/or inclusion ;
notice seeking leave to appeal
before the 1st circuit pursuant
to 28 USC § 1631 And motion to
motion. Therefore pursuant to
multi District litigation Rule 6.2
And 6.3 ; Fed Rule(s) 72(a) And 73(b),
Also 28 USC §§ 636, 1602-1612et.
seq and the SC District court And
All involved parties (85) pages
3 of 85

dated JUNE 18, 2019, by depositing
it in the institution mail box on
that same date. It is deemed
filed that date, Houston v Lack, 287
US 266, 273-76, 108 Set 2379 (1988).

Respectfully.
Ron SANTA McCRAY
Ron Santa McCray

Inhonh Al Mahdi

JUNE 18, 2019

4 of 85

United States District Court
District of south carolina et al.,

Rops Sanita
mcCray et al.

        plaintiff(s)

c/a 1:19-cv-1574-
TLW-SVH et al.,

Affidavit of
Facts Giving
Judicial Notice;
motion To File
objections to
Magistrate Judges
order document
#7-1 due to Fraud

5 of 85

Upon the Court;
Writ of ERROR;
motion To Intervene
filed by LAWRENCE
L. CRAWFORD; motion
for RECUSAL, dis-
qualification AND
Notice seeking
TRANSFER pursuant
to 28 USC § 1407;
motion to challenge
the SC District
court's jurisdiction
And for forfeiture;
motion For AN

Vs.

Extension of
Time to be in
Compliance to
Any order Until
After 1st circuit
Review; motion to
Expand the scope
And for inclusion;
Notice of seeking
leave to Appeal
before the 1st
circuit pursuant
to 28 USC § 1631
And motion to

motion Therefore
pursuant to
multi District
litigation Rule
6.2 And 6.3; Fed.
Rule(s) 72(a) And
73(c); Also 28
USC §§ 636, 1602-
1612 et. seq.

The SC Department
of Corrections et.
Al.
    defendants

To: The SC District Court,
    The NDT District Court,
    The 1st Circuit Court of
Appeals et. Al.

8 of 85

there the court and parties
will find:

Exhibit " 1408 Response ".
This is the Affidavit of facts Giving
Judicial Notice ; motion For leave
to Amend the parties ; motion
For Recusal And notice of seeking
Transfer pursuant to 28 USC § 1407;
*** , (78) pages dated October 25,
2018 that was filed in case 9:18-
cv-1408-TLW-BM.

We motion to expand the
scope And for inclusion And that
All documents filed in case

9 of 85

9:18-CV-1408-TLW-BM now be included in case 1:19-CV-1574-TLW-BM. The court can look at cases within its jurisdiction especially in light of the fact we are dealing with issue of venue transfer pursuant to 28 USC § 1407, res judicata and collateral estoppel. Southern Pac. R. Co. v US, 168 US 1, 18 Sct 18, 42 LEd 355 (US 1897); Noell Crane Systems GmbH v Noell Crane And Services, Inc, 677 F Supp 2d 852 (2009); Knight v Manufactures & Traders Trust Co, 84 F Supp. 3d. 436 (D md 2015); Bardes v. South Carolina, F Supp. 2d, 2010 WL

10 of 85

14 98 190.

We object to any claim by the magistrate that the claim of out of cell exercise and the substantial burdening of religious observance is a conclusory claim because the defendants did it to the King-Khalifah As is demonstrated by the proceedings under Case 9:18-cu-1408-TLW-BM. We are also dealing with issue preclusion related to res judicata and collateral estoppel emerging from Case 2013-cp-400-0084 out of the Richland County Court of Common Pleas to which the S.C Dept of Corrections

11 of 85

is party to that case also. Unless
the SC Dept of Corr. can demonstrate
they timely filed to defeat the
affidavits of default and voiding
of jurisdiction, Exhibits "Judge Lee
#'s 1-4" filed in case 9:18-cv-1408-
TLW-BM? We object to any claim
that case "1574" is subject to
summary dismissal, and thus, de-
fendants are required to respond by
the laws of due process before
this case can ever be dismissed
or this case would become unconsti-
tutional voiding the SC District
Court's jurisdiction due to your

12 of 85

further attempts at fraud upon the court, Brown v Smith, 2013 WL 149357 (D.C Idaho 2013); Massi v. Washington, 2013 WL 5410810 (DSC 2013); In RE Building Material Corp of American Asphalt Roofing Shingles Products F.Supp2d, 2013 WL 1827923 (DSC 2013); Asterbadi v Leitess, 176 Fed Appx '426 (A4 (NQ 2006).

We give the court and parties Judicial Notice. I, Lawrence L Crawford AKA Jonah Gabriel Tabitah T. Tishbite motion to intervene in this case to protect my acquired interest as well as to establish claims of Res

13 of 85

Judicata and collateral estoppel as well as for the purpose of establishing that this case is subject to 28 USC §1407 Transfer under the multi district litigation Rule as a tag along case. Therefore, the SC District courts jurisdiction is divested pending Panel Review or this case becomes unconstitutional and the initial review order is void since you engaged in Fraud to produce it anyway corrupt judges violating due Process, Us u 41,320 Us CURRENCY, 9 F.Supp.3d. 582, 2014 WL 1266240 ; White v Manis, 2014 WL 1513280 (DSC 2014) ; Brown v. Us, 2014 WL 2871398 (DSC 2014) ; Wells

14 of 85

Fargo Bank N.A. v Farag, 2016 WL 2944561 (NC 2016) ; In Re Plumbing Fixtures Cases, 298 F.Supp. 484 (1968) ; In Re Chinese – Manufactured Drywall Products Liability Litigation, 2015 WL 13387769 (ED La 2015) ; Brooklyn Downtown LLC v New York Hotel and Motel Trades, F.Supp.3d, 2015 WL 779441 ; In Re Electronic Books Anti-Trust Litigation, F.Supp.3d, 2014 1282298 (SD N.Y 2014) ; Baranski v NCO Financial Systems, Inc, F.Supp.3d, 2014 WL 1155304 (ED N Y 2014) ; Sparling v Doyle, F.Supp.3d, 2014 WL 12489985 (WD Tex 2014) ; In Re Droplets, Inc. Patent Litigation, 908 F.Supp.2d 1377 (US Multidistrict Panel).

