Lawrence L Crawford aka

Jonah Gabriel Jahjah Titishbite

#300839 Edisto B-17

Lieber CI PO Box 205

Ridgeville SC 29472

In re Case 18-8022

To: The 1st Circuit,

Please file the attached document in the above captioned case.

July 2, 2018

Thank you

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE
2019 JUL -8 PM 1:31

The Court of Appeals
For The Fifth Circuit et al.

---

Petition From Texas

Case 4118-cv-167-O et al.

---

Docket No. 19-10011 Louisiana

Docket No. 18-8022 Mass

---

Lawrence L Crawford AKA Jonah
Gabriel Jahjah T. Tishbite et al,

                  Petitioner(s)

Vs.

1 of 12

STATE of TEXAS et Al.

vs

USA et. Al
_____

Affidavit of Service
_____

I, JAH JAH Al Mahdi do hereby certify that I have mailed and observed a copy of An Affidavit of Facts Giving Judicial Notice; motion To Intervene beyond the Time limit; motion to Exceed

2 of 12

the page limit And motion to motion therefor (12) pages And its previously filed exhibits on the 5th circuit court of Appeals And all involved parties by US mail postage prepaid by placing it in the institution mailbox on July 2, 2019.

Respectfully,
Jah Jah Al Mahdi

July 2, 2019

The Court of Appeals
For The Fifth Circuit et. AL.

Petition From Texas

Case 4:18-cv-167-o et. AL.

Docket No. 19-1001 Louisiana

Docket No. 18-8022 Mass

Lawrence L Crawford aka Jonah
Gabriel Jahjah T. Tishbite et. AL.

　　　　　　　　Petitioner(s)

vs.

4 of 12

State of Texas et al.,

vs.

USA et al.

---

Affidavit of Facts Giving Judicial Notice; motion to Intervene beyond the time limit; motion to exceed the page limit And motion to motion Therefor

---

To: The 5th Circuit Court of Appeals et al.,

5 of 17

The petitioner recently filed two documents. One was entitled Affidavit of Facts giving judicial notice; filing Writ of Error due to fraud upon the court and obstruction of justice as well as criminal conspiracy; motion to challenge the 5th circuits jurisdiction for failing to take action on the previous filing; motion for declaratory judgment and motion to motion therefor, (51) pages dated June 25, 2019.

The second document was entitled Affidavit of Facts Giving Judicial Notice; motion To Intervene; filing Writ of Error; motion To challenge the 5th circuits jurisdiction due to default, collateral estoppel and multi District Litigation; motion to expand the scope and for inclusion; motion to Transfer and or stay; motion To suspend the Appellate court rules; Notice of Lien and motion to motion therefor (73) pages dated April 5, 2019.

These two documents were served on the 5th circuit in prior pleading. They are now attached to the face of this document for all purposes to include to establish the jurisdictional facts in this case.

Per the conversation had with the 5th circuit on July 1, 2019 I was informed by the clerk that the court misunderstood the filing and was not certain as to exactly what side I was seeking to intervene on. Per

that conversation had with the 5th Circuit the court was given clarity that the pleadings seeking intervention were filed to intervene to protect my acquired interest arguing non party collateral estoppel. I was then instructed by the court that I had to seek leave to intervene beyond the time limit and seek to go beyond any established page limits. This filing is done towards that end.

Due to the (51) page document and the (73) page document pre-

viously filed and now attached to the face of this pleading. I motion to intervene in case 19-1001 based upon what is argued in the two previously submitted documents I motion to intervene out of time and or beyond the time limit due to what is argued in the two documents.

I motion to exceed any page limits for the two previous filed documents where they are now also considered as exhibits attached to this pleading. I also motion to

exceed the page limit for all documents filed because the petitioner is laboring under a disability to his hands that forces him to write large and trace his letters in an attempt to make the pleadings legible. The court must remove all obstacles to my entry before this court since I fall under the protections established by the Americans with Disabilities Act of 2008. The petitioner prays the court will grant this relief to include any and all

relief it would deem necessary via what is argued within the two previously submitted documents and the extraordinary nature and circumstances that surround this case. There are no page limit restrictions for exhibits in light of the fact the rules for establishing collateral estoppel require I file the prior case pleading in the pending case.

Respectfully,
Jahjah Al mahdi

July 4, 2019

Lawrence L Crawford
#300839 Edisto B-17
Lieber C.I. P.O. Box 205
Ridgeville, SC 29472

RECEIVED
JUL 05 2019
MAIL ROOM
LIEBER C.I.

The Court of Appeals
1st Circuit Suite 250
1 Courthouse Way
Boston, Mass 02210

FOR LEGAL USE ONLY