The Court of Appeals
For The First Circuit et. Al.

Appeal From Boston District Court
Case 1:14-cu-14176-ADB et Al.,

Case 18-8022 And

Case 18-3457

RECEIVED
JUL 17 2019
BY: U.S. COURT OF APPEALS

LAWRENCE L CRAWFORD AKA JONAH
GABRIEL JONAH T. Tishbite
petitioner

VS.

students For FAIR Admissions
Vs.
1 of 8

The Court of Appeals
For The First Circuit et. Al.

Appeal From Boston District Court
Case 1:14-cu-14176-ADB et Al.,

Case 18-8022 Apod

Case 18-3457

Lawrence L Crawford AKA Jonah
Gabriel Johnah T. Tishbite
petitioner

Vs

Students For Fair Admissions
Vs.

1 of 8

The President of Harvard College et al.

defendants

Affidavit of Service

We, Jah Jah Al Mahdi, Roy McCray et al, do hereby certify that we have mailed and or served a copy of an affidavit of facts giving judicial notice and its attachments on the 1st circuit and all involved parties, by US mail postage prepaid by placing it in the institution mailbox on July 12, 2019 which will

2 of 8

sit in box Until July 15, 2019
WHERE PURSUANT to Houston v Lack,
287 US 266, 273-76, 108 Sct 2379 (1988)
it is filed that date.

Respectfully,
Jahjah Al mahdi

Ray Santa McCray
Ron L McCray

July 12, 2019

3 of 8

The Court of Appeals
For The First Circuit et al,

Appeal From Boston District Court
Case 1114-CV-14176-ADB et al,

Case 18-8022 Apld

Case 18-3457

LAWRENCE L CRAWFORD AKA JONAH
GABRIEL JAHJAH T. Tishbite
Petitioner

Vs.

Students For Fair Admissions
Vs.
4 of 8

The PRESIDENT of HARVARD College
et AL.

defendants
_____

Affidavit of Facts Giving Judicial
Notice ; supplementing the
Appeal UNdER CASE 18-8022
And motion To motion THEREfor
_____

IN RE ; CASE 18-8022 ; 18-3457
And 1:19-CV-1574-TLW-SUH

          To; The 1st circuit court of
Appeals. The N.T. District Court
et AL.

                5 of 8

HERE the 1st circuit will find:

(1) A copy of the ORDER dated document 00311328 2493. By this pleading I motion to RECALL the mandate in CASE 18-3457 before the 1st circuit pursuant to 28 USC § 1631. DUE to the structural ERROR pursuant to <u>Williams v. Pennsylvania</u>, 136 sct 1899 (2016) the 3Rd circuit's jurisdiction was void ab initio And due to the proceedings held under CASE 18-3457 being Unconstitu-tional due to FRAUD upon the court.

6 of 8

Their determination is as though there was no judicial determination made at all. Therefore, I motion to supplement the appeal under case 18-8022 and motion to recall the mandate in case 1:18-cu-13459-NLH pursuant to 28 USC § 1631 to establish all matters before the 1st circuit due to multi district litigation and extra terri-torial conspiracy provisions as well as Hobbs Act provisions, Hay Group Management Inc. v. Schneider — F.Supp.3d —, 2018 WL 655595 (EDPa 2018). (2 & 3) A copy of the affidavit

7 of 8

of Facts Giving Judicial Notice, *** (61) pages dated July 10, 2019 filed in Case 1:19-cv-1574-TLW-SULT And Exhibit, "Multi District". The document from Case 1:10-cv-13459-pLH. I motion to exceed the page limit for this filing if needed.

I motion to supplement the Appeal in Case 18-8022 to Address all matters in the attached documents pursuant to 28 USC §1631 and the argued provisions of law.

Ron McCray
Ron McCray
July 10, 2019

Respectfully
Jahiah Almahdi

8 of 8

Exhibit

" multi District "

2

## Other Documents

1:18-cv-13459-NLH-KMW
CRAWFORD et al v. LINARES

APPEAL,JDGDEF,PLO,PROSE-
PR

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 6/24/2019 at 1:22 PM EDT and filed on 6/24/2019
**Case Name:**        CRAWFORD et al v. LINARES
**Case Number:**     1:18-cv-13459-NLH-KMW
**Filer:**
**Document Number:** 27

**Docket Text:**
**Affidavit of Judicial Notice from LAWRENCE L. CRAWFORD. (rtm, )(nm)**


**1:18-cv-13459-NLH-KMW Notice has been electronically mailed to:**

**1:18-cv-13459-NLH-KMW Notice has been sent by regular U.S. Mail:**

LAWRENCE L. CRAWFORD
300839
LIEBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

YAHYA MUQUIT
318455
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/24/2019] [FileNumber=12690606-
0] [28e8e2aa5c08799e4022dafd3f830ea0ec883a915c743fc9c63243a02ecf2d9377
7cb469e4567246f7742fe901d2d057d0d665536d4526652eb370b21a89fe82]]

Exhibit

"1574 #1"

United States District Court
District of South Carolina et al.

