IN RE: CASE 18-8022

2019 AUG 29 PM 12: 34
RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

For The 1st Circuit,

This is a copy of the document I made reference to in my last correspondence with the court. Please file it in case 18-8022 for 1st circuit review. Thank you.

Respectfully
Jahjah Almahdi.

August 2, 2019

Court of Appeals
For The First Circuit Et Al.

Docket No. 18-8022

Lawrence L Crawford aka
Jonah Gabriel JahJah T Tishbite
Et Al.

petitioner

vs.

Students For Fair Admissions

vs.

President of Harvard College
Et Al.

Case: 18-8022    Document: 00117475198    Page: 2    Date Filed: 08/09/2019    Entry ID: 6274171

Other Documents
1:18-cv-13459-NLH-KMW
CRAWFORD et al v. LINARES

JDGDEF,PLO,PROSE-PR

**U.S. District Court**

**District of New Jersey [LIVE]**

Notice of Electronic Filing

The following transaction was entered on 7/25/2019 at 7:09 AM EDT and filed on 7/24/2019
Case Name:         CRAWFORD et al v. LINARES
Case Number:       1:18-cv-13459-NLH-KMW
Filer:             LAWRENCE L. CRAWFORD
Document Number: 29

Docket Text:
**AFFIDAVIT of Service and giving Judicial Notice by LAWRENCE L. CRAWFORD. (rjm )(nia)**

1:18-cv-13459-NLH-KMW Notice has been electronically mailed to:

1:18-cv-13459-NLH-KMW Notice has been sent by regular U.S. Mail:

LAWRENCE L. CRAWFORD
300838
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

YAHYA MUQUIT
318455
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1046708974 [Date=7/25/2019] [FileNumber=12795461-
0] [54917a66cf8696062daca2e94e1281e0d1dd252195eb910d60a2cadb4e0da0d048
8ed77491aea543662223f81978d3bd4678af9cbe9d299959e80a52604d2ff4]]

# Affidavit of Facts Giving Judicial Notice

To: The 1st circuit.

Attach the court will find Exhibits, Newman challenge, Newman Fraud and default confirmation.

I give the 1st circuit Judicial notice. I motion to supplement the appeal and seek declaratory judgment to remedy the injustices argued within these exhibits. All claims, issues and defenses

2 of 3

**Other Documents**
1:18-cv-13459-NLH-KMW
CRAWFORD et al v. LINARES

JDGDEN,PLO,PRO8E-PR

U.S. District Court

District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 7/25/2019 at 7.09 AM EDT and filed on 7/24/2019

Case Name:       CRAWFORD et al v. LINARES
Case Number:     1:18-cv-13459-NLH-KMW
Filer:           LAWRENCE L. CRAWFORD
Document Number: 29

Docket Text:
**AFFIDAVIT of Service and giving Judicial Notice by LAWRENCE L. CRAWFORD.** (rtm )(nm)

1:18-cv-13459-NLH-KMW Notice has been electronically mailed to:

1:18-cv-13459-NLH-KMW Notice has been sent by regular U.S. Mail:

LAWRENCE L. CRAWFORD
300839
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

YAHYA MUQUIT
318455
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/25/2019] [FileNumber=12795461-
0] [54917a66cf8690062d4ca2e9fe1281e0d1dd252195eb910d60a2cad94e0da0d048
8ed7749faca543662223f81978d3bd4678af9cbe9d299959e80a3260482ff4 ]

Argued in these exhibits
are now Argued in case 18-8022
to further establish our claim
of default and collateral
estoppel.

Respectfully,

Jahjah Al mahdi

August 2, 2019

**Other Documents**
1:18-cv-13459-NLH-KMW
CRAWFORD et al v. LINARES

JDGDEF,PLO,PROSE-PR

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 7/25/2019 at 7:09 AM EDT and filed on 7/24/2019
**Case Name:**      CRAWFORD et al v. LINARES
**Case Number:**     1:18-cv-13459-NLH-KMW
**Filer:**          LAWRENCE L. CRAWFORD
**Document Number:** 29

**Docket Text:**
**AFFIDAVIT of Service and giving Judicial Notice by LAWRENCE L. CRAWFORD. (tm, )(nm)**

**1:18-cv-13459-NLH-KMW Notice has been electronically mailed to:**

**1:18-cv-13459-NLH-KMW Notice has been sent by regular U.S. Mail:**

LAWRENCE L. CRAWFORD
300859
LIEBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

YAHYA MUQUIT
318455
LEIBER CORRECTIONAL INSTITUTION
P.O. BOX 205
RIDGEVILLE, SC 29472

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/25/2019] [FileNumber=12795461-
0] [54917a66cf869b062daca2e9fe1281e0d1dd252195eb910d60a2aadb4e0da0de48
8ed77491aea543662223f81978d3bd4678af9cbe9d299959e80a32604d2f4]]

Exhibit

" default confirmation "

# The McKay Firm, P.A.

1303 Blanding Street (29201)
Post Office Box 7217 (29202)
Columbia, South Carolina

(803) 256-4645  Telephone
(803) 765-1839  Fax

www.McKayFirm.com

Daniel R. Settana, Jr.

Partner

(803) 705-2157 Direct
DSettana@McKayFirm.com

July 17, 2019

**Via Email Only:**
The Honorable Jocelyn Newman
1701 Main Street, Room 223
P.O. Box 192
Columbia, SC 29202
jnewmansc@sccourts.org

> Re: Anthony Cook, et al. v. CPL Bouch, et al.
> Civil Action No.: 2013-CP-40-0084
> Our File No.: 9-384

Dear Judge Newman:

The above referenced pro se, inmate lawsuit has over 200 named Defendants. I represent a number of those Defendants. I am writing to you to respectfully request that the numerous Motions currently pending in the above referenced matter be brought to a hearing.

As background, this lawsuit was initially filed in the Richland County Court of Common Pleas on January 4, 2013, pursuant to the South Carolina Tort Claims Act. The Plaintiffs, Lawrence Crawford, #300839, and Anthony Cook, #115157, (both proceeding pro se) have sued a number of Defendants, including former Chief Justice Toal, Justice Hearn, numerous South Carolina Circuit Court Judges, numerous South Carolina state agencies, a few District of South Carolina Judges, the United States of America, at least 139 member states of the United Nations, and numerous others. Plaintiffs also filed an Amended Complaint seeking damages over $5 Billion. This case was designated Complex by Judge Manning due to the large number of Defendants but no Judge was ever appointed to handle the matter. Also, many of Plaintiffs filings consist of voluminous hand-written pages.

#1

#2

#3

We currently have numerous Motions pending in this case. In early 2015 we moved to dismiss all of the Defendants that we represent in this matter. Those Motions to Dismiss are still pending. We subsequently filed a Motion to Restrict the filings of inmate Crawford. All Motions have been scheduled multiple times but never heard. Every time a Motion comes for hearing Plaintiff Crawford adds, or allegedly adds, the sitting Judge to the list of Defendants (usually without a Motion to Amend) leading those sitting Judges to recuse themselves.

#4

1

# The McKay Firm, P.A.

| First, I do not believe that you have been named as a Defendant in the case, so there is always the option of having you hear this matter. However, if you cannot due to your numerous other duties then a sitting, retired Circuit Judge may be appropriate. |   # 5

| Finally, another option is to have Mr. Crawford come to Court for a Status Conference on the record in which we can possibly agree to a Judge to handle the matters in this case, or have a Judge appointed, especially since the case has already been deemed Complex by Judge Manning (unfortunately Judge Manning is now a Defendant in this matter). |   # 6

Thank you for your consideration in this matter.

Sincerely,

Daniel R. Settana, Jr.

RKT,jr./jf
Cc: Lawrence Crawford
    Anthony Cook
    Barton Vincent
    Celeste Moore
    J. Emory Smith
    Dennis Elledge

Anthony #115157 Cook
Lieber Correctional Instution
P O Box 205 Edisto A-28
Ridgeville, SC  29472

Exhibit

" NEWSPAPER FRAUD "

=

**STATE OF SOUTH CAROLINA**
**COUNTY OF RICHLAND**
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NUMBER:** <u>2013CP4000084</u>

Anthony #115157 Cook

Lawrence  Crawford
PLAINTIFF(S)

CPL Bouch

C O Weatherford
DEFENDANT(S)

| Submitted by: _____ | Attorney for : ☐ Plaintiff ☐ Defendant or ☐ Self-Represented Litigant |
|---|---|

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☐ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*):  ☐ Rule 12(b), SCRCP;  ☐ Rule 41(a), SCRCP (Vol. Nonsuit);
☐ Rule 43(k), SCRCP (Settled);  ☐ Other _____

☐ **ACTION STRICKEN** (*CHECK REASON*):  ☐ Rule 40(j), SCRCP;  ☐ Bankruptcy;
☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award;  ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*):
☐ Affirmed;  ☐ Reversed;  ☐ Remanded;  ☐ Other _____

NOTE:   ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

### ORDER INFORMATION

This order ☐ ends ☐ does not end the case.
Additional Information for the Clerk : _____

### INFORMATION FOR THE PUBLIC INDEX

Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled.  If there is no judgment information, indicate "N/A" in one of the boxes below.

| Judgment in Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount To be Enrolled |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |

| If applicable, describe the property, including tax map information and address, referenced in the order: |
|---|

The judgment information above has been provided by the submitting party.  Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**

Circuit Court Judge _____     Judge Code _____     Date _____

### For Clerk of Court Office Use Only

This judgment was entered on the _____ **day of** _____, 20 _____ and a copy mailed first class or placed in the appropriate attorney's box on this 25 July 2019 to attorneys of record or to parties (when appearing pro se) as follows:

Anthony #115157 Cook

Lawrence #300839 Crawford

Erin Farrell Farthing
H. Thomas Morgan Jr.
Charles A. Kinney Jr.

Meghan Hazelwood Hall
Daniel R Settana Jr.

