LAWRENCE L CRAWFORD AKA

JONAH GABRIEL JAHJAH T. TISHBITE

#300839 Edisto B-17

LIEBER C.I P.O Box 205

Ridgeville, SC 29472

2019 AUG 19 PM 3: 45
RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

IN RE CASE 18-8022

DEAR 1st circuit,

The attached document is being filed in the above captioned case to ensure that there is a complete record before all courts involved. Thank you.

August 12, 2019

Respectfully
JAHJAH

PARTIES BY U.S. MAIL POSTAGE PREPAID BY PLACING IT IN THE INSTI-
TUTION MAILBOX ON AUGUST 12, 2019.

AUGUST 12, 2019                  JAHJAH AL MAHDI

1-of-8

THE COURT OF APPEALS

FOR THE FIRST CIRCUIT ET. AL.,

---

DOCKET NO.(S) 18-3457; 18-8022; 19-10011 ET. AL.,

---

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

PETITIONER(S)

Vs.

STUDENTS FOR FAIR ADMISSIONS; THE UNITED STATES; N.J. MULTI-DISTRICT LITIGATION PANEL; JUDGE LINARES ET. AL.,

DEFENDANTS/ RESPONDENTS

---

**AFFIDAVIT OF SERVICE**

---

I, JAHJAH AL MAHDI, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION TO INTERVENE; MOTION TO VACATE THE ORDER DOCUMENT # 003113309829 FILED IN THE 3rd. CIRCUIT;***** ON THE 1st., 3rd. AND 5th. CIRCUIT TO INCLUDE ALL OTHER INVOLVED PARTIES BY U.S. MAIL POSTAGE PREPAID BY PLACING IT IN THE INSTITUTION MAILBOX ON AUGUST 12, 2019.

AUGUST 12, 2019

JAHJAH AL MAHDI

1-of-8

*[Stamp: 2019 AUG 19 PM 3:45 RECEIVED US COURT OF APPEALS FIRST CIRCUIT CLERK'S OFFICE]*

THE COURT OF APPEALS
FOR THE FIRST CIRCUIT ET. AL.,

DOCKET NO.(s) 18-3457; 18-8022; 19-10011 ET. AL.,

LAWRENCE L. CRAWFORD AKA. JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

PETITIONER(S)

Vs.

STUDENTS FOR FAIR ADMISSIONS; THE UNITED STATES; N.J. MULTI-DISTRICT LITIGATION PANEL; JUDGE LINARES ET. AL.,

DEFENDANTS/ RESPONDENTS

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION TO INTERVENE; MOTION TO VACATE THE ORDER DOCUMENT # 003113309829 FILED IN THE 3rd. CIRCUIT; MOTION TO CHALLENGE THE 3rd. CIRCUIT'S JURISDICTION; RENEWING THE MOTION TO DISQUALIFY THE 3rd. CIRCUIT DUE TO JURISDICTION NOW BEING ESTABLISHED BEFORE THE 1st. CIRCUIT; MOTION TO SUPPLEMENT THE PROCEEDINGS IN BOTH THE 1st. AND 5th. CIRCUITS TO ESTABLISH A COMPLETE RECORD BEFORE ALL COURTS INVOLVED AND TO ADDRESS THE FRAUD UPON THE COURT INVOLVING THE THE 3rd. CIRCUIT DUE TO MULTI-DISTRICT LITIGATION AND EXTRA TERRITORIAL JURISDICTION CONSPIRACY; NOTICE OF INVOKING ALL SUPERSEDING POWER AND AUTHORIYU OF THE FOREIGN SOVEREIGN CROWN AND MOTION TO MOTION THEREFOR

IN RE: CASES 18-3457; 18-8022; 19-10011 ET. AL.,


> TO: THE 1st. CIRCUIT COURT OF APPEALS,
> THE 3rd. CIRCUIT COURT OF APPEALS,
> THE 5th. CIRCUIT COURT OF APPEALS ET. AL.,

HERE THE COURT AND PARTIES WILL FIND:

(1) EXHIBIT, "3rd. CIRCUIT MUQUIT FRAUD". THIS IS THE ORDER FILED IN THE 3rd. CIRCUIT ON AUGUST 2, 2019.

