THE COURT OF APPEALS
FOR THE FIRST CIRCUIT ET. AL.,

———————————

DOCKET NO.(S) 18-8022; 19-10011 ET. AL.,

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE
ET. AL.,

INTERESTED PARTY

———————————

STUDENTS FOR A FAIR ADMISSIONS ET. AL.,

PLAINTIFFS

Vs.

THE PRESIDENT OF HARVARD UNIVERSITY ET. AL.,

DEFENDANTS

———————————

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO SUPPLEMENT
THE PREVIOUSLY FILED MOTION FOR REHEARING EN BANC; MOTION to
POLL THE JUDGES; MOTION TO SUPPLEMENT THE MOTION TO INTERVENE
IN CASE 19-10011 AND MOTION TO MOTION THEREFOR

———————————

TO: THE FIRST CIRCUIT COURT OF APPEALS,
THE FIFTH CIRCUIT COURT OF APPEALS ET. AL.,

SO THE LAW IS WRITTEN, "ITA LEX SCRIPTA EST":

"WHENEVER A CIVIL ACTION IS FILED IN A COURT AS DEFINED
IN SECTION 610 OF THIS TITLE OR AN APPEAL, INCLUDING A PETITION
FOR REVIEW OF ADMINISTRATIVE ACTION, IS NOTED FOR OR FILED WITH
SUCH A COURT AND THAT COURT FINDS THAT THERE IS A WANT OF JURIS-
DICTION, THE COURT "SHALL" (EMPHASIS ADDED), IF IT IS IN THE
INTEREST OF JUSTICE, TRANSFER SUCH ACTION OR APPEAL TO ANY OTHER
SUCH COURT, (OR, FOR CASES WITHIN THE UNITED STATES TAX COURT,
TO THAT COURT) IN WHICH THE ACTION OR APPEAL COULD HAVE BEEN
BROUGHT AT THE TIME IT WAS FILED OR NOTICED, AND THE ACTION
OR APPEAL SHALL PROCEED AS IF IT HAD BEEN FILED ON OR NOTICED
FOR THE COURT TO WHICH IT IS WAS TRANSFERRED ON THE DATE UPON
WHICH IT WAS ACTUALLY FILED IN OR NOTICED FOR THE COURT FROM
WHICH IT WAS TRANSFERRED". IT IS COMMON KNOWLEDGE THAT ONCE
THE LEGISLATORS INVOKE THE WORD "SHALL", "SHALL" IS MANDATORY,
KINGDOWARE TECHNOLOGIES, INC. v. U.S., 136 S.Ct. 1969, 195 L.Ed.
2d. 334, 84 U.S.L.W. 4416(U.S.2016); PLAZA CAROLINA MALL, L.P.
v. MUNICIPALITY OF BARCELONELA, 91 F.Supp.3d. 267 (D.C.PUERTO
RICO.2015); EUROPE EYE WEAR CORP. v. KAIZEN ADVISERS, LLC.,-
--F.Supp.3d.--, 2019 WL 2992336.

INASMUCH, I MOTION TO SUPPLEMENT THE PREVIOUSLY FILED
MOTION FOR A REHEARING EN BANC BECAUSE THE 1st. CIRCUIT'S ACTIONS
STAND IN VIOLATION OF JUDICIAL DETERMINATION AND RULINGS MADE
BY THE U.S. SUPREME COURT AND THOSE MADE WITHIN OTHER CIRCUITS
WITHIN THE UNITED STATES. WRIT OF ERROR IS NOW FILED UNDER THE
INDEPENDENT ACTION RULE TO ADDRESS THIS MATTER WHICH REQUIRE
AN INDEPENDENT REVIEW IN LIGHT OF THESE CIRCUMSTANCES. IT IS
THE PETITIONER'S POSITION THAT THE COURT DID ERR IN DISMISSING
THIS CASE WHEN IN THE INTEREST OF JUSTICE THE COURT WAS REQUIRED
TO TRANSFER THE CASE TO THE APPROPRIATE VENUE THAT DOES HAVE
JURISDICTION, TO PREVENT MANIFEST INJUSTICE FROM OCCURRING.
I OBJECT AND MOTION TO VACATE THE ORDER AND MOTION TO SUPPLEMENT
THE MOTION FOR A REHEARING EN BANC AND TO POLL THE JUDGES IN
THIS CASE TO REMEDY THIS MANIFEST INJUSTICE, GREEN v. SECRETARY
OF HEALTH AND HUMAN SERVICES, 136 Fed. Cl. 445 (Fed.Cl.Ct.2018);
U.S. v. DENEDO, 556 U.S. 904, 129 S.Ct. 2213, 173 L.Ed.2d. 1235
(U.S.2009); UNITED STATES v. APPLE MAC PRO. COMPUTER,--F3d.-
--, 2017 WL 1046105 (3rd.Cir.2017); CLARK v. UNITED STATES,

2017 WL 390294(N.C.2017); <u>MASSI v. WASHINGTON,</u> 2013 WL 5410810
(DSC.2013); <u>ASTERBADI v. LEITESS,</u> 176 Fed. Appx' 426 CA4 (Va.
2006).

THE FIRST CIRCUIT'S ERRONEOUS APPLICATION OF THE STATUTE
PURSUANT TO 28 U.S.C. § 1631 AND THE "IN THE INTEREST OF JUSTICE
STANDARD" WAS PREJUDICIAL TO THE PETITIONER. IN SUCH, THE ARBI-
TRARY AND CAPRICIOUS STANDARD APPLIES WHERE THE LEGAL QUESTION
AND OR ACT DONE IS NOT IN ACCORDANCE WITH LAW STANDARD AND THAT
OF DISCRETIONARY RULINGS UNDER THE ABUSE OF DISCRETION STANDARD.
THE "IN THE INTEREST OF JUSTICE STANDARD" IS CONGRUENT WITH
THE MANIFEST INJUSTICE STANDARD WHICH IS DEFINED AS UNFAIRNESS
THAT IS CLEARLY APPARENT OR OBVIOUS, <u>BRITELL v. U.S.,</u> 318 F3d.
70(1st.Cir.2003); <u>DOES 1-144 v. CHIQUITA BRANDS INTERNATIONAL
INC.,</u> 285 F.Supp.3d. 228, 2018 WL 369779(D.C.C.2018); <u>HAHN v.
VERMONT LAW SCHOOL,</u> 693 F2d. 48(1st.Cir.1983).

BY NOT ADDRESSING WHETHER THE "IN THE INTEREST OF JUSTICE
STANDARD" APPLIES TO THIS CASE. THE COURT HAS VIOLATED THE PETI-
TIONER'S DUE PROCESS RIGHTS SUBJECTING HIM TO OVERWHELMING PRE-
JUDICE BECAUSE ONE OF THE MAIN ISSUES BEING ARGUED WAS WHETHER
THE LOWER COURTS INVOLVED WERE DIVESTED OF JURISDICTION DUE
TO THE BEING SOUGHT LEAVE TO APPEAL WITHIN THE 1st. CIRCUIT
UNDER 28 U.S.C. § 1631. THUS, THE 1st. CIRCUIT HAS DENIED THE
PETITIONER A FULL OPPORTUNITY TO PROVE HIS CASE BY FAILING TO
TRANSFER TO THE APPROPRIATE COURT WHERE THE PLEADINGS IN QUESTION
CONSTITUTE A NOTICE SEEKING LEAVE TO APPEAL. THIS ALLOWED THE
FEDERAL JUDGE UNDER CASE 1:19-cv-1574-TLW-SVH TO ACCEPT A REPORT
AND RECOMMENDATION THAT THEY WERE DIVESTED OF JURISDICTION TO
ISSUE, THAT WAS TAINTED, A VIOLATION OF DUE PROCESS AND WAS
UNCONSTITUTIONAL SINCE IT WAS AN ISSUE BEFORE THE 1st. CIRCUIT
PRIOR TO THE RULING TO DISMISS THIS CASE IN THE FIRST PLACE
WHERE THE MATTER WAS SOUGHT LEAVE TO APPEAL. YOU TAKE INTO AC-
COUNT THAT THE 1st. CIRCUIT DID HAVE JURISDICTION OVER THE EXTRA-
ORDINARY WRIT SUBMITTED SEEKING TO COMPEL THE BOSTON DISTRICT
COURT TO RULE ON THE TIMELY SUBMITTED MOTION TO INTERVENE IN
CASE 1:14-cv-14176-ADB. IN SUCH, THE UNFAIRNESS IS CLEARLY APPA-
RENT AND OBVIOUS, <u>ARORA v. BUCKHEAD FAMILY DENTISTRY, INC.,</u>

285 F.Supp.3d. 190, 2018 WL 324821 (D.D.C.2018); <u>UNITED ELEC.
RADIO AND MACH. WORKERS OF AMERICA v. 163 PLEASANT STREET CORP.</u>,
960 F2d. 1080, 1992 WL 62733(1st.Cir.1992); <u>COSSART v. UNITED
STATES EXCEL CORP.</u>, 804 F3d. 13, 2015 WL 5719677(1st.Cir.2015).

