THE COURT OF APPEALS
FOR THE FIRST CIRCUIT ET. AL.,

DOCKET NUMBER(S) 18-3457; 18-8022; 19-10011 ET. AL.,

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

PETITIONER(S)

Vs.

STUDENTS FOR FAIR ADMISSIONS; THE UNITED STATES; N.J. MULTI-DISTRICT LITIGATION PANEL; JUDGE LINARES ET. AL.,

DEFENDANTS/ RESPONDENTS

**AFFIDAVIT OF SERVICE**

WE, JAHJAH AL MAHDI ET. AL., DO HEREBY CERTIFY, THAT WE HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO CHALLENGE THE S.C. DISTRICT COURT'S JURISDICTION IN CASE 1:19-cv-01574-TLW; MOTION TO CHALLENGE THE 3rd. CIRCUIT'S JURISDICTION IN CASE 18-3457; MOTION TO SUPPLEMENT THE APPEAL UNDER CASE 18-8022 IN THE FIRST CIRCUIT; MOTION TO SUPPLEMENT THE MOTION TO INTERVENE UNDER CASE 19-10011 IN 5TH. CIRCUIT; MOTION FOR DECLARATORY JUDGMENT FROM THE 1st. CIRCUIT AND MOTION TO MOTION THEREFOR, WITH ITS ATTACHMENTS, ON THE S.C. DISTRICT COURT, THE N.J. DISTRICT COURT, THE N.J.

MULTI-DISTRICT LITIGATION PANEL, THE 1st., 3rd. AND 5th. CIRCUIT COURTS OF APPEALS AND ALL INVOLVED PARTIES BY U.S. MAIL POSTAGE PREPAID BY PLACING IT IN THE INSTITUTION MAILBOX ON SEPTEMBER 4, 2019. IT IS DEEMED FILED ON THAT DATE, HOUSTON v. LACK, 287 U.S. 266, 273-76, 108 S.Ct. 2379(1988).

              RESPECTFULLY,
              JAHJAH AL MAHDI

              RON SANTA McCRAY

              YAHYA MuQUIT

SEPTEMBER 4, 2019

THE COURT OF APPEALS
FOR THE FIRST CIRCUIT ET. AL.,

DOCKET NUMBER(S) 18-3457; 18-8022; 19-10011 ET. AL.,

LAWRENCE L. CRAWFORD AKA. JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

PETITIONER(S)

Vs.

STUDENTS FOR FAIR ADMISSIONS; THE UNITED STATES; N.J. MULTI-DISTRICT LITIGATION PANEL; JUDGE LINARES ET. AL.,

DEFENDANTS/ RESPONDENTS

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO CHALLENGE THE S.C. DISTRICT COURT'S JURISDICTION IN CASE 1:19-cv-01574-TLW; MOTION TO CHALLENGE THE 3rd. CIRCUIT'S JURISDICTION IN CASE 18-3457; MOTION TO SUPPLEMENT THE APPEAL UNDER CASE 18-8022 IN THE FIRST CIRCUIT; MOTION TO SUPPLEMENT THE MOTION TO INTERVENE UNDER CASE 19-10011 IN 5TH. CIRCUIT; MOTION FOR DECLARATORY JUDGMENT FROM THE 1st. CIRCUIT AND MOTION TO MOTION THEREFOR

IN RE: CASE(S) 18-3457; 18-8022; 19-10011; 1:19-cv-01574-TLW;

1:18-cv-13459-NLH; 9:18-cv-01408-TLW-BM; 9:19-cv-1400-TLW-BM ET. AL.,

TO: THE 1st. CIRCUIT COURT OF APPEALS,
    THE 3rd. CIRCUIT COURT OF APPEALS,
    THE 5TH. CIRCUIT COURT OF APPEALS,
    THE N.J. DISTRICT COURT,
    THE N.J. MULTI-DISTRICT LITIGATION PANEL,
    THE S.C. DISTRICT COURT ET. AL.,

HERE THE COURT AND PARTIES WILL FIND ATTACHED:

(1) A COPY OF THE ORDER ISSUED FROM THE 3rd. CIRCUIT DATED FILED AUGUST 23, 2019 IN CASE 18-3457.

