Please file njd

Case 18-8022

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE
2019 OCT 10 PM 2: 42

Thank you

United States District Court
District of Boston et al,

LAWRENCE L CRAWFORD
AKA JONAH GABRIEL
Johnah T. Tishbite
          petitioners

                    CLA

                    1:14-CU-14176-ADB
                    et al..

vs.
STUDENTS FOR FAIR
Admissions

                    Affidavit of

                    SERVICE

vs.

President of HARVARD
University

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE
2019 OCT 10 PH 2: 42

I, Jahjah Al mahdi, do hereby certify, that I have mailed and or served a copy of an Affidavit of Facts Giving Judicial Notice; Notice seeking leave to Appeal; motion to consolidate on the Boston District court and 1st. Circuit by US mail postage prepaid on October 2, 2019.

Respectfully,

Jahjah Al mahdi

October 2, 2019

2 of 6

United States District Court
District of Boston et al.

| | |
|---|---|
| LAWRENCE L CRAW-ford AKA JONAH GABRIEL JAHJAH T. Tishbite et al., PETITIONERS | CIA 1:14-CV-14476 ADB et Al, Affidavit of Facts Giving Judicial Notice; Notice seeking Leave to Appeal; motion to Consolidate |
| Vs | |
| Students for Fair Admissions | |
| Vs. | |
| president of Harvard University | |

3 of 6

IN RE: CASES 1:14-CU-14176-ADB AND
18-8022

To: The Boston District Court
Et Al.,

I AM motioning to supplement
the pleading to give the Boston
Court Judicial Notice of the
pleading filed in CASE 19-1004.

I AM also giving the court and
parties judicial Notice. I heard
October 1, 2019 that an order
has been issued in CASE 1:14-CU-
14176-ADB. I motion to vacate that
order pursuant to the Appeal
under CASE 18-8022. The Fraud
4 of 6

engaged in by the 1st circuit
stating they did not have jurisdiction
when they did conspiring with the
Judge and parties Under case 2013-cp-
400-0084 extremely prejudiced the
Appellant. Due to the pleading the
petitioner was entitled to have
CASE 1:14-CV-14176-ADB As A tag Along
Under the multi-District litigation
Rule. I object And motion to supple-
ment the Appeal Under case
18-8022 to VACATE the ORDER issued
in CASE 1:14-CV-14176-ADB.
    If CASE 1:14-CV-14176-ADB
        So ff

is Appealed by any party in this case. I motion to consolidate this appeal with any other appeal made by any other party in the case.

Respectfully,

Jahjah Al mahdi

October 2, 2019

THE COURT OF APPEALS
FOR THE FIFTH CIRCUIT ET. AL.,

———————————

APPEAL FROM THE TEXAS DISTRICT COURT; THE S.C. RICHLAND COUNTY
COURT OF COMMON PLEAS ET. AL.,

———————————

DOCKET NO.(S) 19-10011 ET. AL.,

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE;
ANTHONY COOK ET. AL.,

INTERESTED PARTIES

Vs.

THE UNITED STATES ET. AL.,

RESPONDENTS

Vs.

THE STATE OF TEXAS ET. AL.,

RESPONDENTS

———————————

**AFFIDAVIT OF SERVICE**

———————————

WE, JAHJAH AL MAHDI, ANTHONY COOK, YAHYA MUQUIT, RON SANTA McCRAY
ET. AL., DO HEREBY CERTIFY, THAT WE HAVE MAILED AND OR SERVED

1-of-18

A COPY OF A WRIT OF MANDAMUS ON THE 5TH. CIRCUIT, THE S.C. RICH-
LAND COURT OF COMMON PLEAS AND ALL OTHER INVOLVED PARTIES, BY
U.S. MAIL POSTAGE PREPAID, BY DEPOSITING IT IN THE INSTITUTION
MAILBOX ON SEPTEMBER 28, 2019.

RESPECTFULLY,

JAHJAH AL MAHDI

ANTHONY COOK

RON SANTA McCRAY

YAHYA MUQUIT

SEPTEMBER 28, 2019

THE COURT OF APPEALS
FOR THE FIFTH CIRCUIT ET. AL.,

---

APPEAL FROM THE TEXAS DISTRICT COURT; THE S.C. RICHLAND COUNTY
COURT OF COMMON PLEAS ET. AL.,

---

DOCKET NO.(S) 19-10011 ET. AL.,

---

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE;
ANTHONY COOK ET. AL.,

INTERESTED PARTIES

Vs.

THE UNITED STATES ET. AL.,

RESPONDENTS

Vs.

THE STATE OF TEXAS ET. AL.,          RESPONDENTS

---

**SUMMONS**

---

TO: THE UNITED STATES AND THE U.S. JUSTICE DEPT.; JUDGE
McLEOD; JUDGE NEWMAN; ATTORNEY SETTANA; ATTORNEY MORGAN HR.;
JUDGE WOOTEN; JUDGE JACQUELYN AUSTIN; RICHLAND COURT OF COMMON

PLEAS; THE S.C. ATTORNEY GENERAL; S.C.D.C. DIRECTOR BRYAN STIR-
LING AND THE S.C. DEPT. OF CORR.; WARDEN SHEPPARD; THE LIEBER
C.I. DHO BOARD; THE N.J. DISTRICT COURT MULTI-DISTRICT LITIGATION
PANEL. **YOU ARE HEREBY SUMMONED AND REQUIRED**, TO ANSWER AND BE
IN COMPLIANCE (EMPHASIS ADDED) TO THIS WRIT OF MANDAMUS, A COPY
OF WHICH IS HEREWITH SERVED UPON YOU, AND YOU ARE TO SERVE A
COPY OF YOUR ANSWER AND PROOF OF COMPLIANCE (EMPHASIS ADDED)
UPON THE SUBSCRIBERS AT THE ADDRESS SHOWN BELOW WITHIN (30)
DAYS AFTER SERVICE THEREOF, EXCLUSIVE OF THE DAY OF SUCH SERVICE,
AND IF YOU FAIL TO ANSWER AND BE IN COMPLIANCE (EMPHASIS ADDED)
TO THE MANDAMUS. JUDGMENT AND DEFAULT SHALL BE RENDERED AGAINST
YOU FOR ALL RELIEF SOUGHT UNDER CASE 2013-CP-400-0084 AND THAT
SOUGHT BY THE MANDAMUS. FOR THE RECORD. RON McCRAY IS NOT DI-
RECTLY BRINGING THE ACTION. HE IS MAKING AN APPEARANCE SO NO
FILING FEE IS REQUIRED.

