APPENDIX C


"EXHIBIT  MANDAMUS DEFAULT"

THE COURT OF APPEALS
FOR THE FIFTH CIRCUIT ET. AL.,

———————————

APPEAL FROM THE TEXAS DISTRICT COURT
; THE RICHLAND COURT OF COMMON PLEAS;
THE KERSHAW COUNTY COURT OF GENERAL SESSIONS ET. AL.,

———————————

DOCKET NO(S) 19-10011 ET. AL.,

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE;
ANTHONY COOK ET. AL.,

INTERESTED PARTIES

Vs.

THE UNITED STATES ET. AL.,

RESPONDENT(S)

Vs.

THE STATE OF TEXAS ET. AL.,

RESPONDENT(S)

———————————

**AFFIDAVIT OF SERVICE**

———————————

1-of-2

WE, JAHJAH AL MAHDI ET. AL., DO HEREBY CERTIFY, THAT WE HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; SUPPLEMENTING THE MOTION TO INTERVENE, THE NOTICE SEEKING LEAVE TO APPEAL AND OR ISSUES ON APPEAL, AND THE MANDAMUS; MOTION FOR DEFAULT AND JUDGMENT ON THE MANDAMUS, ON THE 5TH., 3RD., 1st. CIRCUITS, REPRESENTATIVE LEE, THE A.C.L.U., CONGRESS, THE RICHLAND COURT, THE N.J. & S.C. DISTRICT COURTS, THE S.C. ATTORNEY GENERAL, ATTORNEY SETTANA, ATTORNEY MORGAN JR. AND ALL INVOLVED PARTIES BY U.S. MAIL POSTAGE PREPAID ON NOVEMBER 10, 2019. IT IS DEEMED FILED THAT DATE, HOUSTON v. LACK, 287 U.S. 266, 273-76, 108 S.Ct. 2379(1988).

RESPECTFULLY,
JAHJAH AL MAHDI

ANTHONY COOK

RON SANTA McCRAY
APPEARING

YAHYA MUQUIT

NOVEMBER 10, 2019                    2-of-2

THE COURT OF APPEALS

FOR THE FIFTH CIRCUIT ET. AL.,

———————————————

APPEAL FROM THE TEXAS DISTRICT COURT

; THE RICHLAND COURT OF COMMON PLEAS;

THE KERSHAW COUNTY COURT OF GENERAL SESSIONS ET. AL.,

———————————————

DOCKET NO(S) 19-10011 ET. AL.,

———————————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE;
ANTHONY COOK ET. AL.,

INTERESTED PARTIES

Vs.

THE UNITED STATES ET. AL.,

RESPONDENT(S)

Vs.

THE STATE OF TEXAS ET. AL.,

RESPONDENT(S)

———————————————

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;
SUPPLEMENTING THE MOTION TO INTERVENE; THE

1-of-7

NOTICE SEEKING LEAVE TO APPEAL AND OR ISSUES
ON APPEAL, AND THE MANDAMUS; MOTION FOR
DEFAULT AND JUDGMENT ON THE MANDAMUS

_____

FOR THE RECORD. THIS IS A TYPED VERSION OF THE DOCUMENT WITH THE
SAME CAPTION, (20) PAGES DATED NOVEMBER 10, 2019 THAT WAS FILED
IN THE 5TH. CIRCUIT COURT OF APPEALS AND WITHIN ALL OTHER RELATED
MULTI-DISTRICT LITIGATION CASES.


IN RE: CASES 19-10011; 18-8022; 2013-CP-400-0084; 04-385 THE
APPLICATION FOR FORENSIC DNA TESTING CASE PENDING BEFORE THE
KERSHAW COUNTY COURT OF GENERAL SESSIONS ET. AL.,


TO: THE 5TH. CIRCUIT COURT OF APPEALS ET. AL.,

        THE  APPELLANTS/  PETITIONERS  SERVED  THE  5TH.
CIRCUIT A COPY OF THE NOTICE SEEKING LEAVE TO APPEAL, A COPY OF
THE WRIT OF MANDAMUS AND ITS SUBSEQUENT FILING RECEIVED BY THE
5TH. CIRCUIT NO LATER THAN OCTOBER 3, 2019. THIS GIVES THE
DEFENDANTS WHOM THE MANDAMUS WAS SERVED ON UNTIL NOVEMBER 10,
2019 TO RESPOND AND BE IN COMPLIANCE OR BE IN DEFAULT ON ALL
CLAIMS MADE WITHIN THE DOCUMENTS SUBMITTED. THE DEFENDANTS AND
PARTIES HAVE NOW PASSED THE TIME TO RESPOND TO THE MANDAMUS BASED
UPON THE SUMMONS ATTACHED TO THE MANDAMUS AND THE MANDATES OF DUE
PROCESS LAW PLACING THEM IN DEFAULT AND FORFEITURE ON ALL CLAIMS
MADE.

        TO THE A.C.L.U. OF NEW YORK 125 BROAD STREET 18TH. FLOOR
NEW YORK, N.Y. 10004, THE REPRESENTATIVE SHEILA JACKSON LEE AT
RAYBURN HOUSE OFFICE BLDG., 2160 RAYBURN HOB, WASHINGTON, D.C.
20515 AND THE UNITED STATES CONGRESS. A COPY OF THE WRIT OF
MANDAMUS, ITS SUBSEQUENT DOCUMENT (14) PAGES DATED OCTOBER 7,
2019 AND A COPY OF THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;

MOTION TO SUPPLEMENT THE PREVIOUSLY FILED MOTION FOR A REHEARING EN BANC;***, (20) PAGES DATED SEPTEMBER 9, 2019 FILED IN CASE 18-8022 IS NOW SERVED UPON YOU WITH THIS DOCUMENT.

BY THE CLAIMS OF DEFAULT, COLLATERAL ESTOPPEL AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084 OUT OF RICHLAND COUNTY COMMON PLEAS COURT IN SOUTH CAROLINA. I, JAHJAH AL MAHDI AM "THE BRANCH" WRITTEN IN JEWISH PROPHESY, "THE ELIJAH" WRITTEN IN THE NEW TESTAMENT PROPHESY OF THE BIBLE, "THE MAHDI" OF ISLAMIC PROPHESY WRITTEN IN THE QURAN AND SUNNAH OF THE PROPHET MUHAMMAD (PBUH). I AM CHRISTIAN, MUSLIM AND JEW COMBINED, THE FIDUCIARY KING-KHALIFAH, HEIR OF THE RE-UNITED GLOBAL ETHIOPIAN EMPIRE, MARTIN LUTHER KING JR.'S SUCCESSOR, THE FORERUNNER TO GOD'S CHRIST WHO IS MY GREAT ETC. GRAND UNCLE. I AM AFRICAN AMERICAN. I AM THE SON OF AFRICAN AND HEBREW SLAVES. I AM HIGH PRIEST OF THE ONE TRUE GOD. I AM THE DIRECT DESCENDANT OF THE EARTH'S GREATEST PROPHETS AND KINGS FORETOLD TO COME BY GOD'S HOLY PROPHETS. I AM IMAM.

I GIVE ALL PARTIES AND THE COURTS INVOLVED JUDICIAL NOTICE. I MOTION TO SUPPLEMENT THE ISSUES ON APPEAL UNDER CASE 19-10011 TO CHALLENGE ANY EFFORT BY THE A.C.L.U. OF NEW YORK OR CONGRESSWOMAN SHEILA JACKSON LEE OR THEIR COHORTS TO BRING THE LEGISLATIVE BILL, BILL 40 , BEFORE THE U.S. CONGRESS TO SEEK REPARATIONS FOR THE ATROCITIES DONE DURING THE U.S. SLAVE TRADE, BLACK CODES AND JIM CROW LAWS. COLLATERAL ESTOPPEL AND OR RES JUDICATA ATTACHES TO THIS ISSUE WHERE THIS IS A MATTER THAT HAS ALREADY BEEN DEALT WITH AND BROUGHT BY ME BEFORE THE JUDICIARY AS THE RIGHTFUL FIDUCIARY HEIR TO THE (4) GLOBAL THRONES OF THE RE-ESTABLISHED GLOBAL THEOCRATIC STATE OF CHRISTIANITY, ISLAM, JUDAISM, AFRICA AND ITS DIASPORA. FOR THE U.S. CONGRESS, THE A.C.L.U. AND CONGRESSWOMAN SHEILA JACKSON LEE TO MAKE EFFORTS TO ENGAGE IN LEGISLATIVE ACTION TO ADDRESS THIS MATTER BEFORE CONGRESS WHEN IT IS NOW A MATTER FOR THE COURTS UNDER CASE 2013-CP-400-0084 IN THE RICHLAND COMMON PLEAS COURT IN SOUTH CAROLINA; UNDER CASE 9:19-cv-1400-TLW-BM AND 9:18-cv-01408-TLW-BM

IN THE S.C. DISTRICT COURT; UNDER CASE 1:18-cv-13459-NLH IN THE NEW JERSEY DISTRICT COURT; UNDER CASE 1:14-cv-14176-ADB AND 18-8022 IN THE BOSTON DISTRICT COURT AND 1st. CIRCUIT AND CASE 19-1001 IN THE 5TH. CIRCUIT IS A VIOLATION OF THE SEPARATION OF POWERS CLAUSE AND WOULD RENDER ANY ACTION TAKEN BY THESE INDIVIDUALS UNCONSTITUTIONAL AND VOID. I, WE, MOTION TO SUPPLEMENT THE ISSUES ON APPEAL UNDER CASE 19-1001 TO HAVE AND ADD THIS ISSUE TO HAVE IT ADDRESSED, BANK MARKAZI v. PETERSON, 136 S.Ct. 1310, 194 L.Ed.2d. 463, 84 U.S.L.W. 4222(U.S.2016); U.S. v. BASTON, 818 F3d. 651(11th.Cir.2016); STATE ATHLETICA, LLC. v. VARSITY BRANDS, INC., 137 S.Ct. 1002, 197 L.Ed.2d. 354, 85 U.S.L.W. 4139(U.S.2017); BEST, 2015 WL 5124463(E.D.N.Y.2015); MEZA v. GENERAL BATTERY CORP., 908 F2d. 1262(5th.Cir.1990); RIVAS v. U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF MASTER ASSET BACKED SECURITIES TRUST, 2019 WL 956720(S.D.Tex.2019). WE OBJECT TO THIS ACTION.

INSOMUCH, IF THE A.C.L.U., CONGRESSWOMAN SHEILA JACKSON LEE, AND THEIR CONSTITUENTS WANT REPARATIONS? THEN THEY WILL HAVE TO COME THROUGH ME, JAHJAH AL MAHDI, AS FIDUCIARY HEIR, KING, KHALIFAH, IMAM AND HIGH PRIEST OF THE RE-UNITED GLOBAL ETHIOPIAN EMPIRE WHERE THE UNITED STATES AND REMAINING (192) MEMBER STATES OF THE UNITED NATIONS DEFAULTED ON REPARATIONS WHICH IS ALSO AT THE HEART OF THE CONTROVERSY THAT IS PRESENTLY PENDING BEFORE THE COURTS. THIS DIVEST CONGRESS OF POWER AND OR AUTHORITY TO PRESENTLY HEAR THIS CONCERN BROUGHT BY THE CONGRESSWOMAN AND A.C.L.U. DUE TO CLAIMS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL AS WELL, JONES v. CANNIZZARO, 2019 WL 2289470(E.D.La.2019); CORN v. DUNN, 2019 WL 2137459(D.CONN.2019); PARKLANE HOSIERY CO. INC. v. SHORE, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d. 552(U.S.1979); WADE v. HOUSEHOLD FINANCE CORPORATION III, 2019 WL 433741(W.D.Tex.2019); WALKER v. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR ARGENT SECURITIES INC., 2019 WL 699439 (S.D.Tex.2019).

PART OF THE $100 TRILLION LIEN SET AGAINST THE GLOBAL

ASSETS OF THE (193) MEMBER STATES OF THE UNITED NATIONS GOES TOWARDS REPARATIONS. EVERY MAN, WOMAN AND CHILD OF AFRICAN DESCENT BORN IN THE UNITED STATES AS DESCENDANTS OF SLAVES WILL RECEIVE $1 MILLION, FREE HEALTH CARE, FREE EDUCATION, AS WELL AS HOME AND VEHICLE SECURITY WHERE AS FIDUCIARY I WILL DISPENSE THESE MONIES TO ADDRESS THESE CONCERNS AS I SEE FIT. WITH A MAJORITY OF N.F.L. PLAYERS BEING AFFRICAN AMERICAN AS PART OF REPARATIONS (4) TEAM THAT I CHOSE SHALL BECOME BLACK OWNED WHERE THE MONIES FROM THESE TEAMS WILL GO TO H.B.U.'S AND AFRICAN AMERICAN NEIGHBORHOODS AND HISTORICAL SITES. IF AFRICAN AMERICANS WANT REPARATIONS THEY WILL HAVE TO COME THROUGH ME AS FIDUCIARY HEIR AND KING WHICH MONIES WILL LAY IN TRUST UNTIL I GET THAT DNA TESTED AS SOUGHT AND MY INNOCENCE PROVEN AS WELL AND THAT S.L.E.D. FILE RELEASED TO ME WITH THAT ADDITIONAL EVIDENCE OF ACTUAL INNOCENCE, MORE SPECIFICALLY, PROOF OF THAT ELUSIVE SEARCH WARRANT THAT DOESN'T EXIST THEY USED TO ILLEGALLY OBTAIN EVIDENCE FROM MY HOME, FIFTH THIRD BANCORP v. DUDENHOEFFER, 132 S.Ct. 2459, 189 L.Ed.2d. 457, 82 U.S.L.W. 4578(U.S.2014). THIS CASE DOES NOT ONLY INVOLVE REPARATIONS. IT ALSO ADDRESSES NATIONAL PRISON REFORM AND THE RACIST INJUSTICE THAT CAME FROM THAT CLINTON BILL IN 1976. IF YOU WANT REPARATIONS YOU HAVE TO COME SEE ME AND GET AT THE TRUTH OF HOW THESE RACIST BASTARDS IN SOUTH CAROLINA FRAMED ME FOR THE MURDER OF MY OWN CHILD BEHIND RELIGIOUS AND RACIAL HATRED IN THEIR QUID PRO QUO SYSTEM OF JUSTICE WITHIN THIS SODOMITE AND GOMORRAHRITE PROTECTING GOING TO HELL NATION TO HALT REPARATIONS.