Writ of Error is filed. Judge Hodges has engaged in egregious Acts

15 of 85

of FRAUD upon the court, conspiring

Under color of law and or Authority

Acting in concert with the state Actors

to conceal material facts, Along with

Wooten in blatant defiance to 18

USC §§ 242 And 1001, U.S. v Denedo,

556 US 904, 129 Sct 2213, 173 Led2d

1235 (US 2009); United States v Apple

mac Pro Computer — F3d—, 2017 WL

1046105 (3Rd Cir 2017); United States of

America v Gregory Holt AKA Abdul

maalik muhammad, 2017 WL 1181509

(WD La 2017); Clark v United States, 2017

WL 390294 (NC 2017); Sherman v United States,

2016 WL 6986704 (NC 2016).

    Judge Hodges knew good And Well

there were claims of default And

collateral estoppel related to core issues in this case emerging from case 2013-cp-400-0084 because he was one of the judges who sat on the parallel litigation & 1983 actions that are subject to the 28 USC § 1407. So for him to make a claim that the claims were conclusory was an overwhelmingly perspicuous lie and act of fraud upon the court which violated 18 USC §§ 242, 1001 where he made efforts to circumvent the default and 7th amendment stipulations that exist under case 9:18-cv-1408-TLW-BM, the know of our claim to non party collateral estoppel and of the core issues that even exist in

17 of 85

case "1574" to include the indisputable requirement of an evidentiary hearing that we motion for and the requirement that all defendants be served before any of these cases can be attempted dismiss. We object. This renders his initial review order unconstitutional and void where it was his fiduciary duty to speak. Yet he remained silent on these issues in violation of his oath of office which strips him of immunity see the attached exhibit. Also see Curtis v Loether, 415 US 189, 94 Sct 1005, 39 Led2d 260 (US 1974); Pennsylvania Nat. mut. cas. Ins. Co. v Tanner, 2013 WL 140425 (DSC 2013); Ortiz v Fibreboard

18 of 85

Corp, 527 US 815, 119 sct 2295, 144 Led 2d 715 (US 1999); City of Monterey v Del Monte Dunes At Monterey, Ltd, 526 US 687, 119 sct 1624 (US 1999); Feltner v Columbia Pictures Television, Inc, 523 US 340, 118 sct 1279 (US 1998).

I give the court and parties judicial notice. I, Jah Jah Al Mahdi, am officially invoking all superseding attorney, judicial, legislative and executive power of the (4) global thrones as a member of the sole corporation of the reestablished global theocratic state. Ron McCray as an African American is bound even without his consent as a member of the Holy commonwealth of the

19 of 85

(1) Global Theories. We motion for an evidentiary hearing which is required by Due Process Law. The initial review or is void by decree of the foreign sovereign Crown whose superseding power and authority is binding upon this court unless the United States who is party under cases 2013-CP-400-0084 and 9:18-cv-1408-TLW-BM can demonstrate that they timely filed to defeat Exhibits Judge Lee #'s 1-4 that are filed in these cases. If the right is involved or the same issue is involved in two actions judgment in the first bars consideration not only on all matters actually

RAISED in the first suit but also all matters which could have been RAISED which is a jurisdiction claim that voids Judge Hodges initial review order, we object. Eichman v Fotomat Corp, 147 Cal. App 3d 1170, 1174 (1983) / Kearney v Foley and Lardner LLP, 2016 WL 5405552 (2016) / SARA Y Wilson, Appellant, v. Charleston County School District, Respondent, --SE2d--, 2017 WL 1075196 (SC 2017); Hardwick v Bank of America, N.A., 2016 WL 3563083 (DSC 2016).

I, Lawrence L Crawford AKA Jonah Gabriel Jahjah T. Tishbite motion to intervene in this case.

21 of 85

Timeliness are applied less strictly with Respect to intervening As A right where this case has now become A long along case under the multi-District litigation Rule 6.2 And 6.3 As it Relates to cases 1:18-cv-13459-HLM in New Jersey And case 18-8020 And 1:14-cv-14476-ADB in the 1st circuit And Boston District Court. Johnah Al mahdi is the Fiduciary Heir, King, High Priest And Imam of the sole corporation via the default And claims of collateral estoppel that emerges from case 2013-cr-400-0084. A motion to intervene is timely if

it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights, knowledge of a measurable risk to one's rights is enough to intervene. I have a fiduciary duty to protect the rights of the Holy commonwealth of the (H) global thrones as well as to assert issue preclusion due to prior litigation. Thus I motion to intervene to protect my acquired interest, Jessquiar v Jenwick Plantation JARRAgoji LLC, 2018 WL 5830944 (SC App 2018); Acme Worldwide Enterprise

23 of 85

Tyre v United States, 137 Fed Cl 469 (Fed Cl Ct 2018); Intown Properties management, Inc v Wheaton Van Lines Inc, 271 F3d 164 (4th Cir 2001); Narruhn v Alea London Ltd, 404 SC 337, 745 SE2d 90 (SC App. 2013).

We, I, motion to EXCEED ANY PAGE limits for this document to include suspending the COURT RULES due to Fraud upon the COURT. The criterion established that would permit a person to intervene ARE: (1) whether the person is timely filing promptly once he has ACTUAL OR CONSTRUCTIVE notice (this is met); the existence of an interest (McCRAY AS AN

240885

African American is a member of the Holy commonwealth of the US global thrones and there is issue preclusion being argued emerging from case 2013-cp-409-0084 and their are 7th Amendment stipulations argued ) (3) Realistic threat to that interest by pending action which will impede his ability to protect that interest. (where is a threat of conflicting judgment being made on the issues of concern where res judicata and collateral estoppel attaches and Judge Hodges issued the initial review order concealing material facts in violation of 18 USC §§ 242, 1001 and 25 of 85

Fraud upon the court rendering it
unconstitutional and void). By such
the king-khalifah met the criterion
and the right to intervene is
established before this court, Common-
wealth v United states Dept of Health
and Human services, 289 F.Supp.3d
259 (D Mass 2018); In re Financial
Oversight and Management Board
of Puerto Rico, 301 F.Supp.3d 306
(D Puerto Rico 2017); Varsity Wireless,
LLc v Town of Boxford, 2016 WL 1100435?
(D Mass 2016); Sharp Trains v Sparks, 907
F3d 276 (4th Cir 2019).