Ron Santa                    Cia
McCray et al.                1:19-CV-1574-TLW-SVH

    plaintiff

                             affidavit of

                             service

vs.


The SC Department
of Corrections et.
al.,

    defendants

1 of 61

I, Ron Santa McCray, do hereby certify that I have mailed and or served a copy of an affidavit of facts giving judicial notice; filing writ of error; also filing objections to the report and recommendation; subsequent notice seeking leave to appeal; * * *, (61) pages dated July 8, 2019 on the SC District Court, the 1st Circuit and all involved parties by US mail postage pre-paid by placing it in the in-

2 of 61

stitution mailbox on July 10, 2019.
It is deemed filed on that date,
Houston v Lack, 287 US 266, 273-76,
108 SCt 2379 (1988). The REPORT was
Received by me on July 3, 2019.
This gives me (14) days Until July 17,
2019 to Respond and file subse-
quent Notice of Appeal making
me timely.

Respectfully,

Ron SANTA MCCRAY

Ron S McCray

July 10, 2019

3 of 61

United States District Court
District of South Carolina et al.

RON SANTA
McCRAY et al.,

Plaintiff(s)

CIA
1:19-CV-1574-TLW-
SVH

Affidavit of Facts
Giving Judicial
Notice; Filing
Writ of ERROR;
Also Filing ob-
jections to the
REPORT And Recom-
mendation; sub-
sequent Notice
seeking LEAVE

4 of 61

to appeal ; motion
To challenge the
SC District Courts
jurisdiction due
to fraud upon the
court, obstruction
of justice, criminal
conspiracy, violations
of oath of office
and DUE PROCESS
violation ; Renewing
all motions, petitions,
notices etc filed
in the (85) page
Affidavit of facts
dated filed on

VS.

5 of 61

JUNE 24, 2019

The SC Department AND motion To

of Corrections et motion Therefor

AL.

defendants

To The SC District Court,

The 1st Circuit,

The N.J. District Court

multi District Panel et AL,

The plaintiff gives all parties

judicial Notice. Attached to the

face of this pleading is:

(1) Exhibit "multi District".

This is the Notice of electronic

6 of 61

filing demonstrating that the (85)
page Affidavit of facts Giving Judicial
Notice ; * * * dated filed in the SC
District court on June 24, 2019 was
also filed before the 1st circuit as
well as in case V. 18-cv-13459-NMH-
KMW on June 24, 2019 four days
Prior to Judge Hodges issuing his
Report And Recommendation voiding
the report for fraud upon the court
And due process violation I object.

(2) The Affidavit of facts Giving
Judicial Notice ; motion to file objec-
tions to magistrate's judge's order
document #7-1 due to fraud upon

7 of 61

the court; Writ of ERROR; motion
to intervene filed by LAWRENCE L.
Crawford; motion for Recusal, disquali-
fication and Notice seeking transfer
pursuant to 28 USC § 1407; motion
to challenge the SC District courts
jurisdiction and for forfeiture;
motion for an extension of time to
be in compliance to any order until
after 1st circuit review; motion to
expand the scope and for inclusion;
Notice seeking leave to appeal
before the 1st circuit pursuant to
28 USC § 1631 And motion to motion

8 of 61

Therefor pursuant to multi-district litigation Rule 6.2 and 6.3; Fed. Rules 72(a) and 73(c); Also 28 USC §§ 636, 1602-1612 et. seq (85) pages dated filed in this case on June 24, 2019. This (85) page affidavit of facts giving judicial Notice is Now attached to the face of this document for all purposes which include the purpose of filing objections to the Report and recommendation Now submitted, to include all orders attached to it such as document # 13; document # 13-1;

9 of 61

document # 14 And document # 14-1.
All claims, issues, defenses, motions,
petitions or objections made in the
(85) page affidavit are now made
toward the Report and Recommenda-
tion as well as the previously listed
document attached to it.

I give all parties judicial No-
tice. This is not only a subsequent
Notice seeking leave to appeal
the magistrates order document
#7-1. But it is also a notice seeking
leave to appeal the orders And
or filings that establish docu-

10 of 61

ments # 13 ; document NUMBER 13-1 ; document NUMBER 14; And document #14-1. The District courts jurisdiction was divested due to notice seeking leave to appeal being attached. Thus the documents due to the fraud are tainted, corrupting the entire proceedings and the courts jurisdiction is void due to violations of Due Process and Unconstitutional action. I object.