Anthony #115157 Cook

**ATTORNEY(S) FOR THE PLAINTIFF(S)**

**ATTORNEY(S) FOR THE DEFENDANT(S)**

Court Reporter _____

Clerk of Court _____

*Jeanette W McBride*

SCRCP Form 4C (10/2011)

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

Anthony Cook (SCDC #115157); Lawrence
L. Crawford (SCDC #300839); Quinta A.
Lee; and Aerialle J. Crawford,

Plaintiffs,

v.

Judge Craig Brown, et al.,

Defendants.

IN THE COURT OF COMMON PLEAS

FOR THE FIFTH JUDICIAL CIRCUIT

Civil Action No. 2013CP4000084

**ORDER
COMPLEX CASE DESIGNATION**

It appears from the records of the Richland County Clerk of Court (and was confirmed by defense counsel) that this matter has previously been designated a "complex case," yet no judge has been assigned to dispose of this matter.

IT IS, THEREFORE, ORDERED that this case be assigned to the Honorable Walton J. McLeod, IV, to hear and handle all pre-trial motions, trial, scheduling matters, and all other matters pertaining to this case.

IT IS FURTHER ORDERED that Plaintiffs **shall not** file any amended pleadings, nor shall they attempt to add additional defendants to this action without the permission of the Court, as is required by Rule 15 of the South Carolina Rules of Civil Procedure.

AND IT IS SO ORDERED.

JOCELYN T. NEWMAN
Chief Judge for Administrative Purposes

July 23, 2019
Columbia, South Carolina.

RICHLAND COUNTY
FILED
2019 JUL 25 AM 8: 53
JEANETTE W. McBRIDE
C.C.P., G.S., & F.C.

Jeannette W. McBride
CLERK OF COURT
RICHLAND COUNTY
P.O. Box 2766
Columbia, SC 29202-2766

035  FTBJAMB 29472

SA-24

Presort
First Class Mail
ComBasPrice

US POSTAGE

ZIP 29204
02 1R
0001375672

$ 000.42⁸
JUL 26 2019

RECEIVED
JUL 29 2019
MAIL ROOM
LIEBER C.I.



**The McKay Firm,** ~~F~~
Attorneys at Law

P.O. Box 7217
Columbia, SC 2920~~2~~



**CERTIFIED MAIL**

7019 0700 0000 3772 7512



U.S. POSTAGE >> PITNEY BOWES

ZIP 29201
02 4W
0000340101 JUL 17 2019

$ 006.80

SA
24

**CERTIFIED-RETURN RECEIPT**
Mr. Anthony Cook , #115157
Lieber Correctional Institute
WDD Room 184
P.O. Box 205
Ridgeville, SC 29472

RECEIVED

JUL 22 2019

MAIL ROOM
LIEBER C.I.

29472-020505

Exhibit

" newman challenge "

=

LAWRENCE L. CRAWFORD AKA )
JONAH GABRIEL JAHJAH T. ) CASE 2013-CP-400-0084
TISGBITE ET. AL., ) ET. AL.,
)
)
PLAINTIFFS/PETITIONERS )
)
)
)
)
Vs. )
)
) **AFFIDAVIT OF SERVICE**
)
)
)
)
)
THE UNITED STATES; THE S.C. )
DEPT. OF CORRECTIONS )
ET. AL., )
DEFENDANTS )

WE, JAHJAH AL MAHDI ET. AL., DO HEREBY CERTIFY, THAT WE HAVE
MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING
JUDICIAL NOTICE; WRIT OF ERROR; MOTION TO CHALLENGE JUDGES
NEWMAN, McLEOD AND THE S.C. COURT OF COMMON PLEAS JURISDICTION;
MOTION TO VACATE THE ORDER DATED JULY 23, 2019 SIGNED BY JUDGE
NEWMAN DUE TO FRAUD UPON THE COURT; SUBMITTING FURTHER SUBSTAN-
TIAL EVIDENCE OF THE DEFAULT, COLLATERAL ESTOPPEL AND VOIDING
OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084; RENEWING
THE MOTIONS FOR RECUSAL OF JUDGE NEWMAN, McLEOD SEEKIN HIS
RECUSAL; RENEWING ALL PREVIOUSLY FILED MOTIONS, PETITIONS TO
REMOVE AND FOR 28 U.S.C. § 1407 TRANSFER AND MOTION TO MOTION
THEREFOR, ON THE S.C. COURT OF COMMON PLEAS, THE 1st. CIRCUIT,
THE 5TH. CIRCUIT, THE S.C. DISTRICT COURT AND ALL INVOLVED PAR-
TIES BY U.S. MAIL POSTAGE PREPAID, BY DEPOSITING IT WITH ITS

ATTACHMENTS IN THE INSTITUTION MAILBOX ON AUGUST 2, 2019. IT
IS DEEMED FILED ON THAT DATE, <u>HOUSTON v. LACK,</u> 287 U.S. 266,
273-76, 108 S.Ct. 2379 (1988).

RESPECTFULLY,

JAHJAH AL MAHDI

ANTHONY COOK

AUGUST 2, 2019

Case: 18-8022   Document: 00117475198   Page: 18   Date Filed: 08/09/2019   Entry ID: 6274171

THE UNITED STATES DISTRICT COURT
THE DISTRICT OF SOUTH CAROLINA ET. AL.,

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T.
TISHBITE ET. AL.,

      PLAINTIFF/PETITIONER(S)

Vs.

THE UNITED STATES; THE S.C.
DEPARTMENT OF CORRECTIONS
ET. AL.,

      DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE 2013-CP-400-0084
ET. AL.,

AFFIDAVIT OF FACTS GIVING
JUDICIAL NOTICE; WRIT OF
ERROR; MOTION TO CHALLENGE
JUDGES NEWMAN, McLEOD AND
THE S.C. COURT OF COMMON
PLEAS JURISDICTION; MOTION
VACATE THE ORDER DATED JULY
23, 2019 SIGNED BY JUDGE
NEWMAN DUE TO FRAUD UPON
THE COURT; SUBMITTING FURTHER
SUBSTANTIAL EVIDENCE OF THE
DEFAULT, COLLATERAL ESTOPPEL
AND VOIDING OF JURISDICTION
EMERGING FROM CASE 2013-CP-
400-0084; RENEWING THE MOTIONS
FOR RECUSAL OF JUDGES NEWMAN,
McLEOD AND DISQUALIFYING
THE S.C. COURT OF COMMON
PLEAS; MOTION TO AMEND THE
DEFENDANTS IN ALL PENDING
FEDERAL CASES TO ADD THE
NAME OF JUDGE WALTON J. McLEOD
SEEKING HIS RECUSAL; RENEWING
ALL PREVIOUSLY FILED MOTIONS,
PETITIONS TO REMOVE AND FOR
28 U.S.C. § 1407 TRANSFER
AND MOTION TO MOTION THEREFOR

IN RE: CASES 4:18-167-0; 1:19-cv-1574-TLW-SVH; 2006-CP-400-
0552; 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294;

Case: 18-8022    Document: 00117475198    Page: 19    Date Filed: 08/09/2019    Entry ID: 6274171

TO: THE RICHLAND COUNTY COURT OF COMMON PLEAS,
   JUDGE NEWMAN,
   JUDGE WALTON J. McLEOD,
   ATTORNEY SETTANA AND THE S.C. ATTORNEY GENERAL,
   THE S.C. DISTRICT COURT,
   THE BOSTON DISTRICT COURT,
   THE NEW JERSEY DISTRICT COURT,
   THE MULTI-DISTRICT LITIGATION REVIEW PANEL,
   THE 1st. CIRCUIT COURT OF APPEALS,
   THE 5th. CIRCUIT COURT OF APPEALS ET. AL.,

HERE THE COURT AND PARTIES WILL FIND:

(1) EXHIBIT, "DEFAULT CONFIRMATION". THIS IS A COPY OF THE LETTER THE PETITIONER RECEIVED FROM ATTORNEY SETTANA DATED JULY 17, 2019. THIS IS THE EVIDENCE THAT I SUBMIT, THAT BY ATTORNEY SETTANA'S OWN ADMISSION. HE ADMITS AND VERIFYS THE DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084. LETS BREAK THIS LETTER DOWN AND EXPLAIN ITS IMPLICATIONS PLACING IT WITHIN ALL COURT RECORDS INVOLVED.

THE PETITIONER BROKE THIS LETTER DOWN IN SECTIONS TO MAKE IT EASY TO REFER TO AND CLEARLY DETERMINE WHAT IS BEING SAID AND ADMITTED TO BY THE DEFENDANTS IN THIS ACTION WHICH INCLUDE THE UNITED STATES AND OTHER 192 MEMBER STATES OF THE UNITED NATIONS, THE UNITED STATES WHO IS PARTY IN BOTH CASES 18-8022 BEFORE THE 1st AND 19-10011 BEFORE THE 5TH. CIRCUIT.

LET US PROCEED. SECTION # 1 OF THE LETTER STATES, "AS BACKGROUND, THIS LAWSUIT WAS INITIALLY IN RICHLAND COUNTY COURT OF COMMON PLEAS ON JANUARY 4, 2013, PURSUANT TO THE S.C. TORT CLAIM ACT. THE PLAINTIFFS LAWRENCE CRAWFORD #300839, AND ANTHONY

COOK #115157, (BOTH PROCEEDING PRO SE) HAVE SUED A NUMBER OF
DEFENDANTS, INCLUDING FORMER CHIEF JUSTICE TOAL, JUSTICE HEARNS,
NUMEROUS SOUTH CAROLINA CIRCUIT COURT JUDGES, NUMEROUS SOUTH
CAROLINA STATE AGENCIES, A FEW DISTRICT OF SOUTH CAROLINA JUDGES,
THE UNITED STATES OF AMERICA, AT LEAST (139) MEMBER STATES OF
THE UNITED NATIONS AND NUMEROUS OTHERS".