(2) EXHIBIT, "NEWMAN CHALLENGE". THIS IS A COPY OF THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; WRIT OF ERROR; MOTION TO CHALLENGE JUDGES NEWMAN, McLEOD AND THE S.C. COURT OF COMMON PLEAS JURISDICTION; MOTION TO VACATE THE ORDER DATED JULY 23, 2019 SIGNED BY JUDGE NEWMAN DUE TO FRAUD UPON THE COURT; *******, (19) PAGES DATED AUGUST 2, 2019.

A COPY OF THIS AFFIDAVIT AND OR DOCUMENT WAS SERVED ON THE S.C. RICHLAND COURT, THE S.C. U.S. DISTRICT COURT, THE CON-SPIRING STATE ACTORS INVOLVED, THE S.C. ATTORNEY GENERAL, THE N.J. DISTRICT COURT, THE BOSTON DISTRICT COURT, THE 1st. CIRCUIT, THE 5th. CIRCUIT AND ALL INVOLVED PARTIES. A COPY OF THIS DOCU-MENT IS NOW SERVED ON THE 3rd. CIRCUIT WITH THIS PLEADING. ALL CLAIMS, ISSUES, DEFENSES, PRIVILEGES AND IMMUNITIES THAT ARE ARGUED WITHIN THIS DOCUMENT, ARE NOW BEING ARGUED AND ASSERTED BEFORE THE 3rd. CIRCUIT VIA THIS MOTION TO INTERVENE AND CHAL-LENGE THE 3rd. CIRCUIT'S JURISDICTION TO ENTER THE ORDER DATED AUGUST 2, 2019 AND TO HEAR THIS MATTER. DUE TO THIS RECENT AT-TEMPT AT FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION ON THE PART OF THE 3rd.CIRCUIT. I MOTION TO INTERVENE AND CHALLENGE THIS RECENT ACTION BY THE 3rd. CIRCUIT TO PROTECT MY ACQUIRED INTEREST, TESENIAR v. TENWICK PLANTATION TARRAGON, LLC., 2018 WL 5830944(S.C.App.2018); ACME WORLDWIDE ENTERPRISES INC. v. UNITED STATES, 137 Fed. Cl. 469 (Fed. Cl. Ct.2018); INTOWN PRO-PERTIES MANAGEMENT, INC. V. WHEATON VAN LINES INC., 271 F3d.

164 (4th.Cir.2001); <u>NARRUTIN v. ALEA LONDON LTD.</u>, 404 S.C. 337,
745 S.E.2d. 90(S.C.App.2013); <u>COMMONWEALTH v. UNITED STATES
DEPT. OF HEALTH AND HUMAN SERVICES</u>, 289 F.Supp.3d. 259 (D.Mass.
2018); <u>IN RE: FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO
RICO</u>, 301 F.Supp.3d. 306 (D.PUERTO RICO.2017); <u>VARSITY WIRELESS,
LLC. v. TOWN OF BOXFORD</u>, 2016 WL 11004357 (D.Mass.2016); <u>SHARP
FARMS v. SPEAKS</u>, 917 F3d 276 (4th.Cir.2019).

I OBJECT TO THIS CASE GOING FORWARD WITHIN THE 3rd. CIR-
CUIT BY THAT WHICH IS ARGUED IN EXHIBIT, "NEWMAN CHALLENGE"
AND DUE TO THE FRAUD UPON THE COURT ENGAGED IN BY THE 3rd. CIR-
CUIT AS IS ALSO FILED WITH THE PREVIOUS FILINGS I PLACED BEFORE
THIS COURT. ALL CLAIMS, ISSUES, DEFENSES AS WELL AS OBJECTIONS
MADE IN MY PREVIOUS FILINGS ARE RENEWED AND ARE NOW BEING ARGUED
TO RENDER VOID THE ORDER FILED AUGUST 2, 2019 WITHIN THE 3rd.
CIRCUIT, AND TO VOID THE 3rd. CIRCUIT'S JURISDICTION FOR UNCON-
STITUTIONAL ACTION AS IS ARGUED WITHIN THIS DOCUMENT AND THOSE
PREVIOUSLY FILED. ALL OBJECTIONS, CLAIMS, ISSUES AND DEFENSES
ARE RENEWED FOR THIS FILING.