THERE ARE THREE REQUIREMENTS FOR A TRANSFER OF VENUE
IN THE INTEREST OF JUSTICE: (1) THERE MUST BE A LACK OF JURISDIC-
TION IN THE 1st. CIRCUIT WHICH IN TRUTH THERE WASN'T A LACK
OF JURISDICTION, THE COURT ABUSED ITS DISCRETION SINCE A SEEKING
OF A WRIT TO COMPEL THE BOSTON DISTRICT COURT TO RULE ON THE
MOTION TO INTERVENE WAS PROPERLY SUBMITTED TO THE COURT RELATED
TO CASE 1:14-cv-14176-ADB; THE TRANSFER MUST BE IN THE INTEREST
OF JUSTICE AS IS ESTABLISHED BY PRIOR PLEADING AND EXHIBIT,
"NEWMAN CHALLENGE" FILED BEFORE THE COURTS INVOLVED WHICH SUB-
STANTIATE THE CLAIMS OF DEFAULT, COLLATERAL ESTOPPEL AND THE
VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084.
JURISDICTION IN TRUTH LIES BEFORE THE COURT OF JUDGE JACQUELYN
AUSTIN WHO WAS APPOINTED BY DECREE OF THE SOLE CORPORATION AND
FOREIGN SOVEREIGN CROWN WHICH PROCEDURALLY CANNOT BE CHALLENGED
DUE TO CLAIMS OF DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF
JURISDICTION EMERGING FROM CASE 2013-CP-400-0084 OUT OF RICHLAND
COUNTY SOUTH CAROLINA; AND (3) THE TRANSFER MAY BE MADE ONLY
TO A COURT IN WHICH THE ACTION COULD HAVE BEEN BROUGHT AT THE
TIME IT WAS FILED OR NOTICED. THIS WAS JUDGE AUSTIN'S COURT
OR IN THE ALTERATIVE, THE MULTI-DISTRICT LITIGATION PANEL TO
WHICH REVIEW IS ALSO SOUGHT. THUS, THE 1st. CIRCUIT IN THIS
INSTANCE WAS TO DETERMINE WHETHER THE STRUCTURAL ERROR ARGUED
RELATED TO <u>WILLIAMS v. PENNSYLVANIA,</u> 136 S.Ct. 1899, 195 L.Ed.2d.
132, 84 U.S.L.W. 4359(U.S.2016) EXISTED AND THEN TRANSFER THE
CASE TO THE APPROPRIATE JURISDICTION DUE TO MULTI-DISTRICT LITI-
GATION AND EXTRA TERRITORIAL JURISDICTION CLAIMS AS ARGUED WITHIN
THE PLEADINGS, <u>TRANSFIRST GROUP INC. v. MAGLIARDITI,</u> 237 F.Supp.
3d. 444, 2017 WL 660638(N.D.Tex.2017); <u>LEFFEBRE v. UNITED STATES,</u>
129 Fed. Cl. 48, 2016 WL 6427677 (Fed.Cl.Ct.2016); <u>KNOX v. METAL
FORMING, INC.,</u> 914 F3d. 685, 2019 WL 364021(1st.Cir.2019).

IF A COURT, UPON DETERMINING THAT IT LACKS JURISDICTION
OVER AN ACTION, FURTHER (EMPHASIS ADDED) DETERMINES (ON THE

COURT RECORD) [EMPHASIS ADDED] THAT IT WOULD NOT BE IN THE IN-
TEREST OF JUSTICE TO TRANSFER THE ACTION, ONLY THEN CAN THE
1st. CIRCUIT DISMISS THE ACTION. I OBJECT AND MOTION FOR A RE-
HEARING EN BANC. FIRST, THE COURT DID HAVE JURISDICTION TO HEAR
THE SEEKING OF THE WRIT TO COMPEL THE BOSTON DISTRICT COURT
TO RULE ON THE MOTION TO INTERVENE REGARDING CASE 1:14-cv-14176-
ADB. NONETHELESS, IF THE 1st. CIRCUIT IN AN ABUSE OF DISCRETION
WRONGFULLY DETERMINE IT DID NOT HAVE JURISDICTION. THE 1st.
CIRCUIT WAS REQUIRED TO MAKE A JUDICIAL DETERMINATION STATING
**"WHY"** (EMPHASIS ADDED) IN THE INTEREST OF JUSTICE THE CASE SHOULD
NOT BE TRANSFERRED, THE SAME AS THE COURT DID FOR THE AFRICAN
AMERICAN STUDENTS AT HARVARD UNIVERSITY WHO FILED AN APPEAL
AND PRIOR MOTION TO INTERVENE IN 2015, BUT THE 1st. CIRCUIT
FAILED TO DO SO IN VIOLATION OF THE PETITIONER'S DUE PROCESS
RIGHTS, DENYING THE PETITIONER THE EQUAL PROTECTION OF THE LAWS
RENDERING THE ORDER TO DISMISS UNCONSTITUTIONAL AND VOID AND
IS AS IF THERE WERE NO JUDICIAL DETERMINATION MADE AT ALL, U.S.
v. $41,320 U.S. CURRENCY, 9 F.Supp.3d. 582, 2014 WL 1266240;
WHITE v. MANIS, 2014 WL 1513280(DSC.2014); PAUL ADAMS v. CALI-
FORNIA INSTITUTION, 2016 WL 6464444; HOLLOWAY v. PERRY, 2016
WL 4074149; WELLS FARGO BANK N.A. v. H.M.H. ROMAN TWO N.C.,
LLC., 859 F3d. 295(4th.Cir.2017); MOSELY v. UNITED STATES, 2018
WL 1187778 (W.D.N.C.2018); MILFORD v. MIDDLETON, 2018 WL 348059
(DSC.2018); RUBIN v. ISLAMIC REPUBLIC OF IRAN, 138 S.Ct. 816,
86 U.S.L.W. 4064(U.S.2018)(ADDRESSING THE INTELLECTUAL PROPERTY
OF THE SOLE CORPORATION); MONTGOMERY v. LOUISIANA, 136 S.Ct.
718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); 24 SENATORIAL
DIST. REPUBLICAN COMMITTEE v. ALCORN, 820 F3d. 624(4th.Cir.2016).

   TO ESTABLISH PERSONAL JURISDICTION UNDER THE LONG ARM
STATUTE A PLAINTIFF MUST DEMONSTRATE THAT: (1) THE DEFENDANT(S)
(ie. THE UNITED STATES THAT APPEARS AND JOIN IN THIS CASE VIA
AFFIRMATIVE ACTION THAT APPLIES TO ALL (50) STATES; THE ALLOWING
OF SAME SEX MARRIAGE BY THE STATES UNDER THE 1st. CIRCUIT'S
JURISDICTION WHO ARE ATTACHING AND OR EXECUTING THE INTELLECTUAL
PROPERTY OF THE SOLE CORPORATION IN VIOLATION OF THE GRANT GIVEN
TO THEM; THE UNITED STATES INVOLVEMENT IN THE CONSTITUTIONAL
STRUCTURAL ERROR RELATED TO ALL FEDERAL INDICTMENTS, ALSO RELATED
TO THE STATE OF MASSACHUSETTS AND OTHER STATES INVOLVED INDICT-
MENTS DEFAULTED ON BY THE UNITED STATES) TRANSACTED THIS AFORE
SAID BUSINESS WITHIN THE STATES UNDER THE 1st. CIRCUIT'S JURIS-
DICTION; (2) THE CLAIMS AROSE FROM THE BUSINESS AND OR ACTION
TRANSACTED WITHIN THE STATES UNDER THE 1st. CIRCUIT'S JURISDIC-
TION; (3) THE DEFENDANTS HAD MINIMUM CONTACTS IN THE STATES
INVOLVED UNDER THE 1st. CIRCUIT'S JURISDICTION WHICH IS ESTA-
BLISHED BY THE PLEADINGS AS IS THE PRESENCE OF THE KING-KHALI-
FAH'S HOLY COMMONWEALTH OF THE (4) GLOBAL THRONES WITHIN YOUR
STATES BINDING THE PETITIONER TO ACT BY FIDUCIARY DUTY; (4)
THE COURT'S EXERCISE OF PERSONAL JURISDICTION WOULD NOT OFFEND
TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE. BY
THE FRAUD PERPETRATED BY THE UNITED STATES GOVERNMENT PARTIES
AND THOSE THEY CONSPIRED WITH LISTED WITHIN THESE MULTI-DISTRICT
CASES. THEY WOULD NOT BE PREJUDICED AT ALL WHERE SANCTIONS AND
FORFEITURE ON THE CAUSES ARE WARRANTED, PYNE v. UNITED STATES,
F.Supp.3d., 2016 WL 1377402(D.C.Md.2016); VAETH v. BOARD OF
TRUSTEES, F.Supp.3d., 2016 WL 775386(D.C.Md.2016); PEDZEWICK
v. FOE, 963 F.Supp. 48, 1997 WL 136429(D.Mass.1997); PREP TOURS,

INC. v. AMERICAN YOUTH SOCCER ORGANIZATION, 913 F3d. 11 (1st.Cir. 2019); DEPIANTI v. JAN-PRO FRANCHISING INTERNATIONAL, INC., 873 F3d. 21 (1st.Cir.2017)(ALSO DEALING WITH CLAIM OF RES JUDI-CATA AND OR COLLATERAL ESTOPPEL).