WE, OBJECT TO THIS ORDER BEING ISSUED BY THE 3rd. CIRCUIT BECAUSE DUE TO THE FACTS SURROUNDING THIS CASE. THE ORDER IS UNCONSTITUTIONAL AND VOID. THE ORDER WAS ISSUED BY THE 3rd. CIRCUIT BASED UPON THE LEGISLATIVE PROVISIONS OF THE PRISON LITIGATION REFORM ACT. THAT PROVISION OF LAW IS PRESENTLY BEING CHALLENGED UNDER CASE 9:18-cv-01408-TLW-BM AND 9:19-cv-1400-TLW-BM DUE TO THE LAW BEING UNCONSTITUTIONAL WHERE IT DISPROPORTIONATELY TARGETING AFRICAN AMERICANS IN VIOLATION OF THE U.S. CONSTITUTION AND THE U.S. SUPREME COURT HOLDINGS UNDER EX PARTE VIRGINIA SUPRA. AS IS ARGUED WITHIN THE FEDERAL CASES SUB JUDICE. THERE ARE 7TH. AMENDMENT STIPULATION FILED UNDER CASE 9:18-cv-01408-TLW-BM WHICH THE 3rd. CIRCUIT CLEARLY VIOLATED IN AN ABUSE OF DISCRETION AND IN ACTS OF FRAUD UPON THE COURT. BY THE LAWS OF DUE PROCESS, THE 3rd. CIRCUIT WAS REQUIRED TO STAY CASE 18-3457 UNTIL A JURY DETERMINED THE UNCONSTITUTIONALITY OF THE LEGISLATIVE PROVISION OF LAW IN QUESTION WHICH WAS ALSO A PART OF THE PARALLEL CASES TO WHICH MuQUIT IS PARTY THAT ARE ALSO SOUGHT REINSTATED UNDER CASE 9:18-cv-01408-TLW-BM AND SOUGHT 28 U.S.C. § 1407 TRANSFER UNDER CASE 1:18-cv-13459-NLH WHERE THE 3rd. CIRCUIT CLEARLY USED THIS UNCONSTITUTIONAL PROVISION OF LAW TO RULE ON THIS MATTER FOR BOTH MuQUIT AND THE KING-

KHALIFAH, JAHJAH AL MAHDI, OF THE (4) GLOBAL THRONES. THIS CREATE A CONSTITUTIONAL ERROR AND 7th. AMENDMENT VIOLATION WHICH VOIDS THE 3rd. CIRCUIT'S ORDER AND IT IS AS IF THERE WERE NO JUDICIAL DETERMINATION MADE AT ALL, <u>MONTGOMERY v. LOUISIANA,</u> 136 S.Ct. 718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); <u>24 SENATORIAL DISTRICT REPUBLICAN COMMITTEE v. ALCORN,</u> 820 F3d. 624(4th.Cir. 2016); <u>MOSELY v. UNITED STATES,</u> 2018 WL 1187778 (N.C.2018).

FURTHER, DUE TO THE DOCUMENTS THAT THE 3rd. CIRCUIT CRIMINALLY IN ACTS OF FRAUD UPON THE COURT CIRCIMVENTED. ANOTHER CHALLENGE TO THEIR JURISDICTION EXIST IN THAT THERE IS "TRUSTEE" APPOINTED OVER THESE MATTERS IN THE FORM OF JUDGE AUSTIN IN THE S.C. DISTRICT COURT WHO IS BOUND BY HER OATH OF OFFICE AND THE CLAIMS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING OUT OF CASE 2013-CP-400-0084 WHERE SHE IS AN EMPLOYEE OF THE UNITED STATES TO ACT AS TRUSTEE OR SHE WILL ALSO BE IN VIOLATION OF ARTICLE III SECTION 1 WHERE SHE WOULD NOT BE HOLDING HER OFFICE IN GOOD FAITH VIOLATING THE SUPERSEDING AUTHORITY OF THE FOREIGN SOVEREIGN CROWN AND THE BINDING DECREE OF THE SOLE CORPORATION.