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 EDISTO B-17
ANTHONY COOK
#115157 STONO DORM
RON SANTA McCRAY
#353031 EDISTO B-17
YAHYA MUQUIT
#318455 LEE C.I.
LIEBER C.I. P.O. BOX 205
RIDGEVILLE, S.C. 29472

5TH. CIRCUIT
SEPTEMBER 28, 2019

THE COURT OF APPEALS

FOR THE FIFTH CIRCUIT ET. AL.,

---

APPEAL FROM TEXAS DISTRICT COURT; THE S.C. RICHLAND COUNTY

COURT OF COMMON PLEASE ET. AL.,

---

DOCKET NO.(S) 19-10011 ET. AL.,

---

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE;
ANTHONY COOK ET. AL.,

INTERESTED PARTIES

Vs.

THE UNITED STATES ET. AL.,

Vs.

THE STATE OF TEXAS ET. AL.,

---

IN RE: TO CASES 19-10011 AND 2013-CP-400-0084. ALSO RELATED
TO CASES 4:18-cv-167-O; 18-8022; 1:19-cv-01574-TLW-SVH; 1:14-
cv-14176-ADB; 1:18-cv-13459-NLH; 9:18-cv-01408-TLW-BM; 9:19-
cv-1400-TLW-BM ET. AL.,

TO: THE 5TH. CIRCUIT COURT OF APPEALS,
JUDGE McLEOD AND THE RICHLAND COUNTY COURT OF COMMON
PLEAS,

THE S.C. ATTORNEY GENERAL,
THE UNITED STATES,

ATTORNEY SETTANA,

DIRECTOR BRYAN STIRLING, THE S.C. DEPT. OF CORRECTIONS AND THE LIEBER C.I. DHO BOARD,

THE 1st. CIRCUIT COURT OF APPEALS,

THE 3rd. CIRCUIT COURT OF APPEALS,

THE S.C. U.S. DISTRICT COURT,

THE BOSTON DISTRICT COURT,

THE U.S. JUSTICE DEPARTMENT,

THE N.J. U.S. DISTRICT COURT AND THE MULTI-DISTRICT PANEL ET. AL.,

HERE THE COURT AND PARTIES WILL FIND:

(1) EXHIBIT, "0084 RENEWED REMOVAL DOCUMENTS". THIS IS THE DEBIT FORM THAT DEMONSTRATES THAT CASE 2013-CP-400-0084 WAS REMOVED TO THE FEDERAL DISTRICT COURTS INVOLVED AND THAT REMOVAL WAS RENEWED BY THE DOCUMENTS SENT TO THE RICHLAND COMMON PLEAS COURT RECEIVED BY THEM ON SEPTEMBER 24, 2019, TWO DAYS PRIOR TO THE SEPTEMBER 26, 2019 MOTION HEARING HELD BEFORE THE COMMON PLEAS COURT.

(2) EXHIBIT, "RICHLAND SERVICE". THIS IS THE DEBIT FORM AND CERTIFIED MAILING THAT DEMONSTRATES THAT THE RICHLAND COURT OF COMMON PLEAS COURT WAS SERVED THE NOTICE SEEKING LEAVE TO APPEAL RELATED TO THE 5TH. CIRCUIT FILING WHICH THE COURT RECEIVED ON SEPTEMBER 18, 2019.

(3&4) EXHIBIT(S), "5TH. CIRCUIT SERVICE #'s 1 AND 2. THESE ARE THE CERIFIED MAILINGS THAT DEMONSTRATE THAT THE 5TH. CIRCUIT RECEIVED THE NOTICE SEEKING LEAVE TO APPEAL WHICH WAS CLOCKED STAMPED RECEIVED SEPTEMBER 20, 2019. THE NOTICE WAS FILED SEEKING LEAVE TO APPEAL THE DECREE AND OR ORDER GIVEN BY THE ADMINISTRATIVE JUDGE AND OR JUDGE McLEOD TO HAVE A MOTION HEARING ON SEPTEMBER 26, 2019.

(5) EXHIBIT, "FIRST CIRCUIT REPAIR DOCUMENT". THIS IS PROOF OF SERVICE OF THE 1st. CIRCUIT REPAIR DOCUMENT SEEKING REHEARING IN CASE 18-8022.

INASMUCH, IN PURSUANT TO ARTICLE 4 § 20 POWERS OF JUSTICES
AND OR JUDGES AT CHAMBERS, EACH OF THE JUSTICES AND OR JUDGES
AT CHAMBERS, INCLUDING THE 5TH. CIRCUIT COURT OF APPEALS, AND
ALL OTHER COURTS ON RECORD, SHALL HAVE THE SAME POWERS AT
CHAMBERS, TO ISSUE WRIT OF HABEAS CORPUS, QUO WARRANTO, CERTI-
ORARI,....AND PURSUANT TO RULE(S) 65 AND 21 OF STATE AND OR
FEDERAL RULES OF PROCEDURE.

PURSUANT TO RULE 57 OF STATE AND OR FEDERAL RULES OF
CIV. PROCEDURE AND OR S.C. CODE ANN § 15-53-10 THROUGH § 15-
53-140 AND OR 28 U.S.C. §§ 2201, 2202. IN CASES OF ACTUAL CONTRO-
VERSY....ANY COURT OF THE UNITED STATES, UPON THE FILING OF
AN APPROPRIATE PLEADING, MAY DECLARE THE RIGHT AND OTHER LEGAL
RELATIONS OF ANY INTERESTED PARTY SEEKING SUCH DECLARATION WHE-
THER RELIEF IS OR COULD BE SOUGHT***. WE ARE ALSO SEEKING DECLAR-
ATORY JUDGMENT, SHERMAN-WILLIAMS CO. v. HOLMES COUNTY, 343 F3d.
383(5th.Cir.2003); TORRES-JURADO v. ADMINISTRATOR AT BERGEN
COUNTY JAIL,--Fed. Appx'--, 2019 WL 1531500(3rd.Cir.2019).

WRIT OF MANDAMUS IS OFFICIALLY SOUGHT FROM THE 5TH. CIR-
CUIT COURT OF APPEALS. BY THE ATTACHMENTS AFORE LISTED. IT IS
PERSPICUOUS THAT THE PETITIONER(S) FILED ACTION SEEKING LEAVE
FROM THE 5TH. CIRCUIT TO APPEAL THE HEARING MOVING FORWARD IN
CASE 2013-CP-400-0084 DUE TO THE ACTIONS OF THAT COURT BEING
SPECIFICALLY DIRECTED AT THE 5TH. CIRCUIT TO CAUSE A DETRIMENTAL
EFFECT IN MY RIGHT TO INTERVENE IN CASE 19-10011.