INSOMUCH, I OFFICIALLY INVOKE ALL SUPERSEDING POWER AND AUTHORITY OF THE FOREIGN SOVEREIGN CROWN. NOT ONLY DO WE MOTION TO SUPPLEMENT THE APPEAL TO PREVENT THE SUBMISSION OF BILL H.R. 40, SINCE THE MATTER IS ALREADY DEFAULTED ON BY THE UNITED STATES AND LEAGUE OF UNITED NATIONS. I MOTION FOR DEFAULT AND JUDGMENT ON EVERY ISSUE AND DEMAND MADE BY THE MANDAMUS SINCE THE DEFENDANTS HAVE FAILED TO TIMELY FILE TO REBUT AND CHALLENGE THE CLAIMS MADE. GET THAT DNA TESTED AND EVIDENCE OF ACTUAL INNOCENCE RELEASED TO ME. GET ME AND THE REPRESENTATIVE MEMBERS OF THIS

SOUGHT CLASS ACTION REMOVED TO A FEDERAL PRE-RELEASE CAMP IMMEDIATELY WITH ALL OF OUR PROPERTY. NULLIFY SAME SEX MARRIAGE NATIONALLY AND TRANSFER THIS CASE TO TRUSTEE JUDGE AUSTIN PENDING TRIAL TRANSFER OF THOSE RELEVANT PORTIONS TO THE NEW JERSEY DISTRICT REGARDING THOSE SOUGHT ISSUES, SPIRES v. SCHOOLS,--F.Supp.3d.--, 2017 WL 4174774(DSC.2017); PEREZ v. CHIMES DISTRICT OF COLUMBIA, INC., F.Supp.3d., 2016 WL 6124679(D.C.Md.2016). THE LIEN IS ESTABLISHED BEFORE ALL COURTS AND ALL PARTIES INVOLVED, INCLUDING ON THAT $1.8 BILLION SURPLUS THE STATE OF SOUTH CAROLINA ACCUMULATED IN 2019 WHICH GOES TOWARDS THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084.

REFERRING BACK TO THE ISSUES OF THE UNITED STATES AND DEFENDANTS CONSPIRING UNDER COLOR OF LAW AND OR AUTHORITY TO GET JUDGE McLEOD TO SIT ON THE SOUTH CAROLINA CASE TO MAKE IT FRAUDULENTLY APPEAR THAT THE CASE WAS NOT CONCLUDED BY ESSENTIALLY OVERRULING HIS PREDECESSOR JUDGE LEE'S ORAL RULING IN HOW THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION WERE TO BE FILED TO BECOME TRUE AND VALID WHICH THE APPELLANTS/ PETITIONERS ADHERED TO THAT RULING. WHEN AN OPINION OR JUDICIAL DETERMINATION IS IN CONFLICT ON A GIVEN ISSUE, THE EARLIEST OPINION OR JUDICIAL DETERMINATION CONTROLS UNLESS THE PRIOR OPINION HAS BEEN OVERRULED BY AN INTERVENING OPINION FROM COURT SITTING EN BANC OR THE SUPREME COURT WHICH DID NOT OCCUR IN THIS CASE WHICH ESTABLISHES THE DEFAULT AND ALL SUPERSEDING POWER AND AUTHORITY OF THE FOREIGN SOVEREIGN CROWN, McMELLON v. UNITED STATES, 387 F3d. 329(4th.Cir.2004); WILLIAMSON v. BERMUDA RUN INVESTOR DEVELOPMENT GROUP, INC., 2006 WL 7286063(S.C.App.2006). JUDGE McLEOD DOES NOT HAVE JURISDICTION, THE POWER AND OR AUTHORITY, TO CONDUCT THE SEPTEMBER 26, 2019 HEARING WHEN COLLATERAL ESTOPPEL AND OR RES JUDUCATA ATTACHES. A JUDGE MAY NOT OVERRULE ANOTHER JUDGE OF THE SAME COURT. MANDAMUS RELIEF IS AVAILABLE IF THE TRIAL COURT ABUSES ITS DISCRETION EITHER IN RESOLVING FEDERAL ISSUES OR IN DETERMINING LEGAL PRINCIPLES. IF THE STATE COURT HAS IGNORED THE DIVESTITURE RULE ESTABLISHING THE PROTECTIONS OF APPEAL. THE APPEAL IS NO LONGER EFFECTIVE OR ADEQUATE TO PROTECT THE PETITIONERS DUE PROCESS RIGHTS.

THEREFORE, THE MANDAMUS MUST ISSUE, IN RE: NORMAN, 191 S.W.3d.
858 Tx. (14.DIST.); IN THE INTEREST OF ROBERT T., S.E. Rptr.,
2018 WL 1108733(S.C.App.2018); BINKLEY v. BURRY, 352 S.C. 286,
573 S.E.2d. 838(S.C.App.2002); BELLON v. STATE, 313 S.C. 549, 443
S.E.2d. 554(S.C.App.1994).


RESPECTFULLY,

JAHJAH AL MAHDI


ANTHONY COOK


RON SANTA McCRAY

APPEARING


YAHYA MUQUIT


NOVEMBER 10, 2019

NO._____

_____

IN THE
SUPREME COURT OF THE UNITED STATES

_____

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE
PETITIONER

Vs.

THE FIFTH CIRCUIT COURT OF APPEALS ET. AL.,---RESPONDENTS

**AFFIDAVIT OF SERVICE**

I, JAHJAH AL MAHDI ET. AL., DO HEREBY CERTIFY AND OR DECLARE THAT ON THIS DATE, MARCH 4, 2020, AS REQUIRED BY SUPREME COURT RULE 29, I HAVE SERVED THE ENCLOSED **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** AND **PETITION FOR A WRIT OF MANDAMUS AND INJUNCTIVE RELIEF** ON EACH PARTY TO THE ABOVE PROCEEDING OR THAT PARTY'S COUNSEL, AND ON EVERY OTHER PERSON REQUIRED TO BE SERVED, BY DEPOSITING AN ENVELOPE CONTAINING THE ABOVE DOCUMENTS IN THE UNITED STATES MAIL PROPERLY ADDRESSED TO EACH OF THEM POSTAGE PREPAID, OR BY E-MAIL, OR BY DELIVERY TO A THIRD PARTY COMMERCIAL CARRIER FOR DELIVERY WITHIN (3) CALENDAR DAYS.

THE NAMES AND ADDRESS OF THOSE SERVED ARE AS FOLLOWS:

(1) THE U.S. SUPREME COURT OF THE UNITED STATES VIA THE CLERK, WASHINGTON, D.C. 20543-0001.

(2) THE FIFTH CIRCUIT COURT OF APPEALS AND THE JUDGES

1-of-3

CONTAINED THEREIN AT 600 S. MAESTRI PLACE NEW ORLEANS, LA 70130.

(3) THE FIRST CIRCUIT COURT OF APPEALS AND THE JUDGES CONTAINED THEREIN AT 1 COURTHOUSE WAY SUITE 2500 BOSTON MASS. 02210.

(4) THE S.C. U.S. DISTRICT COURT AND ALL JUDGES CONTAINED THEREIN VIA TRUSTEE JUDGE AUSTIN AT 300 EAST WASHINGTON STREET, GREENVILLE, S.C. 29601.

(5) THE RICHLAND COUNTY COURT OF COMMON PLEAS AND ALL RELEVANT JUDGES CONTAINED THEREIN AT THE RICHLAND COUNTY COURTHOUSE 1701 MAIN STREET COLUMBIA, S.C. 29201.

(6) THE N.J. DISTRICT COURT MULTI-DISTRICT PANEL AT THE NEW JERSEY DISTRICT COURT CAMDEN DIVISION POST OFFICE BOX 2797 CAMDEN, NEW JERSEY 08101.

(7) ATTORNEY SETTANA OF McKAY, CAUTHEN, SETTANA & STUBLEY P.A. 1303 BLANDING STREET COLUMBIA, S.C. 29201 WHO IS THE ATTORNEY AND FIRM REPRESENTING THE STATE ACTORS AND JUDGES IN CASE 2013-CP-400-0084.

(8) THE S.C. ATTORNEY GENERAL AT POST OFFICE BOX 11549 COLUMBIA, S.C. 29211.

(9) ATTORNEY MORGAN JR. AT DuBOSE-ROBINSON P.C. ATTORNEYS AT LAW POST OFFICE DRAWER 39 CANDEN, S.C. 29021-0039 WHO IS THE ATTORNEY FOR THE KERSHAW COUNTY STATE DEFENDANTS AND THE COUNTY ITSELF WHICH WOULD INCLUDE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS WHERE THE DNA PROCEEDINGS IS PENDING.

(10) THE LEAGUE OF UNITED NATIONS AT FIRST AVENUE AT 46 STREET NEW YORK, N.Y. 10017.

(11) THE SOUTH CAROLINA STATE LEGISLATURE AT POST OFFICE

BOX 11867 COLUMBIA, S.C. 29211-1867

THE PETITIONER GIVES THE COURT AND PARTIES NOTICE. IF THERE EXIST ANY PROBLEM IN SERVICE. THE PETITIONER WILL GET HIS BROTHER TO SEE THAT A COPY IS E-MAILED TO ANY RELEVANT PARTY.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON MARCH 4, 2020

RESPECTFULLY,

JAHJAH AL MAHDI

ADDITIONAL NOTICE: THE UNITED STATES AND ALL PARTIES IN THE CIRCUIT COURTS WILL BE AUTOMATICALLY SERVED ELECTRONICALLY AS PARTIES IN THOSE CASES ONCE THE DOCUMENTS ARE FILED IN THOSE COURTS.

No._____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

LAWRENCE L. CRAWFORD AKA

JONAH GABRIEL JAHJAH T. TISHBITE--PETITIONER

Vs.

THE FIFTH CIRCUIT COURT OF APPEALS ET. AL.,--RESPONDENT(S)

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; PETITION

FOR A WRIT OF MANDAMUS ALSO FOR A PROTECTIVE ORDER

AND OR INJUNCTION

APPEALS FROM THE 5TH AND 1st. CIRCUITS ET. AL.,

_____

PETITION FOR WRIT OF MANDAMUS, PROTECTIVE ORDER, INJUNCTION

LAWRENCE L. CRAWFORD

#300839 F3A RM-1145

LEE C.I. 990 WISACKY HWY.

BISHOPVILLE, S.C. 29010

## LIST OF PARTIES

[ ] All parties appear in the caption of the case on the cover page.

[X] All parties **do not** appear in the caption of the case on the cover page.   A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

SEE EXHIBIT, "DEFENDANTS" FILED IN THE APPENDICES. ANY ADDITIONAL

PART CAN BE DETERMINED BY THE DOCUMENTS SUBMITTED IN THE

APPENDICES.

## RELATED CASES

CASES 19-10011, 19-60662, 19-60678 IN THE 5TH. CIRCUIT; CASES

18-8022, 19-2005 IN THE 1st. CIRCUIT; CASE 1:14-cv-14176-ADB IN

THE BOSTON DISTRICT COURT; 9:19-cv-1400-TLW-BM,

9:18-cv-01408-TLW-BM IN THE S.C. U.S. DISTRICT COURT; CASE

2013-CP-400-0084 IN THE RICHLAND COUNTY COURT OF COMMON PLEAS;

CASE 04-385 APPLICATION FOR FORENSIC DNA TESTING IN THE KERSHAW

COUNTY COURT OF GENERAL SESSIONS; ALL PARALLEL INMATE CASES THAT

ARE SOUGHT VACATED EXISTING IN THE RECORD SUB-JUDICE.

# TABLE OF CONTENTS

OPINIONS BELOW ........................................................................................... 1

JURISDICTION ................................................................................................. 2

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ................................. 4

STATEMENT OF THE CASE ............................................................................... 5

REASONS FOR GRANTING THE WRIT ............................................................... 28

CONCLUSION ................................................................................................. 34

# INDEX TO APPENDICES

**APPENDIX A**   "EXHIBIT SERVICE".

**APPENDIX B**   "EXHIBIT MANDAMUS".

**APPENDIX C**   "EXHIBIT MANDAMUS DEFAULT"

**APPENDIX D**   "EXHIBIT 19-10011 RESPONSE".

**APPENDIX E**   "EXHIBIT NATIONAL JURISDICTION".

**APPENDIX F**   "EXHIBIT 18-8022 VACATE".

**APPENDIX G**   "EXHIBIT 0084 APPEAL".

**APPENDIX H**   "EXHIBIT POLLING VACATE".

**APPENDIX I**   "EXHIBIT TRUSTEE".

**APPENDIX J**   "EXHIBIT FOREIGN SOVEREIGN # 1".

**APPENDIX K**   "EXHIBIT FOREIGN SOVEREIGN # 2".

APPENDIX L     "EXHIBIT DEFENDANTS"

APPENDIX M     "EXHIBIT RAGE # 1".