        Insomuch, objection is made
to any assertion that the claims

ARE CONCLUSORY. CASE 9:18-CV-1408-TLW-BM ESTABLISHES OTHERWISE WHERE similar claims of lack of out of cell exercise and SCDC Retaliating against inmates for the FREE EXERCISE of constitutionally protected Rights ARE MADE. The witness list filed in CASE 9:18-CV-1408 is essentially the witness list for this CASE with some minor alterations. The order does Not Adequately Address these issues in Acts of FRAUD UPON the COURT AND JUDGE Hodges SUPPRESSED

27 of 85

truth where he sat upon case
1:17-cu-1468-HmH-suit one of the
parallel cases attached to these
proceedings where his fraud
is now sought Addressed with
these multi district litigation
cases Under the independent
Action Rule for fraud upon the
court. If scdc and the state
Actors can be sued Under
CASE 9:18-cu-01408-TLW-Bm for
doing almost identical Acts? They
can be sued Under this case.
Objection is made. Conspiracy can
be proven by circumstantial

28 of 85

Evidence And their is more than
enough Evidence to place before
A jury regarding conspiracy to
deprive of constitutionally protected
Rights. Judge Hodges in Acts of
fraud Upon the court misrepre-
sented the facts in this case.
Supervisory liability is establish-
ed when the Unconstitutional
Action of their Employees is
made known to them And
They fail to Act to correct the
wrongs As All supervisors in
this case did. But it is more than
this. We Are not talking about

SUPERVISOR Acting in Acquiescence
when their employees do unconstitutional Acts. We ARE talking
about the various supervisors
of concern being directly involved, directly in the Acts done.
Therefore their capacity as A
supervisor is moot. They directly
involved themselves in the Acts
which is verified by the King-
Khalifah which will be further
verified when the parties on
the King-Khalifahs witnesses list,
which is basically my witness
list testify. It is well settled

30 of 85

that willful blindness and conscious avoidance is the legal equivalent to knowledge. The state and federal actors are in violation of the oath of office to uphold the state and federal constitution. They are not immune for violations of their oaths of office, for obstruction of justice and for concealing material facts in violation of 18 USC §§ 242 and 1001. See 5 USC §§ 3331, 3333 and 7311, United States v Antzoulatos, 962 F2d 720 (7th Cir 1992); US v Jofariah, 765 F3d 141 (2nd Cir 2014);

31 of 85

Global Tech Appliances Inc v. S.E.B,
SA, 563 US 754, 131 sct 2060, 179
Led2d 1167 (US 2011); United States
v Valbrun, 877 F3d 440, 105 Fed
R. Evidence Serv 207 (1st Cir 2017).
We object.

We further object to any
claim of immunity because Congress
carve an exception to immunity
under ADA. 42 USCA § 12203
provide:

* 4 chapter 126 of title 42 of
the United states code is commonly
known as the Americans with Disa-
bilities Act (ADA) section 42 USC §
32 of 85

12101 et seq section 12203 of the
ADA; "which aim to prohibit Retali-
ation and coercion" provides:

(a) Retaliation:

No person shall discriminate
against any individual because such
individual has opposed any act or
practice made lawful by this chapter
(which include out of cell exercise and
equal protection of the laws claims)
or because such individual made a
charge, testified (as we do against
these defendants seeking also
injunctive relief from the jury),
Asserted or participated in any

33 of 85

manner in an investigation (such
as the one we seek in the multi-
District litigation), or proceeding,
or hearing under this chapter.

(b) Interference, coercion or
intimidation: It shall be unlawful
to coerce, intimidate, threaten,
or interfere with any individual
in the exercise or enjoyment of,
or on account of his or her having
aided or encouraged any other
individual in the exercise or
enjoyment of, any Right granted
or protected (which include the
Right of safety and religious exercise)
by this chapter. The plaintiff

has a constitutional Right to food,
safety and clothing. Also in this
instance he has the Right to exer-
cise the aid of the Sole Corporation
and superseding power of the U Global
Thrones. SCDC was a party in case
2013-cp-400-0084 from which plain
party collateral estoppel attaches
to this case. Unless SCDC, the
SC Attorney General or the United
States government can demonstrate
they timely filed to defeat them
affidavits of default in question,
Wicker v Seterus, Inc, 2018 WL 4856711
(WD Tex 2018); Wicker v Seterus, Inc,
F Supp 3d, 2016 WL 2622017; Bradberry

35 of 85

v Jefferson County Tx., 732 F3d 540
(5th Cir 2013) ; Comer v Murphy Oil
USA, Inc, 718 F3d 460 (5th Cir 2013);
Semtek Intern Inc v Lockheed
Martin Corp, 531 US 497, 121 Sct 1021
(US 2001).