I object to the claim by the magistrate in the report that the plaintiff fails to support

4 of 61

his claims with sufficient facts
to state a plausible § 1983 claim.
The plaintiff already addressed
this in the (85) page affidavit of
Facts Giving Judicial Notice that
was previously filed. The magistrate
Judge in Acts of FRAUD upon the
Court is conspiring under color of
law and or authority also in
violation of 18 USC § 242 and 1001
to conceal material facts and
make the prior objections in this
case appear premature and
render them void. I object.
Since the same specific objections

12 of 61

filed to attack the initial Review
order are Now the same specific
objections Resubmitted to attack the
Report and Recommendation. Any
claim that the objections and all
motions, petitions, motions etc are
premature are Now Rendered moot
and without merit, I object. The
(85) page affidavit previously filed
support all claims with more than
sufficient facts to state plausible
§1983 claims and causes of action.
      I object to any claim that
the defendants are subject to
11th amendment immunity. I

13 of 61

already specifically Addressed
this Assertion in the (85) page
affidavit of facts Giving Judicial
Notice dated filed June 24, 2019.
That same position argued in that
document now Attaches to the face
of this document is given to Attack
the REPORT And RECOMMEndAtion.
Congress carved An exception to
Immunity Under 28 USC § 1602-
1612 et seq, Also Under 42 USC §
12203 (a)(b) of ADA, Also Under
42 USC §§ 1985(2), 1985(3) And 1986
As well As by All the other claims

14 of 61

made in the (85) page previously
filed Affidavit of facts.

When it comes to personal
involvement or supervisory liability.
I object to any claim I failed to
show causal connection or affirma-
tive link between each defendant
And the constitutional violation.
I object to any claim that I failed
to plead that the defendant
through his own individual actions
violated the constitution because
for one thing you can act in
concert with others. This is what

15 of 61

conspiracy is about. I object to any claim that I failed to show a specific injury as a result of specific conduct of a defendant and an affirmative link between the injury and that conduct. This was addressed by me in the (85) page affidavit of facts previously filed. I object to any claim related to the doctrine of respondent superior and that it has no applicability under this section. The law is clear, finding officials may be held liable for the acts of their subordinates, if the

16 of 61

official is AWARE of PERSUASIVE,
UNREASONABLE RISK of HARM from
A specified SOURCE and fail to take
CORRECTIVE MEASURES AS A RESULT of
deliberate indifference or their
AUTHORIZATION. All of this WAS
Addressed in the previously filed
(85) page Affidavit of facts Giving
Judicial Notice Now Attached to the
face of this pleading.

I object to any claim that
I failed to connect the defendants
to the alleged constitutional depri-
vations. This is FRAUD and obstruction

17 of 61

of justice. The magistrate in fraud
cannot say in one part of his
report that I failed to list consti-
tution violations for which the
parties are liable; Then in the
same report, in the same breath
say I failed to attach the
defendants to the constitutional
violations. This is conflicting ruling
in acts of fraud and obstruction.
Are there constitutional violations
listed or not? I object. The report
violates 18 USC § 1001. I object
to the claim that I refer
generally to state actors or they.

18 of 61

Lets look at the face of the complaint. For the first cause of action the defendants by name and how they are connected to the unconstitutional action is seen beginning on page 6 through 13 of the complaint.

For the second cause of action specific defendants by name and how they are connected to the unconstitutional action is seen on page 16 through 19 of the complaint.

For the third cause of action 19 of 61

specific defendants by NAME and how they ARE CONNECTED to the unconstitutional action ARE seen on page 19 through 20 of the complaint.

For the fourth cause of action specific defendants by NAME and how they ARE CONNECTED to the unconstitutional action ARE seen on page 20 through 21 of the complaint.

For the fifth cause of action specific defendants by NAME and how they ARE CONNECTED to

20 of 61

the UNCONSTITUTIONAL Action ARE
SEEEN on PAGE 21 through 26 of
the complaint where they acted
in concert supporting and engaging
in the UNconstitutional Action
together, conspiring Under color of
State law by what is ARGUED within
the complaint As A whole. Therefore
I object to Any claim this Case
should be SUMMARY dismissed
where this corrupt going to hell
Judge fraudulently claimed No
factual Allegations Against NAMED
defendants Exist within the
body of the pleading.

21 of 61

I object to any claim that there is no supervisor liability. I addressed this already. I also addressed this in the (85) page affidavit of facts now attached to the face of this pleading. There policies, customs and or acts violate the US constitution as is argued in the (85) page affidavit previously filed.