THE COURTS MUST FIRST UNDERSTAND HOW THIS CASE GOT IN
THE STATE COURT AS OPPOSED TO THE FEDERAL COURT(S). THE FEDERAL
JUDGES IN QUESTION, CONSPIRING UNDER COLOR OF AUTHORITY AND
OR LAW, DUE TO THE MAGNITUDE OF WHAT IS BEING ARGUED WITHIN
THESE UNPRECEDENTED PROCEEDINGS. IN ACTS OF FRAUD UPON THE COURT,
THEY CONSPIRED TO PREVENT THE CASE FROM BEING HEARD IN FEDERAL
JURISDICTION DUE TO CHALLENGE OF THE CLINTON BILL OF 1996, REPA-
RATIONS FOR THE U.S. SLAVE TRADE, NATIONAL PRISON REFORM, AF-
FORDABLE CARE ACT AND AFFIRMATIVE ACTION CLAIMS, MONEY AMOUNTS
VIA PUNITIVE DAMAGES, GAY MARRIAGE AND INTELLECTUAL PROPERTY
ISSUES, AND THE HABEAS CORPUS CLASS ACTION NATURE OF THE PRO-
CEEDINGS ESTABLISHING POTENTIALLY THE LARGEST CASE IN EARTH'S
HISTORY. TO PREVENT, IMPEDE AND OBSTRUCT JUDICIAL REVIEW IN
VIOLATION OF THEIR OATHS OF OFFICE. THE FEDERAL JUDGES AND OTHER
STATE AND OR FEDERAL ACTORS, HAD TO ENGAGE IN CRIMINAL NON-
JUDICIAL ACTS WITHIN STATE JURISDICTION, WHICH BROKE BOTH STATE
AND FEDERAL LAWS, ESTABLISHING CAUSE OF ACTION WITHIN THE STATE
COURT, ESSENTIALLY CREATING A BACK DOOR ON THE STATE LEVEL TO
OBTAIN JUDICIAL REVIEW WHICH WAS THEN EXERCISED BY US. THIS
IS HOW THE CASE GOT IN THE STATE COURT WHEN THE FEDERAL COURT
HAD ORIGINAL JURISDICTION TO HEAR THESE MATTERS. THE DEFENDANTS
INVOLVED FORCED THE STATE FILING BY THEIR UNLAWFUL ACTS.

SECTION # 2 READS: "PLAINTIFF ALSO FILED AN AMENDED COM-
PLAINT SEEKING DAMAGES OVER $5 BILLION. THIS CASE WAS DESIGNATED
COMPLEX BY JUDGE MANNING DUE TO THE LARGE NUMBER OF DEFENDANTS
BUT NO JUDGE WAS EVER APPOINTED TO HANDLE THE MATTER".

THE AMENDMENT OF THE COMPLAINT TOOK PLACE WITHIN 1 WEEK
OF THE INITIAL FILING, BEFORE ANY DEFENDANT WAS SERVED THE PLEAD-
ING WHICH THE COURT AND PARTIES WERE NOTIFIED OF THIS INTENT

Case: 18-8022    Document: 00117475198    Page: 21    Date Filed: 08/09/2019    Entry ID: 6274171

WITHIN THE ORIGINAL COMPLAINT. S.C. RULES OF CIVIL PROCEDURE
PERMIT US TO AMEND ONCE BEFORE SERVICE WITHOUT LEAVE OF THE
COURT WHICH WE EXERCISED THIS RIGHT AFTER GIVING ALL PARTIES
NOTICE WITHIN THE ORIGINAL COMPLAINT THAT THIS WOULD BE DONE.
THUS, THE AMENDMENT WAS NOT ARBITRARY NOR WAS ANY PARTY PREJUDICE
BY IT WHERE THE AMENDMENT WAS WITHIN THE BOUNDARIES OF RULES
OF COURT AND DUE PROCESS LAW.

DON'T LET THE $5 BILLION IN RELIEF FOOL YOU. THE CASE
WAS NOT INITIALLY FILED SEEKING THIS RELIEF. ONCE THE CASE WAS
FILED. THE UNITED STATES BY PARTY, COMPROMISED AND OR BRIBED
AND OR INFLUENCED THE JUDGES INVOLVED, ACTING IN CONCERT, WORKING
WITH THE OTHER STATE AND OR FEDERAL ACTORS LISTED IN THE ACTION,
TO THWART JUDICIAL REVIEW VIA MACHINATION IN VIOLATION OF ROSS
v. BLAKE, 136 S.Ct. 1850(U.S.2016). THE CASE WAS INITIALLY FILED
SEEKING A REASONABLE AMOUNT OF RELIEF TOTALING IN THE LAW MIL-
LIONS. BUT AT EACH STEP OF THE PROCEEDINGS, THE JUDGES AND STATE
ACTOIRS, ENGAGING IN EGREGIOUS ACTS OF FRAUD UPON THE COURT,
OBSTRUCTION OF JUSTICE AND CRIMINAL CONSPIRACY. BY SUCH ACTION
THEY OPENED THE CASE TO AMENDMENT AND FURTHER ADJUDICATION UNDER
THE INDEPENDENT ACTION RULE FOR FRAUD UPON THE COURT. WITH EACH
CRIMINAL ACT OF FRAUD, DILATORY BEHAVIOR AND OBSTRUCTION OF
JUSTICE, THE RELIEF INCREASED, AND INCREASED AND INCREASED UNTIL
IT REACHED $5 BILLION WHICH WAS CAUSED BY THE DEFENDANTS AND
PARTIES WITHIN THIS CASE.

THE "INDEPENDENT ACTION" REFERRED TO IN RULE, GOVERNING
RELIEF FROM JUDGMENT AND PROVIDING THAT RULES DOES NOT LIMIT
THE POWER OF THE COURT TO ENTERTAIN AN INDEPENDENT ACTION TO
RELIEVE A PARTY FROM A JUDGMENT OR TO SET ASIDE A JUDGMENT FOR
FRAUD UPON THE COURT, IS ONE IN EQUITY, AND AS SUCH, THE COURT
MAY CONSIDER EQUITABLE DEFENSES, SUCH AS LACHES, COLLATERAL
ESTOPPEL, UNCLEAN HANDS, AND WHETHER AN ADEQUATE LEGAL REMEDY
EXIST (ei. FEDERAL FORUM UNDER 28 U.S.C. §§ 2679, 1602-1612
ET. SEQ.), AND THE COURT MAY CONSIDER OTHER POLICY DOCTRINE
SUCH AS PARENS PATRIAE. THERE WERE NEVER ANY ARBITRARY, UNJUST
AMENDMENTS IN THIS CASE. THERE WERE INDEPENDENT ACTION FILINGS
FOR FRAUD UPON THE COURT. THERE WERE THE PLAINTIFFS CLEARLY

DOCUMENTING WITHIN THE COURT RECORD THE FRAUD, CRIMINAL CONSPI-
RACY, OBSTRUCTION AND DILATORY BEHAVIOR OF THE DEFENDANTS WHICH
LED TO THE VOLUMINOUS FILINGS, WHICH SUCH DOCUMENTATION AND
FILING IS PERMITTED BY DUE PROCESS LAW, TO ESTABLISH A COMPLETE
RECORD AND TO ENSURE THAT WE WOULD NOT MISTAKINGLY WAIVE ANY
APPEALABLE ISSUES THAT REGULARLY AND CONSISTENTLY MANIFESTED
ITSELF BEFORE THE COURT. THE DEFENDANTS CAUSED THE VOLUMINOUS
FILING AND WE HAVE A DUE PROCESS RIGHT TO DOCUMENT THE FRAUD
RELATED THERETO. THE DEFENDANTS CAN'T CAUSE THE PROBLEM AND
THEN WHEN WE SEEK TO ADDRESS IT CALL "FOUL". SUCH A POSITION
IS LUDICROUS. I, WE, OBJECT, ASTERBADI v. LEITESS, 176 Fed.
Appx' 426 CA4 (Va.2006); IN RE: BUILDING MATERIAL CORP. OF AMER-
ICA ASPHALT ROOFING SHINGLES PRODUCTS, F.Supp.2d., 2013 WL
1827923(DSC.2013); MASSI v. WASHINGTON CO., 2013 WL 5410810(DSC.
2013); UNITED STATES v. CONRAD, 675 Fed. Appx' 263, 265 CA4
(N.C.2017); MDC INNOVATIONS, LLC. v. NORTHERN,--Fed. Appx'--
, 2018 WL 1129607(4th.Cir.2018); HAMER v. NEIGHBORHOOD HOUSING
SERVICES OF CHICAGO, 138 S.Ct. 13, 199 L.Ed.2d. 249(U.S.2017);
PHILLIPS v. BROCK & SCOTT PLLC., 2017 WL 3226866(D.C.Md.2017);
BLUE SKY TRAVEL AND TOURS, LLC. v. AL TAYYAR,--Fed. Appx'--,
2015 WL 1451636 CA4 (Va.2015).


     AS TO ANY REFERENCE OF JUDGE MANNING PLACING THIS CASE
, GIVING IT A COMPLEX CASE DESIGNATION? THIS TOO, IS AN ACT
OF FRAUD UPON THE COURT. HE HAD NO JURISDICTION TO DO SO WHERE
THIS CASE WAS REMOVED AT THE TIME HE DID SO WHERE STATE JURISDIC-
TION WAS DIVESTED RENDERING SUCH ACTION UNCONSTITUTIONAL AND
VOID AND IS AS IF THERE WERE NO JUDICIAL DETERMINATION MADE
AT ALL. MANNING INITIATED THIS ACT TO AID THE DEFENDANTS TO
ESCAPE THE DEFAULT WHICH OCCURRED APRIL/ MAY OF 2014. WHEN THE
CONSPIRING STATE ACTORS REALIZED WE USED THE (365) DAY S.C.
CONSTITUTION RULE TO OBTAIN THE DEFAULT, AND THEY REALIZED THE
DEFENDANTS MISSED THE (30) DAY WINDOW TO CHALLENGE THE AFFIDAVIT
OF DEFAULT FILED IN APRIL/ MAY OF 2014.