UNLESS THE 3rd. CIRCUIT AND ALL PARTIES CAN DEMONSTRATE
THAT THE UNITED STATES, THE UNITED NATIONS, THE U.S. CONGRESS
AND SENATE AND ALL OTHER PARTIES LISTED WITHIN CASE 2013-CP-
400-0084 TIMELY FILED TO DEFEAT THE AFFIDAVITS OF DEFAULT AND
VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084,
WHICH BY EXHIBIT, "NEWMAN CHALLENGE" IT IS OBVIOUS THAT THEY
CAN'T? I GIVE THE 3rd. CIRCUIT AND ALL PARTIES JUDICIAL NOTICE
THAT I AM OFFICIALLY INVOKING ALL RIGHTS, TITLES, PRIVILEGES
AND IMMUNITIES, AS WELL AS ALL SUPERSEDING ATTORNEY, JUDICIAL,
LEGISLATIVE, EXECUTIVE AND FIDUCIARY POWER AND AUTHORITY OF
THE FOREIGN SOVEREIGN CROWN AS A MEMBER OF THE SOLE CORPORATION
TO THE (4) GLOBAL THRONES OF AFRICA, ITS DIASPORA, CHRISTIANITY,
ISLAM AND JUDAISM AS THEY PERTAIN TO THE "COVENANT", "CONTRACT"
REGARDING THE FIDUCIARY HEIR, KING, KHALIFAH, IMAM AND HIGH
PRIEST OF THE RE-ESTABLISHED GLOBAL THEOCRATIC STATE. THUS,
YAHYA MUQUIT'S RIGHTS CANNOT BE PERMITTED TO SUPERSEDE OR OVER
RIDE THE RIGHTS OF THE FOREIGN SOVEREIGN CROWN, WHERE BY CONTRACT
, NOW PROTECTED UNDER BOTH ARTICLE 1§10 AND ARTICLE IV§2 OF
THE U.S. CONSTITUTION. MUQUIT IS A MEMBER OF THE HOLY COMMON-

WEALTH OF THE (4) GLOBAL THRONES WHERE HE IS BOUND WITHOUT HIS
CONSENT BY THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084.
YOUR LAWS, BY THE DEFAULT, CANNOT BE PERMITTED TO OVERRIDE THE
AUTHORITY OF THE LAWGIVER OF THE ONE TRUE GOD. ONCE THE 3rd.
CIRCUIT BRINGS YAHYA MUQUIT BEFORE ITS COURT OF JURISDICTION.
IT IS AUTOMATICALLY BRINGING THE KING-KHALIFAH BEFORE ITS JURIS-
DICTION WHOSE CONSENT THE 3rd. CIRCUIT DO NOT HAVE. I OBJECT.
AS THE LEGAL FIDUCIARY HEIR I OVERRIDE MUQUIT'S INTEREST AND
INTENT WHERE AS FIDUCIARY HEIR AND KING. I HAVE DECIDED TO HAVE
HIS RIGHTS AND ALL OTHER MATTERS OF IMMEDIATE CONCERN ADJUDICATED
BEFORE THE 1st. CIRCUIT AND BOSTON DISTRICT COURT UNTIL THE
CASE TRANSFER TO THE N.J. DISTRICT COURT PURSUANT TO 28 U.S.C.
§ 1407 AND ANY NECESSARY CONSOLIDATION OCCURS. THEREFORE, DUE
TO THE FRAUD, I WITHDRAW ALL CONSENT GIVEN TO THE 3rd. CIRCUIT
AND CHALLENGE THE 3rd. CIRCUIT'S JURISDICTION. THIS CHALLENGE
TO JURISDICTION IS ALSO MADE DUE TO THERE BEING A TRUSTEE AP-
POINTED IN THE FORM OF JUDGE AUSTIN WHO IS BOUND AS AN EMPLOYEE
OF THE UNITED STATES AND HER OATH OF OFFICE TO UPHOLD THE CONSTI-
TUTION TO ACT IN THIS POSITION BY DECREE OF THE SOLE CORPORATION.
THE 3rd. CIRCUIT CANNOT BRING A FOREIGN SOVEREIGN KING-KHALIFAH
BEFORE ITS COURT FOR THE PURPOSE OF EXERCISING JURISDICTION
OVER HIM, IN VIOLATION OF THE TERMS IN WHICH HE DICTATES. CONSENT
IS OFFICIALLY WITHDRAWN FROM THE 3rd. CIRCUIT VOIDING YOUR JURIS-
DICTION. I OBJECT AND THIS IS CHALLENGE TO THE 3rd. CIRCUIT
COURT'S JURISDICTION WHERE JURISDICTION BY DECREE OF THE FOREIGN
SOVEREIGN IS BEFORE THE 1st. CIRCUIT COURT OF APPEALS, PERRY
v. UNITED STATES, (1935) 294 U.S. 330, 353; UNITED STATES v.
WHEELER, 98 S.Ct. 1079 AT 1083(1978); ENGLISH v. THORN, 676
F.Supp. 761; LANSING v. SMITH, 4 WEND 9, 20(1829); AFROYIN v.
RUSK, 387 U.S. 253(1967); CHISOLM v. GEORGIA, 2 DALL 419, 458;
B.G. GROUP, PLL. v. REPUBLIC OF ARGENTINA, 134 S.Ct. 1198(U.S.
2014); HOWSAM v. DEAN WITTER REYNOLDS INC., 537 U.S. 79, 84,
123 S.Ct. 588, 154 L.Ed.2d. 491(2002); WENDY v. BELLO, 555 Fed.
Appx' 224 CA4 (Md.2014); COHEN v. VIRGINIA, 6 WHEAT 264, 411;
NICHOLS v. UNITED STATES, 7 WALL 122, 126; CARR v. UNITED STATES,
98 U.S. 433; WILL v. MICHIGAN STATE POLICE, 105 L.Ed.2d 45(1989);
LEE v. HOPKINS, 118 U.S. 356; SAMANTAR v. YOUSEF, 560 U.S. 305,
130 S.Ct. 2278(U.S.2010); DOWN v. BIDWELL, 182 U.S. 277; DECATUR