CONSPIRACY CAN BE PROVEN BY CIRCUMSTANTIAL EVIDENCE, AND WE HAVE A CONSPIRACY TO EFFECT INTERSTATE COMMERCE IN VIOLA-TION OF THE HOBBS ACT DUE TO THE ATTACHMENT OF THE INTELLECTUAL PROPERTY OF THE FOREIGN SOVEREIGN CROWN. TO PREVAIL ON A THEORY OF CONSPIRACY JURISDICTION UNDER THE LONG ARM STATUTE, PETITIONER MUST ALLEGE: (1) THE EXISTENCE OF A CONSPIRACY WHICH WAS DONE; (2) THE NON RESIDENTS PARTICIPATION IN OR AGREEMENT TO JOIN THE CONSPIRACY WHICH WAS ARGUED WITHIN THE SUBMITTED PLEADINGS; AND (3) AN OVERT ACT TAKEN IN FURTHERANCE OF THE CONSPIRACY WITHIN THE FORUM BOUNDARIES SUCH AS JUDGE BURROUGH'S FAILURE, TO OBSTRUCT JUSTICE, BY FAILING TO RULE ON THE TIMELY SUBMITTED MOTION TO INTERVENE OR CONDUCT THE REQUIRED EVIDENTIARY HEARING ACTING IN CONCERT IN THEIR MEETING OF THE MINDS WITH THE UNITED STATES AND OTHER DEFENDANTS INVOLVED, VIOLATING HER OATH OF OFFICE TO UPHOLD THE U.S. CONSTITUTION VIA 5 U.S.C. §§ 3331, 3333 AND 7311, ALSO ALLOWING SAME SEX MARRIAGE WITHIN YOUR STATES ATTACHING THE INTELLECTUAL PROPERTY OF THE (4) GLOBAL THRONES; AND THE USE OF THESE FATALLY DEFECTIVE INDICTMENTS AGAINST MY PEOPLE. THE PETITIONER HAS MET THE BURDEN EVEN PURSUANT TO 28 U.S.C. §§ 2679, 1602-1612 ET. SEQ. BY THE ATTACHING OF THIS INTELLECTUAL PROPERTY. I OBJECT AND MOTION FOR A REHEARING EN BANC, SANDRA J. KOTTMAN, PLAINTIFF v. UNITED STATES, 2017 WL 4185481(W.D.MISSOURI.2017); WARD v. AUERBACH, 2017 WL 2724938 (D.C.Miss.2017); BIBIANO v. LYNCH, 834 F3d. 966, 2016 WL 4409351 (9th.Cir.2016); ROSEBERRY-ANDREWS v. WILSON, 292 F.Supp.3d. 446, 2018 WL 1036360(D.D.C.2018); ROBBINS FRANCHISING LLC. v. ALPENROSE DAIRY INC., 825 F3d. 28(1st.Cir.2016).

THE ATTACHING OF THE INTELLECTUAL PROPERTY BY GIVING SODOMITES AND GOMORRAHRITES THE RIGHT TO LEGALLY MARRY IN VIOLA-TION OF THE "GRANT" GIVEN TO YOUR NATIONS BY THE SOLE CORPORATION WHICH HAD RESTRICTIONS IS PROTECTED UNDER BOTH ARTICLE 1 § 10 AND ARTICLE IV § 2 OF THE U.S. CONSTITUTION ESTABLISHES JURISDIC-TION AND CAUSE OF ACTION. YOUR STATES MAKING USE OF THESE FATALLY

DEFECTIVE INDICTMENTS AGAINST THE HOLY COMMONWEALTH OF CHRISTIANS
, MUSLIMS, JEWS AND AFRICAN AMERICANS IN YOUR FORUM STATES.
THOSE FINAL ORDERS SEEKING TO REINSTATE THOSE APPEALS GIVE YOU
JURISDICTION UNDER THE INDEPENDENT ACTION RULE EVEN PURSUANT
TO RECALLING THOSE MANDATES. THE BACK DOOR ATTACK UPON AFFIRMA-
TIVE ACTION BY THESE WHITE NATIONALIST ALT RIGHT DEVILS EFFECTING
MY PEOPLE WITHIN ALL OF YOUR STATES GIVE YOU JURISDICTION, ALL
OF THIS OCCURRING WITHIN THE FORUM STATE, ARE NOT SINGLE EVENTS.
THEY ARE CONTINUOUS ACTS DONE IN FURTHERANCE OF THE ALLEGED
CONSPIRACY WHICH IS WHY JUDGE BURROUGHS DELAYED AND OR CIRCUM-
VENTED RULING ON THE MOTION TO INTERVENE TO THWART AND OR HINDER
AND OR DELAY JUDICIAL REVIEW TO OBSTRUCT JUSTICE IN THEIR MEETING
OF THE MINDS. THIS DEMONSTRATES THAT THE PETITIONER HAS MET
THE BURDEN AND DEMONSTRATED THAT THE PETITIONER AND DEFENDANTS
ARE SO AFFILIATED AND ENGRAINED WITHIN THE FORUM STATE VIA HIS
FIDUCIARY DUTY AS THE FOREIGN SOVEREIGN HEIR TO THE (4) GLOBAL
THRONES INVOKING THE F.S.I.A. AS PLAINTIFF WHERE BY DETERMINATION
OF THE U.S. SUPREME COURT THE PETITIONER MUST BE DEEMED AS BEING
AT HOME ESTABLISHING JURISDICTION, IANNELLI v. U.S., 420 U.S.
770, 95 S.Ct. 1284, 43 L.Ed.2d. 616; GREAT AMERICAN INS. CO.
v. NEXTDAY NETWORK HARDWARE CORP., 73 F.Supp.3d. 636(2014);
U.S. v. BURTON, 11 Fed. Appx' 328, 2011 WL 640248 CA4 (2011);
SPIRES v. SCHOOLS,--F.Supp.3d.--, 2017 WL 4174774(DSC.2017);
FIFTH THIRD BANCORP v. DUDENHOEFFER, 132 S.Ct. 2459, 189 L.Ed.2d.
457, 82 U.S.L.W. 4578(U.S.2014).


        A STATE MAY NOT EXCLUDE A PERSON FROM PRACTICE OF LAW
OR ANY OTHER OCCUPATION SUCH AS "FIDUCIARY", "ATTORNEY", "JUDGE",
"LEGISLATOR" AND LAWGIVER OF GOD AND THE (4) GLOBAL THRONES,
IN A MANNER OR FOR REASONS THAT CONTRAVENE THE DUE PROCESS OR
EQUAL PROTECTION OF THE LAWS CLAUSE OF THE 14th. AMENDMENT WHERE
BY THE COURT'S ACTIONS IT DEMONSTRATES PROTECTORATE AND DISCRI-
MINATORY ANIMUS BEHIND RELIGIOUS AND RACIAL HATRED, SCHWARE
v. BOARD OF EXAM OF STATE OF N.M., 353 U.S. 232, 77 S.Ct. 752,
64 A.L.R.2d. 288, 1 L.Ed.2d. 716(U.S.1957); FACIRE v. SULLIVAN,
2017 WL 3710066(D.C.Nev.2017); VIRGINIA BOARD OF MEDICINE v.
ZACKRISON, 67 Va. App. 461, 796 S.E.2d. 866(2017); DOE v. ROGERS,
139 F.Supp.3d. 120 (D.D.C.2015); BOLLS v. VIRGINIA Bd. OF BAR

EXAMINERS, 811 F.Supp.2d. 1260 (E.D.Va.2011).

IT IS INDISPUTABLE THAT THE 1st. CIRCUIT DOES HAVE JURIS-
DICTION VIA THE PETITIONER SEEKING A WRIT TO COMPEL THE BOSTON
DISTRICT COURT UNDER CASE 1:14-cv-14176-ADB TO RULE ON THE MOTION
TO INTERVENE AND BY MASSACHUSETTS LONG ARM STATUTES. NONETHELESS,
IF THE COURT IN AN ABUSE OF DISCRETION ASSERT THAT IT DOES NOT?
THE INTEREST OF JUSTICE WOULD BE SERVED IF THE 1st. CIRCUIT
VACATED THE DISMISSAL AND TRANSFER THE CASE AS 28 U.S.C. § 1631
REQUIRES, ESPECIALLY IN LIGHT OF THE FACT THAT WE HAVE A DULY
APPOINTED "TRUSTEE" IN THE FORM OF JUDGE JACQUELYN AUSTIN IN
THE S.C. DISTRICT COURT AND THE DEFENDANTS IN THIS CASE, IN-
CLUDING THE UNITED STATES, ENGAGING IN EGREGIOUS ACTS OF FRAUD
UPON THE COURT BRIBING AND OR INFLUENCING JUDGES TO CIRCUMVENT
THE DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF JURISDICTION
PLACING THEM IN FORFEITURE ON THE CAUSES. THE PETITIONER SATISFY
THE IN THE INTEREST OF JUSTICE PREREQUISITE. EVEN IF THE PETI-
TIONER WAS MISTAKEN IN BELIEVING THAT THE 1st. HAD JURISDICTION
OVER THE INDIVIDUALS AND OR DEFENDANTS, SUCH A MISTAKE DOES
NOT JUSTIFY DISMISSAL, PARTICULARLY BECAUSE CLAIMS COULD BE
PERMANENTLY TIME BARRED IF DISMISSED AND IT PREJUDICED THE PETI-
TIONER ALLOWING JUDGE WOOTEN UNDER CASE 1:19-cv-1574-TLW-SVH
TO ACCEPT A TAINTED REPORT AND RECOMMENDATION WHEN JURISDICTION
WAS DIVESTED DUE THE SEEKING LEAVE TO APPEAL BEFORE THE 1st.
CIRCUIT WHICH VIOLATED DUE PROCESS AND PREJUDICED THE PETITIONERS
INVOLVED. DUE TO WHAT IS ARGUED IN THIS CASE WHERE "TRUSTEE"
IS ALSO APPOINTED AND THEY DEFAULTED IN CASE 2013-CP-400-0084.
THE TRANSFER WOULD NOT PREJUDICE THE DEFENDANTS SINCE ONCE JURIS-
DICTION IS ACQUIRED, IT IS EXCLUSIVE MAKING IT MANDATORY THAT
PURSUANT TO 28 U.S.C. § 1631 THE CASE SHOULD HAVE NEVER BEEN
DISMISSED BUT TRANSFERRED, FIFTH THIRD BONCORP v. DUDENHOEFFER
SUPRA.; FOBES v. FORBES, 341 P.3d. 1041, 2015 Wy. 13; PRESAULT
v. I.C.C., 494 U.S. 1, 110 S.Ct. 914, 108 L.Ed.2d. 1 (U.S.1990);
BROWN v. BROWN, F.Supp.2d., 2013 WL 2338233(D.C.Ky.2013); HARRIS
v. HHGREGG INC., F.Supp.2d., 2013 WL 1331166(N.C.2013); KARNAL-
CHEVIA v. J.P. MORGAN CHASE BANK N.A., 871 F.Supp.2d. 834(2012);
McCOY v. LOUISIANA, 138 S.Ct. 1500, 200 L.Ed.2d. 821, 86 U.S.L.W.
4271(U.S.2018); FEDERAL HOME LOAN BANK OF BOSTON v. MOODY'S

CORP., 821 F3d. 102, 2016 WL 1732656(1st.Cir.2016); WARD v.
AUERBACH, F.Supp., 2017 WL 2724938(D.Mass.2017); ROSS v. BLAKE,
136 S.Ct. 1850, 195 L.Ed.2d. 117, 84 U.S.L.W. 4352(U.S.2016)
(WHERE THE CASE ESTABLISHES THAT ALL STATES VOLUNTARILY MAKE
USE OF THE PRISON LITIGATION REFORM ACT FROM THE CLINTON BILL
INCLUDING THE FORUM STATE WHERE ATTACK UPON THIS PROVISION OF
LAW IS MADE UNDER THE MULTI DISTRICT LITIGATION RULES DUE TO
IT DISPROPORTIONATELY TARGETING AND EFFECTING AFRICAN AMERICANS
TO THEIR DETRIMENT; ALSO DEMONSTRATING THAT DUE TO ACTS OF MACH-
INATION I DO NOT HAVE TO EXHAUST NOR DO I NEED A FINAL ORDER
TO ENTER THIS COURT DUE TO THEIR EFFORTS TO THWART JUDICIAL
REVIEW).