ADDITIONALLY, THESE MATTERS ARE APPROPRIATELY BEFORE THE 1st. CIRCUIT IN THEIR ENTIRETY AND THE 3rd. CIRCUIT IN CLEAR VILATION OF LAW HAS EXERCISED JURISDICTION, EVEN PURSUANT TO THE PRISON LITIGATION REFORM ACT, OVER A FOREIGN SOVEREIGN KING-KHALIFAH AND A MEMBER OF HIS HOLY COMMONWEALTH, WHO BY THE CLAIMS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084, ARE KINGS-KHALIFAHS THEMSELVES AND FALL UNDER THE SAME FEDERAL AND FOREIGN SOVEREIGN IMMUNITY ACT PROTECTIONS AS THE KING-KHALIFAH, JAHJAH AL MAHDI POSSESS. THE COURTS ARE PROCEDURALLY BARRED FROM CHALLENGING THIS CLAIM DUE TO THE DEFAULT, THE FRAUD UPON THE COURT THE UNITED STATES AND STATE ACTORS ENGAGED IN AND ALL ESTABLISHED RIGHTS OF COLLATERAL ESTOPPEL. THE FIDUCIARY HEIR, KING AND FOREIGN SOVEREIGN NOR HIS HOLY COMMONWEALTH CANNOT BE BROUGHT BEFORE ANY OF YOUR RESPECTIVE COURTS IN VIOLATION OF THE TERMS IN WHICH WE DICTATE AND THE 3rd. CIRCUIT STAND IN BLATANT, CRIMINAL DEFIANCE TO THE PROVISIONS OF THE FOREIGN SOVEREIGN IMMUNITY ACT. CONSENT WAS WITHDRAWN FROM THE 3rd. CIRCUIT TO MAKE ANY RULING OR ESTABLISH ANY RIGHTS OF THE FOREIGN SOVEREIGN KING-KHALIFAH OR HIS HOLY

COMMONWEALTH, WHICH INCLUDE ANY RULING RELATED TO FILING FEES WHERE BY THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084 WE ARE NO LONGER SUBJECT TO YOUR PROCEDURAL LAWS OR POLICIES. IT WAS AN ABUSE OF DISCRETION, AN ACT OF FRAUD UPON THE COURT AND OBSTRUCTION OF JUSTICE FOR THE 3rd. CIRCUIT NOT TO WAIVE ANY REQUIRED FILING FEE IN THESE MATTERS. WE OBJECT AND MOTION FOR DECLARATORY JUDGMENT FROM THE 1st. CIRCUIT DUE TO MULTI-DISTRICT LITIGATION AND THE 3rd. CIRCUIT'S JURISDICTION BEING VOID AB INITIO PURSUANT TO WILLIAMS v. PENNSYLVANIA, 136 S.Ct.1899(2016).