JUST AS THE PETITIONER(S) FORETOLD THE 5TH. CIRCUIT.
THE UNITED STATES AND THE CONSPIRING PARTIES CRIMINAL EFFORTS
AND ATTEMPT WAS TO ENGAGE IN EGREGIOUS ACTS OF FRAUD UPON THE
COURT TO CONCEAL ACTUAL INNOCENCE CLAIMS, KIDNAPPING OF A FOREIGN
SOVEREIGN OFFICIAL AND CLOSE CASE AND DENY RIGHTS OF FIDUCIARY
DUTY ESTABLISHED BY "CONTRACT", "COVENANT" AND PREVENT IT FROM
BEING REVEALED IN THE COURT RECORD THAT THE PARTIES, INCLUDING
THE UNITED STATES, WERE PROPERLY SERVED YET THEY FAILED TO TIMELY
RESPOND TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURIS-
DICTION EMERGING FROM CASE 2013-CP-400-0084, WHICH WOULD ESTA-
BLISH ALL RIGHTS, TITLES, IMMUNITIES AND PRIVILEGES OF THE SOLE

CORPORATION. WE OBJECT.

DESPITE THE RICHLAND CASE BEING SOUGHT LEAVE TO APPEAL
BEFORE THE 5TH. CIRCUIT. THESE CORRUPT JUDGES AND OFFICIALS
IN VIOLATION OF THEIR OATHS OF OFFICE TO UPHOLD THE CONSTITUTION,
IGNORED THE DIVESTITURE RULE AND HELD A MOCK ILLEGAL PROCEEDING
TO USURP THE JURISDICTION AND AUTHORITY OF THE 5TH. CIRCUIT
WHERE SPECIFIC, PERSONAL AND GENERAL JURISDICTION RESTS BEFORE
THE 5TH. CIRCUIT COURT OF APPEALS ESTABLISHING MANIFEST INJUSTICE

JUDGE McLEOD ALSO DENIED THE MOTION AND REQUIREMENT THAT
HE RECUSE HIMSELF FROM THE PROCEEDINGS DUE TO STRUCTURAL ERROR
PURSUANT TO WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899 (U.S.2016)
EXISTED ESTABLISHING BIAS THAT ROSE TO AN UNCONSTITUTIONAL LEVEL
WHICH RENDERED THE PROCEEDINGS UNCONSTITUTIONAL VOIDING HIS
JURISDICTION AB INITIO. THE CONSPIRING JUDGES IN VIOLATION OF
THEIR OATHS OF OFFICE CONSPIRING UNDER COLOR OF LAW AND OR AU-
THORITY ACROSS MULTIPLE STATE AND FEDERAL JURISDICTIONS, MADE
EVERY EFFORT TO HINDER, IMPEDE AND OBSTRUCT THE DUE COURSE OF
JUSTICE IN VIOLATION OF 42 U.S.C. §§ 1985(2), 1985(3) AND 1986
TO RENDER MOOT ESSENTIAL ISSUES THAT ARE PRESENTLY PENDING BEFORE
THE 5TH. CIRCUIT TO PREVENT THOSE ISSUES FROM BEING GIVEN A
FAIR AND PROPER REVIEW WITHIN FEDERAL FORUM AND AVOID FEDERAL
QUESTION, INCLUDING TO PREVENT INTERVENTION IN BOTH CASES 18-
8022 AND 19-10011 AS WELL AS IN EFFORTS TO AVOID SUIT, SINGLETON
v. TOWN OF ESTILL, 2013 WL 4027765(DSC.2013); WEDDLE v. CHARLE-
STON COUNTY SHERIFF OFFICE, 2014 WL 2155235(DSC.2014).

YOU ADD TO THIS FACT THAT JUDGE McLEOD IN FURTHER EGRE-
GIOUS ACTS OF FRAUD UPON THE COURT BLOCKED DOCUMENTS FROM BEING
FILED IN THE CASE TO PREVENT US FROM PRESENTING A COMPLETE DE-
FENSE AND PREVENT US FROM BEING FULLY HEARD DENYING US OPPORTU-
NITY TO ESTABLISH A COMPLETE RECORD BEFORE THE COURT FOR THE
PURPOSE OF DENYING THE PRESERVATION OF ISSUES FOR FUTURE APPEL-
LANT REVIEW. IT BECOMES PERSPICUOUS THAT THE PREJUDICE EXPERI-
ENCED BY THE PETITIONER IS OVERWHELMING AND THE POTENTIAL FOR
BIAS ROSE TO AN UNCONSTITUTIONAL LEVEL RENDERING THE ENTIRE
PROCEEDINGS VOID AND IS AS IF THERE WERE NO HEARING AND OR JUDI-

CIAL DETERMINATION MADE AT ALL, MONTGOMERY v. LOUISIANA, 136
S.Ct. 718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); 24
SENATORIAL DIST. REPUBLICAN COMMITTEE v. ALCORN, 820 F3d. 624
(4th.Cir.2016); WELLS FARGO BANK N.A. H.M.H. ROMAN, TWO N.C.,
LLC., 859 F3d. 295(4th.Cir.2017); MOSLEY v. UNITED STATES, 2018
WL 1187778(N.C.2018). WE WANT THE S.C. DISTRICT COURT DISQUALI-
FIED. DUE TO THESE OUTRAGEOUS ACTS THAT SHOCK THE CONSCIENCE
DONE BY THE CONSPIRING PARTIES. THIS SEEKING OF WRIT OF MANDAMUS
NOW FOLLOWS.

THE PETITIONER(S) ARGUED WITHIN THE ILLEGAL PROCEEDINGS
THAT OCCURRED BEFORE THE RICHLAND STATE COURT THAT ARE CLEARLY
UNCONSTITUTIONAL SINCE THE STATE COURT'S JURISDICTION WAS DI-
VESTED AND THAT THE STATE COURT WAS REQUIRED ALSO BY DUE PROCESS
LAW TO GIVE A PRECLUSIVE EFFECT TO JUDGE LEE'S ORAL JUDICIAL
DETERMINATION MADE IN THE APRIL 3, 2014 HEARING. BUT JUDGE McLEOD
IN DEFIANCE TO CLEARLY ESTABLISHED LAW AND "JUSTICE AND FAIRNESS"
FAILED TO DO SO. NONE OF THE DEFENDANTS DURING THIS MOCK ILLEGAL
PROCEEDING DISPUTED THAT THIS JUDICIAL DETERMINATION WAS MADE
BY JUDGE LEE IN THE APRIL 3, 2014 HEARING. NOR DID THEY DISPUTE
THAT THE UNITED STATES MADE A BACK DOOR APPEARANCE ESTABLISHING
PERSONAL JURISDICTION OVER THEM AS PARTY AS SEEN IN EXHIBIT,
"JUDGE LEE # 1". FURTHER, THEY DID NOT ESTABLISHED THAT THEY
TIMELY FILED TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING
OF JURISDICTION IN QUESTION. EXHIBIT, "JUDGE LEE # 1" DEMONSTRATE
THAT THERE IS CLEAR ENTRY IN THE COURT RECORD VALIDATING PERSONAL
JURISDICTION OVER THE UNITED STATES AND SINCE THEY FAILED TO
PLEA. IT WAS AN ABUSE OF DISCRETION, AN ACT OF FRAUD UPON THE
COURT AND OBSTRUCTION OF JUSTICE FOR THE CASE TO EVER BE DISMIS-
SED SINCE THE UNITED STATES FAILED TO TIMELY PLEA AND CHALLENGE
THE JURISDICTIONAL FACTS.