APPENDIX N     "EXHIBIT RAGE # 2"

APPENDIX O     "EXHIBIT RAGE # 3".

APPENDIX P     "EXHIBIT 1140 # 1".

APPENDIX Q     "EXHIBIT MARCHANT AND WOOTEN FRAUD".

APPENDIX R     "EXHIBIT 3808 FRAUD".

APPENDIX S     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 1".

APPENDIX T     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 2".

APPENDIX U     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 3".

APPENDIX V     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 4".

APPENDIX W     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 5".

APPENDIX X     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 6".

APPENDIX Y     "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 7".

OPINIONS BELOW

## JURISDICTION

AS IT PERTAINS TO THE FEDERAL COURTS: THE UNITED STATES COURT OF APPEALS FOR THE 5TH. CIRCUIT DECIDED THE MATTER PURSUANT TO MOTION FOR REHEARING ON JANUARY 29, 2020 BUT THIS IS THE MATTER BEFORE THE U.S. SUPREME COURT. DESPITE THAT RULING NONE OF THE JURISDICTIONAL CLAIMS WERE RULED ON UNJUSTLY DENYING THE PETITIONER APPEALABLE ISSUES WARRANTING THE WRIT WHERE THE COURT'S EXERCISE OF JURISDICTION WOULD BE WARRANTED UNDER 28 U.S.C. § 1651 TO RESOLVE THE MATTER.

FURTHER, IF A RULING IS OBTAINED IN THE PETITIONER'S FAVOR. IT WOULD DIRECTLY IMPACT CASES THAT WERE PREVIOUSLY DECIDED BY THE U.S. SUPREME COURT AS IS STATED WITHIN THE STATEMENT OF THE CASE. THEREFORE, THE COURT WOULD BE ABLE IF IT FELT IT WAS APPROPRIATE TO INVOKE ITS ORIGINAL JURISDICTION PROVISIONS UNDER RULE 17 AS WELL AS UNDER 28 U.S.C. § 1251.

AS IT PERTAINS TO THE STATE COURT CASE 2013-CP-400-0084 WHICH IS AT THE HEART OF THE CONTROVERSY INVOLVING THESE MATTERS. THAT CASE WAS SOUGHT LEAVE TO APPEAL BEFORE THE 5TH. CIRCUIT DUE TO THE STATE ACTORS DIRECTING THEIR ACTION AT THE FORUM STATE OF TEXAS AND THE 5TH. CIRCUIT COURT OF APPEALS JURISDICTION OVER THE OUT OF STATE ACTORS AS IS ARGUED WITHIN THE DOCUMENTS CONTAINED WITHIN THE APPENDICES.

ADDITIONALLY, THE PETITIONER MOTIONS TO SUSPEND ANY RELEVANT U.S. SUPREME COURT RULE THAT WOULD HINDER OR IMPEDE

REVIEW DUE TO THE UNPRECEDENTED AND EXTRAORDINARY CIRCUMSTANCES SURROUNDING THIS ALSO INVOKING THE COURT'S JURISDICTION NOT JUST BY THE FOREIGN SOVEREIGN IMMUNITY ACT. BUT ALSO BY THE U.S. SUPREME COURT HOLDINGS UNDER ROSS v. BLAKE, 136 S.Ct. 1850 (2016). IN THAT CASE THE SUPREME COURT DETERMINED THAT A PARTY NEED NOT EXHAUST IF THE STATE ACTORS ENGAGE IN ACTS OF MACHINATION TO THWART JUDICIAL REVIEW. IT IS THE PETITIONER'S ASSERTION THAT THE SUBSIDIARY FACTS RELATED TO GOVERNMENT ACTORS TAKING STEPS AT MACHINATION TO THWART JUDICIAL REVIEW APPLY HERE WHICH IN FUNDAMENTAL FAIRNESS TO THE PETITIONER MUST ALSO APPLY TO THE ACTIONS OF THE FEDERAL GOVERNMENT ACTORS AS WELL. BY THESE FACTS IT WOULD ALSO BE APPROPRIATE FOR THE U.S. SUPREME COURT TO ENTERTAIN JURISDICTION OVER THESE MATTERS WHICH WILL AID THE U.S. SUPREME COURT'S APPELLATE JURISDICTION ONCE ALL ISSUES ARE RULED ON WITHIN THE LOWER COURT TO PROPERLY AND FAIRLY PRESERVE ANY RELEVANT ISSUE FOR U.S. SUPREME COURT REVIEW.

# TABLE OF AUTHORITIES CITED

**CASES**                                                                    **PAGE NUMBER**

THE CASE IS OVER (14) YEARS OLD EXPANDING ACROSS MULTIPLE STATES
ACROSS THE NATION. THEREFORE, IT WOULD BE MUCH EASIER FOR THE
U.S. SUPREME COURT TO MAKE ITS REVIEW VIA THE CASES CITED WITHIN
THE DOCUMENTS CONTAINED WITHIN THE APPENDICES.

## STATUTES AND RULES

THE CASE IS OVER (14) YEARS OLD EXPANDING ACROSS MULTIPLE STATES
ACROSS THE NATION. THEREFORE, IT WOULD BE MUCH EASIER FOR THE
U.S. SUPREME COURT TO MAKE ITS REVIEW VIA THE STATUTE AND RULES
VIA THE CASES CITED WITHIN THE DOCUMENTS CONTAINED WITHIN THE
APPENDICES. THE PETITIONER ALSO MOTIONS TO SUSPEND ANY RELEVANT
U.S. SUPREME COURT RULES THAT WOULD BE NECESSARY TO HAVE THESE
MATTERS HEARD DUE TO THE EXTRAORDINARY CIRCUMSTANCES THAT
SURROUND THIS CASE.

## OTHER

ALSO SEE THE FOREIGN SOVEREIGN IMMUNITY ACT, THE AMERICANS WITH
DISABILITIES ACT AND OTHER PROVISIONS CITED WITHIN THE
APPENDICES.

## STATEMENT OF THE CASE

THE PETITIONER GIVES THE U.S. SUPREME COURT AND PARTIES JUDICIAL NOTICE. A SIGNIFICANT PORTION OF THIS CASE DEALS WITH STATE AND FEDERAL PROBATE LAW, CONTRACT LAW PROTECTED UNDER ARTICLE 1 § 10 AND ARTICLE IV § 2 OF THE U.S. CONSTITUTION. IT IS ALSO FOUNDED UPON RELIGIOUS PROPHESY OF CHRISTIANITY, JUDAISM AND ISLAM FOR WHICH THE CLAIMS, AFTER BEING PROPERLY SERVED UPON THE DEFENDANTS. THEY WERE DEFAULTED ON BY THE UNITED STATES, THE LEAGUE OF UNITED NATIONS AND THE OTHER DEFENDANTS LISTED IN THE CASE SUB-JUDICE EMERGING FROM CASE 2013-CP-400-0084 IN THE RICHLAND COUNTY COURT OF COMMON PLEAS IN S. CAROLINA, AND VIA THE SUMMONS ATTACHED TO THE WRIT OF MANDAMUS EMERGING FROM CASES 19-10011; 19-60662 AND 19-60678 IN THE 5TH. CIRCUIT WHICH ARE THE AFFORDABLE CARE ACT CASE AND THE CASES SEEKING TO RESTORE INMATES VOTING RIGHTS AFTER THEY PAID THEIR DEBT TO SOCIETY.

FOR THE RECORD. THE PETITIONER DID NOT OPEN THE DOOR TO THESE EXTRAORDINARY RELIGIOUS CLAIMS BEING ARGUED THAT ARE PRESENTLY BEFORE ALL THE COURTS INVOLVED. THE STATE OF SOUTH CAROLINA DID WHEN THEY BROUGHT THE PETITIONER'S RELIGIOUS BELIEFS BEFORE A COURT OF LAW FOR THE PURPOSE OF ESTABLISHING LAW IN VIOLATION OF THE 1st. AMENDMENT, WHEN THE RELIGIOUS BELIEFS HAD ABSOLUTELY NO BEARING OR RELEVANCE TO THE CHARGE OF MURDER FOR WHICH THE PETITIONER PRESENTLY STANDS CONVICTED. IF A WITNESS AT TRIAL ALLEGEDLY CLAIMED I DID THE ACT, "BECAUSE GOD TOLD ME TO". THEN IT WOULD HAVE RELEVANCE. THUS, DUE TO THE STATE ESSENTIALLY

ATTACKING AND CONVICTING THE PETITIONER FOR THESE RELIGIOUS BELIEFS. THE ACTION ON THE PART OF THE STATE ACTS RENDERS THE TRIAL UNCONSTITUTIONAL AND VOID AND THEIR ACTIONS RELATED TO THE RELIGIOUS ATTACK THROUGHOUT THESE PROCEEDINGS IS WHAT OPENED THE DOOR TO THESE CLAIMS NOW BEING PRESENTED BEFORE THIS COURT. THIS CASE HAS WAGED AND RAGED FOR (14) YEARS NON STOP WITH THE GOVERNMENT DEFENDANTS ENGAGING IN EGREGIOUS ACTS OF CRIMINAL CONSPIRACY, FRAUD AND OBSTRUCTION OF JUSTICE AT EVERY STEP OF THE WAY BEHIND RELIGIOUS AND RACIAL HATRED.

IN MARCH TERM 2004 IN KERSHAW COUNTY S.C., THE PETITIONER, AFTER BEING UNJUSTLY HELD FOR 4½ YEARS IN VIOLATION OF DUE PROCESS LAW AS A PRE-TRIAL DETAINEE IN VIOLATION OF U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA, 136 S.Ct. 1609, 194 L.Ed.2d. 723(U.S.2016), DESPITE FILING MOTION FOR SPEEDY TRIAL, WAS THEN BROUGHT TO TRIAL FOR THE MURDER OF HIS 11 YR. OLD DAUGHTER WHERE HE WAS FRAMED BEHIND RELIGIOUS AND RACIAL HATRED. DURING THE COURSE OF THE TRIAL, THE PROSECUTOR SOLICITED PERJURED TESTIMONY, WHICH INCLUDED BRINGING UP MY RELIGIOUS BELIEFS THAT HAD ABSOLUTELY NOTHING TO DO WITH THE OFFENSE FOR WHICH THE PETITIONER WAS CHARGED. PRIOR TO TRIAL, AFTER GOING THROUGH INTENSE PSYCHOLOGICAL EVALUATION BY (9) FORENSIC PSYCHOLOGIST. THE PETITIONER WAS DEEMED NOT DELUSIONAL OR PSYCHOTIC AND WAS DEEMED COMPETENT TO STAND TRIAL. IT WAS AT THAT COMPETENCY HEARING THE PETITIONER DISCOVERED THE EXISTENCE OF EXCULPATORY EVIDENCE CONCEALED BY THE STATE IN THE FORM OF S.L.E.D. INVESTIGATIVE FILE #5501014. THE STATE APPOINTED ATTORNEY'S FAILURE TO INVESTIGATE AND OBTAIN THIS EVIDENCE, ALSO

6-of-38

WHERE THE STATE PROSECUTOR, JOHN MEADORS, RECORDED ON THE
COMPETENCY HEARING TRANSCRIPT, LIED AND SAID THE FILE DOESN'T
EXIST. EVIDENCE OF ACTUAL INNOCENCE WAS SUPPRESSED IN THE FORM OF
THIS FILE AND DNA TESTING WHICH SIGNIFICANCE WOULD HAVE PROVEN
THE DEATH ENSUED FROM NATURAL CAUSES. THIS FORCED THE PETITIONER
TO MOVE TO REPRESENT HIMSELF TO ENSURE THAT KNOWLEDGE OF THE
EXISTENCE OF THIS EVIDENCE WAS PLACED ON THE COURT RECORD WHERE
THE STATE APPOINTED ATTORNEY FAILED TO DO SO. THE SUPPRESSED FILE
WOULD HAVE ALSO ESTABLISHED BY THE CORONER'S NOTES AND DEATH
CERTIFICATE CONTAINED THEREIN THAT SHE DIED IN RICHLAND COUNTY
S.C. IN CONTRADICTION TO THE INDICTMENT FATALLY ALLEGING THAT SHE
DIED IN KERSHAW COUNTY. IT ALSO CONTAINED STATEMENTS FROM THE
PETITIONER'S FAMILY MEMBERS THAT ASSERTED SHE WAS DISCIPLINED FOR
BEING SEXUALLY INVOLVED WITH HER HALF BROTHER, MICHAEL LEE, WHICH
WOULD HAVE CREATED AN INABILITY FOR THE STATE TO PROVE THE
ESSENTIAL ELEMENTS OF "MALICE AND AFORETHOUGHT", WHICH WOULD HAVE
FORCED A DIRECT VERDICT. DURING THE COMMENCEMENT OF THE TRIAL,
THE STATE ENTERED INTO THE RECORD ILLEGALLY OBTAINED EVIDENCE
FROM THE PETITIONER'S HOME IN VIOLATION OF THE 4TH. AMENDMENT,
WHICH THEY PRODUCED NO SEARCH WARRANT FOR THE SEIZING OF THIS
EVIDENCE, THEN GAVE INAPPROPRIATE PROFFER TESTIMONY ABOUT THIS
SEARCH WARRANT, BUT NEVER ENTERED A COPY OF THE SEARCH WARRANT
INTO THE COURT RECORD BECAUSE NO SUCH SEARCH WARRANT EXISTED.
DURING THE COURSE OF THE TRIAL THEY CROSS EXAMINED THE PETITIONER
IN VIOLATION OF STATE STATUTE ABOUT AN ALLEGED STATEMENT HE MADE
FOR WHICH THERE WAS NO MIRANDA FORM GIVEN OR SIGN, A STATEMENT
WHICH WAS NEVER SIGNED BY THE PETITIONER, WHICH WAS NEVER MADE AT
ALL BY THE PETITIONER BECAUSE THE PETITIONER INVOKED HIS RIGHT OF

COUNSEL AT THE QUESTIONING, AND THE PROSECUTOR USED THIS ILLEGAL STATEMENT AT THE IMPEACHMENT STAGE OF THE PROCEEDINGS. THE TRIAL WAS ALSO BASED UPON AN ILLEGAL INDICTMENT THAT ALLEGED IT WAS PASSED BY THE GRAND JURY BUT NO SUCH GRAND JURY REVIEW OCCURRED WHERE THE STATE HAS BEEN PRESENTLY CAUGHT AT SUCH PRACTICE IN VARIOUS COUNTIES INVOLVING OTHER INMATES WHERE THIS PRACTICE WAS BEING DONE FOR DECADES IN A FORM OF RACIAL GENOCIDE DISPROPORTIONATELY TARGETING AFRICAN AMERICANS, OTHER MINORITIES AND POOR WHITES.