Insomuch the plaintiff is indeed
seeking also injunctive relief to
address the religious issues where
the parties are not immune from
injunctive relief. But due to the
failure to protect As well as ADA
violations along with the denial
of out of cell exercise they are
Not immune. Objection is made.
The remedies and procedures

available under section 12117, 12133
and 12188 of this title shall be
available to aggrieved persons
for violation of subsection (a) and (b)
of this section with respect to
subchapter I, subchapter II and
subchapter IV of this chapter. We
renew our demand for criminal
charges and a full investigation by
an independent agent not associated
with the Trump administration. We
demand that the stipulation used
under case 9:18-cv-1408-TCW-IM be
adhered to before any of these
cases proceed which include the
seeking of new evidentiary

hearing and scire be required to
demonstrate they timely filed to
defeat the affidavits of default
and voiding of jurisdiction. The
parties and judges are conspiring
to avoid prosecution, suit, aiding
the state actors in their efforts
to conceal material facts. They
are in violation of their oaths of
office stripping them of immunity,
Walker v Beaumont Independent
School District, 2016 WL 6666833;
Cahi v Boston Childrens Hospital, 161
FSupp 3d 136 (2016). The defendants
are not immune from suit where
we are indeed seeking injunctive
relief to address the injustices
380 of 85

argued in these cases. To make
such an assertion would demon-
strate a conscious ness of guilt,
Emely v State, SE 2d, - , 2016 WL 6092514
(Sup. ct 2016); State v Jones, SE 2d,
2014 WL 2575415(2014); State v Oman,
395 SC 539, 720 SE2d 31(2011); William
v Pennsylvania, 136 sct 1899, 195 L.Ed.2d
1322, 84 UsLW 4359 (Us 2016).

The US supreme Court established
cause of action where state actors
violated the judicial determinations
and its implants coupled with Hall
v Hobbs, 136 sct 1899, 2016 WL 232143
And when the parties involved
conspired under color of law and or

authority to thwart Review in egre-
gious acts of fraud upon the court, in
acts of criminal as well as civil
conspiracy, in acts of obstruction of
justice, denying us the equal protec-
tion of the law, failing to protect us
from harm, denying us out of cell
   exercise an action for damages
shall lie. Objection is made.
They are not immune, AMERICAN
Atheist, Inc v. Port Authority of N.Y
And N.J., 936 FSupp.2d. 321 (NYD.C
2013) ( 42 USCA § 2000 cc et seq. ( Ware
v Louisiana Dept of Corrections, 2016
WL 4916844, * 2t WD La. ( Benton v
Burns, 2017 WL 491251 (DCmd 2017 );
                40 of 85

Peggy Hearnberger, 845 F3d 42 (4th Cir 2017). Also see complaint.

To state a claim for violation of Rights secured by the 1st Amendment, as a threshold matter, the plaintiff must demonstrate that: (1) he holds a sincere religious belief, and (2) that a prison practice or policy burden his ability to practice his religion corrupt Judge Hodge. Thus, cause for the substantial burden of mccrays Religious belief, like they did to the King-Khalifah is established, CARTER v Fleming,

41 of 85

879 F3d 132 (4th Cir 2018)| Wilcox
v Brown, 877 F3d 161 (4th Cir 2017).

We are dealing with extra-
ordinary circumstances here. We
are dealing with the emergence
of the fiduciary Heir, King, Khalifah
to the (4) global thrones where
by contract protected under both
Article 1 & 10 And Article IV & 2 of the
privilege And Immunities clause,
his Emergence gives every global
Christian, muslim, Jew, African And
its diaspora the same sovereign
power that he has. 18 USC & 1116
describe those protected persons:

42 of 85

Normally the commonwealth, the people themselves, would not fall under such protection. But since the United States defaulted on creating the exception to such rule via the contract of the sole corporation, to include the fact that the Fiduciary Heir, King-Khalifah has now legally intervened in these matters? An exception to their immunity now exist pursuant to the Foreign Sovereign Immunity Act of 28 USC § 1602-1612 et seq.. By these now established facts, unless this court conducts the required evidentiary hearing as the stipulations demand and the parties prove they timely

43 of 85

Responded to the Affidavits of default and voiding of Jurisdiction emerging from Case 2013-CA-400-0084. An exception to immunity exist under the I.S.I.A. Objection is made, I Jahjah Al mahdi, As the Rightful fiduciary Heir and Foreign Sovereign King-Khalifah to the (4) Global Thrones of the Reestablished Global Theocratic State voluntarily joins in this case by motion to intervene to protect my Acquired interest. I, Jahjah Al mahdi give all notice Again. I denounce my American citizenship and invoke the citizenship of my Israeli forefather, King David Also

44 of 85

invoking the Israeli Law of Return
once all matters are concluded
to their final resolution, ELIE
GUAM v Long Term Credit Bank Japan,
322 F3d 635 (9th Cir 2003); VER LINDEN
B.V. v Central Bank of Nigeria, 401 US
480, 103 Sct 1962, 76 L.Ed 2d 81 (US 1983);
Capital Trans, Intern, LLC v Interna-
tional Petroleum Inv. Co., F.supp 2d,
2013 WL 557236 (JIA 2013); Thorton v
Mary Land General Hosp, F.supp.2d,
2013 WL 1943065 (md 2013); Braddy v
United States, 2016 WL 1031301 (ED Va
2016); Ad Air Asset Management, LLC
v. US Dept of Housing Urban Development
2016 WL 324 8569 (2016); SAUNIER v.

Boeing company, F supp 2d, 2014 WL
164 69 53 (2014).

By not offering some out of
cell exercise, such violates the 8th
Amendment especially in light of
the fact that they let slow and
wanted dorms continuously come
out of their cells for out of cell
exercise and none of these inmates
in question have medical concerns
such as those existing with the
plaintiff mccray and the king kha-
lifah. Now you in acts of fraud upon
the court and criminal as well
as civil conspiracy are telling me
46 of 85

that they can't be sued for this?
The magistrate judge has lost his
mind. Complete deprivation of
exercise for an extended period
of time violates the 8th Amendment
and Rights under ADA attach to
this claim. In order to sustain
a §1983 claim for lack of exercise,
a plaintiff must show some serious
or significant physical or emotional
injury. In conjunction with the
physical injuries already stated in
the complaint, we suffered from
muscle atrophy which is a painful
process to reverse. The plaintiff
McCray has also suffered from