I object to any claim that the RFRA is what I am arguing under. I AM arguing under RLUIPA and the protections esta-

blished by <u>Holt v Hobbs</u>, 135 SCt
853, 2015 WL 232 143 And I
Am seeking injunctive Relief for
which the parties Are not immune
to be placed before the jury.
I object to Any claim thatRLUIPA
does not AUTHORIZE claim for
money dAMAGES Against official
SUEd in individUAl cApAcities or
Sovereign Immunity PREVENTS
dAMAGE AWARD Against defendants
in them official cApAcities
Congress carried An exception to
immunity for RETAliAtion UNDER
ADA, FOREIGN SoVEREIGN Immunity
23 of 61

Act claims, violations of 42 USC §§ 1985(2), 1985(3) And 1986 As well As failure to protect claims under the 8th And 14th Amendments when they attach to such RLUIPA claims. RLUIPA is not the sole means in which the causes of Action are being filed And for which relief is sought. I object.

I object to the magistrates Assertion the court alerted plaintiff to each of these deficiencies in its JUNE 4, 2019 order And that the plaintiff responded

24 of 61

to the order with (85) pages of
conclusory, disjointed ramblings
that are mostly unrelated to his
complaint. I object to the claim
that liberally construed, plaintiff's
response does not plead a cause
of action, comply with pleading
standards or attempt to cure the
complaints deficiencies. Thus the
under sign cannot construe it
as an amended complaint.

The (85) page Affidavit of facts
Giving Judicial Notice is not
conclusory, disjointed ramblings

25 of 61

that are mostly unrelated to the
case. It was filed to establish
non party collateral estoppel and
to invoke the superseding power
and protection of the sole corpora-
tion. Wooten is fully aware of and
was served all documents in
question. I have a due process
right to establish non party
collateral estoppel if it applies to
me. I object. An evidentiary
hearing must be conducted and
these were matters for the jury
to decide creating a structural

26 of 61

constitutional error under the 7th Amendment and a procedural bar due to prior adjudication. I object. I object to the magistrate making may reference to the June 4, 2019 order because this case is on appeal challenging that order. The magistrate's jurisdiction is divested due to pending Appeal. I object. Judge Hodges conspired under color of authority or law to circumvent the 7th Amendment stipulations filed under case 9:18-CV-1408-TLW where this case is sought transfer

27 of 61

As a tag along case under the multi district litigation Rule. I object. FRAUD vitiates every thing it enters which include the JUNE 4, 2019 ORDER which is PRESENTLY suppose to be on APPEAL. The Judge Abused his discretion in Acts of FRAUD upon the COURT as it relates to these matters in their totality. It is not REQUIRED that I be in compliance to an order produced by FRAUD and for which the magistrate was void and or divested of jurisdiction to enter. I object.

28 of 61

The plaintiffs responses does
plead a cause of action and that
cause of action is also against the
court itself under the independ-
dent action rule for fraud upon
the court. It pleads non party
collateral estoppel and the
seeking to exercise the super-
seding power of the (4) Global
thrones and the foreign sovereign
immunity act. It pleads a
cause to transfer under 28
USC § 1407 and disqualification.
It pleads a cause to intervene

29 of 61

by right which comply with
pleading standards As they
relate to such matters And
attempts to appeal And cure the
fraud perpetrated by the
court itself placing the court
into forfeiture. I object And
review the motion for forfeiture
And sanctions As well As all
other motions, petitions, notices
etc filed in the (85) page Affidavit
of facts. The Crawford documents
And claims Are Evidence And
Are Admissible Under Rule 26

30 of 61

Where they prove the claims
are not conclusory because
another person other than
myself was subjected to similar
injustices and there are witnesses
involved whose testimony when
placed before a jury would indeed
further serve to prove that the
claims are not conclusory. I
object. Many of the claims
involve the same parties from
scc in the crawford case
that support my claims. I object.
I object to any claim that

31 of 61

CRAWford wrote the plaintiff's
Responses. So what if he did?
That doesn't mean that they are
Not my Responses simply because
I had someone write them for
me as I dictated them. Its
obvious I dictated them since
CRAWford had No knowledge of
the shingles situation though he
had knowledge of the other claims.
There is Nothing in Procedural
law that would demonstrate that
this is impermissible if I
voluntarily sought out his Assis-

Hence, Further As An African American, Crawford As Fiduciary Heir is bound by contract As A member of the Sole Corporation protected Under both Article 1 & 10 And Article IV & 2 of the US constitution where As the Fiduciary Heir he is bound by contract And the default And claims of collateral estoppel emerging from case 2013-cp-400-0084 to which Wooten is AWARE of, to protect my Rights before

33 of 61

All courts of law as he sees fit.