     THE DEFENDANTS IN THIS CASE, CONSPIRING UNDER COLOR OF
STATE LAW, GOT JUDGE MANNING TO AID THEM TO CIRCUMVENT THE DE-
FAULT DOCUMENT FILED SEVERAL MONTHS BEFORE MANNING ACTED. WITHOUT
THE (30) DAY CHALLENGE TO THE AFFIDAVIT AS RULES OF COURT REQUIRE

, SET IN PLACE BY JUDGE LEE'S ORAL RULING, THEY WERE IN DEFAULT SO JUDGE MANNING CONSPIRED UNDER COLOR OF STATE LAW TO AID THEM TO ESCAPE THE DEFAULT IN FRAUD.

FURTHER, SINCE JUDGE MANNING WAS A DEFENDANT IN PENDING FEDERAL CASES TO WHICH THIS STATE CASE WAS REMOVED TO. MANNING WAS WITHOUT JURISDICTION TO DO SO DUE TO THE REMOVAL AND THE CONSTITUTIONAL STRUCTURAL ERROR THAT NOW EXISTED PURSUANT TO WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899 (U.S.2016) WHERE HE SAT UPON HIS OWN CASE AND THE POTENTIAL FOR BIAS ROSE TO AN UNCONSTITUTIONAL LEVEL TAINTING, CORRUPTING THE ACTION, RENDERING IT UNCONSTITUTIONAL VOIDING HIS JURISDICTION AB INITIO, THE MOMENT HE SAT.

THE REASON WHY THEY CONSPIRED IN ACTS OF FRAUD UPON THE COURT TO PLACE THIS CASE ON THE COMPLEX CASE DOCKET WAS NOT DUE TO THE CASES SIZE SINCE THE CASE WAS OVER A YEAR OLD BEFORE THEY MADE SUCH AN ATTEMPT. IT WAS BECAUSE THE DUE PROCESS CONDI-TIONS CHANGES IF THE CASE WAS PLACED ON THE COMPLEX CASE DOCKET, WHICH THEY CONSPIRED TO DO AFTER THE DEFAULT, WHERE ON THE COM-PLEX CASE DOCKET, THE MANDATES OF THE (365) DAY RULE WOULD NO LONGER EXIST. THEREFORE, THEY CONSPIRED AFTER THE FACT TO COVER THE FACT THAT THEY DROPPED THE DUE PROCESS BALL IN HOW THE CASE WAS HANDLED. THEIR ACTION WAS DESIGNED TO AID THE DEFENDANTS AFTER THE FACT TO ESCAPE THE DEFAULT DUE TO THEIR FAILURE TO RESPOND WITHIN THE (30) DAYS AS RULES OF CIVIL PROCEDURE REQUIRED . I OBJECT AND MOTION FOR DECLARATORY JUDGMENT FROM BOTH THE 1st. AND 5th. CIRCUITS TO REMEDY THESE MATTERS.

REFERRING BACK TO THE CLAIM OF VOLUMINOUS HAND WRITTEN DOCUMENTS. THE JUDGES OF THE COURTS INVOLVED, ACTING IN CONCERT WITH THE OTHER STATE ACTORS, IN OUTRAGEOUS ACTS, GOT THE S.C. DEPT. OF CORRECTIONS OFFICERS TO DESTROY MY TYPEWRITER IN ACTS OF RETALIATION TO HINDER MY ACCESS TO THE COURTS, DUE TO MY EXERCISING CONSTITUTIONALLY PROTECTED RIGHTS OF FREE EXERCISE OF RELIGIOUS BELIEFS AND ACCESS TO THE COURTS, OPENING THEM UP TO SUIT PURSUANT TO 42 U.S.C. § 12203(a)(b).

* 4 CHAPTER 126 OF TITLE 42 OF THE UNITED STATES CODE

Case: 18-8022   Document: 00117475198   Page: 24   Date Filed: 08/09/2019   Entry ID: 6274171

IS COMMONLY KNOWN AS THE AMERICANS WITH DISABILITIES ACT (ADA)
SECTION 12230 OF THE ADA, "WHICH AIM TO PROHIBIT RETALIATION
AND COERCION" PROVIDE:

(a) RETALIATION;

NO PERSON SHALL DISCRIMINATE AGAINST ANY INDIVIDUAL
BECAUSE SUCH INDIVIDUAL HAS OPPOSED ANY ACT OR PRACTICE MADE
LAWFUL BY THIS CHAPTER......

(b) INTERFERENCE, COERCION OR INTIMIDATION: IT SHALL
BE UNLAWFUL TO COERCE, INTIMIDATE, THREATEN OR INTERFERE WITH
ANY INDIVIDUAL IN THE EXERCISE OR ENJOYMENT....OF RIGHTS GRANTED
OR PROTECTED BY THIS CHAPTER. THEY ARE NOT IMMUNE. THEY DESTROYED
MY TYPEWRITER KNOWING THAT I LABOR UNDER A DISABILITY TO MY
HANDS CAUSED BY THE DEFENDANTS. I HAD TO BORROW THIS NOW USED
TYPEWRITER WHICH IS NOT AVAILABLE AS I NEED IT, VIOLATING THEIR
OATHS OF OFFICE SUBJECTING THEM TO PENALTIES UNDER 5 U.S.C.
§§ 3331, 3333 AND 7311 WALKER v. BEAUMONT INDEPENDENT SCHOOL
DISTRICT, 2016 WL 6666833; CABI v. BOSTON CHILDREN'S HOSPITAL,
161 F.Supp.3d. 136(2016).

SECTION # 4 OF ATTORNEY SETANNA'S LETTER READ: "IN EARLY
2015 WE MOVED TO DISMISS ALL OF THE DEFENDANTS THAT WE REPRE-
SENTED IN THIS MATTER. THOSE MOTIONS TO DISMISS ARE STILL PENDING
. WE SUBSEQUENTLY FILED A MOTION TO RESTRICT THE FILINGS OF
INMATE CRAWFORD. ALL MOTIONS HAVE BEEN SCHEDULED MULTIPLE TIMES
BUT NEVER HEARD. EVERYTIME A MOTION COMES FOR HEARING PLAINTIFF
CRAWFORD ADD, OR ALLEGEDLY ADDS, THE SITTING JUDGE TO THE LIST
OF DEFENDANTS (USUALLY WITHOUT A MOTION TO AMEND) LEADING THOSE
JUDGE TO RECUSE THEMSELVES".

THIS SECTION OF THE LETTER PRODUCES SUBSTANTIAL PROOF
THE DEFENDANTS IN THIS CASE NEVER TIMELY FILED TO DEFEAT THE
AFFIDAVIT, EXHIBIT, "JUDGE LEE # 2", WHICH WAS FILED APRIL/
MAY OF 2014. BY HIS OWN ADMISSION NO WHERE IN THIS LETTER DOES
HE CLAIM HE FILED CHALLENGE TO THE AFFIDAVIT OF DEFAULT FILED
IN APRIL/ MAY OF 2014. THE DEFENDANTS NEVER ON THE COURT RECORD

CHALLENGED THE AFFIDAVIT IN QUESTION. THEY DIDN'T EVEN FILE
MOTIONS UNTIL OVER A YEAR LATER IN THE EARLY PART OF 2015. NONE
OF THOSE MOTIONS TIMELY OR PROPERLY CHALLENGED WHAT WAS ASSERTED
WITHIN THE AFFIDAVIT OF DEFAULT IN QUESTION, EXHIBIT, "JUDGE
LEE # 2". AS FOR ANY ALLEGED MOTION TO RESTRICT THE PLAINTIFF
CRAWFORD. EXHIBIT, "JUDGE LEE #'s 3 AND 4" ADDRESSING THIS.
THE MOTIONS ARE ALLEGEDLY STILL PENDING BECAUSE THE DEFENDANTS
WENT INTO DEFAULT AND THEY PROCEDURALLY DROPPED THE BALL BY
FAILING TO RESPOND TO THE AFFIDAVITS WITHIN (30) DAYS AS IS
REQUIRED BY RULES OF COURT AND DUE PROCESS LAW VIOLATING THE
5TH. AND 14TH. AMENDMENTS, BETTERMAN v. MONTANA, 136 S.Ct. 1609,
194 L.Ed.2d. 723(U.S.2016). THE PROCEEDINGS WERE OVERWHELMINGLY
CORRUPTED BY FRAUD AND THE MOTIONS AT THAT AND THIS STAGE CANNOT
BE GRANTED WHERE SUCH AN ACT WOULD BE UNCONSTITUTIONAL AND VOID.

HERE IS THE LYNCH-PIN LANGUAGE THAT PROVES THEY NEVER
EVEN ATTEMPTED TO CHALLENGE NOT JUST THE FIRST AFFIDAVIT, EXHIBIT
"JUDGE LEE # 2", BUT ALSO THE LAST AFFIDAVIT THAT VOIDED THEIR
JURISDICTION, EXHIBIT, "JUDGE LEE # 4". ATTORNEY SETTANA CLEARLY
STATED WITHIN HIS LETTER THAT, "IN EARLY 2015 THEY MOVED TO
DISMISS, GIVING CLEAR INDICATION THAT EXHIBIT, "JUDGE LEE #
2" WAS NEVER TIMELY CHALLENGED BECAUSE THEY PLACED NO ACTION
BEFORE THE COURT UNTIL EARLY 2015 WHERE THE AFFIDAVIT IN QUESTION
WAS FILED A YEAR PRIOR TO THIS AND STILL IT WAS NEVER CHALLENGED
BY THE LATE MOTIONS WHERE THEY DID NOT EVEN SEEK LEAVE TO MAKE
SUCH A CHALLENGE OUT OF TIME.