v. PAUDING, 39 U.S. 599, 1840, 6277 (MEM) U.S. 1840; THE PARLIA-
MENT BELGE, 5 PROB. DIV. 197; EXCHANGE, 7 CRANCH 116; VASSEUR
v. KRUPP, 9 CH. DIV. 351; 6 PET. 729, 730; 7 CRANCH, 42 & C.;
1 PET. 340; 2 PET. 163; 3 PET. 203; 10 PET. 472 & C.; 12 PET.
611.

FURTHER, THE MANDATE WAS SENT DOWN TO THE LOWER DISTRICT
COURT UNDER CASE 18-3457 WHERE IT WAS SOUGHT RECALLED AND THE
APPEAL SOUGHT REOPENED BEFORE THE 1st. CIRCUIT UNDER CASE 18-
8022 WHERE THESE MATTERS NOW LIE PURSUANT TO MULTI-DISTRICT
LITIGATION RULES ALSO DUE TO THE STRUCTURAL ERROR THAT EXIST
WITHIN THE 3rd. CIRCUIT WHERE THE 3rd. CIRCUIT WOULD BE LITERALLY
SITTING UPON THEIR OWN CASE IN VIOLATION OF THE HOLDINGS MADE
UNDER WILLIAMS v. PENNSYLVANIA, 136 S.CT. 1899 (2016) WHICH
WOULD VOID THE 3rd. CIRCUIT'S JURISDICTION AB INITIO. TWO COURTS
OF EXCLUSIVE DIFFERENT JURISDICTIONS, OR VENUES, CANNOT EXERCISE
CONTROL OVER THE SAME CLAIMS FOR RELIEF AT THE SAME TIME. BT
DECREE OF THE FOREIGN SOVEREIGN CROWN AND DUE TO THE FRAUD UPON
THE COURT THAT HAS REPEATEDLY MANIFESTED ITSELF BEFORE THE 3rd.
CIRCUIT AS IS ARGUED WITHIN THE PLEADINGS THAT I PLACED BEFORE
THAT COURT. CONSENT IS WITHDRAWN FROM THE 3rd. CIRCUIT AND ALL
MATTERS ARE TO BE GIVEN REVIEW AND ADJUDICATION WITHIN THE 1st.
CIRCUIT TO ALLOW THE 1st. CIRCUIT COURT TO BRING THESE MATTERS
TO THEIR APPROPRIATE CONCLUSION. I MOTION TO EXPAND THE SCOPE
AND FOR INCLUSION AND ALL DOCUMENTS FILED IN CASE 18-3457 BE
NOW DEEMED FILED IN BOTH CASES 18-8022 WITHIN THE 1st. CIRCUIT
AND 19-10011 WITHIN THE 5th. CIRCUIT IN ORDER TO ESTABLISH A
COMPLETE RECORD OF THESE MATTERS BEFORE ALL COURTS INVOLVED,
IN RE: PLUMBING FIXTURES CASES, 298 F.Supp. 484 (JUDICIAL PANEL
MULTI-DISTRICT LITIGATION.1968); LEXECON INC. v. MILBERG BERSHAD
HYNES & LEARCH, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d. 62
(U.S.1998); NAPARALA v. PELLA, CORP., 106 F.Supp.3d. 715(DSC.
2015); PINNEY v. NOKIA, INC., 402 F3d. 430(4th.Cir.2005).