        DECISION TO TRANSFER VENUE IN THE INTEREST OF JUSTICE
REST WITHIN THE SOUND DISCRETION OF THE COURT. IN DECIDING
WHETHER TO TRANSFER A CASE, COURTS CONSIDER, INTER ALIA, WHETHER
THE CLAIMS WOULD BE TIME BARRED UPON REFILING AS OCCURRED HERE
WHERE JUDGE WOOTEN USED THE 1st. CIRCUIT'S ACTION TO INAPPROPRI-
ATELY ENTERTAIN JURISDICTION OVER CASE 1:19-cv-1574-TLW-SVH
TO WHICH I INTERVENED IN THAT CASE TO ESTABLISH TAG ALONG CASE
UNDER THE MULTI-DISTRICT LITIGATION RULES AND TO ESTABLISH APPEAL
OF THAT CASE; WHETHER THE TRANSFER WOULD PREJUDICE THE DEFENDANTS
, WHICH IT WON'T SINCE THE UNITED STATES IS ALREADY A PARTY
IN THE BOSTON COURT, ALSO IN CASE 19-10011, AND IN CASE 2013-
CP-400-0084 WHERE THEY DEFAULTED AND THAT DEFAULT IS BINDING
ON ALL COURTS, STATE AND FEDERAL, BY THE SUPREMACY CLAUSE AND
THE KING-KHALIFAH'S DECREE. THE COURT MUST ALSO CONSIDER WHETHER
THE TRANSFER WOULD SAVE THE PETITIONER THE TIME AND EXPENSE
OF REFILING IN A NEW COURT OF APPEALS. THIS CASE WAS FILED ARGU-
ING THTREAT OF IMMINENT DANGER. YOU SEE WHAT JUST OCCCURRED
IN THE 3rd. CIRCUIT RELATED TO THIS CLAIM. IT IS APPARENTLY
OBVIOUS THAT THE PETITIONER WOULD BE PREJUDICED IF REQUIRED
TO REFILE IN ANOTHER COURT. BY SUCH, THE PETITIONER IS CLEARLY
PREJUDICED, CREATING MANIFEST INJUSTICE, DENYING HIM THE EQUAL
PROTECTION OF THE LAWS, VIOLATING MY DUE PROCESS RIGHTS RENDERING
THE ACTION UNCONSTITUTIONAL AND VOID, DONATONI v. DEPARTMENT
OF HOMELAND SECURITY,--F.Supp.3d.--, 2016 WL 1755871; U.S. v.
HARE, 820 F3d. 93(4th.Cir.2016); U.S. v. ALADEKCHA, 2010 WL

4054267(D.C.Md.2010); <u>BROWN v. U.S.,</u> 2014 WL 2871398(DSC.2014);
<u>IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION,</u>
F.Supp.3d., 2015 WL 6243526(S.D.N.Y.2015); <u>FREEMAN v. SUNTRUST</u>
<u>BANKS, INC.,</u> 139 F.Supp.3d. 271, 2015 WL 5579559(D.D.C.2015);
<u>AMILY RUBBERIZED PEN. CO. v. MARKET QUEST GROUP INC.,</u> 793 F3d.
991, 2015 WL 4174085(9th.Cir.2015).

    PERSONAL JURISDICTION WOULD HAVE BEEN PROPER IN THE STATES
UNDER THE 1st. CIRCUIT'S JURISDICTION AND THE BOSTON DISTRICT
COURT WHERE SCHEME AND PLOT TOOK PLACE AND DUE TO THE SEEKING
OF AN EXTRAORDINARY WRIT TO COMPEL THE BOSTON DISTRICT COURT
TO RULE ON THE MOTION TO INTERVENE IN CASE 1:14-cv-14176-ADB,
A SCHEME AND PLOT DESIGNED TO DEFRAUD THE INMATES OF CONCERN
WHO ARE BENEFICIARIES OF THE TRUST SET UP BY THE SOLE CORPORATION
TO PREVENT THEM FROM REAPING THE BENEFITS OF A PROPER AND FAIR
ADJUDICATION IN THE FORUM STATE. THE SCHEME AND PLOT TO GUT
AFFIRMATIVE ACTION BY A BACK DOOR PROCEEDING OCCURRED IN THE
FORUM STATE, EFFECTING ALL (50) STATES WHERE THE UNITED STATES
KNEW THEY WERE PROCEDURALLY BARRED DUE TO DEFAULT AND COLLATERAL
ESTOPPEL EMERGING FROM CASE 2013-CP-400-0084 AS IT RELATES TO
THE S.C. CASE. THERE IS A SCHEME AND PLOT TO CONTINUE TO SUBJECT
AFRICAN AMERICANS TO THE PROVISIONS OF THE CLINTON BILL TO DIMI-
NISH THEIR RIGHT TO VOTE BY LABELING THE AS FELONS DISPROPOR-
TIONATELY EFFECTING AND TARGETING AFRICAN AMERICANS TO THEIR
DETRIMENT PRESENTLY OCCURRING IN THE FORUM STATE. THERE IS A
SCHEME AND PLOT, CONSPIRACY, TO CONTINUE TO ATTACH AND OR EXECUTE
THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION IN A MANNER
THAT VIOLATES THE TERMS OF THE "GRANT" GIVEN BY THE SOLE CORPOR-
ATION PRESENTLY OCCURRING WITHIN THE FORUM STATE AND THE UNITED
STATES GOVERNMENT VIA ITS EMPLOYEES HAVE CONSISTENTLY PROVEN,
EVEN AFTER NOTICE BEING GIVEN TO THEM UNDER CASE 19-10011 IN
THE 5TH. CIRCUIT THAT THEY CANNOT PROVE THAT THEY TIMELY FILED
TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION
EMERGING FROM CASE 2013-CP-400-0084 AS PROVEN BY THE LETTER
SUBMITTED BY ATTORNEY SETTANA RELATED TO THAT CASE AND THE FRAUD
UPON THE COURT THEY ENGAGED IN IN THEIR EFFORTS AND ATTEMPT
TO CIRCUMVENT THEIR FAILURE TO TIMELY CHALLENGE THE CLAIMS IN
THAT COURT BY PRODUCING A FRAUDULENT ORDER ISSUED BY JUDGE MAN-

NING WHO IS A DEFENDANT IN THIS CASE, TO PLACE THE CASE ON THE COMPLEX CASE DOCKET WHEN THE CASE WAS OFFICIALLY REMOVED TO THE FEDERAL DISTRICT COURT. IN SUCH, THE 1st. CIRCUIT IS REQUIRED , ON THE COURT RECORD, TO MAKE A JUDICIAL DETERMINATION EXPLANING CLEARLY "WHY" THIS CASE SHOULD NOT HAVE BEEN TRANSFERRED TO THE APPROPRIATE VENUE, WHICH IN THIS CASE, IS THE COURT OF THE DULY APPOINTED "TRUSTEE" FOR PROPER DISPOSAL, WHO IN THIS CASE IS JUDGE JACQUELYN AUSTIN OF THE S.C. DISTRICT COURT, TO THEN HAVE THE RELEVANT COMPONENTS OF THE CASE TRANSFERRED TO THE N.J. DISTRICT COURT FOR TRIAL BY HER AS IS CLEARLY SOUGHT BY THE FOREIGN SOVEREIGN CROWN IN THE INTEREST OF JUSTICE, FERRARA v. OUADROZZI EQUIPMENT LEASING CORP., 2013 WL 3226755(E.D.N.Y. 2013); ANDERSON v. LIBERTY LOBBY INC., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d. 202(U.S.1986); IN RE: CLEAN BURN FUELS, LLC., 2014 WL 2987330(N.C.2014); WILLIAMS v. SECRETARY OF VETERANS AFFAIRS,--F.Supp.3d.--, 2015 WL 5935169(N.D.Ala.2015); LaPENNA v. GOVERNMENT EMPLOYEES INS. CO., 316 Fed. Appx' 894, 2009 WL 485274(11th.Cir.2009); MILLER v. PARRISH, F.Supp.2d., 2013 WL 1868028(Va.2013); CELOTEX CORP. v. CATRETT, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d. 265(U.S.1996); ACKERMANN v. EXXON MOBIL CORP., 734 F3d. 237(4th.Cir.2013); BARTELS BY AND THROUGH BARTELS v. SABER HEALTH CARE GROUP, LLC., 880 F3d. 668(4th.Cir.2018); U.S. BANK NATIONAL ASSOCIATION v. S.R.A. AUGUSTA S.P.E., LLC., F.Supp.3d., 2016 WL 6808132(D.MAINE.2016).