UNLESS THE UNITED STATES AND THE OTHER DEFENDANTS LISTED WITHIN CASE 2013-CP-400-0084 CAN DEMONSTRATE THAT THEY TIMELY FILED TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084?, WHICH BY THE LETTER SENT BY ATTORNEY SETTANA IT IS PERSPICUOUS THAT THEY CAN'T? ALL ORDERS ISSUED BY THE 3rd. CIRCUIT NOT JUST UNDER CASE 18-3457, BUT ALSO THE S.C. DISTRICT COURT UNDER CASE 1:19-cv-01574-TLW, ALSO BY DUE PROCESS AND FEDERAL LAW, ARE DEEMED UNCONSTITUTIONAL AND VOID WHERE THE KING-KHALIFAH IS OFFICIALLY EXERCISING ALL SUPERSEDING ATTORNEY, JUDICIAL, LEGISLATIVE, EXECUTIVE POWER AND AUTHORITY OF THE (4) GLOBAL THRONES THAT WAS DEFAULTED ON BY THE UNITED STATES WITHIN THE S.C. STATE COURT, WHICH ARE BINDING UPON ALL STATE AND FEDERAL COURTS INVOLVED IN THESE MULTI-DISTRICT AND EXTRA TERRITORIAL CLAIM PROCEEDINGS, PERRY v. UNITED STATES, (1935) 294 U.S. 330, 353; UNITED STATES v. WHEELER, 98 S.Ct. 1079 AT 1083(1978); ENGLISH v. THORN, 676 F.Supp. 761; LANSING v. SMITH, 4 WEND 9, 20(1829); AFROYIN v. RUSK, 387 U.S. 253(1967); CHISOLM v. GEORGIA, 2 DALL 419, 458; B.G. GROUP, PLL. v. REPUBLIC OF ARGENTINA, 134 S.Ct. 1198(U.S. 2014); HOWSAM v. DEAN WITTER REYNOLDS INC., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d. 491(2002); WENDY v. BELLO, 555 Fed. Appx' 224 CA4 (Md.2014); COHEN v. VIRGINIA, 6 WHEAT 264, 411; NICHOLS v. UNITED STATES, 7 WALL 122, 126; CARR v. UNITED STATES, 98 U.S. 433; WILL v. MICHGAN STATE POLICE, 105 L.Ed.2d. 45(1989); LEE v. HOPKINS, 118 U.S. 356; SAMANTAR v. YOUSEF, 560 U.S. 305, 130 S.Ct. 2278(U.S.2010); DOWN v. BIDWELL, 182 U.S. 277; DECATUR v. PAULDING, 39 U.S. 599, 1840, 6277 (MEM) U.S. 1840; THE PARLIAMENT BELGE, 5 PROB. DIV. 197; EXCHANGE, 7 CRANCH 116; VASSEUR

v. KRUPP, 9 CH. DIV. 351; 6 PET. 729, 730; 7 CRANCH, 42 & C.;
1 PET. 340; 2 PET. 163; 3 PET. 203; 10 PET. 472 & C.; 12 PET.
611.

    THE 3rd. CIRCUIT'S ACTIONS DEMONSTRATE THAT THERE IS
ANOTHER THAT EXIST IN THE 3rd. CIRCUIT THAT REQUIRE THAT ALL
MATTERS BE HEARD UNDER CASE 18-8022 IN THE 1st. CIRCUIT. IT
BECOMES PAINFULLY OBVIOUS BY THE 3rd.CIRCUIT'S ACTIONS THAT
NOT ONLY ARE THE 3rd. CIRCUIT JUDGES ESSENTIALLY SITTING UPON
THEIR OWN CASES SUBJUDICE. BUT CLEARLY, THE POTENTIAL FOR BIAS
HAS RISEN TO AN UNCONSTITUTIONAL LEVEL CREATING A STRUCTURAL
ERROR PURSUANT TO WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899(2016).
THE 3rd. CIRCUIT, IN FUNDAMENTAL FAIRNESS TO THE PETITIONERS,
MUST BE DEEMED DISQUALIFIED AND ANY DETERMINATION ON ANY MATTER
RELATED TO THESE CASES BY THE 3rd. CIRCUIT MUST BE DEEMED UNCON-
STITUTIONAL AND VOID BY THE MANDATES OF FEDERAL LAW AND THE
DECREE OF THE FOREIGN SOVEREIGN CROWN. THIS IS CHALLENGE TO
THE 3rd. CIRCUIT COURT'S JURISDICTION. WE OBJECT.