ONCE EXHIBIT, "JUDGE LEE # 4" WAS DIRECTLY SERVED ON
JUDGE ALISON LEE. THEREUPON JUDGE LEE HAD FULL OPPORTUNITY TO
COMPREHEND WHAT WAS BEING ASSERTED AND HAD CLEAR OPPORTUNITY
TO REJECT THE PETITIONER'S ASSESSMENT OF THE LEGAL FACTS YET
FAILED TO DO SO? THAT SILENCE, ONCE SHE WAS SERVED THE PLEADING
IN THE FORM OF THE FINAL AFFIDAVIT VOIDING THE COURT'S JURISDIC-

TION (ie. EXHIBIT, "JUDGE LEE # 4"). THAT SILENCE ESTABLISHES
HER ACCEPTANCE OF ALL STATEMENTS MADE WITHIN THAT DOCUMENT,
SUBSTANTIATING THAT SHE INDEED MADE SUCH AN ORAL JUDICIAL DETER-
MINATION WHICH AGAIN THE DEFENDANTS FAILED TO REBUT OR CHALLENGE
THIS CLAIM IN THE FRAUDULENTLY OBTAINED HEARING OCCURRING ON
SEPTEMBER 26, 2019. SILENCE IS ACCEPTANCE ESTABLISHING PROCEDURAL
BAR TO THE ADMISSION OF ANYTHING OCCURRING AT THAT RECENT HEARING
, CHIMMEBY'S MANAGEMENT CO., LLC. v. AFFILIATED F.M. INSURANCE
CO., 152 F.Supp.3d. 159(2016); BAUER v. QUEST COMMUNICATION
CO., LLC., 743 F.Supp.3d. 221 (2014); HARDWICK v. BANK OF AMERICA
N.A., 2016 WL 3563083(DSC.2016).

        IN SUCH, THE STATE PROCEEDINGS CONTAINED OVERWHELMING
IRREGULARITIES AND INFIRMITIES, LACK OF JURISDICTION AND FRAUD
UPON THE COURT WHERE THE ACTIONS ON THE PART OF JUDGE McLEOD
AMOUNTS TO A REVIEW BY HIM OF THE ORAL JUDICIAL DETERMINATION
OF JUDGE LEE WHICH NONE OF THE DEFENDANTS DENIED THAT SHE MADE
IN REGARD TO THE APRIL 3, 2014 HEARING AND A REVERSAL OF THAT
ORAL JUDICIAL DETERMINATION MADE WHEN A CIRCUIT COURT JUDGE
CANNOT OVERRULE OR VACATE THE JUDICIAL DETERMINATION OF ANOTHER
CIRCUIT COURT JUDGE, SINCE HE DID NOT AGREE WITH HER RULING
AND OR IGNORED IT AS THAT RULING RELATE TO THE VALIDITY OF THE
UNCONTESTED AFFIDAVITS AND THE REQUIREMENT THAT THE DEFENDANTS
TIMELY RESPOND AS RULES OF CIVIL PROCEDURE REQUIRE OR FORFEIT
CHALLENGE IN ANY FUTURE PROCEEDING, OR JUDGE McLEOD, BEING PRO-
CEDURALLY BARRED BY RES JUDICATA AND OR COLLATERAL ESTOPPEL,
WOULD NOT HAVE ALLOWED THE HEARING TO PROCEED. THE LAW IS CLEAR
ON THIS ISSUE. JUDGE McLEOD DOES NOT HAVE THE POWER TO SET ASIDE
THE ORAL RULINGS AND OR JUDICIAL DETERMINATIONS OF HIS
PREDECESSOR, COOK v. TAYLOR, 272 S.C. 536, 252 S.E.2d. 923;
ENOREE BAPTIST CHURCH v. FLETCHER, 287 S.C. 602, 340 S.E.2d.
546(S.C.App.1986); DEPARTMENT OF SOCIAL SERVICES v. LAURA D.,
386 S.C. 382, 688 S.E.2d. 130 (S.C.App.2009); SALMONSEN v. C.G.D.
INC., 377 S.C. 442, 661 S.E.2d. 81 (S.C.App.2008).

        ONCE THE NOTICE SEEKING LEAVE TO APPEAL WAS FILED AND
SERVED ON THE RICHLAND COMMON PLEAS COURT THEIR JURISDICTION
WAS DIVESTED TO HEAR ANY MATTER. INSTEAD THEY CONDUCTED A MOCKED

TRAVESTY OF A PROCEEDING WHERE FROM WHAT WAS SAID AT THE HEARING. THE JUDGES INVOLVED IN THE CASE CONSPIRING WITH THE DEFENDANTS, SPOLIATED, DESTROYED WITHIN THE COURT RECORD AND CASE FILE THE PROOF OF SERVICE DOCUMENTS FILED IN THE CASE TO MAKE IT LOOK LIKE THE DEFENDANTS WERE NOT PROPERLY SERVED TO USE THIS AS A REASON TO FRAUDULENTLY DISMISS THE CASE. WE OBJECT. SEE EXHI-BITS, "SHERIFF SERVICE" ATTACHED. IT IS PERSPICUOUS FROM THE ATTACHED EXHIBITS THAT THE DEFENDANTS WERE INDEED PROPERLY SERVED THE COMPLAINT. YET IN THIS TRAVESTY OF AN ADJUDICATION WHICH THEY CONDUCTED CONSPIRING ACROSS MULTIPLE STATE AND FEDERAL JURISDICTIONS. THEY SPOLIATED THE SERVICE DOCUMENTS IN THE CASE TO PERMIT THEM TO ARGUE THAT THE DEFENDANTS WERE NOT PROPERLY SERVED THE SAME WAY THEY SPOLIATED THE FINAL ORDER IN CASE 2006-CP-400-0552 TO ALLOW THEM TO INAPPROPRIATELY ENTERTAIN JURISDIC-TION OVER A CASE CLOSED TO PREVENT THE CRIMINAL LIABILITY CLAIMS FROM BEING TRANSFERRED TO FEDERAL JURISDICTION AS A TAG ALONG CASE PURSUANT TO 28 U.S.C. § 1407. THE DEFENDANTS AND JUDGE McLEOD THEN DETACHED FROM THE FACE OF THE (32) PAGE COMPLAINT, THE (73) PAGE AND (96) PAGE AFFIDAVITS AND OR ATTACHMENTS TO THE FACE OF THE (32) PAGE COMPLAINT TO FRAUDULENTLY ALLOW THEM TO ARGUE A DEFICIENCY PURSUANT TO RULE 12. THEY THEN FRAUDULENTLY ARGUED A STATUTE OF LIMITATIONS CLAIM WHEN CASE 2013-CP-400-0084 IS NOT THE ORIGINAL CASE. THE 2006 PREFIX CASES ARE, AND THE 2013 CASE IS INDEPENDENT ACTION FOR FRAUD UPON THE COURT RELATED TO THE ORIGINAL 2006 CASES MAKING ALL CASES TIMELY FILED. WE OBJECT. THEY THEN CLAIMED THE DEFENDANTS WERE BEING SUED IN THEIR INDIVIDUAL CAPACITIES WHEN IN TRUTH THEY WERE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS IS DOCUMENTED IN THE (32) PAGE AMENDED COMPLAINT WITH ITS (73) AND (96) PAGE ATTACHMENTS. ALL THIS WAS DONE TO ESTABLISH A MOCKED PROCEEDING BASED UPON THEATRICS WHERE THE OUTCOME OF THE PROCEEDINGS WAS PREDETERMINED IN ADVANCE IN VIOLATION OF U.S. SUPREME COURT HOLDINGS UNDER MOORE v. DEMPSEY 1923 TO PREVENT FEDERAL REVIEW WHEN BY RES JUDICATA AND OR COLLATERAL ESTOPPEL VIA JUDGE LEE'S RULING THE PROCEEDINGS WERE PROCEDURALLY BARRED AS WELL AS DUE TO THE SEEKING LEAVE TO APPEAL BEFORE THE 5TH. CIRCUIT. THE IRREGULARITIES AND INFIRMITIES ALONG WITH THE FRAUD PERPETRATED BY THE COURT AND PARTIES RENDER THE PROCEEDINGS UNCONSTITUTIONAL