THE PETITIONER WANTS THE COURT TO UNDERSTAND. THIS ARREST AND TRIAL OCCURRED AROUND THE TIME OF 9/11 PRODUCING AN OVERWHELMING HATRED OF THE PETITIONER AND PERSONS CLAIMING TO BE IN ANY WAY ATTACHED TO THE MUSLIM FAITH WHICH IS A CRUCIAL PART OF THE IMPETUS FOR THEY FRAMING THE PETITIONER DUE TO MY FAMILY TELLING THESE INDIVIDUALS THAT THE PETITIONER IS CHRISTIAN, MUSLIM AND JEW COMBINED, THE FIDUCIARY HEIR OF RELIGIOUS PROPHESY OF THE (4) GLOBAL THRONES, WHICH BELIEF DID NOT BREAK ANY LAWS TO HAVE. DUE TO THESE ASSERTIONS AND THE EVENTS OF 9/11. THE PETITIONER WAS CALLED BY INVESTIGATOR CORT KORLEY, "A NIGGER CULT LEADER", "A NIGGER JIM JONES" AND WAS TOLD THE PETITIONER WAS TRYING TO START A CULT IN THEIR COUNTY WHERE THE INVESTIGATOR ALSO SAID, "MR. CRAWFORD WE KNOW THAT YOU ARE INNOCENT, BUT WE ARE GOING TO FIND A WAY TO MAKE YOU PAY FOR A CRIME WHETHER YOU ARE INNOCENT OR NOT". THEREUPON, THE PLOT TO FRAME THE PETITIONER TOOK ITS GENESIS. THEY ARRESTED THE PETITIONER'S WIFE AND THREATENED HER WITH (20) YEARS AND THE TAKING OF THE CHILDREN IF SHE DID NOT AID THEM. THE PETITIONER'S ELDEST STEP DAUGHTER AT

THE AGE OF (17) WAS TOSSED IN THE WORSE HELL HOLE COUNTY JAIL THAT THEY COULD FIND IN THE STATE, SUBJECTING HER TO PSYCHOLOGICAL TORTURE AND LIFE IN PRISON IF SHE DID NOT AID THEM. MICHAEL LEE, THE PETITIONER'S STEPSON WAS TOLD THAT HE WOULD GO TO PRISON, BUT THEY OFFERED TO CONCEAL HIS RAPE AND MURDER OF HIS SIBLING IF HE AIDED THEM, INFORMING HIM THAT THEY DID NOT WANT HIM. THEY WANTED THE PETITIONER, AS PART OF THE PAYMENT FOR THE PERJURED TESTIMONY; THIS IS WHY HE WAS NEVER TESTED TO THE DNA SAMPLES TAKEN FROM THE PETITIONER'S DAUGHTER. ALSO BECAUSE IF THEY WOULD HAVE TESTED HIM TO THE DNA SAMPLES. THE CONSPIRING PARTIES WOULD HAVE NOT BEEN ABLE TO SUPPRESS THE TRUE CAUSE OF DEATH IN THE AUTOPSY ACTING BEHIND RELIGIOUS AND RACIAL HATRED. ONCE THE TRIAL CONCLUDED. THE STATE ACTORS THEN ALTERED THE TRIAL TRANSCRIPT, DENYING THE REQUEST FOR A RECONSTRUCTION HEARING TO AFFIRM THE CONVICTION ON DIRECT APPEAL. WHEN THE S.C. COURT OF APPEALS DISCOVERED WHO IT WAS ASSERTED THAT THE PETITIONER WAS. THAT COURT IN ACTS OF MACHINATION WOULD NOT PERMIT THE PETITIONER TO ESTABLISH THE FACTS IN THAT COURT RECORD, AND WOULD NOT ALLOW THE PETITIONER TO FIRE THE ATTORNEY AND ACT PRO SE TO PREVENT THESE LEGAL AND RELIGIOUS FACTS FROM BEING ESTABLISHED IN THE COURT RECORD IN VIOLATION OF U.S. SUPREME COURT HOLDINGS UNDER McCOY v. LOUISIANA 2018 ESTABLISHING ASSISTANCE OF COUNSEL IS NOT AN ALL OR NONE PROPOSITION PRODUCING STRUCTURAL ERROR NOT SUBJECT TO THE HARMLESS ERROR DOCTRINE DUE TO THE FRAUD AND MACHINATION TO THWART JUDICIAL REVIEW AND PREVENT ME FROM BEING HEARD.

DURING THE COURSE OF THE (14) YEAR OBSTRUCTED PROCESS, THE PETITIONER DISCOVERED SOLID STRUCTURAL CONSTITUTIONAL LEGAL

ISSUES NOT SUBJECT TO THE HARMLESS ERROR DOCTRINE THAT
POTENTIALLY EFFECT ALMOST EVERY INMATE IN THE NATION, AT LEAST A
LARGE PORTION OF THEM BASED UPON A FATAL DEFECT THAT EXIST WITHIN
THE INDICTMENTS AND OR CRIMINAL COMPLAINTS NATIONALLY. THE
PETITIONER THEN FILED VARIOUS CASES AROUND THE NATION TO GIVE THE
VARIOUS STATES AN OPPORTUNITY TO CORRECT THE ERROR BEFORE WE TOOK
STEPS TO SUE WITHIN THE FEDERAL COURT. THE COURTS NATIONALLY IN
ACTS OF FRAUD AND MACHINATION OBSTRUCTED AND DENIED JUST AND FAIR
REVIEW. THE PETITIONER AND THE REPRESENTATIVE MEMBERS TO THE
SOUGHT CLASS ACTION DID NOT GIVE UP ESTABLISHING EQUITABLE
TOLLING. DUE TO THE NATURE OF WHO THE PETITIONER CLAIMED TO BE,
ESTABLISHED BY THE DEFAULT, AND DUE TO THE MAGNITUDE OF THE LEGAL
ISSUES PRESENTED COUPLED WITH CHALLENGE TO THE CLINTON BILL OF
1996 51 A.L.R. Fed.2d. 143, DUE TO IT DISPROPORTIONATELY
TARGETING AFRICAN AMERICANS AND OTHER MINORITIES TO THEIR
DETRIMENT. A FAIR AND PROPER REVIEW OF THESE LEGAL ISSUES WOULD
HAVE POTENTIALLY FORCED NATIONAL PRISON REFORM WHICH THE STATE
AND FEDERAL GOVERNMENTS DID NOT WANT TO ADDRESS.

DUE TO THE NATURE OF WHO THE PETITIONER CLAIMED TO BE AND
THE MAGNITUDE OF THE LEGAL ISSUES PRESENTED. THE FEDERAL COURTS,
CONSPIRING UNDER COLOR OF LAW AND OR AUTHORITY IN VIOLATION OF 18
U.S.C. §§ 242 AND 1001, TO CONCEAL THESE MATERIAL FACTS, DID, AND
COMMITTED JUST ABOUT EVERY ACT OF MACHINATION AND FRAUD
CONCEIVABLE TO THWART JUDICIAL REVIEW. EVEN WHEN THE PETITIONER
MADE EFFORTS TO FILE POST CONVICTION RELIEF. THE STATE ACTORS VIA
JUDGES TOAL, HEARNS AND OTHERS ISSUED AN ORDER TO PREVENT THE
PETITIONER FROM TIMELY FILING HIS PCR TO STOP THE LEGAL ISSUES

FROM BEING HEARD IN KERSHAW COUNTY COURT OF COMMON PLEAS IN S.C.
AND TO PREVENT THAT EVIDENCE OF ACTUAL INNOCENCE FROM SURFACING.
THIS FORCED THE PETITIONER TO FILE THE ACTION IN THE RICHLAND
COUNTY COURT OF COMMON PLEAS OF THE SAME CIRCUIT EXPLAINING TO
THEM WHY THE PETITIONER WAS FORCED TO FILE THE CASE THERE. THIS
PRODUCED THE PRESENT CASES WHICH ARE THE SOURCE OF THE
CONTROVERSY AND THE DEFAULT INVOLVING THE PARTIES IN QUESTION.
DUE TO THE FEDERAL JUDGES EFFORTS TO THWART REVIEW WITHIN THE
FEDERAL COURTS. THEY COMMITTED CRIMINAL ACTS, NON JUDICIAL ACTS,
TORTS, WITHIN STATE JURISDICTION WHICH STRIPPED THEM OF IMMUNITY,
WHICH OPENED A "BACK DOOR" IN "STATE JURISDICTION" FOR THE
PETITIONER TO BRING ALL PARTIES, BOTH STATE AND FEDERAL ACTORS,
WITHIN THE STATE COURT TO ADDRESS ALL STATE AND FEDERAL MATTERS
DUE TO THE ACTS OF OBSTRUCTION THAT OCCURRED IN THE FEDERAL
COURTS. THE PARTIES WERE SO BUSY ENGAGING IN ADDITIONAL ACTS OF
FRAUD AND OBSTRUCTION WITHIN THE STATE COURT TO PREVENT REVIEW,
THAT THEY INADVERTENTLY FELL PREY AND OPENED THEMSELVES UP TO THE
DEFAULT EMERGING FROM CASE 2013-CP-400-0084, WHICH IS THE SOURCE
OF ALL RIGHTS, NAME CHANGE, PRIVILEGES, AND IMMUNITIES OF THE
SOLE CORPORATION THAT THE PETITIONER SEEKS TO EXERCISE BEFORE ALL
COURTS INVOLVE, WHICH INCLUDE RIGHTS OF NON PARTY COLLATERAL
ESTOPPEL ON THE ISSUES RELATED TO AFFIRMATIVE ACTION, REPARATIONS
FOR THE U.S. SLAVE TRADE, LIEN AT STATE, FEDERAL AND
INTERNATIONAL LEVEL, AFFORDABLE CARE ACT CLAIMS, FOREIGN
SOVEREIGN IMMUNITY ACT AND FIDUCIARY CLAIMS, RESTORING INMATES
VOTING RIGHTS CLAIMS, NULLIFYING SAME SEX MARRIAGE DUE TO IT
BEING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION CLAIMS,

RELIGIOUS INJUNCTIVE RELIEF CLAIMS RELATED TO THE S.C. DEPT. OF CORRECTIONS, ABOLISHING THAT 1996 CLINTON BILL CLAIMS, POTENTIALLY THE LARGEST WRIT OF HABEAS CORPUS IN THIS NATION'S HISTORY CLAIMS AND A MYRIAD OF OTHER CLAIMS THAT WERE ARGUED IN CASE 2013-CP-400-0084 AND THE RELATED FEDERAL CASES PRODUCING PUBLIC JURIS CLAIMS WHICH ARE THE SOURCE OF THE PETITIONER'S INTERVENTION IN THE 1st. CIRCUIT, THE 5TH. CIRCUIT, N.J. MULTI DISTRICT PANEL REVIEW CASES AND THE OTHER PARALLEL INMATE CASES INVOLVED. THIS ALSO INCLUDE THE RIGHT TO ESTABLISH ALL MATTERS BEFORE THE KING-KHALIFAH'S APPOINTED TRUSTEE IN THE FORM OF JUDGE JACQUELYN AUSTION IN THE S.C. DISTRICT COURT WHICH PRODUCES CHALLENGE TO THE FEDERAL COURTS INVOLVED ARTICLE III JURISDICTION POWER.