470885

bouts of mental depression As A
result of the lack of out of cell exer-
cise being locked down for 24hrs
daily for almost A year. Many psy-
chologist have determined that such
practices on the part of state And
or federal institutions is tantamount
to official mental torture And stands
in blatant defiance to the CAT
Treaty ratified by congress which
carries Another exception to any
claim of immunity. If other inmates
were up and exercising At this very
same institution. There can be no
compelling security interest or emer-
gency justifying such action. This

demonstrated that their action was arbitrary and capricious. Thus cause of action is established, Henry Ls v. Terhune, 413 F3d 1036, 1040 (9th Cir 2005); Delaney v Detella, 256 F3d 679 (7th Cir 2001); Perkins v Kansas Dept of Corr., 965 F2d 803, 810 (10th Cir 1999); Diruers v Dept of Corr, 921 F3d 191, 194 (8th Cir 1990); Richardson v Runnels, 594 F3d 666, 672 (9th Cir 2010); Davenport v DeRoberts, 844 F2d 1310, 1315 (7th Cir. 1988); Spain v Procunier, 600 F2d 189, 199-200 (9th Cir 1979); Mitchell v Rice, 954 F2d 187 (4th Cir 1992); Straw v Sterling, 2017 WL 4371562 (DSC 2017); Grib v Skipper, 2016 WL 8928953 (DSC 2016); Barnwylde v.

49 of 85

WMad, 2016 WL 370045 (DSC 2016).

The damage that has resulted from the Negligence produced by the causes argued within the complaint which also violate the equal protection of the law clause which Hodges failed to address being silent on the issue of equal protection are indeed indisputable. such silence on the equal protection aspect of the causes is the courts acceptance that the claims are valid and that they exist and such silence giving way to their existence is an act of fraud upon the court which renders the initial review

50 of 85

Order unconstitutional And voids
the SC District courts jurisdiction
by the fraud attached to violating
the plaintiff's Due Process Rights.
N.L.R.B v Amax Coal Co. ... Div of Amax
Inc, 453 US 322, 101 SCt 2789 (US 1980);
Chimmebys management Co. LLC v.
Affiliated F.M. Insurance Co., 152
Fsupp3d. 159 (2016); Bauer v Quest Com-
municators Co. LLC, 743 Fsupp3d 221
(2014); Priessley v McMaster, 2016 WL
1106601 (DSC 2016); milford v middleton,
2018 WL 348059 (DSC 2018); Graham v.
Gayron, 831 F3d 176 (4th Cir 2016); US
v Lawrence, Fsupp3d, 2015 WL 856806
(SD Va 2015); Iannelli v US, 420 US 770,
95 SCt 1284, 43 LEd 2d 616.

A prison, or its staff, or its super-
visor, which ever way you want to
frame it, that deprives prisoners
of basic sustenapce, the free exercise
of religion, out of cell exercise, including
adequate medical care and safety from
harm which is clearly argued within
the complaint witnessed by the
King-Khalifah himself who will testify
before any jury on these issues
is incompatible with the concept
of human dignity and has no place
in civilized society, Brown v Plata,
563 US 493, 131 SCt 1910, 179 LEd2d
969 (US 2011) ; Riley v Glover, 2019 WL
13389 11 (MD GA 2019). To incarcerate
society takes from prisoners the

52 of 85

means to provide for their own
needs. Prisoners are dependent
upon the state for out of cell exer-
cise, the opportunity to congregate
for worship, access to the law library
to meet the demands of the court,
And protection from contaminated
inmates as well as for food, clothing
And necessary medical care, issues
that are more than sufficiently
Argued on the face of the complaint.
These constitutional protections cannot
be met or would be substantially
diminished or hindered or prevented
if the state Actors fail to maintain
the proper needed staffing levels
And to claim that the plaintiff

cannot seek injunctive relief as
well as monetary relief for these
egregious injustice is and act of fraud
upon the court, conspiring under color
of law rendering the initial review
order unconstitutional and void. Hodges
has taken a ludicrous position abusing
his discretionary powers. This cause
of action regarding all the issues
sought by the complaint is clearly
established, Hixon v Hutchenson,
2017 WL 265 1718 (WD Va 2017); David
v. Goord, 320 F3d 346 (2nd Cir 2003);
Gilliard v Rovelli, FSupp2d, 2013 WL
5503317 (2013); Sanders v Harrison,
FSupp3d, 2015 WL 4478699 (NC 2015);
Bounds v smith, 430 US 817, 97 SCt 1491.

54 of 85

The 2nd circuit has noted that correctional officials have an affirmative obligation to protect (forcibly confined) inmates from infectious disease. Failure to screen new inmates for communicable disease shows deliberate indifference to serious medical needs. District courts have acknowledged that requiring a prisoner to share a cell with a contagious person with an active disease could give rise to a constitutional claim. Prisoners can state a claim under § 1983 for confine in same cell as inmate with serious contagious disease.

55 of 85

GHOUNEIM U D.H.S., 2019 WL 1207857 (SDNY 2019); SENECA INSURANCE Company Inc v. Cy bernet Entertainment LLC -- Fed Appx --, 2019 WL 325181 (9th Cir 2019).

An inmate may state a claim on 8th Amendment premise on the failure of corrections officials to remedy a condition of confinement that poses a substantial Risk of harm to a prisoners substantial or future health. Thus this case is not subject to summary dismissal corrupt Judges warranting 28 USC § 1407 transfer. It is well

56 of 85

Accepted that such substantial
Risk of harm include exposure of
inmates to a serious communicable
disease. Prison officials failure to
protect inmates from Risk of harm
violates the 8th amendment only
when two requirements are met: (1)
the objective component, requiring
a prisoner to show that the condi-
tions pose a substantial Risk of
harm; (2) the subjective component,
requiring a prisoner to show that
the defendant was aware of the
Risk and disregarded it. The King-
Khalifah is a witness to these claims
which must be permitted to testify

57 of 85

before the jury with other witnesses
demonstrating Hodges in Acts of Irmual
abused his discretion by stating these
are conclusory claims. By the
complaint and that argued in his
response, cause of action is establish-
ed. Pnias v. County of Monterey,
2018 WL 5819674 (ND Cali 2018); Freuizo
v Webster, 2018 WL 6137625 (S.D. Cali
2018); Reaues v Dept of Corrections,
333 F.Supp.3d 18 (D. Miss. 2018).