State case 9.19-cu-1400-TLW-Bm.

SCDC, the SC Attorney General
and the United States are all
party to the default and claims
of collateral estoppel emerging
from the Richland court of common
pleas under case 2013-cp-400-0084.

So unless the court under case
"01574" conduct the required
hearing as is argued as part
of the 7th amendment stipula-
tions filed in case "01408" to
34 of 61

Allow the defendants involved to demonstrate that they timely filed to defeat the affidavits of default and voiding of juris-diction. Judge Hodges was pro-cedurally barred from challenging these claims in any way where these cases are also apart of multi district litigation proceedings

I object.

I object to this corrupt going to hell judge claim that the plaintiff's time to amend the complaint or otherwise comply

35 of 61

to order to amend the complaint
was expired. stupid corrupt judge.
Your order is being challenged for
fraud upon the court. This case
is on appeal status by which
your jurisdiction is divested ab
initio. Due to the fraud, obstruction
of justice and conspiring in viola-
tion of 18 USC § 1001 there was
a motion for an extension of
time to be in compliance to any
order to reset once these
matters were addressed on appeal.
You failed to rule on this motion
violating due process rendering

36 of 61

these proceedings unconstitutional which voids this court's jurisdiction and further placing you in forfeiture. I object

I object to the compromised magistrate Judge denial of the motion to intervene, motion to incorporate documents from Crawford, motion for recusal, motion to transfer, motion to challenge the court's jurisdiction, motion for forfeiture and motion to motion stating the motions are premature and unsupported. First of all going to hell Judge.

37 of 61

All issues you Addressed in this report are on Appeal. The Argument that Addresses All that you fraudulently Asserted are Attached to the notice seeking leave to Appeal. By such your jurisdiction is divested to rule on Any of these motions. I object.

Further, the law of intervention requires that a party seeking to intervene And be timely. He must seek to intervene At the time when he has Actual or constructive knowledge of the

38 of 61

cases existence. By Crawfords signature on the (85) page Affidavit of Facts proves he has Actual Knowledge of the cases Existence. Thus Any claim of being premature is stupid and without merit. I object

Further, once the (78) page Crawford document was filed listing all the documents that are Attached to its face that are already in the possession of Judge Wooten, via the related cases to which he is sitting on?

39 of 61

It was an abuse of discretion, fraud upon the court and a violation of 18 USC § 1001 not to allow the incorporation. The documents are legally attached to the face of the Crawford document that is now submitted in this case. The Judge in one breath cannot claim that the claims are unsupported then in violation of Rule 26 deny the incorporation that proves the claims are indeed supported. This is ludicrous and criminal.

I object.

As for the RECUSAL the JUDGE CANNOT OVERRide JUDICIAL deter-mination issued by the United States SUPREME COURT which is jurisdictional in NATURE, PURSUANT to <u>Williams</u> <u>v PENNSYLVANIA</u>, 136 Sct 1899 (2016).

The JUDGES PRESENCE CREATES A STRUCTURAL ERROR which voids his jurisdiction ab initio. Thus it is Not PREMATURE. I object.

As for the motion to TRANSFER. The issue was placed before the multi district PANEL on JUNE 24,

44 of 61

2019. The corrupt Judge issued his report (4) days later on June 28, 2019. You can't have jurisdiction over the same issue resting in two courts simultaneously. Your jurisdiction was divested on this issue two fold, the moment you sat. So this motion is not premature and the attached exhibit supports it. I object.

As for the challenge of this courts jurisdiction. Subject matter jurisdiction can be raised at any time before a final order is

52 of 61

issued in this case and the laws of challenge to jurisdiction, like the motion to intervene require that the challenge be made as early as possible once the party become aware of any jurisdictional defect. All of this was addressed in the (85) page affidavit of facts attached to the face of this document. Thus any claim of being premature or unsupported for any of these motions is fraud upon the court and a blatant

43 of 61

Abuse of discretion and a violation of 18 USC § 1001 set in place to conceal material facts corrupt going to hell Judge. You are in violation of your oath of office subjecting you to civil as well as criminal penalties under 5 USC §§ 3331, 3333 and 7311. Judge Wooten if you touch this report or refer to it or use it in any way except to acknowledge all that I say? It will taint these entire proceedings violating DUE PROCESS rendering this case unconstitutional

44 of 61

And void this court's jurisdiction.
I object. Get this case before
the jury and I object to this
court failing to issue service on
these defendants, The support
documents were already served
on Judge Wooten in the related
cases. An evidentiary hearing
is required. This justifies the
incorporation also under Rule
26. 7th Amendment stipulations
Attach to this case emerging from
case "01408". This case is a tag
Along under the multi District