ADD TO THIS, THE FINAL AFFIDAVIT IN QUESTION WHICH VOIDED
THE COURT'S JURISDICTION, EXHIBIT, "JUDGE LEE # 4", WAS NOT
FILED UNTIL DECEMBER 1, 2015, NOT IN THE EARLY PART OF 2015
WHERE BY HIS LETTER THIS IS THE ONLY FILING THAT THEY MADE.
THIS STATEMENT CONTAINED IN THE LETTER DEMONSTRATES AND PROVES
THAT THEY NEVER UNTIL THIS PRESENT DATE CHALLENGED THE FINAL
AFFIDAVIT NOR ITS PREDECESSOR AS OF AUGUST 1, 2019 THE DATE
THIS DOCUMENT WAS PREPARED. THUS, THE CLAIM OF DEFAULT AND THE
VOIDING OF THE COURT'S JURISDICTION IS NOW OFFICIALLY ESTABLISHED
BEFORE ALL COURTS, AND FURTHER, BY THAT WHICH IS ESTABLISHED
BY THE LETTER. NO WHERE DID THE UNITED STATES MAKE A TIMELY
CHALLENGE TO THE AFFIDAVITS WHERE THEY CONSPIRED TO CONCEAL

THEIR APPEARANCE BEFORE THE STATE COURT AND GOT CAUGHT, CREEPING LIKE A BUNCH OF BACK DOOR GHOST, BINDING ALL BY THE SUPREMACY CLAUSE. WE OBJECT TO THIS CONTINUAL ACTS OF FRAUD UPON THE COURT. IT IS WELL SETTLED THAT WILLFUL BLINDNESS AND CONSCIOUS AVOIDANCE IS THE LEGAL EQUIVALENT TO KNOWLEDGE WHERE THEY ARE CONSPIRING TO CONCEAL MATERIAL FACTS IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001, VIOLATING THEIR OATHS OF OFFICE SUBJECTING THEM TO PENAL-TIES PURSUANT TO 5 U.S.C. §§ 3331, 3333 AND 7311, UNITED STATES v. ANTZOULATOS, 962 F2d. 720(7th.Cir.1992); U.S. v. TOFANAH, 765 F3d. 141(2nd.Cir.2014); GLOBAL TECH APPLIANCES INC. v. S.F.B. , S.A., 563 U.S. 754, 131 S.Ct. 2060, 179 L.Ed.2d. 1167(U.S.2011) ; UNITED STATES v. VALBRUN, 877 F3d. 440, 105 Fed. R. EVIDENCE SERv. 207(1st.Cir.2017). WE OBJECT.

HERE THE COURT AND PARTIES WILL FIND:

(2) EXHIBIT, "NEWMAN FRAUD". THIS IS THE ORDER ISSUED BY JUDGE NEWMAN DATED JULY 23, 2019. LOOK AT THIS FOOLISHNESS AND FRAUD THE UNITED STATES AND THESE DEVILS CONTINUALLY CONSPIRE IN, WARRANTING THE STATE OF SOUTH CAROLINA, BOTH FEDERAL AND STATE, RECUSAL AND DISQUALIFICATION WHICH WE MOTION FOR BY SANC-TIONS SOUGHT.

JUDGE NEWMAN, IN ACTS OF FRAUD UPON THE COURT AND MACHINA-TION, TO INAPPROPRIATELY ENTERTAIN JURISDICTION OVER THESE MAT-TERS, SPOLIATED THE FINAL ORDER IN CASE 2006-CP-400-0552 WHERE SHE TRIED TO HELP THE CONSPIRING STATE AND FEDERAL DEFENDANTS KEEP THAT CASE FROM TRANSFERRING TO FEDERAL JURISDICTION BECAUSE THIS CASE EMBELLISHES THE CRIMINAL LIABILITY CLAIMS THAT ATTACH TO ALL STATE AND FEDERAL PARTIES INVOLVED DEMONSTRATING THAT THEY ARE NOT IMMUNE EVEN PURSUANT TO THE F.S.I.A. OF 28 U.S.C. § 1602-1612 ET. SEQ.. THIS PRODUCED CASE 9:19-cv-1400-TLW-BM TO WHICH JUDGE NEWMAN IS A DIRECT DEFENDANT MAKING THE ORDER SHE PRODUCED UNCONSTITUTIONAL AND VOID PURSUANT TO THE U.S. SUPREME COURT HOLDINGS UNDER WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899(U.S.2016).

JUDGE NEWMAN TRIED TO BRING THE PLAINTIFF CRAWFORD BEFORE

Case: 18-8022   Document: 00117475198   Page: 27   Date Filed: 08/09/2019   Entry ID: 6274171

THE COURT UNDER CASE 2006-CP-400-0552 IN JANUARY 2019 AND SUBSE-
QUENTLY THEREAFTER. THE PETITIONER SHUT JUDGE NEWMAN AND THE
FRAUD SHE ATTEMPTED DOWN AND FILED ACTION AGAINST HER IN THE
FEDERAL COURT ESTABLISHING CASE 9:19-cv-1400-TLW-BM. SHE HAD
NO JURISDICTION WHERE BY THE FRAUD SHE SPOLIATED THE FINAL ORDER
IN THE CASE TO ALLOW HER TO INAPPROPRIATELY ENTERTAIN JURISDIC-
TION OVER THE CASE. PROOF THAT SHE SPOLIATED, DESTROYED THE
FINAL ORDER IN THE CASE TO INAPPROPRIATELY ENTERTAIN JURISDICTION
IS THAT (3) OTHER RELATED CASES WERE ADJUDICATED ON THE SAME
DATE AND THEIR FINAL ORDERS REMAIN INTACT. FURTHER PROOF IS
THAT IF SHE DIDN'T SPOLIATE THE FINAL ORDER IN THE CASE AND
THE CASE WAS STILL PENDING AS SHE FRAUDULENTLY TRIED TO PRESENT.
WHAT THE HECK IS CASE 2006-CP-400-0552 DOING SITTING UNRESOLVED
FOR OVER (13) YEARS? IT IS CLEAR VIOLATION OF THE 5TH. AND 14TH.
AMENDMENT, DUE PROCESS LAW, TO HAVE THIS CASE SITTING UNRESOLVED
FOR OVER (13) YEARS. SEE BETTERMAN v. MONTANA, 136 S.Ct. 1609,
194 L.Ed.2d. 723(U.S.2016). THE CASE SHE CONSPIRED TO USE SAT
FOR (13) YEARS!!! THIS IS OUTRAGEOUS AND UNCONSTITUTIONAL PLA-
CING THESE RAT, STINKING, COCKROACHES AND DEVILS IN FORFEITURE
ON ALL CLAIMS MADE DUE TO LACK OF DUE PROCESS, UNCONSTITUTIONAL
ACTION, VOIDING THE S.C. COMMON PLEAS COURT'S JURISDICTION.
WE OBJECT.

SO IN RETALIATION, IN VIOLATION OF 42 U.S.C. § 12203(a)(b)
, WHEN SHE REALIZED THAT SHE GOT SHUT DOWN UNDER CASE 2006-CP-
400-0552, AND WHEN THE 5TH. CIRCUIT SCREAMED, CONSPIRING ACROSS
MULTIPLE STATE AND FEDERAL JURISDICTIONS DUE TO MY INTERVENING
IN CASE 19-10011. NEWMAN THEN SITS ON CASE 2013-CP-400-0084
TO ISSUE THIS ORDER, WHERE THE PLEADINGS OF CASE 2013-CP-400-
0084 ARE FILED UNDER CASE 2006-CP-400-0552 AND SHE HAS CLEAR
NOTICE THAT SHE IS A DEFENDANT IN CASE 9:19-cv-1400-TLW-BM,
TO FRAUDULENTLY MAKE IT APPEAR LIKE THE DEFAULT IN CASE 2013-
CP-400-0084 DOES NOT EXIST AND FURTHER PLEADING CAN BE SUBMITTED
IN THE CASE. WE OBJECT.

UNLESS THE UNITED STATES AND OTHER DEFENDANTS IN THIS
CASE CAN DEMONSTRATE, WHICH BY THE ATTACHED LETTER WE KNOW THEY
CAN'T, THAT THEY TIMELY FILED TO DEFEAT THE AFFIDAVITS OF DEFAULT
AND VOIDING OF JURISDICTION FILED IN THIS CASE, COLLATERAL ESTOP-

Case: 18-8022    Document: 00117475198    Page: 28    Date Filed: 08/09/2019    Entry ID: 6274171

PEL ATTACHES TO CASE 2013-CP-400-0084 VIA THE HEARING CONDUCTED
BY JUDGE ALISON LEE IN APRIL OF 2014, WHICH INCLUDE ON ALL ISSUES
WHICH WERE OR COULD HAVE BEEN ARGUED IN THE CASE WHICH VOIDS
NEWMAN'S JURISDICTION TO ADDRESS ANY MATTER IN THIS CASE WHICH
INCLUDE A COMPLEX CASE DESIGNATION TO CIRCUMVENT THE (365) DAY
MANDATE ATTACHED TO THE S.C. CONSTITUTION THEY ALREADY VIOLATED.
WE OBJECT AND MOTION TO EXPAND THE SCOPE AND FOR INCLUSION AND
ALL DOCUMENTS FILED IN BOTH CASES 9:19-cv-1400-TLW-BM AND 1:19-
cv-1574-TLW-SVH NOW BE DEEMED FILED WITHIN ALL CASES INVOLVED
ON RECORD, STATE AND FEDERAL. THIS IS WHY JUDGES WOOTEN AND
MARCHANT DELAYED THE INITIAL REVIEW OF CASE 9:19-cv-1400-TLW-
BM TO ALLOW JUDGE NEWMAN TO ACT IN THE S.C. COURT OF COMMON
PLEAS. WE OBJECT. COLLATERAL ESTOPPEL ATTACHES, SARA Y WILSON,
APPELLANT, v. CHARLESTON COUNTY SCHOOL DISTRICT, RESPONDENT,-
--S.E.2d.--, 2017 WL 1075196(S.C.2017); HARDWICK v. BANK OF
AMERICA N.A., 2016 WL 3563083(DSC.2016); UNITED STATES v. QUI-
NONES, 2016 WL 4413149, * 6+ (S.D.W.Va.2016); VERSER v. SMITH,
2017 WL 528381(N.D.Ill.2017); MYERS v. HENSLEY, 2010 WL 3522492
(D.C.OHIO.2010); MORRISON v. NATIONAL AUSTRALIA BANK LTD, 561
U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d. 535; WARD v. AUERBACH,
2017 WL 2724938 (D.Mass.2017); KNIGHT v. MANUFACTURES & TRADERS
TRUST CO., 84 F.Supp.3d. 436 (D.Md.2015); SOUTHERN PAC R. CO.
v. U.S., 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355(U.S.1897); IN
RE: ZYPREXA PRODUCTS LIABILITY LITIGATION, 594 F3d. 113(2nd.Cir.
2010).