I MOTION TO CHALLENGE THE 3rd. CIRCUIT COURT OF APPEALS
JURISDICTION AND MOVE TO VACATE THE ORDER AND MUQUIT BE REQUIRED
AND OR INSTRUCTED TO MOTION TO JOIN IN THE APPEAL UNDER CASE
18-8022 WITHIN THE 1st. CIRCUIT IF HE SO DESIRES SINCE DOCUMENTS
ARE FILED IN HIS BEHALF UNDER CASE 1:14-cv-14176-ADB. I WANT

THE COURTS AND ALL PARTIES TO TAKE NOTICE OF THE TIMING IN WHICH
THE 3rd. CIRCUIT ATTEMPTED THIS MOVE IN ISSUING THE ORDER. IT
IS NOT A COINCIDENCE THAT IT COINCIDE WITH THE TIME JUDGE NEWMAN
INITIATED THE FRAUDULENTLY PRODUCED ORDER EMERGING OUT OF CASE
2013-CP-400-0084 FURTHER DEMONSTRATING THAT THEY ARE COMMUNI-
CATING WITH EACH OTHER ACROSS MULTIPLE STATE AND FEDERAL JURIS-
DICTIONS. CONSPIRACY CAN BE PROVEN BY CIRCUMSTANTIAL EVIDENCE.
THIS IS ENOUGH CIRCUMSTANTIAL EVIDENCE TO PLACE THESE MATTERS
BEFORE A JURY WHICH WE SEEK. THE 3rd. CIRCUIT ACTED WHEN THEY
RECEIVED INFORMATION THAT JUDGE NEWMAN ISSUED HER FRAUD ORDER
TO CIRCUMVENT THE DEFAULT IN THEIR MEETING OF THE MINDS ESTA-
BLISHING EXTRA TERRITORIAL JURISDICTION CLAIMS, VIOLATIONS OF
THE HOBBS ACT IN THEIR EFFORTS TO EFFECT INTERSTATE COMMERCE
DUE TO THEY ATTACHING AND OR ARRESTING AND OR EXECUTING THE
INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND THE FOREIGN
SOVEREIGN CROWN. FRAUD VITIATES EVERYTHING THAT IT ENTERS WHICH
INCLUDE THE MOST SOLEMN ACTS, ORDERS, JUDGMENTS OR DECREES WHERE
THE ATTACK UPON SUCH MATTERS ARE FREE OF ALL PROCEDURAL LIMITA-
TIONS RENDERING THE ORDER ISSUED UNDER CASE 18-3457 UNCONSTITU-
TIONAL AND VOID. I MOTION TO SUPPLEMENT THE PROCEEDINGS UNDER
BOTH CASE 18-8022 AND 19-10011 TO ESTABLISH THESE JURISDICTIONAL
FACTS IN THEIR COURT RECORDS TO ENSURE THAT A COMPLETE RECORD
EXIST WITHIN ALL CASES INVOLVED. THE 3rd. CIRCUIT IS DISQUALIFIED
DUE TO STRUCTURAL ERROR THAT EXIST, FRAUD UPON THE COURT, OB-
STRUCTION OF JUSTICE AND CRIMINAL CONSPIRACY. CONSENT IS WITH-
DRAWN. THESE MATTERS ARE NOW OFFICIALLY AND APPROPRIATELY BEFORE
THE 1st. CIRCUIT COURT OF APPEALS AND THEY ARE RIPE FOR ADJUDICA-
TION BY THAT COURT BY DECREE OF THE FOREIGN SOVEREIGN CROWN
INVOKING ALL SUPERSEDING POWER AND AUTHORITY GIVEN VIA THE DE-
FAULT AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-
400-0084. THE 3rd. CIRCUIT IS DISQUALIFIED FOR FRAUD UPON THE
COURT AND UNCONSTITUTIONAL ACTION AS IS ARGUED WITHIN THIS DOCU-
MENT, ITS ATTACHMENT AND THOSE PREVIOUSLY FILED WITHIN CASE
18-3457. IT IS SO DECREED, ELLIOTT v. PIERSOL, 1 PET. 328, 340,
26 (U.S.1828); NUDD v. BURROWS, 91 U.S. 677-683(U.S.1871); U.S.
v. THROCKMORTON, 98 U.S. 61-67 (U.S.1871); HAY GROUP MANAGEMENT
INC. v. SCHNEIDER,--F.Supp.3d.--, 2018 WL 655595 (E.D.Pa.2018);
EASTERN ASSOCIATION COAL CO. v. DIRECTOR OFFICE OF WORKERS COM-