FRAUDULENT MISREPRESENTATION AS IT RELATES TO THE CON-SPIRACY TO CONTINUE TO USE THESE FATALLY DEFECTIVE INDICTMENTS WITHIN ALL STATES, INCLUDING THE FORUM STATE; THE ALT RIGHT WHITE NATIONALIST AGENDA TO CREATE A BACK DOOR PROCEEDING TO GUT OUT AFFIRMATIVE ACTION BEHIND RACIAL ANIMUS TOWARDS AFRICAN AMERICANS WHERE THE TRUMP ADMINISTRATION AND THOSE WHO SUPPORT HIM USED THESE ASIAN STUDENTS AS PROXY, ALSO THE ISSUE OF REPARA-TIONS FOR THE U.S. SLAVE TRADE INVOLVING THE FORUM STATE; THE FRAUDULENTLY ATTACHING THE INTELLECTUAL PROPERTY OF THE (4) GLOBAL THRONES BY GIVING THE RIGHT TO MARRY TO THE GAYS AND LESBIANS IN VIOLATION OF THE "GRANT" GIVEN BY THE SOLE CORPORA-TION PROTECTED UNDER BOTH ARTICLE 1 § 10 AND ARTICLE IV § 2 OF THE U.S. CONSTITUTION CONSTITUTE A CONSPIRACY TO SUPPRESS TRUTH, CONCEAL MATERIAL FACTS IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001, TO DEFRAUD THE INMATES OF THIS NATION AND IN THE FORUM STATE TO DIMINISH THE POLITICAL VOICE OF AFRICAN AMERICANS AND TAKE AWAY THEIR RIGHT TO VOTE BY UNJUSTLY LABELING THEM AS FELONS WITH THESE ARBITRARY, CAPRICIOUS, RACIALLY MOTIVATED LAWS VIA THE CLINTON BILL AS WELL AS THE CONSPIRACY TO DENY THE RIGHTS OF THE FIDUCIARY FOREIGN SOVEREIGN HEIR TO EXECUTE AND ESTABLISH AND FULFILL HIS FIDUCIARY DUTY WHERE HE IS OBLIGATED BY "CON-TRACT", BY "COVENANT" TO PREVENT THESE ACTS WHICH DEFY "JUSTICE AND FAIRNESS" FROM BEING LEVIED AT HIS PEOPLE. ALL OF THIS PRE-SENTLY OCCUR WITHIN THE FORUM STATE. THE COURTS CANNOT UNMAKE THE CONTRACT ESTABLISHED BY THE SOLE CORPORATION, HARRIS v. SPORTBIKE TRACK GEER, F.Supp., 2015 WL 12839498(D.N.J.2015); LaVALLEE v. PARROT-ICE DRINK PRODUCTS OF AMERICA, INC., 193 F.Supp.2d. 296, 2002 WL 363407(D.Mass.2002); AMERICAN MUT. LI-BERTY INS. CO. v. PLYWOOD-PLASTICS CORP., 81 F.Supp. 157(DSC. 1948); OPARAH v. THE NEW YORK CITY DEPT. OF EDUC., F.Supp.3d., 2015 WL 4240733(N.Y.D.C.2015); INTERNATIONAL ASS'N OF MACHINISTS LODGE 1652 v. INTERNATIONAL AIRCRAFT SERVICES, INC. (CHARLESTON)

302 F2d. 808, 49 L.R.R.M. (BNA) 2976(4th.Cir.1962).

ALL THE 1st. CIRCUIT AND PARTIES WOULD HAVE TO DO IS
VIEW THE RECORDS ELECTRONICALLY OF THE CASES FILED BY LAWRENCE
CRAWFORD AND THE PARALLEL PLAINTIFFS INVOLVED AND YOU WILL SEE
THAT AT THE TIME THE MANNING ORDER PLACING THE CASE ON THE COM-
PLEX CASE DOCKET OCCURRED. CASE 2013-CP-400-0084 WAS REMOVED
VOIDING ANY ACTION JUDGE MANNING DONE ⬤⬤⬤ ESTABLISHING THE
DEFAULT WHERE THEY HAD PLENTY OPPORTUNITY TO CHALLENGE BUT CHOSE
FRAUD. I MOTION TO EXPAND THE SCOPE AND FOR INCLUSION OF THOSE
ELECTRONIC DOCUMENTS. A HEARING WAS REQUIRED WHICH IS WHY JUDGE
BURROUGHS DELAYED AND OR CIRCUMVENTED RULING ON THE MOTION TO
INTERVENE BECAUSE SHE CONSPIRED TO PREVENT THE CLAIMS OF DEFAULT,
COLLATERAL ESTOPPEL AND VOIDING OF JURISDICTION FROM BEING HEARD
AND ESTABLISHED WITHIN CASE 1:14-cv-14176-ADB. THIS ESTABLISHES
THE CONSPIRACY WITHIN THE FORUM STATE GIVING THE 1st. CIRCUIT
PERSONAL JURISDICTION EVEN BY WAY OF THE MASSACHUSETTS LONG
ARM STATUTES. INSOMUCH, I GIVE YOU ALL JUDICIAL NOTICE. I AM
INVOKING ALL SUPERSEDING ATTORNEY, JUDICIAL, LEGISLATIVE AND
EXECUTIVE POWER AND AUTHORITY OF THE SOLE CORPORATION WHICH
IS BINDING UPON ALL COURTS INVOLVED DUE TO THE DEFAULT, COLLA-
TERAL ESTOPPEL AND THE VOIDING OF JURISDICTION EMERGING FROM
CASE 2013-CP-400-0084 WHICH YOU ARE PROCEDURALLY BARRED FROM
CHALLENGING AND THE 1st. CIRCUIT'S PAST ORDER IS VOID. EN BANC
REVIEW MUST BE GIVEN IN FUNDAMENTAL FAIRNESS TO THE PETITIONER
TO ALSO ADDRESS THE ISSUE OF THE TRANSFER WHICH WAS DENIED THE
PETITIONER PURSUANT TO 28 U.S.C. § 1631. A STATE MAY NOT EXCLUDE
OR BURDEN OR CONVERT INTO A CRIME THE FREE EXERCISE OF RIGHTS
ESTABLISHED BY DUE PROCESS LAW. THE PRIVILEGE AND IMMUNITIES
CLAUSE PROTECTS RIGHTS OF CITIZENS TO PLY THEIR TRADE, PRACTICE
THEIR OCCUPATION OR PURSUE A COMMON CALLING. MY CALLING WHICH
IS COMMON TO THE MEMBERS OF THE SOLE CORPORATION IS THAT OF
FIDUCIARY AND LAWGIVER OF THE ONE TRUE GOD. THIS ALSO APPLIES
TO THIS FOREIGN SOVEREIGN UNDER THE PROVISIONS OF THE FOREIGN
SOVEREIGN IMMUNITY ACT OF 28 U.S.C. § 1602-1612 ET. SEQ, McBURNEY
v. YOUNG, 569 U.S. 221, 133 S.Ct. 1709, 185 L.Ed.2d. 758(U.S.
2013); HONEY v. VERMONT, 2017 WL 2167123(2017); SCHOENEFELD
v. SCHNEIDERMAN, 821 F3d. 273(2nd.Cir.2016).

INSOMUCH, THE COURT IN VIOLATION OF CLEARLY ESTABLISHED
DUE PROCESS LAW AND IN BLATANT DEFIANCE TO "JUSTICE AND FAIRNESS"
CANNOT LOSE ITS IMPARTIALITY AND NEUTRAL POSITION AND ACT ON
THE SIDE OF THE DEFENDANTS AND WITH FRAUDULENT INTENT AID THEM
TO CIRCUMVENT THE REQUIREMENT THAT THEY RESPOND TO THIS AFFIDAVIT
DOCUMENT ONCE SERVED WHERE BY THE MANDATES OF DUE PROCESS LAW,
THIS PLEADING CANNOT BE CONSTRUED AS A SHAM AFFIDAVIT SINCE
THE PETITIONER CONSISTENTLY REMAINED THE SAME IN HIS CLAIMS
FROM BEGINNING TO END OF ALL INVOLVED JUDICIAL PROCEEDINGS.
THE CLAIMS OF DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF JURIS-
DICTION TO WHICH THE UNITED STATES AND OTHER PARTIES ARE SUBJECT
TO HAS NOT CHANGED IN ANY MANNER WHICH WAS FURTHER SUBSTANTIATED
AND SOLIDIFIED BY ATTORNEY SETTANA'S LETTER AND EXHIBIT, "NEWMAN
CHALLENGE" THAT WAS SERVED ON ALL PARTIES. THEY ALL HAD AND
HAVE NOTICE. ONCE SERVED AND BY LAW **"THEY"**, **"THEY"** (EMPHASIS
ADDED), NOT THE COURT, ARE REQUIRED TO RESPOND AND THEY FAILED
TO PLEAD AND REBUT WHY A TRANSFER SHOULD NOT OCCUR AND PROVE
THAT THEY TIMELY FILED TO DEFEAT THIS SUBMITTED AFFIDAVIT DOCU-
MENT AND THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION
EMERGING FROM CASE 2013-CP-400-0084 WHERE THEY CLEARLY HAVE
NOTICE UNDER THIS CASE, AS WELL AS UNDER CASE 19-10011? THE
COURT CANNOT SHOW THAT THE PETITIONER ACTED IN BAD FAITH IN
FILING THIS APPEAL BRINGING FORTH THIS ACTION WITHIN THE 1st.
CIRCUIT, ESPECIALLY IN LIGHT OF THE FACT THAT THERE IS A TIMELY
FILED MOTION TO INTERVENE IN CASE 1:14-cv-14176-ADB AND THERE
IS A WRIT TO COMPEL FILED BEFORE THE 1st. CIRCUIT. THE PETITIONER
WOULD BE SUBJECT TO A VIOLATION OF DUE PROCESS AND THE EQUAL
PROTECTION OF THE LAWS CLAUSE. IT WOULD TAINT AND CORRUPT THE
1st. CIRCUIT'S JURISDICTION TO WHICH THIS IS ALSO A CHALLENGE
TO THE COURT'S JURISDICTION TO DISMISS THIS CASE. THE PETITIONER
WOULD SUFFER SUBSTANTIAL PREJUDICE AND INCONVENIENCE WHERE THE
PETITIONER RELIED UPON THE APPEAL AND THE PROVISIONS OF 28 U.S.C.
§ 1631 TO PREVENT ANY FURTHER ACTS OF FRAUD UPON THE COURT FROM
OCCURRING UNDER CASE 1:19-cv-1574-TLW-SVH WHERE THE PETITIONER
SOUGHT TO HAVE THE MAGISTRATE'S ORDERS REVIEWED BEFORE THE COURT
OF APPEALS BEFORE THAT CASE WAS PERMITTED TO MOVE FORWARD. I
OBJECT AND MOTION TO REINSTATE THE APPEAL, TO RECALL THE MANDATE
IF NEEDED, TO VACATE THE ORDER AND SEEK THAT THIS CASE BE TRANS-