    (2) THIS IS A COPY OF THE ORDER ISSUED THE RON SANTA
McCRAY CASE UNDER 1:19-cv-1574-TLW-SVH. THE KING-KHALIFAH AND
PETITIONERS ARE MOTIONING TO CHALLENGE THE S.C. DISTRICT COURT'S
JURISDICTION THE ORDER FILED AUGUST 27, 2019. THE NOTICE SEEKING
LEAVE TO APPEAL DOCUMENT WAS NOT JUST SERVED ON THE S.C. DISTRICT
COURT. IT WAS ALSO SERVED ON THE 1st. CIRCUIT COURT OF APPEALS
WHERE FILING IS ESTABLISHED PURSUANT TO 28 U.S.C. § 1631. UNTIL
THE 1st. CIRCUIT MADE A JUDICIAL DETERMINATION ON THE COURT
RECORD AS TO WHETHER OR NOT IT HAS JURISDICTION OR WHETHER OR
NOT THE APPEAL SHOULD BE TRANSFERRED. JURISDICTION WITHIN THE
S.C. DISTRICT COURT WAS DIVESTED, ACKERMANN v. EXXON MOBIL CORP.,
734 F3d. 237(4th.Cir.2013); BARTELS BY AND THROUGH BARTELS v.
SABER HEALTH CARE GROUP, LLC., 880 F3d. 668(4th.Cir.2018); IN
RE: OLD COLD LLC.,--B.R.--, 2019 WL 2518098(1st.Cir.2019); U.S.
v. CHRISTY, 3 F3d. 765(4th.Cir.1993); UNITED STATES v. BALL,
734 F2d. 965 n. 1 (4th.Cir.1984); LENK v. MONOLITHIC POWER SYSTEM
INC., F.Supp.3d., 2017 WL 4025559(N.D.Cali.2017); UNITED STATES
v. PINHASOV, 762 Fed. Appx' 43(2nd.Cir.2019); PRICE v. DUNN,
139 S.ct. 1533 (MEM) (U.S.2019).

FURTHER, THERE WAS A MOTION FOR AN EXTENSION OF TIME TO BE IN COMPLIANCE TO ANY PRIOR ORDER SUBMITTED ONCE THE ISSUES OF CONCERN WERE ADDRESSED BEFORE THE COURT. THE S.C. DISTRICT COURT ABUSED ITS DISCRETION PRODUCING OVERWHELMING PREJUDICE VIOLATING DUE PROCESS BY ITS FAILURE TO RULE ON THE SUBMITTED MOTION FOR AN EXTENSION OF TIME. THIS LAWLESSNESS VIOLATES DUE PROCESS RENDING THE ORDER SUBMITTED BY WOOTEN UNCONSTITUTIONAL AND VOID FOR DUE PROCESS VIOLATION, LOUMIET v. UNITED STATES, 65 F.Supp.3d. 19 (2014). THIS FURTHER DEMONSTRATE THAT THE POTENTIAL FOR BIAS IN THIS CASE ROSE TO AN UNCONSTITUTIONAL LEVEL CREATING STRUCTURAL ERROR PURSUANT TO WILLIAMS v. PENNSYLVANIA SUPRA. WE OBJECT AND THE ORDER ISSUED BY WOOTEN IS UNCONSTITUTIONAL AND VOID.

THE RIGHT TO INTERVENE SUBMITTED BY THE KING-KHALIFAH IN ACTS OF OBSTRUCTION OF JUSTICE AND CRIMINAL CONSPIRACY VIOLATING 18 U.S.C. §§ 242 AND 1001 ALSO VIOLATING DUE PROCEES RENDERING THE ORDER ISSUED BY JUDGE WOOTEN UNCONSTITUTIONAL AND VOID FOR DUE PROCESS VIOLATION. THIS WAS AN ISSUE OF AN INTERVENTION BY RIGHT WHICH WAS CRIMINALLY CIRCUMVENTED IN EGREGIOUS ACTS OF OBSTRUCTION OF JUSTICE WHERE THESE JUDGES STAND IN BLATANT VIOLATION OF THEIR OATHS OF OFFICE SUBJECTING THEM TO CIVIL AS WELL AS CRIMINAL PENALTIES VIOLATION 5 U.S.C. §§ 3331, 3333, 7311. THE ORDER ISSUED BY JUDGE WOOTEN IS NOT SIMPLY VOIDABLE, IT IS VOID AND PRODUCES NO RIGHTS ESTABLISHED THEREBY WHICH STILL ALLOWS ALL OTHER FEDERAL COURTS INVOLVED TO GIVE A FAIR AND JUST REVIEW ON ALL CLAIMS, ISSUES AND DEFENSES MADE BY THE PETITIONERS INVOLVED, TESENIAR v. TENWICK PLANTATION TARRAGON, LLC., 2018 WL 5830944(S.C.App.2018) INTOWN PROPERTIES MANAGMENT, INC. v. WHEATON VAN LINES INC., 271 F3d. 164 (4th.Cir.2001); COMMONWEALTH v. UNITED STATES DEPT. OF HEALTH AND HUMAN SERVICES, 289 F.Supp.3d. 259 (D.Mass.2018); VARSITY WIRELESS, LLC. v. TOWN OF BOXFORD, 2016 WL 11004357 (D.Mass.2016); SHARP FARMS v. SPEAKS, 917 F3d. 276 (4th.Cir.2019). WE OBJECT AND THE ORDERS ARE VOID BY FEDERAL LAW AND DECREE OF THE SUPERSEDING POWER AND AUTHORITY OF THE FOREIGN SOVEREIGN CROWN.