AND VOID. THIS ALLOWED THE S.C. DEPT. OF CORRECTIONS TO CONVENE
THE RON SANTA McCRAY DHO HEARING AND JUDGE WOOTEN, CONSPIRING
WITH THE STATE JUDGES, ONCE THEY OBTAINED THE HEARING IN THE
COMMON PLEAS COURT, MOVE TO DISMISS CASE 9:18-cv-01408-TLW-BM
IN FRAUD TO PREVENT THAT CASE FROM COMING UNDER THE REVIEW OF
THE MULTI-DISTRICT PANEL TO DENY TRANSFER UNDER 28 U.S.C. §
1407 AND INTERVENTION RELATED TO BOTH CASES 18-8022 AND 19-10011.
THIS IS WHY JUDGE McLEOD HAD TO ESSENTIALLY REVERSE THE ORAL
JUDICIAL DETERMINATION BY HIS PREDECESSOR FOR WHICH HE HAD NO
POWER OR AUTHORITY TO DO, WHO GAVE RULING ON THE AFFIDAVITS
AND THEIR VALIDITY, WHERE ALL THESE JUDGES INVOLVED WORKED TO
PREVENT THE PETITIONER FROM EXERCISING LEGAL RIGHTS ESTABLISHED
BY DUE PROCESS LAW RELATED TO HIS RIGHT TO INTERVENE IN BOTH
CASES 18-8022 AND 19-10011, COOK v. TAYLOR, 272 S.C. 536, 252
S.E.2d. 923.

TO ADD TO THIS EGREGIOUS MISCARRIAGE OF JUSTICE. THE
FILING OF A NOTICE SEEKING LEAVE TO APPEAL IS AN EVENT OF JURIS-
DICTIONAL SIGNIFICANCE. IT CONFERS JURISDICTION ON THE 5TH.
CIRCUIT COURT OF APPEALS, EVEN PURSUANT TO SPECIFIC, PERSONAL
AND ALSO GENERAL JURISDICTION BY WHAT IS ARGUED AND DIVEST THE
RICHLAND COURT OF COMMON PLEAS OF JURISDICTION OF ITS CONTROL
OVER THOSE ASPECTS OF THE CASE INVOLVED IN THE APPEAL, GRIGGS
v. PROVIDENT CONSUMER DISCOUNT CO., 459 U.S. 56, 103 S.Ct. 400,
74 L.Ed.2d. 225(U.S.1982); UNITED STATES v. GRIFFITH,--F3d.-
--, 2019 WL 2571747(10th.Cir.2019).

APPLICATION OF THE DIVESTITURE RULE WHERE BY FILING A
NOTICE OF APPEAL AUTOMATICALLY DIVEST THE DISTRICT COURTS IN-
VOLVED IN THIS MULTI-DISTRICT LITIGATION AND THE S.C. COURT
OF COMMON PLEAS OF JURISDICTION AS TO MATTERS COVERED BY THE
NOTICE, MUST BE FAITHFUL TO THE PRINCIPLES OF JUDICIAL ECONOMY
FROM WHICH IT SPRINGS, IN RE: OLD COLD, LLC.,--B.R.--, 2019
WL 2518098(1st.Cir.2019).

IT IS GENERALLY UNDERSTOOD THAT A FEDERAL DISTRICT COURT
OR IN THIS INSTANCE, THE S.C. COURT OF COMMON PLEAS AND THE
5TH. CIRCUIT COURT OF APPEALS SHOULD NOT ATTEMPT TO ASSERT JURIS-

DICTION OVER A CASE SIMULTANEOUSLY. THE NOTICE SEEKING LEAVE
TO APPEAL IS AN EVENT OF JURISDICTIONAL SIGNIFICANCE CONFERRING
JURISDICTION ON THE 5TH. CIRCUIT UNTIL THEY DETERMINED OTHERWISE,
DIVESTING THE LOWER COURTS OF ANY CONTROL OVER THOSE ASPECTS
OF THE CASE INVOLVED IN THE APPEAL, U.S. v. CHRISTY, 3 F3d.
765(4th.Cir.1993); UNITED STATES v. PEARLE, 719 F2d. 706, 711
(4th.Cir.1983). FILING NOTICE OF APPEAL TERMINATES THE DISTRICT
COURT AND STATE COURTS INVOLVED OF JURISDICTION OVER THE CASE.
THE DISTRICT COURTS AND STATE COURTS INVOLVED ARE WITHOUT JURIS-
DICTION TO CONSIDER MOTIONS SUBMIITTED AFTER THE APPEAL IS FILED
WHERE IN THIS CASE, THE APPEAL WAS FILED SEPTEMBER 20, 2019
(6) DAYS BEFORE THE FRAUDULENT HEARING OCCURRED IN CASE 2013-
CP-400-0084 AS THIS CORRUPT GOING TO HELL JUDGE DID. WE OBJECT
AND SEEK A WRIT OF MANDAMUS TO REMEDY THIS MISCARRIAGE OF JUS-
TICE, UNITED STATES v. BALL, 734 F2d. 965 n. 1 (4th.Cir.1984);
LENK v. MONOLITHIC POWER SYSTEMS INC., F.Supp., 2017 WL 4025559
(N.D.Cali.2017); MANRIQUE v. U.S., 137 S.Ct. 1266, 197 L.Ed.2d.
599, 85 U.S.L.W. 4202(U.S.2017); UNITED STATES v. PINHASOV,
762 Fed. Appx' 43 (2nd.Cir.2019).