DUE TO THE MAGNITUDE OF THE CLAIMS. THE 4th., 3rd, 2nd, 6th., 11th., 1st AND 5th. CIRCUITS CIRCUMVENTING RULING ON THESE JURISDICTIONAL CLAIMS TO DENY THE PETITIONER APPEALABLE ISSUES THAT COULD POTENTIALLY BE BROUGHT BEFORE THE U.S. SUPREME COURT DESPITE FILING WRIT OF ERROR TO ADDRESS THIS INJUSTICE. THE ACTS OF FRAUD UPON THE COURT ENGAGED IN BY THESE INDIVIDUAL RENDERED SUCH ACTION UNCONSTITUTIONAL AND VOID AND IS AS IF THERE WAS NO ACTION DONE AT ALL. SINCE THE CONSPIRING PARTIES PREVIOUSLY IGNORED THOSE WRITS OF ERROR PREVIOUSLY FILED, TO INCLUDE IGNORING THE DIVESTITURE RULE THAT ATTACHED TO THE SEEKING LEAVE TO APPEAL CASE 2013-CP-400-0084 TO PROTECT THE DEFAULT THEY WERE CONSPIRING TO NEGATE, TO ENSURE THE JURISDICTIONAL ISSUES ARE RULED ON TO PRESERVE THEM FOR FUTURE U.S. SUPREME COURT REVIEW,

TO SECURE THE LIEN MONEY AMOUNTS AT THE S.C. STATE LEVEL
REGARDING THE $1.8 BILLION SURPLUS THEY ACCUMULATED IN 2019, TO
PREVENT ANY FURTHER ATTEMPTS AT SPOLIATION OF EVIDENCE OF ACTUAL
INNOCENCE, AS WELL AS DUE TO THE EXISTING THREAT OF IMMINENT
DANGER AND DUE TO THE FACT THAT THE SEEKING AND DEFAULT ON THE
PRIOR MANDAMUS WAS IGNORED BEING JURISDICTIONAL IN NATURE. THE
PETITIONER, AFTER CONSTANT, PERSISTENT EFFORTS FOR OVER (14)
YEARS TO GET THESE MATTERS RESOLVED TO NO AVAIL ONLY TO BE MET BY
THESE EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY
AND OBSTRUCTION OF JUSTICE. THIS SEEKING OF PETITION FOR
MANDAMUS, PROTECTIVE ORDER AND OR INJUNCTION NOW FOLLOWS. BY THE
ISSUES ARGUED THE U.S. SUPREME COURT WOULD BE ABLE TO INVOKE ITS
ORIGINAL JURISDICTION POWER DUE TO ITS ADJUDICATION OF THE
DEFENSE OF MARRIAGE CASE, THE SHELBY CASE AND THE CITIZENS UNITED
CASE WHERE THESE PROCEEDING COULD DIRECTLY IMPACT THOSE RULINGS
IF RULING IN FAVOR OF THE PETITIONER WAS PRODUCED.

IN RE: CRAWFORD AKA JAHJAH AL MAHDI OF THE SOLE CORPORATION.


TO: THE U.S. SUPREME COURT,

THE 5TH. CIRCUIT COURT OF APPEALS,

THE 1st. CIRCUIT COURT OF APPEALS,

THE N.J. DISTRICT COURT MULTI-DISTRICT PANEL,

TRUSTEE JUDGE JACQUELYN AUSTIN,

THE RICHLAND COUNTY COURT OF COMMON PLEAS,

THE S.C. ATTORNEY GENERAL,

THE S.C. U.S. DISTRICT COURT,

THE S.C. STATE LEGISLATURE ET. AL.,


HERE THE COURT AND PARTIES WILL FIND:


(1) APPENDIX A. "EXHIBIT SERVICE". THIS IS THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;***,(14) PAGES DATED OCTOBER 7, 2019 WITH ITS ATTACHMENTS PREVIOUSLY SERVED ON ALL PARTIES. THIS DOCUMENT DEMONSTRATE THAT THE UNITED STATES, THE LEAGUE OF UNITED NATIONS, AND ALL PARTIES REFERRED TO THEREIN WERE PROPERLY SERVED UNDER CASE 2013-CP-400-0084.


(2) APPENDIX B, "EXHIBIT MANDAMUS". THIS IS THE WRIT OF MANDAMUS (18) PAGES DATED SEPTEMBER 28, 2019 THAT WAS FILED WITHIN THE 5TH. CIRCUIT AND SERVED ON ALL PARTIES AND COURTS INVOLVED IN THIS MULTI-DISTRICT SOUGHT LITIGATION.

14-of-38

(3) APPENDIX  C, "EXHIBIT MANDAMUS DEFAULT". THIS IS THE
TYPED VERSION OF THE (20) PAGE DEFAULT ON THE MANDAMUS DOCUMENT
THAT IS INITIALLY DATED NOVEMBER 10, 2019 THAT WAS FILED WITHIN
THE 5TH. CIRCUIT AND PREVIOUSLY SERVED ON ALL PARTIES INVOLVED IN
THESE MULTI-DISTRICT SOUGHT LITIGATION CASES.

(4) APPENDIX  D, "EXHIBIT 19-10011 RESPONSE". THIS IS THE
TYPED VERSION OF THE AFFIDAVIT OF FACTS GIVING JUDICIAL
NOTICE:***, (120) PAGES DATED JANUARY 25, 2020 THAT WAS FILED
WITHIN THE 5TH. CIRCUIT AND 1st. CIRCUIT ALSO SERVED ON THE
PARTIES FILED IN RESPONSE TO THE OPINION ISSUED IN THE ACA AND
INMATE VOTING RIGHTS CASES.

(5) APPENDIX  E, "EXHIBIT NATIONAL JURISDICTION". THIS IS
THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;***, (20) PAGES
DATED SEPTEMBER 9, 2019 DEMONSTRATING THE 1st. CIRCUIT WAS PART
OF THE CONSPIRACY TO ALLOW ATTACK ON THE STATE CASE TO PREVENT
ITS TRANSFER TO FEDERAL JURISDICTION. IT ALSO DEMONSTRATES THAT
THE COURTS INVOLVED IN THIS SOUGHT MULTI-DISTRICT LITIGATION HAD
PERSONAL, SPECIFIC AS WELL AS GENERAL JURISDICTION BUT CONSPIRED
IN FRAUD TO PREVENT FAIR AND PROPER REVIEW.

(6) APPENDIX  F, "EXHIBIT 18-8022 VACATE". THIS DOCUMENT
WAS FILED IN RESPONSE TO THE 1st. CIRCUIT TO IN ACTS OF FRAUD
CONSPIRING TO CIRCUMVENT THE STRUCTURAL ERROR PURSUANT TO
WILLIAMS v. PENNSYLVANIA WHERE THAT CASE WAS SOUGHT STAYED AND
THEY ARE CONSPIRING TO MANIPULATE THE PETITIONER TO BE PART OF A

PROCESS TO FORCE HIM INTO A PROCEDURAL DEFAULT DUE TO THE LOWER COURT UNDER CASE 1:14-cv-14176-ADB NEVER RULING ON THE MOTION TO INTERVENE TO PREVENT THE PETITIONER FROM PRESERVING THE ISSUE FOR FURTHER APPELLATE REVIEW.

(7) APPENDIX G, "EXHIBIT 0084 APPEAL". THIS IS THE TYPED VERSION OF THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;****, (62) PAGES DATED NOVEMBER 5, 2019 THAT WAS FILED IN THE STATE COURT, THE 5TH. CIRCUIT, THE S.C. DISTRICT COURT, THE N.J. DISTRICT COURT AND SERVED ON THE OTHER PARTIES VIA E-MAIL OR REGULAR MAIL WHICH WAS THE VEHICLE FOR SEEKING LEAVE TO APPEAL THE STATE CASE BEFORE THE 5TH. CIRCUIT TO PROTECT IT FROM THE FRAUD THE CONSPIRING PARTIES ATTEMPTED IN THE SEPTEMBER 26, 2019 HEARING IN THE RICHLAND COURT OF COMMON PLEAS.

(8) APPENDIX H, "EXHIBIT POLLING VACATE". THIS IS A TYPED VERSION OF THE AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;***, (19) DATED FEBRUARY 10, 2020 FILED IN THE 5TH. AND 1st. CIRCUITS, ALSO SERVED ON THE PARTIES INVOLVED.

INSOMUCH, THESE DOCUMENTS ARE AT THE HEART OF THE CONTROVERSY LAID BEFORE THE U.S. SUPREME COURT THAT ARE THE SOURCE OF SEEKING THE PETITION FOR MANDAMUS. BY THEIR ACTIONS THE APPEAL PROCESS HAS BEEN CORRUPTED AND NO LONGER IS ADEQUATE OR EFFECTIVE TO PROTECT THE PETITIONER'S DUE PROCESS RIGHTS. BY THE DOCUMENTS SUBMITTED THE U.S. SUPREME COURT, IF IT SO DESIRES, CAN EXERCISE ITS ORIGINAL AND OR EXCLUSIVE JURISDICTION TO HEAR THE

ENTIRE CASE. YET UNLESS THE COURT INVOKES ITS JURISDICTION TO DO SO. WHAT THE PETITIONER IS ESSENTIALLY SEEKING IS TO ENSURE THAT HIS JURISDICTIONAL ISSUES ARE PROPERLY RULED ON TO PREVENT ANY POTENTIAL IRREPARABLE DAMAGE THAT WOULD COME FROM THE CLAIMS NOT PROPERLY BEING PRESERVED FOR ANY FUTURE REVIEW IF SUCH BECOMES NECESSARY. IN FUNDAMENTAL FAIRNESS TO THE PETITIONER. THIS CANNOT BE CONSTRUED AS AN APPEAL PURPORTING TO BE A MANDAMUS BECAUSE TECHNICALLY THE APPEAL PROCESS HAS NOT ACCRUED YET, DUE TO THE PETITIONER TAKING STEPS TO ADDRESS THE FRAUD BY PENDING MOTION AND WRIT OF ERROR. NEVERTHELESS, THE U.S. SUPREME COURT WOULD HAVE ORIGINAL AND EXCLUSIVE JURISDICTION TO HEAR THE ENTIRE CASE INCLUDING THE MATTER OF TRANSFERRING TO THE KING-KHAIFAH'S TRUSTEE PURSUANT TO 28 U.S.C. § 1631.

(9) APPENDIX  I, "EXHIBIT TRUSTEE".

(10) APPENDIX  J, "EXHIBIT FOREIGN SOVEREIGN #1".

(11) APPENDIX  K, "EXHIBIT FOREIGN SOVEREIGN #2".

THESE THREE APPENDICES DOCUMENTS GIVE A FURTHER HISTORY OF THE CASE AS WELL AS EXPLAIN HOW THE RIGHT TO LEGALLY MARRY IS THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION FOR WHICH THE PETITIONER IS THE DIRECT HEIR AND EMBODIMENT OF DEFAULTED ON BY THE DEFENDANTS. THEY EXPLAIN THE TRUSTEE ISSUE AND THE POWERS ASCRIBED TO HER BY THE FOREIGN SOVEREIGN CROWN. THEY EXPLAIN WHY THEY DO NOT WANT THIS CASE TO OBTAIN A FAIR AND PROPER REVIEW

BECAUSE THE (70) PAGE AFFIDAVIT CONTAINS THE LANGUAGE OF THE DECLARATION OF SOVEREIGNTY THE PARTIES ALSO DEFAULTED ON.

(12) APPENDIX L, "EXHIBIT DEFENDANTS". THIS DOCUMENT DEMONSTRATES WHO MOST OF THE DEFENDANTS ARE SUBJUDICE WHICH ARE LISTED OR PREVENTED FROM BEING LISTED BY FRAUD IN CASES 9:18-cv-01408-TLW-BM; 9:19-cv-1400-TLW-BM; 9:17-cv-1140-TLW-BM IN THE S.C. DISTRICT COURT; 1:18-cv-13459-NLH IN THE N.J. DISTRICT COURT; 1:14-cv-14176-ADB IN THE BOSTON DISTRICT COURT WHICH IS WHY THE BOSTON DISTRICT COURT CIRCUMVENTED RULING ON THAT MOTION TO INTERVENE TO DENY THE PETITIONER APPEALABLE ISSUE ALSO BECAUSE IT WOULD HAVE AUTOMATICALLY ESTABLISHED A CHALLENGE TO ITS ARTICLE III JURISDICTION POWERS.

(13) APPENDIX M, "EXHIBIT RAGE #1". THIS IS THE COMPLAINT FOR CASE 2006-CP-400-0552 DEMONSTRATING THAT THESE MATTERS WERE BEFORE THE COURTS SINCE 2006 AFTER THEY LITERALLY DESTROYED MY DIRECT APPEAL PROCESS AND BLOCKED ME FROM THE PCR COURT FORCING ME TO FILE IN RICHLAND COUNTY. WHEN JUDGE NEWMAN AND THE CONSPIRING STATE ACTORS GOT BLOCKED BY LITIGATION IN CASE 2013-CP-400-0084. SHE, CONSPIRING WITH THE FEDERAL ACTORS, REOPENED THIS CASE AFTER BEING OVER (13) YEARS CLOSED, SPOLIATING THE FINAL ORDER ISSUED IN THE CASE, TO PREVENT THESE CRIMINAL LIABILITY CLAIMS FROM TRANSFERRING INTO FEDERAL JURISDICTION BEHIND RELIGIOUS AND RACIAL HATRED PRODUCING CASE 9:19-cv-1400-TLW-BM FILED UNDER THE INDEPENDENT ACTION RULE EMERGING ALSO FROM CASE 9:18-cv-01408-TLW-BM.

(14) APPENDIX N, "EXHIBIT RAGE #2". THIS IS THE INTAKE SHEET FROM THE S.L.E.D. INVESTIGATIVE FILE # 5501014. THIS IS WHERE THE EVIDENCE OF ACTUAL INNOCENCE IS HELD WHICH IS WHY THEY WON'T RELEASE THE FILE TO THE PETITIONER AFTER THE PETITIONER SOUGHT IT AT HIS COMPETENCY HEARING. THE SOLICITOR LIED ON COURT RECORD CLAIMING THAT THE FILE DOES NOT EXIST IN VIOLATION OF U.S. SUPREME COURT HOLDINGS UNDER WEARRY v. CAIN, 136 S.Ct. 1002, 194 L.Ed.2d. 78 (U.S.2016) WHEN IT IS PERSPICUOUS THAT THE FILE DOES EXIST.