The conditions and acts of the
state actors left the plaintiff
McCray defenseless subjecting him
to substantial Risk of harm and
serious Risk of contracting disease.

58 of 85

which did occur making them liable. And any claim of immunity is ludicrous. They are not subject to qualified immunity because their conduct violates constitutional rights of safety to which a reasonable person would have known and 4th amendment immunity is waived by what is proved in the documents in their totality and by ADA provisions. Prison officials are required to take reasonable measures to guarantee the safety of inmates. 8th amendment claim based upon failure to protect theory is established. SANCHEZ v COLEMAN, F.supp.3d., 2014 WL 7392400 (W D Pa. 2014), PEROTTI v O'BOYLE, 2017 WL 395125 (N D

59 of 85

Ohio. 2017) ; Sepulveda v. Mass Correc-

tional Health care, 160 F.supp.3d 571

D. Mass 2016) ; Campbell v. Guptay, F.supp.3d,

2016 WL 519535 (N.D Ala 2016) ; J Kliss v.

Daniels , F.supp.3d, 2015 WL 4066871

(M.D Ala. 2015).

The intervenor and the plaintiff
both cite these objections, who
challenge the SC District court's
jurisdiction to even, enter this
order to conceal material facts and
engage in fraud upon the court
subject matter jurisdiction can
be raised at any time cannot be
waived by us which in this case
involves claims of Res judicata
and collateral estoppel as well as
28 USC § 1407 transfer and the

COURT shall not fail to take Notice,
GRUPO DATAFLUX v Atlas Global Group.
L.P., 541 US 567, 124 SCt 1920, 158
LEed 2d 866 (US 2004); LOUMIET v.
United STATES, 65 F.SUPP.3d 19 (2014);
US v TiSDALE, F.SUPP.2d, 2007 WL
2156666 (DSC 2007); SEbELIUS v.
AUbURN RegiONAl MEdical CENTER,
133 SCt 817, 184 LEed 2d 627, 81 USLW
4053 (US 2013); IN RE GENESYS DATA
TEchNOLogiES, INC, 204 F.3d 124 (4th
CiR 2000).

        WE ARE collATERALly ATTACKiNg
the iNitial REVIEW ORdER for the
PURPOSE of RENdERiNg it void due
to FRAUd UPON the COURT THEREfoR

                    61 of 85

We motion to exceed the page limit
for this document if needed and
we motion for a reset on any time
limits to file any needed complaint
once this document is ruled on.
We motion to be able to supple-
ment the complaint as opposed
to amending it with this document
due to the fact that the order
by the fraud is unconstitutional
rendering it void. Ab initio.
Fraud vitiates everything it enters
and a judgment obtained by fraud
my be collaterally attacked, and this
applies to the acts, orders, judgments
or decrees of all courts, my les

62 of 85

v Dominos Pizza, LLC, 2017 WL 238436 (DC miss 2017); First Technology Capital, Inc. v BANctec, Inc., 2016 WL 7444943 (DC KY 2016); Martin v Target Corp of Minnesota, F. supp 2d, 2013 WL 1187034 (D NT 2013); mc Clain v Lst security BAnk of WAshington, 2016 WL 8504775 (WD mich 2016); LACRA v Rosenbaum, 2016 WL 6775638 (Nc 2016); MNINA v Chester County, F. supp. 3d, 2015 WL 6550543 (2015); Ackerman v Exxon Mobil Corp, 734 F3d 237 (4th cir 2013); Martin - Evans v Chesapeake Appalachia, LLC, F. supp3d, 2015 WL 668 1185 (ND va 2015); BARtels by And through BARtels v SAber

63 of 85

Health Care Group, Llc, 880 F3d 668 (4th Cir 2018); Great American Ins. Co. v Mextolay Network Hardware Corp, 73 F.supp.3d 636(2014).

Judgments may be attacked for fraud upon the court at any time and if the federal judge makes use of it in any manner your jurisdiction is void due to unconstitutional action. We motion for sanctions and forfeiture and there now be no opposition to this case moving forward as it was initially filed. The power to vacate judgments for fraud

64 of 85

Upon the court is free of All pro-
cedural limitations which include
fraud by officers of the court
where such Acts effect the integrity
of the normal process. Judge Hodges
sat on case 1:17-cv-1468-HMH-SVH.
Hodges knew All the facts related
to these parallel cases to include
the issues And the fact there
Are collateral estoppel claims
Attached. This lying snake of
A judge fraudulently stating
the claims Are conclusory not
supported by evidence of Any
conspiracy of conspiring? He is
part of the evidence corrupt

65 of 85

judge, United States v Conrad, 675 Fed Appx' 263, 265 (4th Cir. 2017); Fox ex rel Fox v Elk Run Coal Co. Inc , 739 F3d 131, 87 Fed. R. serv 3d 534 (4th Cir 2014) ; MDC Inno-vations, LLC v Northern, – Fed Appx – 2018 WL 1129607 (4th Cir 2018); Hamer v Neighborhood Housing services of Chicago, 138 SCt 13, 199 LEd2d 249 (US 2017); Pryne v United States, FSupp3d, 2016 WL 1377402 (DCMd 2016) v neth v Board of Trustees, FSupp3d, 2016 WL 775386 (DCMd 2016).