4 5 of 61

litigation Rule As is CASE 9:19-cv-1400-TLW-BM. Filing A NOTICE of APPEAl confers jurisdiction on the COURT of APPEALs and divest district court of its control over those Aspects of CASE involved in APPEAl. Once that Notice to intervene was filed the COURT WAS REQUIRED to serve CRAWFORD A copy of All filings to give him opportunity to Appeal Any decision that comes from this court which was Not done. YOUR failure to serve him copy of the REPORT violates DUE PROCESS And voids this courts jurisdiction placing

46 of 61

You in forfeiture. I object And motion for sanctions due to this fraud, conspiracy And obstruction of justice violating your oath of office, Griggs v Provident Consumer Discount Co., 459 US 56, 103 Sct 400, 74 L ed 2d 225 (US 1982); United States v Griffith — F3d. —, 2019 WL 2571747 (10th Cir 2019).

Application of the divestiture rule, whereby filing A notice of appeal automatically divest the district court of jurisdiction as to matters covered by the notice, must be faithful to the principles of judicial economy from

47 of 61

which it springs, In re old Cold, LLc
_ BR _, 2019 WL 2518098 (1st Cir 2019).

It is generally understood that
a federal District court and the
federal court of appeals should not
attempt to assert jurisdiction over
a case simultaneously. The filing
of a Notice seeking leave to appeal
is an element of jurisdictional signi-
ficance. It confers jurisdiction on
the court of appeals and divest the
District court of its control over
those aspects of the case involved
in the appeal, US v Christy, 3 F3d
765 (4th cir 1993); United states v.

48 of 61

PEARLE, 719 F3d 706, 711 (4th Cir 1983).
Filing Notice of Appeal terminates
the District Court's jurisdiction over
the case. The District court is
without jurisdiction to consider
motions submitted After the appeal
is filed As this corrupt Judge did.
I object, United States v Ball, 734
F2d 965 n. 1 (4th Cir 1984); Lenk v
mono lithic Power Systems Inc,
F.SUpp. 2017 WL 402 55 59 (No Cali 2017)
MANRIQUE v US, 137 SCt 1266, 197
LEd2d 599, 85 USLW 4202 (US 2017);
United States v Pinhasov, 762 Fed.
Appx 43 (2nd Cir 2019); PRICE v Dupp,

49 of 61

139 Sct 1533 (mem) (US 2019).

In Accordance with 28 USC § 636(c)(3) An Appeal from A judgment entered At A magistrate judge's discretion may be taken to the court of Appeals As would Any other Appeal from A district court judgment, Roell v Withrow, 538 US 580, 123 sct 1696, 155 L.ed2d 775 (US 2003); Mary Martucci, plaintiff v. Andrew M Saul, 2019 WL 2710295 (D conn 2019); Reddinger v Saul, 2019 WL 2511379 (D conn. 2019).

Pursuant to 28 USC § 1631 to cure want of jurisdiction when

50 of 61

Action is filed in A court As defined in section 610 the court "shall" (emphasis Added)... in the interest of justice. We Are dealing with multi District litigation, pursuant to Williams v Pennsylvania, 136 Sct 1899 (2016) the 4th And 3rd circuits Are disqualified or it creates structural error that voids their jurisdiction Ab initio. The 1st circuit is required to make A judicial determination on the record As to do they have jurisdiction under the multi District litigation rule where due to the structural error that exist in the

5l of 61

3rd and 4th circuits. They are the remaining pristine circuit that would now have jurisdiction to hear these matters. Until the 1st circuit makes such a determination related to transfer, jurisdiction for the appeal is appropriately before the 1st circuit where they were served a copy of all notices seeking leave to appeal this case and all related. Britell v U.S, 318 F3d 70 (1st Cir 2003); Alpine v Smith, 2019 WL 1867927 (D Maine 2019); Carter v United States, 2019 WL 668832 (D. Maine 2019); Riley v United States, Fed Cl. 2019 WL 449741 (Fed Cl Ct 2019).

52 of 61

Once review was sought before a panel (4) days prior to this corrupt fraudulent compromised judge issuing his report and recommendation. Two courts of exclusive different jurisdictions, or venues, cannot exercise control over same claims for relief at the same time. In Re plumbing Fixtures cases, 298 F.Supp. 484 (Judicial panel multi district litigation 1968); Lexecon Inc v milberg Bershad Hynes & Lerach, 523 US 26, 118 Sct 956, 140 Led 2d 62 (US 1998); Napa la v Pella Corp, 106 F.Supp. 3d. 715 (DSC 2015) & Pinney v Nokia Inc. 402 F3d 430 (4th cir 2005).