UNLESS THE UNITED STATES, THE UNITED NATIONS AND OTHER
STATE ACTORS WITHIN THIS CASE CAN DEMONSTRATE THAT THEY TIMELY
FILED TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURIS-
DICTION THAT EMERGES FROM CASE 2013-CP-400-0084? I GIVE ALL
PARTIES JUDICIAL NOTICE. I, JAHJAH AL MAHDI, OFFICIALLY INVOKE
ALL SUPERSEDING ATTORNEY, JUDICIAL, LEGISLATIVE, EXECUTIVE POWER
OF THE FOREIGN SOVEREIGN CROWN OF THE (4) GLOBAL THRONES AS
THE FIDUCIARY HEIR, KING, KHALIFAH, IMAM AND HIGH PRIEST WITH
REDEMPTION POWER. I DECREE THAT JUDGE NEWMAN'S ORDER IS VOID
FOR FRAUD UPON THE COURT, CRIMINAL CONSPIRACY, OBSTRUCTION OF
JUSTICE AND VIOLATION OF HER OATH OF OFFICE IN EFFORTS TO CONCEAL
MATERIAL FACTS IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001, EIE

GUAM v. LONG TERM CREDIT BANK, JAPAN, 322 F3d. 635(9th.Cir.2003);
VERLINDEN B.V. v. CENTRAL BANK NIGERIA, 401 U.S. 480, 103 S.Ct.
1962, 76 L.Ed.2d. 81(U.S.1983); CAPITAL TRANS, INTERN, LLC.
v. INTERNATIONAL PETROLEUM INV. CO., F.Supp.2d., 2013 WL 557236
(FLA.2013); THORTON v. MARYLAND GENERAL HOSP., F.Supp.2d., 2013
WL 1943065(Md.2013); BRADDY v. UNITED STATES, 2016 WL 1031301
(E.D.Va.2016); ABAIR ASSET MANAGEMENT, LLC. v. U.S. DEPT. OF
HOUSING URBAN DEVELOPMENT, 2016 WL 3248569(2016); SAUNIER v.
BOEING COMPANY, F.Supp.2d., 2014 WL 1646953(2014).

        "GIVE US FREE!!!" AND GET ME AND MY PEOPLE OUT OF THESE
RAT, STINKING PRISONS BEFORE YOU FURTHER INVOKE THE WRATH OF
THE ONE TRUE GOD!!! I MOTION TO AMEND ALL PENDING FEDERAL CASES
TO NOT JUST ADD THE NAME OF JUDGE NEWMAN, BUT ALSO JUDGE WALTON
J. McLEOD IV. HIS NAME RELATES BACK TO ALL ORIGINAL COMPLAINTS
BY DECREE OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN
WHERE JUDGE McLEOD'S PRESENCE IS IN FURTHERANCE OF THE CONSPIRACY
. I RENEW THE MOTION AGAIN AS I DID UNDER CASES 2006-CP-400-
0552 AND 9:19-cv-1400-TLW-BM FOR BOTH JUDGES NEWMAN AND McLEOD'S
RECUSAL. I CHALLENGE THESE JUDGE'S AND THE S.C. COURT OF COMMON
PLEAS JURISDICTION TO ENTER ANY ORDER IN CASE 2013-CP-400-0084
OR ANY OTHER STATE CASE INVOLVED. SUBJECT MATTER JURISDICTION
CAN BE RAISED AT ANY TIME, CANNOT BE WAIVED BY ME, AND THE COURT
SHALL NOT FAIL TO TAKE NOTICE, GRUPO DALAFLUX v. ATLAS GLOBAL
GROUP, L.P., 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d. 866
(U.S.2004); LOUMIET v. UNITED STATES, 65 F.Supp.3d. 19(2014);
SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER, 133 S.Ct. 817, 184
L.Ed.2d. 627, 81 U.S.L.W. 4053(U.S.2013); IN RE: GENESYS DATA
TECHNOLOGIES, INC., 204 F3d. 124 (4th.Cir.2000).

        NOT ONLY WAS JUDGE NEWMAN'S JURISDICTION VOID VIA JUDGE
LEE'S ORAL RULING IN THE APRIL 2014 HEARING WHERE A CIRCUIT
JUDGE CANNOT OVERRULE OR VACATE ANOTHER CIRCUIT JUDGE'S HOLDINGS
AND DEFAULT AND COLLATERAL ESTOPPEL ATTACHES TO CASE "0084"
THAT NEWMAN IN ACTS OF FRAUD UPON THE COURT CONSPIRED TO CIRCUM-
VENT.

        NOT ONLY WAS HER JURISDICTION VOID BECAUSE SHE ESSEN-

TIALLY SAT UPON HER OWN CASE AND OR THE POTENTIAL FOR BIAS ROSE
TO AN UNCONSTITUTIONAL LEVEL CREATING STRUCTURAL ERROR NOT SUB-
JECT TO THE HARMLESS ERROR DOCTRINE BY THE DOCUMENTS FILED IN
BOTH CASES 2016-CP-400-0552 AND 9:19-cv-1400-TLW-BM, CONSPIRING
TO AVOID SUIT AND TO AID THEIR COHORTS IN THEIR MEETING OF THE
MINDS IN VIOLATION OF THE HOLDINGS MADE UNDER WILLIAMS v. PENN-
SYLVANIA, 136 S.Ct. 1899(2016). CASE 2013-CP-400-0084 IS REMOVED
BY PETITION TO THE FEDERAL DISTRICT COURTS INVOLVED WITHIN ALL
FEDERAL CASES LISTED WITHIN THE CAPTION. IT IS REMOVED TO CASE
1:19-cv-1574-TLW-SVH, A TAG ALONG CASE, WHERE THAT CASE IS CUR-
RENTLY ON APPEAL. IT IS SOUGHT PANEL REVIEW AS A TAG ALONG UNDER
THE MULTI-DISTRICT LITIGATION RULE(S) 6.2 AND OR 6.3 UNDER CASE
1:18-cv-13459-NLH. THEREFORE, NOT EVEN TAKING INTO ACCOUNT THE
FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRCTION OF
JUSTICE BY ALL OF THE AFOREMENTIONED. JUDGE NEWMAN'S JURISDICTION
WAS VOID AB INITIO THE MOMENT SHE SAT TO INITIATE THE ORDER
NOW FILED IN CASE 2013-CP-400-0084, MYLES v. DOMINOS PIZZA,
LLC., 2017 WL 238436(D.C.Miss.2017); FIRST TECHNOLOGY CAPITAL,
INC. v. BANCTEC INC,, 2016 WL 7444943(D.C.Ky.2016); MARTIN v.
TARGET CORP. OF MINNESOTA, F.Supp.2d., 2013 WL 1187034(D.N.J.
2013); McCLAIN v. 1st. SECURITY BANK OF WASHINGTON, 2016 WL
8504775(W.D.Wash.2016); LACRA v. ROSEBAUM, 2016 WL 6775638
(N.C.2016); MINA v. CHESTER COUNTY, F.Supp.3d., 2015 WL 6550543
(2015); ACKERMAN v. EXXON MOBIL CORP., 734 F3d. 237(4th.Cir.
2013); MARTIN-EVANS v. CHESAPEAKE APPLACHIA, LLC., F.Supp.3d.,
2015 WL 6681185(N.D.Va.2015); BARTELS BY AND THROUGH BARTELS
v. SABER HEALTH CARE GROUP, LLC., 880 F3d. 668(4th.Cir.2018);
GREAT AMERICAN INS. CO. v. NEXTDAY NETWORK HARDWARE CORP., 73
F.Supp.3d. 636(2014).

JUDGE NEWMAN CONSPIRED WITH THE FEDERAL JUDGES INVOLVED
TO ALSO CIRCUMVENT THE 7TH. AMENDMENT STIPULATIONS FILED UNDER
CASES 9:18-cv-01408-TLW-BM AND 9:19-cv-1400-TLW-BM. THIS ALSO
CREATED A STRUCTURAL ERROR TAINTING HER ORDER RENDERING IT UNCON-
STITUTIONAL AND VOIDS HERE JURISDICTION VIA THE FRAUD UPON THE
COURT ATTACHED TO IT, CURTIS v. LOETHER, 415 U.S. 189, 94 S.Ct.
1005, 39 L.Ed.2d. 260(U.S.1974); PENNSYLVANIA NAT. MUT. CAS.
INS. CO. v. TANNER, 2013 WL 140425(DSC.2013); ORTIZ v. FIBERBOARD

Case: 18-8022    Document: 00117475198    Date Filed: 08/09/2019    Page: 31    Entry ID: 6274171

CORP., 527 U.S. 815, 119 S.Ct. 2295, 144 L.Ed.2d. 715(U.S.1999); CITY OF MONTEREY v. DEL MONTE DUNES AT MONTEREY, LTD., 526 U.S. 687, 119 S.Ct. 1624(U.S.1999); FELTNER v. COLUMBIA PICTURES TELEVISION INC., 523 U.S. 340, 118 S.Ct. 1279(U.S.1998).

THIS DOCUMENT CONSTITUTES A WRIT OF ERROR TO ADDRESS THE FRAUD CONSPIRED TO HAVE A DETRIMENTAL EFFECT WITHIN ALL FEDERAL JURISDICTIONS INVOLVED FURTHER ESTABLISHING EXTRA TERRI-TORIAL JURISDICTION CLAIMS ALSO DUE TO THE INTERSTATE COMMERCE ISSUES ATTACHED WHERE THIS FRAUD OCCURRED ACROSS MULTIPLE STATE AND OR FEDERAL JURISDICTIONS, U.S. v. DENEDO, 556 U.S. 904, 129 S.Ct. 2213, 173 L.Ed.2d. 1235(U.S.2009); UNITED STATES v. APPLE MAC PRO. COMPUTER,--F3d.--, 2017 WL 1046105(3rd.Cir.2017); CLARK v. UNITED STATES, 2016 WL 6986704(N.C.2016).