PENSATION PROGRAM, 578 Fed. Appx' 165 CA4 (2014); TILLEY v. JAGUAR/ LAND ROVER HILTON HEAD, 2015 WL 3736212(DSC.2015); MDC INNOVATIONS, LLC. v. NORTHERN,--Fed. Appx'--, 2018 WL 1129607 (4th.Cir.2018); HAMER v. NEIGHBORHOOD HOUSING SERVICES OF CHICAGO 138 S.Ct. 13, 199 L.Ed.2d. 249(U.S.2017); PYNE v. UNITED STATES, F.Supp.3d., 2016 WL 1377402 (D.C.Md.2016); VAETH v. BOARD OF TRUSTEES, F.Supp.3d., 2016 WL 775386(D.C.Md.2016); MARBURY v. MADISON, 5TH. (2 CRANCH) 137, 180; MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); GEFT OUTDOORS LLC. v. CONSOLIDATED CITY OF INDIANAPOLIS***, 187 F.Supp.3d. 1002, 1012 S.D.Ill.; 24 SENATORIAL DISTRICT REPU-BLICAN COMMITTEE v. ALCORN, 820 F3d. 624(4th.Cir.2016); MOSELY v. UNITED STATES, 2018 WL 1187778 (N.C.2018); RUBIN v. ISLAMIC REPUBLIC OF IRAN, 138 S.Ct. 816 (ADDRESSING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION); MURPHY v. WINN, 2019 WL 586095 (N.D.Mich.2019); PEOPLE v. CALIAHAKI, 2018 WL 5084834, * 6+ GUAM TERR.

RESPECTFULLY,

JAHJAH AL MAHDI

AUGUST 8, 2019

2019 AUG 19 PH 3: 45

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

Exhibit

" 3Rd. circuit banquit Fraud "

2

**18-3457**

Lawrence L. Crawford
#300839
Lieber CI
P.O. Box 205
Ridgeville, SC 29472

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 18-3457

Lawrence Crawford, et al v. Jose Linares

(District Court/Agency No. 1-18-cv-13459)

## O R D E R

The Motion to Reopen Appeal filed by **Appellant Yahya Muquit** will be held in abeyance pending submission of additional documents. Appellant must submit:

The prison account statement for the 6 month period prior to the filing of the notice of appeal.

Affidavit of poverty

Addendum to affidavit in support of Motion to proceed in forma pauperis

Authorization for withdrawal of funds

**Failure to submit the form(s) within fourteen days of the date of this order will result in the dismissal of the appeal without further notice. See 3rd. Cir. LAR Misc. 107.**

For the Court,

s/ Patricia S. Dodszuweit
 Clerk

Date: August 2, 2019

kr/cc: Yahya Muquit
        Lawrence L. Crawford

Lawrence L Crawford
#300839 Edisto B-17
Lieber C.I. PO Box 205
Ridgeville, SC 29472

The court of Appeals
First Circuit
JJ M US courthouse
1 courthouse Way
Boston, Mass 02210

RECEIVED

AUG 14 2019

MAIL ROOM
LIEBER C.I.

FOR LEGAL USE ONLY

THE DEPARTMENT OF CORRECTIONS HAS NOT INSPECTED OR CENSORED THIS ITEM. THEREFORE THE DEPARTMENT DOES NOT ASSUME RESPONSIBILITY FOR ITS CONTENTS.

LIEBER CORRECTIONAL INSTITUTION
S.C. DEPARTMENT OF CORRECTIONS

Case: 18-8022 · Document: 00117481707 · Page: 14 · Date Filed: 08/19/2019 · Entry ID: 6276221