FERRED TO THE PROPER VENUE, WHICH IN THIS CASE, IS THE COURT
OF JUDGE JACQUELYN AUSTIN IN THE S.C. DISTRICT COURT PENDING
HER THEN TRANSFERRING ANY OTHER RELEVANT MATTER TO THE N.J.
DISTRICT COURT TO COMMENCE WITH TRIAL PURSUANT TO THE MULTI-
DISTRICT LITIGATION RULES AND 28 U.S.C. § 1407. DUE TO THESE
AFFIDAVIT DOCUMENTS BEING FILED, THE PARTIES, NOT THE COURT,
MUST RESPOND BEFORE THE 1st. CIRCUIT RULES ON ANY MOTION THAT
IS ATTACHED TO THEM. SEE CELOTEX CORP. v. CATRETT, 477 U.S.
317, 106 S.Ct. 2548, 91 L.Ed.2d. 265(U.S.1996). I RENEW MY RE-
QUEST TO SEEK EN BANC REVIEW AND I MOTION TO SUPPLEMENT THE
PREVIOUSLY FILED REQUEST WITH ALL CLAIMS, ISSUES AND DEFENSES
ARGUED WITHIN THIS DOCUMENT.

CONSPIRACY CAN BE PROVEN BY CIRCUMSTANTIAL EVIDENCE IF
IT CAN BE INFERRED BY SUCH EVIDENCE THAT IT SUPPORTS THE CLAIMS
MADE. THIS IS ENOUGH TO PLACE THE MATTERS BEFORE A JURY. NONETHE-
LESS, THE PETITIONER ALSO PRESENTS TANGIBLE EVIDENCE IN THE
FORM OF DOCUMENTED FACTS EXISTING IN PENDING AND PRIOR CASES
AND ALSO TANGIBLE EVIDENCE BY WAY OF AFFIDAVITS THAT THE DEFEN-
DANTS, NOT THE COURT, ARE REQUIRED TO REBUT BEFORE THE COURT
RULES ON THE MOTIONS, BUT THEY CONSISTENTLY FAILED TO DO SO
OR THEY FAILED TO DEMONSTRATE THEY TIMELY FILED TO DEFEAT THE
AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM
CASE 2013-CP-400-0084 SINCE 2016. THERE IS EVEN AN ACTUAL INNO-
CENCE CLAIM MADE WHERE THERE IS DNA THAT CAN BE EASILY OBTAINED
AND TESTED THAT WOULD PROVE THEY CONSPIRED TO FRAME AND KIDNAP
A FOREIGN SOVEREIGN TO PREVENT ME FROM EXERCISING MY FIDUCIARY
DUTY WITHIN THE FORUM STATE. THE DNA WOULD CONSTITUTE CONCRETE
SCIENTIFIC EVIDENCE TO HELP SUBSTANTIATE THE JURISDICTIONAL
CLAIMS BUT JUDGE BURROUGHS IN THE FORUM STATE AIDED THE DEFEN-
DANTS TO CONCEAL THIS EVIDENCE AND PREVENT IT FROM BEING MADE
A PART OF THE COURT RECORD WITHIN THE FORUM STATE FURTHER ESTA-
BLISHING PERSONAL JURISDICTION. SEE CASES PREVIOUSLY CITED.

TO MEET THE PURPOSEFUL AVAILMENT REQUIREMENT OF SPECIFIC
JURISDICTION OVER A NON RESIDENT DEFENDANT, THE PLAINTIFF BEARS
THE BURDEN OF DEMONSTRATING THAT THE DEFENDANTS HAVE PURPOSELY
AVAILED TO THE PRIVILEGE OF CONDUCTING ACTIVITY WITHIN THE FORUM
STATE AS IS IN THIS CASE WHERE THE UNITED STATES IS PARTY AND

THEY CONSPIRED WITH JUDGE BURROUGHS TO DELAY AND OR CIRCUMVENT
RULING ON THE MOTION TO INTERVENE IN CASE 1:14-cv-14176-ADB
ACROSS MULTIPLE STATE AND FEDERAL JURISDICTIONS ALSO IN EFFORTS
TO PREVENT THE REQUIRED EVIDENTIARY HEARING FROM OCCURRING IN
THE FORUM STATE AND OBSTRUCT THE PETITIONER FROM PROTECTING
AFFIRMATIVE ACTION WHICH APPLIES TO ALL (50) STATES INCLUDING
S. CAROLINA WHO IS SOUGHT DISQUALIFIED. ALL THIS OCCURRED WITHIN
THE FORUM STATE PRODUCING CONTINUOUS RAMIFICATIONS. THIS APPLIES
TO THEIR EFFORTS TO PREVENT JUDICIAL ATTACK UPON THE CLINTON
BILL FOR WHICH THE UNITED STATES AVAILED IN THE FORUM STATE.
THIS APPLIES TO THE ATTACK UPON GAY MARRIAGE WHICH THE UNITED
STATES AVAILED IN THE FORUM STATE VIA ITS SUPREME COURT TO ESTA-
BLISH SUBSEQUENT ACTIVITY IN THE FORUM STATE BY REVERSING THE
DEFENSE OF MARRIAGE ACT IMPACTING THE FORUM STATE AND THE FORUM
STATE AVAILED TO PROTECT THAT RULING ILLEGALLY ATTACHING THE
INTELLECTUAL PROPERTY OF THE FOREIGN SOVEREIGN CROWN. THIS ALSO
APPLIES TO THE UNITED STATES MAKING USE OF THESE FATALLY DEFEC-
TIVE INDICTMENTS AVAILING ITSELF TO ACTIVITY AND THE PROTECTION
OF THE FORUM STATE AS IT DID WITHIN ALL (50) STATES, IN A CON-
SPIRACY TO SUPPORT THIS INJUSTICE WITHIN CRIMINAL PROCEEDINGS
IN THE FORUM STATE AND ALL (50) STATES WHERE COMMON QUESTIONS
OF LAW AND FACT APPLY TO THESE ISSUES INVOLVING ALL (50) STATES
ON THE FEDERAL LEVEL ESTABLISHING MULTI-DISTRICT LITIGATION,
AND THEY CONSPIRED WITHIN THEIR RESPECTIVE JURISDICTIONS AND
WITHIN EACH OTHERS JURISDICTIONS TO IMPEDE, HINDER AND OBSTRUCT
JUSTICE AND JUDICIAL REVIEW TO DENY THE PETITIONER THE EQUAL
PROTECTION OF THE LAWS IN CLEAR VIOLATION OF 42 U.S.C. §§ 1985(2)
, 1985(3) AND 1986, GRIFFIN v. BRECKENRIDGE, 403 U.S. 88, 91
S.Ct. 1790(U.S.1971); HERD v. WILKIE,--F3d.--, 2019 WL 4197594
(9th.Cir.2019); EATON v. TOWN OF TOWNSEND, 2019 WL 1061184(AD-
DRESSING THE KING-KHALIFAH'S RIGHTS UNDER ADA); FLORINO v. TURNER
476 F.Supp.962 (D.Mass.1979).


INSOMUCH, AS IT PERTAINS TO 28 U.S.C. § 1631. THE 1st.
CIRCUIT MUST INTERPRET THE STATUTE, NOT REWRITE IT, OR INTERJECT
INTO IT A MEANING OR MATTERS THAT ARE NOT IN THE LANGUAGE OF
THE STATUTE. "SHALL" IS MANDATORY. SINCE THAT STATUTE IS CLEAR
AND UNAMBIGUOUS A DETERMINATION MUST BE MADE AS TO THE "IN THE
INTEREST OF JUSTICE STANDARD", AND THE PETITIONER'S RIGHT TO

HAVE THE CASE TRANSFERRED BEFORE ANY DISMISSAL CAN OCCUR BY
HIS RIGHTS OF DUE PROCESS WHICH IN AN ABUSE OF DISCRETION WAS
UNJUSTLY CIRCUMVENTED AND OR DENIED, JENNINGS v. RODRIGUEZ,
138 S.Ct. 830, 200 L.Ed.2d. 122, 86 U.S.L.W. 4094(U.S.2018);
U.S. v. RON PAIR ENTERPRISES INC., 489 U.S. 235, 109 S.Ct. 1027,
103 L.Ed.2d. 290(U.S.1989); IN RE: ARGON CREDIT, LLC.,--B.R.-
--, 2017 WL 4404269(2017); UNITED STATES v. STE-BRI ENTERPRISES,
INC., 2017 WL 4226873(D.C.OHIO.2017).