ONCE REVIEW WAS ALSO SOUGHT VIA THE MULTI-DISTRICT LITIGA-

TION PANEL BEFORE THE N.J. DISTRICT COURT. THAT PANEL REVIEW SUPERSEDED ANY REVIEW FROM THE S.C. DISTRICT COURT, ESPECIALLY IN LIGHT OF THE FACT THAT THESE MATTERS ARE SOUGHT APPEAL BEFORE THE 1st. CIRCUIT WHERE BY THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084 THE FOREIGN SOVEREIGN CROWN IS MASTER TO DECIDE WHAT LAW IT WILL RELY UPON. YOUR LAWS CANNOT BE PERMITTED TO OVERRIDE OR SUPERSEDE THE AUTHORITY AND POWER OF THE LAWGIVER OF THE ONE TRUE GOD AS WAS DEFAULTED VIA THE KING-KHALIFAH'S MEMORANDUM OF LAW AND DECLARATION OF SOVEREIGNTY FILED IN CASE 2013-CP-400-0084 WITHIN THE STATE COURT TO WHICH THE UNITED STATES IS PARTY. BOTH COURTS HERE CONSPIRED TO CIRCUMVENT THE 7th. AMENDMENT STIPULATIONS FILED IN CASE 9:18-cv-01408-TLW-BM CREATING STRUCTURAL ERROR RENDERING THEIR ACTIONS UNCONSTITUTIONAL AND VOID ALSO FOR DUE PROCESS VIOLATION. SEE <u>CURTIS v. LOETHER</u>, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d. 260(U.S. 1974); <u>PENNSYLVANIA NAT. MUT. CAS. INS. CO. v. TANNER</u>, 2013 WL 140425(DSC.2013); <u>ORTIZ v. FIBERBOARD CORP.</u>, 527 U.S. 815, 119 S.Ct.2295, 144 L.Ed.2d. 715(U.S.1999). THE PANEL OVERRIDES THE FORUM WHEN THERE ARE MORE COMMON QUESTIONS OF FACT PENDING IN DIFFERENT DISTRICTS AS THEY EXIST IN THIS CASE WHICH DIVESTED THE S.C. DISTRICT OF JURISDICTION, <u>IN RE: URETHANE ANTITRUST LITIGATION</u>, F.Supp.2d., 2006 WL 2709847 (D.KANSAS.2006); <u>VILLALLA v. B.K. TRUCKING & WAREHOUSING, LLC.</u>, 2008 WL 11366399 (D.Md. 2008). THE JUDGES AND COURTS INVOLVED ABUSED THEIR DISCRETION IN ACTS OF OBSTRUCTION OF JUSTICE VIOLATING THEIR OATHS OF OFFICE TO UPHOLD THE U.S. CONSTITUTION SUBJECTING THEM TO CIVIL AS WELL AS CRIMINAL PENALTIES.