        MANDAMUS RELIEF IS AVAILABLE IF THE TRIAL COURT ABUSE
HIS DISCRETION, WHETHER IN RESOLVING FEDERAL ISSUES OR IN DETER-
MINING LEGAL PRINCIPLES SUCH AS THE DIVESTITURE RULE; IN CERTAIN
CASES, IN DETERMINING WHETHER THE WRIT SHOULD ISSUE, THE COURT
MUST CONSIDER WHETHER THE PARTY HAS AN ADEQUATE REMEDY BY APPEAL.
IF THE STATE COURT HAS PURPOSELY IN EGREGIOUS ACTS OF FRAUD
IGNORED THE SEEKING LEAVE TO APPEAL BEFORE THE 5TH. CIRCUIT
BLATANTLY DISREGARDING THE DIVESTITURE RULE ESTABLISHING THE
PROTECTION OF THE SEEKING LEAVE TO APPEAL. THE APPEAL IS NO
LONGER ADEQUATE AND THE MANDAMUS MUST NOW ISSUE WHERE FEDERAL
QUESTION ATTACHES TO ALL ISSUES INVOLVED, IN RE: NORMAN, 191
S.W.3d. 858 Tx. (14 DIST.); ALBERT v. ENTERPRISE BANK OF SOUTH
CAROLINA, F.Supp.2d., 2013 WL 152574 (DSC.2013); BALL v. STYLE-
CRAFT HOMES, LLC., 564 Fed. Appx' 720 CA4 (Va.2014).

        A MANDAMUS IS APPROPRIATE REMEDY FOR EXCEPTIONAL CIRCUM-
STANCES AMOUNTING TO JUDICIAL USURPATION OF POWER OR CLEAR ABUSE
OF DISCRETION. BY THE FRAUD PERPETRATED BY JUDGE McLEOD AND

THIS CONSPIRACY. THEIR ACTIONS AMOUNT TO A JUDICIAL USURPATION OF
THE 5TH. CIRCUIT'S PENDING JURISDICTION AND POWER AND IS A CLEAR
ABUSE OF DISCRETION WHERE THE PARTIES CRIMINALLY IGNORED THE
DIVESTITURE RULE TO THWART THE REVIEW OF THE FEDERAL COURTS
INVOLVED, INCLUDING THE 5TH. CIRCUIT COURT OF APPEALS, IN RE:
FORD MOTOR CO., 591 F3d. 406 (5TH.Cir.2009); CHENEY v. U.S. DIST.
COURT FOR DIST. OF COLUMBIA, 542 U.S. 367, 124 S.Ct. 2576, 159
L.Ed.2d. 459(U.S.2004); IN RE: TRUMP, 928 F3d. 360
(4th.Cir.2019).


                    RELIEF SOUGHT:


          (1) WE WANT JUDGE McLEOD RECUSED AND ANY ORDER SIGNED
BY HIM RELATED TO CASE 2013-CP-400-0084, OR HEARING HE DONE
RELATED THERETO, AND ANY ORDER SIGNED BY JUDGE MANNING PLACING
THE STATE CASE ON THE COMPLEX CASE DOCKET AND ANY ORDER ISSUED BY
JUDGE NEWMAN RENDERED UNCONSTITUTIONAL AND VOID AND OR VACATED.

          (2) WE WANT THE UNITED STATES AND ALL STATE DEFENDANTS
INVOLVED TO DEMONSTRATE ON THE COURT RECORD VIA THIS MANDAMUS
BEFORE THE 5TH. CIRCUIT, THAT THEY TIMELY RESPONDED IN THE STATE
CASE TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING OF
JURISDICTION EMERGING FROM CASE 2013-CP-400-0084, ESPECIALLY IN
LIGHT OF THE FACT THAT EVEN DURING THE MOCKED FRAUDULENTLY
OBTAINED HEARING. NONE OF THEM DISPUTED THESE JURISDICTIONAL
FACTS. IF THEY FAIL TO DEMONSTRATE THAT THEY TIMELY RESPONDED TO
THE AFFIDAVITS IN QUESTION? THE FOLLOWING IS ADDITIONALLY SOUGHT
BY THIS MANDAMUS:

          (3) WE WANT THE S.C. ATTORNEY GENERAL TO PROVIDE A
COPY OF THIS NON EXISTING SEARCH WARRANT THEY FRAUDULENTLY
CLAIMED EXISTED USED TO OBTAIN THE EVIDENCE TAKEN FROM THE HOME
OF THE KING-KHALIFAH RELATED TO THE CRIMINAL CHARGES THAT WERE
FRAUDULENTLY LEVIED AGAINST HIM OR THEY ARE TO GO ON THE RECORD
THAT NO SUCH SEARCH WARRANT EXIST AND PLACE SUCH IN WRITING

SERVING US A COPY. THE S.C. ATTORNEY GENERAL IS ALSO TO RELEASE TO THE KING-KHALIFAH A FULL UNREDACTED AND COMPLETE COPY WITHOUT ANY DELETIONS OF THE SLED INVESTIGATIVE FILE, FILE NO. 5501014, THE INVESTIGATIVE FILE HELD BY SLED RELATED TO THE CRAWFORD CRIMINAL CASE. THE FILE IS 300+ PAGES AND IT IS TO BE MADE A PART OF THE COURT RECORD WITHIN THE MULTI-DISTRICT LITIGATION CASES INVOLVED. THE S.C. ATTORNEY GENERAL IS TO THEN HAVE THE DNA SAMPLES TAKEN FROM THE KING-KHALIFAH'S DAUGHTER, KORRESHA CRAWFORD, IN THE POSSESSION OF JOHNNY FELLORS AND THE KERSHAW COUNTY CORONER'S OFFICE, TESTED TO MICHAEL LEE, THE KING-KHALI-FAH'S STEPSON, AND FORWARD A COPY OF THE TESTING RESULTS TO THE KING-KHALIFAH AND FILE A COPY WITHIN THE MULTI-DISTRICT LITIGATION CASES.

(4) JUDGE McLEOD, THE RICHLAND COURT AND THE S.C. ATTORNEY GENERAL ARE TO OBTAIN AND RELEASE A COPY OF THE TRIAL TRANSCRIPT FOR THIS MOCKED FRAUDULENTLY OBTAINED HEARING THAT WAS CONDUCTED ON SEPTEMBER 26, 2019 IN RICHLAND COUNTY AND FOR-WARD A COPY TO THE KING-KHALIFAH AND THEN FILE A COPY WITHIN THE MULTI-DISTRICT LITIGATION CASES.