(15) APPENDIX O, "EXHIBIT RAGE #3". THIS IS THE APPLICATION FOR FORENSIC DNA TESTING THAT'S BEING WITHHELD AND OR UNJUSTLY DELAYED TO PREVENT ADDITIONAL EVIDENCE OF ACTUAL INNOCENCE FROM MANIFESTING ITSELF IN VIOLATION OF WEARRY v. CAIN THAT WOULD PROVE THESE RACIST KLANSMEN DEVILS FRAMED THE PETITIONER FOR THE MURDER OF HIS OWN CHILD BEHIND RELIGIOUS AND RACIAL HATRED. ON REVIEW OF THESE LAST (3) DOCUMENTS, HOPEFULLY THE SUPREME COURT WOULD UNDERSTAND THE PETITIONER'S ANGER AND RAGE IN DEALING WITH THE JUDGES AND UNDERSTAND WHY THE PETITIONER TALK TO THESE INDIVIDUALS IN THE MANNER IN WHICH HE DOES. THEIR ACTIONS ARE TANTAMOUNT TO ACTS OF OFFICIAL MENTAL TORTURE OF A FOREIGN SOVEREIGN OFFICIAL IN VIOLATION OF THE C.A.T. TREATY WHICH WAS SO OVERWHELMING AT ONE POINT THE PETITIONER SOUGHT TO TAKE HIS OWN LIFE TO HALT THE MENTAL ANGUISH HE CONTINUALLY SUFFERED FROM THEIR CRIMES. ITS A MIRACLE THAT THE PETITIONER DIDN'T GO OUT OF MY MIND WHICH WAS THEIR INTENT COUPLED WITH THE

PHYSICAL ASSAULTS WHERE THEY PAID INMATES TO LEVY AT ME.

(16) APPENDIX P, "EXHIBIT 1140 #1". THIS IS A COPY OF THE PLEADING FROM CASE 9:17-cv-1140-TLW-BM THAT THE UNITED STATES AFTER CALLING MEDIA SILENCE ON THESE CASES COMPROMISED THE FEDERAL JUDGES INVOLVED TO PREVENT THESE CASES FROM MOVING FORWARD. BY THE FRAUD AND MACHINATION CONSPIRED IN BY THESE STATE AND FEDERAL ACTORS, THIS CASE SHOULD HAVE NEVER BEEN DISMISSED ALSO IN THEIR EFFORTS TO PREVENT 28 U.S.C. § 1407 TRANSFER TO THE STATE OF NEW JERSEY. THIS IS ONE OF THE PARALLEL LITIGATION CASES THE INMATES OF THIS STATE FILED ONLY TO BE MET WITH EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE. IT ALSO MAKES EFFORT TO ATTACK THE CLINTON BILL IN QUESTION THAT IS ALSO ARGUED BEFORE THE 5TH. CIRCUIT.

(17) APPENDIX Q, "EXHIBIT MARCHANT AND WOOTEN FRAUD".

(18) APPENDIX R, "EXHIBIT 3808 FRAUD".

THESE TWO PLEADINGS WERE FILED WITHIN THE CASES CAPTIONED INCLUDING CASE 9:16-cv-3808-TLW-BM, WHICH IS A PETITION FOR HABEAS CORPUS BASED UPON THE U.S. SUPREME COURTS HOLDINGS UNDER ROSS v. BLAKE, 136 S.Ct. 1850 (2016) SIMILARLY FILED IN THE OTHER PENDING MULTI DISTRICT CASES, WHERE THE PETITIONER ARGUED THE CASE FILED IN 2006 0:06-cv-2459-TLW-BM SHOULD HAVE NOT BEEN DISMISSSED. THAT THE COURT ERR IN STATING I HAD TO EXHAUST DUE TO THE MACHINATION TO THWART JUDICIAL REVIEW. NONE OF THESE CASES SHOULD HAVE BEEN DISMISSED. THE JUDGES, BASED UPON WHO IT IS

STATED THE PETITIONER IS, COMPROMISED AND INFLUENCED BY OUR GOVERNMENT, DID NOT WANT THE PETITIONER RELEASED. SO OUR GOVERNMENT OBLITERATED THE COURT'S INDEPENDENCE PRODUCING THIS TRAVESTY OF AN ADJUDICATION. NOW THE COURT CAN SEE WHY I SPOKE TO THESE PEOPLE THE WAY THE PETITIONER DID WHICH ALSO PROMPTED THE RETALIATORY AND DISCRIMINATORY CONDUCT OF THE JUDGES IN THEIR HANDLING OF THE CASES WHICH JUSTIFIED US SEEKING THEIR RECUSAL AND DISQUALIFICATION WARRANTING THE 28 U.S.C. § 1407 TRANSFER. UPON DISCOVERY WHO THE PETITIONER WAS. THE 4TH. CIRCUIT AIDED THEM ALSO WARRANTING THEIR DISQUALIFICATION WHICH WE SOUGHT.

(19) APPENDIX    S, "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 1".

(20) APPENDIX    T, "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 2".

(21) APPENDIX    U, "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 3".

(22) APPENDIX    V, "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 4".

(23) APPENDIX    W, "EXHIBIT LEGAL ISSUES OF RELIGIOUS PROPHESY # 5".

(24) APPENDIX    X, "EXHIBIT LEGAL ISSUES OF RELIGIOUS

PROPHESY # 6".

(25) APPENDIX Y, "EXHIBIT LEGAL ISSUES OF RELIGIOUS
PROPHESY # 7".

THESE LEGAL ISSUES, TOO, ARE AT THE HEART OF THE
CONTROVERSY THAT SURROUNDS THESE CASES WHICH IS WHY THE STATE AND
FEDERAL ACTORS ATTACKED THE PETITIONERS AND OTHER INMATES
INVOLVED IN THESE MULTI-DISTRICT SOUGHT LITIGATION CASES.
ACCORDING TO THE BIBLICAL TEXT, IN THE BOOK OF ISAIAH, CHAPTER 61
VERSE 1. IF THE PETITIONER IS WHO HE CLAIMED TO BE. AS A "CALLING
CARD", THE ONE TRUE GOD WOULD CAUSE BY THIS FORETOLD TO COME
EMISSARY, TO MANIFEST A WAY TO PROCLAIM LIBERTY TO THE "CAPTIVES"
AND CAUSE THE "PRISON DOORS TO OPEN". THIS IS ALSO WHY OUR
GOVERNMENT SOLICITED THE AID OF THESE STATE AND FEDERAL ACTORS TO
PREVENT JUST AND FAIR REVIEW OF THESE CASES. IN THEIR MINDS THEY
WERE MAKING EFFORTS TO PREVENT WHAT THEY FELT WAS THE REALIZATION
OF CHRISTIAN, JEWISH AND ISLAMIC PROPHESY FROM OCCURRING. IT IS
THE PETITIONER'S POSITION THAT THESE LEGAL ISSUES ARE THE
MANIFESTATION OF THAT PROPHESY. THIS IS WHY THEY DID NOT WANT TO
RULE ON THE ISSUES. IF THESE LEGAL ISSUES GET FAIR RULING, AND
THEN YOU ADD THE FACT OF THE ATTACK ON THE CLINTON BILL DUE TO IT
BEING UNCONSTITUTIONAL. IT WOULD CALL FOR THE RELEASE OF MANY
INMATES NATIONALLY AND FORCE NATIONAL PRISON REFORM. ONE OR TWO
OF THE ISSUES APPLY TO THE STATE OF SOUTH CAROLINA. BUT OVERALL
THE LEGAL ISSUES HAVE NATIONAL IMPLICATIONS.

WHETHER OR NOT THE SUPREME COURT ACCEPTS THIS. OUR
GOVERNMENT BELIEVES THE PETITIONER IS THIS MAN FORETOLD TO COME
OR THEY WOULD HAVE NOT CALLED MEDIA SILENCE WHICH IS WHY THE
COURT NEVER HEARD OF THE PETITIONER'S INVOLVEMENT IN THESE HIGH
PROFILE CIVIL CASES AROUND THE NATION. THE DEFAULT THEY ARE
CONSPIRING TO NEGATE AND OR CIRCUMVENT FURTHER ESTABLISHES THESE
FACTS. THE U.S. SUPREME COURT, BY THE LITIGATION AND DOCUMENTS
PLACED BEFORE IT, BY ITS DISCRETION, CAN HEAR THE ENTIRE CASE
CALLING FOR ALL RECORD BELOW TO BE PLACED WITHIN ITS ORIGINAL
JURISDICTION, DUE TO EXTRAORDINARY CIRCUMSTANCES AND THE FACT
THAT IF RULING IS OBTAINED IN FAVOR OF THE PETITIONER. SUCH A
RULING WOULD HAVE A DIRECT IMPACT ON THE COURTS HOLDINGS UNDER
SHELBY COUNTY ALA. v. HOLDER, 570 U.S. 529, 133 S.Ct.
2612(U.S.2013) THE VOTING RIGHTS CASE; U.S. v. WINDSOR, 570 U.S.
744, 133 S.Ct. 2675(U.S.2013) THE DEFENSE OF MARRIAGE ACT CASE;
CITZENS UNITED v. FEDERAL ELECTION COMM'N, 558 U.S. 310, 130
S.Ct. 876 (U.S.2010); AND THE AFFORDABLE CARE ACT CASE THAT WAS
ORIGINALLY HEARD BEFORE THIS COURT. THE PETITIONER WOULD NOT
CHALLENGE THE SUPREME COURT IF IT CHOSE TO DO SO AND WOULD EVEN
BE WILLING TO APPEAR FACE TO FACE BEFORE THE COURT TO RESOLVE THE
MATTERS. NEVERTHELESS, DESPITE THAT OPTION AVAILABLE TO THE
COURT. THIS IS WHAT THE PETITIONER SEEKS:


(1) I SEEK THAT THE S.C. DISTRICT COURT UNDER CASE
0:06-cv-2459-TLW-BM RELEASE TO THE PETITIONER A COPY OF THE (240)
PAGE KERSHAW COUNTY PETITION FILED IN THE CASE ALONG WITH ALL THE
ATTACHMENTS FILED AS EVIDENCE AND THEY ALSO BE MADE A PART OF THE

COURT RECORD WITHIN THIS CASE,

(2) THAT THE 1st. CIRCUIT UNDER CASES 18-8022 AND 19-2005 CONSOLIDATE THE CASES AND THEN STAY THEM UNTIL ALL MATTERS ARE HEARD THROUGH THE 5TH. CIRCUIT GOING ALL THE WAY UP TO THE U.S. SUPREME COURT IF FURTHER APPEAL IS REQUIRED,

(3) THAT THE 5TH. CIRCUIT RULES ON ALL JURISDICTIONAL ISSUES PRESENTED WITHIN ALL (3) CASES 19-10011, 19-60662 AND 19-60678, WHICH INCLUDE THE SUBMITTED MOTIONS TO INTERVENE AND EXPLAIN WHY, ON THE COURT RECORD CITING LAW, SUCH AN INTERVENTION WOULD NOT BE PROPER. RULE ON WHETHER THE 5TH. CIRCUIT HAS JURISDICTION OVER THE OUT OF STATE PARTIES BY THE ARGUMENTS PRESENTED. RULE AS TO WHETHER THE STATE COURT UNDER CASE 2013-CP-400-0084 JURISDICTION WAS DIVESTED DUE TO THE SEEKING LEAVE TO APPEAL BEFORE THE 5TH. CIRCUIT. RULE AS TO WHETHER THE PARTIES ARE IN DEFAULT ON THE MANDAMUS FILED WITHIN THE 5TH. CIRCUIT DUE TO THEIR FAILURE TO TIMELY RESPOND. THIS INCLUDE THAT THE PARTIES INVOLVED BE REQUIRED TO DEMONSTRATE THAT THEY TIMELY FILED TO DEFEAT THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084,

(4) IN FAIRNESS TO THE DEFENDANTS, TO GIVE THEM AN ADDITIONAL OPPORTUNITY. I SEEK THAT THEY BE REQUIRED TO DO THE SAME BEFORE THE U.S. SUPREME COURT RELATED TO THIS PLEADING. PROVE THAT THEY TIMELY FILED TO DEFEAT THE AFFIDAVIT OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM THE STATE CASE AND THE MANDAMUS FROM THE 5TH. CIRCUIT,

24-of-38

(5) IF THEY FAIL TO MEET THIS CHALLENGE. I WANT BOTH LIENS TO BE LEGALLY ESTABLISHED BEFORE ALL COURTS INVOLVED WHICH INCLUDE LIEN ON THAT $1.8 BILLION SURPLUS THE STATE OF SOUTH CAROLINA ACCUMULATED FOR THE YEAR OF 2019. THE S.C. LEGISLATURE IS TO CEASE AND HALT ANY DISPERSEMENT OF THESE MONIES. THE $100 TRILLION LIEN UPON THE GLOBAL ASSETS OF THE (193) MEMBER STATES OF THE UNITED STATES PURSUANT TO REPARATIONS FOR THE U.S. SLAVE TRADE ALSO VIA SANCTIONS AND PUNITIVE DAMAGES FOR THE EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL AND CIVIL CONSPRIRACY AND OBSTRUCTION OF JUSTICE MUST BE ESTABLISHED AND IMMEDIATELY PLACED INTO EFFECT,