We review the motion for the recusal and disqualification

66 of 85

of the SC District court Reviewing
All 7th Amendment stipulations
Attached to these cases And give
notice this case is now A tag Along
case pursuant to 28 USC § 1407.
This document is Also A notice
seeking leave to Appeal but it
is placed before the 1st circuit
pursuant to 28 USC § 1631 And
the multidistrict litigation Rule
due to the seeking of disqualifi-
cation of both the 3rd And 4th
circuit. The 1st circuit now has
jurisdiction over the Appeal
Respective of Rule 82 on Venue

67 of 85

And jurisdiction Also due to Extra Territorial jurisdiction claims, Morrison v National Australia Bank Ltd, 561 US 247, 130 Sct 2869, 177 Led2d 535; Viterlinden B.V. v Central Bank of Nigeria, 461 US 480, 103 Sct 1962 (US 1983); Sullivan v Republic of Cuba, 891 F3d 6 (1st Cir 2018); In re Lupron Marketing And Sales Practices Litigation, 245 FSupp 2d 280 (D. Mass 2003); Ward v Auerbach, 2017 WL 272 4938 (D Mass 2017); Lexecom Inc v Milberg, Weiss, Bershad, Hynes & Learch, 523 US 26, 118 Sct 956, 140 Led2d 62 (US 1988); Mims v TDA Vol Inc, 2018 WL 3025059

68 of 85

(D Mexico 2010) ; Miranda v Magic Mountain LLC, 2018 WL 5719.14 ; IN RE Syntax-Brillian Corporation, 2016 WL 7177615 (D md 2016) ; B lue sky Travel and Tours, LLC v AL Tayyar, — Fed Appx' —, 2015 WL 1451636 at 4 (Va 2015) ; United States v Q Vinoples, 2016 WL 4413149, * 6+ (SD W.Va. 2016).

Silence can equate with fraud when there is a legal and moral duty to speak. Knowing failure to disclose material information necessary to prevent statement from being misleading is fraud. Public officials like

69 of 85

Judges ARE fiduciary to the people
As the King-Khalifah is fiduciary
heir to the (4) Global thrones. The
concealment of this information by
Hodges places him in violation of his
oath of office stripping him of
immunity, US v KORN, F.supp 2d,
2013 WL 2898056 (WDa NY 2013) (Joney
v Com, 1998 WL 684203 (4th cir 1998);
see v FARMER, F supp3d, 2015 WL
5838867 (SD Tex 2015); US v Mosberg,
866 F supp 2d 275 (Dnt 2011); US v.
Wecht, F supp 2d, 2008 WL 2223869
(WDa Pa 2008).

   Constructive FRAUD is breach
of legal or equitable duty which,
                 700 885

irrespective of moral guilt, is declared by law to be fraudulent because of its tendency to deceive others or violate confidence. Forced breach of fiduciary duty by fraud to breach contract is punitive in nature opening the door to monetary relief and punitive relief. Thus any claim of immunity is without merit. DAVIS v LAWYERS SUR CORP, 459 SW 2d 655 (1970); CORDIAL v ERNST & YOUNG, 199 W. Va 119, 485 SE 2d 248 (1996); Eden v GOODYEAR TIRE & RUBBER CO, 858 F2d 198 (4th Cir 1988); CURTIS v LOFFIE' ENTERPRISES INC, 71 of 85

2016 WL 6916786 (plc 2016).

SUPPRESSION of truth with intent to deceive is FRAUD. Fraudulent concealment without any misREPRESENTATION or duty to disclose can constitute FRAUD, even in Absence of fiduciary duty, statutory, or other independent legal duty to disclose material information, common law FRAUD includes Acts taken to CONCEAL, CREATE A FALSE impression, misLEAD, or otherwise deceive to prevent other party from Acquiring material information

72 of 85

such as none party collateral estoppel
And the plaintiffs Rights as A
beneficiary of the trust to seek
fiduciary assistance from the
sole corporation And foreign so-
vereign crown, PRESSLEY v MC
MASTER, 2016 WL 110 6601 (Dsc 2016);
Wilson v GMAC mortg, llc, F. supp 3d,
2015 WL 524467 (Dsc 2015); US v.
Cotton, 231 F3d 890 (4th cir 2010); IN
RE DURAMAX DIESEL litigation - FRD-
2018 WL 949856 (ED Mich. 2018); United
States v papin, 874 F3d 418 (4th cir 2017);
United States v calloWay, F supp 3d, 2016
WL 4269961 (ND cali 2016); Morrison
v AccuWeather Inc, F supp 3d, 2016
73085

WL 3015226 (MD Pa 2016); Phillips
v Brock & Scott PLLC, 2017 WL 3226866
(DCMD 2017).

Inso much, Hodges in his
engaging in these Acts of Fraud
upon the court failed to properly
Address the Equal Protection of
the laws claims As well As the
claims Regarding Retaliation.
Merely mentioning what was filed
in the complaint is not giving
the appropriate Review on the
issues in their Acts of machination
Therefore sanctions is demanded

74 of 85

due to the FRAUD to CONCEAL material
facts And Not only is service re-
quired to be issued but Also, there
must be No opposition from the
Federal Judge that would hinder or
prevent these matters from being
placed before the Jury. We object
to such Action. The Equal Protection
of the Laws Clause protects All. It
protects the innocent As Well As the
guilty. It protects the CRIMINAL As
Well As the Law-Abiding citizen.
42 USC § 1985(2) provide:

"If two or more persons con-
spire for the purpose of hindering,
impeding, obstructing or defeating

in any manner, the due course
of justice, in any state or territory,
with the intent to deny any
citizen the equal protection of the
laws, or to injure him in his pro-
perty for lawfully enforcing or
attempting to enforce the right
of any person, or cause of any
person, to the equal protection of
the laws, an action for damages
will lie", BRAWER v HOROWITZ,
535 F2d 830, 837-57 (3rd CIR 1976)/
Houston v PARTEE, 998 F2d 362, 367
(7th CIR 1992); skokos v RhoAdes, 440
F3d 957, 960 (8th CIR 2006); LE CLERC

76 of 85

v. Webb, 419 F3d 405 (5th cir 2005);
Paul Adams v California Institution,
2016 WL 646 4444.

An action taken in Retaliation
for exercing of a constitutionally
protected Right is Actionable under
§ 1983 when also violating 42 USC
§ 12203 (a)(b), even if the Act, when
taken for different Reasons,
would have been proper, And the
issue is whether we view it As
Retaliation, which we do, Matzker
v Herr, 748 F3d 442 (1984); Bulse v
Hudkins, 584 F3d 223, 229 (1978);
Milhouse v Carson, 652 F3d 371,
77 of 85

373-74 (3Rd CiR 1981); Donald v Hall,
610 F2d 16, 18 (1st CiR 1979); Webster v.
smith, 2017 WL 528381 (ND ILL 2017);
Kiernan v Town of southAmpton --
Fed Appx'' -- , 2018 WL 2251633 (2Nd CiR 2018).