53 of 61

The panel overrides the forum
when there are more common
questions of fact pending in dif-
ferent districts. Also when the
transfer would serve the conven-
ience of parties where under 28 USC §
1602-1612 the right to venue falls to
the plaintiffs and the transfer
would promote the just and efficient
conduct of the actions. This case is
a tag along related to Crawford.
Structural error under Williams v
Pennsylvania exist in S. Carolina.
Judge Hodges is conspiring to conceal
jurisdictional facts pursuant to
54 of 61

18 USC § 1001 which voids the SC courts jurisdiction where the matters are also appropriately before the panel, IN RE URETHANE Anti trust Litigation, F. Supp 2d, 2006 WL 270 98 47 (D Kansas 2006); Villala v. BK. Trucking & Warehousing, LLC, 2008 WL 1366399 (D. Md 2008); IN RE Accutane Products Liability Litigation, 560 F. Supp 2d 1370 (2008).

It was an abuse of discretion an act of fraud upon the court and a violation of Due Process as well as obstruction and a violation

55 of 61

of the judges oath of office to claim the motions were untimely to circumvent the required granting of relief, especially in light of the fact the judge was divested of jurisdiction to rule on them in the first place, fraudulently stating the facts are unsupported. I object, Smith v Los Angeles Unified School District, 830 F3d 834 (9th Cir 2016); League of Women Voters of Michigan v. Johnson, 902 F3d 572 (6th Cir 2018); Kirsh v Dern, 733 Fed Appx 268

56 of 61

(6th Cir 2018); WALLACH v EATON
CORPORATION, 837 F3d 356 (3Rd Cir
2016); Hill v SC DEPT of Health
And Environmental Control, 389
SC 1, 698 SE 2d 612 (SC 2010) | GUAREN
v Cowan, Liebowitz & Latman, P.C,
F.SUPP.3d, 2015 WL 446 0868 (SDNY 2015).

Collateral Attack for Fraud
upon the court applies to All
Acts, ORDERS, decrees And
judgments of All courts on
RECORD And is free of procedural
limitations. Fraud vitiates
EVERY thing it enters And TRES
570861

judicata do not attach to the motions sought in this case. Your jurisdiction is void for unconstitutional action and violation of DUE PROCESS. Get this case before the JURY, grant the REQUIRED hearing and transfer these cases and stop the FRAUD.

I object, Elliott v Piersol, 1 Pet. 328, 340, 26 (US 1828); Nudd v. Burrows, 91 US 677-683 (US 1875); US v Throckmorton, 98 US 61-67 (US 1811); HAY GROUP MANAGMENT Inc v Schneider - F SUPP 3d --, 580 f 61

2018 WL 655595 (ED Pa 2018);

EASTERN Association Coal Co. v

Director office of Workers Com-

pensation Programs, 578 Fed Appx

165 (A4 (2014); Tilley v Jaguar /

Land Rover Hilton Head, 2015 WL

373 6212 (DSC 2015); MDC Innovations

LLC v Northern supra, - Fed Appx -

2018 WL 1296 07 (4th Cir 2018); Hamer

v Neighborhood Housing services

of Chicago, 138 Sct 13, 199 Led 2d 249

(US 2017); Byrne v United States,

F supp. 3d , 2016 WL 1377402 (DCMD 2016);

Waeth v Board of Trustees, F supp. 3d ,

2016 WL 725 386 (DCMD 2016); Marbury

v Madison , 5th (2 cranch) 137, 180;

59 of 61

Montgomery v Louisiana, 136 sct 718, 193 Ledad 599, 84 USLW 4063 (US 2016); Geft Outdoors LLC v Consolidated City of Indianapolis ***, 187 FSupp. 3d 1002, 1012 SD IN.; Hill v Snyder, 821 F3d 763, 765t (6th cir mich); People v Solo, NE3d, 2017 WL 1838423 (2017); 24 Senatorial Dist. Republican Committee v Alcorn, 820 F3d 624 (4th cir 2016); Wells-Fargo Bank NA HMH Roman, Two plc, LLC, 859 F3d 295 (4th cir 2017); Mosley v United States, 2018 WL 1187778 (nlc 2018);

60 of 61

Rubin v Islamic Republic of Iran 138 Sct 816 (Addressing the intellectual property of the Sole Corporation); Alberto Gonzalez-Figueroa Jr, petitioner v Warren L. Montgomery, U.S., 2019 WL 914128 (SD Cali 2019); Murphy v Winn, 2019 WL 586095 (Nts Mich 2019); People v Caliahaki, 2018 WL 5084834, #6 Guam Terr.