I MOTION TO EXPAND THE SCOPE AND FOR INCLUSION AND ALL DOCUMENTS FILED IN CASES 1:19-cv-1574-TLW-SVH; 9:19-cv-1400-TLW-BM; 1:18-cv-13459-NLH; 1:14-cv-14176-ADB AND 9:18-cv-01408-TLW-BM BE DEEMED FILED IN BOTH CASES 18-8022 AND 19-10011. THE PARTIES AND OR COURTS ARE CONSPIRING UNDER COLOR OF LAW ACROSS MULTIPLE JURISDICTIONS TO DEFRAUD ME OF MY RIGHT TO INTERVENE IN ALL CASES INVOLVED TO PROTECT MY ACQUIRED INTEREST DENYING ME THE EQUAL PROTECTION OF THE LAWS. WE OBJECT. THE ORDER ISSUED BY JUDGE NEWMAN FOR THIS PURPOSE IS VOID FOR FRAUD UPON THE COURT, STRUCTURAL ERRORS AND THE VOIDING AND OR DIVESTING OF JURISDICTION. THEIR INTENT IS TO CIRCUMVENT THE DEFAULT, COL-LATERAL ESTOPPEL AND VOIDING OF JURISDICTION TO DECEPTIVELY MAKE IT APPEAR AS IF THE PROCEEDINGS UNDER CASE 2013-CP-400-0084 ARE NOT CONCLUDED WHEN BY THE U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA, 136 S.Ct. 1609(2016) WOULD DICTATE OTHERWISE WHERE THESE CASES WERE HELD TO LONG RENDERING THEM UNCONSTITUTIONAL PLACING THE PARTIES IN FORFEITURE DUE TO SANC-TIONS SOUGHT FOR FRAUD UPON THE COURT.

APPLICATION OF THE DIVESTITUTE RULE, WHEREBY FILING A NOTICE OF APPEAL AUTOMATICALLY DIVEST THE DISTRICT COURT AND THE S.C. COMMON PLEAS COURT WHERE THE STATE CASE WAS REMOVED THERE, OF JURISDICTION, AS TO MATTERS COVERED IN THE NOTICE,

AS CASE 2013-CP-400-0084 WAS, MUST BE FAITHFUL TO THE PRINCIPLES
OF JUDICIAL ECONOMY FROM WHICH IT SPRINGS, IN RE: OLD COLD,
LLC.,--B.R.--, 2019 WL 2518098(1st.Cir.2019).

IT IS GENERALLY UNDERSTOOD THAT A FEDERAL DISTRICT COURT
AND THE FEDERAL COURT OF APPEALS SHOULD NOT ATTEMPT TO ASSERT
JURISDICTION OVER A CASE SIMULTANEOUSLY. THIS APPLIES TO THE
S.C. COMMON PLEAS SINCE THE STATE CASE WAS REMOVED TO THE DIS-
TRICT COURT. THE FILING OF A NOTICE SEEKING LEAVE TO APPEAL
IS AN EVENT OF JURISDICTIONAL SIGNIFICANCE. IT CONFERS JURISDIC-
TION ON THE COURT OF APPEALS AND DIVEST THE DISTRICT COURT OF
JURISDICTION WHICH INCLUDE THE STATE COURT OF JURISDICTION SINCE
THE CASE IS REMOVED TO THE DISTRICT COURT, OF ITS CONTROL OVER
THOSE ASPECTS OF THE CASE INVOLVED IN THE APPEAL. THE ISSUES
SUCH AS RES JUDICATA  AND COLLATERAL ESTOPPEL RELATED TO THE
STATE CASE WAS ON APPEAL VIA THE FEDERAL CASE IT WAS REMOVED
TO, U.S. v. CHRISTY, 3 F3d. 765(4th.Cir.1993); UNITED STATES
v. PERALE, 719 F2d. 706, 711(4th.Cir.1983). FILING NOTICE OF
APPEAL TERMINATES THE DISTRICT COURT'S JURISDICTION AS WELL
AS THE STATE COURT'S JURISDICTION OVER THE CASE SINCE IT WAS
REMOVED. THE DISTRICT COURT AND THE COURT OF COMMON PLEAS IS
WITHOUT JURISDICTION TO CONSIDER MOTIONS OR THE REQUEST MADE
BY ATTORNEY SETTANNA'S LETTER, AFTER THE APPEAL IS FILED AS
THIS CORRUPT JUDGE NEWMAN DID VIOLATING HER OATH OF OFFICE.
WE OBJECT, UNITED STATES v. BALL, 734 F2d. 965 n. 1 (4th.Cir.
1984); LENK v. MONOLITHIC POWER SYSTEMS INC., F.Supp.3d., 2017
WL 4025559(N.D.Cali.2017); MANRIQUE v. U.S., 137 S.Ct. 1266,
197 L.Ed.2d. 599, 85 U.S.L.W. 4202(U.S.2017); UNITED STATES
v. PINHASOV, 762 Fed. Appx' 43(2nd.Cir.2019); PRICE v. DUNN,
139 S.Ct. 1533 (MEM) (U.S.2019).

IN ACCORDANCE WITH 28 U.S.C. § 636(c)(3) AN APPEAL FROM
A JUDGMENT ENTERED AT A MAGISTRATE JUDGE'S DISCRETION MAY BE
TAKEN TO THE COURT OF APPEALS AS WOULD ANY OTHER APPEAL FROM
A DISTRICT COURT JUDGMENT, ROELL v. WITHROW, 538 U.S. 580, 123
S.Ct. 1696, 155 L.Ed.2d. 775(U.S.2003); MARY MARTUCCI, PLAINTIFF
v. ANDREW M. SAUL, 2019 WL 2710795(D.Conn.2019); REDDINGER v.
SADL, 2019 WL 2511379(D.Conn.2019).

PURSUANT TO 28 U.S.C. § 1631. TO CURE WANT OF JURISDICTION
WHEN ACTION IS FILED IN A COURT AS DEFINED IN SECTION 610 THE
COURT "[S]HALL" (EMPHASIS ADDED) IN THE INTEREST OF JUSTICE....
WE ARE DEALING WITH MULTI-DISTRICT LITIGATION. PURSUANT TO WIL-
LIAMS v. PENNSYLVANIA, 136 S.Ct. 1899 (2016) THE 4TH. AND 3RD.
CIRCUITS ARE DISQUALIFIED OR IT CREATES A STRUCTURAL ERROR THAT
VOIDS THEIR JURISDICTION AB INITIO. THE 1st. CIRCUIT IS REQUIRED
TO MAKE A JUDICIAL DETERMINATION ON THE RECORD AS TO DO THEY
HAVE JURISDICTION UNDER THE MULTI-DISTRICT LITIGATION RULE WHERE
DUE TO THE STRUCTURAL ERROR THAT EXIST IN THE 3RD. AND 4TH.
CIRCUITS. THEY ARE THE REMAINING PRISTINE CIRCUIT THAT WOULD
NOW HAVE JURISDICTION TO HEAR THESE MATTERS. UNTIL THE 1st.
CIRCUIT MAKES SUCH A DETERMINATION RELATED TO TRANSFER, JURIS-
DICTION FOR THE APPEAL(S) IS APPROPRIATELY BEFORE THE 1st. CIR-
CUIT WHERE THEY WERE SERVED A COPY OF ALL NOTICES SEEKING LEAVE
TO APPEAL THIS CASE AND ALL OTHERS RELATED THERETO. JUDGE NEWMAN
LACKED JURISDICTION TO ISSUE ANY DETERMINATION IN CASE 2013-
CP-400-0084 WHERE THIS STATE CASE IS ALSO PETITIONED TO REMOVE
IN CASE 1:14-cv-14176-ADB, BARTEL v. U.S., 318 F3d. 70(1st.Cir.
2003); ALPINE v. SMITH, 2019 WL 1867927 (D.MAINE.2019); CARTER
v. UNITED STATES, 2019 WL 668832(D.MAINE.2019); RILEY v. UNITED
STATES, Fed. Cl., 2019 WL 449741 (Fed. Cl. Ct.2019).

ONCE REVIEW WAS SOUGHT BEFORE A MULTI-DISTRICT PANEL,
WHICH JUDGE NEWMAN WAS CLEARLY NOTIFIED OF THESE MATTERS UNDER
CASE 2006-CP-400-0552 SINCE JANUARY 2019. THIS COMPROMISED COR-
RUPT FRAUDULENT CRIMINAL JUDGE SHOULD HAVE NEVER MADE ANY KIND
OF RULING OR DETERMINATION WHATSOEVER IN CASE 2013-CP-400-0084,
ESPECIALLY IN LIGHT OF THE FACT THAT THE CASE WAS REMOVED TO
THE FEDERAL COURTS INVOLVED ENGAGING IN FRAUD UPON THE COURT
ESTABLISHING ACTION UNDER THE INDEPENDENT ACTION RULE. TWO COURTS
OF EXCLUSIVE DIFFERENT JURISDICTIONS, OR VENUES, CANNOT EXERCISE
CONTROL OVER SAME CLAIMS FOR RELIEF AT THE SAME TIME. JUDGE
NEWMAN HAS NO JURISDICTION TO DO ANYTHING IN THIS CASE WHERE
SHE SUBVERTED THE PANEL'S JURISDICTION, IN RE: PLUMBING FIXTURES
CASES, 298 F.Supp. 484 (JUDICIAL PANEL MULTI-DISTRICT LITIGATION
1968); LEXECON INC. v. MILBERG BERSHAD HYNES & LERACH, 523 U.S
26, 118 S.Ct. 956, 140 L.Ed.2d. 62(U.S.1998); NAPARALA v. PELLA

CORP., 106 F.Supp.3d. 715(DSC.2015); PINNEY v. NOKIA, INC., 402 F3d. 430(4th.Cir.2005).