     ONCE THE INTERNET IS USED TO PROVIDE SAME SEX COUPLES
ACCESS TO COMMERCE WITHIN THE FORUM STATE ATTACHING AND OR EXE-
CUTING THE INTELLECTUAL PROPERTY OF THE FOREIGN SOVEREIGN CROWN
IN VIOLATION OF THE "GRANT" AND THE RESTRICTIONS ESTABLISHED
THEREBY, AND THE FORUM STATE ENGAGED IN COMMERCE FOR HOTELS,
RESTAURANTS, SIGHT SEEING, FOR HONEYMOONS, GIFTS AND OTHER SER-
VICES WITHIN THE FORUM STATE RELATED TO SAME SEX MARRIAGE, THE
NON RESIDENTS AVAILED TO THIS COMMERCE AND THE UNITED STATES
AND FORUM STATE SUPPORTED THIS EVIL. THE PARTIES VOLUNTARILY
ACCEPTED THE PROTECTIONS OF THIS CONSPIRACY IN THE FORUM STATE
RELATED TO THE RIGHT TO ENGAGE IN THIS COMMERCE EVEN FORCING
MY HOLY COMMONWEALTH TO SERVE THEM BY YOUR GOING TO HELL LAWS.
THIS GIVES THE 1st. CIRCUIT PERSONAL JURISDICTION PRODUCING
MINIMUM CONTACTS IN THE FORUM STATE, TRADING COMMERCE ACROSS
INTERSTATE LINES PRODUCING A CONSPIRACY TO EFFECT INTERSTATE
COMMERCE IN VIOLATION OF THE HOBBS ACT BY ATTACHING AND OR EXE-
CUTING THE INTELLECTUAL PROPERTY OF THE FOREIGN SOVEREIGN CROWN
IN VIOLATION OF THE "GRANT" GIVEN TO YOU BY THE SOLE CORPORATION
WHICH HAD CLEAR RESTRICTIONS WHERE THE PETITIONER IS A MEMBER
OF THE SOLE CORPORATION. THE FIDUCIARY DUTY DEMANDS JUSTICE!!!
ELIJAH MUST FIRST COME AND RESTORE ALL THINGS. THAT WHICH IS
WRITTEN BY GOD AND HIS HOLY PROPHETS CANNOT BE BROKEN. CAUSE
AND PERSONAL JURISDICTION IS ESTABLISHED, L.P. SOLUTIONS LLC.
v. DUCHOSSOIS, 907 F3d. 95 (1st.Cir.2018).

     GENERAL JURISDICTION REQUIRES AFFILIATIONS SO CONTINUOUS
AND SYSTEMATIC AS TO RENDER THE FOREIGN CORPORATION ESSENTIALLY
AT HOME IN THE FORUM STATE ie. COMPARABLE TO A DOMESTIC ENTER-
PRISE IN THAT STATE. THE HOLY COMMONWEALTH OF THE (4) GLOBAL
THRONES CONSTITUTE A DOMESTIC ENTERPRISE BY FIDUCIARY OBLIGATION

AS IT PERTAINS TO THE KING-KHALIFAH ESTABLISHING CONTINUOUS
AND SYSTEMATIC AFFILIATIONS. BY THE AFFIDAVITS OF DEFAULT AND
VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084
TO WHICH THE UNITED STATES IS PARTY TO THE DEFAULT. I AM LEGALLY
THE FIDUCIARY HEIR, KING, KHALIFAH, IMAM AND HIGH PRIEST TO
THE (4) GLOBAL THRONES BOUND BY LEGAL BINDING "COVENANT", CON-
TRACT" TO ACT AND PROTECT MY PEOPLE'S RIGHTS BEFORE ALL GLOBAL
COURTS WHERE BY THE UNJUST ACTIONS YOU ENGAGED IN WITHIN THE
FORUM STATE AND OTHER (49) STATES, WHICH EVEN INCLUDE THE AFFORD-
ABLE CARE ACT CLAIMS WHICH ARE A PART OF REPARATIONS DEFAULTED
ON, THE CLINTON BILL CLAIMS AS WELL AS REAPARATIONS FOR THE
U.S. SLAVE TRADE, THE FATALLY DEFECTIVE INDICTMENT CLAIMS. ALL
OF THE AFOREMENTIONED PRODUCE DIRECT IMPACT UPON MY PEOPLE,
NOT AS KNIGHT ERRAND, BUT AS **"FIDUCIARY"** (EMPHASIS ADDED), BOUND
BY "CONTRACT", "COVENANT" TO ACT ON BEHALF OF THE BENEFICIARIES
OF THE "TRUST". WE MY PEOPLE, AFRICAN AMERICANS, CHRISTIANS,
MUSLIMS AND JEWS EXIST. THEIR AFFLIATIONS ARE SO CONTINUOUS
AND SO SYSTEMATIC IN YOUR FORUM STATE AND NATIONALLY AS THEY
PERTAIN TO THE HOLY COMMONWEALTH OF THE (4) GLOBAL THRONES THAT
WHERE MY HOLY COMMONWEALTH LIE, THERE SO LIE I. THIS ESTABLISHES
THAT THE KING-KHALIFAH, THE SOLE CORPORATION, WHICH IS A FOREIGN
CORPORATION, IS ESSENTIALLY AT HOME WITHIN THE FORUM STATE AS
THE FIDUCIARY HEIR TO THE (4) GLOBAL THRONES, THE SAME WAY THE
UNITED STATES IS ESSENTIALLY AT HOME BY THE SUPREMACY CLAUSE.
THUS, THE 1st. CIRCUIT DOES HAVE JURISDICTION. EVEN IF IN AN
ABUSE OF DISCRETION AND FRAUD UPON THE COURT THE 1st. CIRCUIT
ASSERTS THAT IT DON'T? IN THE INTEREST OF JUSTICE THE CASE CANNOT
BE DISMISSED AND MUST BE TRANSFERRED TO THE PROPER VENUE, WHICH
IN THIS CASE, IS THE COURT OF THE DULY APPOINTED "TRUSTEE" JUDGE
JACQUELYN AUSTIN, WHO IS BOUND BY HER OATH OF OFFICE TO UPHOLD
THE U.S. CONSTITUTION TO ACT ON BEHALF OF THE FOREIGN SOVEREIGN
CROWN DUE TO HER BEING AN EMPLOYEE OF THE UNITED STATES WHO
IS PARTY TO THE DEFAULT. I MOTION FOR A REHEARING EN BANC AND
TO VACATE THE ORDER AND FOR A 28 U.S.C. § 1631 TRANSFER, DAIMIER
A.G. v. BAUMAN, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d. 624
(U.S.2014); KEETON v. HUSTLER MAGAZINE, INC., 465 U.S. 770,
104 S.Ct. 1473, 79 L.Ed.2d. 790 (U.S.1984); GOODYEAR DUNLOP
TIRES OPERATIONS, S.A. v. BROWN, 564 U.S. 915, 131 S.Ct. 2846,
180 L.Ed.2d. 796(U.S.2011); BRISTOL-MYERS SQUIBB CO. v. SUPERIOR
COURT OF CALIFORNIA, SAN FRANCISCO COUNTY, 137 S.Ct. 1773, 198
L.Ed.2d. 395, 85 U.S.L.W. 4400(U.S.2017).

THE UNITED STATES SUPREME COURT DETERMINED UNDER ROSS
v. BLAKE, 136 S.Ct. 1850(U.S.2016) THAT ONCE THE STATE ACTORS
ENGAGED IN ACTS OF MACHINATION TO THWART JUDICIAL REVIEW AND
EXHAUSTION. THE PARTY NEED NOT EXHAUST BUT CAN ENTER INTO THE
FEDERAL FORUM WITHOUT ANY PRIOR COURT ORDER RELATED TO EXHAUSTION
. IT IS THE PETITIONER'S POSITION THAT THE SAME PRINCIPLE AND
SUBSIDIARY FACTS APPLY TO FEDERAL JURISDICTION. IF THE FEDERAL
COURTS OR PARTIES ENGAGE IN ACTS OF MACHINATION AND OBSTRUCTION
OF JUSTICE TO THWART JUDICIAL REVIEW. THE PETITIONER NEED NOT
WAIT, BUT CAN SEEK REVIEW IN THE 1st. CIRCUIT EVEN VIA THE PROVI-
SIONS OF THE FOREIGN SOVEREIGN IMMUNITY ACT.

ARTICLE III'S "ARISING UNDER" JURISDICTION IS BROAD ENOUGH
TO AUTHORIZE CONGRESS FEDERAL COURTS JURISDICTION OVER ACTIONS
INVOLVING FOREIGN CORPORATIONS, IN THIS CASE, THE SOLE CORPORA-