INSOMUCH, WE OBJECT TO ALL OF THE AFOREMENTIONED. THE KING-KHALIFAH MOTIONS TO SUPPLEMENT THE APPEAL UNDER CASE 18-8022 TO ADDRESS AND REMEDY THIS INJUSTICE. THE KING-KHALIFAH MOTIONS TO SUPPLEMENT THE MOTION TO INTERVENE UNDER CASE 19-10011 TO RECORD THESE MATTERS BEFORE THE 5th. CIRCUIT TO ENSURE THAT THERE EXIST A COMPLETE RECORD BEFORE ALL COURTS INVOLVED TO DUE EXTRA TERRITORIAL JURISDICTION CLAIMS AND MULTI-DISTRICT LITIGATION CLAIMS. THIS MISCARRIAGE OF JUSTICE PROVES WE CANNOT OBTAIN A FAIR AND PROPER REVIEW BY THE 3rd. CIRCUIT OR THE S.C. DISTRICT COURT IN THEIR TOTALITY WARRANTING AND JUSTIFYING THEIR

DISQUALIFICATION AND 28 U.S.C. § 1407 TRANSFER TO THE N.J. DISTRICT COURT, NEWARK DIVISION, AS IS SOUGHT BY US IN FUNDAMENTAL FAIRNESS. THE DISQUALIFICATION AND TRANSFER MUST BE ACKNOWLEDGED AND ACCEPTED BY ALL PARTIES INVOLVED.

ON AUGUST 31, 2019 THE NEWS REPORTED WITHIN THE STATE OF TEXAS ANOTHER MASS KILLING. EARTHQUAKES, INTENSE STORMS ETC. ARE ON THE RISE. CIVIL UNREST AND RACIAL ANIMUS IS INCREASING GLOBALLY. YOU WERE WARNED ABOUT THESE MATTERS THROUGH THE PLEADINGS THAT WERE SUBMITTED BEFORE THE COURTS SINCE 2006 BUT YOU IGNORED THE WARNING. PEOPLE GLOBALLY ARE DYING. THE EARTH IS BEING SUBJECT TO ACTS OF GOD BECAUSE YOU FRAMED THE FORERUNNER TO GOD'S CHRIST. ALL THAT WAS FORETOLD CONTINUALLY MANIFEST ITSELF. YOU GLOBALLY HAVE SODOMITES AND GOMORRAHRITES MARRYING ACROSS THE PLANET EXECUTING AND OR ATTACHING THE INTELLECTUAL PROPERTY OF THE (4) GLOBAL THRONES IN EGREGIOUS VIOLATION OF THE "GRANT" GIVEN TO YOUR NATIONS THROUGH ABRAHAM A MEMBER OF THE SOLE CORPORATION IN VIOLATION OF THE "CONTRACT", THE "COVENANT", WHICH IS PROTECTED UNDER ARTICLE 1 § 10 AND NOW ARTICLE IV § 2 OF THE U.S. CONSTITUTION. THE KING-KHALIFAH IS HERE TO CHALLENGE THESE INJUSTICES. THIS MADNESS MUST STOP AND BE BROUGHT TO AN END IN THE NAME OF THE ONE TRUE GOD WHO PRESIDES OVER THE HEAVENS AND EARTH. AS THE FIDUCIARY HEIR OF THE SOLE CORPORATION THIS IS CHALLENGE AND I AM INVOKING ALL SUPERSEDING ATTORNEY, JUDICIAL, LEGISLATIVE AND EXECUTIVE POWER AND AUTHORITY OF THE FOREIGN SOVEREIGN CROWN. SAME SEX MARRIAGES NATIONALLY AND GLOBALLY ARE RENDERED OF A NULLITY. THEY ARE VOID. THE ORDERS ISSUED IN BOTH CASES 18-3457 AND 1:19-cv-1574-TLW-SVH, THE McCRAY CASE, ARE DEEMED UNCONSTITUTIONAL AND VOID BY FEDERAL LAW AND BY DECREE OF THE FOREIGN SOVEREIGN CROWN AND CANNOT BE USED BY ANY COURT INVOLVED EXCEPT TO ACKNOWLEDGE THEIR NULLITY OR IT WOULD TAINT AND CORRUPT YOUR RESPECTIVE JURISDICTIONS. MOVE ALL THE PETITIONERS INVOLVED INTO FEDERAL JURISDICTION AND SEND US TO A PRE-RELEASE CAMP AND TRANSFER ALL CASES TO THE N.J. DISTRICT COURT, NEWARK DIVISION, LADIES AND GENTLEMEN PURSUANT 28 U.S.C. § 1407 AND PERMIT THESE CASES TO CONCLUDE TO THEIR JUST, FAIR AND APPROPRIATE RESOLUTION. FOR THE RECORD. FRAUD UPON THE COURT RELATED TO THE ORDER ISSUED BY JUDGE WOOTEN IS NOT ARGUED. I DON'T WANT THESE CORRUPT DEVILS TO MISREPRESENT