(5) THE DHO HEARING INVOLVING RON SANTA McCRAY,SCHE-DULED ON OCTOBER 2, 2019 TO BE CONDUCTED BY THE S.C. DEPT. OF CORRECTIONS IS TO BE IMMEDIATELY HALTED. IT IS TO BE DEEMED "FRUIT OF A POISONOUS TREE", UNCONSTITUTIONAL AND VOID. THE CHARGES LEVIED AGAINST HIM ARE TO BE DISMISSED AS WELL AS THE S.C. DEPT. OF CORRECTIONS ACKNOWLEDGING THAT THE KING-KHALIFAH IS NOT SUBJECT TO THEIR POLICIES WITHOUT HIS CONSENT. THEY AND THE COURT ARE NOT TO RESTRICT MY COURT FILINGS. THEY ARE TO GIVE ANY COPIES NEEDED TO PERFECT THE CASES PRESENTLY PENDING BEFORE THE COURT AND GIVE HIM UNRESTRICTED ACCESS TO THE LAW LIBRARY (32) HOURS PER WEEK AS EVEN THEIR POLICY HAS STATED.

(6) ALL ORDERS ISSUED NOT JUST IN CASE 2013-CP-400-0084, BUT ALSO THE ORDERS ISSUED IN CASES 1:19-cv-01574-TLW-SVH; 9:18-cv-01408-TLW-BM ARE TO BE RENDERED VACATED AND OR VOID DUE TO THE FRAUDULENT EFFORTS TO CIRCUMVENT THE 7TH. AMEND-MENT STIPULATIONS AND MULTI-DISTRICT PANEL REVIEW AND OUR RIGHT

TO SEEKING LEAVE TO APPEAL BEFORE THE 5TH. CIRCUIT. ALL CASES
ARE TO BE IMMEDIATELY TRANSFERRED TO THE KING-KHALIFAH'S DESIG-
NATED TRUSTEE, JUDGE JACQUELYN AUSTIN, AND SHE IS TO BE REQUIRED
TO FULFILL HER DUTY AS THE TRUSTEE IN ALL MATTERS TO INCLUDE
TRANSFERRING THE RELEVANT PORTION OF THE CASE TO THE N.J. DIS-
TRICT COURT TO ALLOW THE TRIAL TO COMMENCE PURSUANT TO 28 U.S.C.
§ 1407. THE ISSUANCE OF SERVICE IS TO COMMENCE IMMEDIATELY IN
THE (2) CASES AFOREMENTIONED BY SANCTIONS AND FORFEITURE DUE
TO JUDGE WOOTEN CONSPRING ACROSS MULTIPLE STATE AND FEDERAL
JURISDICTIONS WITH JUDGE McLEOD (2) DAYS OR EVEN MORE BY THE
DATE OF THE ORDER ISSUED IN CASE 9:18-cv-01408-TLW-BM, KNOWING
BEFORE HE ACTED THAT JUDGE McLEOD WOULD BE ENGAGING IN THE FRAUD
RELATED TO CASE 2013-CP-400-0084 WHICH AID TO DEMONSTRATE THAT
THE RESULTS OF THE S.C.  COMMON PLEAS COURT HEARING WAS PREDETER-
MINED IN ADVANCE IN VIOLATION OF DUE PROCESS LAW BEFORE ANY
HEARING OCCURRED, ALSO VIOLATING THE U.S. SUPREME COURT HOLDINGS
UNDER MOORE v. DEMPSEY, 43 S.Ct. 265, 67 L.Ed. 542(1923).

(7) CLASS ACTION CERTIFICATION AND MULTI-DISTRICT
LITIGATION STATUS FOR THE CASES INVOLVED ARE TO BE IMMEDIATELY
ACKNOWLEDGED AS IT IS SET BEFORE THE MULTI-DISTRICT PANEL UNDER
CASE 1:18-cv-13459-NLH. THE AFFORDABLE CARE ACT AND AFFIRMATIVE
ACTION ARE TO REMAIN IN THEIR ORIGINAL STATE OF PURITY AS THEY
WERE WHEN THESE LEGISLATIVE ACTS WERE INITIALLY ENACTED AND
THE U.S. CONGRESS AND SENATE ARE TO WORK TOGETHER TO REPAIR
ANY CONCERN THEY HAVE RELATED TO THE AFFORDABLE CARE ACT IMMEDI-
ATELY. ANY GRID LOCK WHERE THIS IS NOT DONE IN WHAT I FEEL IS
A REASONABLE AMOUNT OF TIME WILL PROMPT MY FURTHER INTERVENTION
TO END THE GRID LOCK.

(8) ALL RIGHTS, TITLES, PRIVILEGES, IMMUNITIES AND
NAME CHANGE OF THE PRESENT MEMBER OF THE SOLE CORPORATION IS
TO BE DEEMED LEGALLY ESTABLISHED BEFORE ALL AGENCIES AND OR
COURTS, FOREIGN OR DOMESTIC, DUE TO THE UNITED NATIONS FAILURE
TO PROPERLY RESPOND TO THE PLEADING IN THE STATE COURT CASE
2013-CP-400-0084, WHICH INCLUDE ALL SUPERSEDING POWER AND AUTHOR-
ITY DEFAULTED ON WITHIN THE STATE CASE. THE S.C. DEPT. OF CORREC-
TIONS IS TO ADHERE TO THE RELIGIOUS DEMANDS DEFAULTED ON WHICH
INCLUDE THE PERMITTING RECEIPT OF RELIGIOUS OILS DIRECTLY TO

THE KING-KHALIFAH, THE OPENING OF THE MUSLIM PRAYER ROOM IN
EDISTO DORM AND THE OTHER DORMS TO ALLOW US TO WORSHIP AS IS
SOUGHT BY THE FOREIGN SOVEREIGN CROWN TO INCLUDE ALL OTHER RELIEF
SOUGHT UNDER CASE 2013-CP-400-0084.

MANDAMUS RELIEF IS PARTICULARLY APPROPRIATE IN THIS CASE
WHERE THEY IGNORED THE DUE PROCESS RIGHTS AND PROTECTIONS SET
IN PLACE WHICH INCLUDE THE DIVESTITURE RULE OF THE SEEKING LEAVE
TO APPEAL MAKING THE PRESENTLY SOUGHT APPEAL BEFORE THE 5TH.
CIRCUIT INADEQUATE TO PREVENT THIS OUTRAGEOUS INJUSTICE AND
FRAUD UPON THE COURT WHERE THE ISSUES INVOLVED IN THIS CASE'S
IMPORTANCE EXTEND BEYOND THE IMMEDIATE CASE WHICH IS CONSPICUOUS
HERE REGARDING THE ISSUES INVOLVED, IN RE: DEPUTY ORTHOPEDICS,
INCORPORATED, 870 F3d. 345(5th.Cir.2017); IN RE: YORMAK, 2019
WL 2515972(M.D.Fla.2019).