(6) THAT THE S.C. ATTORNEY GENERAL BE REQUIRED TO PRODUCE AND RELEASE TO THE PETITIONER AND FILE COPY WITHIN ALL COURTS INVOLVED, A COPY OF THE S.L.E.D. INVESTIGATIVE FILE 5501014, ALL (300) PAGES, NO EXCLUSIONS OR REDACTIONS; THAT THEY PRODUCE A COPY OF THE SEARCH WARRANT THEY USED TO OBTAIN EVIDENCE FROM THE PETITIONER'S HOME RELATED TO THE CONVICTION OR ACKNOWLEDGE THAT NONE EXIST; THAT THEY PRODUCE THE GRAND JURY MINUTES AND PANEL DOCUMENTS THAT PRODUCED THE INDICTMENT IN THE PETITIONER'S CASE; THAT THE DNA SAMPLES TAKEN FROM THE KING-KHALIFAH'S DAUGHTER KORRESHA, BE OBTAINED FROM JOHNNY FELLORS AND THE KERSHAW COUNTY CORONER'S OFFICE, AND THEY BE IMMEDIATELY TESTED TO MICHAEL LEE, THE PETITIONER'S STEPSON, AND A COPY OF THE RESULTS BE SERVED UPON THE PETITIONER AND THE COURTS INVOLVED,

(7) THAT ALL NAME CHANGE WITH ALL RIGHTS, TITLES,

IMMUNITIES AND PRIVILEGES BE ATTRIBUTED AND ACKNOWLEDGED RELATED TO THE FOREIGN SOVEREIGN CROWN AND ALL RELIGIOUS INJUNCTIVE RELIEF SOUGHT UNDER CASE 2013-CP-400-0084 AND 9:17-cv-1140-TLW-BM AS IT RELATED TO THE S.C. DEPT. OF CORRECTIONS BE DEEMED FORFEITED AND GRANTED ON BEHALF OF THE PETITIONER REGARDING HIS RELIGIOUS OBSERVANCE,

(8) THAT CLASS ACTION CERTIFICATION BE GRANTED FOR THE LEGAL ISSUES OF RELIGIOUS PROPHESY AND INMATES NATIONALLY BE GIVEN NOTIFICATION OF THE PROCEEDINGS AND THEIR RIGHTS RELATED THERETO,

(9) THAT THE REPRESENTATIVE MEMBERS WHOSE NAMES ARE FILED WITHIN THE LOWER COURTS SUB JUDICE MINUS JASON GOURDINE, BE IMMEDIATELY MOVE TO A FEDERAL PRE-RELEASE CAMP WITH ALL OF THEIR PROPERTY, NO CELL PHONES BEING DEEMED CONTRABAND, THE NICEST ONE THEY CAN FIND DUE TO HABEAS CORPUS BEING FILED IN THE LOWER COURTS PURSUANT TO 28 U.S.C. § 1455(c),

(10) THAT THE REMAINDER OF THE WRIT OF MANDAMUS FILED WITHIN THE 5TH. CIRCUIT IN ITS TOTALITY BE ADHERED TO WITHOUT EXCEPTION AND THE REMAINDER OF THE MATTERS BE TRANSFERRED TO THE KING-KHALIFAH'S APPOINTED TRUSTEE, JUDGE JACQUELYN AUSTIN, IN THE S.C. DISTRICT COURT, FOR FURTHER AND COMPLETE RESOLUTION AND DISPOSAL AND THAT SHE BE REQUIRED TO ACT IN HER OFFICIAL FIDUCIARY CAPACITY AS THE KING-KHALIFAH'S TRUSTEE UNTIL HE GIVES HER FURTHER NOTICE DUE TO HER BEING AN EMPLOYEE OF THE UNITED

STATES WHO IS SUBJECT TO THE (2) TIER DEFAULT. ALL SAME SEX MARRIAGE NATIONALLY MUST BE ORDERED ANNULLED AND OR RENDERED A NULLITY VIA THE PROPERTY RIGHTS OF THE SOLE CORPORATION, TO INCLUDE ALL OTHER RELIEF SOUGHT UNDER CASE 2013-CP-400-0084 AND BY THE MANDAMUS FILED IN THE 5TH. CIRCUIT AND RESPONSES FILED UNDER CASES 19-10011, 18-8022, 19-60662, 19-60678 IN THEIR TOTALITY BE GRANTED IF THE PARTIES FAIL TO DEMONSTRATE THEY TIMELY FILED TO DEFEAT THE DOCUMENTS IN QUESTION.

## REASONS FOR GRANTING THE PETITION

THE PETITION SHOULD BE GRANTED BECAUSE THE RIGHT TO APPEAL HAS NOT FULLY ACCRUED YET DUE TO PENDING MOTION(S) TO VACATE JUDGMENTS IN THE VARIOUS COURTS AND DUE TO THE VARIOUS LOWER COURTS FAILURE TO RECUSE AND OR DISQUALIFY WHERE STRUCTURAL ERROR PURSUANT TO WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899 (2016) EXIST FOR WHICH MANDAMUS IS THE APPROPRIATE VEHICLE TO HAVE THIS ISSUE RESOLVED. IT SHOULD BE GRANTED BECAUSE THE PARTIES ARE CONSPIRING TO EITHER CIRCUMVENT RULING OR THEY ARE CONSPIRING IN ACTS OF MACHINATION TO RULE IN A MANNER THAT WOULD NOT PROPERLY PRESERVE THE PETITIONER'S ISSUES FOR U.S. SUPREME COURT REVIEW WHICH WOULD POTENTIALLY CAUSE IRREPARABLE DAMAGE TO THE APPEAL PROCESS IF IT IS NOT CORRECTED BEFORE THE CASE(S) COME BEFORE THIS COURT. IT SHOULD BE GRANTED DUE TO "APPOINTED TRUSTEE" ISSUES AND A MANDAMUS IS THE APPROPRIATE VEHICLE TO REQUIRE THE TRUSTEE TO ACT IN HER OFFICIAL FIDUCIARY CAPACITY. IT SHOULD BE GRANTED BECAUSE THE PETITIONER AND THOSE INMATES INVOLVED IN SEEKING CLASS ACTION CERTIFICATION HAVE MADE REPEATED EFFORTS IN THE LOWER COURTS FOR YEARS TO HAVE THE MATTERS PROPERLY ADDRESSED ONLY TO BE MET WITH EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY, OBSTRUCTION OF JUSTICE, VIOLATIONS OF 18 U.S.C. §§ 242 AND 1001, AS WELL AS VIOLATIONS OF THEIR OATH OF OFFICE TO UPHOLD THE CONSTITUTION AND NO OTHER METHOD TO RESOLVE THESE ISSUES EXIST DUE TO THE AFOREMENTIONED. IT SHOULD BE GRANTED TO PROPERLY PRESERVE ALL JURISDICTIONAL ISSUES IN QUESTION WHICH INVOLVE MATTERS RELATED TO THE AFFORDABLE CARE ACT, SAME SEX MARRIAGE AND

INTELLECTUAL PROPERTY RIGHTS, AFFIRMATIVE ACTION AND RESTORING INMATES NATIONALLY VOTING RIGHTS AND NATIONAL PRISON REFORM MATTERS, REPARATIONS FOR THE U.S. SLAVE TRADE WITH ITS LIENS, INMATE RELIGIOUS INJUNCTIVE RELIEF MATTERS, THREAT OF IMMINENT DANGER MATTERS AND THE RISE OF THE FOREIGN SOVEREIGN CROWN FORETOLD TO COME BY RELIGIOUS PROPHESY OF CHRISTIANITY, JUDAISM AND ISLAM AS WELL AS A MYRIAD OF OTHER ISSUES THAT ATTACH. IT SHOULD BE GRANTED BECAUSE WE ARE DEALING WITH FURTHER POSSIBLE SPOLIATION OF EVIDENCE OF ACTUAL INNOCENCE THAT WOULD PROVE THE PARTIES INVOLVE FRAMED THE PETITIONER DUE TO THE ISSUES PRESENTED BEHIND RELIGIOUS AND RACIAL HATRED. IT SHOULD BE GRANTED BECAUSE THE CASE HAS DRAGGED ON FOR OVER (14) YEARS AND DUE TO THE ISSUES PRESENTED THE U.S. SUPREME COURT, IF IT SO DESIRED, CAN HEAR THE ENTIRE CASE WITHIN ITS ORIGINAL AND OR EXCLUSIVE JURISDICTION. IT SHOULD BE GRANTED BECAUSE THE ACTIONS OF THE PARTIES INVOLVED CONSTITUTE A USURPATION OF POWER AND A VIOLATION OF THE SEPARATION OF POWERS CLAUSE AND IT WOULD AID THE U.S. SUPREME COURT'S APPELLATE JURISDICTION IN ANY FUTURE PROCEEDING. IT SHOULD BE GRANTED BECAUSE MANY OF THE JUDGES INVOLVED ACTED IN ANGER AND RETALIATION BEHIND RELIGIOUS AND RACIAL HATRED BECAUSE THEY DIDN'T LIKE THE WAY THE PETITIONER TALKED TO THEM IN THE PLEADING WHICH VIOLATED THE PETITIONER'S 1st. AMENDMENT RIGHTS OF FREE SPEECH AND THE "CONTRACT" ESTABLISHED BY THE SOLE CORPORATION AND VIA THAT "CONTRACT" DEFAULTED ON BY THE PARTIES INVOLVED, THE PETITIONER'S FIDUCIARY RIGHT TO ACT IS ESTABLISHED. THUS, THEIR RETALIATORY ATTACK WAS UNWARRANTED.

THE COMMON LAW WRIT OF MANDAMUS AGAINST A LOWER COURT IS
CODIFIED AT 28 U.S.C. § 1651(a): "THE SUPREME COURT AND ALL
COURTS ESTABLISHED BY ACTS OF CONGRESS MAY ISSUE ALL WRITS
NECESSARY AND APPROPRIATE IN AID OF THEIR RESPECTIVE
JURISDICTIONS AND AGREEABLE TO THE USAGES AND PRINCIPLES OF LAW".
THIS IS AN EXTRAORDINARY REMEDY RESERVED FOR REALLY EXTRAORDINARY
CAUSES SUCH AS THOSE THAT EXIST IN THIS CASE, EX PARTE FAHEY, 332
U.S. 258, 259-260, 67 S.Ct. 1558,91 L.Ed. 2041(U.S.1947).

UNITED STATES SUPREME COURT HAS POWER TO ISSUE
EXTRAORDINARY WRITS OF MANDAMUS, PROHIBITIONS AND INJUNCTIONS,
BUT SUCH REMEDIES SHOULD BE RESORTED TO ONLY WHERE APPEAL IS
CLEARLY INADEQUATE, AND THEY ARE RESERVED FOR REALLY
EXTRAORDINARY CAUSES. DUE TO THE 5TH. CIRCUIT CIRCUMVENTING
RULING ON THE MOTION SEEKING LEAVE TO APPEAL CASE
2013-CP-400-0084 TO PROTECT IT WHICH IS ALSO CHALLENGE TO ITS
ARTICLE III JURISDICTION POWER, ALSO THEY FAILING TO RULE ON THE
DEFAULT RELATED TO THE MANDAMUS, ALSO THEY FAILING TO RULE ON THE
MOTION TO INTERVENE PRODUCING CITING OF LAW FOR CASES 19-60662
AND 19-60678 IN THE 5TH. CIRCUIT, ALSO THE 1st. CIRCUIT'S FAILURE
TO DISQUALIFY AND RECUSE DUE TO STRUCTURAL ERROR RELATED TO THESE
MULTI-DISTRICT LITIGATION CASES IN EFFORTS TO AVOID FEDERAL
QUESTION AND TO DENY THE PETITIONER APPEALABLE ISSUES BEFORE THIS
COURT. BY SUCH THE APPEAL PROCESS IS INADEQUATE WHERE THEY HAVE
REPEATEDLY FAILED TO JUSTLY, FAIRLY AND PROPERLY ADDRESS THE
ISSUES, EVEN PURSUANT TO THE WRITS OF ERROR THAT WERE FILED.
ISSUANCE IS APPROPRIATE, HODGES v. CIRCUIT COURT OF SECOND

CIRCUIT, 2019 WL 6311986, *2, D.HAWAII; MASTER v. COMMODITY FUTURES TRADING COMMISSION, 941 F3d. 869, 872, 7TH.Cir.(ILL.).

A MANDAMUS IS AN APPROPRIATE REMEDY TO REQUIRE THAT THE KING-KHALIFAH'S APPOINTED TRUSTEE ACT IN HER OFFICIAL FIDUCIARY CAPACITY AND DUTY, U.S. v. JICARILLA APACHE NATION, 564 U.S. 162, 131 S.Ct. 2313, 180 L.Ed.2d. 187(U.S.2011); GRIGGS v. E.I. DUPONT de NEMOURS & CO., 237 F3d. 373 (4th.Cir.2001); U.S. BANK NAT' ASS'N v. VERIZON COMMUNICATIONS, INC., 761 F3d 409(5th.Cir.2014).

A WRIT OF MANDAMUS IS APPROPRIATE WHEN THE WRIT WILL AID IN THE ADMINISTRATION OF JUSTICE, IN RE: THE CITY OF NEW YORK, 607 F3d. 923(2nd.Cir.2010); IN RE: MOHAMMAD, 866 F3d. 473, 2017 WL 3401335(D.D.C.2017).