42 USC & 1986 provide:

"EVERY PERSON, who having
KNOWLEdge thAt ANY of these
WRoNgs conspired to be done,
ANd mentioned in section 1985
of this title, ARE About to be
committed, ANd having the power
to prevent, OR Aid in the pre-
venting the commission of the
sAme, Neglects oR refuses to do
                78of85

so, if such wrongful act be com-
mitted, shall be liable to the party
injured, or his legal representative
for all damages caused by such
wrongful acts, which such person by
reasonable diligence could have
prevented; and such damages may
be recovered in an action on the
case; and any number of persons
guilty of such wrongful acts, or
refusal to act, may be joined as
defendants in the action". This is
the lynch pin language that demon-
strate that all the parties listed
may be joined as defendants in
this action even by way of con-
spiracy. Any claim of immunity

79 of 85

by what is argued in this case is
ludicrous, objections are made by
both the plaintiff and the inter-
vieuor, Boddie v Connecticut, 401
US 371, 379, 91 Sct 780, 28 Led2d 113
(1971); United States v Gonzales, 520
US 1, 5 (1997); US v Brinkley, 903 F2d
1130; State v Chavis, 277 SC 521, 290
SE2d 412 (1982); Holloway v Perry,
2016 WL 4074149; US v Hare, 820 F3d
93 (4th Cir 2016); Donatelli v Dept of
Homeland Security - FSupp3d -, 2016 WL
1755871; Bodman v State, 403 SC 60,
742 SE2d 363 (SC2013); Marshal v City
of Rock Hill, SE3d, 2015 WL 3884258
(SCApp 2015); Cox v Quinn, 828 F3d

80 of 85

227 (4th Cir 2016); TRAYNOR v Pugh, 817 F3d 123 (4th Cir 2016); Strickland v Halsey, 638 Fed Appx' 179 (4th Cir 2015); Mann v McKensie, F.Supp3d, 2015 WL 1224299 (DSC 2015); Hubbard v Byars, F.Supp.3d, 2015 WL 337642 (DSC 2015).

Insofar, structural error not subject to the harmless error doctrine now exist in this case by this fraud subjecting the SC District Court to sanctions and forfeiture requiring the case to be served as is, that the magistrates order be deemed vaid and unconstitutional requiring the defendants to Respond and

81of85

the case be placed before A jury.
Issue preclusion Attaches And by
fraud they conspired by this case
to circumvent the stipulations filed
in case 9:18-cv-1408-TLW-BM which
Also void the order due to 28 USC
transfer. Res judicata do not attach
to the Hodge orders due to the
fraud And the fraud vitiates every
thing that it entered which include
the entire proceedings under case
"1574", We object, Elliott v Piersol,
1 Pet 328, 340, 26 (US 1828) | Nudd
v Burrows, 91 US 677-683 (US 1875) |
Us v Throckmorton, 98 US 61-71

82 of 85

(US 1871) ; Hay Group Management,
Inc. v. Schneider, — F supp. 3d
2018 WL 655595 (E.D Pa 2018) ; vishay
Association Cont Co. v. Director, office
of Workers Compensation Programs
578 Fed Appx. 165 (CA4 (2014) ; Tilley
v Jaguar / Land Rover Million Head,
2015 WL 3736 212 (DSC 2015) ; mbc
Innovations, llc v Northern supra ;
Hunter v Neighborhood Housing
services of Chicago supra. ; Duplex v
United states. supra. ; Marbury v
Madison , 5th (2 (Ranch) 137, 180;
Viphes v United States, 28 F3d 1123
crim. Law 1163 (1), 1165(3) ; Montgomery

830f 85

v Louisiana, 136 Sct 718, 193 L.ed.2d
599, 84 USLW 4063 (US 2016); Green
Outdoors LLC v Consolidated city of
Indianapolis ***, 187 F. supp 2d 1002,
1012 SD Ill.; Hill v Snyder, 821 F.3d
763, 765+ (6th cir Mich); People v Solo,
Mich, 2017 WL 1838423 (2017); 24
Senatorial Dist Republican Committee
v Alcorn, 820 F.3d 624 (4th cir 2016);
Unruh v Board of Trustees supra.;
Wells Fargo Bank N.A. v WMH
Tomah, Two N.C. LLC, 859 F.3d 295
(4th cir 2017); Mosley v United States,
2018 WL 1187178 (NC 2018); Rubin
v Islamic Republic of Iran, 138
S. Ct. 85

sct-816 (Addressing the intelle-
tual property of the sole corpora-
tion); Alberto Gonzalez-Liguera
Jr. petitioner v Warren L Montgomery
US, 2019 WL 914128 (SD Cal 2019); Murphy
v Wynn, 2019 WL 586095 (ND Mich 2019)
People v Caliahaki, 2018 WL 5084894,
* 6 t GUAM TERR.

Respectfully,

Ron santa mccany

Ron santa mccay

Jahjah al mahdi

JUNE 18, 2019

85 of 85

Please file in

Case 18-8022

Thank you

LAWRENCE L CRAWFORD
#300839 Edisto B-17
LIEBER C.I. P.O. Box 205
Ridgeville, SC 29472



Case 18-8022   Document 00117457384   Page 93   Date Filed 06/27/2019   Entry ID: 6264127

FOR LEGAL USE O

UNITED STATES
POSTAL SERVICE.                    **Retail**

| P | US POSTAGE PAID |
| | **$0.00** |

Origin: 29472
06/25/19
4574200472-04

PRIORITY MAIL 2-Day ®

1 Lb 00.00 Oz
**1006**

EXPECTED DELIVERY DAY:   06/27/19

C079

SHIP
TO:
1 COURTHOUSE WAY
STE 2500
BOSTON MA 02210-3004

## USPS TRACKING NUMBER



RECEIVED

JUN 2 1 2019

MAIL ROOM
LIEBER C.I.

US Court o
for the
1 Courtho
Suite 2
Boston M