Respectfully.
Ron Santa McCray
Ron S McCray

July 10, 2019

610861

Exhibit

" 1574 # 2 "

United States District Court
District of South Carolina et al.,

LAWRENCE L.                    CLA
CRAWFORD AKA                   1119-CV-1574-TLW-
JONAH GABRIEL                  SWH
JAHJAH T. Tishbite
        petitioner

                               Affidavit of

                                  SERVICE

    VS

The SC Department
  of Corrections et
Al.,
        defendant

                  1 of 7

I, JahJah Al mahdi, do hereby certify, that I have mailed and or served a copy of an affidavit of facts Giving Judicial Notice; renewing the motion to inter-vene; joining in all claims, issues, defenses and objections submitted by Ron mccray; sub-sequent notice seeking leave to appeal before the 1st circuit and motion to motion therefor on the SC district court and all parties via Ron mccray by US mail postage prepaid on July

2of7

10, 2019. It is deemed filed on that date. Houston v Lack, 287, US 266, 273-76, 108 Sct 2379 (1988).

Respectfully,

Tahtah Al mahdi

JULY 10, 2019

3 of 7

United States District Court
District of South Carolina et al

LAWRENCE L.
CRAWFORD AKA
JONAH GABRIEL
JAHJAH T. Tishbite

petitioner

vs

C|A

1:19-CV-1574-TLW-SVH

Affidavit of
Facts Giving
Judicial Notice;
Renewing the
motion to intervene;
joining in all
claims, issues,
defenses and
objections

40f7

The SC Department
of Corrections al
al
defendants

submitted by
Ron MCCRAY,
subsequent Notice
seeking leave to
appeal before the
1st circuit and
motion to motion
Therefor

To, the SC District Court,
The 1st circuit court of
Appeals,
The plot District Court
et al.
I give all parties Judicial

5 of 7

Notice that I RENEW my motion to inter vene in CASE 1:19-cv-1574-FLW-SUH. I also give all parties Judicial Notice that I join in all claims, issues, defenses and ob-jections filed by McCRAY pursuant to his Recent filed Affidavit of Facts Giving Judicial Notice (61) pages dated July 10, 2019. I give all parties Notice that I join and also seek to subsequently appeal the orders and documents 13; 13-1; 14; and 14-1. This (61) page affidavit and the (85)

6 of 7

page affidavit are attached
to the face of this document
for all purposes. Appeal pursuant
to 28 USC § 1631 is established
before the 1st circuit by
what is argued in the
attachments referred to.

Respectfully
Jah Jah Al mahdi

July 10, 2019

7 of 7

Exhibit

" 18-3457 "

2

**18-3457**

Lawrence L. Crawford
#300839
Lieber CI
P.O. Box 205
Ridgeville, SC 29472

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 18-3457

Lawrence Crawford, et al v. Jose Linares

(U.S. District Court No.: 1-18-cv-13459)

### ORDER

Pursuant to Fed. R. App. P. 3(a) and 3rd Cir. LAR 3.3 and Misc. 107.1(a), it is

ORDERED that the above-captioned case is hereby dismissed for failure to timely prosecute insofar as appellant failed to pay the requisite fee as directed. It is

FURTHER ORDERED that a certified copy of this order be issued in lieu of a formal mandate.

For the Court,

s/ Patricia S. Dodszuweit
Clerk

Dated:  July 03, 2019

kr/cc:  Lawrence L. Crawford
   Yahya Muquit
   Mr. William T. Walsh, Clerk

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate

LAWRENCE L CRAWford AKA
Jonah GABRiEL JAHJAH T. Tishbite
#300839 Edisto B-17
Roya SANTA McCRAY
#353031 Edisto
LIEBER CI P.O Box 205
Ridgeville, SC 29472


IN RE CASE 18-8022
JO! THE 1st CiRCUIT.

The (8) page document dated

JULY 10, 2019. THE REMAINDER
ARE THE ATTACHMENTS RELATED
HERETO. By the documents

1 of 2

Now submitted I am seeking
to supplement the appeal.
Thank you.

Respectfully,
Jahjah Al mahdi
et al.

July 10, 2019

2 of 2

Ron McCray 35303,
Dorm: E-B-17



CERTIFIED MAIL

7018 2290 0000 2827 1

Lieber Corr.

P.O. Box 205

Ridgeville, S.C. 29472

RECEIVED

JUL 15 2019

MAIL ROOM
LIEBER C.I.

Clerks (

U.S. Court (

John Joseph Moak.

1 Court House Wa)

Boston, ML.