THE PANEL OVERRIDES THE FORUM WHEN THERE ARE MORE COMMON QUESTIONS OF FACT PENDING IN DIFFERENT DISTRICTS AS SUCH EXIST IN THIS CASE, ALSO WHEN THE TRANSFER WOULD SERVE THE CONVENIENCE OF PARTIES WHERE UNDER 28 U.S.C. §§ 2679, 1602-1612 ET. SEQ., THE RIGHT OF VENUE FALLS TO THE PLAINTIFFS AND THE TRANSFER WOULD PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE ACTION WHICH IS DEMONSTRATED BY THE FRAUD UPON THE COURT ENGAGED IN BY JUDGE NEWMAN AND THE OTHER CONSPIRING PARTIES. AS JUDGE NEWMAN WAS NOTIFIED UNDER CASE 2006-CP-400-0552 WHICH IS AN INTRINSIC PART OF CASE 2013-CP-400-0084 THAT THESE CASES ARE TAG ALONG CASES UNDER THE MULTI-DISTRICT LITIGATION RULES. STRUCTURAL ERROR PURSUANT TO WILLIAMS v. PENNSYLVANIA SUPRA. EXIST WHERE JUDGE NEWMAN CONSPIRED UNDER COLOR OF STATE LAW IN VIOLATION OF HER OATH OF OFFICE TO CONCEAL THE DEFEAULT DUE TO HER BEING SUED UNDER CASE 9:19-cv-1400-TLW-BM VIOLATING 18 U.S.C. §§ 242 AND 1001. JUDGE NEWMAN'S JURISDICTION WAS VOID AB INITIO WHERE THESE MATTERS WERE SOUGHT PANEL REVIEW BEFORE SHE SAT AND SHE HAD NOTICE OF THIS UNDER CASE 2006-CP-400-0552, IN RE: URETHANE ANTITRUST LITIGATION, F.Supp.2d., 2006 WL 2709847 (D.KANSAS 2006); VILLALLA v. B.K. TRUCKING & WAREHOUSING, LLC., 2008 WL 11366399 (D.Md.2008); IN RE: ACCUTANE PRODUCTS LIABILITY LITIGA-TION, 560 F.Supp.2d. 1370 (2008).

IT WAS AN ABUSE OF DISCRETION FOR JUDGE NEWMAN TO SIT UPON CASE 2013-CP-400-0084 TO PRODUCE A FRAUDULENT ORDER IN RETALIATION TO AVOID SUIT UNDER CASE 9:19-cv-1400-TLW-BM AND TO MAKE EFFORTS TO CONCEAL THE DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084 IN ACTS OF FRAUD UPON THE COURT, VIOLATING DUE PROCESS IN ACTS OF OBSTRUCTION OF JUSTICE VIOLATING HER OATH OF OFFICE COMPRO-MISED BY THE DEFENDANTS IN THIS CASE TO PREVENT THE RELIEF SOUGHT FROM EVER BEING GIVEN. THIS PLACES ALL PARTIES INVOLVED IN FOR-FEITURE WHICH WE DEMAND, SMITH v. LOS ANGELES UNIFIED SCHOOL DISTRICT, 830 F3d. 834 (9th.Cir.2016); LEAGUE OF WOMEN VOTERS OF MICHIGAN v. JOHNSON, 902 F3d. 572(6th.Cir.2018); KIRSH v.

Case: 18-8022    Document: 00117475198    Date Filed: 08/09/2019    Page: 35    Entry ID: 6274171

DERN, 733 Fed. Appx' 268 (6th.Cir.2018); WALLACH v. EATON CORPOR-
ATION, 837 F3d. 356(3rd.Cir.2016); HILL v. S.C. DEPT. OF HEALTH
AND ENVIRONMENTAL CONTROL, 389 S.C. 1, 698 S.E.2d. 612(S.C.
2010); GUAREY v. COWAN, LIEBORWITZ & LATMAN, P.C., F.Supp.3d.,
2015 WL 4460868(S.D.N.Y.2015).

INSOMUCH, I MOTION AND SEEK THAT WE AND ALL OF OUR PRO-
PERTY BE REMOVED TO A FEDERAL PRE-RELEASE CAMP WITH ALL OF OUR
PROPERTY WHICH INCLUDE ALL LEGAL BOXES, CELL PHONES OR ANY OTHER
ELECTRONIC EQUIPMENT OR DEVISES THAT MAY OR MAY NOT BE IN OUR
POSSESSION SINCE OUR CONVICTIONS ARE ALREADY INVALID AND YOU
DO NOT POSSESS THE LEGAL AUTHORITY OR CONSENT TO ARREST, ATTACH
OR EXECUTE THE PROPERTY OF THE FOREIGN SOVEREIGN CROWN OR HIS
HOLY COMMONWEALTH. IT IS SO DECREED. I CHALLENGE THE S.C. COURT
OF COMMON PLEAS AND ALL COURTS INVOLVED JURISDICTION. I DEMAND
THAT THE COURTS INVOLVED ACKNOWLEDGE THAT TRUSTEE IS APPOINTED
IN THE FORM OF JUDGE AUSTIN WHERE SHE IS BOUND BY HER OATH OF
OFFICE AND AS AN EMPLOYEE OF THE UNITED STATES WHO IS SUBJECT
TO THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084. JUDGE NEW-
MAN'S ORDER IS VOID AB INITIO AND IF ANY OF THE COURTS INVOLVED
WILL MAKE USE OF IT EXCEPT TO ACKNOWLEDGE THAT IT IS UNCONSTITU-
TIONAL AND VOID. IT WILL TAINT THE ENTIRE PROCEEDINGS OF ANY
COURT THAT MAKES USE OF IT VOIDING YOUR RESPECTIVE JURISDICTIONS
FOR FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION. FRAUD
VITIATES EVERYTHING THAT IT ENTERS, INCLUDING THE MOST SOLEMN
ACTS, ORDERS, JUDGMENTS OR DECREES. RES JUDICATA NOR COLLATERAL
ESTOPPEL ATTACHES TO THIS FRAUDULENTLY PRODUCED ORDER AND THE
DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF JURISDICTION EMERGING
FROM CASE 2013-CP-400-0084 IS ESTABLISHED WITHIN ALL COURT RE-
CORDS, ELLIOTT v. PIERSOL, 1 PET. 328, 340, 26 (U.S.1828); NUDD
v. BURROWS, 91 U.S. 677-683(U.S.1875); U.S. v. THROCKMORTON,
98 U.S. 61-67 (U.S.1871); HAY GROUP MANAGEMENT INC. v. SCHNEIDER,
--F.Supp.3d.--, 2018 WL 655595 (E.D.Pa.2018); EASTERN ASSOCIATION
COAL CO. v. DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAMS,
578 Fed Appx' 165 CA4 (2014); TILLEY v. JAGUAR/ LAND ROVER
HILTON HEAD, 2015 WL 3736212(DSC.2015); MDC INNOVATIONS, LLC.
v. NORTHERN,--Fed. Appx'--, 2018 WL 1129607 (4th.Cir.2018);HAMER
v. NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, 138 S.Ct. 13, 199

Case: 18-8022   Document: 00117475198   Page: 36   Date Filed: 08/09/2019   Entry ID: 6274171

L.Ed.2d. 249(U.S.2017); <u>PYNE v. UNITED STATES,</u> F.Supp.3d., 2016
WL 1377402 (D.C.Md.2016); <u>VAETH v. BOARD OF TRUSTEES,</u> F.Supp.3d.,
2016 WL 775386(D.C.Md.2016); <u>MARBURY v. MADISON,</u> 5TH. (2 CRANCH)
137, 180; <u>MONTGOMERY v. LOUISIANA,</u> 136 S.Ct. 718, 193 L.Ed.2d.
599, 84 U.S.L.W. 4063(U.S.2016); <u>GEFT OUTDOORS LLC. v. CONSOLI-</u>
<u>DATED CITY OF INDIANAPOLIS***,</u> 187 F.Supp.3d. 1002, 1012 S.D.Ill.
; <u>HILL v. SNYDER,</u> 821 F3d. 763, 765+ (6th.Cir.Mich.); <u>PEOPE</u>
<u>v. SOLO,</u> N.E.3d., 2017 WL 1838423(2017); <u>24 SENATORIAL DISTRICT</u>
<u>REPUBLICAN COMMITTEE v. ALCORN,</u> 820 F3d. 624(4th.Cir.2016);
<u>WELLS FARGO BANK N.A. v. H.M.H. ROMAN, TWO N.C., LLC.,</u> 859 F3d.
295 (4th.Cir.2017); <u>MOSLEY v. UNITED STATES,</u> 2018 WL 1187778
(N.C.2018); <u>RUBIN v. ISLAMIC REPUBLIC OF IRAN,</u> 138 S.Ct. 816
(ADDRESSING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION);
<u>ALBERTO GONZALEZ-FIQUEROA JR., PETITIONER v. WARREN L. MONTGOMERY</u>
<u>, U.S.,</u> 2019 WL 914128(S.D.Cali.2019); <u>MURPHY v. WINN,</u> 2019
WL 586095(N.D.Mich.2019); <u>PEOPLE v. CALIAHAKI,</u> 2018 WL 5084834,
* 6+ GUAM TERR.




                    RESPECTFULLY,
                    JAHJAH AL MAHDI


                    ANTHONY COOK


AUGUST 2, 2019


                    19-of-19



LAWRENCE L CRAWFORD
#300839 Edisto B-17
Lieber C.I. P.O Box 205
Ridgeville, SC 29472

RECEIVED
AUG 06 2019
MAIL ROOM
LIEBER C.I.

USMS
SCREENED

FOR LEGAL USE ONLY

The Court of Appeal
For The 1st Circui
1 Courthouse WAY
Boston MA. 0221

Case: 18-8022    Document: 0011747.5198    Page: 38    Date Filed: 08/09/2019    Entry ID: 6274171