TION OR FIDUCIARY KING-KHALIFAH PURSUANT TO THE FOREIGN SOVEREIGN
IMMUNITY ACT WHICH APPLY TO FOREIGN PLAINTIFFS AS WELL, AND
ITS COMMERCIAL EXCEPTION RULE WHICH DO NOT REQUIRE THAT EVERY
CAUSE THAT IS PLACED BEFORE THE COURT BE COMMERCIAL IN NATURE,
BUT STILL RELATES TO THE FOREIGN SOLE CORPORATION'S INTELLECTUAL
PROPERTY IN THE HANDS OF THE UNITED STATES, WHICH CAN ONLY BE
GIVEN TO HETEROSEXUALS, THAT YOU ATTACHED BY U.S. SUPREME COURT
DETERMINATION ESTABLISHES CAUSE UNDER 28 U.S.C. §§ 2679, 1602-
1612 et. seq., DEFAULTED ON BY THE UNITED STATES THAT ATTACH
TO ALL CLAIMS MADE. THE "SUE AND BE SUED CLAUSE" EMBELLISHED
WITHIN THE KING-KHALIFAH'S DECLARATION OF SOVEREIGNTY DEFAULTED
ON BY THE UNITED STATES FILED WITHIN CASE 2013-CP-400-0084,
AUTHORIZES THE KING-KHALIFAH, THE PETITIONER, AS FIDUCIARY HEIR
TO THE (4) GLOBAL THRONES TO BRING ACTION AND SUPERSEDE THE
AUTHORITY OF ALL STATE AND FEDERAL COURTS, DOMESTIC OR GLOBAL,
CONFER ORIGINAL JURISDICTION IN THE FEDERAL COURTS OVER ALL
CASES TO WHICH THE KING-KHALIFAH IS PARTY TO OR IN WHICH HE
INTERVENED; INCLUSION OF THE PHRASE, "THESE POINTS AND CLAIMS
ARE NOT EXHAUSTIVE AND CAN BE ADDED TO....." IN THE DECLARATION
OF SOVEREIGNTY DEFAULTED ON BY THE UNITED STATES AS IT PERTAINS
TO "COMPETENT JURISDICTION", DO NOT TAKE AWAY JURISDICTION,
BUT MORE TO THE POINT. IT DELINEATED WHICH FEDERAL COURTS COULD
ADJUDICATE CLAIMS INVOLVING THE SOLE CORPORATION AND FOREIGN
SOVEREIGN CROWN BY HIS TERMS AS SO DECREED. THE PETITIONER,
AS A MEMBER OF THE SOLE CORPORATION ACTS IN HIS OFFICIAL CAPACITY
, SAMANTAR v. YOUSEF, 560 U.S. 305, 130 S.Ct. 2278 (U.S.2010);
VERLINDEN B.V. v. CENTRAL BANK OF NIGERIA, 461 U.S. 480, 103
S.Ct. 1962(U.S.1983); MERCHIA v. UNITED STATES, 2019 WL 2501883
(D.Mass.2019); MERLINA v. CANADA, 926 F3d.21, 2019 WL 2417060
(1st.Cir.2019); REPUBLIC OF SUDAN v. HARRIS, 139 S.Ct. 1048,
203 L.Ed.2d. 433(U.S.2019). PRISONS ARE BIG BUSINESS IN THE
UNITED STATES. SO IS THE COMMERCE INVOLVED RELATED TO SAME SEX
MARRIAGE.

AS IT PERTAINS TO THE PROVISIONS OF 28 U.S.C. § 1631.
THE 1st. CIRCUIT AND ALL COURTS INVOLVED HERE INTERPRETIVE TASK
BEGINS WITH THE STATUTE TEXT, AND AT THIS OPENING STAGE THE
COURT MUST EXAMINE THE PLAIN MEANING OF THE WORDS, BOTH IN THE
SPECIFIC CONTEXT IN WHICH THE LANGUAGE IS USED, AND THE BROADER

CONTEXT OF THE STATUTE AS A WHOLE. IF THE LANGUAGE OF THE TEXT
OF THE STATUTE IS UNAMBIGUOUS, WHICH IN THIS CASE IT IS, THE
COURT'S INTERPRETIVE TASK ENDS THERE, AND THE COURT MUST ENFORCE
THE STATUTE ACCORDING TO ITS TERMS, SO LONG AS THE RESULT RE-
QUIRED BY THE TEXT IS NOT ABSURD. UNLESS THE UNITED STATES AND
PARTIES INVOLVED CAN PROVE THEY TIMELY FILED TO DEFEAT THE AFFI-
DAVITS OF DEFAULT AND VOIDING OF JURISDICTION IN QUESTION AND
PROVE THAT WHEN JUDGE MANNING CONSPIRED TO AID THEM CIRCUMVENT
THE DEFAULT THAT CASE 2013-CP-400-0084 WAS NOT REMOVED TO THE
FEDERAL DISTRICT COURT IN THE PETITIONER'S AND OTHER PARALLEL
PETITIONES' CASES DIVESTING HIM OF JURISDICTION TO ACT? THE
RESULTS ARE NOT ABSURD AND THE KING-KHALIFAH'S FIDUCIARY DUTY
IS ESTABLISHED WITHIN ALL COURTS RECORD BY "COVENANT", BY "CON-
TRACT" AND DUE PROCESS LAW. EVEN IF THE 1st. CIRCUIT IN AN ABUSE
OF DISCRETION CLAIM THAT THEY DO NOT HAVE JURISDICTION WHEN
IN TRUTH THEY DO? IN THE INTEREST OF JUSTICE, IT WOULD BE MANI-
FEST INJUSTICE TO DISMISS THE APPEAL WITHOUT THE FIRST REQUIRED
"IN THE INTEREST OF JUSTICE STANDARD" DETERMINATION MADE. THERE-
UPON THE CASE IN FUNDAMENTAL FAIRNESS TO THE PETITIONER CANNOT
BE DISMISSED , BUT MUST BE TRANSFERRED TO THE PROPER COURT OF
JURISDICTION TO ADDRESS THE MATTER AS 28 U.S.C. § 1631 REQUIRES.
IN THIS CASE, IT IS THE COURT OF THE DESIGNATED "TRUSTEE", JUDGE
AUSTIN IN THE S.C. DISTRICT COURT GREENVILLE DIVISION. I MOTION
TO SUPPLEMENT THE REQUEST FOR REHEARING EN BANC WITH THIS PLEAD-
ING AND I MOTION TO SUPPLEMENT THE MOTION TO INTERVENE UNDER
CASE 19-10011 TO ENSURE THAT A COMPLETE RECORD EXIST WITHIN
ALL CASES INVOLVED, STAR ATHETICA, LLC. v. VARSITY BRANDS, INC.,
137 S.Ct. 1002, 197 L.Ed.2d. 354, 85 U.S.L.W. 4139(U.S.2017);
ENCINO MOTOR CARS, LLC. v. NAVARRO, 136 S.Ct. 2117, 195 L.Ed.2d.
382, 84 U.S.L.W. 4424(U.S.2016); CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND v. CENTRAL TRANSPORT, INC., 472
U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d. 447(U.S.1985); NG v. PRU-
DENTIAL INSURANCE COMPANY OF AMERICA, 172 F.Supp.3d. 355(D.Mass.
2016); NOVELESKY v. METROPOLITAN LIFE INS. CO. INC., 49 F.Supp.3d
123(D.MAINE.2014); EIE GUAM v. LONG TERM CREDIT BANK, JAPAN,
232 F3d. 635(9th.Cir.2003); BRADDY v. UNITED STATES, 2016 WL
1031301(E.D.Va.2016); SAUNIER v. BOEING COMPANY, F.Supp.2d.,
2014 WL 1646953(2014). IN ABSENCE OF A WRITTEN DECISION ON A
PARTICULAR ISSUE FOR PURPOSES OF COLLATERAL ESTOPPEL PARTY CAN

POINT TO THE TRANSCRIPT AND OR COURT DOCUMENTS AND OR AN ORAL
DETERMINATION SUCH AS THE ONE MADE BY JUDGE LEE IN THE APRIL
4, 2014 HEARING CONTAINING FINDINGS OF FACT WHERE SHE RULED
THE AFFIDAVITS STAND IF THE WORD "MOTION" IS REMOVED FROM THEM
AND THEY ARE NOT TIMELY REBUTTED BY THE COURT OR PARTIES AS
IS ALSO SUPPORTED BY FEDERAL LAW PREVIOUSLY CITED WITHIN THIS
DOCUMENT. ALSO SEE IN RE SMITH, 2016 WL 3943710(Md.2016); IN
RE: QIAO LIN, 576 B.R. 32(N.Y.2017); NEW HAMPSHIRE v. MAINE,
532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d. 968(U.S.2001); BAKER
BY THOMAS v. GENERAL MOTORS CORP., 522 U.S. 222, 118 S.Ct. 657,
139 L.Ed.2d. 580(U.S.1998); GATES v. STRAIN, 2017 WL 2417051
(E.D.La.2017). THE INTEREST OF JUSTICE STANDARD IS MET. I OBJECT
TO THE 1st. CIRCUIT'S ACTIONS AND SEEK REHEARING EN BANC.


RESPECTFULLY,

JAHJAH AL MAHDI



SEPTEMBER 9, 2019

THE COURT OF APPEALS

FOR THE FIRST CIRCUIT ET. AL.,

———————————

DOCKET NO.(S) 18-8022; 19-10011 ET. AL.,

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE
ET. AL.,

INTERESTED PARTY

———————————

STUDENTS FOR A FAIR ADMISSIONS ET. AL.,

PLAINTIFFS

Vs.

THE PRESIDENT OF HARVARD UNIVERSITY ET. AL.,

DEFENDANTS

———————————

**AFFIDAVIT OF SERVICE**

———————————

I, JAHJAH AL MAHDI, DO HEREBY CERTIFY, THAT I HAVE MAILED AND
OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;
MOTION TO SUPPLEMENT THE PREVIOUSLY FILED MOTION FOR REHEARING
EN BANC; MOTION TO POLL THE JUDGES; MOTION TO SUPPLEMENT THE
MOTION TO INTERVENE IN CASE 19-10011 AND MOTION TO MOTION THERE-
FOR, ON THE 1st. CIRCUIT COURT OF APPEALS, THE 5TH. CIRCUIT
COURT OF APPEALS AND ALL OTHER INVOLVED PARTIES BY U.S. MAIL,
POSTAGE PREPAID, BY PLACING IT IN THE INSTITUTION MAILBOX ON

SEPTEMBER 9, 2019. IT IS DEEMED FILED ON THAT DATE, <u>HOUSTON</u>
<u>v. LACK,</u> 287 U.S. 266, 273-76, 108 S.Ct. 2379(1988).

RESPECTFULLY,

JAHJAH AL MAHDI

SEPTEMBER 9, 2019

Please file in

CASE 18-8022

LAWRENCE L CRAWFORD

#300839 Edisto B-17

Lieber CI PO Box 205

Ridgeville SC 29472

RECEIVED
SEP 10 2019
MAIL ROOM
LIEBER C.I.

The Court o

For The Is

1 COURTHOUSE

Boston, MA



CRAWford
to B-17
O Box 205
29472

The court of Appeals
For The 1st Circuit
1 Courthouse Way ste 2500
Boston, Mass 02210

USMS SCREENED

FIRST CLASS

$ 001.60