THE FACTS AND CLAIM THAT I AM SEEKING TO VACATE THAT ORDER UNDER RULE 60(b)(3) WITHIN (45) DAYS SO JURISDICTION LIES IN THE S.C. DISTRICT COURT ON THIS ISSUE AND NOT THE 1st. CIRCUIT COURT OF APPEALS. I AM SIMPLY MOTIONING TO SUPPLEMENT THE APPEAL UNDER CASE 18-8022 AND SEEKING DECLARATORY JUDGMENT TO HAVE THESE QUESTIONS OF JURISDICTION ADDRESSED BEFORE THE 1st CIRCUIT SINCE THEIR ACTIONS WERE DONE TO SUBVERT THE JURISDICTION OF THE 1st. CIRCUIT AND MULTI-DISTRICT LITIGATION PANEL. THUS, THEIR ACTIONS ARE UNCONSTITUTIONAL AND VOID AND IS AS IF THERE WERE NO ORDERS OR ACTION TAKEN AT ALL, ELLIOTT v. PIERSOL, 1 PET. 328, 340, 26 (U.S.1828); NUDD v. BURROWS, 91 U.S. 677-683(U.S.1871); U.S. v. THROCKMORTON, 98 U.S. 61-67 (U.S.1871); HAY GROUP MANAGEMENT INC. v. SCHNEIDER,--F.Supp.3d.--, 2018 WL 655595 (E.D.Pa.2018); EASTERN ASSOCIATION COAL CO. v. DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAM, 578 Fed. Appx' 165 CA4 (2014); TILLEY v. JAGUAR/ LAND ROVER HILTON HEAD, 2015 WL 3736212(DSC.2015); MDC INNOVATIONS, LLC. v. NORTHERN,--Fed. Appx'--, 2018 WL 1129607 (4th.Cir.2018); HAMER v. NEIGHBORHOOD HOUSING SERVICES OF CHICAGO 138 S.Ct. 13, 199 L.Ed.2d. 249(U.S.2017); PYNE v. UNITED STATES, F.Supp.3d., 2016 WL 1377402 (D.C.Md.2016); VAETH v. BOARD OF TRUSTEES, F.Supp.3d., 2016 WL 775386(D.C.Md.2016); MARBURY v. MADISON, 5TH. (2 CRANCH) 137, 180; MONTGOMERY v. LOUISIANA SUPRA.; 24 SENATORIAL DISTRICT REPUBLICAN COMMITTEE v. ALCORN SUPRA.; MOSELY v. UNITED STATES SUPRA.; RUBIN v. ISLAMIC REPUBLIC OF IRAN, 138 S.Ct. 816 (ADDRESSING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION); MURPHY v. WINN, 2019 WL 586095(N.D.Mich. 2019).

          RESPECTFULLY,
          JAHJAH AL MAHDI

          RON SANTA McCRAY

          YAHYA MuQUIT

AUGUST 31, 2019

LAWRENCE L CRAWFORD
#300839 Edisto B-17
LIEBER C.I. P.O. Box 205
Ridgeville SC 29472

#1

RECEIVED
SEP 11 2019
MAIL ROOM
LIEBER C.I.

The US District Court
Boston Division
1 Courthouse Way
Boston Mass 02210