A SEEKER OF A WRIT OF MANDAMUS MUST SHOW: (1) CLEAR LEGAL
RIGHT TO ORDER SUCH WHICH IS DEMONSTRATED BY THE NOTICE SEEKING
LEAVE TO APPEAL WHERE DIVESTITURE WAS REQUIRED UNTIL THE 5TH.
CIRCUIT GAVE REVIEW BUT WAS IGNORED WHICH CORRUPTS THE ILLEGAL
HEARING AS THE FAILURE TO ACKNOWLEDGE RES JUDICATA AND OR COLLA-
TERAL ESTOPPEL WHICH ATTACH TO JUDGE LEE'S ORAL RULING WHICH
WAS ALSO IGNORED; (2) IMPERATIVE DUTY UPON THE RESPONDENT TO
PERFORM, ACCOMPANIED BY A REFUSAL TO DO SO SUCH AS AFOREMENTIONED
AND THE FAILURE TO RECUSE ALSO VACATING HIS PREDECESSOR JUDGE'S
PRIOR RULING; (3) LACK OF ANOTHER ADEQUATE REMEDY WHERE SINCE
THEY IGNORED THE DUE PROCESS PROTECTION SET IN PLACE BY THE
DIVESTITURE RULE ESTABLISHED BY SEEKING LEAVE TO APPEAL. THE
APPEAL HAS NOW BECOME INADEQUATE TO PREVENT WHAT JUST OCCURRED;
AND (4) PROPERLY INVOKED JURISDICTION OF THE COURT WHICH IN
THIS CASE IS ATTACHED TO THE PREVIOUSLY FILED MOTION TO INTERVENE
AND THE SEEKING LEAVE TO APPEAL BEFORE THE INJUSTICE OCCURRED.
THIS ESTABLISHES PERSONAL, SPECIFIC AND EVEN GENERAL JURISDICTION
PURSUANT TO THE INTERVENTION IN CASES 18-8022, 19-10011 RELATED
TO THE PLEADING CONDUCTED UNDER CASE 2013-CP-400-0084. THUS,
THE RIGHT TO ISSUANCE OF THE WRIT OF MANDAMUS IS ESTABLISHED
AS A "WILDCARD" REMEDY, NICHLSON v. MOATES, 135 F.Supp.2d. 1185
(M.D.Ala.2001); PORTER v. JEDZINIAK, 334 S.C. 16, 18, 512 S.E.2d.

497, 498; <u>IN RE: WAINWRIGHT,</u> CA5 (Fla.) 1975, 518 F2d. 173;
<u>WILL v. UNITED STATES,</u> 398 U.S. 90, 95, 88 S.Ct. 269, 273, 19
L.Ed.2d. 305(1967); 3 BLACKSTONE AT * 110.

IT IS SO ORDERED

DATE

JAHJAH AL MAHDI

RON SANTA McCRAY

ANTHONY COOK

YAHYA MUQUIT

SEPTEMBER 28, 2019

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
Division of Inmate Services

## AGREEMENT TO DEBIT E.H. COOPER ACCOUNT

| Inmate's Name: | SCDC #: | Housing Unit: | Date: |
|---|---|---|---|
| Lawrence Crawford | 300839 | EB-17 | 9/10/19 |

### GENERAL MATERIAL

** Inmate must have the funds in his/her account to pay for the materials.

To be completed by SCDC staff:

| Item | Amount |
|---|---|
| Envelope | |
| Pen | |
| Paper | |
| Postage | |
| Box | |
| Electronic Repair Parts | |
| Other | |

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

O F F I C I A L   U S E

Certified Mail Fee  $3.50
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage  $
Total Postage and Fees  $

Sent To  SC Attorney General
Street and Apt. No., or PO Box No.
City, State, ZIP+4®  Columbia SC 29211

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7018 2290 0000 2827 2086

### LEGAL MATERIAL

** Inmate is not required to have the funds in his/her account to pay for the materials; however, his/her account must be debited for all materials s/he elects to receive.

To be completed by SCDC staff:

| Cost |
|---|
| 21.90 |
| 21.90 |

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SC Attorney General
P.O. Box 11549
Columbia SC 29211

9590 9402 3206 7166 9130 46

2. Article Number (Transfer from service label)
7018 2290 0000 2827 2086

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Madeline JCD  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
M ROSS  9/13/19
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ (all) Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

3(OP), "Inmate Access to the

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

To be completed by SCDC staff:

| Item | Amount |
|---|---|
| Photocopies | |

| Cost |
|---|
| 21.90 |

Inmate's Signature

Mailroom/Canteen Signature (Request filled by)   Bryant

9-11-19
Date

RECEIVED
SEP 11 2019
MAIL ROOM
LIEBER C.I.

TOTAL
21.90

White - Inmate
Canary - Mailroom/Canteen Employee

SCDC Form 10-14 (November 1998)

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
Division of Inmate Services

## AGREEMENT TO DEBIT E.H. COOPER ACCOUNT

| Inmate's Name: LAWRENCE Crawford | SCDC #: 300839 | Housing Unit: FB-17 | Date: 9/19/19 |
|---|---|---|---|

### GENERAL MATERIAL

** Inmate must have the funds in his/her account to pay for the materials.

To be completed by SCDC staff:

| Item | Amount | Cost |
|---|---|---|
| Envelope | *Exhibit* | |
| Pen | | |
| Paper | 0084 RENEWED | |
| Postage | REMOVAL documents | |
| Tape | | |
| Box | | |
| Electronic Repair | | |
| Other | | |

** Inmate is not required to have be debited for all materials s/he el

Circuit Court Reporter
Eleventh Judicial Circuit

Bethanie K. Creppon
P.O. Box 85411
Lexington, South Carolina
29073

bcreppon@sccourts.org

his/her account must
completed by staff:

| Item | | Cost |
|---|---|---|
| Envelope | | |
| Pen | | |
| Paper | | |
| Postage | 4 | 5.05 |
| Other | | |
| | Sub-Total: | 5.05 |

0084 RENEW REMOVAL

### PHOTOCOPIES

** Inmate may be required to have funds in his/her account. See SCDC Procedure GA-01.03(OP), "Inmate Access to the Courts," to determine if inmate may receive copies with/without funds.

Confirmation from Richland
Clerk Received on 9/24/19

To be completed by SCDC staff:

| Item | Amount | Cost |
|---|---|---|
| Photocopies | | 5.05 |

TOTAL

_____
Inmate's Signature

_____
Mailroom/Canteen Signature (Request filled by)

9-20-19
Date

White - Inmate
Canary - Mailroom/Canteen Employee

SCDC Form 10-14 (November 1998)

Lawrencel Crawford
#300839 Edisto B-17
Lieber CI PO Box 205
Ridgeville, SC 29472

RECEIVED

OCT 04 2019

MAIL ROOM
LIEBER C.I.

FOR LEGAL USE ONLY

The Court of App
First Circuit
1 Courthouse Way
Boston Mass 02