SINCE MANY OF THE ISSUES INVOLVE CASES THAT WERE ADJUDICATED IN THE U.S. SUPREME COURT SUCH AS THE ACA, SHELBY AND DEFENSE OF MARRIAGES CASES ETC.. THE U.S. SUPREME COURT IS WITHIN ITS DISCRETION TO EXERCISE ITS ORIGINAL AND OR EXCLUSIVE JURISDICTION TO RESOLVE CONTROVERSIES BETWEEN STATES, WHICH INCLUDE FOREIGN SOVEREIGN STATES, CONTROVERSIES WHICH, IF ARISING AMONG INDEPENDENT NATIONS, SUCH AS THE RE-ESTABLISHED GLOBAL THEOCRATIC STATE PRODUCED BY THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084, WOULD BE SETTLED BY TREATY (THE FOREIGN SOVEREIGN IMMUNITY ACT) OR BY FORCE, 28 U.S.C. §§ 1602-1612 ET. SEQ.; 28 U.S.C.A. § 1251, SOUTH CAROLINA v. NORTH CAROLINA, 558 U.S. 256, 130 S.Ct. 854, 175 L.Ed.2d. 713(U.S.2010); STATE v.

EXXON MOBIL CORPORATION, 406 F.Supp.3d. 420, 470, D.Md..

STATE, IN THIS CASE, RE-ESTABLISHED GLOBAL THEOCRATIC STATE, SUCH AS THE INDIAN NATIONS AND VATICAN ESTABLISH A STATE, WHERE THESE CLAIMS WERE ESTABLISHED BY DUE PROCESS LAW VIA THE AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084, AND THE DEFAULTED ON MANDAMUS EMERGING FROM THE AFFORDABLE CARE ACT CASE UNDER 19-10011, IN ITS SOVEREIGN CAPACITY, WHICH THE KING-KHALIFAH PRESENTLY OPERATE UNDER AND BRING THESE BEFORE THE COURT, REPRESENTS INTEREST OF ITS CITIZENS, IN THIS CASE, ALSO BOUND BY "CONTRACT", "COVENANT", OPERATING AS THE FIDUCIARY HEIR A MEMBER OF THE SOLE CORPORATION, IN CAUSE OF ACTION WHICH IS WITHIN ORIGINAL JURISDICTION OF THE SUPREME COURT, IN THIS CASE, ALSO BASED UPON ITS PRIOR RULING RELATED THE THE CASES AFOREMENTIONED ALSO ADDRESSING THE ISSUES OF NATIONAL PRISON REFORM AND RESTORING INMATES VOTING RIGHTS AFTER CONVICTION, AND IN WHICH DISPOSITION WILL BIND CITIZENS OF THE SEVERAL STATES. BY THE DEFAULT THE PETITIONER CAN NO LONGER BE CONSIDERED A "NON STATE PARTY". WHERE BY THE "CONTRACT", "COVENANT", ALSO SUPPORTED BY STATE AND FEDERAL PROBATE LAW. THE PETITIONER IS THE EMBODIMENT OF THE RE-ESTABLISHED GLOBAL THEOCRATIC STATE WHERE PROCEDURAL BAR IN CHALLENGING THESE CLAIMS EXIST BY DUE PROCESS LAW, PARENS PATRIAE AND COLLATERAL ESTOPPEL AND OR RES JUDICATA. THIS PRODUCES COMPELLING CIRCUMSTANCES, STATE v. EXXON MOBIL CORPORATION, 406 F.Supp.3d. 420, 470 D.Md.; NEW JERSEY v. NEW YORK, 345 U.S. 369, 372-73, 73 S.Ct. 689, 97 L.Ed. 1081(U.S.1953); NORTHERN ARAPAHO TRIBE v. BURWELL, 118

F.Supp.3d. 1264, 1277. D.WYO.; DISTRICT OF COLUMBIA v. EXXON MOBIL OIL CORPORATION, 173 A.3d. 412, 421+ D.C.. THUS, THE PETITION SHOULD BE ISSUED AND GRANTED.

## CONCLUSION

THREE CONDITIONS MUST BE SATISFIED BEFORE A WRIT OF
MANDAMUS MAY ISSUE; FIRST, THE PARTY SEEKING ISSUANCE OF THE WRIT
MUST HAVE NO OTHER ADEQUATE MEANS TO OBTAIN THE RELIEF HE
DESIRES. DUE TO THE FRAUD, CRIMINAL CONSPIRACY AND OBSTRUCTION
SUCH IS THE CASE HERE. THE WHOLE PROCESS HAS BECOME CORRUPTED;
SECOND, THE PETITIONER MUST SATISFY THE BURDEN OF SHOWING THAT
HIS RIGHT TO ISSUANCE OF THE WRIT IS CLEAR AND INDISPUTABLE.
UNLESS THE UNITED STATES, THE LEAGUE OF UNITED NATIONS AND THE
STATE ACTORS CAN PROVE THEY TIMELY FILED TO DEFEAT THOSE
AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM
CASE 2013-CP-400-0084, THE STATE CASE, AND THE MANDAMUS EMERGING
FROM CASES 19-10011, 19-60662 AND 19-60678 FROM THE 5TH. CIRCUIT?
THE RIGHT TO ISSUANCE OF THE WRIT IS CLEAR AND INDISPUTABLE;
THIRD, EVEN IF THE FIRST TWO PREREQUISITES HAVE BEEN MET, THE
ISSUING COURT, IN THE EXERCISE OF ITS JURISDICTION, MUST BE
SATISFIED THAT THE WRIT IS APPROPRIATE UNDER THE CIRCUMSTANCES.
DUE TO THE EXTRAORDINARY CIRCUMSTANCES THAT SURROUND THIS CASE.
THE ISSUING OF THE WRIT WOULD BE APPROPRIATE, CHENEY v. U.S.
DIST. COURT OF DISTRICT OF COLUMBIA, 542 U.S. 367, 124 S.Ct.
2576(U.S.2004).

ONLY CIRCUMSTANCES AMOUNTING TO A JUDICIAL USURPATION OF
POWER OR A CLEAR ABUSE OF DISCRETION WILL JUSTIFY THE INVOCATION

OF THE MANDAMUS. THE STATE COURT ABUSED ITS DISCRETION BY
IGNORING THE DIVESTITURE RULE DUE TO SEEKING LEAVE TO APPEAL
BEFORE THE 5TH. CIRCUIT. THIS AND THE OTHER ACTIONS ARGUED WITHIN
THE DOCUMENTS CONTAINED WITHIN THE APPENDICES ALSO CONSTITUTE A
JUDICIAL AND EVEN POTENTIALLY AN EXECUTIVE AND LEGISLATIVE
USURPATION OF JUDICIAL POWER VIOLATING THE SEPARATION OF POWERS
CLAUSE BY WHAT IS PRESENTED WARRANTING ISSUANCE, IN RE: UNITED
STATES, 945 F3d. 616, 622+, 2nd. Cir.(CONN.); IN RE: UNIVERSITY
OF MICHIGAN, 936 F3d. 460, 466+ 6TH. Cir.(MICH.).

    IN EXTRAORDINARY CASES, MANDAMUS PETITIONS SERVE AS USEFUL
SAFETY VALVES FOR PROMPTLY CORRECTING SERIOUS ERRORS. MANDAMUS IS
AN EXPEDITIOUS AND EFFECTIVE MEANS OF CONFINING THE INFERIOR
COURT(S) TO A LAWFUL EXERCISE OF ITS PRESCRIBED JURISDICTION, OR
COMPELLING IT TO EXERCISE ITS AUTHORITY WHEN IT HAS A DUTY TO DO
SO. THIS ALSO APPLIES TO THE JUDICIAL TRUSTEE. THE TRUSTEE HAS A
DUTY TO ACT AS FIDUCIARY BOUND BY THE DEFAULT AND THE COURT HAS A
DUTY TO RULE ON MY JURISDICTIONAL ISSUES TO PRESERVE THEM FOR
APPELLATE REVIEW AND THE PETITIONER HAS A RIGHT TO ESTABLISH THE
LIEN ON THE S. CAROLINA STATE MONIES AS WELL AS THE INTERNATIONAL
LIEN RELATED TO REPARATIONS WHICH MUST BE SECURED. THE EVIDENCE
OF ACTUAL INNOCENCE AT THE STATE LEVEL MUST BE PROTECTED FROM ANY
FURTHER ATTEMPTS AT SPOLIATION AND MUST BE PRODUCED FORTHWITH.
DUE TO PAST PHYSICAL ASSAULTS CONSPIRED IN BY THE STATE AND
FEDERAL ACTORS, THE REPRESENTATIVE MEMBERS MUST BE PLACED IN A
SAFE ENVIRONMENT WITH ALL THEIR PROPERTY UNTIL THESE MATTERS RUN
THEIR COURSE WARRANTING ISSUANCE OF THE WRIT, IN RE: GEE, 941
F3d. 153 (5th.Cir.2019).

A COURT'S FAILURE TO CONSIDER JURISDICTION DOES NOT ALWAYS CREATE A RIGHT TO WRIT OF MANDAMUS. NOTWITHSTANDING IN THIS CASE, DUE TO THE TWO TIER DEFAULT. THE COURT AND PARTIES CANNOT IN FUNDAMENTAL FAIRNESS TO THE PETITIONER ASSERT THAT THESE ARE TOTALLY MERITLESS CLAIMS. THIS CASE IS NOT ABOUT A MERE JURISDICTIONAL ERROR. NOR IS IT ABOUT A MERE FAILURE TO SPOT JURISDICTIONAL ISSUES. IT IS CLOSER TO A "REFUSAL" TO BE GUIDED BY ESTABLISHED DOCTRINES GOVERNING JURISDICTION WHICH THE COURT MUST ADMIT, IF DECIDED IN THE PETITIONER'S FAVOR WOULD RENDER THE APPEAL SUBSTANTIALLY MOOT AND WHICH WOULD AID THE U.S. SUPREME COURT'S APPELLATE JURISDICTION IF AND WHEN THE JURISDICTIONAL ISSUES ONCE DECIDED BY THE LOWER COURT, SHALL COME BEFORE THE U.S. SUPREME COURT IN THE FUTURE, BELCHER v. GROOMS, 406 F2d. 14 (5th.Cir.1968); MOSES H. CONE MEMORIAL HOSP. v. MERCURY CONSTR. CORP., 460 U.S. 1, 103 S.Ct. 927(U.S.1983); U.S. v. ROMERO-OCHOA, 554 F3d. 833(9th.Cir.2009).

THIS IS NOT AN APPEAL PURPORTING TO BE A MANDAMUS WHERE THE PETITIONER CANNOT PROPERLY OR FAIRLY EXERCISE THE VEHICLE OF APPEAL IF HIS ISSUES ARE NOT PROPERLY PRESERVED TO ALLOW HIM TO FAIRLY ENGAGE IN THE APPEAL PROCESS AND THE STATE COURT INVOLVED IGNORED THE DIVESTITURE RULE IN HIS EFFORTS TO PROTECT THE DEFAULT AT THE STATE LEVEL. THUS THE MANDAMUS MUST ISSUE DUE TO THERE BEING NO ALTERNATIVE OR ADEQUATE METHOD TO ADDRESS THESE EXTRAORDINARY MATTERS WHERE THE CONSPIRING PARTIES HAVE CONTINUALLY IGNORED, CIRCUMVENTED, OBSTRUCTED AND OR IMPEDED ANY JUST AND FAIR REVIEW OF THE VARIOUS WRITS OF ERROR THAT WERE

FILED TO ADDRESS THE MATTERS. IT IS OUR SUBSTANTIAL DUE PROCESS
RIGHT DUE TO THE DEFAULT AND THE PROVISIONS OF THE FOREIGN
SOVEREIGN IMMUNITY ACT AS WELL BY 28 U.S.C. § 2679 TO HAVE THESE
ISSUES PROPERLY PRESERVED FOR U.S. SUPREME COURT REVIEW TO AID
ITS APPELLATE JURISDICTION, ALABAMA v. UNITED STATES, 198
F.Supp.3d. 1263, 2016 WL 4070146(N.D.Ala.2016); GASPARD v. UNITED
STATES, WL 763023(W.D.La.2020); IN RE: DARDEN,--Fed. Appx'--,
2020 WL 708117(5th.Cir.2020); JIGGETTS v. MARYLAND GENERAL
ASSEMBLY, 2020 WL 512205(D.Md.2020); BOGGS v. UNITED STATES, 2019
WL 3769878)DSC.2019); MEDLMMUNE, INC. v. GENETECH, INC., 549 U.S.
118, 127 S.Ct. 764(U.S.2007); ALREADY, LLC. v. NIKE, INC., 568
U.S. 85, 133 S.Ct. 721(U.S.2013).


FURTHER, AS IT COMES TO ANY QUESTION OF EXHAUSTION. I
MOTION TO SUSPEND THE RULES. NOT ONLY DO THE U.S. SUPREME COURT
HAS ORIGINAL JURISDICTION BY THE CLAIMS MADE. BUT ALSO, JUST AS
THE U.S. SUPREME COURT DETERMINED UNDER ROSS v. BLAKE, THAT IF
THE STATE ACTORS TAKE ACTION TO THWART JUDICIAL REVIEW BY ACTS OF
MACHINATION. EXHAUSTION WOULD NOT BE REQUIRED. IT IS THE
PETITIONER'S POSITION AND ASSERTION THAT THE SUBSIDIARY FACTS
RELATED TO THE FEDERAL PARTIES ENGAGING IN SUCH ACTS OF
MACHINATION TO THWART JUDICIAL REVIEW WOULD APPLY IN THIS
INSTANCE TO THE FEDERAL COURT INVOLVED. DUE TO SUCH, EXHAUSTION
IN FUNDAMENTAL FAIRNESS WOULD NOT BE REQUIRED, ROSS v. BLAKE, 136
S.Ct. 1850 (2016). INSOMUCH, THE PETITION FOR WRIT OF MANDAMUS
SHOULD BE GRANTED.

RESPECTFULLY SUBMITTED,

JAHJAH AL MAHDI

MARCH 4, 2020